**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Nos. 04-74C and 04-75C (unconsolidated)<br>(Judge Hewitt)<br><br>Filed Electronically on April 7, 2005 |

**PG&E's MOTION FOR ENTRY OF AN ORDER GOVERNING CONFIDENTIAL AND PRIVILEGED OR PROTECTED MATERIALS AND REQUEST FOR EXPEDITED CONSIDERATION**

Pursuant to RCFC 7(b), Pacific Gas and Electric Company respectfully submits this Motion for Entry of an Order Governing Confidential and Privileged or Protected Materials and Request for Expedited Consideration.[1]

Because discovery and other proceedings in this case will require the parties to disclose confidential information and to withhold from discovery documents and information that are protected by various privileges or protections, PG&E submits the proposed order attached as Exhibit 1 to clarify the respective obligations of each of the parties regarding treatment of confidential material and privileged or protected information in this case. PG&E respectfully requests that the Court give this motion expedited consideration and enter the attached proposed order prior to April 22, 2005, the date the

[1] This Motion for Entry of an Order Governing Confidential and Privileged or Protected Materials and Request for Expedited Consideration is filed under Case No. 04-74C, but should also be deemed applicable to *Pacific Gas and Electric Co. v United States*, No. 04-75C. Unopposed motions to consolidate both PG&E's spent fuel cases, Nos. 04-74C and 04-75C, are currently pending before the Court in both cases.

parties are scheduled to produce documents in this case in connection with the parties' Initial Disclosures under RCFC 21(a)(1).

The provisions of PG&E's proposed order governing "Confidential Material" (*see* Exhibit 1 at 1-4) are modeled after the October 6, 2004 Order agreed to by the government and entered in *Systems Fuels, et al. v. U.S.*, No. 03-2624C. The section of PG&E's proposed order governing "Privileged Material" (*see* Exhibit 1 at 5-6) is modeled, in substance, after the May 20, 1999 Order issued upon stipulation of the government and plaintiffs in the "*Yankee*" Cases *(Yankee Atomic v. U.S.*, *Connecticut Yankee v. U.S*, and *Maine Yankee v. U.S.*, Nos. 98-126C, 98-154C, and 98-474C, respectively), and altered to reflect the government and PG&E's preference for an unlimited clawback period.

Counsel for PG&E delivered a copy of its proposed order to the government on March 22, 2005 for comment. The government responded a week later, on March 30, 2005, but failed to identify any reason why the proposed order should not be entered as proposed and, instead, demanded that PG&E agree to a protective order that is "identical" to other orders recently entered by the court in other SNF cases. *See* March 30, 2005 letter from Mr. Ekman, attached as Exhibit 2. However, as explicitly noted in the government's March 30 letter, protective orders in other spent fuel cases are not uniform. *See* Exhibit 2, p.1, first paragraph, second sentence.

During a follow-up conversation with counsel for the government on April 1, 2005, PG&E sought to elicit specific concerns about the language in PG&E's proposed order. The few concerns raised by the government have been either addressed in the attached proposed (and revised) order or were resolved after clarification by PG&E counsel. Counsel for PG&E again invited government counsel to identify other areas of concern so that the parties could work to resolve any disputed areas. *See* Exhibit 3, April 4, 2005 letter from

Ms. Freas, attached as Exhibit 3. In a follow-up call on Tuesday morning, April 5, 2005, government counsel stated he would provide any further response by April 6. In a call that day, government counsel essentially repeated the position outlined in his March 30 letter, Exhibit 1 hereto. In response to the undersigned's question whether the government believed any provision of PG&E's proposed order was inconsistent with any other protective order in the spent fuel cases in this Court, government counsel stated he did not know. PG&E believes there is no such inconsistency. Government counsel also stated he would set forth the government's position in its response to this motion. Government counsel further stated he would file that response promptly so the matter can be resolved in a timeframe that does not delay the April 22 initial disclosure due date.

The government's expressed concern that unless PG&E agrees to an order that is identical to the orders issued in the other SNF cases, entering the attached order as proposed would "significantly complicate" or "prejudice" the government's defense of the SNF cases and its ability to comply with all of the various orders, is completely unfounded. *See* Exhibit 2. First, the government has failed to identify any language in the proposed order that, in substance, is any different from orders agreed to by the government in other SNF cases. To the extent there were any substantive differences, the standard for deciding whether to issue the protective order as proposed should be whether it makes sense for PG&E's *cases and these parties*.[2] The government has failed to identify any reason why the proposed order would not be appropriate for this case. Second, as noted above the government itself acknowledges that there are differing orders in other cases. Third, as also

[2] We note that the first protective orders governing confidential and privileged material were entered in the *Yankee* cases, but were later altered to remove language the government did not like (such as a time limit for a clawback period), without any complaint by the government that such orders would be problematic because they differed from prior orders governing the SNF cases.

noted above, the government has not cited any provision of PG&E's proposed order that is inconsistent with any provision of the protective orders entered in other spent fuel cases

To be sure, PG&E's proposed order does contain some clarifying language (without changing the substance) and also addresses a few matters not addressed in protective orders previously entered in other spent fuel cases. For example, given the pretrial schedule in this case, PG&E's proposed order requires that privilege logs be exchanged within 60 days after production of the documents from which the privileged documents were pulled. Additionally, PG&E sought to clarify that Confidential Material in dispute shall continue to be treated as Confidential Material pending resolution by the Court of any challenge to such designation. These improvements (which government counsel indicated he agreed were reasonable) obviously provide no basis on which to oppose entry of the proposed order.

Given the government's failure to identify any specific concerns regarding the language in the proposed order, the lack of merit to the government's contention a non-identical order will result in hardship to the government, and the short time frame left before initial disclosures by the parties are due, PG&E respectfully requests that the Court resolve the matter expeditiously and enter the proposed order attached as Exhibit 1.[3]

[3] As reflected in the April 4 letter from PG&E's counsel, Exhibit 3, we have urged the government to work with us toward an agreed order.

April 7, 2005

Respectfully submitted,

s/ Jerry Stouck
JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (Fax)

Attorneys for Plaintiff
Pacific Gas and Electric Company

OF COUNSEL:
Robert L. Shapiro
Monica A. Freas
SPRIGGS & HOLLINGSWORTH