IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Nos. 04-74C and 04-75C (unconsolidated)<br>(Judge Hewitt)<br>Filed April ___, 2005 |

**ORDER GOVERNING CONFIDENTIAL AND PRIVILEGE OR PROTECTED MATERIALS**

Discovery and other proceedings in this case and the other cases pending before the Court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as the "Spent Nuclear Fuel cases" or "SNF cases") may require the parties to disclose confidential information and to withhold from discovery other documents and information that are protected from disclosure by various privileges or protections. Accordingly, the parties agree to the following and it is hereby ORDERED:

Confidential Material

1. The term Confidential Material" shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information, or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the provisions of Paragraph 10 below, material shall be deemed Confidential Material when so designated in the manner described in Paragraph 2 below. After disclosure of any Confidential Material, all copies made of that material, and all notes made



Exhibit 1

therefrom and all references made thereto, of any kind whatsoever, shall also constitute Confidential Material.

2. The designation of Confidential Material may be made by the disclosing party by placing or affixing on documents disclosed the word "confidential," or by stating in a letter to counsel for the receiving party or parties that all or any portion of the documents accompanying that letter are Confidential Material within the meaning of this agreement and order.

3. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Confidential Material shall be used by the receiving party solely for the purpose of conducting litigation in the spent nuclear fuel cases pending in the United States Court of Federal Claims and not for any business or other purpose whatsoever, except as provided in this agreement and order. Confidential Material shall be disclosed only to attorneys for plaintiff, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of Paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this agreement and order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this agreement and order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiffs in the spent nuclear fuel cases, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this agreement and protective order such person may not divulge any such Confidential Material to any other person not authorized under Paragraph 4 above to have access to such Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this agreement and order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the Court containing Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to this action, and persons authorized by this agreement and order.

7. In the event that any Confidential Material is used in any deposition or Court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings.

8. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution. Any Confidential Material in question shall be treated as Confidential Material until resolution of the dispute by the Court and shall be treated thereafter in accordance with any Court order or direction resolving the matter.

9. Nothing in the foregoing provisions of this agreement and order shall be deemed to preclude plaintiff, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this agreement and order.

10. If a party determines that a previously produced document inadvertently was not identified as containing Confidential Material, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated as Confidential Material in accordance with this agreement and order.

11. Nothing in the foregoing provisions of this agreement and order shall be deemed to preclude plaintiff or the United States from objecting to the designation of documents or other discovery material as Confidential Material. In such event, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file a motion for a protective order with the Court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this agreement and order. Documents and materials addressed in any such motion shall be treated as Confidential Material until resolution of the motion, and thereafter shall be treated in accordance with the Court's disposition of the motion.

12. Within ninety days after the conclusion of this litigation, the parties shall undertake reasonable and prudent efforts to destroy all copies of Confidential Material. However, each party may maintain one copy of any Confidential Material in its file for this case, including one copy of any notes or summaries relating to such Confidential Material.

13. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records which are relevant to this action, and which may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

## Privileged Material

14. This agreement and order extends to any type of privilege or protection claimed, although no party at this time necessarily agrees to any other party's interpretation or scope of any privilege or other protection that may be asserted and nothing in this agreement and order shall prohibit any party from withholding from review and/or production any documents covered by any privilege or protection.

15. Within 60 days after the production of documents, the producing party shall deliver a privilege log to the receiving party that identifies, in accordance with and in the manner prescribed by RCFC 26(b)(5), all of the documents and other information withheld from production on the basis that such materials are subject to privilege, work product protections, or otherwise protected from disclosure.

16. Each party reserves the right to challenge the assertion, interpretation, or scope of any privilege or other protection claimed by the other party.

17. A party may challenge the assertion of any privilege or other protection for any documents originally withheld from production, or asserted as an objection to any interrogatory or interposed during any deposition by filing a timely motion to compel. Pending resolution of the motion to compel, the receiving shall not refer to the allegedly

privileged or protected material in any manner, nor will the receiving party disclose the substance of that material to any third party, and such privileged or protected material shall be treated thereafter in accordance with any Court order resolving such motion.

18. If a party determines that some previously produced document or information inadvertently was not identified as containing privileged or protected information, the producing party shall give notice in writing that shall contain information sufficient to (1) identify the document, including information as necessary to locate the materials produced; and (2) identify the privilege or protection claimed. Notice may be made orally on the record at a deposition or hearing, provided that it is subsequently confirmed in writing. Failure to assert or preserve a privilege or other protection as to part or all of a document, however, shall not be a waiver of the privilege or other protection for purposes of this litigation and shall not constitute a waiver of the privilege or other protection as to any part of the document not produced or as to any other document, communication, or information, involving the same subject matter.

19. Upon written notice from the producing party that some privileged or protected document or information has been inadvertently produced, the receiving party shall promptly return the document and any copies to the producing party (or make appropriate redactions) and shall not refer to the allegedly privileged or protected material in any manner; nor will the receiving party disclose the substance of that material to any third party. A party may challenge the assertion of privilege over any document or material designated as inadvertently produced in accordance with the same procedures set forth in paragraph 17 above.

It is so **ORDERED**

________________________________
Emily C. Hewitt
Judge

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Nos. 04-74C and 04-75C (unconsolidated)<br>(Judge Hewitt) |

DECLARATION OF ______________________

1. My name is ______________________________.

2. My business address is ____________________________________

______________________________________________________.

3. My present employer is ____________________________________.

4. My present occupation or job description is ________________________.

5. I have received a copy of the Agreement and Protective Order entered by the Court in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Agreement and Protective Order.

7. I certify that I am eligible to have access to the Confidential Material under paragraph 4 of the Agreement and Protective Order.

8. I will comply with all of the provisions of the Agreement and Protective Order.

9. I will hold all Confidential Material and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Agreement and Protective Order, and will use the information solely for purposes of this litigation, except as provided by the Agreement and Protective Order.

10. At the conclusion of this litigation, I will return all originals of all Confidential Materials and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

______________________________
(signature)

______________________________
DATED