Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

Monica A. Freas
202.898.5817
mfreas@spriggs.com

April 4, 2005

VIA FACSIMILE, ORIGINAL TO FOLLOW BY U.S. MAIL

John C. Ekman
Department of Justice
Commercial Litigation Branch
Civil Division -- Classification Unit
1100 L Street, NW, 8th Floor Mailroom
Washington, D.C. 20530

Re: *Pacific Gas & Electric Company v. U.S.*, Nos. 04-074C and 04-075C

Dear John:

I am writing as a follow-up to your letter dated March 30, 2005 and our discussion on Friday, April 1, regarding PG&E's proposed motion for an order governing confidential and privileged or protected materials. As Mr. Stouck and I indicated during our telephone conversation, the government's demand that PG&E agree to a protective order that is identical to orders recently entered by the Court in other SNF cases is not reasonable given that 1) your letter explicitly acknowledges that orders in existing cases are not uniform and 2) the government has failed to identify any reason why our proposed order should not be entered in the *PG&E* cases.

Your letter mentions no specific provisions to which the government objects. However, the few issues you mentioned on the phone were, to our understanding, resolved by clarifying discussion (and/or reflected no disagreement, such that we would be amenable to clarifying language). For example, we have addressed the government's concern that language pertaining to the use of confidential material in other SNF cases or by attorneys in other SNF cases was lacking and we have added such language at the outset and in paragraphs 4 and 5 to the proposed order. Additionally, the government's concern that we had not allowed for the immediate return of inadvertently produced privileged material or for an unlimited clawback period was apparently the result of confusion on the government's part, as the order, as proposed, does provide for both.

**Exhibit 3**

Spriggs & Hollingsworth



Should the government have any other specific concerns regarding the proposed order, which is modeled after the protective order recently entered and agreed to by the government in *Systems Fuels, et al. v. U.S.* (as to confidentiality issues) and, in substance, with the May 1999 order in the *Yankee Atomic v. U.S.* (as to privilege issues), we ask that you notify us promptly so that we can work to resolve any such concerns. In addition to the provisions drawn from those two orders, our proposed order sets-forth a time frame for delivery of privilege logs. You indicated no objection to this provision in view of the existing pre-trial schedule.

Absent identification of any further issues for discussion, we intend to proceed with filing our own motion by Tuesday evening, April 5, 2005, requesting that the attached proposed order governing confidential, privileged and other protected material be entered, so that this issue can be resolved sufficiently in advance of the April 22 due date for initial disclosures. It remains our preference to resolve any further issues by agreement, without the need for the Court's involvement, so I urge you to let us know if the government has specific concerns about any provisions of the enclosed proposed order.

Please call me should you have any questions.

Sincerely,

Monica A. Freas

Monica A. Freas

Enclosure

324474v1