**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, | No. 04-74C |
| Plaintiff, | (Judge Hewitt) into which has been consolidated No. 04-075C |
| v. | |
| UNITED STATES OF AMERICA, | Filed electronically: April 18, 2005 |
| Defendant. | |

**PLAINTIFF PG&E's REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF AN ORDER GOVERNING CONFIDENTIAL AND PRIVILEGED MATERIAL**

The government's strident but vague assertion that PG&E is attempting to impose burdensome and inconsistent obligations on the government is hogwash. Rather, each of the small number of additions and clarifications that PG&E has proposed to protective order provisions previously agreed to by the government is an improvement, and therefore worthwhile. Indeed, a number of the improvements proposed by PG&E are specifically designed to clarify, or resolve, issues that were actually litigated between the parties in the "Yankee" spent fuel cases.

PG&E acknowledges that it is desirable for the government to have consistency among protective orders in the various spent fuel cases, but the order PG&E has proposed meets the test of consistency. Despite the stridency of the government's opposition, the government still does not identify a single provision in PG&E's proposed order that would impose a requirement on the government that would be inconsistent with, much less irreconcilable with, any provision in any other spent fuel case protective order. There simply are no such inconsistencies. As PG&E stated in its motion, PG&E does not intend any of its proposed improvements to change the

meaning of substantive provisions the government has previously agreed to in another case. Instead, the few differences in PG&E's proposed order either *clarify* provisions in previous orders or address *additional* matters not covered in previous orders. The government does not, and cannot, explain why those clarifications and additions are not worthwhile. In fact, as discussed below, the government knows far more than it tells the Court about the origin and reasons for the improvements PG&E has proposed. For PG&E's part, this case involves a claim for well over $100 million in damages, and PG&E should not be required to litigate that claim pursuant to a protective order whose principal virtue is that plaintiffs in some other cases have acquiesced to it. The government's proposed order, for reasons discussed below, is inadequate and unacceptable to PG&E.

The particular provisions of PG&E's proposed order that the government complains about in its response ("Gov't Resp.") are addressed below. The government's complaints are completely without merit.

1. Provisions Addressing Privilege Issues. The government agrees that the Court should enter an order addressing privilege issues, as well as confidentiality issues, *see* Gov't Resp. at 1, but then objects to the "six new paragraphs relating to treatment of privileged material," *id.* at 7, on the sole ground that the protective order in the spent fuel coordinated discovery proceedings handled privilege issues in a single paragraph, *id.* at 7-8.

As the government knows (and as noted in PG&E's motion), the six "new" paragraphs are patterned after the Order governing privileged material in the "Yankee" spent fuel cases, which was agreed to by the government, was entered prior to any other protective order in the spent fuel cases (including the so-called "common discovery" order), and addresses the pertinent privilege issues (principally, waiver and "claw-back" issues) in more complete detail than the

one paragraph the government favors. That latter paragraph, in fact, is a vague provision that the government slipped into the common discovery protective order late in the drafting process with no notice to plaintiffs' counsel. The paragraph is so cryptic that a number of plaintiffs' counsel did not even notice it as a "claw-back" provision applicable to privileged material. Indeed, the paragraph is ambiguous as to whether it applies to privileged material or confidential material, particularly given that confidentiality (and not privilege) is the subject of every other provision in the various orders the government favors. *See* Gov't Resp., Exh. 1 ¶ 8. PG&E finds the one cryptic paragraph the government favors wholly inadequate and unacceptable to govern the "claw-back" issues.

Importantly, PG&E fully *agrees* with the government on the substance of the claw-back issues, including that both parties should have the unlimited right to claw-back privileged material inadvertently produced to the other party. PG&E's proposed order makes that right clear, unlike the government's cryptic paragraph, and also sets out a procedure for invoking the claw-back right. PG&E's proposed order also makes clear that when one party claws back a privileged document, the other party must immediately return the document, pending judicial resolution of any challenge to the privilege issue. The "Yankee" plaintiffs, through the undersigned counsel, took the opposite position (namely, that the receiving party could keep the clawed-back document pending resolution of the privilege issue), but lost that issue before Judge Merow. PG&E now accepts the government's position – requiring immediate return of clawed-back documents – and PG&E's proposed order spells that position out. Given the history, one

would think the government would embrace PG&E's clear and fulsome proposed treatment of this issue.[1]

The government is simply wrong to say that ¶¶ 17 through 19 "appear to modify" the clawback rights of each party." *Id.* at 9. The government is also flat wrong to say that "[t]his right is clearly and simply stated in the Government's proposed order." *Id.* In fact, PG&E's proposed order contains a fuller, and clearer and explicit (versus stealth-like, cryptic) treatment of privilege clawback issues *on which the parties agree in substance*, and for those reasons the pertinent provisions of PG&E's proposed order are well worthwhile and should be entered by the Court.

