# EXHIBIT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-74C<br>(Judge Hewitt)<br>into which has been consolidated<br>No. 04-075C |

PG&E'S FIRST REQUEST FOR THE PRODCUTION OF DOCUMENTS

Pursuant to RCFC 34, PG&E serves the following request for the production of documents:

## I. DEFINITIONS

For purposes of this request, the following definitions shall apply:

1. "COMMUNICATIONS" shall mean and include any DOCUMENT containing transmission or exchange of information between two or more PERSONs, whether orally or in writing, including, without limitation, any discussion or information carried on or transmitted by means of letter, note, memorandum, interoffice correspondence, telephone, telegraph, telex, telecopy, cable, or some other electronic or other medium.

2. "DELIVERY COMMITMENT SCHEDULE" refers to the forms described in Article V, Paragraph B of the Standard Contract and includes schedules that have been proposed by the utility, schedules proposed by DOE if the utility's schedule is rejected, and any schedules developed pursuant to subsequent attempts to negotiate mutually acceptable schedules.

3. "DOCUMENT" shall be construed in the broadest sense permissible under RCFC 34 and shall include the original and any copy of any and all writings as that term is defined in

Federal Rule of Evidence 1001, and all written, typed, printed, recorded, graphic, computer-generated, or other matter of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tape, film, electronic facsimile, computer storage devices, or any other medium in the possession, custody, or control of the United States. The term "Document" or "Documents" also shall include each copy that is not identical to the original or to any other produced copy, preliminary drafts of any Document or any working papers related thereto, and different versions of a Document.

4. "DOE" shall mean the United States Department of Energy, including all agencies, offices, divisions or departments, officials, directors, officers, employees, agents, attorneys and other representatives, past or present, thereof.

5. "GTCC" shall mean Greater Than Class C.

6. "IN THE POSSESSION, CUSTODY, OR CONTROL OF THE UNITED STATES" includes materials in the possession, custody, or control of any current or former department, office, bureau, board, agency, federally-owned or governmental corporation, or other entity owned, operated or under the control of the United States, including but not limited to the DOE, and including but not limited to their agents, representatives, officers, directors, employees, officials, contractors and attorneys.

7. "NWPA" shall mean the Nuclear Waste Policy Act of 1982 (codified at 42 U.S.C. 10101 et seq.), as well as any and all Amendment(s) thereto.

8. PG&E shall mean the plaintiff, the Pacific Gas & Electric Company.

9. PG&E's SPENT FUEL CONTRACT shall mean the contract involved in this action, U.S. Department of Energy Contract No. DE CR01 83NE44402.

10. "PERSON" shall include any natural person, corporation (private or governmental), syndicate, trust, partnership, proprietorship, firm, group, association, joint venture, governmental or other public entity or agency, or any other form of organization or legal entity, including the United States, and all their respective officials, directors, officers, employees, representatives, or agents, whether or not still alive or in existence.

11. "RELATED TO" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting and/or in any way pertaining to the subject specified.

12. "SPENT FUEL" shall mean spent nuclear fuel and/or high-level radioactive waste as those terms are defined in the Standard Contract.

13. The term "STANDARD CONTRACT" shall mean the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste set forth in Part 961 of the Code of Federal Regulations, pursuant to which DOE is to take title to, transport, and dispose of spent nuclear fuel and/or high-level radioactive waste delivered to DOE by those owners or generators of such fuel or waste who execute the contract.

## II. INSTRUCTIONS

For purposes of this request, the following instructions shall apply:

1. Each request herein constitutes a request that each document or communication referred to, or a true, complete, and legible copy thereof, be presented, during business hours and upon appropriate notice, to any attorney representing PG&E in the above captioned action, at the offices of Spriggs & Hollingsworth, 1350 I Street, N.W., Ninth Floor, Washington, D.C. 20005, within the time provided in RCFC 34, or at such other time or place as may be agreed upon by PG&E and the United States, for the purpose of inspection and copying in accordance with Rule

34 of the RCFC. Each request to produce a document includes documents which are in any way IN THE POSSESSION, CUSTODY OR CONTROL OF THE UNITED STATES, or to which it has access.

