# EXHIBIT 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, provides the following response to the first request for production of documents served by plaintiff, Pacific Gas and Electric Company ("PG&E").

## GENERAL OBJECTIONS

1. Defendant objects to each and every production request to the extent that it calls for the disclosure of material or information that is subject to any claim of privilege or protection, including without limitation, the attorney-client privilege, the work-product doctrine, or any Government privilege. Defendant will not produce privileged or protected documents, materials or information in response to the document requests. The inadvertent production by defendant of documents protected by the attorney-client privilege, or any other privilege, shall not constitute a waiver of the applicable privilege or protection as to any document so produced, or as to any other document.

2. Defendant objects to the instructions and definitions incorporated by reference into plaintiff's document requests to the extent that such instructions and definitions attempt to

impose obligations on defendant other than those imposed by RCFC 26 and 34 and the Court's prior orders, including but not limited to:

a. Pursuant to the Court's March 10, 2005 order, limitations upon the parties' obligations to preserve and search for electronic mail, to the extent that it has not been stored or has been retained only in an electronic form, were established.

b. The definition of DOE is overly broad by seeking to impose obligations in excess of those previously ordered by the Court.

c. The instructions contained in the fourth paragraph of PG&E's request for production is objectionable to the extent that it seeks to impose requirements beyond those contained in RCFC 26(e)(1) - (3). Defendant will seasonably supplement its responses only to the extent required by RCFC 26(e).

d. The instructions contained in paragraphs 5 and 6 of the plaintiffs' requests are objectionable regarding the information to be provided regarding the defendant's claims of privilege. In connection with its prior productions, the defendant has provided a privilege log that contains sufficient information to support the defendant's assertion of privilege over the documents identified. To the extent additional any documents are withheld from production based upon claims of privilege, similar privilege logs will be produced through posting upon the production website.

e. The instructions contained in paragraph 3 of PG&E's request for production are objectionable because they seek to impose obligations beyond those contained in RCFC 34(a). Defendant will produce or make available for inspection those documents within its possession, custody or control.

3. Defendant objects to these requests to the extent that they require the Government to search for documents available on the Record Information System database ("RIS-web") maintained by the Office of Civilian Radioactive Waste Management ("OCRWM"), and produce any documents found there. Defendant continues to make this database available to PG&E, and the burden to search for and request documents is the same for PG&E as it is for the defendant. Accordingly, the defendant will not undertake any searches of the RIS-web in response to these production requests or produce any documents responsive to these requests that may be found there.

4. Defendant objects to these requests to the extent that they require the defendant to produce documents that are publicly available to PG&E. Publicly available documents would include documents available through websites maintained by either the Department of Energy ("DOE") or the Nuclear Regulatory Commission ("NRC") or available from the public document room maintained by the NRC. To the extent that documents are available from these sources, the Government will not undertake the effort to produce them.

5. Defendant objects to the production requests upon the grounds and to the extent that, by them, PG&E seeks to have defendant make certain legal conclusions and/or conclusions as to the legal significance of certain documents and/or events which it is not required to make.

6. Defendant objects to the production requests upon the grounds and to the extent that, by them, PG&E seeks from defendant information prepared and/or developed in anticipation of litigation and/or for trial.

7. Defendant objects to the production requests upon the grounds and to the extent that, by them, PG&E seeks the discovery of information which is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to the production requests upon the grounds that the manner in which they are worded, when read with their definitions and general instructions, are so vague, broad, general, and all inclusive that they do not permit a proper or reasonable response and are, therefore, unduly burdensome and oppressive.

9. Defendant objects to the production requests upon the grounds that, by them, PG&E seeks to require defendant to make legal conclusions and/or conclusions concerning the legal significance of certain documents and/or events which must be determined by the United States Court of Federal Claims in this action and upon the grounds that, to respond to them, the defendant would be required to make an extensive investigation, research, compilation, and evaluation of data and records in its possession, which would constitute annoyance, harassment, oppression, undue burden and undue expense to defendant.

10. Defendant objects to any inference that can be drawn from any portion of the request for production or the responses to them that the documents requested or events referred in the requests actually exist or occurred. The failure to object to each such inference in no way constitutes an admission by defendant that such information exists or that such events actually occurred.

11. The objections set forth above apply to each of the numbered paragraphs of the requests for production.

12. Without waiving the above objections, defendant will provide relevant, non-privileged information and documents currently available to it, subject only to the requirements for supplementation of responses contained in the Rules of the United States Court of Federal Claims.

