# EXHIBIT 9

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:JCEkman
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

Telephone: (202) 353-0897
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

August 8, 2005

VIA FACSIMILE AND UNITED STATES MAIL

Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: *Pacific Gas & Electric Co. v. United States*, Nos. 04-074C, 04-075C (Fed. Cl.)

Dear Mr. Stouck:

We are writing to confirm our recent conversations regarding the Rule 30(b)(6) notice of deposition that you filed on July 25, 2005, regarding the Government's document search efforts.

In the first request in the deposition notice, you ask a deponent to testify regarding "[d]efendant's search for documents responsive to Plaintiff's First Request for Production of Documents." This request is duplicative of depositions that you have already taken in the spent nuclear fuel litigation. On February 19, 2002, your office deposed an employee of the Department of Energy, Thomas Pollog, regarding the Government's document search efforts. In addition, your office took depositions of David Zabransky on February 10, 1999, and Robert Wells on April 8, 1999, regarding similar topics. We understand from our discussions that, through this new deposition, you do not intend to duplicate discovery that has already been taken in other spent nuclear fuel cases. Specifically, we understand that you intend your Rule 30(b)(6) notice to apply only to document search efforts undertaken since the Rule 30(b)(6) deposition of Mr. Pollog on February 19, 2002, to the extent that those searches implicate the document production requests that the plaintiff in this case recently served. We need you to confirm this understanding of the request in the deposition notice.

With that understanding of the first request in the deposition notice, we can provide a witness from the Department of Energy ("DOE") to testify regarding DOE's document search efforts in response to the plaintiff's document production requests in this case. Nevertheless, DOE's efforts to complete its search for documents in response to those document production requests is continuing. Accordingly, it appears that any deposition would be premature at this point in time. DOE is working diligently to complete its document search efforts, and we

anticipate that these efforts will be completed soon. We propose that the deposition in response to the first request in the deposition notice be deferred until DOE's search efforts are complete. In any event, because of conflicting schedules, we cannot produce a witness on August 11, 2005, and ask that any such deposition be postponed.

With regard to the second, third, and fourth requests in the Rule 30(b)(6) deposition notice, the requests are so broad that it is simply impossible for us to prepare witnesses to testify regarding all possible interpretations of their scope. The requests could be interpreted to require witnesses to testify regarding the contents of all of the documents that have been produced to the spent nuclear fuel plaintiffs. Further, with regard to the request for a deposition regarding the "existence, location, type and quantities of documents responsive to Plaintiff's First Request for Production of Documents," that information is contained in logs that accompany the documents that have been produced, making a deposition on that topic seem unnecessary. In any event, because of the breadth of these requests, we are not in a position to be able to prepare witnesses to respond to them in the manner required by Rule 30(b)(6). If you can narrow or provide some specificity regarding the information that you are seeking, we may be able to respond to them. Further, with more specificity, it may become clear that a written response will provide you with the information that you need. Nevertheless, in their current form, we cannot produce witnesses that can respond to the breadth of these requests and would encourage you to assist us in developing narrow and precise categories for the deposition that you desire. Again, without greater specificity, we cannot produce a witness, or witnesses, on August 11, 2005, to respond to them. Further, even if a witness possessed the relevant knowledge, conflicting schedules would preclude us from being able to produce a witness on that date.

We look forward to working with you to attempt to develop topics with sufficient specificity that would allow us to produce a witness, or witnesses, that can testify in compliance with the level of knowledge required by Rule 30(b)(6).

Very truly yours,

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch