IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, Plaintiff, | ) | |
| v. | ) | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests that the Court grant the parties an enlargement of time of two days, to and including September 14, 2005, within which to respond to plaintiff's motion to compel discovery, which was filed on August 25, 2005. Defendant's response is currently due on September 12, 2005. Defendant has not previously sought an enlargement of time for this purpose. Counsel for plaintiff has represented that plaintiff, Pacific Gas & Electric Company ("PG&E"), does not oppose this motion.

This enlargement is necessary to allow us to incorporate into our response brief an appropriate discussion of the United States Court of Appeals for the Federal Circuit's decision in Indiana Michigan Power Co. v. United States, No. 05-4122, 2055 WL 2173563 (Fed. Cir.), which the appellate court issued on Friday, September 9, 2005. Based upon that decision, plaintiffs in the spent nuclear fuel ("SNF") cases, to the extent that they allege a partial (rather than total) breach of contract, may not recover damages beyond the date that their suit was filed. The Federal Circuit held that, in a partial breach of contract case, future damages may be recoverable in future suits filed in response to future partial breaches after those costs are incurred, in accordance with section 26(1)(e) of the Restatement (Second) of Judgments. Here,

several of the document production requests that PG&E has identified in its motion relate to documents dealing only with future events and future damages. Accordingly, the Federal Circuit's decision provides another basis for precluding extensive discovery into these areas. However, since the Federal Circuit's decision was only issued on Friday, September 9, 2005, we have not had a full opportunity to digest it and incorporate it into our response to PG&E's motion to compel, followed by appropriate supervisory review. To permit us to incorporate the effect of the Indiana Michigan decision into our response brief, we respectfully request this short enlargement of time.[1]

For the foregoing reasons, defendant respectfully requests that the Court grant this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

[1] In addition, counsel for defendant is currently in California participating in depositions in this case, adding additional difficulties to defendant's ability to respond to PG&E's motion to compel. Other attorneys in his office are assisting in the preparation of defendant's response brief in his absence.

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

September 12, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 12th day of September 2005, a copy of foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.