IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests that the Court grant the parties an enlargement of time of one additional day, to and including September 15, 2005, within which to respond to plaintiff's motion to compel discovery, which was filed on August 25, 2005. Defendant previously sought an enlargement of two days, to and including September 14, 2005, within which to file its response. Counsel for defendant has attempted to contact one of the attorneys for plaintiff, Robert L. Shapiro, regarding this matter, but understands that both he and Jerry Stouck are traveling from California to Washington, D.C., today, and has not yet been informed of plaintiff's position regarding the motion.

In our prior two-day enlargement motion, we informed the Court that the enlargement was necessary to allow us to incorporate into our response brief an appropriate discussion of the United States Court of Appeals for the Federal Circuit's decision in Indiana Michigan Power Co. v. United States, No. 05-4122, 2055 WL 2173563 (Fed. Cir.), which the appellate court issued on Friday, September 9, 2005. As we explained, based upon that decision, plaintiffs in the spent nuclear fuel ("SNF") cases, to the extent that they allege a partial (rather than total) breach of contract, may not recover damages beyond the date that their suit was filed. The Federal Circuit

held that, in a partial breach of contract case, future damages may be recoverable in future suits filed in response to future partial breaches after those costs are incurred, in accordance with section 26(1)(e) of the Restatement (Second) of Judgments. Here, several of the document production requests that PG&E has identified in its motion relate to documents dealing only with future events and future damages. Accordingly, the Federal Circuit's decision provides another basis for precluding extensive discovery into these areas.

Because the Federal Circuit's decision was only issued on Friday, September 9, 2005, we have not had a full opportunity to digest it and incorporate it into our response to PG&E's motion to compel, followed by appropriate supervisory review. We had hoped to complete that analysis and prepare a pleading that would receive appropriate supervisory review by today, but the process of that drafting and subsequent review has taken more time than we anticipated. In addition, we have found it necessary to seek further consultation with the agencies that have been searching for responsive documents to evaluate the effect of that decision on their search efforts, which will be reflected in our response brief. To permit us to incorporate the effect of the Indiana Michigan decision into our response brief, we respectfully request this short additional enlargement of time.

For the foregoing reasons, defendant respectfully requests that the Court grant this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

September 14, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 14th day of September 2005, a copy of foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.