# DEFENDANT'S APPENDIX

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-74C<br>(Judge Hewitt)<br>into which has been consolidated<br>No. 04-075C |

PG&E'S OBJECTIONS AND RESPONSES TO THE GOVERNMENT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to RCFC 34, Pacific Gas & Electric Co. ("PG&E") responds to the government's first set of requests for production of documents ("Requests") served on PG&E May 12, 2005.

General Responses and Objections

1. PG&E objects to the government's instruction at page 1, which purports to require PG&E to supplement its responses to the Requests "from time to time, but not later than 10 days after such additional information has been obtained." This instruction seeks to impose obligations which go beyond those that are required under RCFC 26(e).

2. PG&E objects to the Requests to the extent they seek documents in the possession of persons or entities other than PG&E or otherwise outside the possession, custody and control of PG&E. PG&E further objects to the government's definition of "Plaintiff," "PG&E," "you," "your," and "yourself" to include parties that are not a plaintiff in this action. PG&E will respond to these Requests for itself, but does not (and cannot) respond to them for any "present or former officers, employees, agents, attorneys, or representatives and every person acting upon

[PG&E's] behalf and/or connected with plaintiff in the context of the matters at issue in this action."

3. PG&E objects to, and will disregard, the government's definition of "person" and "individual" to the extent that definition purports to include "all respective officials, directors, officers, employees, representatives, independent contractors, investigators, consultants, agencies, or agents, whether or not still alive or in existence."

4. PG&E objects to the definition of "document" to include "any preliminary drafts of any documents or any working papers related thereto" to the extent that it implicates drafts and/or working papers of PG&E's experts and departs from the limited expert discovery as provided by RCFC 26(b)(3). PG&E also objects to the definition of "document" as unduly burdensome to the extent it includes email and other electronic media. PG&E has a very substantial volume of such material that cannot be practically be searched, at least in the absence of narrowing criteria.

5. PG&E objects to the definition of "Relating to" to the extent it means "supporting," "contradicting" or "in any way pertaining to the subject specified" as these words and phrase are vague.

6. PG&E objects to the instruction under paragraphs C and D as exceeding what is required by RCFC 26 and 34. The rules do not call for PG&E to "answer" the government's requests for the production of documents. Instead, PG&E is to respond to the request and to make non-privileged, response documents available to the government.

7. PG&E objects to that part of instruction paragraph E requesting production of documents no longer in PG&E's possession as being beyond what is permitted by RCFC 26 and

34. PG&E further objects to the instruction in paragraph E to provide information regarding documents that are unavailable as exceeding what is required by RCFC 26 and 34.

8. PG&E objects to the instructions under paragraph F as exceeding what is required by RCFC 26 and 34. To the extent PG&E claims a privilege or protection from the production of documents that would otherwise be produced consistent with these general objections, PG&E will describe such documents, if any, in a separate privilege log in a manner sufficient to enable the government and the Court to ascertain the propriety of the claim of privilege or protection. PG&E also objects to the instructions under paragraphs E and F as unduly burdensome, to the extent they seek production, or logging as privileged or protected from production, communications between PG&E and its counsel in this case, because virtually all such communications relate to this or other litigation, and are thus protected by the attorney-client privilege and/or the work-product doctrine. Further, PG&E objects to identifying, producing or logging documents or communications within the attorney working files and/or correspondence files of attorneys used by PG&E for purposes of preparing its rate cases before the California Public Service Commission or other rate making bodies. Because the vast majority of these documents are protected under the attorney-client privilege or work-product doctrine, the inspection and production of such documents and communications would be unduly burdensome.

9. PG&E objects to all other instructions, definitions and the requests to the extent that they exceed the discovery permitted by RCFC 26 and 34.

10. PG&E objects to the Requests to the extent that they seek publicly available documents already available to the government. Such documents include, but are not limited to, formal pleadings and/or other documents filed by or on behalf of PG&E with the California

Public Service Commission, the Federal Energy Regulatory Commission or other ratemaking bodies in the course of formal rate adjustment proceedings, official DOE documents, industry newsletters and standard reference material.

11. PG&E objects to producing copies of documents that do not differ materially from the copy produced because production of such documents would be unduly burdensome.

12. PG&E objects to instruction H. insofar as it requests production of documents pre-dating 1980. Such documents are beyond the scope of discovery under RCFC 26 and 34 and/or production of such documents would be unduly burdensome.

13. PG&E's production of documents is not intended to waive, and should not be construed as waiving the right to object to the relevance or admissibility as evidence of any documents provided, or the subject matter thereof.

