IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |

DEFENDANT'S MOTION FOR LEAVE
TO FILE THE "AMENDED DECLARATION OF THOMAS E. POLLOG"

Defendant, the United States, respectfully requests that the Court grant leave for the Government to file the "Amended Declaration of Thomas E. Pollog," which would accompany "Defendant's Response To Plaintiff's Motion To Compel Discovery" filed on September 15, 2005. This amended declaration would replace the "Declaration of Thomas E. Pollog" that is currently included in pages 58, 59, and 60 of the appendix that we filed with that September 15, 2005 response brief.

We are filing this motion at Mr. Pollog's request. In paragraph 4 of his original declaration, Mr. Pollog stated that, "unlike commercial SNF, the government material is not regulated by the Nuclear Regulatory Commission so that comparison of feasibility of storage options would be meaningless." After he executed his declaration, and upon further reflection, he recalled that a small amount of government material is, in fact, regulated by the Nuclear Regulatory Commission. To ensure that his statement was completely accurate, he asked us to allow him to correct his original statement, and he has executed an amended declaration that is identical to his September 15, 2005 declaration, except that it now reads that, "unlike commercial SNF, most of the government material is not regulated by the Nuclear Regulatory Commission so that comparison of feasibility of storage options would be meaningless." The

amendment does not affect the ultimate conclusion that the information that plaintiff has requested, as discussed in paragraph 4 of the declaration, is overbroad and irrelevant to the issues in this case.

For the foregoing reasons, defendant respectfully requests that the Court grant this motion for leave and refer to Mr. Pollog's amended declaration in its consideration of the Government's September 15, 2005 response to the plaintiff's motion to compel discovery. A copy of the amended declaration accompanies this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

September 17, 2005

Attorneys for Defendant

# ATTACHMENT

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |

AMENDED DECLARATION OF THOMAS E. POLLOG

I, Thomas E. Pollog, hereby declare the following:

1. Since 1988, I have held several positions within the Office of Civilian Radioactive Waste Management ("OCRWM") at the United States Department of Energy ("DOE"). From 1996 until the present time, I have been a nuclear engineer in the Office of Waste Acceptance/Office of Systems Analysis and Strategy Development with duties that include implementing the Standard Contract, and from June 2002 to the present time, acting as the Contracting Officer's Technical Representative ("COTR") .

2. I have been asked to determine what efforts OCRWM employees and OCRWM contractors' employees would have to expend to locate, retrieve, and review all "DOE intra-governmental communications related to the government's duties, obligations and performance under the [Nuclear Waste Policy Act ('NWPA')] and the Standard Contracts," as set forth in Request No. 19 of plaintiff's document production requests. The files and file indexes in OCRWM are not organized in a manner that would permit personnel to readily retrieve all such documents. The first step would be to search the over 800,000 records stored on OCRWM's Record Information System ("RIS"), which I understand has also been made available to plaintiff's counsel. The next step would require us to search a multitude of offices within the

Department of Energy, any of which could have some communication "related to" the NWPA. However, any search for all documents "related to the government's duties, obligations and performance" under any aspect of the NWPA and the Standard Contracts would involve virtually every activity in which OCRWM and its contractors engage. Although the request here is only for "DOE intra-governmental communications," that limitation would not lessen the scope of the search or make it easier to produce documents. OCRWM would essentially have to review every file within OCWRM's Department of Energy Headquarters office, the Yucca Mountain Site Characterization Office ("YMSCO") in Nevada, and the Management and Operating Contractor offices at YMSCO and Washington, D.C. These searches would involve the files of approximately 160 Federal employees and approximately 2,300 contractor employees. I estimate that this review would take many months, if not years, to complete; require thousands of manhours; and disrupt the currently scheduled activities for OCRWM.

3. I have also been asked been asked to consider the efforts that the Department of Energy, its employees, and its contractor employees would have to expend to locate all documents "related to the storage, disposal, transportation, preparation, packaging, inspection, and pickup" of Greater-Than-Class-C radioactive waste ("GTCC waste") and failed fuel. To the extent that these requests were limited to the acceptance of GTCC waste and failed fuel under the Standard Contract, our office has already searched for and produced all documents that we were able to locate. However, to the extent that the request is broader than that and entails all documents relating to GTCC waste and failed fuel, the Department (outside of OCWRM) may very well have tens of thousands of documents that in some way "relate to" GTCC waste or failed fuel, including technical information about various types of GTCC waste or sealed source GTTC.

4. Finally, I have been asked to consider the plaintiff's request for all "[d]ocuments relating to the feasibility of on-going storage of non-commercial SNF (*e.g.*, Navy fuel, research reactor fuel) at non-civilian nuclear reactors." There are approximately 41 non-research reactors at 38 sites that could generate this type of SNF. Because the physical and radiological characteristics of non-commercial SNF differ from SNF discharged from commercial reactors, documents regarding storage of the non-commercial SNF at sites, such as national labs or naval installations, is not relevant. Additionally, documents regarding storage of Navy SNF would be very difficult, if not impossible to produce because of national security concerns. Finally, unlike commercial SNF, most of the government material is not regulated by the Nuclear Regulatory Commission so that comparison of feasibility of storage options would be meaningless.

I hereby declare, under penalty of perjury, that the foregoing information is true and correct, to the best of my knowledge.

Thomas E. Pollog

THOMAS E. POLLOG
Nuclear Engineer
Office of Civilian Radioactive Waste Management
United States Department of Energy

Dated: 9/16/05

CERTIFICATE OF FILING

I hereby certify that on this 17th day of September 2005, a copy of foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE THE 'AMENDED DECLARATION OF THOMAS E. POLLOG'" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.