Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 329 | HQR2500916 | HQR2500976 | 1/13/03 Email Priv Log | E-mail forwarding electronic version of presentation to Undersecretary Card regarding OWCWM budget strategy for FY03; prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 330 | HQR2500977 | HQR2500980 | 1/13/03 Email Priv Log | 2 e-mails forwarding page from draft presentation to Undersecretary Card regarding acceptance rates and system costs; prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 331 | HQR2500981 | HQR2500981.45 | 1/13/03 Email Priv Log | E-mail forwarding information gathered in response to questions and issues raised by Undersecretary Card regarding the operation of the waste management system; prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 332 | HQR2500982 | HQR2501050 | 1/13/03 Email Priv Log | Three copies of e-mail with attached preliminary draft of congressional testimony for L/ Barrett, OCRWM; prepared as part of deliberative process revealing consideration of policy and/or budgetary matters by the department. | DP |
| 333 | HQR2501051 | HQR2501053 | 1/13/03 Email Priv Log | E-mail with attached notes of 4/19/02 budget meeting with Undersecretary Card; prepared as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 334 | HQR2501054 | HQR2501119 | 1/13/03 Email Priv Log | Six copies of e-mail forwarding attached whitepaper regarding acceptance rates and system costs (originally forwarded to E. Benz on 4/23/02, by W. Stroupe); whitepaper prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 335 | HQR2501120 | HQR2501123 | 1/13/03 Email Priv Log | E-mail inquiring about status of analysis and information requested for input to presentation to Undersecretary Card; sent in response to e-mail forwarding attached information and analysis conducted for input to presentation to Undersecretary Card regarding OCRWM transportation and waste acceptance system; analysis prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 336 | HQR2501124 | HQR2501134 | 1/13/03 Email Priv Log | 5 copies of e-mail requesting status of updated on attached list of questions and issues to be addressed by OCRWM in response to Undersecretary Card; prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 337 | HQR2501135 | HQR2501137 | 1/13/03 Email Priv Log | 3 copies of e-mail forwarding revised list of questions and issues to be addressed by OCRWM in response to Undersecretary Card; prepared in response to questions and issues raised as revealing consideration of policy and/or budgetary matters by the department. | DP |
| 338 | HQR2501140 | HQR2501156 | 1/13/03 Email Priv Log | 4 copies of e-mail forwarding information and analysis conducted for input to presentation to Undersecretary Card regarding OCRWM transportation and waste acceptance system; prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 339 | HQR2501157 | HQR2501232 | 1/13/03 Email Priv Log | E-mail forwarding electronic version of draft presentation to Undersecretary Card regarding acceptance rates and system costs; prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 340 | HQR2501233 | HQR2501235 | 1/13/03 Email Priv Log | E-mail providing additional information for input to presentation to Undersecretary Card regarding OCRWM transportation and waste acceptance system; prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 341 | HQR2501236 | HQR2501236 | 1/13/03 Email Priv Log | 2 copies of e-mail forwarding attached whitepaper presenting information and analysis regarding acceptance rates and system costs for Undersecretary Card; prepared in response to questions and issues raised as part of the deliberative process to assist Foe in making policy decisions in formulating budget requests for OCRWM. | DP |
| 342 | HQR2501246 | HQR2501272 | 1/13/03 Email Priv Log | E-mail suggesting revisions to draft presentation sent in response to e-mail forwarding attached electronic version of draft presentation to Undersecretary Card regarding OCRWM FY03 budget requirements; prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 343 | HQR2501273 | HQR2501326 | 1/13/03 Email Priv Log | 2 copies of e-mail responding to previous e-mail regarding question on draft presentation; also forwarding electronic version f draft presentation to Undersecretary Card regarding acceptance rates and system costs; prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |



A29

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 344 | HQR2501327 | HQR2501334 | 1/13/03 Email Priv Log | 2 copies of e-mail regarding data provided in previous e-mail; previous e-mail forwarded proposed answers to questions raised about presentation to Undersecretary Card regarding acceptance rates and system costs; prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 345 | HQR2501335 | HQR2501470 | 1/13/03 Email Priv Log | 2 copies of e-mail forwarding electronic version of draft presentation to Undersecretary Card regarding acceptance rates and system costs; prepared in response to questions and issues raised as part of the deliberative process decisions in formulating budget requests for OCRWM. | DP |
| 346 | HQR2501471 | HQR2501696 | 1/13/03 Email Priv Log | E-mail providing comments on attached draft presentations; e-mail forwarding electronic version of draft presentation to Undersecretary Card regarding OCRWM transportation and waste acceptance system; prepared in response to questions and issues raised as part of the deliberative proves to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 347 | HQR2501697 | | 1/13/03 Email Priv Log | E-mail forwarding information and analysis conducted for input t presentation to Undersecretary Card regarding waste acceptance rates and system costs; prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 348 | HQR2501698 | HQR2501705 | 1/13/03 Email Priv Log | 3 copies of e-mail forwarding revised list of questions and issues to be addressed by OCRWM in response to Undersecretary Card; prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM.. | DP |
| 349 | HQR2501706 | HQR2501710 | 1/13/03 Email Priv Log | E-mail forwarding information and analysis conducted for input t presentation to Undersecretary Card regarding waste acceptance rates and system costs; prepared in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 350 | HQR2501711 | HQR2501733 | 1/13/03 Email Priv Log | E-mail message containing directions provided by R. Shultis, DOJ, regarding collection of responsive documents in DNF cases; email forwarding information and analysis requested by Undersecretary Card regarding waste acceptance rates and system costs; information gathered in response to questions and issues raised as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM. | DP |
| 351 | HQR2502017 | HQR2502080 | 1/13/03 Email Priv Log | E-mail forwarding attachment containing information regarding waste management system; provided to the office of the Secretary in response to requests from the office of the Secretary for such information in support of the formulation of the site recommendation for Yucca Mountain; information prepared of gathered as part of the deliberative process to assist the Secretary in making a site recommendation for Yucca Mountain. | DP |
| 352 | HQR2502096 | HQR2502099 | 1/13/03 Email Priv Log | E-mail forwarding spreadsheet presenting analysis of rates over time prepared by E. Benz, Jai, at the request of M.A. Sullivan, DOE-OGC, through D. Zabransky, OCRWM, for use in litigation and negations to settle cases currently pending before the Court of Federal Claims; document similar to that described in entry No. 704 on July 5, 2002 Privilege Log and subject of utility Plaintiff's Motion To Compel, which was denied in its entiety by Judge Sypolt, by order dated October 9, 2002. | DP |
| 353 | HQR2502100 | HQR2502101 | 1/13/03 Email Priv Log | E-mail providing information and forwarding draft response to questions from Congress; draft response reveals deliberations of DOE regarding how to respond to Congress regarding policy and budgetary matters affecting program. | DP |
| 354 | HQR2502102 | HQR2502102 | 1/13/03 Email Priv Log | E-mail discussing possible legislative changes for OCRWM; provided in response to request for information for DOE-OGC and the office of the Secretary document reveals deliberations of DOE regarding possible legislative changes necessary for the program. | DP |
| 355 | HQR2502103 | HQR2502115 | 1/13/03 Email Priv Log | E-mail forwarding attached briefing to be included in Secretary's briefing book regarding OCRWM, upcoming site recommendation and budget issues, provided to the Secretary to assist the Secretary in making a site recommendation for Yucca Mountain and formulating budget requests for OCRWM. | DP |
| 356 | HQR2540001 | HQR2540083 | 12/2003 | Drafts of an internal memorandum, drafts for graphic presentation, and other notes analyzing the costs and benefits of DOE's FY 2003 budget request and its effect upon the repository at Yucca Mountain. These documents were prepared in the process of formulating a recommendation for consideration by the Undersecretary of energy regarding DOE's fiscal year 2003 budget request which was ultimately submitted to the office of management and budget ("OMB") and reflect DOE's policy deliberations in the budgetary process. | DP |
| 357 | HQR2580544 | HQR2580549 | 12/2003 | Copy of e-mail forwarding draft responses to questions from the office of inspector general in connection with audit conducted by DOE-ig; withheld as privileged under the deliberative process privilege because it reflects proposed response from OCRWM to ig report; same document as HQR250 0280-0297 which was subject of court's August 25, 2003, order upholding the government's assertion of deliberative process. | DP |



