IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| UNITED STATES OF AMERICA, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

PACIFIC GAS & ELECTRIC COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY FOR DOCUMENT REQUEST 22

## I. BACKGROUND

This Court held two telephonic hearings, on Friday, October 14, 2005, and on Monday, October 17, 2005, regarding PG&E's Motion to Compel Discovery. During the hearing and in its October 18 Order, the Court asked the parties to provide legal support regarding the discoverability of the material sought for discovery request number 22.

Document Request No. 22 seeks "[c]ommunications between PG&E and either DOE or the United States Nuclear Regulatory Commission related to spent fuel." *See Plaintiff's First Request for Production of Documents of June 3, 2005*. The government has agreed to produce responsive documents "from the files of the Department of Energy," but has refused to produce any documents from the NRC's files. *See* Exs. 2, 4.

The government sets forth two general arguments in objection to Document Production Request No. 22 in its Response to Plaintiff's Motion to Compel Discovery of September 15, 2005. First, the government asserts that it is not obligated to search NRC's files because this request seeks communications with PG&E and, therefore,

PG&E should already have copies of the responsive documents in its possession. *See Government Response at Page 22.* Second, the government argues that PG&E has failed to show how "every single document that 'relate[s] to spent fuel,' … is somehow relevant to this litigation." *Id.* We understand the Court's request for additional briefing to be directed toward the first government argument. But in the interest of completeness, we also address the government's relevance argument.

**II. ARGUMENT**

1. RCFC Rule 34, permitting production of documents, is as broad in scope as any of the other discovery procedures. "The rule authorizes the broadest sweep of access, inspection, examination, testing, copying, and photographing of documents or objects in the possession or control of another party." Morales v. Turman, 59 F.R.D. 157, 158 (E.D. Tex. 1972) quoting Wright, A. Miller, & Arthur R. Miller, 8A <u>Federal Practice & Procedure</u> § 2206. This discovery rule extends to government records. *Smith v. Schlesinger*, 513 F.2d 462, 168 U.S. App. D.C. 204 (D.C.Cir. 1975).

The government cannot object to discovery on the ground that PG&E might possess the communications. *See Canuso v. City of Niagara Falls*, 7 F.R.D. 159, 161 (W.D.N.Y. 1945) (holding that even though plaintiffs were in possession of copies of the letters, defendant would be required to produce the originals). This is simply a corollary to the broader principle that communications between the parties are fully discoverable and within the broad scope of discovery. PG&E directs this Court's attention to two decisions: *Carpenter v. Land O'Lakes, Inc.* 1995 WL 689359 (D. Or. 1995), and *Argo Marine Systems, Inc. v. Camar Corporation*, 102 F.R.D. 280 (S.D.N.Y. 1984).

In *Carpenter,* the plaintiffs sought "copies of all documents relating to any communications between employees of defendants and any plaintiffs" in a dispute over contaminated feed. 1995 WL 1689359, at *3. The court granted the motion to compel to the extent that the requested documents were not privileged. *Id.* at *4. In *Argo Marine,* the Court also rejected arguments against a request for a production of documents "primarily" relating to "plaintiff's correspondence between and related to the parties …" in regards to commissions on sales of maritime equipment. 102 F.R.D. at 281.

2. The scope of RCFC 34 is expressly delineated by RCFC 26(b) and can be found in the text of RCFC 34(a)(1) and 34(a)(2). Parties may discover any relevant information that is reasonably calculated to lead to the discovery of admissible evidence. *See* RCFC 26(b)(1). RCFC 26 permits the discovery of any matter, not privileged, which is relevant to the subject matter of the litigation. In *Rossbach v. Rundle,* "relevant is to be construed broadly to encompass any matter that bears on, or that reasonably could lead to any other matter that bears on, any issues that is or may be in the case." 128 F.Supp.2d 1348 (D. Fla. 2000) citing *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351, 985 S.Ct. 2380, 57 L.Ed.2d 253 (1978); Federal Procedure, L.Ed. § 26:438.

A party objecting to discovery has the burden of showing why discovery should not be permitted. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (holding that the party opposing discovery carries a heavy burden); *Alexander v. F.B.I,* 194 F.R.D. 299, 302 (D.D.C. 2000); Tele-Radio Systems Ltd. v. De Forest Electronics, Inc., 92 F.R.D. 371, 375 (D.N.J. 1981). The government's objection that Document Request 22 is overly broad is an impermissible reason for denying discovery. *See Government Response at Page 4*. "A party cannot withhold discoverable information

merely because it is repetitive or redundant; the request must also be 'unreasonable.'" *U.S. v. Optrex America, Inc.*, 2004 WL 1682837, at *2 (CIT, 2004) citing *Redland Soccer Club, Inc. v. Dep't of the Army of the United States*, 55 F.3d 827, 856 (3d Cir. 1995) *cert. denied*, 516 U.S. 1071, 116 S.Ct. 772, 133 L.Ed.2d. 725 (1996). However, this argument is moot because the government already agreed to produce responsive documents from DOE's files.

For the foregoing reasons, PG&E respectfully requests that the Court grant its Motion to Compel and order the government to fully respond to PG&E's Document Production Request No. 22.

Dated: October 21, 2005

Respectfully submitted,

s/ Jerry Stouck

Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 Phone
(202) 261-4751 Fax
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:

Robert L. Shapiro
Greenberg Traurig, LLP