IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-0074C, into which has been consolidated No. 04-0075C<br>(Judge Hewitt) |

<u>PACIFIC GAS & ELECTRIC COMPANY'S MOTION TO RECONSIDER THE COURT'S MOTION TO COMPEL ORDER</u>

Plaintiff Pacific Gas & Electric Company ("PG&E") respectfully moves this Court to reconsider the portion of its October 18, 2005 Order on PG&E's Motion to Compel Discovery that concerns PG&E's request for depositions of the government under RCFC 30(b)(6). In its Order, the Court ruled that PG&E could take a 30(b)(6) deposition of the government upon written questions with regard to three of the five requested deposition subjects and that the government is to answer such questions in writing on or before October 31, 2005.

PG&E requests that the Court reconsider the portion of the Order that allows the government to provide *written* answers to PG&E's deposition questions. The relevant Rule of the Court of Federal Claims that governs depositions upon written questions, Rule 31, provides that such deposition is to be conducted "in the manner provided by RCFC 30(c), (e) and (f) . . . ." RCFC 31(b). RCFC 30(c) provides that deposition testimony is to be taken stenographically or recorded by video or audiotape before an officer authorized to administer oaths. In other words, like traditional depositions upon oral examination, a deposition upon written questions requires that the answers to such questions be made by the deponent orally, under oath, and transcribed or otherwise

recorded by a court reporter. *See also* 7 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 31.12 (3d ed. 2005) ("The officer must put the witness under oath and record verbatim the responses of the witness to the questions, subject to any objections.") Nowhere does RCFC 31 allow for answers to written deposition questions be made in writing by the deponent (or, more likely, his or her counsel). While provision of the questions in advance to the party allows the deponent to prepare his or her answers -- indeed, that is the purpose of RCFC 31 -- the requirement of oral answers under oath ensures that the questions are ultimately answered by the deponent, not by counsel.

Accordingly, PG&E respectfully requests that the Court reconsider and amend its October 18, 2005 Order to require that the government answer PG&E's written deposition questions in accordance with RCFC 31 on or before October 31, 2005.

PG&E also respectfully requests that the Court reconsider its order denying PG&E's request to take 30(b)(6) depositions of the government with regard to two of its five noticed subjects. The two denied requests are "The groupings and categories of documents produced on the government's document production website" (Subject No. 3) and "Documents that have been produced on the government's document production website in response to or as a result of Plaintiff's First Request for Production of Documents" (Subject No. 4). PG&E's right to propound written questions on these two subjects was not discussed during the two telephonic hearings on October 14 and 17, and PG&E was under the impression after the conclusion of the October 17 hearing that it was going to be allowed to take a written question deposition on all subjects in it is amended notice.

Although there is some overlap between Subject 4 and Subject 2, inquiry into the two precluded subjects is necessary and strongly interrelated with the other three allowed subjects because the government has chosen to produce responsive documents on its document production website instead of in accordance with RCFC 34.[1] In order to determine which, if any, documents the government has produced in response to PG&E document requests, PG&E needs to be allowed to ask questions about where and how such documents (if any) can be located on the government's document production website. Inquiries into these issues will not require the government deponent to answer a significant number of additional written questions.[2] And as reflected in its proposed additional questions, PG&E will not use these additional areas of inquiry to attempt to force the government to match its production of documents to each of PG&E's Requests for Production.

In addition to helping to cure the infirmities in the manner of the government's production, answers to these questions will help plaintiff and the Court to test the veracity of the certifications of completeness directed by the Court in its October 18, 2005 Order. Absent answers to these questions, the government's certifications may have to be accepted on their face without further critical examination.

---

[1] As explained during the telephonic hearing, under RCFC 34 the government could produce documents to PG&E either in the order in which they are requested or in the order in which they documents are maintained in the ordinary course of business. Here, instead of choosing either of these two methods, the government has apparently produced documents in response to PG&E's Requests by intermingling them with many other documents that are presumably responsive to the requests of other spent fuel plaintiffs. RCFC 34 does not permit a producing party to elect such an approach.

[2] If this part of this Motion to Reconsider is granted, PG&E has set out the additional questions it seeks to have the government's designee answer in its Notice of Deposition Upon Written Questions served today.

## CONCLUSION

For the foregoing reasons, PG&E respectfully requests that the Court reconsider its October 18, 2005 Order and (i) order that the government's answers to PG&E's written deposition questions be made in accordance with RCFC 31(b), *i.e.*, orally, under oath, and transcribed; and (ii) allow PG&E to propound deposition questions regarding noticed Subjects 3 and 4.

Dated: October 21, 2005

Respectfully submitted,

s/ Jerry Stouck
Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 fax
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:

Robert L. Shapiro
Kevin E. Stern
Greenberg Traurig, LLP