IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |

DEFENDANT'S MOTION FOR CLARIFICATION
OF THE COURT'S ORDER DATED OCTOBER 18, 2005

Defendant, the United States, respectfully requests clarification of two items in the Court's order, dated October 18, 2005, in which the Court resolved "Pacific Gas & Electric Company's Motion To Compel Discovery And Request For Expedited Hearing." Specifically, we request that the Court clarify the Government's production obligations pursuant to Request Nos. 26 and 29 of the plaintiff's documents production requests.

DISCUSSION

In Request No. 26, Pacific Gas & Electric Company ("PG&E") originally requested production of all "DOCUMENTS RELATED TO the storage, disposal, transportation, preparation, packaging, inspection, and pickup of GTCC waste." In Request No. 29, PG&E made a similar request for documents relating to failed fuel acceptance. In our response brief, we discussed that this request should be limited to documents "relating to (1) whether GTCC waste is covered by the Standard Contract; (2) the schedule upon which utilities' GTCC waste could have been accepted" had DOE begun waste acceptance under the Standard Contract by January 31, 1998; "and (3) the schedule upon which failed fuel, nonstandard fuel, and 'other than standard fuel' could have been accepted" had DOE begun waste acceptance under the Standard Contract by January 31, 1998. At pages 7 and 8 of its reply brief, PG&E asserted that "the

government should, at a minimum, be compelled to search for and produce any documents not previously produced relating to" the three categories that the Government had described in its brief.

During the bulk of the telephonic hearings the Court held on October 14 and 17, 2005, regarding plaintiff's motion, the parties and the Court discussed these two document production requests in terms of the more limited three categories that the Government had identified. However, we recall that, at a certain point in the hearing, counsel for PG&E represented that the Government should be required to expand its search and respond to the broader original requests, seeking all documents relating to the "storage, disposal, transportation, preparation, packaging, inspection, and pickup" of GTCC waste and failed fuel regardless of the terms of the Standard Contract.[1]

Previously, in the coordinated discovery proceedings and subsequent cases, our production has essentially been limited to the three categories described above. Although counsel for PG&E, in his role as counsel for the plaintiff in Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), served essentially identical document production requests to those here on April 19, 2002, in the Yankee case, the Government objected there to the breadth of that request, and the Yankee plaintiff eventually narrowed its production requests considerably. We have never undertaken the effort – which, as established by the declarations attached to the Government's response brief, would take months and months – to search for all documents in the Federal Government relating to the technical components of GTCC waste and

[1] To the best of our knowledge, the transcripts for the October 14 and 17, 2005 proceedings are not yet available. Accordingly, we are unable to provide specific record citations to the Court and must rely upon our best recollection of the proceedings in this motion.

failed fuel or relating to other issues associated with GTCC waste and failed fuel that are not relevant to the issues in these cases.

We left the telephonic hearing on October 17, 2005, understanding that our document search and production obligation with regard to Request Nos. 26 and 29 would be limited to the three categories described above, further limited to those documents created up to and including January 22, 2004, the date of plaintiff's complaint in this matter. However, because we recall that, during the telephonic hearing on October 17, 2005, counsel for PG&E sought to expand the requests beyond those categories identified in its reply brief, and because the Court's order dated October 18, 2005, does not mention the limitations that we raised in our response brief and discussed during the October 14 and 17, 2005 hearings, we believe it appropriate to seek clarification on this point. To the extent that the Court intended to require the Government to respond to the broader document production requests as they were originally written, i.e., without regard to the Standard Contract, we request that the Court reconsider that decision and allow the Government to be heard on that issue. In any event, because we have never undertaken the effort to search for all documents in the Federal Government responsive to the entirety of the production requests as originally written, it would take us several months to complete a search of the magnitude that would be required to respond to PG&E's request, and we could not certify that any such search was complete until that time.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court clarify that the Government's interpretation of the scope of Request Nos. 26 and 29, as discussed during the telephonic hearing on October 14 and 17, 2005, is correct.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

October 21, 2005

CERTIFICATE OF FILING

I hereby certify that on this 21st day of October 2005, a copy of foregoing "DEFENDANT'S MOTION FOR CLARIFICATION OF THE COURT’S ORDER DATED OCTOBER 18, 2005" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Alan J. Lo Re