# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: October 24, 2005)

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Before the court is Pacific Gas & Electric Company's Motion to Reconsider the Court's Motion to Compel Order (Pl.'s Mot.). Plaintiff first requests the court to "reconsider the portion of the [October 18, 2005] Order that allows the government to provide written answers to PG&E's deposition questions." Pl.'s Mot. at 1. Plaintiff argues that "a deposition upon written questions requires that the answers to such questions be made orally, under oath, and transcribed or otherwise recorded by a court reporter." Pl.'s Mot. at 1-2. The court agrees that, in accordance with Rules 31 and 30(c) of the Rules of the Court of Federal Claims (RCFC), a deposition upon written questions contemplates that the deposition questions will be "propound[ed] . . . to the witnesses" and the answers "record[ed] . . . verbatim." RCFC 30(c); see also RCFC 31 ("[T]he officer . . . shall proceed promptly, in the manner provided by RCFC 30(c) . . . , to take the testimony of the witness in response to the questions . . . .").

The court concludes that its use of the phrase "deposition on written questions" in its October 18, 2005 Order was inapt. Further to the parties' discussion with the court during the telephonic hearing on Monday, October 17, 2005, the court believes that the process contemplated by the parties and the court more closely resembles that of RCFC 33 interrogatories. The questions submitted by plaintiff in its Notice of Deposition on

Written Questions delivered to defendant and to the court via facsimile on Friday, October 21, 2005 shall be treated as written interrogatories under RCFC 33[1] and answered in accordance with the provisions therein on or before Monday, October 31, 2005.[2]

Plaintiff also requests the court to "reconsider its order denying PG&E's request to take 30(b)(6) depositions of the government with regard to two of its five noticed subjects." Def.'s Mot. at 2. This request involves only the six additional questions listed on page 13 of plaintiff's Notice of Deposition Upon Written Questions. The court GRANTS this request.

For the foregoing reasons, the court GRANTS plaintiff's motion for reconsideration and orders defendant, to the extent it has not already done so in its Letter of Certification or otherwise, to answer questions 1 through 112 on plaintiff's Notice of Deposition Upon Written Questions in accordance with the provisions of RCFC 33, as modified by this Order, on or before Monday, October 31, 2005. The parties are invited together to contact the court at (202) 357-6564 if they believe that the further involvement of the court in this matter will aid in the "just, speedy, and inexpensive determination of [this] action." RCFC 1.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

---

[1]Rule 33 states that written interrogatories shall "not exceed[] 25 in number" without leave of court. While plaintiff's Notice of Depositions Upon Written Questions contained over one hundred questions, the court grants plaintiff leave to serve these additional interrogatories in accordance with RCFC 26(b)(2).

[2]However, defendant shall not be permitted the option to produce business records under RCFC 33(d) in lieu of an answer or certification, see RCFC 26(b), but it may answer by indicating with reasonable specificity the location of documents previously produced to plaintiff by means of defendant's document production website.