IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY FOR DOCUMENT REQUEST 22

Pursuant to this Court's order dated October 18, 2005, defendant, the United States, respectfully submits this response to "Plaintiff's Memorandum Of Law In Support Of Motion To Compel Discovery For Document Request 22," which plaintiff, Pacific Gas & Electric Company ("PG&E"), filed on October 21, 2005.

## DISCUSSION

### I. THE COURT'S ROLE IN EVALUATING DOCUMENT PRODUCTION REQUEST NO. 22 IS TO DETERMINE WHETHER THE BURDEN OF SEARCH AND PRODUCTION UPON THE PRODUCING PARTY OUTWEIGHS THE BENEFIT OF PRODUCTION TO THE REQUESTING PARTY

In its order dated October 18, 2005, this Court requested that the parties address, in a legal memorandum, the legal basis for PG&E Document Production Request No. 22, which requests that the Government produce all communications between PG&E and either the Department of Energy ("DOE") or the Nuclear Regulatory Commission ("NRC") "related to spent fuel." In response to the Court's order and PG&E's October 21, 2005 submission, we have investigated the issue that the Court identified. During our research, we have not identified any cases in which a court determined that a requesting party was always absolutely entitled to, or not entitled to, production of documents that the requesting party already likely possessed.

Instead, our research evidenced that, in any given situation, the appropriate inquiry in determining whether a party should be required to search its files in response to a particular document production request is the burden that such a search would place upon the responding party, compared against the potential benefit to the requesting party: "[i]n making a decision regarding burdensomeness, a court should balance the burden on the interrogated party against the benefit to the discovering party of having the information." Hoffman v. United Telecommunications, Inc., 117 F.R.D. 436, 438 (D. Kan. 1987).

In its memorandum of law, PG&E cites three cases as support for the concept that a party is always entitled to require the opposing party to produce all documents that had previously been exchanged between the parties, regardless of burden: (1) Canuso v. City of Niagara Falls, 7 F.R.D. 159 (W.D.N.Y. 1945); (2) Carpenter v. Land O'Lakes, Inc., No. 94-1566, 1995 WL 689359 (D. Or. Nov. 6 1995); and (3) Argo Marine Systems, Inc. v. Camar Corp., 102 F.R.D. 280 (S.D.N.Y. 1984). See PG&E's Memorandum, at 2-3. However, these cases do not directly support the broad proposition that PG&E has attempted to extract from them.

The court in Canuso found that "[s]ome doubt has been entertained" regarding whether a party should be required to produce original letters from the opposing party since, "assumedly, and it is believed admittedly, the plaintiffs are in the possession of copies of these letters." Canuso, 7 F.R.D. at 161. Nevertheless, the court in that case required the producing party to produce documents that the requesting party likely already possessed, finding that, in the circumstances of that case, it could see "no harm" to the producing party:

> Many of the requested papers are originals of letters written by the plaintiffs. Some doubt has been entertained as to whether these should be required to be produced, since assumedly, and it is believed admittedly, the plaintiffs are in possession of copies of

> these letters. These could, of course, be required to be produced upon the trial, or, in default of production, secondary evidence could be given of their contents. However, to simplify the procedure, it is thought that the defendant should be required to produce the letters. We see no harm in this to the defendant.

Id. (emphasis added).[1] In this case, however, as we discussed in our response to PG&E's August 25, 2005 motion to compel, see Defendant's Response Brief, at 22-23 (Sept. 15, 2005), and as will be further reiterated below, the burden upon at least the NRC to search for all responsive documents outweighs any relevance to this request.

Similarly, PG&E states that the court in Carpenter granted a motion to compel seeking copies of communications between the parties. See Plaintiff's Memorandum, at 3. However, in Carpenter, the defendant specifically agreed to produce any communications between the parties, subject to those documents protected by privilege, after one of the defendant's employees remembered that he had taken notes of his conversations with the plaintiff. Carpenter, 1995 WL 689359, at *3-*4. Only then did the court enter an order granting the plaintiff's motion to compel. Id. at *4.

Finally, PG&E states that the court in Argo rejected a party's arguments against a request for production of communications between the parties. See Plaintiff's Memorandum, at 3.

---

[1] Interestingly, in another decision in the same case, the Canuso court did not require the defendant to produce documents in response to a subpoena, which had been served upon the defendant's employee, to the extent that it had received the documents from the plaintiff and to the extent that the defendant was willing to stipulate that it had, in fact, received those documents: "the defendant should not be required to produce any of the documents which it has been directed to produce if defendant will stipulate as to these that it has received the originals of which such are copies and will waive objection to the reception of the copies on the ground that they have not been sufficiently proven." Canuso v. City of Niagara Falls, 7 F.R.D. 162, 164 (W.D.N.Y. 1945). Here, PG&E has not identified any particular documents that it wants us to acknowledge were sent to and received by the Government.

