IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |

PG&E'S RESPONSE TO GOVERNMENT MOTION TO TAKE NON-PARTY DEPOSITION AFTER THE CLOSE OF DISCOVERY

The government's motion for leave to take a deposition of non-party, Holtec, after the close of discovery should not be viewed as a simple timing issue. If the government's motion clearly entailed only a one-day deposition of Holtec's designee after the close of discovery, PG&E would not object. Unfortunately, the government's subpoena, Holtec's objections and prior practice between the government and Holtec indicate that the government's request could lead the parties and the Court into a festering dispute into the adequacy of Holtec's response to the government's request for discovery. Therefore, PG&E asks the Court to clearly limit the government to a deposition of one-day of seven hours.

The matters noted in the government's list of deposition topics (*see* Attachment B to government subpoena appended as exhibit 1) are remarkably broad, seemingly covering any conceivable work done by Holtec for PG&E over the past 15 years. It would be virtually impossible for Holtec to reasonably provide a designee to answer all conceivable questions that could be asked about those topics. The government's request for documents is similarly over-broad. Not surprisingly, Holtec has served broad objections to the subpoena, *see* exhibit 2, and it may yet object further to the scope of the

proposed inquiries at the deposition itself. In a prior instance of the government seeking discovery from Holtec as a non-party in a spent fuel case before the Court, the government's deposition was not completed in one day to the satisfaction of all concerned, and the resulting dispute required the involvement of the Court and potentially a further, out-of-town, deposition. *See* Order of August 19, 2005 in *Southern Nuclear Operating Co. v. United States,* No. 98-614C, exhibit 3. Significantly, the government's discovery request from Holtec there appears to have been more focused than is the government's subpoena to Holtec in this case.

The government should not be permitted at this late date to include PG&E and the Court in a similar dispute between Holtec and the government in this case. The government has known since the time of PG&E's initial disclosures that a substantial amount of PG&E's damages relate to work performed by Holtec, yet even at the close of discovery, the government's proposed deposition from Holtec is totally unfocussed. Further, PG&E agrees with Holtec's objections that the government's requests are over-broad. And to the extent Holtec seeks to avoid the discovery on those grounds, PG&E would support that effort.

Therefore, PG&E requests that if the Court is inclined to permit the government to take Holtec's deposition beyond the close of discovery, that the Court make clear (1) that the deposition will be limited to one-day of seven hours and (2) that as long as Holtec's designee makes a good faith effort to respond to the government's questions, the government will not be permitted to complain if the designee is unable to respond to some questions even if they come within the scope of the government's over-broad deposition topics.

Dated: November 1, 2005

Respectfully submitted,

s/

Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 fax
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:

Robert L. Shapiro
Kevin E. Stern
Greenberg Traurig, LLP