IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| UNITED STATES OF AMERICA, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

PG&E'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO GOVERNMENT MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND TESTIMONY WITHHELD AS PRIVILEGED

Pursuant to RCFC 6 and 6.1 PG&E moves for an enlargement of time of three days, through November 4, 2005, in which to respond to the government's motion to compel the production of documents and deposition testimony withheld as privileged. PG&E's response would otherwise be due today.[1] PG&E's time for this response has not previously been enlarged. PG&E's counsel has contacted the government to determine its position on this motion. The government's primary position is that PG&E's response is not yet due because the government filed a corrected copy of its motion to compel, though the government's counsel also noted that it would not object to a motion for enlargement. PG&E does not agree with the government that the filing of a corrected copy of a motion should automatically delay the due date for a response to such a motion, and PG&E is not relying on such a rule here.

PG&E needs this additional time in order to narrow the issues and to fully explain the bases for its claims of privilege. PG&E is revising its privilege log, and it will produce a substantial number of previously withheld documents thereby narrowing the

[1] But for the extended unavailability of the Court's electronic filing system, the opposition would have been due on October 31. PG&E attempted to file a motion for enlargement on October 31 but was prevented from doing so by the unavailability of the electronic filing system.

issues that would otherwise need to be addressed by the Court. PG&E also needs this additional time to better explain both in its revised privilege log and in its response to the government's motion the bases for its claims of privilege. These fuller explanations should assist the Court's resolution of this issue. In addition, the enlargement sought here should not impact any other deadline ordered by the Court.

For these reasons, PG&E should have an enlargement of time.

Dated: November 1, 2005

Respectfully submitted,

s/

Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 fax
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:

Robert L. Shapiro
Kevin E. Stern
Greenberg Traurig, LLP