# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: November 15, 2005)

PACIFIC GAS AND ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

Before the court is Defendant's Motion for Leave to Take Third Party Deposition After Close of Discovery (Def.'s Mot. or Motion). Defendant requests leave to take a third-party deposition of a representative of Holtec International, Inc. (Holtec) after the October 21, 2005 close of fact discovery ordered by the court on February 18, 2005. Def.'s Mot. at 1.

As grounds therefor, defendant states that discovery from Holtec is the only third party discovery it seeks in the case and that a "substantial portion" of plaintiff's claimed damages is "directly related to work performed by Holtec." Id. Defendant states that it served its subpoena duces tecum upon Holtec on October 14, 2005, seeking a deposition of Holtec on October 21, 2005. Id. at 2.

Plaintiff does not directly oppose the deposition, stating, "If the government's motion clearly entailed only a one-day deposition of Holtec's designee after the close of discovery, [plaintiff] would not object." PG&E's Response to Government Motion to Take Non-Party Deposition After the Close of Discovery (Pl.'s Resp. or Response) at 1. In its reply, defendant states that it "intends to complete the deposition of Holtec's representative within the time frame permitted by the Court's rules and will work with

Holtec to schedule the deposition for a mutually agreeable date and location." Defendant's Reply to Plaintiff's Response to Defendant's Motion to Take Non-Party Deposition After the Close of Discovery (Def.'s Reply) at 1.

The court believes that the most appropriate resolution of this late-appearing request for relief is simply to order what the government has stated that it intends: defendant shall be permitted to take a deposition of Holtec's representative limited to one day of seven hours. See Rules of the Court of Federal Claims (RCFC) 30(d)(2). Defendant shall "work with Holtec to schedule the deposition for a mutually agreeable date and location." Def.'s Reply at 1. Defendant shall provide a copy of this Order to Holtec.[1]

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

[1]The court has received no request from Holtec for relief from defendant's discovery request. Of course, the court is authorized to consider a request for relief from any third party from whom discovery is sought in a suit before the court. See, e.g., RCFC 45(c); see generally Order in S. Nuclear Operating Co. v. United States, No. 98-614C (Fed. Cl. August 19, 2005).

The court notes that defendant's subpoena appears deficient in at least two respects. First, the subpoena is issued and signed by one "Scott R. Damelin" as attorney for defendant. However, Mr. Damelin is not the attorney of record in this case and he did not issue and sign the subpoena on behalf of the attorney of record, as would appear to be required by the RCFC. See RCFC 45(a)(3); RCFC 83.1(c)(2).

Second, the subpoena states, with respect to the production, inspection, and copying of documents, that the Date and Time is "[s]ubject to RCFC 34 or to mutual agreement." This is improper and a potential source of confusion. A subpoena issues to a non-party under RCFC 45, not RCFC 34, and the time for response is addressed in RCFC 45(c)(2)(B), 45(c)(3)(A)(i), and 45(d).