IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PACIFIC GAS & ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt)

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

1. On January 7, 1983, the Nuclear Waste Policy Act of 1982 ("NWPA"), Pub. L. 97-425, 96 Stat. 2201 (codified at 42 U.S.C. §§ 10101-10270 (1982)), was enacted. The bases for Congress' passage of the NWPA included statutory findings that the public health and safety necessitated that the Government provide a solution for the permanent storage and disposal of spent nuclear fuel ("SNF") and high-level radioactive waste ("HLW"), but that the costs of the interim and permanent storage and disposal of SNF and HLW were the responsibility of those entities that created the SNF and HLW. 42 U.S.C. §§ 10131(a)(4)-(5) (1982).

2. In its statement of the statutory purposes underlying the NWPA, Congress identified the following four objectives: developing repositories to ensure the protection of the public and the environment from the hazards posed by SNF and HLW; establishing Federal responsibility and policy for the disposal of SNF and HLW; defining the relationship between the Federal Government and state governments regarding SNF and HLW disposal; and establishing

> . . . a Nuclear Waste Fund, composed of payments made by the generators and owners of such waste and spent fuel, that will ensure that the costs of carrying out activities relating to the disposal of such waste and spent fuel will be borne by the persons responsible for generating such waste and spent fuel.

Id. at § 10131(b).

3. The NWPA provided that the Secretary would enter into contracts with the owners and generators of SNF of domestic origin for "the acceptance of title, subsequent transportation, and disposal of such [SNF]." 42 U.S.C. § 10222(a)(1) (1982). The contracts had to "provide for payment to the Secretary of fees . . . sufficient to offset expenditures" described elsewhere in the statute. Id. The NWPA also required that the contracts with the nuclear utilities provide that:

> (A) following commencement of operation of a repository, the Secretary shall take title to the high-level radioactive waste or spent nuclear fuel involved as expeditiously as practicable upon the request of the generator or owner of such waste or spent fuel; and
>
> (B) in return for the payment of fees established by this section, the Secretary, beginning not later than January 31, 1998, will dispose of the high-level radioactive waste or spent nuclear fuel involved as provided in this subtitle.

42 U.S.C. § 10222(a)(5).

4. On June 30, 1983, Pacific Gas & Electric Company ("PG&E") executed a contract with the Department of Energy ("DOE") concerning Diablo Canyon Unit 1 and 2, and Humboldt Bay Unit 3, the terms of which were derived from the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," published at 10 C.F.R. § 961.11. Compl. ¶ 12. The contract provides as follows:

> Article II - Scope
>
> This contract applies to the delivery by Purchaser to DOE of SNF and/or HLW of domestic origin from civilian nuclear power reactors, acceptance of title by DOE to such SNF and/or HLW, subsequent transportation, and disposal of such SNF and/or HLW and, with respect to such material, establishes the fees to be paid

> by the Purchaser for the services to be rendered hereunder by DOE. The SNF and/or HLW shall be specified in a delivery commitment schedule as provided in Article V below. The services to be provided by DOE under this contract shall begin, after commencement of facility operations, not later than January 31, 1998 and shall continue until such time as all SNF and/or HLW from the civilian nuclear power reactors specified in Appendix A, annexed hereto and made a part hereof, has been disposed of.

5. DOE did not begin accepting SNF and/or HLW from the nuclear utilities under the Standard Contract by January 31, 1998.

6. On January 22, 2004, PG&E filed its initial complaints in the Court of Federal Claims. In its three-count complaint, PG&E asserts: (1) a claim for partial breach of contract based upon the Government's delay in spent nuclear fuel acceptance; (2) a claim for restitution of "all fees paid and payable by PG&E to the government under the contract;" and (3) a claim for just compensation because PG&E allegedly "has been and will be deprived of the effective use and value of property on which the SNF from [Humboldt] is located and must be stored for the foreseeable future, until DOE performs its obligation to remove PG&E's [Humboldt]-related SNF."

7. PG&E has not alleged that the United States has physically invaded PG&E's property or has forced any third parties to occupy PG&E's property.

8. PG&E did not identify any witness in its initial disclosures concerning its takings claim or the value of its property both before and after PG&E's alleged taking. App. 1-9.[1]

9. Although PG&E recently submitted its expert reports in this case, it has not identified a property appraiser or any other expert who has evaluated PG&E's takings claim.

---

[1] "App. ___" refers to the appendix to the Government's summary judgment motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SHARON SNYDER
JOSHUA E. GARDNER
TODD J. COCHRAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

November 15, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2005, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joshua E. Gardner