NO. 04-0075C
(Judge Hewitt)

IN THE UNITED STATES COURT OF THE FEDERAL CLAIMS

PACIFIC GAS & ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY IMPROPERLY WITHHELD ON THE BASIS OF PRIVILEGE

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530
Tele: (202) 307-0282
Fax: (202) 514-8624

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SHARON A. SNYDER
Civil Division
Department of Justice
1100 L Street N.W.
Washington, DC 20530

November 23, 2005

Attorneys for Defendant

## TABLE OF CONTENTS


BACKGROUND . . . . . 1

ARGUMENT . . . . . 3

I. DOCUMENTS IDENTIFIED ON PG&E'S PRIVILEGE LOG THAT ARE NO LONGER AT ISSUE . . . . . 3

A. Documents Purportedly Drafted And Received By Non-Lawyers . . . . . 3

B. Documents Purportedly Sent To Regulatory Entities . . . . . 3

C. PG&E Has Cured Its Failure To Identify The Author Or The Recipient Of Certain Documents . . . . . 4

D. Documents Prepared At The Request Of Counsel . . . . . 4

II. DOCUMENTS THAT MUST BE PRODUCED BECAUSE THEY HAVE BEEN IMPROPERLY WITHHELD . . . . . 5

A. PG&E Has Not Established That The Work Product Doctrine Protects Documents Prepared For Regulatory Proceedings Before The CPUC, NRC Or CCC . . . . . 5

B. PG&E Has Not Cured Its Privilege Log Entries Relating To Documents Sent To Its Board Of Directors . . . . . 7

C. PG&E Failed To Provide Any Rationale For Withholding Documents Prepared By Third Parties For Regulatory Proceedings . . . . . 7

III. PG&E HAS NOT MET ITS BURDEN OF JUSTIFYING ITS INSTRUCTIONS TO ITS WITNESSES NOT TO RESPOND DURING DEPOSITIONS . . . . . 8

# TABLE OF AUTHORITIES

## CASES

Cabot v. United States,
35 Fed. Cl. 442 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Clevite Corp. v. Beckman Instruments, Inc.,
257 F.Supp. 50 (S.D. Ca. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Energy Capital Corp. v. United States,
45 Fed. Cl. 481 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

Genentech, Inc. v. U.S. Int'l Trade Comm'n,
122 F.3d 1409 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Ideal Elec. Sec. Co, Inc. v. Int'l Fid. Ins. Co.,
129 F.3d 143 (D.C.Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re Spalding Sports Worldwide, Inc.,
203 F.3d 800 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Manville Sales Corp. v. Paramount Sys., Inc.,
118 F.R.D. 420 (E.D. Pa. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Thomas & Betts Corp. v. Panduit Corp.,
1997 WL 603880 at * 6 (N.D. Ill. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Nobles,
422 U.S. 225 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Yankee Atomic Elec. Co. v. United States,
54 Fed. Cl. 306 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## INDEX OF EXHIBITS

| Exhibit | Document |
|---|---|
| 1 | Plaintiff's Supplemental Privilege Log, dated November 7, 2005 |
| 2 | Excerpts from the Deposition of Robert Kapus, September 28, 2005 |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY IMPROPERLY WITHHELD ON THE BASIS OF PRIVILEGE**

Defendant respectfully submits this reply to the response that plaintiff, Pacific Gas & Electric ("PG&E"), filed to our motion to compel the production of documents and deposition testimony improperly withheld on the basis of the attorney-client privilege and the work product doctrine.

