**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br>CONNECTICUT YANKEE ATOMIC POWER COMPANY,<br>and MAINE YANKEE ATOMIC POWER COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Nos. 98-126C,<br>98-154C, 98-474C<br>(Senior Judge Merow) |

**ASSERTION OF DELIBERATIVE PROCESS PRIVILEGE UPON BEHALF OF OCRWM REGARDING FISCAL YEAR 2003 BUDGET DOCUMENTS**

I. I have been informed that, in response to discovery requests from the utility plaintiffs, the Department of Energy ("DOE") has reviewed and produced thousands of documents referring or relating to DOE's delay in beginning acceptance of spent nuclear fuel or high-level radioactive waste by January 31, 1998 and the schedule by which DOE should have begun acceptance. In that process, DOE's attorneys have withheld a small number of documents that involve and/or reflect the Department's deliberative processes. DOE has a policy of protecting its deliberative processes in order to assure free flow of ideas and candid discussion of alternatives, which are essential to its efficient operation.

II. Congress established the Office of Civilian Radioactive Waste Management ("OCRWM") to carry out the functions of the Secretary of Energy pursuant to the Nuclear Waste Policy Act. 42 U.S.C. § 10224. Pursuant to a formal delegation by the Secretary of Energy to the Under Secretary of Energy, Science and Environment, and a subsequent formal redelegation from the Under Secretary to the Director, Office of Civilian Radioactive Waste Management, the Director or her delegate has responsibility for asserting the Government's deliberative process

privilege within the cognizance of her Office.

III. Because the delay in spent nuclear fuel acceptance controversy is within the cognizance of OCRWM, I, Ronald A. Milner, delegate of Director Dr. Margaret S.Y. Chu, hereby assert the deliberative process privilege upon behalf of the Department of Energy for the documents listed below. Each of these documents was prepared in the process of formulating a recommendation for consideration by the Under Secretary of Energy regarding DOE's fiscal year 2003 budget request which was ultimately submitted to the Office of Management and Budget ("OMB"). During the course of this process, various budgetary options based upon several scenarios regarding the operation of a deep geologic repository were considered. Each of these documents reflects DOE's policy deliberations relating to, among other things, scenarios for the acceptance of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("SNF") at the geologic repository and the effect of those scenarios upon the amount of money that DOE would seek in its budget for Fiscal Year (FY) 2003.

IV. I have determined that disclosure of any of the deliberative process contents of the documents disclosed in the following list would be injurious to the Federal Government's decision-making functions because such disclosure would tend to inhibit the frank and candid discussion necessary to effective government. Indeed, disclosure would have a chilling effect on any future budget discussions as well as several related and continuing policy issues at DOE. I hereby assert the deliberative process privilege upon behalf of DOE for the following described documents:

1. The documents Bates-Stamped HQR2500031 - HQR2500043 (E4,

App.98)[1], HQR2500063 - HQR2500076 (E6, App. 98), HQR2501157 - HQR2501232 (E100, E101, E102, App. 131), HQR2501273 - HQR2501326 (E107, App. 133), HQR2501335 - HQR2501470 (E109, E110, E111, E112, App. 134 - 135) are copies of slides that were used for a graphic presentation for group discussion of options regarding the design and operation of a repository at Yucca Mountain and the effect of those options upon SNF inventories.

2. The document Bates-Stamped HQR 25001707 - HQR 25001710 (E121, App. 138) is an e-mail with brief written summaries regarding SNF storage costs prepared to assist in evaluating the timing of SNF emplacement and the potential effect of a funding reduction.

3. The documents Bates-Stamped HQR2501236 - HQR2501245 (E105, App. 132), HQR2501327 - HQR2501334 (E108, App. 133) are e-mails with drafts of an internal memorandum analyzing the potential effect of an option for SNF acceptance.

4. The documents Bates-Stamped HQR2501471 - HQR2501696 (E113, E114, E115, E116, E117, App. 135 -136) are e-mails with attachments that are drafts of a graphic presentation dealing with an option for SNF acceptance.

