Privacy and Security Notices

Quick Search for:

SUBMIT

ADV SEARCH

LIBRARY SEARCH

ALERTS

REVCOM

CALENDAR

NEWS

# DIRECTIVES, REGULATIONS, POLICIES, AND STANDARDS PORTAL

TECH STANDARDS | FORMS | DELEGATIONS

« CURRENT DELEGATIONS » « RESCINDED DELEGATIONS » « DESIGNATIONS »
« WHO'S RESPONSIBLE »

## What is a Secretarial Delegation of Authority?

At the Department of Energy, the Secretarial Delegation of Authority is the legal instrument used to transfer authority granted to the Secretary of Energy by statute, executive order or proclamation, or regulations issued by other executive branch agencies (such as the Office of Management and Budget, the Office of Personnel Management, and the General Services Administration), to an official within the Department. The Secretary may authorize successive redelegations of authority within the Department as he or she may deem to be necessary or appropriate. The authority to delegate is provided to the Secretary by statute (including section 642 of the Department of Energy Organization Act and 5 U.S.C. section 301).

For more information about Secretarial Delegation of Authority, please contact LaVerne Fuller (ME-80) at (202)586-1996.

Directives | Tech Standards | Forms | Delegations | Electronic Library
Feedback | Help | About Us

This site sponsored by the Office of Management, Budget and Evaluation of the US Department of Energy.

Operated by Innovative Web Applications, Inc. and powered by Explorit

Powered by

DIRECTIVES | TECH STANDARDS | FORMS | DELEGATIONS

Home | Prev Results | Next Results | Comments | Help | Search

# DOE Directives Search Results

deliberative process
1 through 7 out of 7

0204-97 (sdoa, 05/21/1982, N/A) 1 page(s) 1 KB
**Delegation Order No. 0204-97 to the Assistant Secretary for International Affairs**
DEPARTMENT OF ENERGY DELEGATION ORDER NO 0204 97 TO THE ASSISTANT SECRETARY DEFENSE PROGRAMS Pursuant to the authority vested in me as Secretary of Energy Z Secretary and by Section 642 of the Department of Energy Organization Act Pub L 95 91 the Assistant Secretary Defense Programs Z Assistant Secretary is hereby delegated on a nonexclusive basis th authority to assert the deliberative process privilege for matters under your cognizance This delegation is made to protect Defense Program document
http://www.directives.doe.gov/pdfs/sdoa/020497.pdf

0204-86 (sdoa, 04/24/1981, N/A) 1 page(s) 1 KB
**Delegation Order No. 0204-86 to the Administrator of the Economic Regulatory Administration**
RESCINDED RESCINDED DEPARTMENT OF ENERGY DELEGATION ORDER NO 0204 86 TO THE ADMINISTRATOR OF THE ECONOMIC REGULATORY ADMINISTRATION Pursuant to the authority vested in me as Secretary of Energy Z Secretary and by Section 642 of the Department of Energy Organization Act Pub L 95 91 the Administrator of the Economic Regulatory Administration Z Administrator is hereby delegated on a nonexclusive basis the authority to assert the deliberative process privilege in situations where courts may require the
http://www.directives.doe.gov/pdfs/sdoa/020486.pdf

0204-167 (sdoa, 09/18/1998, N/A) 1 page(s) 1 KB
**Delegation Order No. 0204-167 to the Assistant Secretary for Environmental Management**
DEPARTMENT OF ENERGY DELEGATION ORDER NO 0204 167 TO THE ASSISTANT SECRETARY FOI ENVIRONMENTAL MANAGEMENT Pursuant to the authority vested in me as Secretary of Energy Z Secretary and by Section 642 of the Department of Energy Organization Act 42 U S C Z 7252 the Assistant Secretary for Environmental Management Assistant Secretary is hereby delegated on a nonexclusive basis authority to assert the Federal Governments deliberative process privilege with respect to any matters arising under his or h
http://www.directives.doe.gov/pdfs/sdoa/0204167.pdf

0204-126 (sdoa, 02/07/1989, N/A) 3 page(s) 6 KB
**Delegation Order No. 0204-126 to the Administrator of the Economic Regulatory**

**Administration**
DEPARTMENT OF ENERGY DELEGATION ORDER NO 0204 126 TO THE ADMINISTRATOR OF THE ECONOMIC REGULATORY ADMINISTRATION Pursuant to the authority vested in me as Secretary of Energy Z Secretary and by the Department of Energy Organization Act Pub L 95 91 the DOE Act Z ... There is hereby delegated to the Administrator of the Economic Regulatory Administration Z ERA a ... the authority to perform the following functions 1 The enforcement of the regulatory programs concerning the allocation and pricing of crude oi...
http://www.directives.doe.gov/pdfs/sdoa/0204126.pdf