2. Treatment of Confidential Material During Dispute. The government also complains that PG&E's proposed order treats confidential material separately from privileged material, providing specifically – and parallel to the treatment of privileged material as discussed above – that confidential material shall maintain that status during the course of any challenge to the confidentiality of certain material. See Gov't Resp. at 6-7. The government's one cryptic paragraph does not address this issue at all, and once again, given the history (*i.e.*, the Yankees litigated and lost a similar issue regarding the government's claim of privilege over produced material), one would think the government would embrace the clear and explicit treatment of this issue on which the parties agree in substance.

---

[1] It appears the government wants to use the less clear language of its proposed order to have the claw-back provision work to its benefit both ways. The government has already produced (and clawed-back) the bulk of its documents, but PG&E is just starting its production. No longer needing a clear claw-back provision at this point, the government apparently wants to leave PG&E with only vague claw-back protection. That result, even apart from the clear preference for a clear clause, would be unfair to PG&E.

The government's specific complaint on this issue reveals the lack of merit in its position: "The manner in which this phrase alters the treatment of confidential materials is unknown." *Id.* at 6. In fact, there is no change in meaning, only clarification of meaning. The government then persists in speculating that "these additions . . . likely change[] the Government's obligations," *id.* at 7, and claims that if there is no change in meaning then the additions are "unnecessary." *Id.* But that is a false dichotomy – clarification is always worthwhile, and particularly so here given the history of dispute over a closely related issue.

3. <u>60-Day Deadline for Privilege Logs</u>. Given the other deadlines set forth in the pretrial order governing this case, including the firm trial commencement date of June 5, 2006, PG&E inserted in its proposed order (and believes to be reasonable) a requirement that privilege logs be delivered 60 days after document productions. Frankly, we had thought the government would welcome this provision also, since it requires PG&E to produce privilege logs promptly after the initial submissions due April 22 (which will include a significant document production) and then promptly after subsequent document productions by PG&E. But PG&E also wants to avoid problems that arose in the Yankee cases, where the government sometimes did not deliver privilege logs until long after (on occasion a year or more after) the underlying document production. Such delays would be intolerable in this case, which is set for trial less than 14 months after the April 22 initial disclosures, particularly given that plaintiffs in the Yankee cases successfully challenged a number of the government's claims of privilege, and the released documents figured importantly in the Yankees' trial preparation efforts and at trial. The government's claim that it will "timely" produce a privilege log, *see id.* at 8, is an empty offer, since absent this provision in PG&E's order there would be no specific deadline by which to determine if a log is timely produced.

4. Disposition of Confidential Material At Case Conclusion. Because virtually all material designated as confidential in this case is likely to be PG&E material, it is not clear why the government cares about disposition of such material at the end of the case. It is also unclear why the government prefers its clause, which is seemingly more burdensome to the government than PG&E's proposed clause because the government's clause (1) requires the government to "return" material to PG&E versus allowing the government to "destroy" such material, except for one file copy, and (2) also requires the government catalogue the retained material as confidential.

Ironically, the more-burdensome clause the government prefers originated not with one of the prior orders the government otherwise prefers, but with the protective order entered in the Yankee cases. Because there is no real reason to prefer PG&E's proposed clause on this issue, PG&E is indifferent as between the two clauses and would be pleased to substitute the government's version. But on the other issues, where there are good reasons to prefer PG&E's proposed order, the Court should adopt those provisions.

* * *

It is unfortunate the Court must get involved in resolving this dispute, because there is no legitimate reason for the government's objections to the few worthwhile clarifications and additions in PG&E's proposed order. The government has not and cannot point to any burden or inconsistency arising from these few worthwhile differences, and seemingly would object to any difference from those selected prior orders it prefers, no matter how worthwhile or how small the change. Indeed, the change that Judge Braden made to the *Systems Fuels* protective order, which the government complains about for two pages in its response, *See* Gov't Resp. at 4-6, was simply the addition of a short paragraph reserving the Court's right to modify the order if, upon

review, certain information turned out not to be confidential, proprietary or privileged or did turn out to be classified or the like. *See* Attachment A ¶ 12 (*Systems Fuels* Order). Not only is that provision both innocuous and worthwhile but it is ridiculous to say, as the government does, that the provision is inconsistent with other orders and threatens great and burdensome harm to the government.

Essentially the same is true of the "differences" in PG&E's proposed order – they are worthwhile and they are neither inconsistent nor burdensome to the government. To the contrary, the clarifications and additions proposed by PG&E will promote ease of application of the protective order and thereby will advance the "just, speedy and inexpensive" resolution on case. The Court should therefore enter PG&E's proposed order.

Dated: April 18, 2005

Respectfully submitted,

s/ Jerry Stouck
JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639

Counsel for Plaintiff,
PACIFIC GAS & ELECTRIC
COMPANY

Of Counsel:
Robert L. Shapiro
Spriggs & Hollingsworth