2. Please produce all documents that have not been produced previously. We note that requests for production 1-14 and 16-20 below are similar to requests 1-24 in Plaintiff's First Request for Production of Documents in *Yankee Atomic v. U.S.* dated March 30, 1998. Requests 26-29 below are similar to requests 13-16 in Plaintiff's Second Request for Production of Documents in *Yankee Atomic* dated April 19, 2002. Requests 15 and 31-37 below are similar to requests 7, 14, 15, 23, 24, 42, 43 and 44 of Utility Plaintiffs' Joint First Set of Requests for Production of Documents dated September 4, 2001.

3. Documents should be produced and organized in conformance with RCFC 34, either as they are kept in the usual course of business identifying the source of each produced document or labeled to correspond to each request in the order the requests are presented.

4. These requests are continuing in nature so as to require you to submit supplementary responses if further documents are found to the fullest extent contemplated by RCFC 26(e).

5. If you decline to produce documents responsive to these requests for the production of documents due to a claim of privilege, produce so much of the document(s) as is not objected to, and set forth the following, with respect to each such document:

a. the date thereof;

b. the type, title, and subject matter of the document, sufficient to assess whether the assertion of privilege is valid;

c. the name of the person or persons who prepared or signed the document;

d. the name and position of any intended and actual recipients of the document;

e. the nature of the privilege being claimed;

f. the number of the request(s) to which the document is responsive.

6. If, for reasons other than a claim of privilege, you refuse to produce any documents described herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal. In the event that you object to any request on the basis that it is overbroad for any reason, you should respond to that request as narrowed in such a way as to render it not overbroad in your opinion, and state the extent to which you have narrowed that request for purposes of your response.

7. If there are no documents responsive to a request, so state.

III. DOCUMENT REQUESTS

In accordance with the above definitions and instructions, produce the following:

1. DOCUMENTS RELATED TO legislative proposals that culminated in the enactment of NWPA in 1982, including but not limited to proposed legislative language or testimony provided to any committee or sub-committee of Congress.

2. DOCUMENTS RELATED TO any federal legislative proposal initiated since January 1, 1977 for federal storage or disposal of SPENT FUEL from civilian nuclear reactors.

3. DOCUMENTS RELATED TO any efforts or proposals to amend NWPA.

4. DOCUMENTS RELATED TO the development, proposal, or promulgation of the terms of PG&E'S SPENT FUEL DISPOSAL CONTRACT.

5. DOCUMENTS RELATED TO the development, proposal, or promulgation of the terms of the STANDARD CONTRACT FOR THE DISPOSAL OF SPENT FUEL.

6. DOCUMENTS RELATED TO any interpretation of PG&E'S SPENT FUEL DISPOSAL CONTRACT.

7. DOCUMENTS RELATED TO any interpretation of the STANDARD CONTRACT FOR THE DISPOSAL OF SPENT FUEL.

8. DOCUMENTS RELATED TO any delivery commitment schedules submitted to DOE by PG&E.

9. DOCUMENTS RELATED TO any request(s) by PG&E that priority be accorded to SPENT FUEL removed from PG&E's Humboldt Bay Power Plant Unit 3 because the reactor was shut down permanently.

10. DOCUMENTS RELATED TO the according of priority to SPENT FUEL removed from a civilian nuclear power reactor that has reached the end of its useful life or has been shut down permanently.

11. DOCUMENTS RELATED TO the exchange of approved any delivery commitment schedule among parties with contracts with DOE for the disposal of SPENT FUEL.

12. DOCUMENTS RELATED TO any Annual Capacity Reports prepared by DOE in connection with the SPENT FUEL disposal program, including but not limited to all DOCUMENTS used in the preparation of such reports.

13. DOCUMENTS RELATED TO the rate or pace at which DOE may accept SPENT FUEL pursuant to either the STANDARD CONTRACT FOR THE DISPOSAL OF SPENT FUEL or PG&E'S SPENT FUEL DISPOSAL CONTRACT.

14. DOCUMENTS RELATED TO any Acceptance Priority Rankings prepared by DOE in connection with the NWPA, including all DOCUMENTS used in the preparation of the ranking.

15. DOCUMENTS RELATED TO the order or sequence among utilities in which DOE will accept spent fuel from utilities, including but not limited to the order in which DOE would

have accepted spent fuel if it had started accepting such spent fuel on or before January 31, 1998, the order in which DOE will accept spent fuel from utilities when DOE begins accepting spent fuel from utilities, and any plans, projections or estimates by DOE of the order or sequence in which DOE would have accepted or will accept spent fuel from utilities.