DEFENDANT'S RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS

1. DOCUMENTS RELATED TO legislative proposals that culminated in the enactment of NWPA in 1982, including but not limited to proposed legislative language or testimony provided to any committee or sub-committee of Congress.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

2. DOCUMENTS RELATED TO any federal legislative proposal initiated since January 1, 1977 for federal storage or disposal of SPENT FUEL from civilian nuclear reactors.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant because the matters at issue in this case involve the schedule against which the Court will assess damages pursuant to the terms of the Standard Contract, not legislative proposals that have not been enacted and, thus, have no effect upon the Standard Contract. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

3. DOCUMENTS RELATED TO any efforts or proposals to amend NWPA.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant because the matters at issue in this case involve the schedule against which the Court will assess damages pursuant to the terms of the Standard Contract, not legislative proposals that have not been enacted. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

4. DOCUMENTS RELATED TO the development, proposal, or promulgation of the terms of PG&E'S SPENT FUEL DISPOSAL CONTRACT.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

5. DOCUMENTS RELATED TO the development, proposal, or promulgation of the terms of the STANDARD CONTRACT FOR THE DISPOSAL OF SPENT FUEL.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

6. DOCUMENTS RELATED TO any interpretation of PG&E'S SPENT FUEL DISPOSAL CONTRACT.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Plaintiff's request could include matters unrelated to any issue in this case, including past disputes regarding whether fees under the Standard Contract were to be calculated upon the basis of the amount of electricity generated or, alternatively, upon the basis of the amount of electricity generated and sold. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request that involve matters that could be an issue in this

case, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

7. DOCUMENTS RELATED TO any interpretation of the STANDARD CONTRACT FOR THE DISPOSAL OF SPENT FUEL.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Plaintiff's request includes matters unrelated to any issue in this case, including past disputes regarding whether fees under the Standard Contract were to be calculated upon the basis of the amount of electricity generated or, alternatively, upon the basis of the amount of electricity generated and sold. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request that involve matters that could be an issue in this case, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

8. DOCUMENTS RELATED TO any delivery commitment schedules submitted to DOE by PG&E.

RESPONSE: Defendant objects to this request to the extent that it seeks documents that are publicly available to PG&E or are otherwise within the possession, custody, and control of PG&E. Defendant further objects to this request as overly broad and unduly burdensome, given

its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

9. DOCUMENTS RELATED TO any request(s) by PG&E that priority be accorded to SPENT FUEL removed from PG&E's Humboldt Bay Power Plant Unit 3 because the reactor was shut down permanently.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request, if any, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

10. DOCUMENTS RELATED TO the according of priority to SPENT FUEL removed from a civilian nuclear power reactor that has reached the end of its useful life or has been shut down permanently.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

11. DOCUMENTS RELATED TO the exchange of approved any delivery commitment schedule among parties with contracts with DOE for the disposal of SPENT FUEL.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

12. DOCUMENTS RELATED TO any Annual Capacity Reports prepared by DOE in connection with the SPENT FUEL disposal program, including but not limited to all DOCUMENTS used in the preparation of such reports.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

13. DOCUMENTS RELATED TO the rate or pace at which DOE may accept SPENT FUEL pursuant to either the STANDARD CONTRACT FOR THE DISPOSAL OF SPENT FUEL or PG&E'S SPENT FUEL DISPOSAL CONTRACT.

RESPONSE: Defendant objects to this production request because it seeks purely speculative information about the rate at which DOE may accept spent nuclear fuel in the future. Further, in accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639 (2004), appeal pending, No. 04-5122 (Fed. Cir.), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has

defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant states that it has previously produced numerous non-privileged documents within its control responsive to this request that have been made available to plaintiff.

14. DOCUMENTS RELATED TO any Acceptance Priority Rankings prepared by DOE in connection with the NWPA, including all DOCUMENTS used in the preparation of the ranking.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

15. DOCUMENTS RELATED TO the order or sequence among utilities in which DOE will accept spent fuel from utilities, including but not limited to the order in which DOE would have accepted spent fuel if it had started accepting such spent fuel on or before January 31, 1998, the order in which DOE will accept spent fuel from utilities when DOE begins accepting spent fuel from utilities, and any plans, projections or estimates by DOE of the order or sequence in which DOE would have accepted or will accept spent fuel from utilities.