14. PG&E also objects to the Requests to the extent they call for the production of documents already provided to the government in PG&E's initial disclosures under Rule 26(a), and further as being beyond the scope of RCFC 26 and unduly burdensome to the extent they request PG&E to "identify with specificity where in the prior production" such previously-produced documents may be found.

15. Notwithstanding the definitions suggested by the government, except where a different meaning is indicated by context, PG&E's responses use the terms "SNF," "spent fuel," "spent nuclear fuel," "spent fuel and high-level waste," "SNF and HLW," interchangeably to cover all material DOE is obligated to accept under the parties' contract.



4

Specific Objections and Responses

REQUEST NO. 1

All documents relating to the consideration or analysis of permanently shutting down each PG&E reactor, all documents relating to the projected timing for the permanent shutdown of each reactor, and all documents relating to the reasons for any shutdown.

OBJECTION

PG&E objects to this Request insofar as it seeks documents concerning Diablo Canyon; such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because PG&E's damages do not include costs that depend upon the timing of or reasons for considering or actually shutting down or decommissioning Diablo Canyon.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 2

All documents relating to the operations and maintenance associated with dry storage, including all documents relating to personnel and staffing for ISFSI operations and the costs associated with ISFSI operations.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 3

All documents relating to the operations and maintenance associated with wet storage, including all documents relating to personnel and staffing for wet pool operations and the costs associated with wet pool operations.

OBJECTION

PG&E objects to this Request insofar as it seeks documents concerning Diablo Canyon; such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because PG&E is not seeking damages for any costs of wet pool operations at Diablo Canyon.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 4

All documents relating to projected future SNF discharge rates for PG&E's Diablo Canyon reactors.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 5

All documents relating to the presence of high burn-up fuel, failed fuel, non-standard fuel, other than standard fuel, and/or GTCC radioactive waste in plaintiff's wet pools or upon plaintiff's reactor sites.

OBJECTION

PG&E objects to this Request insofar as the terms "high burn-up fuel," "failed fuel," "non-standard fuel," and "other than standard fuel" are undefined and possibly vague. PG&E further objects to this Request insofar as it seeks documents relating to failed fuel and GTCC radioactive waste at Diablo Canyon; such documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because PG&E is not seeking damages for any costs of storing those materials.

REQUEST NO. 6

All documents relating to decommissioning, including, but not limited to, all decommissioning studies, either developed by PG&E or outside contractors.

OBJECTION

PG&E objects to this Request insofar as it seeks documents concerning Diablo Canyon; such documents are neither relevant to any issue in dispute nor reasonably calculated to lead to the discovery of admissible evidence because PG&E's damages do not include costs that depend upon whether or when Diablo Canyon will be shut down or decommissioned.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 7

Any investigations, analyses, and/or studies of additional or alternative storage options for PG&E's SNF and/or HLW.



7

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 8

All documents relating to PFS, including all documents relating to PG&E's participation in PFS and PG&E's damages attributable to PFS.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 9

All documents concerning or reflecting the substantive, technical, and/or economic bases for PG&E's construction of its ISFSIs.

OBJECTION

PG&E objects that the phrases "concerning or reflecting" and "substantive, technical and/or economic bases" are vague. PG&E also objects to this Request insofar as it seeks documents addressing technical aspects of PG&E's ISFSIs that are not relevant to the reasons why or manner in which PG&E decided to construct the ISFSIs. Such documents (for example, those addressing engineering and other technical matters) are neither relevant to any issue in dispute nor reasonably calculated to lead to the discovery of admissible evidence and their production would be unduly burdensome.



8

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 10

All documents related to the decision to build ISFSIs at PG&E's reactor sites.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 11

All spent fuel management studies produced by or upon behalf of PG&E.

RESPONSE

PG&E objects that the phrase "spent fuel management studies" is vague. Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 12

All documents relating to any modifications to site facilities necessary to support the transfer of fuel from PG&E's wet pools to PG&E's ISFSIs.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 13

All documents relating to any modifications to site facilities necessary to support transfer of fuel to DOE from PG&E's wet pools.

OBJECTION

PG&E objects to this Request as unduly vague and burdensome given that the "modifications . . . necessary" for the purpose stated are unknown. PG&E also objects because it believes no such documents exist given that active planning for such fuel transfer has not occurred.

REQUEST NO. 14

All documents relating to the following areas of information regarding PG&E's spent fuel pools: capacity, including but not limited to license capacity; historical changes in capacity; current inventory (including data relating to the type and composition of the material in PG&E's spent fuel pools, as well as details about burn-up and enrichment of the material in the pools); and specific identification (both in type and amount) of materials other than SNF that are stored in PG&E's pools.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 15

All documents relating to any re-racking at Diablo Canyon and/or Humboldt Bay including, but not limited to, memoranda, notes, letters, or printed e-mails relating to any decisions concerning re-racking and the extent of any actual or potential re-racking.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive non-privileged documents.