A30

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 358 | HQR2580550 | HQR2580555 | 12/2003 | E-mail forwarding draft responses to questions from the office of inspector general in connection with audit conducted by DOE-ig; withheld as privileged under the deliberative process privilege because it reflects proposed response from OCRWM to ig report; same document as HQR250 0298-0304 which was subject of court's August 25, 2003, order upholding the government's assertion of deliberative process. | DP |
| 359 | HQR2580556 | HQR2580562 | 12/2003 | E-mail forwarding draft responses to questions from the office of inspector general in connection with audit conducted by DOE-ig; withheld as privileged under the deliberative process privilege because it reflects proposed response from OCRWM to ig report; same document as HQR250 0298-0304 which was subject of court's August 25, 2003, order upholding the government's assertion of deliberative process. | DP |
| 360 | HQR2640021 | HQR2640040 | 5/2004 | Presentation titled, "impacts of accelerated waste acceptance;" presentation provides information requested by Undersecretary Card in connection with consideration of decisions to be made in connection with waste acceptance. An earlier version of this document is numbered at HQR250 0977-0980 which was the subject of the court's August 25, 2003, ruling upholding the government's assertion of privilege. A duplicate version of this document appears at CTR174 0004-0030. | DP |
| 361 | HQR2640041 | HQR2640085 | 5/2004 | Presentation titled, "rw waste acceptance analyses;" presentation made to Undersecretary Card at his request; information and recommendations made to the Undersecretary in deliberations regarding how to proceed on decisions regarding waste acceptance | DP |
| 362 | HQR2640086 | HQR2640099 | 5/2004 | Presentation to Undersecretary Card regarding program strategy, waste acceptance and transportation; materials provide recommendations to the Undersecretary regarding decisions to be made in areas of transportation, waste acceptance, and submission of license application. | DP |
| 363 | HQR2890012 | HQR2890015 | 5/2004 | Three copies of a draft white paper titled "evaluation of alternative waste acceptance scenarios." this document was prepared in the process of formulating a recommendation to Undersecretary Card regarding waste acceptance scenarios; the information was conveyed in the presentation set forth on the log at HQR289 0138-0183. | DP |
| 364 | HQR2890016 | HQR2890033 | 5/2004 | Notes, draft white paper, and tables regarding alternatives for waste acceptance and a model for analyzing alternatives. These documents were prepared in the process of formulating a recommendation to Undersecretary Card regarding waste acceptance scenarios. The information was conveyed in a presentation set forth at HQR289 0138-0183. | DP |
| 365 | HQR2890034 | HQR2890137 | 5/2004 | Notes, slides, tables, and draft white paper regarding alternatives for waste acceptance. These documents were prepared in the process of formulating a recommendation to Undersecretary Card regarding waste acceptance scenarios. The information was conveyed in the presentation set forth at HQR289 0138-0183. | DP |
| 366 | HQR2890138 | HQR2890183 | 5/2004 | Three copies of presentation titled, "rw waste acceptance analyses;" marked "predecisional, preliminary draft;" presented to Undersecretary Card, Dr. Chu, and t. Garrish; this presentation includes information and recommendations requested by Card, Chu, and garrish regarding possible waste acceptance scenarios to be followed by DOE when waste acceptance begins in 2010 and reflects DOE's policy deliberations. | DP |
| 367 | HQR2890184 | HQR2890198 | 5/2004 | Draft presentation titled "proposed approach to initiating modifications to the utility disposal contracts." this document was prepared at the request of Undersecretary Card, provides recommendations regarding modifications to the standard contract, and reflects deliberations regarding those modifications. | DP |
| 368 | HQR2890199 | HQR2890200 | 5/2004 | Draft memorandum regarding the resumption of disposal contract scheduling process. This document was prepared for Undersecretary Card and Dr. Chu, provides recommendations regarding how to restart scheduling process for 2010 acceptance, and reflects deliberations regarding that process. The document bears the legend, "prepared at the direction of an attorney."®AC attorney: J. Taylor (DOE-OGC) | DP, AC |
| 369 | HQR2890201 | HQR2890240 | 5/2004 | Various drafts of a presentation titled, "proposed approach to intiating modifications to the utility disposal contracts;" presentation was prepared at the request of Undersecretary Card, provides recommendations regarding possible modifications to the standard contract, and reflects deliberations regarding those modifications. | DP |
| 370 | HQR2930031 | HQR2930044 | 5/2004 | OCRWM presentation titled "FY 2005 OMB review budget;" this presentation reflects the DOE's deliberations regarding the budget request which it prepared for submission to the office of management and budget (OMB). | DP |
| 371 | HQR2950001 | HQR2950003 | 5/2004 | Notes from meeting with the Undersecretary reflecting analysis requested by the Undersecretary including advice sought for budget submittals; redacted document to be released. | DP |
| 372 | HQR3010001 | HQR3010009 | 5/2004 | E-mail forwarding attached draft report to the Secretary of energy regarding the inspector general's audit of the licensing support network; document was prepared as part of an ongoing audit by the DOE-ig and reflects analysis and recommendations by the DOE-ig to the Secretary. | DP |



A31

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 373 | HQR3030001 | HQR3030009 | 5/2004 | Memo forwarding attached white paper regarding need to replan budget for FY2003 due to extended continuing resolution. This document was requested by and provided to Dr. Chu, provides recommendations, and forms part of the deliberative process regarding budget matters. | DP |
| 374 | HQR3030010 | HQR3030021 | 5/2004 | Presentation regarding need to replan budget for FY2003 due to extended continuing resolution. This document was requested by and provided to Dr. Chu, provides recommendations, and forms part of the deliberative process regarding budget matters. | DP |
| 375 | HQR3030022 | HQR3030023 | 5/2004 | White paper regarding need to replan budget for FY2003 due to extended continuing resolution. This document was requested by and provided to Dr. Chu, provides recommendations, and forms part of the deliberative process regarding budget matters. | DP |
| 376 | HQR3030024 | HQR3030027 | 5/2004 | White paper regarding need to replan budget for FY2003 due to extended continuing resolution. This document was requested by and provided to Dr. Chu, provides recommendations, and forms part of the deliberative process regarding budget matters. | DP |
| 377 | HQR3060001 | HQR3060022 | 5/2004 | Memo to the Secretary regarding identification of a preferred rail corridor to Yucca Mountain; the memorandum reflects deliberations regarding the decision and recommendations of OCRWM personnel to the Secretary | DP |
| 378 | HQR3080001 | HQR3080038 | 5/2004 | Draft copies of slides prepared for a graphic presentation regarding possible waste acceptance scenarios. The final presentation is set forth on the privilege log at HQR289 0138-0183. These slides reflect the deliberations of DOE personnel and form part of the deliberative process regarding policy decisions. ®®this document previously appeared on the log under entry HQR 266. | DP |
| 379 | HQR3080039 | HQR3080072 | 5/2004 | Copies of slides prepared for a draft graphic presentation regarding transportation options for a repository at Yucca Mountain. These slides reflect the recommendations of DOE personnel and form part of the deliberative process. A substantially similar version of this document appears at HQR 254 0056-0083, which was the subject of the court's August 25, 2003 ruling upholding the government's assertion of privilege.®®this document previously appeared on the log under entry HQR 266. | DP |
| 380 | HQR3080073 | HQR3080085 | 5/2004 | Graphs, tables, and a list of assumptions regarding receipt rates and cost impacts; prepared in response to questions and issues raised by Undersecretary Card as part of the deliberative process to assist DOE in making policy decisions in formulating budget requests for OCRWM.®®this document previously appeared on the log under entry HQR 266. | DP |
| 381 | HQR3130001 | HQR3130004 | 5/2004 | Graphs and tables regarding the effect of options regarding the rate of SNF acceptance. These documents were prepared in the process of formulating a recommendation for consideration by the Undersecretary of energy and reflect DOE's policy deliberations in the budgetary process. | DP |
| 382 | HQR3130004 | HQR3130022 | 5/2004 | Package of notes and draft agenda prepared in connection with briefing to Undersecretary Card regarding the design of a repository; the documents were prepared in the process of formulating a recommendation to Undersecretary Card regarding repository design and reflect DOE's deliberations regarding the design of the repository. | DP |
| 383 | HQR3130023 | HQR3130096 | 5/2004 | Binder of drawings and other material prepared in connection with briefing to Undersecretary Card regarding the design of the repository; the documents were prepared in the process of formulating a recommendation to Undersecretary Card regarding repository design and reflect DOE's deliberations regarding the design of the repository. | DP |
| 384 | HQR3190112 | HQR3190131 | 11/2004 | Four copies of a draft white paper summarizing a meeting involving the DOE office of general counsel regarding an EIS regarding the disposal of GTCC waste; draft action memorandum to the Secretary regarding issuance of the advance notice of intent to prepare an EIS regarding the disposal of GTCC radioactive waste; document reveals the deliberations of DOE regarding the preparation of an EIS for the disposal of GTCC waste and forms part of the deliberative process. | AC, DP |
| 385 | HQR3190496 | HQR3190498 | 11/2004 | Draft presentation regarding the legal and regulatory framework for disposal of GTCC waste; document reveals the deliberations of DOE regarding the preparation of an EIS for the disposal of GTCC waste and forms part of the deliberative process. | DP |
| 386 | HQR3200390 | HQR3200391 | 3/2005 | White paper re: potential scope of environmental impact statement for disposition of Greater-Than-Class-C low level radiocactive waste; document reveals the deliberations of DOE regarding the preparation of an EIS for the disposal of GTCC waste and forms part of the deliberative process. | DP |
| 387 | HQR339 | HQR339 | 12/2004 | Draft action memorandum to the Secretary, prepared for Dr. Chu, Director, OCRWM, and to be reviewed by the Undersecretary, regarding the issuance of the 2004 ACR/APR and the DCS process; memorandum contains recommendations to the Secretary, reveals the deliberations of DOE regarding the issuance of the 2004 ACR/APR and the DCS process, and forms part of the deliberative process. | DP |