However, in Argo, the court was considering the imposition of sanctions against a party for failing to comply with the court's previous discovery orders. PG&E simply cites to the facts section of the opinion, where there is no discussion of the rationale for the production of documents consisting of "primarily correspondence between and related to the parties and personal records and memoranda maintained by four employees of plaintiff, including plaintiff's chief trial witness . . . ." Argo, 102 F.R.D. at 281. In fact, the discussion of the document production involves the production of the chief trial witness' calendar desk pads where he kept notations regarding events related to the litigation, not correspondence between the parties. Id. at 282-83. The legal analysis of the opinion centers entirely on the rationale for the imposition of sanctions and does not discuss at all the inability of a party to resist a document production request seeking communications between the parties based upon burdensomeness.

Contrary to plaintiff's assertion, the decisions in Canuso, Carpenter, and Argo do not create an absolute rule that a party must produce correspondence between parties, especially when the requesting party has its own copies of the correspondence that it is seeking with its document request. PG&E failed to cite any precedent for such a broad rule.

## II. REQUIRING THE GOVERNMENT TO SEARCH FOR ALL COMMUNICATIONS BETWEEN PG&E AND DOE, AND BETWEEN PG&E AND THE NRC, "RELATED TO SPENT FUEL" WOULD PLACE A SUBSTANTIAL AND UNDUE BURDEN UPON THE GOVERNMENT

Although the scope of discovery, including RCFC 34, is broad, the Government should not be required to produce all of the documents potentially encompassed by PG&E's Document Production Request No. 22. We have already produced to PG&E the entirety of its contract file, which is maintained at DOE. In response to the Court's order dated October 18, 2005, we are also making available for review to PG&E those documents from the NRC related to PG&E's

decommissioning. Both of those sets of documents contain communications between PG&E and either DOE or the NRC. Beyond those documents, we do not understand how an agency-wide search of two agencies for any further communications "related to spent fuel," but apparently not to the Standard Contract or the acceptance of PG&E's spent nuclear fuel, would result in the identification of any relevant evidence in this case. To the extent that PG&E can identify other categories of correspondence that it sent to either DOE or the NRC, and can identify the offices within DOE or the NRC to which it sent this correspondence, we can pursue a targeted search of those offices to locate such documents. However, without any additional guidance or assistance from PG&E, a broad search of two agencies for any communications with PG&E "related to spent fuel" seems unfair and unwieldy.

As previously mentioned, and as discussed in our September 15, 2005 response to PG&E's motion to compel, document discovery may be limited if a document request is "unduly burdensome." United States ex rel. Fisher v. Network Software Associates, 217 F.R.D. 240, 246 (D.D.C. 2003) (citing Wyoming v. United States Dep't of Agric., 208 F.R.D. 449, 453 (D.D.C. 2002)). To determine the level of the burden, a court should balance the need for discovery against the burden imposed on the party ordered to produce the documents. Fisher, 217 F.R.D. at 246 (citing Wyoming, 208 F.R.D. at 452). An objecting party can demonstrate that the document is burdensome or overly broad by "'submitting affidavits or offering evidence which reveals the nature of the burden.'" Fisher, 217 F.R.D. at 246 (quoting Athridge v. Aetna Casualty and Surety Co., 184 F.R.D. 200 (D.D.C. 1998)).

In our discovery responses and our September 15, 2005 response to PG&E's motion to compel, we established the substantial and undue burden that PG&E's broad discovery request

would place upon the NRC. See Defendant's Response Brief, at 22-23 (Sept. 15, 2005); see Appendix to Defendant's Response Brief, at 55-56. Given the scope of the documents that both DOE and the NRC have already produced or are producing responsive to this request, a further and wider-ranging search does not appear targeted towards any relevant information, particularly given that PG&E should already possess the communications that it purportedly wants the Government to locate and produce. Considering that PG&E has not represented that it does not possess or has lost its communications with the Government, and considering that PG&E has not identified the relevance of the additional documents (beyond its contract file from DOE and decommissioning communications with the NRC) to its damages claims, the burden that further searches for responsive documents would impose upon the Government certainly outweighs any benefit to PG&E. For this reason, the breadth of PG&E's request should be denied.

## III. TO THE EXTENT THAT THE COURT GRANTS PLAINTIFF'S MOTION REGARDING REQUEST NO. 22, THE COURT SHOULD REQUIRE PG&E TO ASSIST THE GOVERNMENT IN IDENTIFYING THE OFFICES TO WHICH IT BELIEVES IT SENT CORRESPONDENCE

As previously mentioned, we have already produced DOE's contract file for PG&E in this case. Additionally, the NRC is in the process of producing a substantial volume of documents relating to the decommissioning of PG&E's Humboldt Bay Power Plant Unit 3, pursuant to this Court's October 18, 2005 order relating to Document Production Request No. 30. If the Court grants PG&E's motion, it should also require PG&E to narrow and revise Document Production Request No. 22 to assist the Government in responding to it in an efficient manner. For example, the Court may require PG&E to identify the specific offices and divisions within the NRC to which it sent correspondence, along with the time frames within which it believes it sent such correspondence. Such narrowing of the request will permit us more

accurately to respond to PG&E's document request, considering the overbreadth of the request and the burden placed upon the Government to respond any further to this request.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny PG&E's motion to compel further production in response to Request No. 22. In the alternative, we respectfully request that the Court order PG&E assist the Government's search effort by narrowing and revising its document request in the manner previously discussed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SHARON SNYDER
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

October 25, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2005, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY FOR DOCUMENT REQUEST 22" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Scott Damelin