## BACKGROUND

The Government has moved to compel documents improperly withheld on privilege grounds by PG&E in the following six categories: (1) documents related to public regulatory proceedings, including, but not limited to, PG&E's rate proceedings before the California Public Utility Commission ("CPUC"), proceedings before the California Coastal Commission ("CCC"), and licensing proceedings before the Nuclear Regulatory Commission ("NRC"); (2) memoranda prepared for the Board of Directors which contain business and regulatory information related to public regulatory proceedings; (3) memoranda, correspondence, and reports drafted by non-lawyer PG&E employees sent to non-lawyer PG&E employees, which happen also to have copied PG&E lawyers, among others; (4) memoranda, correspondence, and reports drafted by

non-lawyer PG&E employees sent to non-lawyer PG&E employees, as well as counsel, which in the description indicate that the document was "provided at request of counsel;" (5) documents that purport to be protected by the attorney-client privilege but identify no author or recipient; and (6) documents sent to regulatory entities.[1]

In response to the Government's motion, PG&E has promised to produce some of the challenged documents.[2] Moreover, PG&E produced a revised privilege log, dated November 10, 2005, providing additional information, so as to obviate some of the Government's challenges to other documents. However, PG&E continues to improperly assert work product protection over those documents relating to regulatory proceedings. The Government will explain more fully why assertions of work product privilege over that category of documents is erroneous.

---

[1] PG&E produced to the Government on November 7, 2005, a supplemental Privilege Log containing entries for 1062 additional documents that it has withheld on privilege grounds but that had not previously been identified. See Ex. 1, attached hereto. A cursory review of this privilege log shows that PG&E has withheld additional documents in the same categories as those challenged by the Government in its motion to compel. See, e.g., Document Nos 208-215, 678-683 (work product asserted for documents prepared for submission to CPUC or NRC), Ex. 1. We were unaware when we filed out original motion to compel that PG&E would subsequently be identifying additional privileged documents, much less over 1,000 new privileged documents. Because we have not had an opportunity to digest the entirety of this new privilege log, we cannot identify which of the docs should be produced. However, we provide that new list to the Court here to show the extent of the claimed privileges and the effect that the Court's guidance upon the current motion may have upon PG&E's newest privilege claims.

[2] PG&E produced a DVD with a supplemental production on November 21, 2005. However, we have not been able to review the documents that were produced as of the date of this reply to determine the extent of the new production and its relation to our motion to compel.

## ARGUMENT

### I. DOCUMENTS IDENTIFIED ON PG&E'S PRIVILEGE LOG THAT ARE NO LONGER AT ISSUE

#### A. Documents Purportedly Drafted And Received By Non-Lawyers

Under Category Three on Defendant's Exhibit A, PG&E has agreed to produce two of the three documents and has cured the defect in the description of the third document in its revised privilege log. Defendant no longer challenges the inclusion of document 57 on PG&E's revised privilege log.

#### B. Documents Purportedly Sent To Regulatory Entities

The Government challenged at least 33 documents withheld by PG&E on the basis of work product and attorney-client privilege because it appeared from PG&E's privilege log that the documents had been produced to third parties, including the regulatory agencies the CPUC and the NRC. In its response, PG&E stated that the documents identified as having been sent to regulatory entities were draft documents not sent to any regulatory entities, and the privilege log would be changed accordingly. Pl. Br. at 10-11. PG&E also indicated that it would produce 29 of the 33 documents. The Government considers the remaining four documents (Nos 195, 196, 229, and 722) to fall within category one of its Exhibit A, documents related to public regulatory proceedings. While PG&E has identified the basis for withholding these documents as both work product and attorney-client privilege, the attorney-client assertion is improper as the advice of counsel appears to be business advice, not legal advice, because of the regulatory nature of the documents, and, thus, not protected by the privilege. Further, as we previously argued, those documents are not protected by work product as the primary motivating purpose behind their creation was not in anticipation of litigation. See infra at pp. 4-6.

### C. PG&E Has Cured Its Failure To Identify The Author Or The Recipient Of Certain Documents

In its original privilege log, PG&E listed 25 documents[3] as privileged based on the attorney-client privilege but failed to identify any author or recipient for those documents. The proposition is straightforward: a party cannot assert the attorney-client privilege if the identity of the author and recipient is unknown and there is no way to tell if the communication which is sought to be protected is that of a client seeking legal advice. While not saying so in its motion, PG&E appears to agree with the Government as to this category of documents because it has indicated that it will produce seven of the documents and has revised its privilege log with respect to the remaining documents. The Government thus will not challenge the privilege designation of the remaining documents in category five.