---

[1] In the appendix to its motion to compel, Yankee Atomic Electric Company renumbered documents listed in the Government's privilege log. The references in this declaration to "E __" refer to the number that Yankee has assigned to the document at issue, and "App. __" refers to the page of Yankee's appendix upon which the privilege log entry for that document is found.

5. The document Bates-Stamped HQR2500981 - HQR2500981.45 (E85, App. 125) is an e-mail with an attachment that includes a check list and an internal memorandum discussing potential methods for reducing the cost of a repository at Yucca Mountain.

6. The document Bates-Stamped HQR2501711 - HQR2501733 (E122, App. 138) is an internal memorandum, graphs, and tables analyzing the costs and benefits of building a repository at Yucca Mountain.

7. The documents Bates-Stamped HQR2500446 - HQR250510 (E54, E55, E56, E57, App. 115 - 116), HQR2500512 - HQR2500558 (E59, E60, App. 117), HQR2500559 - HQR0563 (E61, App. 118), HQR2500646 - HQR2500654 (E69, App. 120), HQR2500661 - HQR2500790 (E72, E73, E74, E75, E76, App. 121 - 122), HQR2501124 - HQR2501134 (E93, App. 128), HQR2501698 - HQR1705 (E119, App. 137) are e-mails with attached meeting notes and action items following a meeting on February 27, 2002 with Under Secretary Card analyzing, among other things, an option for SNF acceptance at Yucca Mountain.

8. The document Bates-Stamped HQR2500610 (E66, App. 119) is an e-mail suggesting language for an internal memorandum regarding an option for SNF acceptance.

9. The documents Bates-Stamped HQR2500791 - HQR2500911 (E77, E78, E79, E80, E81, App. 123 - 124), HQR2500916 - HQR2500976 (E83, App. 125), HQR2501246 - HQR2501272 (E106, App. 133) are e-mails with

attachments that are drafts of a graphic presentation by Dr. Margaret Chu for Under Secretary Card regarding the budget strategy for OCRWM.

10. The documents Bates-Stamped HQR2500912 - HQR2500915 (E82, App. 124) are a series of e-mails discussing the assumptions for an internal memorandum regarding an option for SNF acceptance.

11. The documents Bates-Stamped HQR2500977 - HQR2500980 (E84, App. 125) are e-mails with attached copies of slides for a group discussing regarding the effect of an option for SNF acceptance.

12. The documents Bates-Stamped HQR2501051 - HQR2501053 (E90, App. 127) are e-mails with attached notes from a meeting with Under Secretary Card on April 19, 2002 discussing strategy and policy regarding DOE budget requests.

13. The documents Bates-Stamped HQR2501120 - HQR2501123 (E92, App. 128), HQR2501135 - HQR2501137 (E94, App. 128) are e-mails and graphs discussing the effect of a potential option for SNF acceptance.

14. The documents Bates-Stamped HQR2501140 - HQR2501156 (E96, E97, E98, E99, App. 129 - 130), HQR2501233 - HQR2501235 (E103, E104, App. 132), HQR2501697 (E118, App. 137), HQR2501706 - HQR2501710 (E120, E121, App. 137 - 138) are a series of e-mails with attached tables, spreadsheets, and e-mails regarding the effect of options regarding SNF acceptance.

15. The documents Bates-Stamped HQR2501054 - HQR2501119 (E91, App.

127), HQR2500400A - HQR2500400B (E45, App. 112), HQR2500424 - HQR2500439 (E50, E51, E52, App. 114), HQR2500624 - HQR2500645 (E68, App. 120) are e-mails with attached internal draft memoranda discussing the pros and cons of storage options for receipt of SNF at Yucca Mountain. These documents provide advice and recommendations regarding the Department's policy regarding this issue. The documents reflect the Department's policy deliberations regarding whether OCRWM should implement those storage options and form part of the deliberative process.

After personally reviewing each of the above described documents, I conclude that they all reflect DOE's deliberative processes and should be protected from disclosure.

I declare under the penalty of perjury, this 13th day of June, 2003, that the foregoing is true and correct to the best of my knowledge and belief.

Ronald A. Milner 6/13/03
Ronald A. Milner
Chief Operating Officer
Office of Civilian Radioactive Waste Management