00-002 00 (sdoa, 12/06/2001, N/A) 11 page(s) 23 KB
**Under Secretary**
DEPARTMENT OF ENERGY DELEGATION ORDER NO 00 00200 TO THE UNDER SECRETARY FOR ENERGY SCIENCE AND ENVIRONMENT 1 DELEGATION Under the authority vested in me as Secretary of Energy and pursuant to section 642 of the Department of Energy Organization Act Public Law 95 91 42 U S C 7252 I delegate to the Under Secretary for Energy Science and Environment authority to take the following actions 11 Initiate condemnation proceedings and execute declarations of taking sign all correspondence and other docu
http://www.directives.doe.gov/pdfs/sdoa/00-002 00.pdf

00-002 03 (sdoa, 01/08/2002, N/A) 3 page(s) 4 KB
**Assistant Secretary for Environmental Management**
DEPARTMENT OF ENERGY REDELEGATION ORDER NO 00 00203 TO THE ASSISTANT SECRETARY FOR ENVIRONMENTAL MANAGEMENT 1 DELEGATION Pursuant to section 202 b of the Department of Energy Organization Act Public Law 95 91 42 U S C 7132 b and Secretary of Energy Delegation Order 00 002 provided to the Under Secretary for Energy Science and Environment to perform the function and duties related to Environmental Management I delegate to the Assistant Secretary fo... Environmental Management authority to take the
http://www.directives.doe.gov/pdfs/sdoa/00-002 03.pdf

00-003 00 (sdoa, 12/06/2001, N/A) 11 page(s) 21 KB
**Under Secretary for Nuclear Security**
DEPARTMENT OF ENERGY DELEGATION ORDER NO 00 00300 TO THE UNDER SECRETARY FOR NUCLEAR SECURITY 1 DELEGATION Under the authority vested in me as Secretary of Energy and pursuant to section 642 of the Department of Energy Organization Act Public Law 95 91 42 U S C 7252 and by the National Nuclear Security Administration Act Public Law 106 65 50 U S C 2401 2484 I delegate to the Under Secretary for Nuclear Security Administrator for Nuclear Security National Nuclear Security Administration NNSA a
http://www.directives.doe.gov/pdfs/sdoa/00-003 00.pdf

Home | Prev Results | Next Results | Comments | Help | Search

Directives | Tech Standards | Forms | Delegations | Electronic Library
Feedback | Help | About Us

This site sponsored by the Office of Management, Budget and Evaluation of the U.S. Department of Energy.
Operated by Innovative Web Applications, Inc. and powered by Explorit

Powered by explorit

ployees of the Department of Energy or of a contractor of the Department.

**(m) Annual report**

(1) Not later than 30 days after the commencement of each fiscal year, the Director shall submit to the Committee on Armed Services of the Senate and the Committee on Armed Services of the House of Representatives a report on the investigations undertaken under subsection (j)(1)(B) of this section during the preceding fiscal year, including a summary of the results of each such investigation.

(2) A report under paragraph (1) may not identify or otherwise provide any information about an individual submitting a complaint under this section without the consent of the individual.

**(n) Implementation report**

Not later than 60 days after October 5, 1999, the Secretary shall submit to the Committee on Armed Services of the Senate and the Committee on Armed Services of the House of Representatives a report describing the implementation of the program required by this section.

(Pub. L. 106–65, div. C, title XXXI, § 3164, Oct. 5, 1999, 113 Stat. 946.)

REFERENCES IN TEXT

The Whistleblower Protection Act of 1989, referred to in subsec. (*l*), is Pub. L. 101–12, Apr. 10, 1989, 103 Stat. 16, as amended, which enacted subchapters II (§ 1211 et seq.) and III (§ 1221 et seq.) of chapter 12 and section 3352 of Title 5, Government Organization and Employees, amended sections 1201 to 1206, 1209, 1211, 2302, 2303, 3393, 7502, 7512, 7521, 7542, 7701, and 7703 of Title 5 and section 4139 of Title 22, Foreign Relations and Intercourse, repealed sections 1207 and 1208 of Title 5, and enacted provisions set out as notes under sections 1201, 1211, and 5509 of Title 5. For complete classification of this Act to the Code, see Short Title of 1989 Amendment note set out under section 1201 of Title 5 and Tables.

CODIFICATION

Section was enacted as part of the National Defense Authorization Act for Fiscal Year 2000, and not as part of the Department of Energy Organization Act which comprises this chapter.

## PART C—GENERAL ADMINISTRATIVE PROVISIONS

### § 7251. General authority

To the extent necessary or appropriate to perform any function transferred by this chapter, the Secretary or any officer or employee of the Department may exercise, in carrying out the function so transferred, any authority or part thereof available by law, including appropriation Acts, to the official or agency from which such function was transferred.

(Pub. L. 95–91, title VI, § 641, Aug. 4, 1977, 91 Stat. 598.)

DEPARTMENT OF ENERGY SECURITY MANAGEMENT BOARD

Pub. L. 105–85, div. C, title XXXI, § 3161, Nov. 18, 1997, 111 Stat. 2048, required the Secretary of Energy to establish the Department of Energy Security Management Board, and provided for its duties which related to the security functions of the Department, and its membership, appointments, personnel, compensation, expenses, and termination on Oct. 31, 2000, prior to repeal by Pub. L. 106–65, div. C, title XXXI, § 3142(h)(1), Oct. 5, 1999, 113 Stat. 933.