16. DOCUMENTS RELATED TO any Environmental Assessment or Environmental Impact Statement prepared by DOE in connection with the NWPA, including but not limited to all DOCUMENTS used to prepare the assessment or statement.

17. DOCUMENTS RELATED TO the costs or expenses of DOE's activities pursuant to NWPA, including but not limited to any budgets (whether final, interim, or proposed) and any DOCUMENTS used to prepare any such budgets.

18. DOCUMENTS RELATED TO any Mission Plan, program plan, or program reassessment (including any amendments thereto) for DOE's activities pursuant to the NWPA, including but not limited to all DOCUMENTS used to prepare such plans or reassessments.

19. COMMUNICATIONS between DOE and any other part of the Executive Branch, and between DOE and any part of the Legislative Branch, or between the Legislative and Executive Branches that are RELATED TO the NWPA.

20. DOCUMENTS RELATED TO any contractual or other relationship between DOE and any party who has played any role in the exploration, design, or study of facilities and/or processes for picking up or transporting SPENT FUEL from civilian nuclear reactors for storage or disposal by DOE, including but not limited to the results or work-product produced through such contractual relationships.

21. DOCUMENTS RELATED TO facilities and/or processes for picking up or transporting SPENT FUEL from civilian nuclear reactors for storage or disposal by DOE.

22. COMMUNICATIONS between PG&E and either DOE or the United States Nuclear Regulatory Commission RELATED TO SPENT FUEL.

23. DOCUMENTS RELATED TO the storage or disposal of SPENT FUEL at sites other than civilian nuclear reactors.

24. DOCUMENTS RELATED TO the casks, canisters, systems or similar devices in which SPENT FUEL from civilian nuclear reactors has been or could be stored and/or transported.

25. DOCUMENTS RELATED TO the costs or expenses that have been or may be incurred by any PERSON to store SPENT FUEL at commercial nuclear reactors.

26. DOCUMENTS RELATED TO the storage, disposal, transportation, preparation, packaging, inspection, and pickup of GTCC waste.

27. DOCUMENTS RELATED TO the storage, disposal, transportation, preparation, packaging, inspection, and pickup of SPENT FUEL placed in canisters, multi-element-sealed canisters or other containers however described.

28. DOCUMENTS RELATED TO the storage, disposal, transportation, preparation, packaging, inspection, and pickup of failed fuel.

29. DOCUMENTS RELATED TO the storage, disposal, transportation, preparation, packaging, inspection, and pickup of nonstandard fuel, failed fuel or other than standard spent fuel.

30. DOCUMENTS RELATED TO the decommissioning of PG&E's Humboldt Bay Power Plant Unit 3.

31. DOCUMENTS RELATED TO the date by which DOE will begin accepting spent fuel from utilities, including but not limited to any milestone schedules, critical path activities or sensitivity analyses conducted by or on behalf of DOE.

32. DOCUMENTS RELATED TO any estimate or projection that DOE will begin accepting spent fuel from utilities later than 2010.

33. DOCUMENTS RELATED TO the needs or requirements (whether current, estimated, or projected) for storage or disposal of spent fuel from domestic commercial nuclear reactors.

34. DOCUMENT RELATED TO projections of the amount of spent fuel to be discharged from domestic commercial nuclear reactors.

35. Organizational charts and/or personnel rosters for the Office of Civilian Radioactive Waste Management from 1982 to the present.

36. DOCUMENTS RELATED TO the ability of DOE to perform its obligations under the STANDARD CONTRACT and PG&E'S CONTRACT, including but not limited to DOE's past and present intentions to perform these obligations and estimates of when and how DOE will be able to perform these obligations.

37. DOCUMENTS RELATED TO DOE's decision to suspend the submittal of proposed delivery commitment schedules by utilities in the 1990s.

38. DOCUMENTS RELATED TO DOE's decision to request new proposed delivery commitment schedules from utilities in 2004.

39. DOCUMENTS RELATED TO DOE's decision to suspend the approval and submittal of proposed delivery commitment schedules in 2004.

Dated: June 3, 2005

Respectfully submitted,

Jerry Stouck
Spriggs & Hollingsworth
1350 I Street, N.W.
Ninth Floor
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (fax)
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:

Robert L. Shapiro
Spriggs & Hollingsworth

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing PG&E's First Request for Production of Documents was served by hand this 3rd day of June, 2005, upon the following:

John C. Ekman
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Eighth Floor
1100 L. Street, N.W.
Washington, D.C. 20530

Robert L. Shapiro