RESPONSE: Defendant objects to this production request because it seeks purely speculative information about the rate at which DOE may accept spent nuclear fuel in the future. In accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639 (2004), appeal pending, No. 04-5122 (Fed. Cir.), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant further objects to this production request because it seeks production of information about the order in which DOE "would have" accepted spent nuclear fuel from the utilities if it had begun acceptance in 1998, which is irrelevant to the proceedings in this case. The issues relevant to this case involve identification of a schedule that the Court will apply to assess damages in this case, not development of a speculative schedule of spent nuclear fuel acceptance and disposal that neither occurred nor was made part of the Standard Contract. Defendant further objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request that relate to the order in which DOE will accept spent nuclear fuel from the utilities as set forth in the Annual Capacity Reports and Acceptance Priority Rankings published by DOE, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

16. DOCUMENTS RELATED TO any Environmental Assessment or Environmental Impact Statement prepared by DOE in connection with the NWPA, including but not limited to all DOCUMENTS used to prepare the assessment or statement.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant, given that Environmental Assessment and Environmental Impact Statements have nothing to do with the issues in this litigation. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant states that thousands of pages of documents responsive to this request are available on the Licensing Support Network, which is publicly available, and the burden of searching that database for responsive documents is no greater for plaintiff than it is for defendant.

17. DOCUMENTS RELATED TO the costs or expenses of DOE's activities pursuant to NWPA, including but not limited to any budgets (whether final, interim, or proposed) and any DOCUMENTS used to prepare any such budgets.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant to any issue in this litigation. The issues relevant to this litigation involve identification of a schedule that the Court will apply to assess damages, not the costs or expenses incurred by DOE in

fulfilling its responsibilities under the Nuclear Waste Policy Act. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant states that it has previously produced various budget documents that are currently available on the production website to which plaintiff has access. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

18. DOCUMENTS RELATED TO any Mission Plan, program plan, or program reassessment (including any amendments thereto) for DOE's activities pursuant to the NWPA, including but not limited to all DOCUMENTS used to prepare such plans or reassessments.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

19. COMMUNICATIONS between DOE and any other part of the Executive Branch, and between DOE and any part of the Legislative Branch, or between the Legislative and Executive Branches that are RELATED TO the NWPA.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Plaintiff's request encompasses every single document communicated between agencies or the Legislative Branch regarding any aspect of the Nuclear Waste Policy Act, which is overly broad and irrelevant to this litigation. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

20. DOCUMENTS RELATED TO any contractual or other relationship between DOE and any party who has played any role in the exploration, design, or study of facilities and/or processes for picking up or transporting SPENT FUEL from civilian nuclear reactors for storage or disposal by DOE, including but not limited to the results or work-product produced through such contractual relationships.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request relating to the results or work product produced by the referenced entities, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

21. DOCUMENTS RELATED TO facilities and/or processes for picking up or transporting SPENT FUEL from civilian nuclear reactors for storage or disposal by DOE.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

22. COMMUNICATIONS between PG&E and either DOE or the United States Nuclear Regulatory Commission RELATED TO SPENT FUEL.

RESPONSE: Defendant objects to this request because it seeks documents that plaintiff should already possess, given that the request involves documents that came either to or from plaintiff, and the burden to locate these documents is no greater for plaintiff than it is for defendant. Defendant further objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant, particularly to the extent that plaintiff is seeking production of all communications with the Nuclear Regulatory Commission relating to licensing of its nuclear reactors or other matters, for which spent nuclear fuel may not the primary matter at issue. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control responsive to this request from the files of the Department of Energy, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

23. DOCUMENTS RELATED TO the storage or disposal of SPENT FUEL at sites other than civilian nuclear reactors.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. The issue in this case involve whether plaintiff has incurred incremental costs as a result of DOE's delay in beginning spent nuclear fuel acceptance, and this request is unrelated to that issue. Defendant also objects to this request to the extent that it seeks documents that are publicly available. Defendant objects to this request upon the grounds that it is vague and ambiguous with respect to the phrase "at sites other than civilian nuclear reactors."

Without waiving these objections, defendant states that it has previously produced various documents responsive to this request that are currently available on the production website to which plaintiff has access. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

24. DOCUMENTS RELATED TO the casks, canisters, systems or similar devices in which SPENT FUEL from civilian nuclear reactors has been or could be stored and/or transported.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant states that it has previously produced various documents responsive to this request that are currently available on the production website to which plaintiff has access. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it targets information that will lead to the discovery of information relevant to this litigation.