REQUEST NO. 16

All documents concerning Boraflex racks, including all documents concerning problems experienced at PG&E's facilities as a result of any use of Boraflex racks.

OBJECTION

PG&E objects to this Request because the documents it seeks are neither relevant to any issue in dispute nor reasonably calculated to lead to the discovery of admissible evidence; PG&E is not seeking damages for any costs arising from problems experienced at PG&E facilities as a result of any use of Boraflex racks.

REQUEST NO. 17

Copies of current certificates of compliance, including any amendments and/or pending modifications, for the casks that PG&E either is using or intends to use to store its SNF.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 18

All documents relating to the design base of PG&E's ISFSIs, including the number of casks to be used in the ISFSIs and any analysis of the amounts and types of inventory to be stored in the ISFSIs over time.

OJBECTION

PG&E objects that the phrase "the design base" is vague. PG&E also objects to this Request as insofar as it seeks documents addressing technical aspects of PG&E's ISFSIs that are not relevant to the reasons why or manner in which PG&E decided to construct the ISFSIs. Such

documents (for example, those addressing engineering and other technical matters) are neither relevant to any issue in dispute nor reasonably calculated to lead to the discovery of admissible evidence and their production would be unduly burdensome.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 19

All documents supporting or otherwise concerning the costs claimed as damages associated with SAFSTOR at PG&E's Humboldt Bay reactor site.

OBJECTION

PG&E objects that the phrase "supporting or otherwise concerning" is vague. PG&E also objects that production of all documents "otherwise concerning" these costs would be unduly burdensome.

RESPONSE

Subject to its stated objections, PG&E S will produce all responsive, non-privileged documents supporting these costs.

REQUEST NO. 20

All documents supporting or otherwise concerning the costs claimed as damages associated with the ISFSI construction projects at PG&E's Humboldt Bay and Diablo Canyon reactor sites.

OBJECTION

PG&E objects that the phrase "supporting or otherwise concerning" is vague. PG&E also objects that production of all documents "otherwise concerning" these costs would be unduly burdensome.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents supporting these costs.

REQUEST NO. 21

All documents supporting or otherwise concerning the costs claimed as damages associated with the stack removal project at PG&E's Humboldt Bay reactor site.

OBJECTION

PG&E objects that the phrase "supporting or otherwise concerning" is vague. PG&E also objects that production of all documents "otherwise concerning" these costs would be unduly burdensome.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents supporting these costs.

REQUEST NO. 22

All documents relating to the stack removal project at PG&E's Humboldt Bay reactor site, including all analyses and studies concerning that project.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 23

All documents supporting or otherwise concerning the costs claimed as damages associated with the temporary rack at PG&E's Diablo Canyon reactor site.

OBJECTION

PG&E objects that the phrase "supporting or otherwise concerning" is vague. PG&E also objects that production of all documents "otherwise concerning" these costs would be unduly burdensome.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents supporting these costs.

REQUEST NO. 24

All documents supporting or otherwise concerning the costs claimed as damages associated with the pre-1998 study of spent fuel storage options at PG&E's Diablo Canyon reactor site.

OBJECTION

PG&E objects that the phrase "supporting or otherwise concerning" is vague. PG&E also objects that production of all documents "otherwise concerning" these costs would be unduly burdensome.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents supporting these costs.



14

REQUEST NO. 25

All documents relating to the pre-1998 study of spent fuel storage options at PG&E's Diablo Canyon reactor site.

RESPONSE

Subject to its stated objections, PG&E will produce all responsive, non-privileged documents.

REQUEST NO. 26

All documents supporting, refuting, or otherwise relating to PG&E's damages.

OBJECTION

PG&E objects that the phrase "supporting, refuting, or otherwise relating to" makes this Request vague and unduly burdensome and, further, that this Request add nothing of substance to the other more specific Requests propounded by the government.

REQUEST NO. 27

All documents relating to assignments or purported assignments of PG&E's Standard Contract, of PG&E's SNF and/or HLW, and/or of any claims arising out of the Standard Contract to any third parties.

OBJECTION

PG&E objects to this Requests because there have been no such assignments.

REQUEST NO. 28

All documents, including all documents submitted to the Federal Energy Regulatory Commission, the Nuclear Regulatory Commission, state regulatory commissions, other utilities, and any other third parties, that relate to PG&E's proposed, submitted, approved, or disapproved delivery commitment schedules.