A32

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 388 | HQR339 | HQR339 | 12/2004 | Draft action memorandum to the Secretary, prepared for Dr. Chu, Director, OCRWM, and to be reviewed by the Undersecretary, regarding the issuance of the 2004 ACR/APR and the DCS process; memorandum contains recommendations to the Secretary, reveals the deliberations of DOE regarding the issuance of the 2004 ACR/APR and the DCS process, and forms part of the deliberative process. | DP |
| 389 | HQR339 | HQR339 | 12/2004 | Draft of cover letter from contracting officer to contract holders to accompany 2004 ACR/APR; document reveals the deliberations of DOE regarding the issuance of the 2004 ACR/APR and forms part of the deliberative process. | DP |
| 390 | HQR3420001 | HQR3420009 | 12/2004 | Draft action memorandum to the Secretary, prepared for Dr. Chu, Director, OCRWM, and to be reviewed by the Undersecretary, regarding the issuance of the 2004 ACR/APR and the DCS process; memorandum contains recommendations to the Secretary, reveals the deliberations of DOE regarding the issuance of the 2004 ACR/APR and the DCS process and forms part of the deliberative process. | DP |
| 391 | HQR3440001 | HQR3440001 | 12/2004 | E-mail message regarding status of discussions among senior leaders at DOE about the issuance of an EIS for the disposal of GTCC waste; document reveals the deliberations of DOE regarding the scope of the EIS and forms part of the deliberative process. | DP |
| 392 | HQR3440002 | HQR3440003 | 12/2004 | Draft response to questions from house appropriations committee regarding the disposal of llw in commercial or DOE facilities; document reveals the deliberations of DOE regarding its response to congress and forms part of the deliberative process. | DP |
| 393 | HQR3440004 | HQR3440012 | 12/2004 | E-mail regarding request for information to be sent to organizations within DOE in connection with preparation of EIS to be issued for the disposal of GTCC waste; e-mail forwards draft of 'data call' request to be distributed; 'data call' has been previously produced; e-mail and attached document reveals the deliberations of DOE regarding the scope of the EIS and forms part of the deliberative process. | DP |
| 394 | HQR3440013 | HQR3440022 | 12/2004 | Draft presentation outlining issues to be resolved regarding the scope of an EIS to be issued for the disposal of GTCC waste; document reveals the deliberations of DOE regarding the scope of the EIS and forms part of the deliberative process. | DP |
| 395 | HQR3440023 | HQR3440024 | 12/2004 | E-mail chain regarding DOE review of proposed Senate bill s. 1045; chain includes request for review by counsel and results of review by counsel for legal sufficiency; e-mail chain reveals the deliberations of DOE regarding its review of the pending legislation and forms part of the deliberative process.;AC attorney: b. McRae (DOE-OGC). | DP, AC |
| 396 | HQR3440025 | HQR3440026 | 12/2004 | E-mail chain regarding status of discussions among office within DOE regarding responsibility for GTCC disposal issues; document reveals the deliberations of DOE regarding assignment of responsibility and forms part of the deliberative process. | DP |
| 397 | HQR3440027 | HQR3440029 | 12/2004 | White paper outlining status of activities and decisions to be made regarding the issuance of EIS for disposal of GTCC waste; document reveals the deliberations of DOE regarding the issuance of the EIS and forms part of the deliberative process. | DP |
| 398 | HQR3440030 | HQR3440033 | 12/2004 | E-mail chain regarding DOE review of proposed Senate bills s. 1045; e-mail chain reveals the deliberations of DOE regarding its review of the pending legislation and forms part of the deliberative process. | DP |
| 399 | HQR3440034 | HQR3440043 | 12/2004 | Marked up version of proposed Senate bill s. 1045; document reveals the deliberations of DOE regarding its review of the pending legislation and forms part of the deliberative process. | DP |
| 400 | HQR3440044 | HQR3440045 | 12/2004 | E-mail message regarding status of discussions among senior leaders at DOE about the issuance of an EIS for the disposal of GTCC waste; document reveals the deliberations of DOE regarding the scope of the EIS and forms part of the deliberative process. | DP |
| 401 | Memorandum reg | HQR1660021 | 12/2003 | Informal note from Patty Bubar , DOE-EM, to Jesse Roberson, DOE-EM, re: response to letter from U.S. EPA region 6 administrator. Released, with redaction; redacted portion discusses legal issue being reviewed by DOE-OGC; document previously released with bates numbers HQR1650187-0193. Memorandum regarding proposed response to request from U.S. Environmental Protection Agency Region 6 Administrator for DOE to accept GTCC waste (Gloveboxes Etc.) from superfund cleanup in Houston by accepting waste; attached is whitepaper titled, "Established policy for greater-than-class C waste"; document provides recommendations to EM-1 regarding proposed response to EPA, reveals the deliberations of DOE regarding how to response to EPA'S request and forms part of the deliberative process. | DP |



A33

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 402 | NRC0030013 | NRC0030017 | 12/2003, 1/31/03 | Exchange of e-mails between k. Mcconnell and n. Jensen, nrc-ogc, requesting legal review of nrc's draft response to request by a. Kadak that nrc redefine GTCC as hlw, and legal advice provided in response to the request for review; attached to the e-mail is a draft of the letter from chairman meserve to dr. Kadak, which contains marginalia by n. Jensen concerning recommended changes to letter; documents reveal the deliberations of nrc regarding how to respond to dr. Kadak's letter and form part of the deliberative process; the nrc's assertion of deliberative process over other draft versions of nrc's response generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: n. Jensen (nrc-ogc). | AC, DP |
| 403 | NRC0030021 | NRC0030024 | 12/2003, 1/31/03 | Exchange of e-mails between k. Mcconnell and n. Jensen, nrc-ogc, requesting legal review of nrc's draft response to request by a. Kadak that nrc redefine GTCC as hlw, and legal advice provided in response to the request for review; attached to the e-mail is a draft of the letter from chairman meserve to dr. Kadak, which contains marginalia by n. Jensen concerning recommended changes to letter; documents reveal the deliberations of nrc regarding how to respond to dr. Kadak's letter and form part of the deliberative process; the nrc's assertion of deliberative process over other draft versions of nrc's response generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: n. Jensen (nrc-ogc). | AC, DP |
| 404 | NRC0030025 | NRC0030026 | 12/2003, 1/31/03 | E-mail forwarding to n. Jensen (nrc-ogc) and a. Capoferri (DOE-OGC) draft of letter from chairman meserve to andrew kadak in response to dr. Kadak's request that nrc redefine GTCC on hlw; e-mail requests review of letter for legal sufficiency; documents reveal the deliberations of nrc regarding how to respond to dr. Kadak's letter and form part of the deliberative process; the nrc's assertion of deliberative process over other draft versions of nrc's response generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC/AW attorneys: n. Jensen (nrc-ogc) and a. Capoferri (DOE-OGC). | AC, AW, DP |
| 405 | NRC0030027 | NRC0030027 | 12/2003, 1/31/03 | Nrc briefing materials concerning April 4, 2001, meeting between counsel for nrc and DOE about nrc's response to the 10/24/2000 letter by dr. Andrew kadak; document identifies legal issues to be discussed between counsel and describes nrc's deliberations and options for responding to dr. Kadak's request that nrc redefine GTCC as hlw; document reveals the deliberations of nrc regarding how to respond to dr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over documents of the same character generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | AC, DP |
| 406 | NRC0030029 | NRC0030030 | 12/2003, 1/31/03 | An undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document contains marginalia by N. Jensen (NRC-OGC) suggesting changes to the letter, based upon his review of the letter for legal sufficiency; this draft was not provided to Dr. Kadak; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over other draft versions of NRC's response generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: N. Jensen (NRC-OGC). | AC, DP |
| 407 | NRC0030031 | NRC0030033 | 12/2003 | Letter from J. Taylor (DOE-OGC) to N. Jensen (NRC-OGC) regarding GTCC radioactive waste disposal issues; prepared in connection with nuclear claims litigation that GTCC radioactive waste is governed by the standard contract; provides legal advice and DOE's legal analysis of GTCC issues in SNF litigation; bears legend "privileged and confidential"; duplicate of document bate numbered HQR054 0020-0022 and subject of utility plaintiffs' motion to compel, which was denied in its entirety by Judge Sypolt, by order dated Cctober 9, 2002. ®AC/AW attorneys: J. Taylor (DOE-OGC); N. Jensen (NRC-OGC). | AC, AW |
| 408 | NRC0030036 | NRC0030038 | | Background information relating to nrc's response to dr. Kadak's request that nrc redefine GTCC as hlw; document contains discussion of potential responses to dr. Kadak and the bases for those responses; document reveals the deliberations of nrc regarding how to respond to mr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over documents of the same character generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 409 | NRC0030039 | NRC0030042 | 12/2003, 1/31/03 | E-mail forwarding to a. Capoferri (DOE-OGC) draft of letter from chairman meserve to andrew kadak in response to dr. Kadak's request that nrc redefine GTCC on hlw; e-mail requests review of letter for legal sufficiency; documents reveal the deliberations of nrc regarding how to respond to dr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over other draft versions of nrc's response generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC/AW attorneys: n. Jensen (nrc-ogc) and a. Capoferri (DOE-OGC). | AC, DP |