### D. Documents Prepared At The Request Of Counsel

The Government identified at least six documents included on PG&E's privilege log because those documents appeared to have been provided to counsel merely at the request of counsel. It did not appear from the description of the document that there was any attorney-client communication related to legal advice. Indeed, as Mr Warner, counsel for PG&E, and others indicated, documents are routinely sent to PG&E in-house counsel to keep them apprised as to technical and business matters, and not for the purpose of seeking any legal advice, as is required to invoke the attorney-client privilege. See, e.g., Energy Capital Corp. v. United States, 45 Fed. Cl. 481, 485 (2000); In re Spalding Sports Worldwide, Inc., 203 F. 3d 800, 805-06 (Fed.

[3] These documents were identified in Exhibit A to Defendant's Motion to Compel as category five. PG&E has indicated that it will produce seven of the 25 documents and has cured the defect in the description of the remaining documents in its revised privilege log.

Cir. 2000). PG&E has revised its privilege log with respect to the six documents identified on Exhibit A, in category four, to indicate that those documents were prepared at the request of counsel. Because the privilege log has been revised to indicate an attorney-client communication, the Government withdraws its objections to these documents.

## II. DOCUMENTS THAT MUST BE PRODUCED BECAUSE THEY HAVE BEEN IMPROPERLY WITHHELD

### A. PG&E Has Not Established That The Work Product Doctrine Protects Documents Prepared For Regulatory Proceedings Before The CPUC, NRC, Or CCC

The Government has challenged over 200 entries on PG&E's original privilege log, establishing that documents prepared by PG&E to meet regulatory requirements of the CPUC, NRC, or the CCC are not properly classified as work product. PG&E responds, among other things, that documents prepared for administrative proceedings are protected (Pl. Br. at 3-4), that the documents identified were prepared solely in anticipation of various administrative proceedings (Pl. Br. at 8), and, finally, that the work product doctrine must be construed broadly so as to protect the mental impressions or conclusions of attorneys. Pl. Br. at 3. Indeed, PG&E suggests that attorney work product enjoys an almost absolute protection against discovery. Id.

PG&E overstates the protection given in this Court to attorney work product, fails to address the specific factors considered by this Court in determining whether documents have been prepared "in anticipation of litigation," and attempts to shield from production documents that have been prepared by PG&E non-lawyers for routine regulatory filings. In short, PG&E's identification of documents as work product appears to be extremely overbroad.

As the Government explained in its motion, the work product privilege is qualified and is not absolute, as PG&E suggests. See, e.g., United States v. Nobles, 422 U.S. 225, 237-240

(1975). In fact, "[t]he assertion of privileges is strictly construed because privileges impede full and free discovery of the truth." Cabot v. United States, 35 Fed. Cl. 442, 444 (1996) To determine if a document has been prepared "in anticipation of litigation," the Court must determine whether "the primary motivating purpose" behind the creation of the document is to assist in pending or impending litigation. Yankee Atomic Elec. Co. v. United States, 54 Fed. Cl. 306, 316 (2002) (spent nuclear fuel case); Energy Capital Corp. v. United States, 45 Fed. Cl. at 485; Cabot, 35 Fed. Cl. 445. PG&E ignores this test, which focuses on the rationale for preparing the document. While PG&E states that the documents it has withheld are documents prepared for administrative proceedings at the CPUC, NRC, and CCC, PGE has failed to meet its burden of establishing that "the primary motivating purpose" behind the creation of the documents was to assist in pending or impending litigation. PG&E has not met its burden because it cannot. The primary motivating purpose behind the creation of this category of withheld documents is to set its rates before the CPUC, to license its operating facilities before the NRC, or to establish permits before the CCC. The Government does not deny that there may be litigation associated with these proceedings. However, that is not the test that PG&E must meet before this Court to determine the validity of its assertion of attorney work product. PG&E misses the point when it argues that "such litigation is routine for PG&E." Pl. Br. at 8. The test is not whether there may be litigation associated with the submission of documents to regulatory entities, but rather whether the documents were prepared primarily for litigation or alternatively, for some business reason. PG&E has not met that test and, thus, the Court should order all documents withheld by PG&E that are related to regulatory proceedings before the CPUC, the NRC, and the CCC to be produced immediately.