### § 7252. Delegation

Except as otherwise expressly prohibited by law, and except as otherwise provided in this chapter, the Secretary may delegate any of his functions to such officers and employees of the Department as he may designate, and may authorize such successive redelegations of such functions within the Department as he may deem to be necessary or appropriate.

(Pub. L. 95–91, title VI, § 642, Aug. 4, 1977, 91 Stat. 599.)

REORGANIZATION OF FIELD ACTIVITIES AND MANAGEMENT OF NATIONAL SECURITY FUNCTIONS

Pub. L. 104–206, title III, § 302, Sept. 30, 1996, 110 Stat. 2999, provided that: "None of the funds appropriated by this or any other Act may be used to implement section 3140 of H.R. 3230 as reported by the Committee of Conference on July 30, 1996 [Pub. L. 104–201, set out below]. The Secretary of Energy shall develop a plan to reorganize the field activities and management of the national security functions of the Department of Energy and shall submit such plan to the Congress not later than 120 days after the date of enactment of this Act [Sept. 30, 1996]. The plan will specifically identify all significant functions performed by the Department's national security operations and area offices and make recommendations as to where those functions should be performed."

Pub. L. 104–201, div. C, title XXXI, § 3140, Sept. 23, 1996, 110 Stat. 2833, provided that:

"(a) LIMITATION ON DELEGATION OF AUTHORITY.—(1) The Secretary of Energy, in carrying out national security programs, may delegate specific management and planning authority over matters relating to site operation of the facilities and laboratories covered by this section only to the Assistant Secretary of Energy for Defense Programs. Such Assistant Secretary may redelegate such authority only to managers of area offices of the Department of Energy located at such facilities and laboratories.

"(2) Nothing in this section may be construed as affecting the delegation by the Secretary of Energy of authority relating to reporting, management, and oversight of matters relating to the Department of Energy generally, or safety, environment, and health at such facilities and laboratories.

"(b) REQUIREMENT TO CONSULT WITH AREA OFFICES.—The Assistant Secretary of Energy for Defense Programs, in exercising any delegated authority to oversee management of matters relating to site operation of a facility or laboratory, shall exercise such authority only after direct consultation with the manager of the area office of the Department of Energy located at the facility or laboratory.

"(c) REQUIREMENT FOR DIRECT COMMUNICATION FROM AREA OFFICES.—The Secretary of Energy, acting through the Assistant Secretary of Energy for Defense Programs, shall require the head of each area office of the Department of Energy located at each facility and laboratory covered by this section to report on matters relating to site operation other than those matters set forth in subsection (a)(2) directly to the Assistant Secretary of Energy for Defense Programs, without obtaining the approval or concurrence of any other official within the Department of Energy.

"(d) DEFENSE PROGRAMS REORGANIZATION PLAN AND REPORT.—(1) The Secretary of Energy shall develop a plan to reorganize the field activities and management of the national security functions of the Department of Energy.

"(2) Not later than 120 days after the date of the enactment of this Act [Sept. 23, 1996], the Secretary shall submit to Congress a report on the plan developed under paragraph (1). The report shall specifically identify all significant functions performed by the operations offices relating to any of the facilities and lab-

oratories covered by this section and which of those functions could be performed—

"(A) by the area offices of the Department of Energy located at the facilities and laboratories covered by this section; or

"(B) by the Assistant Secretary of Energy for Defense Programs.

"(3) The report also shall address and make recommendations with respect to other internal streamlining and reorganization initiatives that the Department could pursue with respect to military or national security programs.

"(e) DEFENSE PROGRAMS MANAGEMENT COUNCIL.—The Secretary of Energy shall establish a council to be known as the 'Defense Programs Management Council'. The Council shall advise the Secretary on policy matters, operational concerns, strategic planning, and development of priorities relating to the national security functions of the Department of Energy. The Council shall be composed of the directors of the facilities and laboratories covered by this section and shall report directly to the Assistant Secretary of Energy for Defense Programs.

"(f) COVERED SITE OPERATIONS.—For purposes of this section, matters relating to site operation of a facility or laboratory include matters relating to personnel, budget, and procurement in national security programs.

"(g) COVERED FACILITIES AND LABORATORIES.—This section applies to the following facilities and laboratories of the Department of Energy:

"(1) The Kansas City Plant, Kansas City, Missouri.

"(2) The Pantex Plant, Amarillo, Texas.

"(3) The Y-12 Plant, Oak Ridge, Tennessee.

"(4) The Savannah River Site, Aiken, South Carolina.

"(5) Los Alamos National Laboratory, Los Alamos, New Mexico.

"(6) Sandia National Laboratories, Albuquerque, New Mexico.

"(7) Lawrence Livermore National Laboratory, Livermore, California.

"(8) The Nevada Test Site, Nevada."