25. DOCUMENTS RELATED TO the costs or expenses that have been or may be incurred by any PERSON to store SPENT FUEL at commercial nuclear reactors.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available. In addition, defendant objects to this request to the extent it improperly seeks information subject to protective orders entered by the Court of Federal Claims.

Without waiving these objections, defendant states that it has previously produced various documents responsive to this request that are currently available on the production website to which plaintiff has access. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to narrow its request so that it

reasonably targets information that will lead to the discovery of information relevant to this litigation that is not overly broad, unduly burdensome, or duplicative.

26. DOCUMENTS RELATED TO the storage, disposal, transportation, preparation, packaging, inspection, and pickup of GTCC waste.

RESPONSE: Defendant objects to this request as vague and ambiguous, as plaintiff does not define the meaning of "storage, disposal, transportation, preparation, packaging, inspection, and pickup." Assuming that these terms are broadly defined, as they appear to be, defendant further objects to this request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is requesting that defendant search the entire Federal Government for every document within the Federal Government that has any connection to an incredibly broad category of information. The Department of Energy has previously produced various documents from its files that pertain to Greater Than Class C waste, and we have previously produced those documents to plaintiff, to the extent that they were not privileged. Plaintiff's current request is too broad and unduly burdensome to allow us to conduct any additional searches for information, particularly since this broad request is not reasonably calculated to lead to the discovery of information that would be either relevant or admissible.

27. DOCUMENTS RELATED TO the storage, disposal, transportation, preparation, packaging, inspection, and pickup of SPENT FUEL placed in canisters, multi-element-sealed canisters or other containers however described.

RESPONSE: Defendant objects to this request as vague and ambiguous, as plaintiff does not define the meaning of "storage, disposal, transportation, preparation, packaging, inspection,

and pickup." Assuming that these terms are broadly defined, as they appear to be, defendant further objects to this request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is requesting that defendant search the entire Federal Government for every document within the Federal Government that has any connection to an incredibly broad category of information. The Department of Energy has previously produced various documents from its files that pertain to canistered fuel, and we have previously produced those documents to plaintiff, to the extent that they were not privileged. Plaintiff's current request is too broad and unduly burdensome to allow us to conduct any additional searches for information, particularly since this broad request is not reasonably calculated to lead to the discovery of information that would be either relevant or admissible.

28. DOCUMENTS RELATED TO the storage, disposal, transportation, preparation, packaging, inspection, and pickup of failed fuel.

RESPONSE: Defendant objects to this request as vague and ambiguous, as plaintiff does not define the meaning of "storage, disposal, transportation, preparation, packaging, inspection, and pickup." Assuming that these terms are broadly defined, as they appear to be, defendant further objects to this request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is requesting that defendant search the entire Federal Government for every document within the Federal Government that has any connection to an incredibly broad category of information. The Department of Energy has previously produced various documents from its files that pertain to failed fuel, and we have previously produced those documents to plaintiff, to the extent that they were not privileged. Plaintiff's current request is too broad and unduly burdensome to allow us to conduct any

additional searches for information, particularly since this broad request is not reasonably calculated to lead to the discovery of information that would be either relevant or admissible.

29. DOCUMENTS RELATED TO the storage, disposal, transportation, preparation, packaging, inspection, and pickup of nonstandard fuel, failed fuel or other than standard spent fuel.

RESPONSE: Defendant objects to this request as vague and ambiguous, as plaintiff does not define the meaning of "storage, disposal, transportation, preparation, packaging, inspection, and pickup." Assuming that these terms are broadly defined, as they appear to be, defendant further objects to this request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is requesting that defendant search the entire Federal Government for every document within the Federal Government that has any connection to an incredibly broad category of information. The Department of Energy has previously produced various documents from its files that pertain to nonstandard fuel, failed fuel, and other than standard fuel, and we have previously produced those documents to plaintiff, to the extent that they were not privileged. Plaintiff's current request is too broad and unduly burdensome to allow us to conduct any additional searches for information, particularly since this broad request is not reasonably calculated to lead to the discovery of information that would be either relevant or admissible.

30. DOCUMENTS RELATED TO the decommissioning of PG&E's Humboldt Bay Power Plant Unit 3.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the

"Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control from the files of the Department of Energy responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

31. DOCUMENTS RELATED TO the date by which DOE will begin accepting spent fuel from utilities, including but not limited to any milestone schedules, critical path activities or sensitivity analyses conducted by or on behalf of DOE.