A34

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 410 | NRC0030045 | NRC0030047 | 12/2003, 1/31/03 | **Identical to nrc0030031-0033** - Letter from j. Taylor (DOE-OGC) to n. Jensen (nrc-ogc) regarding GTCC radioactive waste disposal issues; prepared in connection with nuclear claims litigation that GTCC radioactive waste is governed by the standard contract; provides legal advice and DOE's legal analysis of GTCC issues in SNF litigation; bears legend "privileged and confidential"; duplicate of document bate numbered hqr054 0020-0022 and subject of utility plaintiffs' motion to compel, which was denied in its entirety by judge sypolt, by order dated October 9, 2002. ®AC/AW attorneys: j. Taylor (DOE-OGC); n. Jensen (nrc-ogc). | DP |
| 411 | NRC0030054 | NRC003054 | 12/2003, 1/31/03 | Letter from andrew kadak to chairman meserve requesting that NRC redefine GTCC as hlw; document contains marginalia by n. Jensen (NRC-ogc) reflecting legal analysis by mr. Jensen in furtherance of mr. Jensen's provision of legal services to the NRC in formulating a response to dr. Kadak's request; copy of letter without marginalia was provided at NRC0030012.®AC attorney: n. Jensen (NRC-ogc). | AC, DP |
| 412 | NRC0030055 | NRC0030057 | 12/2003, 1/31/03 | An undated draft response from chairman meserve to dr. Andrew kadak in response to dr. Kadak's October 24, 2000 letter, requesting that nrc redefine GTCC as hlw; document reveals the deliberations of nrc regarding how to respond to dr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over other draft versions of nrc's response generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 413 | NRC0030058 | NRC0030058 | 12/2003, 1/31/03 | E-mail from c.w. reamer (NRC) to N. Jensen (NRC-OGC) providing information and seeking legal advice in conjunction with NRC's deliberations concerning how to respond to Dr. Kadak's request that the NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: N. Jensen (NRC-OGC). | AC, DP |
| 414 | NRC0030064 | NRC0030067 | 12/2003, 1/31/03 | Same document as document described for nrc0030031, except this document also includes a fax transmittal sheet from j. Taylor to n. Jensen, which briefly describes content of letter. ®AC/AW attorneys: n. Jensen (nrc-ogc), j. Taylor (DOE-OGC). | AC, AW, DP |
| 415 | NRC0030068 | NRC0030071 | 12/2003 | **Identical to nrc0040142 - nrc0040145**. - Draft of letter to neil jensen (nrc-ogc), regarding GTCC radioactive waste disposal issues, for review within DOE-OGC and DOE-rw and accompanying fax transmittal sheet; prepared in connection with nuclear utility claims in the Court of Federal Claims litigation that GTCC radioactive waste is governed by the standard contract; provides legal advice and DOE's legal analysis of GTCC issues in SNF litigation. Bears the legend "privileged and confidential;" draft of document bate numbered hqr054 0020-0022 and subject of utility plaintiffs' motion to compel, which was denied in its entirety by judge sypolt, by order dated October 9, 2002; the nrc's assertion of deliberative process over this document, a duplicate of nrc0020001-0004, was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC/AW attorneys: j. Taylor (DOE-OGC); n. Jensen (nrc-ogc). | AC, AW, DP |
| 416 | NRC0030072 | NRC0030072 | 12/2003, 1/31/03 | E-mail from j. Kennedy (nrc) to n. Jensen (nrc-ogc) providing information and seeking legal advice in conjunction with nrc's deliberations concerning how to respond to dr. Kadak's request that the nrc redefine GTCC as hlw; document reveals the deliberations of nrc regarding how to respond to dr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over documents of the same character generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: n. Jensen (nrc-ogc). | AC, DP |
| 417 | NRC0030073 | NRC0030073 | 12/2003, 1/31/03 | E-mail from n. Jensen (nrc-ogc) to j. Kennedy (nrc) concerning mr. Jensen's provision of legal services to nrc relating to nrc's response to dr. Kadak's request that the nrc redefine GTCC as hlw and to nrc's request for legal services from DOE-OGC concerning the legal effects of declaring GTCC to be hlw; document reveals the deliberations of nrc regarding how to respond to dr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over documents of the same character generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: n. Jensen (nrc-ogc). | AC, DP |

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 418 | NRC0030075 | NRC0030075 | 12/2003, 1/31/03 | Exchange of e-mail messages between c.w. reamer (nrc) and neil jensen (nrc-ogc), in which mr. Jensen provides legal advice in conjunction with nrc's deliberations concerning how to respond to dr. Kadak's request that the nrc redefine GTCC as hlw; mr. Jensen's e-mail message sent in response to e-mail from mr. Reamer described at document # nrc0030058; document reveals the deliberations of nrc regarding how to respond to dr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over documents of the same character generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC attorney: n. Jensen (nrc-ogc). | AC, DP |
| 419 | NRC0030076 | NRC0030080 | 12/2003, 1/31/03 | Whitepaper titled, "GTCC disposal status, regulations, and other information," prepared for the purpose of deciding how to respond to dr. Kadak's October 24, 2000, letter requesting that the nrc redefine GTCC as hlw; earlier version of document described at nrc004121-0124; document reveals the deliberations of nrc regarding how to respond to mr. Kadak's letter and forms part of the deliberative process; the nrc's assertion of deliberative process over documents of the same character generated in its deliberations over its response to mr. Kadak's request was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 420 | NRC0030087 | NRC0030087 | 12/2003, 1/31/03 | An undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document contains concurrence chain for NRC's response; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over other draft versions of NRC's response generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 421 | NRC0040106 | NRC0040107 | 12/2003, 1/31/03 | Whitepaper discussing possible NRC responses to Dr. Kadak's October 24, 2000, letter requesting that the NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 422 | NRC0040108 | NRC0040108 | 12/2003, 1/31/03 | Whitepaper discussing possible NRC responses to Dr. Kadak's October 24, 2000, letter requesting that the NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 423 | NRC0040109 | NRC0040110 | 12/2003, 1/31/03 | Draft of a response to Dr. Andrew Kadak from william d. Travers in response to Dr. Kadak's October 24, 2002, request that NRC redefine GTCC as HLW; document contains comments and marginalia for suggested changes and additions to the letter; document reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over other draft versions of NRC's response generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 424 | NRC0040111 | NRC0040111 | 12/2003, 1/31/03 | Memorandum discussing relevant statutes relating to Dr. Kadak's October 24, 2000, request that NRC redefine GTCC as HLW; document also discusses potential conclusions and an analysis of Dr. Kadak's request; document reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 425 | NRC0040120 | NRC0040120 | 12/2003, 1/31/03 | Whitepaper identiFYing issues to be discussed at a December 6, 2000, meeting regarding NRC's response to Dr. Kadak's October 24, 2000, letter requesting that NRC to redefine GTCC as HLW; document provides possible options for NRC's response to the letter, reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 426 | NRC0040121 | NRC0040124 | 12/2003, 1/31/03 | Whitepaper titled, "GTCC disposal status, regulations, and other information," prepared for the purpose of deciding how to respond to Dr. Kadak's October 24, 2000, letter requesting that the NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 427 | NRC0040125 | NRC0040128 | 12/2003, 1/31/03 | Whitepaper titled, "GTCC disposal status, regulations, and other information," prepared for the purpose of deciding how to respond to Dr. Kadak's October 24, 2000, letter requesting that the NRC redefine GTCC as HLW; document contains marginalia, reveals the deliberations of NRC regarding how to respond to Mr.Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel; different version of document described at NRC0040125. | DP |
| 428 | NRC0040138 | NRC0040139 | 12/2003, 1/31/03 | An undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document reflects suggested edits by Chairman Meserve's staff, reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over other draft versions of NRC's response generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 429 | NRC0040140 | NRC0040141 | 12/2003, 1/31/03 | An undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document also contains concurrence sheet for proposed response; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over other draft versions of NRC's response generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.. | DP |
| 430 | NRC0040142 | NRC0040145 | 12/2003, 1/31/03 | Draft of letter to neil jensen (nrc-ogc), regarding GTCC radioactive waste disposal issues, for review within DOE-OGC and DOE-rw and accompanying fax transmittal sheet; prepared in connection with nuclear utility claims in the Court of Federal Claims litigation that GTCC radioactive waste is governed by the standard contract; provides legal advice and DOE's legal analysis of GTCC issues in SNF litigation. Bears the legend "privileged and confidential;" draft of document bate numbered hqr054 0020-0022 and subject of utility plaintiffs' motion to compel, which was denied in its entirety by judge sypolt, by order dated October 9, 2002; the nrc's assertion of deliberative process over this document, a duplicate of nrc0020001-0004, was upheld by judge sypolt's October 9, 2002 order on utility plaintiffs' motions to compel.®AC/AW attorneys: j. Taylor (DOE-OGC); n. Jensen (nrc-ogc). | AC, AW, DP |
| 431 | NRC0040146 | NRC0040148 | 12/2003, 1/31/03 | Identical document to that described at NRC0030031-0033. | DP |
| 432 | NRC0040149 | NRC0040152 | 12/2003, 1/31/03 | Fax transmittal sheet, forwarding for review and comment an undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over this document, a duplicate of NRC0020005-0008, was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 433 | NRC0040153 | NRC0040154 | 12/2003, 1/31/03 | Fax transmittal sheet, forwarding for review and comment an undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over this document, a duplicate of NRC0020009-0010, was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 434 | NRC0040155 | NRC0040155 | 12/2003, 1/31/03 | E-mail exchange between c. Poland and p. Tressler, regarding dates for finalizing NRC response to Dr. Kadak's oCT. 24, 2000 letter; document contains discussion regarding reviews by DOE and the department of justice in connection with litigation currently pending in Court of Federal Claims; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over over documents of the same character generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 435 | NRC0050010 | NRC0050012 | 12/2003, 1/31/03 | Two copies of one-page memorandum prepared by w. Parler, general counsel of nrc, for e. Beckjord, director, nrc office of nuclear regulatory research, containing legal advice for revision to staff paper on "10 cfr 61 - land disposal of radioactive waste" and federal register notice, based upon review of staff paper for legal sufficiency; concurrence sheet for the office of general counsel is attached; documents were created prior to the publication of the final rule and forms part of the deliberative process. | DP |
| 436 | NRC0060007 | NRC0060009 | 12/2003, 1/31/03 | Request for review and comments upon draft of final rule on the interim storage for GTCC; includes a request for review for legal sufficiency; document also reveals the deliberations of NRC regarding content of final rule and forms part of the deliberative process. | DP |