**B. PG&E Has Not Cured Its Privilege Log Entries Relating To Documents Sent To Its Board of Directors**

PG&E withheld 19 documents on the basis of attorney-client and work product privileges that were sent to either the PG&E Board of Directors or its Management Committee. No author was listed for any of the documents, and the subject in each case was a regulatory proceeding before the CPUC or the NRC.[4] PG&E continues to refuse to produce each of these documents, with the exception of one document (No. 683), which PG&E indicates that it will produce.

PG&E did not cure the basic flaw in its privilege log regarding these documents – it did not identify any author or other information identifying that the information in the documents at issue were prepared by an attorney for PG&E to provide legal (rather than business) advice to PG&E. Therefore, PG&E cannot assert the attorney-client privilege for the documents. PG&E does not meet its burden of explaining why these documents should be protected, and, thus, the Court should order the production of these 18 documents.

**C. PG&E Failed To Provide Any Rationale For Withholding Documents Prepared By Third Parties For Regulatory Proceedings**

PG&E has withheld documents prepared by third parties for its regulatory proceedings. For example, Holtec International is listed as the author of a document prepared in response to an NRC request regarding a license amendment. See Revised Privilege Log, attached to PG&E's response to motion to compel, document no. 197, p. 16,; see also document no. 83, p. 8 (Joseph Oats Corporation, author); document no. 14, p. 2 (Joseph Oats Corporation); document nos.735 and 736, p. 80 (John Carlson, Duke Engineering); document no. 851, p. 90 (Roland Robertson, TRW Environmental Safety Systems, Inc.). There is no rationale for withholding

[4] These fall within category two of defendant's Exhibit A.

documents prepared by third parties for PG&E's regulatory proceedings. Because "disclosure of confidential communications or attorney work product to a third party . . . constitutes a waiver of privilege as to those items," Genentech, Inc. v. U.S. Int'l Trade Comm'n, 122 F.3d 1409, 1415 (Fed. Cir. 1997), it is axiomatic that docs created by a third party are not "confidential" for privilege purposes. In fact, PG&E appears essentially to have recognized this fact by producing decommissioning documents prepared by TLG Associates for CPUC decommissioning proceedings, which it had originally listed on its privilege log. The Court should order PG&E to produce any documents prepared for its regulatory proceedings by any third parties.

## III. PG&E HAS NOT MET ITS BURDEN OF JUSTIFYING ITS INSTRUCTIONS TO ITS WITNESSES NOT TO RESPOND DURING DEPOSITIONS

PG&E provided damages spreadsheets to the Government in April 2005 as part of its initial disclosures. Notwithstanding these disclosures, when the Government asked questions about those documents during the depositions of PG&E witnesses, counsel instructed witnesses not to answer our questions. PG&E argues in its response that it was perfectly proper for it to instruct its witnesses not to answer questions apparently because those questions involved the preparation of its damages claim. Pl. Br. at 14-17. PG&E's assertion is wrong for several reasons. First, PG&E points to no authority for the notion that claim preparation is by definition protected by either the attorney-client privilege or the work product doctrine. Second, PG&E did not assert a protection against disclosure of claim preparation material in any consistent manner. For example, counsel permitted Robert Kapus, PG&E's budget coordinator/financial services supervisor, to answer certain questions, about claim preparation, but not others:

> Q: Were you the only one involved in preparing or assembling the information that ultimately went into this document ["Humboldt Bay

Power Plant Removal of Ventilation Stack Incremental Costs Due to Fuel in Pool, Cost Estimate April 2005]?

A: No.

Q: Who else was involved in that project?

Mr. Shapiro: Objection. Instruct Mr. Kapus not to answer. Privilege.

Q: Let me ask this: Were there any other PG&E employees who were involved in the preparation of this document?

Mr. Shapiro: Again, I am going to object and instruct Mr. Kapus not to answer.[5]

Kapus Depo. at 49:19-50:5, Ex. 2.