[All national security functions and activities performed immediately before Oct. 5, 1999 by covered facilities listed in section 3140(g) of Pub. L. 104–201, set out above, transferred to the Administrator for Nuclear Security of the National Nuclear Security Administration of the Department of Energy, see section 2481 of Title 50, War and National Defense.]

### § 7253. Reorganization

(a) Subject to subsection (b) of this section, the Secretary is authorized to establish, alter, consolidate or discontinue such organizational units or components within the Department as he may deem to be necessary or appropriate. Such authority shall not extend to the abolition of organizational units or components established by this chapter, or to the transfer of functions vested by this chapter in any organizational unit or component.

(b)[1] The authority of the Secretary to establish, abolish, alter, consolidate, or discontinue any organizational unit or component of the National Nuclear Security Administration is governed by the provisions of section 2409 of title 50.

(b)[1] The authority of the Secretary under subsection (a) of this section does not apply to the National Nuclear Security Administration. The corresponding authority that applies to the Administration is set forth in section 2402(e)[2] of title 50.

[1] So in original. Two subsecs. (b) have been enacted.

[2] See References in Text note below.

(Pub. L. 95–91, title VI, § 643, Aug. 4, 1977, 91 Stat. 599; Pub. L. 106–377, § 1(a)(2) [title III, § 314(b)], Oct. 27, 2000, 114 Stat. 1441, 1441A–81; Pub. L. 106–398, § 1 [div. C, title XXXI, § 3159(b)], Oct. 30, 2000, 114 Stat. 1654, 1654A–470.)

REFERENCES IN TEXT

Section 2402(e) of title 50, referred to in subsec. (b) set out second, probably means the subsec. (e) of section 2402 which relates to reorganization authority and was added by Pub. L. 106–398, § 1 [div. C, title XXXI, § 3159(a)] Oct. 30, 2000, 114 Stat. 1654, 1654A–469.

AMENDMENTS

2000—Subsec. (a). Pub. L. 106–398, § 1 [div. C, title XXXI, § 3159(b)(1)], which directed amendment of section by substituting "(a) Except as provided in subsection (b) of this section, the Secretary" for "The Secretary", could not be executed because the words "The Secretary" did not appear after execution of the amendment by Pub. L. 106–377, § 1(a)(2) [title III, § 314(b)(1)]. See below.

Pub. L. 106–377, § 1(a)(2) [title III, § 314(b)(1)], designated existing provisions as subsec. (a) and substituted "Subject to subsection (b) of this section, the Secretary" for "The Secretary".

Subsec. (b). Pub. L. 106–398, § 1 [div. C, title XXXI, § 3159(b)(2)], added subsec. (b) relating to nonapplicability of authority of Secretary under subsec. (a) of this section to National Nuclear Security Administration.

Pub. L. 106–377, § 1(a)(2) [title III, § 314(b)(2)], added subsec. (b) relating to authority of Secretary as to National Nuclear Security Administration.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in title 50 section 2409.

### § 7254. Rules and regulations

The Secretary is authorized to prescribe such procedural and administrative rules and regulations as he may deem necessary or appropriate to administer and manage the functions now or hereafter vested in him.

(Pub. L. 95–91, title VI, § 644, Aug. 4, 1977, 91 Stat. 599.)

### § 7255. Subpoena

For the purpose of carrying out the provisions of this chapter, the Secretary, or his duly authorized agent or agents, shall have the same powers and authorities as the Federal Trade Commission under section 49 of title 15 with respect to all functions vested in, or transferred or delegated to, the Secretary or such agents by this chapter. For purposes of carrying out its responsibilities under the Natural Gas Policy Act of 1978 [15 U.S.C. 3301 et seq.], the Commission shall have the same powers and authority as the Secretary has under this section.

(Pub. L. 95–91, title VI, § 645, Aug. 4, 1977, 91 Stat. 599; Pub. L. 95–621, title V, § 508(a), Nov. 9, 1978, 92 Stat. 3408.)

REFERENCES IN TEXT

The Natural Gas Policy Act of 1978, referred to in text, is Pub. L. 95–621, Nov. 9, 1978, 92 Stat. 3350, which is classified generally to chapter 60 (§ 3301 et seq.) of Title 15, Commerce and Trade. For complete classification of this Act to the Code, see Short Title note set out under section 3301 of Title 15 and Tables.

AMENDMENTS

1978—Pub. L. 95–621 inserted provision giving the Commission the same powers and authority as the Sec-

# DEPARTMENT OF ENERGY
# DELEGATION ORDER NO. 00-002.00
# TO THE UNDER SECRETARY FOR ENERGY, SCIENCE, AND ENVIRONMENT

1. DELEGATION. Under the authority vested in me as Secretary of Energy and pursuant to section 642 of the Department of Energy Organization Act (Public Law 95-91, 42 U.S.C. 7252), I delegate to the Under Secretary for Energy, Science, and Environment authority to take the following actions:

   1.1 Initiate condemnation proceedings and execute declarations of taking, sign all correspondence and other documents in connection with such proceedings, and take all other necessary and appropriate actions to acquire, in connection with the Government's power of eminent domain, real or personal property or interests therein for the Department of Energy (Department or DOE). The authority to initiate condemnation proceedings and execute declarations of taking shall not be further delegated.