RESPONSE: Defendant objects to this production request because it seeks speculative information about the date upon which DOE may accept spent nuclear fuel in the future. In accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639 (2004), appeal pending, No. 04-5122 (Fed. Cir.), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant has previously produced numerous documents responsive to this request that are currently available on the production website to which plaintiff has access.

32. DOCUMENTS RELATED TO any estimate or projection that DOE will begin accepting spent fuel from utilities later than 2010.

RESPONSE: Defendant objects to this production request because it seeks speculative information about the date upon which DOE may accept spent nuclear fuel in the future. In accordance with this Court's decision in Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639 (2004), appeal pending, No. 04-5122 (Fed. Cir.), future damages are not recoverable in a partial breach of contract case, rendering the information sought through this production request irrelevant to this litigation. Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant has previously produced numerous documents responsive to this request that are currently available on the production website to which plaintiff has access.

33. DOCUMENTS RELATED TO the needs or requirements (whether current, estimated, or projected) for storage or disposal of spent fuel from domestic commercial nuclear reactors.

RESPONSE: Defendant objects to this request as vague, overly broad, and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant states that it has previously produced various documents that are currently available on the production website to which plaintiff has access that appear to be responsive to this request. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to clarify its request so that it targets information that will lead to the discovery of information relevant to this litigation in a manner that is not overly broad, unduly burdensome, or duplicative.

34. DOCUMENT RELATED TO projections of the amount of spent fuel to be discharged from domestic commercial nuclear reactors.

RESPONSE: Defendant objects to this request as vague, overly broad, and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control from the files of the Department of Energy responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

35. Organizational charts and/or personnel rosters for the Office of Civilian Radioactive Waste Management from 1982 to the present.

RESPONSE: Defendant objects to this request as vague, overly broad, and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as

irrelevant. Defendant also objects to this request to the extent that it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control from the files of the Department of Energy responsive to this request for the years 1983 to the present, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search. No such documents exist for 1982 because the Office of Civilian Radioactive Waste Management was not created until 1983.

36. DOCUMENTS RELATED TO the ability of DOE to perform its obligations under the STANDARD CONTRACT and PG&E'S CONTRACT, including but not limited to DOE's past and present intentions to perform these obligations and estimates of when and how DOE will be able to perform these obligations.

RESPONSE: Defendant objects to this request as vague, overly broad, and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant also objects to this request as irrelevant. Defendant further objects to this request to the extent it seeks documents that are publicly available. Defendant also objects to this request as vague and ambiguous as to the phrase "ability of DOE to perform its obligations under the STANDARD CONTRACT and PG&E'S CONTRACT." In addition, defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine or deliberative process privilege.

Without waiving these objections, defendant states that it has previously produced various documents that are currently available on the production website to which plaintiff has access that appear to be responsive to this request. To the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to clarify its request so that it targets information that will lead to the discovery of information relevant to this litigation in a manner that is not overly broad, unduly burdensome, or duplicative.

37. DOCUMENTS RELATED TO DOE's decision to suspend the submittal of proposed delivery commitment schedules by utilities in the 1990s.

RESPONSE: Defendant is unable to provide any documents in response to this production request because the Department of Energy has not suspended the submission of delivery commitment schedules by purchasers.

38. DOCUMENTS RELATED TO DOE's decision to request new proposed delivery commitment schedules from utilities in 2004.

RESPONSE: Defendant objects to this request as overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant further objects to this request as irrelevant. Defendant also objects to this request to the extent it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control from the files of the Department of Energy responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

39. DOCUMENTS RELATED TO DOE's decision to suspend the approval and submittal of proposed delivery commitment schedules in 2004.

RESPONSE: Defendant objects to this request upon to the extent that it is overly broad and unduly burdensome, particularly given its use of the words "related to," which plaintiff has defined very broadly in the "Definitions" section of its requests. Defendant objects to this request as irrelevant. Defendant further objects to this request to the extent it seeks documents that are publicly available.

Without waiving these objections, defendant will produce all non-privileged documents within its control from the files of the Department of Energy responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

July 15, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that, on this 15th day of July, 2005, I caused to be served by Federal Express a copy of "DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS," addressed as follows:

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Harry D. Fitz, Jr.