A37

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 437 | NRC0060010 | NRC0060014 | 12/2003, 1/31/03 | Memorandum requesting approval to release final rule for interim storage of GTCC; document describes the deliberations of NRC in formulating final rule, contains recommendations to the commissioners and forms part of the deliberative process. | DP |
| 438 | NRC0060015 | NRC0060090 | 12/2003, 1/31/03 | Draft version of the final rule for the interim storage of GTCC; document indicates where the draft is incomplete, reveals the deliberations of NRC regarding the final rule and forms part of the deliberative process. | DP |
| 439 | NRC0060091 | NRC0060101 | 12/2003, 1/31/03 | Memorandum titled, "regulatory analysis for rulemaking on interim storage of GTCC"; document analyzes bases for rulemaking, discusses options for proceeding with rulemaking, makes recommendations regarding rulemaking and forms part of the deliberative process. | DP |
| 440 | NRC0060106 | NRC0060131 | 12/2003, 1/31/03 | Draft of proposed rule for the interim storage of GTCC with marginalia indicating changes to be made to the draft of the proposed rule; attached to the draft proposed rule are: a draft letter with requested changes to Dr. Ivan itkin, DOE-OCRWM, from w. Kane, NRC, requesting comments from DOE; the changes to the letter relate to changes in the draft proposed rule; draft environmental assessment for the proposed rule with suggested changes; draft regulatory analysis with suggested changes; document reveals the deliberations of NRC regarding the final rule and forms part of the deliberative process. | DP |
| 441 | NRC0060135 | NRC0060140 | 12/2003, 1/31/03 | Comments and suggested changes to proposed rule for interim storage of GTCC by the office of nuclear reactor regulations; document reveals the deliberations of NRC regarding the final rule and forms part of the deliberative process. | DP |
| 442 | NRC0060192 | NRC0060206 | 12/2003, 1/31/03 | Draft of environmental assessment and finding of no significant impact for the proposed rule for interim storage of GTCC; document discusses options for proceeding with rulemaking, contains recommendations, reveals the deliberations of NRC regarding the final rule and forms part of the deliberative process. | DP |
| 443 | NRC0060207 | NRC0060212 | 12/2003, 1/31/03 | Memorandum titled, "regulatory analysis for rulemaking on interim storage of GTCC"; document analyzes bases for rulemaking, discusses options for proceeding with rulemaking, makes recommendations regarding rulemaking and forms part of the deliberative process. | DP |
| 444 | NRC0100096 | NRC0100098 | 12/2003, 1/31/03 | Comments and suggested changes to proposed rule for interim storage of GTCC by the Director of industrial and medical nuclear safety; document reveals the deliberations of NRC regarding the final rule and forms part of the deliberative process | DP |
| 445 | NRC0100099 | NRC0100101 | 12/2003, 1/31/03 | An undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24 2000, letter requesting that NRC redefine GTCC as HLW. Document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process. The NRC's assertion of deliberative process over other draft versions of NRC's response generated in ins deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002, order on utility plaintiff's motion to compel. | DP |
| 446 | NRC013 | NRC013 | 11/2004 | E-mail re: llrwpaa and GTCC disposal and requesting review by the NRC office of general counsel; document reveals the deliberations of the NRC regarding the authority for GTCC disposal and forms part of the deliberative process.®AC attorney: e. Neil jensen (NRC OGC).®. | AC, DP |
| 447 | NRC013 | NRC013 | 11/2004 | NRC outline document re: regulatory evaluation of GTCC waste and use of 10 CFR part 60/61; document reveals the deliberations of NRC regarding regulatory evaluations of GTCC waste and forms part of the deliberative process; document also assigns review for legal sufficiency to the NRC office of general counsel. | AC, DP |
| 448 | NRC013 | NRC013 | 11/2004 | Typewritten memorandum to the file, prepared by N. Jensen (NRC-OGC), regarding meeting between attorneys for the NRC, DOE, and doj regarding NRC's draft response to the October 24, 2000, letter from Dr. Kadak; memorandum reflects the provision of legal advice and discussion of the legal issues presented by the NRC's proposed response; memorandum also reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; NRC's assertion of deliberative process privilege over similar materials relating to the deliberations regarding how to respond to Dr. Kadak's letter were upheld by the court's order dated October 9, 2002.®AC attorney: e. Neil jensen (NRC-OGC). | AC, DP |
| 449 | NRC013 | NRC013 | 11/2004 | Outline of policy and legal issues regarding the disposal of Greater-Than-Class-C waste and an environmental impact statement; the document reveals the deliberations of NRC regarding disposal of GTCC wastes and forms part of the deliberative process; document also indicates issues on which legal advice will be sought from the NRC office of general counsel. | AC, DP |
| 450 | NRC013 | NRC013 | 11/2004 | Memorandum requesting concurrence for denial of a petition from pge dated November 2, 1995, for a rulemaking re: storage of GTCC waste under 10 CFR part 72; attached is a memo from joseph callan to the NRC commissioners re: denial of the petition; documents reveal the deliberations of the NRC regarding the denial of the pge petition rulemaking and form part of the deliberative process; document also evidences a request to counsel to review the attached memo for legal sufficiency.®AC attorney: karen cyr (NRC OGC). | AC, DP |

A38

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 451 | NRC013 | NRC013 | 11/2004 | E-mail chain regarding contact with waste control specialists concerning the storage of Greater-Than-Class-C waste; documents reveal the deliberations of the NRC regarding the storage of GTCC waste and form part of the deliberative process; documents also evidence request for agency review by counsel.®AC attorney: s. Salomon (DOE-OGC). | AC, DP |
| 452 | NRC013 | NRC013 | 11/2004 | E-mail exchange regarding a petition concerning the interim storage of Greater-Than-Class-C waste and review of this petition including review by counsel for legal sufficiency; memoranda attached to the e-mails are part of the analysis of the petition; documents reveal the deliberations of the NRC regarding how to respond to the petition and form part of the deliberative process.®AC attorney: e. Neil jensen (OGC). | AC, DP |
| 453 | NRC013 | NRC013 | 11/2004 | E-mail submission of a document entitled "status of interim storage of GTCC waste rulemaking plan;" attached document is the draft document referred to in the e-mail. The documents reveal the deliberations of the NRC regarding a rulemaking plan and form part of the deliberative process; attachment also evidences review by counsel for legal sufficiency.®AC attorneys: w. Reamer, w. Olmstead (NRC OGC). | AC, DP |
| 454 | NRC013 | NRC013 | 11/2004 | Handwritten notes prepared by N. Jensen (NRC-OGC) regarding meeting with NRC staff and subsequent meeting with DOE and doj personnel regarding NRC's response to the October 24, 2000, letter from Dr. Kadak to Chairman Meserve; notes reflect the provision of legal advice by counsel regarding legal issues presented by Dr. Kadak's inquiry to Chairman Meserve; notes also reveal the deliberations of NRC regarding how to respond to Dr. Kadak's letter and form part of the deliberative process; NRC's assertion of deliberative process privilege over similar materials relating to the deliberations regarding how to respond to Dr. Kadak's letter were upheld by the court's order dated October 9, 2002; notes also contain notation that documents related to issue have been provided to doj in connection with litigation pending in the Court of Federal Claims.®AC/AW attorney: e. Neil jensen (NRC-OGC). | AW, DP, AC |
| 455 | NRC013 | NRC013 | 11/2004 | An undated draft response prepared for Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter, requesting that NRC redefine GTCC as HLW; document reveals the deliberations of NRC regarding how to respond to Dr. Kadak's letter and forms part of the deliberative process; the NRC's assertion of deliberative process over other draft versions of NRC's response generated in its deliberations over its response to Mr.Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on utility plaintiffs' motions to compel. | DP |
| 456 | NRC013 | NRC013 | 11/2004 | E-mail regarding guidance for GTCC waste petition denial; the document reveals the deliberations of the NRC regarding GTCC waste petition and forms part of the deliberative process. | DP |
| 457 | NRC013 | NRC013 | 11/2004 | E-mail regarding response to June 26, 2001, telephone call from paula craighead re: Maine Yankee GTCC waste and isfsi storage; the document reveals the deliberations of the NRC regarding the storage of GTCC waste at an on-site isfsi and forms part of the deliberative process. | DP |
| 458 | NRC013 | NRC013 | 11/2004 | E-mail and attached draft regulatory analysis for proposed rulemaking regarding interim storage of GTCC waste and changes to 10 CFR part 72; documents reveal the deliberations of the NRC regarding the proposed rulemaking and form part of the deliberative process. | DP |
| 459 | NRC013 | NRC013 | 11/2004 | E-mail summary of a meeting held on February 11, 2003, between john greeves and martin virgilio (NRC) and Jesse Roberson (DOE) re: GTCC waste and an EIS; the document reveals the deliberations of the NRC regarding disposal of GTCC waste and forms part of the deliberative process. | DP |
| 460 | NRC013 | NRC013 | 11/2004 | Information paper re: viablity of entOMBment as decommissioning option for power reactors; document reveals the deliberations of the NRC regarding the viability of entOMBment and forms part of the deliberative process. | DP |
| 461 | NRC013 | NRC013 | 11/2004 | Rulemaking issue (affirmation) paper requesting NRC approval for notice of a final rulemaking to be published in the federal register regarding GTCC waste and proposed amendments to 10 CFR part 61; the document reveals the deliberations of the NRC regarding the disposal of GTCC waste and forms part of the deliberative process. | DP |
| 462 | NRC013 | NRC013 | 11/2004 | Notes Regarding A March 5th (Year Unknown) Telephone Conference Between The NRC And The State Of South Carolina Regarding The Disposal Of Greater-Than-Class-C Waste; Document Reveals The Deliberations Of The NRC Reagarding The Regulation Of GTCC Waste And Forms Part Of The Deliberative Processs. | DP |
| 463 | NRC013 | NRC013 | 11/2004 | Draft memorandum regarding options for the interim storage of Greater-Than-Class-C waste from commercial reactors; document reveals the deliberations of the NRC regarding the storage of GTCC waste and forms part of the deliberative process. | DP |
| 464 | NRC013 | NRC013 | 11/2004 | Facsimile cover sheet for a draft outline for environmental assessment for interim storage of GTCC waste in isfsi's or mrs's; attached is the draft outline; documents reveal the deliberations of the NRC regarding the development of an environmental assessment for GTCC waste and form part of the deliberative process. | DP |