* * *

Q: Did you alone determine which costs — which activities , which costs were incremental?

A: No.

Mr. Shapiro: Again. I am going to object and instruct Mr. Kapus not to answer that question.

Kapus Dep. at 50:25-51:5, Ex. 2.

In its opposition, PG&E fails to provide authority to explain its alleged right to pick and chose which material it may withhold regarding its claim preparation. Further, upon asserting a protection against disclosure of claim preparation material, PG&E simply makes a blanket

---

[5] The identities of individuals is clearly not covered by the work product doctrine or attorney-client privileges. Thomas & Betts Corp. v. Panduit Corp., 1997 WL 603880 at * 6 (N.D. Ill. 1997) (identities of distributors contacted, and employees who consulted with distributors, not protected by work product); Manville Sales Corp. v. Paramount Sys., Inc., 118 F.R.D. 420, 422 (E.D. Pa. 1987) (interrogatory that sought identification of individuals and documents did not seek privileged information); Clevite Corp. v. Beckman Instruments, Inc., 257 F.Supp. 50 (S.D. Ca. 1986) (interrogatory did not seek material protected by work product doctrine when it requested identities and addresses of persons making search regarding patentability of an alleged invention).

assertion that the material sought is protected. For example, the following exchange occurred during the Kapus deposition:

> Q: Did you, in determining that the thousand dollars was appropriately – or was incremental, did you review the expenses to ensure that all the expenses were incurred in relation to the vent stack project?
>
> Mr. Shapiro: I am going to object and instruct Mr. Kapus not to answer on the grounds of work product.
>
> I want to be a little clearer than we have been. Some of these objections have been vague, but we have taken the position that the process for putting together this estimate is protected by the work product doctrine. I think what your question is fairly getting at is part of that process.

Kapus Dep. at 75:8-19, Ex. 2.

PG&E's blanket assertion is unsupported and violative of our rights to discovery. Whether Mr. Kapus had assistance from other PG&E employees in preparing the damages claim and, if so, the kind of input that he received, are directly relevant to the Government's inquiry into the damages here. Whether Mr. Kapus determined that costs in the damages claim were incremental is also directly relevant to an understanding of the claim, especially given the fact that PG&E's damages expert, Bradford Cornell, appears to have relied heavily on PG&E employees in developing his damages analysis. If the Government cannot probe in fact discovery the basis for PG&E's damages claim, and PG&E's expert asserts that he relied upon PG&E to determine cost categories, the Government cannot reasonably discover the rationale behind the costs that PG&E claims.

The instructions not to answer given during Mr. Kapus' deposition are especially egregious as he had a defining role in developing the damages claim for PG&E. The Government is entitled to discover information required to appraise the reasonableness of the

damages claimed here. "This is particularly true where, as here, a party partially discloses the allegedly privileged information in support of its claim against another, but then asserts the privilege as a basis for withholding from its opponent the remainder of the information which is necessary to defend against the claim." Ideal Elec. Sec. Co, Inc. v. Int'l Fid. Ins. Co., 129 F.3d 143,151 (D.C.Cir. 1997).

Asserting work product and attorney-client privilege during the fact depositions of PG&E witnesses was wholly improper, and obstructive and has clearly prejudiced the Government in completing fact discovery. In proceeding to expert discovery, the reliance by PG&E experts upon PG&E employees, who were not permitted to testify about their involvement in the damages claim, will continue to hamper our full understanding of PG&E's damages claims.

## CONCLUSION

PG&E has withheld hundreds of documents primarily because they relate to PG&E's regulatory proceedings. The Government believes that those documents have been improperly withheld and for the reasons stated herein requests that the Court grant its motion to compel and order those documents produced immediately.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SHARON A. SNYDER
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

November 23, 2005

s/ John C. Ekman by Sharon Snyder
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on November 23, 2005, a copy of the foregoing "DEFENDANT'S REPLY TO PG&E'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY IMPROPERLY WITHHELD ON THE BASIS OF PRIVILEGE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sharon A. Snyder