   1.2 Under section 8 of the Federal Nonnuclear Energy Research and Development Act of 1974 (Public Law 93-577, 42 U.S.C. 5907) carry out functions relating to identification of opportunities to accelerate the commercial applications of new energy technologies.

   1.3 Direct a head of field organization to curtail or suspend the operation of nuclear reactors, nuclear facilities or related activities when, in the opinion of the Under Secretary, continuing operations might result in an undue risk to the environment and/or to the safety and health of Departmental or contractor employees or to the public. This authority may not be redelegated.

   1.4 Under 5 U.S.C. 4502, approve, on a nonexclusive basis, major Departmental honorary awards, except the Secretary's Award; approve cash awards in excess of those amounts authorized to be approved by Heads of Departmental Elements, except those of other Principals; and recommend to the Office of Personnel Management cash awards in excess of $10,000. This authority may not be redelegated.

   1.5 Under 5 U.S.C. 3341, approve the detail of employees to assignments outside the Department.

   1.6 Approve determinations preceding Program Opportunity Notices (PONs).

   1.7 Under section 643 of the Department of Energy Organization Act (42 U.S.C. 7253), establish, alter, consolidate or discontinue such second tier or below organizational units or components within the Under Secretary's assigned programs and organizational elements as the Under Secretary may deem to be necessary or appropriate.

A. In exercising this authority, or as redelegated pursuant thereto, the Under Secretary will be limited by approved budgets, staffing level allocations, and Senior Executive Service and other executive resource position allocations. Organizational changes shall not be announced or implemented until appropriate union coordination and other pre-release clearances have been obtained.

B. This authority does not include approval of additional, deletion, or transfer of mission and functions of or between Departmental Headquarters or Field Elements, which authority is reserved to the Secretary.

C. The authority to alter or consolidate second tier or below organizational elements may be redelegated, in whole or in part consistent with the terms of the Department of Energy Organization Act, to assigned Heads of Departmental Headquarters and Field Elements and to an official or officials one level below the Head of the Departmental Headquarters or Field Element.

D. The authority to establish or discontinue organizational elements at the second tier or below may only be redelegated to the Head of the Departmental Headquarters or Field Element.

1.8 On a nonexclusive basis, assert the Federal Government's deliberative process privilege with respect to any Environmental Management matters arising under the Under Secretary's cognizance. This delegation is made to protect internal predecisional Department of Energy documents in judicial or administrative proceedings in situations where the court may require the claim to be formally asserted by an affidavit from an agency official.

1.9 Under section 624 of the Department of Energy Organization Act (42 U.S.C. 7234) and in accordance with the Federal Advisory Committee Act (5 U.S.C. App. 2), nominate, appoint, renew the term of, and terminate the service of members of the Environmental Management Site Specific Advisory Board.

1.10 On matters pertaining to the Office of Civilian Radioactive Waste Management:

A. Sign all documents and take such other actions as may be necessary and appropriate for the submission for publication to the Federal Register of notices concerning actions undertaken to implement the authorities and functions provided in the Nuclear Waste Policy Act of 1982 (Public Law 97-425). The authority delegated does not include rulemaking authority.

B. Report and transmit, on a semi-annual basis, site characterization progress reports for the Yucca Mountain site in the State of Nevada to the Nuclear Regulatory Commission, the Governor and the legislature of the State of Nevada, and other interested parties including the United States Congress. The reports are required under section 113(b)(3) of the Nuclear Waste Policy Act of 1982, as amended (Public Law 97-425, as amended by Title V, Subtitle A, of Public Law 100-203). Any such report, which is issued by the Under Secretary pursuant to this Order, must be submitted for concurrence by the General Counsel and the Assistant Secretary for Congressional and Intergovernmental Affairs prior to its transmittal to the Nuclear Regulatory Commission, the Governor and the legislature of the State of Nevada, Congress, and other interested parties.

Each such report will be submitted to the Office of the Secretary at least one week prior to transmittal to the Nuclear Regulatory Commission, the Governor and the legislature of the State of Nevada.

1.11 Under section 91.b. of the Atomic Energy Act of 1954, as amended (42 U.S.C 2121), and National Security Decision Directive Number 282 (September 30, 1987) on matters related to the Office of Nuclear Energy, Science and Technology:

A. Authorize the transfer of special nuclear material to the Departments of the Army, Air Force, and Navy (Navy Facilities Engineering Command only) in such quantities and at such times as necessary for cores for new military reactors and for replacement cores for existing military reactors, and for miscellaneous purposes (other than use in atomic weapons) for which material, fabrication and new reactors the Congress shall have authorized funds.

B. Authorize the Departments of the Army, Air Force, and Navy to manufacture, produce or acquire utilization facilities, other than nuclear powered ships, for which Congress shall have authorized funds.