A39

Pacific Gas and Electric v. United States
United States Court of Federal Claims 04-74C
Table of Challenges

| REFNO | BEGNO | ENDNO | PRIV LOG | DESCRIPTION | PRIV CLAIM |
|---|---|---|---|---|---|
| 465 | NRC013 | NRC013 | 11/2004 | E-mail re: extended interim storage of low-level radioactive waste; attached document is a draft June, 1994, NRC generic letter re: extended interim storage of low level radioactive waste. The documents reflect the deliberations of the NRC regarding the substance of the generic letter.®AC attorney: e. Neil jensen (NRC OGC). | DP, AC |



A40

**Department of Energy**
Washington, DC 20585

ES#2002-009634

MAY 13 2002

MEMORANDUM FOR THE SECRETARY

THROUGH: UNDER SECRETARY

FROM: DR. MARGARET S. Y. CHU, DIRECTOR, OFFICE OF CIVILIAN RADIOACTIVE WASTE MANAGEMENT

SUBJECT: ACTION: Delegation of Authority to Assert the Federal Government's Deliberative Process Privilege To The Director, Office of Civilian Radioactive Waste Management

ISSUE: In 18 cases arising from the Department's delay in beginning to accept spent nuclear fuel by January 31, 1998, *Yankee Atomic Electric Company* v. *United States*, Civil Action No. 98-126C (Fed. Cl., Judge Sypolt, Coordinated Discovery Judge) and related cases, the Department has been required to produce numerous documents in discovery. Among those documents are numerous predecisional drafts and other candid internal recommendations previously prepared for the Secretary and other high ranking DOE officials. While those documents have been temporarily withheld from the plaintiffs by the litigating attorneys on the ground of privilege, in order to prevent their ultimate disclosure to the plaintiffs, the Department is required to formally assert the privilege in an affidavit executed by the "head of the agency" or his lawful delegate. The Department's response with respect to the privileged documents is due May 13, 2002 and, accordingly, the delegation is needed immediately.

DISCUSSION: The head of a large department cannot reasonably be expected devote his or her valuable time to examining internal documents for the assertion of privileges in litigation. Accordingly, the Secretary of Energy has, from time to time, delegated that responsibility to those officials in various departmental elements who are involved in the subject litigation such as the Assistant Secretary for Defense Programs (Delegation Order 0204-97 ) and the Administrator of the Economic Regulatory Administration (Delegation Order 0204-126). The spent

Printed with soy ink on recycled paper



05/14/2002 11:49 2025863274

nuclear fuel litigation involves issues arising under the purview of the Director, Office of Civilian Radioactive Waste Management and, accordingly, authority for asserting the Department's deliberative privilege should be delegated to her or her delegate(s).

SENSITIVITIES: None.

POLICY IMPACT: None.

RECOMMENDATION: The Secretary should execute the attached Delegation of Authority to the Under Secretary for Energy, Science and Environment. The Under Secretary will then redelegate this delegation to the Director, Office of Civilian Radioactive Waste Management.

ATTACHMENTS

Approve: ____________ Disapproved: ____________ Date: May 13, 2002

Concurrence: General Counsel/Otis ____________ 5/13/02

# AMENDMENT TO THE DEPARTMENT OF ENERGY DELEGATION ORDER NO. 00-002.00 TO THE UNDER SECRETARY FOR ENERGY, SCIENCE AND ENVIRONMENT

1. DELEGATION: Pursuant to authority vested in me as Secretary of Energy ("Secretary") and by Section 642 of the Department of Energy Organization Act, 42 U.S.C. § 7252, I delegate to the Under Secretary for Energy, Science and Environment on matters pertaining to the Office of Civilian Radioactive Waste Management to delegate to the Director, Office of Civilian Radioactive Waste the authority to assert the Federal Government's deliberative process privilege with respect to any matters arising under his or her cognizance. This delegation is made to protect internal predecisional DOE documents in judicial or administrative proceedings in situations where the court may require the claim to be formally asserted by an affidavit from an agency official. The authority delegated to the Director by this Order may be further delegated, in whole or in part, as may be appropriate. In exercising the delegated authority, the delegate(s) shall be governed by the rules and regulations of DOE and the policies and procedures prescribed by the Secretary or his delegate(s).

All actions pursuant to any authority delegated prior to this Order or pursuant to any authority delegated by this Order taken prior to and in effect on the date of this Order are hereby confirmed and ratified, and shall remain in full force and effect as is taken under this Order, unless or until rescinded, amended or superseded.

Nothing in this Order shall preclude the Secretary from exercising any of the authority hereby delegated whenever, in his judgment, the exercise of such authority is necessary or appropriate to administer the functions vested in him.

Therefore, Delegation Order No. 00-002.00 is hereby amended by adding a new paragraph 1.10.C. to read as follows:

> "1.10.C. Assert on a nonexclusive basis, the Federal Government's deliberative process privilege with respect to any matters arising under his or her cognizance."

2. EFFECTIVE DATE: This Order is effective May 13, 2002.

Spencer Abraham
Secretary of Energy

# AMENDMENT TO THE DEPARTMENT OF ENERGY REDELEGATION ORDER NO. 00-002.06 TO THE DIRECTOR, OFFICE OF CIVILIAN RADIOACTIVE WASTE MANAGEMENT

1. DELEGATION: Pursuant to section 202(b) of the Department of Energy Organization Act (Public Law 95-91, 42 U.S.C. 17132(b)) and Secretary of Energy Delegation Order 00-002.00 provided to the Under Secretary of Energy, Science and Environment to perform the function and duties related to Civilian Radioactive Waste Management, I delegate to the Director, Office of Civilian Radioactive Waste Management authority to assert the Federal Government's deliberative process privilege with respect to any matters arising under his or her cognizance. This delegation is made to protect internal predecisional DOE documents in judicial or administrative proceedings in situations where the court may require the claim to be formally asserted by an affidavit from an agency official. The authority delegated to the Director by this Order may be further delegated, in whole or in part, as may be appropriate. In exercising the delegated authority, the delegate(s) shall be governed by the rules and regulations of DOE and the policies and procedures prescribed by the Secretary or his delegate(s).

All actions pursuant to any authority delegated prior to this Order or pursuant to any authority delegated by this Order taken prior to and in effect on the date of this Order are hereby confirmed and ratified, and shall remain in full force and effect as is taken under this Order, unless or until rescinded, amended or superseded.

Nothing in this Order shall preclude the Secretary from exercising any of the authority hereby delegated whenever, in his judgment, the exercise of such authority is necessary or appropriate to administer the functions vested in him.

Therefore, Redelegation Order No. 00-002.06 is hereby amended by adding a new paragraph 1.4 to read as follows:

> "1.4 Assert on a nonexclusive basis, the Federal Government's deliberative process privilege with respect to any matters arising under his or her cognizance."

2. EFFECTIVE DATE: This Order is effective May 13, 2002.

Robert G. Card
Under Secretary for Energy,
Science and Environment

Department of Energy
Washington, DC 20585

May 13, 2002

MEMORANDUM FOR RONALD A. MILNER, CHIEF OPERATING OFFICE

FROM: DR. MARGARET S. Y. CHU, DIRECTOR
OFFICE OF CIVILIAN RADIOACTIVE WASTE MANAGEMENT

SUBJECT: Delegation of Authority

Pursuant to Amendment to Redelegation Order No. 00-002.06, May 13, 2002, I hereby delegate to you the authority to assert the deliberative process privilege over documents within the cognizance of the Office of Civilian Radioactive Waste Management.

Printed with soy ink on recycled paper

DEPARTMENT OF ENERGY
DELEGATION ORDER NO. 00-002.00
TO THE UNDER SECRETARY FOR ENERGY, SCIENCE, AND ENVIRONMENT

1. DELEGATION. Under the authority vested in me as Secretary of Energy and pursuant to section 642 of the Department of Energy Organization Act (Public Law 95-91, 42 U.S.C. 7252), I delegate to the Under Secretary for Energy, Science, and Environment authority to take the following actions:

1.1 Initiate condemnation proceedings and execute declarations of taking, sign all correspondence and other documents in connection with such proceedings, and take all other necessary and appropriate actions to acquire, in connection with the Government's power of eminent domain, real or personal property or interests therein for the Department of Energy (Department or DOE). The authority to initiate condemnation proceedings and execute declarations of taking shall not be further delegated.

1.2 Under section 8 of the Federal Nonnuclear Energy Research and Development Act of 1974 (Public Law 93-577, 42 U.S.C. 5907) carry out functions relating to identification of opportunities to accelerate the commercial applications of new energy technologies.

1.3 Direct a head of field organization to curtail or suspend the operation of nuclear reactors, nuclear facilities or related activities when, in the opinion of the Under Secretary, continuing operations might result in an undue risk to the environment and/or to the safety and health of Departmental or contractor employees or to the public. This authority may not be redelegated.