1.12 Under Title IV of Public Law 106-554 in reference to the American Museum of Science and Energy (Museum):

A. Accept and dispose of any gift, devise, or bequest of services or property, real or personal, valued at, or under $25,000, that is designated in a written document by the person making the gift, devise, or bequest as intended for the Museum and determine that such gift, devise, or bequest is suitable and beneficial for use by the Museum. The acceptance of any such gift, devise, or bequest must be concurred in by the Office of Chief Counsel, Oak Ridge Operations Office or the Office of the Assistant

General Counsel for General Law. All donations of any gift, devise, or bequest of services or property, real or personal, valued above $25,000, will be approved by the Secretary of Energy.

B. Operate a retail outlet on the premises of the Museum for the purpose of selling or distributing items that are relevant to the contents of the Museum and are informative, educational and tasteful.

C. Collect reasonable fees where feasible and appropriate, for admission to the Museum and use of Museum facilities for special meetings and events.

D. Exhibit, perform, display and publish materials and information of, or relating to, the Museum in any media or place.

E. Approve guidelines for leasing space on the premises of the Museum and lease space on the premises of the Museum at reasonable rates and for uses consistent with such guidelines.

F. Recruit, train and accept the services of individuals or entities as volunteers for services or activities related to the Museum.

G. Use the proceeds from the aforementioned activities to pay the costs of the Museum.

1.13 In reference to Energy Efficiency and Renewable Energy, on a nonexclusive basis:

A. Under the National Energy Conservation Policy Act (NECPA) Public Law 95-619, as amended:

1. Make determinations pursuant to sections 216(d)(1) and (2).

2. Grant waivers pursuant to section 216(e).

3. Exercise authorities vested in me pursuant to Title III, Parts 1 and 2, except the authority to suspend grants pursuant to sections 395(e) and 400(d) of the Energy Policy and Conservation Act, as amended.

4. Exercise authorities vested in me pursuant to Title V, Part 3 of NECPA, amended by the Federal Energy Management Improvement Act of 1988 (42 U.S.C. sections 8251-8261) except the authority to report annually to the Congress as required by section 548(b) of NECPA.

B. Under section 656 of the Department of Energy Organization Act, periodically publish a list of certain Executive Agency Conservation Officers (Public Law 95-91, 42 U.S.C. 7266). This authority may only be redelegated to the Assistant Secretary for Energy Efficiency and Renewable Energy.

C. Under 10 C.F.R. 451.2, serve as the Deciding Official for the Renewable Energy Production Incentive Program, as described in 10 C.F.R. Part 451. This authority may not be delegated beyond the Manager of the Golden Field Office. In exercising the authority in this paragraph, the delegate(s) shall be governed by the rules and procedures established in 10 C.F.R. Part 451.

D. With the concurrence of the General Counsel, request from the General Services Administration (GSA) that the Secretary of Energy be authorized to intervene in proceedings relating to utility matters before any Federal or State regulatory agency or commission in order to represent the consumer interests of executive agencies of the Federal Government in such proceedings and to intervene in such proceedings pursuant to an authorization received from GSA, subject to the concurrence and with the assistance of the General Counsel.

1.14 In reference to the Great Plains project under section 19(g)(2) of the Federal Nonnuclear Energy Research and Development Act of 1974 (Public Law 93-577, as amended by Public Law 95-238)(the Federal Nonnuclear Act) and as provided by section 646(a) of the Department of Energy Organization Act (Public Law 95-91):

A. Carry out all functions of the Contracting Officer as that term is defined in the Asset Purchase Agreement dated as of October 7, 1988, and amended as of October 31, 1988, February 16, 1994, and December 21, 1998, between the United States of America, Dakota Gasification Company, Dakota Coal Company and Basin Electric Power Cooperative, which was executed as part of the conveyance of the Department of Energy's interests in the Great Plains Coal Gasification Project in Beulah, North Dakota, to Dakota Gasification Company and Dakota Coal Company.

B. Undertake all actions that are necessary and proper, on behalf of the United States of America, acting by and through the Secretary of Energy, to administer all agreements and contracts entered into by the Department of Energy in connection with the conveyance of the Department's interests in the Great Plains project.

In exercising the authority delegated by this order, the delegate may act without regard to the provisions of the Federal Property and Administrative Services Act of 1949, as amended, except section 207 of that Act (40 U. S. C. 5488), or any other law, as specifically provided for by section 19(g)(2) of the Federal Nonnuclear Act, supra.

1.15 In reference to the Naval Petroleum Reserves:

A. Perform all functions vested in me by Subtitle B of the National Defense Authorization Act for Fiscal Year 1996 (Public Law 104-106) relating to the sale of Naval Petroleum Reserve Numbered 1, including the finalization of equity.

B. Perform the functions specified in 10 U.S.C. 7427 and 7428, and vested in me by the President of the United States in Executive Order No. 12929, in order to meet the goals and objectives of the Naval Petroleum Reserves.

C. Perform all functions vested in me by law (10 U.S.C. 7420-7439, including 10 U.S.C. 7420 note) relating to the administration of and jurisdiction over the Naval Petroleum Reserves, except for condemnation proceedings affecting such Reserves.