1.4 Under 5 U.S.C. 4502, approve, on a nonexclusive basis, major Departmental honorary awards, except the Secretary's Award; approve cash awards in excess of those amounts authorized to be approved by Heads of Departmental Elements, except those of other Principals; and recommend to the Office of Personnel Management cash awards in excess of $10,000. This authority may not be redelegated.

1.5 Under 5 U.S.C. 3341, approve the detail of employees to assignments outside the Department.

1.6 Approve determinations preceding Program Opportunity Notices (PONs).

1.7 Under section 643 of the Department of Energy Organization Act (42 U.S.C. 7253), establish, alter, consolidate or discontinue such second tier or below organizational units or components within the Under Secretary's assigned programs and organizational elements as the Under Secretary may deem to be necessary or appropriate.

A. In exercising this authority, or as redelegated pursuant thereto, the Under Secretary will be limited by approved budgets, staffing level allocations, and Senior Executive Service and other executive resource position allocations. Organizational changes shall not be announced or implemented until appropriate union coordination and other pre-release clearances have been obtained.

B. This authority does not include approval of additional, deletion, or transfer of mission and functions of or between Departmental Headquarters or Field Elements, which authority is reserved to the Secretary.

C. The authority to alter or consolidate second tier or below organizational elements may be redelegated, in whole or in part consistent with the terms of the Department of Energy Organization Act, to assigned Heads of Departmental Headquarters and Field Elements and to an official or officials one level below the Head of the Departmental Headquarters or Field Element.

D. The authority to establish or discontinue organizational elements at the second tier or below may only be redelegated to the Head of the Departmental Headquarters or Field Element.

1.8 On a nonexclusive basis, assert the Federal Government's deliberative process privilege with respect to any Environmental Management matters arising under the Under Secretary's cognizance. This delegation is made to protect internal predecisional Department of Energy documents in judicial or administrative proceedings in situations where the court may require the claim to be formally asserted by an affidavit from an agency official.

1.9 Under section 624 of the Department of Energy Organization Act (42 U.S.C. 7234) and in accordance with the Federal Advisory Committee Act (5 U.S.C. App. 2), nominate, appoint, renew the term of, and terminate the service of members of the Environmental Management Site Specific Advisory Board.

1.10 On matters pertaining to the Office of Civilian Radioactive Waste Management:

A. Sign all documents and take such other actions as may be necessary and appropriate for the submission for publication to the Federal Register of notices concerning actions undertaken to implement the authorities and functions provided in the Nuclear Waste Policy Act of 1982 (Public Law 97-425). The authority delegated does not include rulemaking authority.

B. Report and transmit, on a semi-annual basis, site characterization progress reports for the Yucca Mountain site in the State of Nevada to the Nuclear Regulatory Commission, the Governor and the legislature of the State of Nevada, and other interested parties including the United States Congress. The reports are required under section 113(b)(3) of the Nuclear Waste Policy Act of 1982, as amended (Public Law 97-425, as amended by Title V, Subtitle A, of Public Law 100-203). Any such report, which is issued by the Under Secretary pursuant to this Order, must be submitted for concurrence by the General Counsel and the Assistant Secretary for Congressional and Intergovernmental Affairs prior to its transmittal to the Nuclear Regulatory Commission, the Governor and the legislature of the State of Nevada, Congress, and other interested parties.

Each such report will be submitted to the Office of the Secretary at least one week prior to transmittal to the Nuclear Regulatory Commission, the Governor and the legislature of the State of Nevada.

1.11 Under section 91.b. of the Atomic Energy Act of 1954, as amended (42 U.S.C 2121), and National Security Decision Directive Number 282 (September 30, 1987) on matters related to the Office of Nuclear Energy, Science and Technology:

A. Authorize the transfer of special nuclear material to the Departments of the Army, Air Force, and Navy (Navy Facilities Engineering Command only) in such quantities and at such times as necessary for cores for new military reactors and for replacement cores for existing military reactors, and for miscellaneous purposes (other than use in atomic weapons) for which material, fabrication and new reactors the Congress shall have authorized funds.

B. Authorize the Departments of the Army, Air Force, and Navy to manufacture, produce or acquire utilization facilities, other than nuclear powered ships, for which Congress shall have authorized funds.

1.12 Under Title IV of Public Law 106-554 in reference to the American Museum of Science and Energy (Museum):

A. Accept and dispose of any gift, devise, or bequest of services or property, real or personal, valued at, or under $25,000, that is designated in a written document by the person making the gift, devise, or bequest as intended for the Museum and determine that such gift, devise, or bequest is suitable and beneficial for use by the Museum. The acceptance of any such gift, devise, or bequest must be concurred in by the Office of Chief Counsel, Oak Ridge Operations Office or the Office of the Assistant

General Counsel for General Law. All donations of any gift, devise, or bequest of services or property, real or personal, valued above $25,000, will be approved by the Secretary of Energy.

B. Operate a retail outlet on the premises of the Museum for the purpose of selling or distributing items that are relevant to the contents of the Museum and are informative, educational and tasteful.

C. Collect reasonable fees where feasible and appropriate, for admission to the Museum and use of Museum facilities for special meetings and events.

D. Exhibit, perform, display and publish materials and information of, or relating to, the Museum in any media or place.

E. Approve guidelines for leasing space on the premises of the Museum and lease space on the premises of the Museum at reasonable rates and for uses consistent with such guidelines.

F. Recruit, train and accept the services of individuals or entities as volunteers for services or activities related to the Museum.

G. Use the proceeds from the aforementioned activities to pay the costs of the Museum.

1.13 In reference to Energy Efficiency and Renewable Energy, on a nonexclusive basis:

A. Under the National Energy Conservation Policy Act (NECPA) Public Law 95-619, as amended:

1. Make determinations pursuant to sections 216(d)(1) and (2).

2. Grant waivers pursuant to section 216(e).

3. Exercise authorities vested in me pursuant to Title III, Parts 1 and 2, except the authority to suspend grants pursuant to sections 395(e) and 400(d) of the Energy Policy and Conservation Act, as amended.

4. Exercise authorities vested in me pursuant to Title V, Part 3 of NECPA, amended by the Federal Energy Management Improvement Act of 1988 (42 U.S.C. sections 8251-8261) except the authority to report annually to the Congress as required by section 548(b) of NECPA.

B. Under section 656 of the Department of Energy Organization Act, periodically publish a list of certain Executive Agency Conservation Officers (Public Law 95-91, 42 U.S.C. 7266). This authority may only be redelegated to the Assistant Secretary for Energy Efficiency and Renewable Energy.

C. Under 10 C.F.R. 451.2, serve as the Deciding Official for the Renewable Energy Production Incentive Program, as described in 10 C.F.R. Part 451. This authority may not be delegated beyond the Manager of the Golden Field Office. In exercising the authority in this paragraph, the delegate(s) shall be governed by the rules and procedures established in 10 C.F.R. Part 451.

D. With the concurrence of the General Counsel, request from the General Services Administration (GSA) that the Secretary of Energy be authorized to intervene in proceedings relating to utility matters before any Federal or State regulatory agency or commission in order to represent the consumer interests of executive agencies of the Federal Government in such proceedings and to intervene in such proceedings pursuant to an authorization received from GSA, subject to the concurrence and with the assistance of the General Counsel.

1.14 In reference to the Great Plains project under section 19(g)(2) of the Federal Nonnuclear Energy Research and Development Act of 1974 (Public Law 93-577, as amended by Public Law 95-238)(the Federal Nonnuclear Act) and as provided by section 646(a) of the Department of Energy Organization Act (Public Law 95-91):

A. Carry out all functions of the Contracting Officer as that term is defined in the Asset Purchase Agreement dated as of October 7, 1988, and amended as of October 31, 1988, February 16, 1994, and December 21, 1998, between the United States of America, Dakota Gasification Company, Dakota Coal Company and Basin Electric Power Cooperative, which was executed as part of the conveyance of the Department of Energy's interests in the Great Plains Coal Gasification Project in Beulah, North Dakota, to Dakota Gasification Company and Dakota Coal Company.

B. Undertake all actions that are necessary and proper, on behalf of the United States of America, acting by and through the Secretary of Energy, to administer all agreements and contracts entered into by the Department of Energy in connection with the conveyance of the Department's interests in the Great Plains project.

In exercising the authority delegated by this order, the delegate may act without regard to the provisions of the Federal Property and Administrative Services Act of 1949, as amended, except section 207 of that Act (40 U. S. C. 5488), or any other law, as specifically provided for by section 19(g)(2) of the Federal Nonnuclear Act, <u>supra</u>.

1.15 In reference to the Naval Petroleum Reserves:

A. Perform all functions vested in me by Subtitle B of the National Defense Authorization Act for Fiscal Year 1996 (Public Law 104-106) relating to the sale of Naval Petroleum Reserve Numbered 1, including the finalization of equity.

B. Perform the functions specified in 10 U.S.C. 7427 and 7428, and vested in me by the President of the United States in Executive Order No. 12929, in order to meet the goals and objectives of the Naval Petroleum Reserves.

C. Perform all functions vested in me by law (10 U.S.C. 7420-7439, including 10 U.S.C. 7420 note) relating to the administration of and jurisdiction over the Naval Petroleum Reserves, except for condemnation proceedings affecting such Reserves.

D. Perform all duties and responsibilities required by the Unit Plan Contract between the United States of America and Chevron U.S.A., Inc., numbered Nod-4219, dated June 19, 1944, as amended; the Amendatory and Supplemental Agreement, between the same parties, numbered Nod-8477, dated December 22, 1948, as amended; and the Agreement to Terminate the Unit Plan Contract, between the same parties, dated February 5, 1998.