D. Perform all duties and responsibilities required by the Unit Plan Contract between the United States of America and Chevron U.S.A., Inc., numbered Nod-4219, dated June 19, 1944, as amended; the Amendatory and Supplemental Agreement, between the same parties, numbered Nod-8477, dated December 22, 1948, as amended; and the Agreement to Terminate the Unit Plan Contract, between the same parties, dated February 5, 1998.

E. Perform all duties and responsibilities relative to the disposition of the United States share of petroleum produced from the Naval Petroleum Reserves to or for the Department of Defense and the Strategic Petroleum Reserve pursuant to 10 U.S.C. 7430(k) and (l).

1.16 In reference to the regulation of imports and exports of natural gas:

A. Perform the functions vested in me by sections 301(b) and 402(f) of the Department of Energy Organization Act to regulate natural gas under section 3 of the Natural Gas Act, as amended by section 201 of the Energy Policy Act of 1992 (15 U.S.C. 717b):

1. Consistent with the authority delegated by this Order, the Under Secretary or a delegate may attach such terms and conditions to

import and export authorizations as the Under Secretary or a delegate shall determine to be appropriate.

2. The authority delegated by this Order does not include the authority to approve the construction and operation of particular facilities, the site at which such facilities shall be located, and, with respect to natural gas that involves the construction of new domestic facilities, the place of entry for imports or exit for exports, except the Under Secretary or a delegate is authorized to disapprove the construction and operation of particular facilities, the site at which such facilities shall be located, and, with respect to natural gas that involves the construction of new domestic facilities, the place of entry for imports or exit for exports.

B. Establish and review priorities for the curtailment of natural gas pursuant to the Natural Gas Act (15 U.S.C. 717), sections 401, 402, and 403 of the Natural Gas Policy Act of 1978 (Public Law 95-621, 15 U.S.C. 3391-3393); and consult with the Deputy Secretary concerning energy emergency-related curtailment policy guidance, as necessary or appropriate.

1.17 In reference to fuel use under the Powerplant and Industrial Fuel Use Act (FUA), (Public Law 95-620, 42 U.S.C. 8301 et seq.) as amended:

A. Monitor compliance with the prohibition against the construction of new powerplants without the capability to use coal or another alternate fuel as a primary energy source, pursuant to section 201 of FUA; grant or deny exemptions from such prohibition, pursuant to sections 211 through 214 of FUA; issue prohibitions against the use of oil or natural gas to certifying existing electric powerplants under section 301 of FUA; grant or deny exemptions to certifying existing electric powerplants under sections 311 through 314 of FUA; and take such other actions as may be necessary or appropriate to perform any of the above functions pursuant to section 701 of FUA.

B. Issue notices of effectiveness, modification or rescission to coal conversion orders issued pursuant to section 2 of the Energy Supply and Environmental Coordination Act of 1974 (Public Law 93-319, 15 U.S.C. 791 et seq.) as amended.

1.18 In reference to electric power regulations under the Federal Power Act (16 U.S.C. 791(a)-825(r)).

A. Investigate and determine, upon the Under Secretary's or a delegate's own motion or the request of any State commission, the cost of production or transmission of electric energy by means of facilities that are subject to the jurisdiction defined by section 201 of the Federal Power Act, as the Under Secretary or a delegate determines is necessary or appropriate to perform his functions, pursuant to the provisions of section 206(b) of the Federal Power Act.

B. Conduct investigations regarding the generation, transmission, distribution, and sale of electric energy, however produced, throughout the United States and its possessions, including the generation, transmission, distribution, and sale of electric energy by any agency, authority or instrumentality of the United States, or by any State or municipality or other political subdivision of a State, as the Under Secretary or a delegate determines is necessary or appropriate to perform his functions, pursuant to section 311 of the Federal Power Act.

C. Regulate the export of electric energy to a foreign country, pursuant to the provisions of sections 202(e) and 202(f) of the Federal Power Act; and authorize the construction, connection, operation and maintenance of facilities, at the borders of the United States, for the transmission of electric energy between the United States and a foreign country, pursuant to the provisions of Executive Order No. 10485, as amended by Executive Order No. 12038.

1.19 In reference to the former Federal Inspector for the Alaska Natural Gas Transportation System, perform the functions and authorities transferred to me by section 3012(b) of the Energy Policy Act of 1992 (Public Law 102-486). In exercising the authority delegated by this Order, the Under Secretary or a delegate shall be governed by the policies set forth in the Alaska Natural Gas Transportation Act of 1976 and in other authority transferred from the Federal Inspector, and, to the extent not inconsistent with the transferred authority, by the rules and regulations of the Department of Energy and the policies and procedures prescribed by the Secretary or the Secretary's delegate(s).

1.20 Participate in any proceeding before the Federal Energy Regulatory Commission, pursuant to the provisions of section 405 of the Department of Energy Organization Act (42 U.S.C. 7175), or in any proceeding before any Federal or State agency or commission whenever such participation is related to the exercise of authority delegated to the Under Secretary or a delegate.