E. Perform all duties and responsibilities relative to the disposition of the United States share of petroleum produced from the Naval Petroleum Reserves to or for the Department of Defense and the Strategic Petroleum Reserve pursuant to 10 U.S.C. 7430(k) and (l).

1.16 In reference to the regulation of imports and exports of natural gas:

A. Perform the functions vested in me by sections 301(b) and 402(f) of the Department of Energy Organization Act to regulate natural gas under section 3 of the Natural Gas Act, as amended by section 201 of the Energy Policy Act of 1992 (15 U.S.C. 717b):

1. Consistent with the authority delegated by this Order, the Under Secretary or a delegate may attach such terms and conditions to

import and export authorizations as the Under Secretary or a delegate shall determine to be appropriate.

2. The authority delegated by this Order does not include the authority to approve the construction and operation of particular facilities, the site at which such facilities shall be located, and, with respect to natural gas that involves the construction of new domestic facilities, the place of entry for imports or exit for exports, except the Under Secretary or a delegate is authorized to disapprove the construction and operation of particular facilities, the site at which such facilities shall be located, and, with respect to natural gas that involves the construction of new domestic facilities, the place of entry for imports or exit for exports.

B. Establish and review priorities for the curtailment of natural gas pursuant to the Natural Gas Act (15 U.S.C. 717), sections 401, 402, and 403 of the Natural Gas Policy Act of 1978 (Public Law 95-621, 15 U.S.C. 3391-3393); and consult with the Deputy Secretary concerning energy emergency-related curtailment policy guidance, as necessary or appropriate.

1.17 In reference to fuel use under the Powerplant and Industrial Fuel Use Act (FUA), (Public Law 95-620, 42 U.S.C. 8301 et seq.) as amended:

A. Monitor compliance with the prohibition against the construction of new powerplants without the capability to use coal or another alternate fuel as a primary energy source, pursuant to section 201 of FUA; grant or deny exemptions from such prohibition, pursuant to sections 211 through 214 of FUA; issue prohibitions against the use of oil or natural gas to certifying existing electric powerplants under section 301 of FUA; grant or deny exemptions to certifying existing electric powerplants under sections 311 through 314 of FUA; and take such other actions as may be necessary or appropriate to perform any of the above functions pursuant to section 701 of FUA.

B. Issue notices of effectiveness, modification or rescission to coal conversion orders issued pursuant to section 2 of the Energy Supply and Environmental Coordination Act of 1974 (Public Law 93-319, 15 U.S.C. 791 et seq.) as amended.

1.18 In reference to electric power regulations under the Federal Power Act (16 U.S.C. 791(a)-825(r)).

A. Investigate and determine, upon the Under Secretary's or a delegate's own motion or the request of any State commission, the cost of production or transmission of electric energy by means of facilities that are subject to the jurisdiction defined by section 201 of the Federal Power Act, as the Under Secretary or a delegate determines is necessary or appropriate to perform his functions, pursuant to the provisions of section 206(b) of the Federal Power Act.

B. Conduct investigations regarding the generation, transmission, distribution, and sale of electric energy, however produced, throughout the United States and its possessions, including the generation, transmission, distribution, and sale of electric energy by any agency, authority or instrumentality of the United States, or by any State or municipality or other political subdivision of a State, as the Under Secretary or a delegate determines is necessary or appropriate to perform his functions, pursuant to section 311 of the Federal Power Act.

C. Regulate the export of electric energy to a foreign country, pursuant to the provisions of sections 202(e) and 202(f) of the Federal Power Act; and authorize the construction, connection, operation and maintenance of facilities, at the borders of the United States, for the transmission of electric energy between the United States and a foreign country, pursuant to the provisions of Executive Order No. 10485, as amended by Executive Order No. 12038.

1.19 In reference to the former Federal Inspector for the Alaska Natural Gas Transportation System, perform the functions and authorities transferred to me by section 3012(b) of the Energy Policy Act of 1992 (Public Law 102-486). In exercising the authority delegated by this Order, the Under Secretary or a delegate shall be governed by the policies set forth in the Alaska Natural Gas Transportation Act of 1976 and in other authority transferred from the Federal Inspector, and, to the extent not inconsistent with the transferred authority, by the rules and regulations of the Department of Energy and the policies and procedures prescribed by the Secretary or the Secretary's delegate(s).

1.20 Participate in any proceeding before the Federal Energy Regulatory Commission, pursuant to the provisions of section 405 of the Department of Energy Organization Act (42 U.S.C. 7175), or in any proceeding before any Federal or State agency or commission whenever such participation is related to the exercise of authority delegated to the Under Secretary or a delegate.

1.21 Formulate and establish enforcement policy, initiate and conduct investigations, conduct conferences, administrative hearings and public hearings, prepare required reports, issue orders, and take such other action as may be necessary or appropriate to perform the functions in paragraphs 1.20 and 1.21.

1.22 For all programs assigned the Under Secretary for Energy, Science and Environment:

A. On a nonexclusive basis, authority to act as Senior Procurement Executive (as defined by 41 U.S.C. 414 and Executive Order No. 12931 "Federal Procurement Reform," October 13, 1994), with responsibility and authority to provide management direction of the procurement system; oversee development of procurement goals, guidelines, and innovation; measure and evaluate procurement office performance against stated goals; and enhance career development of the procurement workforce. This authority may only be redelegated to the Director, Office of Procurement and Assistance Management.

B. Enter into, approve, administer, modify, close-out, terminate, and take such other actions as may be necessary and appropriate with respect to any procurement transaction binding the Department of Energy to the obligation and expenditure of public funds (42 U.S.C. 7254, 7256).

C. Designate a task and delivery order ombudsman to perform the duties required by the Federal Acquisition Streamlining Act of 1994 (Title I, section 1054(a) of Public Law 103-355, 41 U.S.C. 253j(e)).

D. Designate a Senior Competition Advocate to perform the duties required by the Competition in Contracting Act of 1984, Public Law 98-369. This authority may only be redelegated to the Director, Office of Procurement and Assistance Management (41 U.S.C. 418, 48 C.F.R. 6.501, 48 C.F.R. 906.501).

E. Designate Contracting Activity Competition Advocates to perform the duties required by the Competition in Contracting Act of 1984, Public Law 98-369. This authority may be redelegated no lower than the Heads of Contracting Activities. A Contracting Activity Competition Advocate shall be appointed for each installation that has been delegated contracting authority (41 U.S.C. 418, 48 C.F.R. 6.501, 48 C.F.R. 906.501).

F. Assign contracting functions and responsibilities to another agency, and create joint or combined offices with another agency to exercise acquisition functions, without further delegation (41 U.S.C. 261, 48 C.F.R. 1.601, 48 C.F.R. 901.601).

G. Approve extraordinary contractual actions, not to exceed $50,000 to facilitate the national defense, pursuant to Public Law 85-804 and Executive Order No. 10789, as amended (48 C.F.R. 50.201).

H. Sign applications for permits to procure tax-free spirits from a distilled spirits plant for nonbeverage purposes for use by the Department, as authorized by 26 U.S.C. 5271.

I. Determine whether to utilize the authority contained in section 101(c) of the Defense Production Act of 1950, 50 U.S.C. App. 2071(c)(1994), as amended, to "maximize domestic energy supplies." This determination will be made after consultation with the General Counsel and the Assistant Secretary for Policy and International Affairs.

J. Designate Heads of Contracting Activities, subject to consultation with the Director, Office of Procurement and Assistance Management and such thresholds and other limitations as may be appropriate (48 C.F.R. 1.601, 48 C.F.R. 901.601). This authority may only be redelegated to the Director, Office of Procurement and Assistance Management.

2. RESCISSION. Delegation Orders 0204-10, 0204-16, 0204-19, 0204-67, 0204-72, 0204-84, 0204-103, 0204-109, 0204-111, 0204-116, 0204-117, 0204-122, 0204-127, 0204-133, 0204-134, 0204-137, 0204-145 paragraph 1.j., 0204-152, 0204-159, 0204-160, 0204-164, 0204-167, 0204-171, 0204-174, 00-029.00, and U.S. Department of Interior, Bureau of Mines memorandum of March 20, 1996 are hereby rescinded.

3. LIMITATION.

3.1 In exercising the authority delegated in this Order, a delegate shall be governed by the rules and regulations of the Department of Energy and the policies and procedures prescribed by the Secretary of delegate(s).

3.2 Nothing in this Order precludes the Secretary from exercising any of the authority delegated by this Order.

3.3 Nothing in this Order shall be construed to supersede or otherwise interfere with the authorities provided to the Administrator for Nuclear Security by law or by delegation. Furthermore, nothing herein constitutes authority to exercise authority, direction, or control of an employee of the National Nuclear Security Administration or its contractors.

3.4 Any amendments to this Order shall be in consultation with the Department of Energy General Counsel.

4. AUTHORITY TO REDELEGATE.

4.1 Except as expressly prohibited by law, regulation, or this Order, the Under Secretary for Energy, Science, and Environment may delegate this authority further, in whole or in part.

4.2 Copies of redelegations and any subsequent redelegations shall be provided to the Office of Management and Operations Support, which manages the Secretarial Delegations of Authority system.

5. DURATION AND EFFECTIVE DATE.

5.1 All actions pursuant to any authority delegated prior to this Order or pursuant to any authority delegated by this Order taken prior to and in effect on the date of this Order are ratified and remain in force as if taken under this Order, unless or until rescinded, amended or superseded.

5.2 This Order is effective December 6, 2001.

Spencer Abraham
Secretary of Energy