1.21 Formulate and establish enforcement policy, initiate and conduct investigations, conduct conferences, administrative hearings and public hearings, prepare required reports, issue orders, and take such other action as may be necessary or appropriate to perform the functions in paragraphs 1.20 and 1.21.

1.22 For all programs assigned the Under Secretary for Energy, Science and Environment:

A. On a nonexclusive basis, authority to act as Senior Procurement Executive (as defined by 41 U.S.C. 414 and Executive Order No. 12931 "Federal Procurement Reform," October 13, 1994), with responsibility and authority to provide management direction of the procurement system; oversee development of procurement goals, guidelines, and innovation; measure and evaluate procurement office performance against stated goals; and enhance career development of the procurement workforce. This authority may only be redelegated to the Director, Office of Procurement and Assistance Management.

B. Enter into, approve, administer, modify, close-out, terminate, and take such other actions as may be necessary and appropriate with respect to any procurement transaction binding the Department of Energy to the obligation and expenditure of public funds (42 U.S.C. 7254, 7256).

C. Designate a task and delivery order ombudsman to perform the duties required by the Federal Acquisition Streamlining Act of 1994 (Title I, section 1054(a) of Public Law 103-355, 41 U.S.C. 253j(e)).

D. Designate a Senior Competition Advocate to perform the duties required by the Competition in Contracting Act of 1984, Public Law 98-369. This authority may only be redelegated to the Director, Office of Procurement and Assistance Management (41 U.S.C. 418, 48 C.F.R. 6.501, 48 C.F.R. 906.501).

E. Designate Contracting Activity Competition Advocates to perform the duties required by the Competition in Contracting Act of 1984, Public Law 98-369. This authority may be redelegated no lower than the Heads of Contracting Activities. A Contracting Activity Competition Advocate shall be appointed for each installation that has been delegated contracting authority (41 U.S.C. 418, 48 C.F.R. 6.501, 48 C.F.R. 906.501).

F. Assign contracting functions and responsibilities to another agency, and create joint or combined offices with another agency to exercise acquisition functions, without further delegation (41 U.S.C. 261, 48 C.F.R. 1.601, 48 C.F.R. 901.601).

G. Approve extraordinary contractual actions, not to exceed $50,000 to facilitate the national defense, pursuant to Public Law 85-804 and Executive Order No. 10789, as amended (48 C.F.R. 50.201).

H. Sign applications for permits to procure tax-free spirits from a distilled spirits plant for nonbeverage purposes for use by the Department, as authorized by 26 U.S.C. 5271.

I. Determine whether to utilize the authority contained in section 101(c) of the Defense Production Act of 1950, 50 U.S.C. App. 2071(c)(1994), as amended, to "maximize domestic energy supplies." This determination will be made after consultation with the General Counsel and the Assistant Secretary for Policy and International Affairs.

J. Designate Heads of Contracting Activities, subject to consultation with the Director, Office of Procurement and Assistance Management and such thresholds and other limitations as may be appropriate (48 C.F.R. 1.601, 48 C.F.R. 901.601). This authority may only be redelegated to the Director, Office of Procurement and Assistance Management.

2. RESCISSION. Delegation Orders 0204-10, 0204-16, 0204-19, 0204-67, 0204-72, 0204-84, 0204-103, 0204-109, 0204-111, 0204-116, 0204-117, 0204-122, 0204-127, 0204-133, 0204-134, 0204-137, 0204-145 paragraph 1.j., 0204-152, 0204-159, 0204-160, 0204-164, 0204-167, 0204-171, 0204-174, 00-029.00, and U.S. Department of Interior, Bureau of Mines memorandum of March 20, 1996 are hereby rescinded.

3. LIMITATION.

3.1 In exercising the authority delegated in this Order, a delegate shall be governed by the rules and regulations of the Department of Energy and the policies and procedures prescribed by the Secretary of delegate(s).

3.2 Nothing in this Order precludes the Secretary from exercising any of the authority delegated by this Order.

3.3 Nothing in this Order shall be construed to supersede or otherwise interfere with the authorities provided to the Administrator for Nuclear Security by law or by delegation. Furthermore, nothing herein constitutes authority to exercise authority, direction, or control of an employee of the National Nuclear Security Administration or its contractors.

3.4 Any amendments to this Order shall be in consultation with the Department of Energy General Counsel.

4. AUTHORITY TO REDELEGATE.

4.1 Except as expressly prohibited by law, regulation, or this Order, the Under Secretary for Energy, Science, and Environment may delegate this authority further, in whole or in part.

4.2 Copies of redelegations and any subsequent redelegations shall be provided to the Office of Management and Operations Support, which manages the Secretarial Delegations of Authority system.

5. DURATION AND EFFECTIVE DATE.

5.1 All actions pursuant to any authority delegated prior to this Order or pursuant to any authority delegated by this Order taken prior to and in effect on the date of this Order are ratified and remain in force as if taken under this Order, unless or until rescinded, amended or superseded.

5.2 This Order is effective December 6, 2001.

Spencer Abraham
Secretary of Energy