(d) For purposes of the provisions of title 5, United States Code, governing the Senior Executive Service, any reference in such provisions to the "appointing authority" for a member of the Senior Executive Service or for a Senior Executive Service position shall, if such member or position is or would be within the Office of an Inspector General, be deemed to be a reference to such Inspector General.

(Pub. L. 95–452, §6, Oct. 12, 1978, 92 Stat. 1104; Pub. L. 100–504, title I, §§107, 110(a), Oct. 18, 1988, 102 Stat. 2528, 2529.)

AMENDMENTS

1988—Subsec. (a)(5) to (9). Pub. L. 100–504, §107, added par. (5) and redesignated former pars. (5) to (8) as (6) to (9), respectively.

Subsec. (d). Pub. L. 100–504, §110(a), added subsec. (d).

EFFECTIVE DATE OF 1988 AMENDMENT

Amendment by Pub. L. 100–504 effective 180 days after Oct. 18, 1988, see section 113 of Pub. L. 100–504, set out as a note under section 5 of Pub. L. 95–452 in this Appendix.

REFERENCES IN OTHER LAWS TO GS–16, 17, OR 18 PAY RATES

References in laws to the rates of pay for GS–16, 17, or 18, or to maximum rates of pay under the General Schedule, to be considered references to rates payable under specified sections of this title, see section 529 [title I, §101(c)(1)] of Pub. L. 101–509, set out in a note under section 5376 of this title.

ESTABLISHMENT OF INSPECTORS GENERAL CRIMINAL INVESTIGATOR ACADEMY AND INSPECTORS GENERAL FORENSIC LABORATORY

Pub. L. 106–422, §2, Nov. 1, 2000, 114 Stat. 1873, provided that:

"(a) INSPECTORS GENERAL CRIMINAL INVESTIGATOR ACADEMY.—

"(1) ESTABLISHMENT.—There is established the Criminal Investigator Academy within the Department of the Treasury. The Criminal Investigator Academy is established for the purpose of performing investigator training services for offices of inspectors general created under the Inspector General Act of 1978 (5 U.S.C. App.).

"(2) EXECUTIVE DIRECTOR.—The Criminal Investigator Academy shall be administered by an Executive Director who shall report to an inspector general for an establishment as defined in section 11 of the Inspector General Act of 1978 (5 U.S.C. App.)—

"(A) designated by the President's Council on Integrity and Efficiency; or

"(B) if that council is eliminated, by a majority vote of the inspectors general created under the Inspector General Act of 1978 (5 U.S.C. App.).

"(b) INSPECTORS GENERAL FORENSIC LABORATORY.—

"(1) ESTABLISHMENT.—There is established the Inspectors General Forensic Laboratory within the Department of the Treasury. The Inspectors General Forensic Laboratory is established for the purpose of performing forensic services for offices of inspectors general created under the Inspector General Act of 1978 (5 U.S.C. App.).

"(2) EXECUTIVE DIRECTOR.—The Inspectors General Forensic Laboratory shall be administered by an Executive Director who shall report to an inspector general for an establishment as defined in section 11 of the Inspector General Act of 1978 (5 U.S.C. App.)—

"(A) designated by the President's Council on Integrity and Efficiency; or

"(B) if that council is eliminated, by a majority vote of the inspectors general created under the Inspector General Act of 1978 (5 U.S.C. App.).

"(c) SEPARATE APPROPRIATIONS ACCOUNT.—[Amended section 1105 of Title 31, Money and Finance.]

"(d) AUTHORIZATION OF APPROPRIATIONS.—There are authorized to carry out this section such sums as may be necessary for fiscal year 2001 and each fiscal year thereafter."

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in title 7 section 2270; title 20 section 1082; title 22 section 3929; title 38 section 7366; title 42 section 1320a–7c; title 44 section 3903.

**§7. Complaints by employees; disclosure of identity; reprisals**

(a) The Inspector General may receive and investigate complaints or information from an employee of the establishment concerning the possible existence of an activity constituting a violation of law, rules, or regulations, or mismanagement, gross waste of funds, abuse of authority or a substantial and specific danger to the public health and safety.

(b) The Inspector General shall not, after receipt of a complaint or information from an employee, disclose the identity of the employee without the consent of the employee, unless the Inspector General determines such disclosure is unavoidable during the course of the investigation.

(c) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority, take or threaten to take any action against any employee as a reprisal for making a complaint or disclosing information to an Inspector General, unless the complaint was made or the information disclosed with the knowledge that it was false or with willful disregard for its truth or falsity.

(Pub. L. 95–452, §7, Oct. 12, 1978, 92 Stat. 1105.)

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in title 15 section 657; title 44 section 3903.

**§8. Additional provisions with respect to the Inspector General of the Department of Defense**

(a) No member of the Armed Forces, active or reserve, shall be appointed Inspector General of the Department of Defense.

(b)(1) Notwithstanding the last two sentences of section 3(a), the Inspector General shall be under the authority, direction, and control of the Secretary of Defense with respect to audits or investigations, or the issuance of subpoenas, which require access to information concerning—

(A) sensitive operational plans;

(B) intelligence matters;

(C) counterintelligence matters;

(D) ongoing criminal investigations by other administrative units of the Department of Defense related to national security; or

(E) other matters the disclosure of which would constitute a serious threat to national security.

(2) With respect to the information described in paragraph (1) the Secretary of Defense may prohibit the Inspector General from initiating, carrying out, or completing any audit or investigation, or from issuing any subpoena, after the

Inspector General has decided to initiate, carry out or complete such audit or investigation or to issue such subpoena, if the Secretary determines that such prohibition is necessary to preserve the national security interests of the United States.

(3) If the Secretary of Defense exercises any power under paragraph (1) or (2), the Inspector General shall submit a statement concerning such exercise within thirty days to the Committees on Armed Services and Governmental Affairs of the Senate and the Committee on Armed Services and the Committee on Government Reform and Oversight of the House of Representatives and to other appropriate committees or subcommittees of the Congress.

(4) The Secretary shall, within thirty days after submission of a statement under paragraph (3), transmit a statement of the reasons for the exercise of power under paragraph (1) or (2) to the congressional committees specified in paragraph (3) and to other appropriate committees or subcommittees.

(c) In addition to the other duties and responsibilities specified in this Act, the Inspector General of the Department of Defense shall—

(1) be the principal adviser to the Secretary of Defense for matters relating to the prevention and detection of fraud, waste, and abuse in the programs and operations of the Department;

(2) initiate, conduct, and supervise such audits and investigations in the Department of Defense (including the military departments) as the Inspector General considers appropriate;

(3) provide policy direction for audits and investigations relating to fraud, waste, and abuse and program effectiveness;

(4) investigate fraud, waste, and abuse uncovered as a result of other contract and internal audits, as the Inspector General considers appropriate;

(5) develop policy, monitor and evaluate program performance, and provide guidance with respect to all Department activities relating to criminal investigation programs;

(6) monitor and evaluate the adherence of Department auditors to internal audit, contract audit, and internal review principles, policies, and procedures;

(7) develop policy, evaluate program performance, and monitor actions taken by all components of the Department in response to contract audits, internal audits, internal review reports, and audits conducted by the Comptroller General of the United States;

(8) request assistance as needed from other audit, inspection, and investigative units of the Department of Defense (including military departments); and

(9) give particular regard to the activities of the internal audit, inspection, and investigative units of the military departments with a view toward avoiding duplication and insuring effective coordination and cooperation.

(d) Notwithstanding section 4(d), the Inspector General of the Department of Defense shall expeditiously report suspected or alleged violations of chapter 47 of title 10, United States Code (Uniform Code of Military Justice), to the Secretary of the military department concerned or the Secretary of Defense.

(e) For the purposes of section 7, a member of the Armed Forces shall be deemed to be an employee of the Department of Defense, except that, when the Coast Guard operates as a service of another department or agency of the Federal Government, a member of the Coast Guard shall be deemed to be an employee of such department or agency.

(f)(1) Each semiannual report prepared by the Inspector General of the Department of Defense under section 5(a) shall include information concerning the numbers and types of contract audits conducted by the Department during the reporting period. Each such report shall be transmitted by the Secretary of Defense to the Committees on Armed Services and Governmental Affairs of the Senate and the Committee on Armed Services and the Committee on Government Reform and Oversight of the House of Representatives and to other appropriate committees or subcommittees of the Congress.

(2) Any report required to be transmitted by the Secretary of Defense to the appropriate committees or subcommittees of the Congress under section 5(d) shall also be transmitted, within the seven-day period specified in such section, to the congressional committees specified in paragraph (1).

(g) The provisions of section 1385 of title 18, United States Code, shall not apply to audits and investigations conducted by, under the direction of, or at the request of the Inspector General of the Department of Defense to carry out the purposes of this Act.

(Pub. L. 95–452, §8, Oct. 12, 1978, 92 Stat. 1105; Pub. L. 97–252, title XI, §1117(b), Sept. 8, 1982, 96 Stat. 751; Pub. L. 100–504, title I, §110(b), Oct. 18, 1988, 102 Stat. 2529; Pub. L. 104–106, div. A, title XV, §1502(f)(6), Feb. 10, 1996, 110 Stat. 510; Pub. L. 106–65, div. A, title X, §1067(17), Oct. 5, 1999, 113 Stat. 775.)

AMENDMENTS

1999—Subsecs. (b)(3), (f)(1). Pub. L. 106–65 substituted "and the Committee on Armed Services" for "and the Committee on National Security".

1996—Subsec. (b)(3). Pub. L. 104–106, §1502(f)(6)(A), substituted "Committee on National Security and the Committee on Government Reform and Oversight" for "Committees on Armed Services and Government Operations".

Subsec. (b)(4). Pub. L. 104–106, §1502(f)(6)(B), substituted "congressional committees specified in paragraph (3)" for "Committees on Armed Services and Governmental Affairs of the Senate and the Committees on Armed Services and Government Operations of the House of Representatives".

Subsec. (f)(1). Pub. L. 104–106, §1502(f)(6)(C), substituted "Committee on National Security and the Committee on Government Reform and Oversight" for "Committees on Armed Services and Government Operations".

Subsec. (f)(2). Pub. L. 104–106, §1502(f)(6)(D), substituted "congressional committees specified in paragraph (1)" for "Committees on Armed Services and Governmental Affairs of the Senate and the Committees on Armed Services and Government Operations of the House of Representatives".

1988—Subsec. (e). Pub. L. 100–504 inserted provision at end that when Coast Guard operates as service of another department or agency of Federal Government, member of Coast Guard shall be deemed employee of such department or agency.

1982—Pub. L. 97–252 amended section generally, substituting additional provisions relating to the Inspector General of the Department of Defense for provisions relating to semiannual reports of Secretary of Defense on audit, investigative, and inspection units of Defense Department, availability of such reports to the public, exclusion of national security material, delegation of the Secretary's duties, submittal of proposed legislation, the establishment of a task force to study operation of audit, investigative and inspection units, membership in the task force, and the submission of a comprehensive report by the task force to the Secretary of Defense and Director of Office of Management and Budget, who were to submit a final report to Congress not later than April 1, 1980.

CHANGE OF NAME

Committee on Government Reform and Oversight of House of Representatives changed to Committee on Government Reform of House of Representatives by House Resolution No. 5, One Hundred Sixth Congress, Jan. 6, 1999.

EFFECTIVE DATE OF 1988 AMENDMENT

Amendment by Pub. L. 100–504 effective 180 days after Oct. 18, 1988, see section 113 of Pub. L. 100–504, set out as a note under section 5 of Pub. L. 95–452 in this Appendix.

## § 8A. Special provisions relating to the Agency for International Development

(a) In addition to the other duties and responsibilities specified in this Act, the Inspector General of the Agency for International Development shall supervise, direct, and control all security activities relating to the programs and operations of that Agency, subject to the supervision of the Administrator of that Agency.[1]

(b) In addition to the Assistant Inspector Generals provided for in section 3(d) of this Act, the Inspector General of the Agency for International Development shall, in accordance with applicable laws and regulations governing the civil service, appoint an Assistant Inspector General for Security who shall have the responsibility for supervising the performance of security activities relating to programs and operations of the Agency for International Development.

(c) In addition to the officers and employees provided for in section 6(a)(6) of this Act, members of the Foreign Service may, at the request of the Inspector General of the Agency for International Development, be assigned as employees of the Inspector General. Members of the Foreign Service so assigned shall be responsible solely to the Inspector General, and the Inspector General (or his or her designee) shall prepare the performance evaluation reports for such members.

(d) In establishing and staffing field offices pursuant to section 6(c) of this Act, the Administrator of the Agency for International Development shall not be bound by overseas personnel ceilings established under the Monitoring Overseas Direct Employment policy.

(e) The Inspector General of the Agency for International Development shall be in addition to the officers provided for in section 624(a) of the Foreign Assistance Act of 1961 [22 U.S.C. 2384(a)].

(f) As used in this Act, the term "Agency for International Development" includes any successor agency primarily responsible for administering part I of the Foreign Assistance Act of 1961 [22 U.S.C. 2151 et seq.].[1]

(Pub. L. 95–452, § 8A, as added Pub. L. 97–113, title VII, § 705(a)(3), Dec. 29, 1981, 95 Stat. 1544; amended Pub. L. 105–277, div. G, subdiv. A, title XIV, § 1422(b)(2), Oct. 21, 1998, 112 Stat. 2681–792; Pub. L. 106–113, div. B, § 1000(a)(7) [div. A, title II, § 205], Nov. 29, 1999, 113 Stat. 1536, 1501A–422.)

REFERENCES IN TEXT

The Foreign Assistance Act of 1961, referred to in subsec. (f), is Pub. L. 87–195, Sept. 4, 1961, 75 Stat. 424, as amended. Part I of the Foreign Assistance Act of 1961 is classified generally to subchapter I (§ 2151 et seq.) of chapter 32 of Title 22, Foreign Relations and Intercourse. For complete classification of this Act to the Code, see Short Title note set out under section 2151 of Title 22 and Tables.

AMENDMENTS

1999—Subsec. (a). Pub. L. 106–113, § 1000(a)(7) [title II, § 205(a)], which directed the amendment of subsec. (a) by striking "and" at the end of par. (1), striking the period at the end of par. (2) and inserting "; and", and adding a new par. (3) to read: "shall supervise, direct, and control audit and investigative activities relating to programs and operations within the Inter-American Foundation and the African Development Foundation.", could not be executed because of the prior amendment by Pub. L. 105–277, § 1422(b)(2)(A). See 1998 Amendment note below.

Subsec. (f). Pub. L. 106–113, § 1000(a)(7) [title II, § 205(b)], which directed insertion of ", an employee of the Inter-American Foundation, and an employee of the African Development Foundation" before period at end, was not executed because of the prior amendment by Pub. L. 105–277, § 1422(b)(2)(B), (C), which struck out the subsec. (f) to which the amendment was to be made. See 1998 Amendment note below.

1998—Subsec. (a). Pub. L. 105–277, § 1422(b)(2)(A), struck out dash after "Agency for International Development", struck out par. (1) designation before "shall supervise", substituted period for "; and" after "Administrator of that Agency", and struck out par. (2) which read as follows: "to the extent requested by the Director of the United States International Development Cooperation Agency (after consultation with the Administrator of the Agency for International Development), shall supervise, direct, and control all audit, investigative, and security activities relating to programs and operations within the United States International Development Cooperation Agency."

Subsecs. (c) to (h). Pub. L. 105–277, § 1422(b)(2)(B), (C), redesignated subsecs. (d), (e), (g), and (h) as (c), (d), (e), and (f), respectively, and struck out former subsecs. (c) and (f) which read as follows:

"(c) The semiannual reports required to be submitted to the Administrator of the Agency for International Development pursuant to section 5(b) of this Act shall also be submitted to the Director of the United States International Development Cooperation Agency.

"(f) The reference in section 7(a) of this Act to an employee of the establishment shall, with respect to the Inspector General of the Agency for International Development, be construed to include an employee of or under the United States International Development Cooperation Agency."

EFFECTIVE DATE OF 1998 AMENDMENT

Amendment by Pub. L. 105–277 effective Apr. 1, 1999, see section 1401 of Pub. L. 105–277, set out as an Effective Date note under section 6561 of Title 22, Foreign Relations and Intercourse.

[1] See 1999 Amendment note below.

### § 8B. Special provisions concerning the Nuclear Regulatory Commission

(a) The Chairman of the Commission may delegate the authority specified in the second sentence of section 3(a) to another member of the Nuclear Regulatory Commission, but shall not delegate such authority to any other officer or employee of the Commission.

(b) Notwithstanding sections 6(a)(7) and (8), the Inspector General of the Nuclear Regulatory Commission is authorized to select, appoint, and employ such officers and employees as may be necessary for carrying out the functions, powers and duties of the Office of Inspector General and to obtain the temporary or intermittent services of experts or consultants or an organization thereof, subject to the applicable laws and regulations that govern such selections, appointments and employment, and the obtaining of such services, within the Nuclear Regulatory Commission.

(Pub. L. 95–452, § 8B, as added Pub. L. 100–504, title I, § 102(f), Oct. 18, 1988, 102 Stat. 2517.)

EFFECTIVE DATE

Section effective 180 days after Oct. 18, 1988, see section 113 of Pub. L. 100–504, set out as an Effective Date of 1988 Amendment note under section 5 of Pub. L. 95–452 in this Appendix.

### § 8C. Special provisions concerning the Federal Deposit Insurance Corporation

(a) DELEGATION.—The Chairperson of the Federal Deposit Insurance Corporation may delegate the authority specified in the second sentence of section 3(a) to the Vice Chairperson of the Board of Directors of the Federal Deposit Insurance Corporation, but may not delegate such authority to any other officer or employee of the Corporation.

(b) PERSONNEL.—Notwithstanding paragraphs (7) and (8) of section 6(a), the Inspector General of the Federal Deposit Insurance Corporation may select, appoint, and employ such officers and employees as may be necessary for carrying out the functions, powers, and duties of the Office of Inspector General and to obtain the temporary or intermittent services of experts or consultants or an organization of experts or consultants, subject to the applicable laws and regulations that govern such selections, appointments, and employment, and the obtaining of such services, within the Federal Deposit Insurance Corporation.

(Pub. L. 95–452, § 8C, as added Pub. L. 103–204, § 23(a)(2), Dec. 17, 1993, 107 Stat. 2407.)

PRIOR PROVISIONS

A prior section 8C of the Inspector General Act of 1978 was renumbered section 8D by Pub. L. 103–204.

### § 8D. Special provisions concerning the Department of the Treasury

(a)(1) Notwithstanding the last two sentences of section 3(a), the Inspector General of the Department of the Treasury shall be under the authority, direction, and control of the Secretary of the Treasury with respect to audits or investigations, or the issuance of subpenas, which require access to sensitive information concerning—

(A) ongoing criminal investigations or proceedings;

(B) undercover operations;

(C) the identity of confidential sources, including protected witnesses;

(D) deliberations and decisions on policy matters, including documented information used as a basis for making policy decisions, the disclosure of which could reasonably be expected to have a significant influence on the economy or market behavior;

(E) intelligence or counterintelligence matters; or

(F) other matters the disclosure of which would constitute a serious threat to national security or to the protection of any person or property authorized protection by section 3056 of title 18, United States Code, section 202 of title 3, United States Code, or any provision of the Presidential Protection Assistance Act of 1976 (18 U.S.C. 3056 note; Public Law 94–524).

(2) With respect to the information described under paragraph (1), the Secretary of the Treasury may prohibit the Inspector General of the Department of the Treasury from carrying out or completing any audit or investigation, or from issuing any subpena, after such Inspector General has decided to initiate, carry out, or complete such audit or investigation or to issue such subpena, if the Secretary determines that such prohibition is necessary to prevent the disclosure of any information described under paragraph (1) or to prevent significant impairment to the national interests of the United States.

(3) If the Secretary of the Treasury exercises any power under paragraph (1) or (2), the Secretary of the Treasury shall notify the Inspector General of the Department of the Treasury in writing stating the reasons for such exercise. Within 30 days after receipt of any such notice, the Inspector General of the Department of the Treasury shall transmit a copy of such notice to the Committees on Governmental Affairs and Finance of the Senate and the Committees on Government Operations and Ways and Means of the House of Representatives, and to other appropriate committees or subcommittees of the Congress.

(4) The Secretary of the Treasury may not exercise any power under paragraph (1) or (2) with respect to the Treasury Inspector General for Tax Administration.

(b)(1) In carrying out the duties and responsibilities specified in this Act, the Inspector General of the Department of the Treasury shall have oversight responsibility for the internal investigations performed by the Office of Internal Affairs of the Bureau of Alcohol, Tobacco and Firearms, the Office of Internal Affairs of the United States Customs Service, and the Office of Inspections of the United States Secret Service,.[1] The head of each such office shall promptly report to the Inspector General of the Department of the Treasury the significant activities being carried out by such office.

(2) The Inspector General of the Department of the Treasury shall exercise all duties and responsibilities of an Inspector General for the De-

[1] So in original.

partment of the Treasury other than the duties and responsibilities exercised by the Treasury Inspector General for Tax Administration.

(3) The Secretary of the Treasury shall establish procedures under which the Inspector General of the Department of the Treasury and the Treasury Inspector General for Tax Administration will—

(A) determine how audits and investigations are allocated in cases of overlapping jurisdiction; and

(B) provide for coordination, cooperation, and efficiency in the conduct of such audits and investigations.

(c) Notwithstanding subsection (b), the Inspector General of the Department of the Treasury may initiate, conduct and supervise such audits and investigations in the Department of the Treasury (including the bureaus and services referred to in subsection (b)) as the Inspector General of the Department of the Treasury considers appropriate.

(d) If the Inspector General of the Department of the Treasury initiates an audit or investigation under subsection (c) concerning a bureau or service referred to in subsection (b), the Inspector General of the Department of the Treasury may provide the head of the office of such bureau or service referred to in subsection (b) with written notice that the Inspector General of the Department of the Treasury has initiated such an audit or investigation. If the Inspector General of the Department of the Treasury issues a notice under the preceding sentence, no other audit or investigation shall be initiated into the matter under audit or investigation by the Inspector General of the Department of the Treasury and any other audit or investigation of such matter shall cease.

(e)(1) The Treasury Inspector General for Tax Administration shall have access to returns and return information, as defined in section 6103(b) of the Internal Revenue Code of 1986 [26 U.S.C. 6103(b)], only in accordance with the provisions of section 6103 of such Code [26 U.S.C. 6103] and this Act.

(2) The Internal Revenue Service shall maintain the same system of standardized records or accountings of all requests from the Treasury Inspector General for Tax Administration for inspection or disclosure of returns and return information (including the reasons for and dates of such requests), and of returns and return information inspected or disclosed pursuant to such requests, as described under section 6103(p)(3)(A) of the Internal Revenue Code of 1986 [26 U.S.C. 6103(p)(3)(A)]. Such system of standardized records or accountings shall also be available for examination in the same manner as provided under section 6103(p)(3) of the Internal Revenue Code of 1986.

(3) The Treasury Inspector General for Tax Administration shall be subject to the same safeguards and conditions for receiving returns and return information as are described under section 6103(p)(4) of the Internal Revenue Code of 1986 [26 U.S.C. 6103(p)(4)].

(f) An audit or investigation conducted by the Inspector General of the Department of the Treasury or the Treasury Inspector General for Tax Administration shall not affect a final decision of the Secretary of the Treasury or his delegate under section 6406 of the Internal Revenue Code of 1986 [26 U.S.C. 6406].

(g)(1) Any report required to be transmitted by the Secretary of the Treasury to the appropriate committees or subcommittees of the Congress under section 5(d) shall also be transmitted, within the seven-day period specified under such section, to the Committees on Governmental Affairs and Finance of the Senate and the Committees on Government Reform and Oversight and Ways and Means of the House of Representatives.

(2) Any report made by the Treasury Inspector General for Tax Administration that is required to be transmitted by the Secretary of the Treasury to the appropriate committees or subcommittees of Congress under section 5(d) shall also be transmitted, within the 7-day period specified under such subsection, to the Internal Revenue Service Oversight Board and the Commissioner of Internal Revenue.

(h) The Treasury Inspector General for Tax Administration shall exercise all duties and responsibilities of an Inspector General of an establishment with respect to the Department of the Treasury and the Secretary of the Treasury on all matters relating to the Internal Revenue Service. The Treasury Inspector General for Tax Administration shall have sole authority under this Act to conduct an audit or investigation of the Internal Revenue Service Oversight Board and the Chief Counsel for the Internal Revenue Service.

(i) In addition to the requirements of the first sentence of section 3(a), the Treasury Inspector General for Tax Administration should have demonstrated ability to lead a large and complex organization.

(j) An individual appointed to the position of Treasury Inspector General for Tax Administration, the Assistant Inspector General for Auditing of the Office of the Treasury Inspector General for Tax Administration under section 3(d)(1), the Assistant Inspector General for Investigations of the Office of the Treasury Inspector General for Tax Administration under section 3(d)(2), or any position of Deputy Inspector General of the Office of the Treasury Inspector General for Tax Administration may not be an employee of the Internal Revenue Service—

(1) during the 2-year period preceding the date of appointment to such position; or

(2) during the 5-year period following the date such individual ends service in such position.

(k)(1) In addition to the duties and responsibilities exercised by an inspector general of an establishment, the Treasury Inspector General for Tax Administration—

(A) shall have the duty to enforce criminal provisions under section 7608(b) of the Internal Revenue Code of 1986 [26 U.S.C. 7608(b)];

(B) in addition to the functions authorized under section 7608(b)(2) of such Code, may carry firearms;

(C) shall be responsible for protecting the Internal Revenue Service against external attempts to corrupt or threaten employees of the Internal Revenue Service, but shall not be responsible for the conducting of background

checks and the providing of physical security; and

(D) may designate any employee in the Office of the Treasury Inspector General for Tax Administration to enforce such laws and perform such functions referred to under subparagraphs (A), (B), and (C).

(2)(A) In performing a law enforcement function under paragraph (1), the Treasury Inspector General for Tax Administration shall report any reasonable grounds to believe there has been a violation of Federal criminal law to the Attorney General at an appropriate time as determined by the Treasury Inspector General for Tax Administration, notwithstanding section 4(d).

(B) In the administration of section 5(d) and subsection (g)(2) of this section, the Secretary of the Treasury may transmit the required report with respect to the Treasury Inspector General for Tax Administration at an appropriate time as determined by the Secretary, if the problem, abuse, or deficiency relates to—

(i) the performance of a law enforcement function under paragraph (1); and

(ii) sensitive information concerning matters under subsection (a)(1)(A) through (F).

(3) Nothing in this subsection shall be construed to affect the authority of any other person to carry out or enforce any provision specified in paragraph (1).

(*l*)(1) The Commissioner of Internal Revenue or the Internal Revenue Service Oversight Board may request, in writing, the Treasury Inspector General for Tax Administration to conduct an audit or investigation relating to the Internal Revenue Service. If the Treasury Inspector General for Tax Administration determines not to conduct such audit or investigation, the Inspector General shall timely provide a written explanation for such determination to the person making the request.

(2)(A) Any final report of an audit conducted by the Treasury Inspector General for Tax Administration shall be timely submitted by the Inspector General to the Commissioner of Internal Revenue and the Internal Revenue Service Oversight Board.

(B) The Treasury Inspector General for Tax Administration shall periodically submit to the Commissioner and Board a list of investigations for which a final report has been completed by the Inspector General and shall provide a copy of any such report upon request of the Commissioner or Board.

(C) This paragraph applies regardless of whether the applicable audit or investigation is requested under paragraph (1).

(Pub. L. 95–452, §8D, formerly §8C, as added Pub. L. 100–504, title I, §102(f), Oct. 18, 1988, 102 Stat. 2518; renumbered §8D, Pub. L. 103–204, §23(a)(3), Dec. 17, 1993, 107 Stat. 2408; amended Pub. L. 105–206, title I, §1103(b), (e)(1), (2), July 22, 1998, 112 Stat. 705, 709.)

REFERENCES IN TEXT

The Presidential Protection Assistance Act of 1976, referred to in subsec. (a)(1)(F), is Pub. L. 94–524, Oct. 17, 1976, 90 Stat. 2475, which enacted and amended notes set out under section 3056 of Title 18, Crimes and Criminal Procedure. For complete classification of this Act to the Code, see Tables.

PRIOR PROVISIONS

A prior section 8D of the Inspector General Act of 1978 was renumbered section 8E by Pub. L. 103–204.

AMENDMENTS

1998—Subsec. (a)(1). Pub. L. 105–206, §1103(e)(2)(A)(i), inserted "of the Department of the Treasury" after "Inspector General" in introductory provisions.

Subsec. (a)(2). Pub. L. 105–206, §1103(e)(2)(A)(ii), inserted "of the Department of the Treasury" after "prohibit the Inspector General".

Subsec. (a)(3). Pub. L. 105–206, §1103(e)(2)(A)(iii), inserted "of the Department of the Treasury" after "Inspector General" in two places.

Subsec. (a)(4). Pub. L. 105–206, §1103(b)(1), added par. (4).

Subsec. (b). Pub. L. 105–206, §1103(e)(1), (2)(B), struck out "and the internal audits and internal investigations performed by the Office of Assistant Commissioner (Inspection) of the Internal Revenue Service" after "United States Secret Service," in first sentence, and inserted "of the Department of the Treasury" after "Inspector General" in second sentence.

Pub. L. 105–206, §1103(b)(2), designated existing provisions as par. (1) and added pars. (2) and (3).

Subsecs. (c), (d). Pub. L. 105–206, §1103(e)(2)(C), inserted "of the Department of the Treasury" after "Inspector General" wherever appearing.

Subsec. (e)(1). Pub. L. 105–206, §1103(b)(3)(A), substituted "Treasury Inspector General for Tax Administration" for "Inspector General".

Subsec. (e)(2). Pub. L. 105–206, §1103(b)(3)(B), (C), redesignated subpar. (C) as par. (2), substituted "Treasury Inspector General for Tax Administration" for "Inspector General", and struck out former par. (2) introductory provisions and subpars. (A) and (B), which required written notice to Assistant Commissioner (Inspection) of Inspector General's intent to access returns and return information, that such notice indicate specific returns or information being accessed, contain certification of need for purpose described under section 6103(h)(1) of this title, and identify those employees who may receive such returns or information. Former subpar. (D) redesignated par. (3).

Subsec. (e)(3). Pub. L. 105–206, §1103(b)(3)(D), redesignated subpar. (D) of par. (2) as par. (3) and substituted "Treasury Inspector General for Tax Administration" for "Inspector General".

Subsec. (f). Pub. L. 105–206, §1103(b)(4), substituted "Inspector General of the Department of the Treasury or the Treasury Inspector General for Tax Administration" for "Inspector General".

Subsec. (g). Pub. L. 105–206, §1103(b)(5), struck out subsec. (g) which read as follows: "Notwithstanding section 4(d), in matters involving chapter 75 of the Internal Revenue Code of 1986, the Inspector General shall report expeditiously to the Attorney General only offenses under section 7214 of such Code, unless the Inspector General obtains the consent of the Commissioner of Internal Revenue to exercise additional reporting authority with respect to such chapter."

Subsec. (g)(1). Pub. L. 105–206, §1103(b)(6)(A), (B), redesignated subsec. (h) as (g)(1) and substituted "and the Committees on Government Reform and Oversight and Ways and Means of the House of Representatives" for "and the Committees on Government Operations and Ways and Means of the House of Representatives".

Subsec. (g)(2). Pub. L. 105–206, §1103(b)(6)(C), added par. (2).

Subsecs. (h) to (*l*). Pub. L. 105–206, §1103(b)(7), added subsecs. (h) to (*l*). Former subsec. (h) redesignated (g)(1).

CHANGE OF NAME

Committee on Government Operations of House of Representatives treated as referring to Committee on

Government Reform and Oversight of House of Representatives by section 1(a) of Pub. L. 104–14, set out as a note under section 21 of Title 2, The Congress. Committee on Government Reform and Oversight of House of Representatives changed to Committee on Government Reform of House of Representatives by House Resolution No. 5, One Hundred Sixth Congress, Jan. 6, 1999.

EFFECTIVE DATE

Section effective 180 days after Oct. 18, 1988, see section 113 of Pub. L. 100–504, set out as an Effective Date of 1988 Amendment note under section 5 of Pub. L. 95–452 in this Appendix.

## § 8E. Special provisions concerning the Department of Justice

(a)(1) Notwithstanding the last two sentences of section 3(a), the Inspector General shall be under the authority, direction, and control of the Attorney General with respect to audits or investigations, or the issuance of subpenas, which require access to sensitive information concerning—

(A) ongoing civil or criminal investigations or proceedings;

(B) undercover operations;

(C) the identity of confidential sources, including protected witnesses;

(D) intelligence or counterintelligence matters; or

(E) other matters the disclosure of which would constitute a serious threat to national security.

(2) With respect to the information described under paragraph (1), the Attorney General may prohibit the Inspector General from carrying out or completing any audit or investigation, or from issuing any subpena, after such Inspector General has decided to initiate, carry out, or complete such audit or investigation or to issue such subpena, if the Attorney General determines that such prohibition is necessary to prevent the disclosure of any information described under paragraph (1) or to prevent the significant impairment to the national interests of the United States.

(3) If the Attorney General exercises any power under paragraph (1) or (2), the Attorney General shall notify the Inspector General in writing stating the reasons for such exercise. Within 30 days after receipt of any such notice, the Inspector General shall transmit a copy of such notice to the Committees on Governmental Affairs and Judiciary of the Senate and the Committees on Government Operations and Judiciary of the House of Representatives, and to other appropriate committees or subcommittees of the Congress.

(b) In carrying out the duties and responsibilities specified in this Act, the Inspector General of the Department of Justice—

(1) may initiate, conduct and supervise such audits and investigations in the Department of Justice as the Inspector General considers appropriate;

(2) shall give particular regard to the activities of the Counsel, Office of Professional Responsibility of the Department and the audit, internal investigative, and inspection units outside the Office of Inspector General with a view toward avoiding duplication and insuring effective coordination and cooperation; and

(3) shall refer to the Counsel, Office of Professional Responsibility of the Department for investigation, information or allegations relating to the conduct of an officer or employee of the Department of Justice employed in an attorney, criminal investigative, or law enforcement position that is or may be a violation of law, regulation, or order of the Department or any other applicable standard of conduct, except that no such referral shall be made if the officer or employee is employed in the Office of Professional Responsibility of the Department.

(c) Any report required to be transmitted by the Attorney General to the appropriate committees or subcommittees of the Congress under section 5(d) shall also be transmitted, within the seven-day period specified under such section, to the Committees on the Judiciary and Governmental Affairs of the Senate and the Committees on the Judiciary and Government Operations of the House of Representatives.

(Pub. L. 95–452, § 8E, formerly § 8D, as added Pub. L. 100–504, title I, § 102(f), Oct. 18, 1988, 102 Stat. 2520; renumbered § 8E, Pub. L. 103–204, § 23(a)(3), Dec. 17, 1993, 107 Stat. 2408.)

PRIOR PROVISIONS

A prior section 8E of the Inspector General Act of 1978, relating to special provisions concerning the Corporation for National and Community Service, was renumbered section 8F by Pub. L. 103–204.

Another prior section 8E of the Inspector General Act of 1978, relating to requirements for Federal entities and designated Federal entities, was successively renumbered section 8F by Pub. L. 103–82, and section 8G by Pub. L. 103–204.

CHANGE OF NAME

Committee on Government Operations of House of Representatives treated as referring to Committee on Government Reform and Oversight of House of Representatives by section 1(a) of Pub. L. 104–14, set out as a note under section 21 of Title 2, The Congress. Committee on Government Reform and Oversight of House of Representatives changed to Committee on Government Reform of House of Representatives by House Resolution No. 5, One Hundred Sixth Congress, Jan. 6, 1999.

EFFECTIVE DATE

Section effective 180 days after Oct. 18, 1988, see section 113 of Pub. L. 100–504, set out as an Effective Date of 1988 Amendment note under section 5 of Pub. L. 95–452 in this Appendix.

TRANSFER OF 20 INVESTIGATION POSITIONS WITHIN DEPARTMENT OF JUSTICE

Section 102(h) of Pub. L. 100–504 provided that: "No later than 90 days after the date of appointment of the Inspector General of the Department of Justice, the Inspector General shall designate 20 full-time investigation positions which the Attorney General may transfer from the Office of Inspector General of the Department of Justice to the Office of Professional Responsibility of the Department of Justice for the performance of functions described under section 8D(b)(3) [now 8E(b)(3)] of the Inspector General Act of 1978 [subsec. (b)(3) of this section]. Any personnel who are transferred pursuant to this subsection, and who, at the time of being so transferred, are protected from reduction in classification or compensation under section 9(c) of such Act [section 9(c) of Pub. L. 95–452, set out in this Appendix], shall continue to be so protected for 1 year after the date of transfer pursuant to this subsection."

### § 8F. Special provisions concerning the Corporation for National and Community Service

(a) Notwithstanding the provisions of paragraphs (7) and (8) of section 6(a), it is within the exclusive jurisdiction of the Inspector General of the Corporation for National and Community Service to—

(1) appoint and determine the compensation of such officers and employees in accordance with section 195(b)[1] of the National and Community Service Trust Act of 1993; and

(2) procure the temporary and intermittent services of and compensate such experts and consultants, in accordance with section 3109(b) of title 5, United States Code,

as may be necessary to carry out the functions, powers, and duties of the Inspector General.

(b) No later than the date on which the Chief Executive Officer of the Corporation for National and Community Service transmits any report to the Congress under subsection (a) or (b) of section 5, the Chief Executive Officer shall transmit such report to the Board of Directors of such Corporation.

(c) No later than the date on which the Chief Executive Officer of the Corporation for National and Community Service transmits a report described under section 5(b) to the Board of Directors as provided under subsection (b) of this section, the Chief Executive Officer shall also transmit any audit report which is described in the statement required under section 5(b)(4) to the Board of Directors. All such audit reports shall be placed on the agenda for review at the next scheduled meeting of the Board of Directors following such transmittal. The Chief Executive Officer of the Corporation shall be present at such meeting to provide any information relating to such audit reports.

(d) No later than the date on which the Inspector General of the Corporation for National and Community Service reports a problem, abuse, or deficiency under section 5(d) to the Chief Executive Officer of the Corporation, the Chief Executive Officer shall report such problem, abuse, or deficiency to the Board of Directors.

(Pub. L. 95–452, § 8F, formerly § 8E, as added Pub. L. 103–82, title II, § 202(g)(1), Sept. 21, 1993, 107 Stat. 889; renumbered § 8F, Pub. L. 103–204, § 23(a)(3), Dec. 17, 1993, 107 Stat. 2408.)

REFERENCES IN TEXT

Section 195(b) of the National and Community Service Trust Act of 1993, referred to in subsec. (a)(1), probably means section 195(b) of the National and Community Service Act of 1990, Pub. L. 101–610, which was enacted by section 202(a) of the National and Community Service Trust Act of 1993, Pub. L. 103–82, and is classified to section 12651f(b) of Title 42, The Public Health and Welfare.

CODIFICATION

Pub. L. 103–204, § 23(a)(4), Dec. 17, 1993, 107 Stat. 2408, which directed the amendment of section 8F(a)(2) by striking out "the Federal Deposit Insurance Corporation,", could not be executed to this section because the quoted language does not appear. However, the amendment was executed to section 8G(a)(2) of the Inspector General Act of 1978 relating to requirements for Federal entities and designated Federal entities, to reflect the probable intent of Congress and the successive renumbering of that section as section 8F by Pub. L. 103–82 and as section 8G by Pub. L. 103–204.

PRIOR PROVISIONS

A prior section 8F of the Inspector General Act of 1978, relating to requirements for Federal entities and designated Federal entities, was renumbered section 8G by Pub. L. 103–204.

Another prior section 8F of the Inspector General Act of 1978, relating to rule of construction of special provisions, was renumbered section 8I.

EFFECTIVE DATE

Section effective Oct. 1, 1993, see section 202(i) of Pub. L. 103–82, set out as a note under section 12651 of Title 42, The Public Health and Welfare.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in title 42 sections 12651b, 12651d, 12651f.

### § 8G. Requirements for Federal entities and designated Federal entities

(a) Notwithstanding section 11 of this Act, as used in this section—

(1) the term "Federal entity" means any Government corporation (within the meaning of section 103(1) of title 5, United States Code), any Government controlled corporation (within the meaning of section 103(2) of such title), or any other entity in the Executive branch of the Government, or any independent regulatory agency, but does not include—

(A) an establishment (as defined under section 11(2) of this Act) or part of an establishment;

(B) a designated Federal entity (as defined under paragraph (2) of this subsection) or part of a designated Federal entity;

(C) the Executive Office of the President;

(D) the Central Intelligence Agency;

(E) the General Accounting Office; or

(F) any entity in the judicial or legislative branches of the Government, including the Administrative Office of the United States Courts and the Architect of the Capitol and any activities under the direction of the Architect of the Capitol;

(2) the term "designated Federal entity" means Amtrak, the Appalachian Regional Commission, the Board of Governors of the Federal Reserve System, the Board for International Broadcasting, the Commodity Futures Trading Commission, the Consumer Product Safety Commission, the Corporation for Public Broadcasting, the Denali Commission, the Equal Employment Opportunity Commission, the Farm Credit Administration, the Federal Communications Commission, the Federal Election Commission, the Federal Housing Finance Board, the Federal Labor Relations Authority, the Federal Maritime Commission, the Federal Trade Commission, the Legal Services Corporation, the National Archives and Records Administration, the National Credit Union Administration, the National Endowment for the Arts, the National Endowment for the Humanities, the National Labor Relations Board, the National Science Foundation, the Panama Canal Commission,

[1] See References in Text note below.

the Peace Corps, the Pension Benefit Guaranty Corporation, the Securities and Exchange Commission, the Smithsonian Institution, the United States International Trade Commission, and the United States Postal Service;

(3) the term "head of the Federal entity" means any person or persons designated by statute as the head of a Federal entity, and if no such designation exists, the chief policymaking officer or board of a Federal entity as identified in the list published pursuant to subsection (h)(1) of this section;

(4) the term "head of the designated Federal entity" means any person or persons designated by statute as the head of a designated Federal entity and if no such designation exists, the chief policymaking officer or board of a designated Federal entity as identified in the list published pursuant to subsection (h)(1) of this section, except that—

(A) with respect to the National Science Foundation, such term means the National Science Board; and

(B) with respect to the United States Postal Service, such term means the Governors (within the meaning of section 102(3) of title 39, United States Code);

(5) the term "Office of Inspector General" means an Office of Inspector General of a designated Federal entity; and

(6) the term "Inspector General" means an Inspector General of a designated Federal entity.

(b) No later than 180 days after the date of the enactment of this section [Oct. 18, 1988], there shall be established and maintained in each designated Federal entity an Office of Inspector General. The head of the designated Federal entity shall transfer to such office the offices, units, or other components, and the functions, powers, or duties thereof, that such head determines are properly related to the functions of the Office of Inspector General and would, if so transferred, further the purposes of this section. There shall not be transferred to such office any program operating responsibilities.

(c) Except as provided under subsection (f) of this section, the Inspector General shall be appointed by the head of the designated Federal entity in accordance with the applicable laws and regulations governing appointments within the designated Federal entity.

(d) Each Inspector General shall report to and be under the general supervision of the head of the designated Federal entity, but shall not report to, or be subject to supervision by, any other officer or employee of such designated Federal entity. The head of the designated Federal entity shall not prevent or prohibit the Inspector General from initiating, carrying out, or completing any audit or investigation, or from issuing any subpena during the course of any audit or investigation.

(e) If an Inspector General is removed from office or is transferred to another position or location within a designated Federal entity, the head of the designated Federal entity shall promptly communicate in writing the reasons for any such removal or transfer to both Houses of the Congress.

(f)(1) For purposes of carrying out subsection (c) with respect to the United States Postal Service, the appointment provisions of section 202(e) of title 39, United States Code, shall be applied.

(2) In carrying out the duties and responsibilities specified in this Act, the Inspector General of the United States Postal Service (hereinafter in this subsection referred to as the "Inspector General") shall have oversight responsibility for all activities of the Postal Inspection Service, including any internal investigation performed by the Postal Inspection Service. The Chief Postal Inspector shall promptly report the significant activities being carried out by the Postal Inspection Service to such Inspector General.

(3)(A)(i)[1] Notwithstanding subsection (d), the Inspector General shall be under the authority, direction, and control of the Governors with respect to audits or investigations, or the issuance of subpoenas, which require access to sensitive information concerning—

(I) ongoing civil or criminal investigations or proceedings;

(II) undercover operations;

(III) the identity of confidential sources, including protected witnesses;

(IV) intelligence or counterintelligence matters; or

(V) other matters the disclosure of which would constitute a serious threat to national security.

(ii) With respect to the information described under clause (i), the Governors may prohibit the Inspector General from carrying out or completing any audit or investigation, or from issuing any subpoena, after such Inspector General has decided to initiate, carry out, or complete such audit or investigation or to issue such subpoena, if the Governors determine that such prohibition is necessary to prevent the disclosure of any information described under clause (i) or to prevent the significant impairment to the national interests of the United States.

(iii) If the Governors exercise any power under clause (i) or (ii), the Governors shall notify the Inspector General in writing stating the reasons for such exercise. Within 30 days after receipt of any such notice, the Inspector General shall transmit a copy of such notice to the Committee on Governmental Affairs of the Senate and the Committee on Government Reform and Oversight of the House of Representatives, and to other appropriate committees or subcommittees of the Congress.

(B) In carrying out the duties and responsibilities specified in this Act, the Inspector General—

(i) may initiate, conduct and supervise such audits and investigations in the United States Postal Service as the Inspector General considers appropriate; and

(ii) shall give particular regard to the activities of the Postal Inspection Service with a view toward avoiding duplication and insuring effective coordination and cooperation.

(C) Any report required to be transmitted by the Governors to the appropriate committees or

[1] So in original. Two pars. (3) have been enacted.

subcommittees of the Congress under section
5(d) shall also be transmitted, within the seven-
day period specified under such section, to the
Committee on Governmental Affairs of the Sen-
Committee on Government Reform
ate and the Committee on Government Reform
and Oversight of the House of Representatives.
(3)[1] Nothing in this Act shall restrict, elimi-
nate, or otherwise adversely affect any of the
rights, privileges, or benefits of either employ-
ees of the United States Postal Service, or labor
organizations representing employees of the
United States Postal Service, under chapter 12
of title 39, United States Code, the National
Labor Relations Act, any handbook or manual
affecting employee labor relations with the
United States Postal Service, or any collective
bargaining agreement.
(4) As used in this subsection, the term "Gov-
ernors" has the meaning given such term by sec-
tion 102(3) of title 39, United States Code.
(g)(1) Sections 4, 5, 6 (other than subsections
(a)(7) and (a)(8) thereof), and 7 of this Act shall
apply to each Inspector General and Office of In-
spector General of a designated Federal entity
and such sections shall be applied to each des-
ignated Federal entity and head of the des-
ignated Federal entity (as defined under sub-
section (a)) by substituting—
(A) "designated Federal entity" for "estab-
lishment"; and
(B) "head of the designated Federal entity"
for "head of the establishment".
(2) In addition to the other authorities speci-
fied in this Act, an Inspector General is author-
ized to select, appoint, and employ such officers
and employees as may be necessary for carrying
out the functions, powers, and duties of the Of-
fice of Inspector General and to obtain the tem-
porary or intermittent services of experts or
consultants or an organization thereof, subject
to the applicable laws and regulations that gov-
ern such selections, appointments, and employ-
ment, and the obtaining of such services, within
the designated Federal entity.
(3) Notwithstanding the last sentence of sub-
section (d) of this section, the provisions of sub-
section (a) of section 8C (other than the provi-
sions of subparagraphs (A), (B), (C), and (E) of
subsection (a)(1)) shall apply to the Inspector
General of the Board of Governors of the Federal
Reserve System and the Chairman of the Board
of Governors of the Federal Reserve System in
the same manner as such provisions apply to the
Inspector General of the Department of the
Treasury and the Secretary of the Treasury, re-
spectively.
(h)(1) No later than April 30, 1989, and annually
thereafter, the Director of the Office of Manage-
ment and Budget, after consultation with the
Comptroller General of the United States, shall
publish in the Federal Register a list of the Fed-
eral entities and designated Federal entities and
the head of each such entity (as defined under
subsection (a) of this section).
(2) Beginning on October 31, 1989, and on Octo-
ber 31 of each succeeding calendar year, the head
of each Federal entity (as defined under sub-
section (a) of this section) shall prepare and
transmit to the Director of the Office of Man-
agement and Budget and to each House of the
Congress a report which—
(A) states whether there has been estab-
lished in the Federal entity an office that
meets the requirements of this section;
(B) specifies the actions taken by the Fed-
eral entity otherwise to ensure that audits are
conducted of its programs and operations in
accordance with the standards for audit of
governmental organizations, programs, activi-
ties, and functions issued by the Comptroller
General of the United States, and includes a
list of each audit report completed by a Fed-
eral or non-Federal auditor during the report-
ing period and a summary of any particularly
significant findings; and
(C) summarizes any matters relating to the
personnel, programs, and operations of the
Federal entity referred to prosecutive authori-
ties, including a summary description of any
preliminary investigation conducted by or at
the request of the Federal entity concerning
these matters, and the prosecutions and con-
victions which have resulted.

(Pub. L. 95–452, § 8G, formerly § 8E, as added Pub.
L. 100–504, title I, § 104(a), Oct. 18, 1988, 102 Stat.
2522; amended Pub. L. 101–73, title VII, § 702(c),
Aug. 9, 1989, 103 Stat. 415; renumbered § 8F and
amended Pub. L. 103–82, title II, § 202(g)(1), (2)(A),
Sept. 21, 1993, 107 Stat. 889, 890; renumbered § 8G
and amended Pub. L. 103–204, § 23(a)(3), (4), Dec.
17, 1993, 107 Stat. 2408; Pub. L. 104–88, title III,
§ 319, Dec. 29, 1995, 109 Stat. 949; Pub. L. 104–208,
div. A, title I, § 101(f) [title VI, § 662(b)(1), (2)],
Sept. 30, 1996, 110 Stat. 3009–314, 3009–379; Pub. L.
105–134, title IV, § 409(a)(1), Dec. 2, 1997, 111 Stat.
2586; Pub. L. 105–277, div. C, title III, § 306(h), as
added Pub. L. 106–31, title I, § 105(a)(5), May 21,
1999, 113 Stat. 63; Pub. L. 106–422, § 1(b)(1), Nov. 1,
2000, 114 Stat. 1872.)

AMENDMENT OF SUBSECTION (a)(2)

*Pub. L. 105–134, title IV, § 409(a), Dec. 2, 1997,
111 Stat. 2586, provided that effective at begin-
ning of first fiscal year after fiscal year for
which Amtrak receives no Federal subsidy, sub-
section (a)(2) of this section is amended by
striking "Amtrak,".*

REFERENCES IN TEXT

The National Labor Relations Act, referred to in sub-
sec. (f)(3), is act July 5, 1935, ch. 372, 49 Stat. 449, as
amended, which is classified generally to subchapter II
(§ 151 et seq.) of chapter 7 of Title 29, Labor. For com-
plete classification of this Act to the Code, see section
167 of Title 29 and Tables.

PRIOR PROVISIONS

A prior section 8G of the Inspector General Act of
1978 was renumbered section 8I.

AMENDMENTS

2000—Subsec. (a)(2). Pub. L. 106–422 struck out "the
Tennessee Valley Authority," before "the United
States International Trade Commission,".
1999—Subsec. (a)(2). Pub. L. 105–277, § 306(h), as added
by Pub. L. 106–31, inserted "the Denali Commission,"
after "the Corporation for Public Broadcasting,".
1996—Subsec. (a)(4). Pub. L. 104–208, § 101(f) [title VI,
§ 662(b)(1)], substituted "except that—" and subpars. (A)
and (B) for "except that with respect to the National
Science Foundation, such term means the National
Science Board;".
Subsec. (f). Pub. L. 104–208, § 101(f) [title VI,
§ 662(b)(2)], amended subsec. (f) generally. Prior to
amendment, subsec. (f) read as follows:

"(1) The Chief Postal Inspector of the United States Postal Service shall also hold the position of Inspector General of the United States Postal Service, and for purposes of this section, shall report to, and be under the general supervision of, the Postmaster General of the United States Postal Service. The Postmaster General, in consultation with the Governors of the United States Postal Service, shall appoint the Chief Postal Inspector. The Postmaster General, with the concurrence of the Governors of the United States Postal Service, shall have power to remove the Chief Postal Inspector or transfer the Chief Postal Inspector to another position or location within the United States Postal Service. If the Chief Postal Inspector is removed or transferred in accordance with this subsection, the Postmaster General shall promptly notify both Houses of the Congress in writing of the reasons for such removal or transfer.

"(2) For purposes of paragraph (1), the term 'Governors' has the same meaning as such term is defined under section 102(3) of title 39, United States Code."

1995—Subsec. (a)(2). Pub. L. 104–88 struck out "the Interstate Commerce Commission," after "Federal Trade Commission,".

1993—Subsec. (a)(2). Pub. L. 103–204, §23(a)(4), which directed the amendment of section 8F(a)(2) by striking "the Federal Deposit Insurance Corporation,", was executed by striking the quoted language as it appeared after "Federal Communications Commission," in subsec. (a)(2) of this section, to reflect the probable intent of Congress and the successive renumbering of this section as section 8F of the Inspector General Act of 1978 by Pub. L. 103–82 and as section 8G by Pub. L. 103–204. See Codification note set out under section 8F of the Inspector General Act of 1978 in this Appendix.

Pub. L. 103–82, §202(g)(2)(A), struck out "ACTION," before "Amtrak,".

1989—Subsec. (a)(2). Pub. L. 101–73 substituted "Federal Housing Finance Board" for "Federal Home Loan Bank Board".

CHANGE OF NAME

Committee on Government Reform and Oversight of House of Representatives changed to Committee on Government Reform of House of Representatives by House Resolution No. 5, One Hundred Sixth Congress, Jan. 6, 1999.

EFFECTIVE DATE OF 2000 AMENDMENT

Pub. L. 106–422, §1(d), Nov. 1, 2000, 114 Stat. 1872, provided that:

"(1) IN GENERAL.—The amendments made by this section [amending this section, section 11 of this Appendix, and section 5315 of this title and enacting provisions set out as a note under this section] shall take effect 30 days after the date of enactment of this Act [Nov. 1, 2000].

"(2) INSPECTOR GENERAL.—The person serving as Inspector General of the Tennessee Valley Authority on the effective date of this section—

"(A) may continue such service until the President makes an appointment under section 3(a) of the Inspector General Act of 1978 (5 U.S.C. App.) consistent with the amendments made by this section; and

"(B) shall be subject to section 8G(c) and (d) of the Inspector General Act of 1978 (5 U.S.C. App.) as applicable to the Board of Directors of the Tennessee Valley Authority, unless that person is appointed by the President, by and with the advice and consent of the Senate, to be Inspector General of the Tennessee Valley Authority."

EFFECTIVE DATE OF 1997 AMENDMENT

Section 409(a)(2) of Pub. L. 105–134 provided that: "The amendment made by paragraph (1) [amending this section] shall take effect at the beginning of the first fiscal year after a fiscal year for which Amtrak receives no Federal subsidy."

EFFECTIVE DATE OF 1995 AMENDMENT

Amendment by Pub. L. 104–88 effective Jan. 1, 1996, see section 2 of Pub. L. 104–88, set out as an Effective Date note under section 701 of Title 49, Transportation.

EFFECTIVE DATE OF 1993 AMENDMENT

Section 202(g)(2)(B) of Pub. L. 103–82 provided that: "This paragraph [amending this section] shall take effect on the effective date of section 203(c)(2)." [Section 203(c)(2) of Pub. L. 103–82 is effective 18 months after Sept. 21, 1993, or on such earlier date as the President shall determine to be appropriate and announce by proclamation in the Federal Register, see section 203(d) of Pub. L. 103–82, set out as a note under section 12651 of Title 42, The Public Health and Welfare.]

EFFECTIVE DATE

Section effective 180 days after Oct. 18, 1988, see section 113 of Pub. L. 100–504, set out as an Effective Date of 1988 Amendment note under section 5 of Pub. L. 95–452 in this Appendix.

TENNESSEE VALLEY AUTHORITY; FINDINGS

Pub. L. 106–422, §1(a), Nov. 1, 2000, 114 Stat. 1872, provided that: "Congress finds that—

"(1) Inspectors General serve an important function in preventing and eliminating fraud, waste, and abuse in the Federal Government; and

"(2) independence is vital for an Inspector General to function effectively."

INSPECTOR GENERAL OF FEMA AS INSPECTOR GENERAL OF CHEMICAL SAFETY AND HAZARD INVESTIGATION BOARD

Pub. L. 106–377, §1(a)(1) [title III], Oct. 27, 2000, 114 Stat. 1441, 1441A–36, provided in part: "That there shall be an Inspector General at the [Chemical Safety and Hazard Investigation] Board who shall have the duties, responsibilities, and authorities specified in the Inspector General Act of 1978, as amended [Pub. L. 95–452, set out in this Appendix]: *Provided further*, That an individual appointed to the position of Inspector General of the Federal Emergency Management Agency (FEMA) shall, by virtue of such appointment, also hold the position of Inspector General of the Board: *Provided further*, That the Inspector General of the Board shall utilize personnel of the Office of Inspector General of FEMA in performing the duties of the Inspector General of the Board, and shall not appoint any individuals to positions within the Board."

Pub. L. 106–377, §1(a)(1) [title III], Oct. 27, 2000, 114 Stat. 1441, 1441A–46, provided in part: "That notwithstanding any other provision of law, the Inspector General of the Federal Emergency Management Agency shall also serve as the Inspector General of the Chemical Safety and Hazard Investigation Board."

AMTRAK NOT FEDERAL ENTITY; FEDERAL SUBSIDY

Section 409(b), (c) of Pub. L. 105–134 provided that:

"(b) AMTRAK NOT FEDERAL ENTITY.—Amtrak shall not be considered a Federal entity for purposes of the Inspector General Act of 1978 [Pub. L. 95–452, set out in this Appendix]. The preceding sentence shall apply for any fiscal year for which Amtrak receives no Federal subsidy.

"(c) FEDERAL SUBSIDY.—

"(1) ASSESSMENT.—In any fiscal year for which Amtrak requests Federal assistance, the Inspector General of the Department of Transportation shall review Amtrak's operations and conduct an assessment similar to the assessment required by section 202(a) [Pub. L. 105–134, 49 U.S.C. 24101 note]. The Inspector General shall report the results of the review and assessment to—

"(A) the President of Amtrak;

"(B) the Secretary of Transportation;

"(C) the United States Senate Committee on Appropriations;

"(D) the United States Senate Committee on Commerce, Science, and Transportation;

"(E) the United States House of Representatives Committee on Appropriations; and

"(F) the United States House of Representatives Committee on Transportation and Infrastructure.

"(2) REPORT.—The report shall be submitted, to the extent practicable, before any such committee reports legislation authorizing or appropriating funds for Amtrak for capital acquisition, development, or operating expenses.

"(3) SPECIAL EFFECTIVE DATE.—This subsection takes effect 1 year after the date of enactment of this Act [Dec. 2, 1997]."

REPORT ON IMPLEMENTATION

Section 111 of Pub. L. 100-504 directed the head of each designated Federal entity (as defined under subsec. (a)(2) of this section) to submit, on Oct. 31, 1989, to Director of Office of Management and Budget and to each House of Congress a report on status of implementation by that entity of the requirements of section 8E of the Inspector General Act of 1978.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in title 39 sections 202, 1003; title 41 section 254d; title 42 section 8262f.

## § 8H. Additional provisions with respect to Inspectors General of the Intelligence Community

(a)(1)(A) An employee of the Defense Intelligence Agency, the National Imagery and Mapping Agency, the National Reconnaissance Office, or the National Security Agency, or of a contractor of any of those Agencies, who intends to report to Congress a complaint or information with respect to an urgent concern may report the complaint or information to the Inspector General of the Department of Defense (or designee).

(B) An employee of the Federal Bureau of Investigation, or of a contractor of the Bureau, who intends to report to Congress a complaint or information with respect to an urgent concern may report the complaint or information to the Inspector General of the Department of Justice (or designee).

(C) Any other employee of, or contractor to, an executive agency, or element or unit thereof, determined by the President under section 2302(a)(2)(C)(ii) of title 5, United States Code, to have as its principal function the conduct of foreign intelligence or counterintelligence activities, who intends to report to Congress a complaint or information with respect to an urgent concern may report the complaint or information to the appropriate Inspector General (or designee) under this Act or section 17 of the Central Intelligence Agency Act of 1949 [50 U.S.C. 403q].

(2) If a designee of an Inspector General under this section receives a complaint or information of an employee with respect to an urgent concern, that designee shall report the complaint or information to the Inspector General within 7 calendar days of receipt.

(b) Not later than the end of the 14-calendar day period beginning on the date of receipt of an employee complaint or information under subsection (a), the Inspector General shall determine whether the complaint or information appears credible. If the Inspector General determines that the complaint or information appears credible, the Inspector General shall, before the end of such period, transmit the complaint or information to the head of the establishment.

(c) Upon receipt of a transmittal from the Inspector General under subsection (b), the head of the establishment shall, within 7 calendar days of such receipt, forward such transmittal to the intelligence committees, together with any comments the head of the establishment considers appropriate.

(d)(1) If the Inspector General does not transmit, or does not transmit in an accurate form, the complaint or information described in subsection (b), the employee (subject to paragraph (2)) may submit the complaint or information to Congress by contacting either or both of the intelligence committees directly.

(2) The employee may contact the intelligence committees directly as described in paragraph (1) only if the employee—

(A) before making such a contact, furnishes to the head of the establishment, through the Inspector General, a statement of the employee's complaint or information and notice of the employee's intent to contact the intelligence committees directly; and

(B) obtains and follows from the head of the establishment, through the Inspector General, direction on how to contact the intelligence committees in accordance with appropriate security practices.

(3) A member or employee of one of the intelligence committees who receives a complaint or information under paragraph (1) does so in that member or employee's official capacity as a member or employee of that committee.

(e) The Inspector General shall notify an employee who reports a complaint or information under this section of each action taken under this section with respect to the complaint or information. Such notice shall be provided not later than 3 days after any such action is taken.

(f) An action taken by the head of an establishment or an Inspector General under this section shall not be subject to judicial review.

(g) In this section:

(1) The term "urgent concern" means any of the following:

(A) A serious or flagrant problem, abuse, violation of law or Executive order, or deficiency relating to the funding, administration, or operations of an intelligence activity involving classified information, but does not include differences of opinions concerning public policy matters.

(B) A false statement to Congress, or a willful withholding from Congress, on an issue of material fact relating to the funding, administration, or operation of an intelligence activity.

(C) An action, including a personnel action described in section 2302(a)(2)(A) of title 5, United States Code, constituting reprisal or threat of reprisal prohibited under section 7(c) in response to an employee's reporting an urgent concern in accordance with this section.

(2) The term "intelligence committees" means the Permanent Select Committee on

Intelligence of the House of Representatives and the Select Committee on Intelligence of the Senate.

(Pub. L. 95–452, § 8H, as added Pub. L. 105–272, title VII, § 702(b)(1), Oct. 20, 1998, 112 Stat. 2415.)

PRIOR PROVISIONS

A prior section 8H of the Inspector General Act of 1978 was renumbered section 8I.

CONGRESSIONAL FINDINGS

Pub. L. 105–272, title VII, § 701(b), Oct. 20, 1998, 112 Stat. 2413, provided that: "The Congress finds that—

"(1) national security is a shared responsibility, requiring joint efforts and mutual respect by Congress and the President;

"(2) the principles of comity between the branches of Government apply to the handling of national security information;

"(3) Congress, as a co-equal branch of Government, is empowered by the Constitution to serve as a check on the executive branch; in that capacity, it has a 'need to know' of allegations of wrongdoing within the executive branch, including allegations of wrongdoing in the Intelligence Community;

"(4) no basis in law exists for requiring prior authorization of disclosures to the intelligence committees of Congress by employees of the executive branch of classified information about wrongdoing within the Intelligence Community;

"(5) the risk of reprisal perceived by employees and contractors of the Intelligence Community for reporting serious or flagrant problems to Congress may have impaired the flow of information needed by the intelligence committees to carry out oversight responsibilities; and

"(6) to encourage such reporting, an additional procedure should be established that provides a means for such employees and contractors to report to Congress while safeguarding the classified information involved in such reporting."

## § 8I. Rule of construction of special provisions

The special provisions under section 8, 8A, 8B, 8C, 8D, 8E, 8F, or 8H of this Act relate only to the establishment named in such section and no inference shall be drawn from the presence or absence of a provision in any such section with respect to an establishment not named in such section or with respect to a designated Federal entity as defined under section 8G(a).

(Pub. L. 95–452, § 8I, formerly § 8F, as added Pub. L. 100–504, title I, § 105, Oct. 18, 1988, 102 Stat. 2525; renumbered § 8G and amended Pub. L. 103–82, title II, § 202(g)(1), (5)(B), Sept. 21, 1993, 107 Stat. 889, 890; renumbered § 8H, Pub. L. 104–208, div. A, title I, § 101(f) [title VI, § 662(b)(3)], Sept. 30, 1996, 110 Stat. 3009–314, 3009–380; Pub. L. 105–206, title I, § 1103(e)(3), July 22, 1998, 112 Stat. 709; renumbered § 8I and amended Pub. L. 105–272, title VII, § 702(b), Oct. 20, 1998, 112 Stat. 2415.)

CODIFICATION

Pub. L. 105–206, § 1103(e)(3)(A), which directed that this section be renumbered as 8H, could not be executed because of a prior renumbering by Pub. L. 104–208.

AMENDMENTS

1998—Pub. L. 105–272, § 702(b)(2), which directed the amendment of this section by substituting "8E, or 8H" for "or 8E", was executed by substituting ", 8F, or 8H" for "or 8F", to reflect the probable intent of Congress and the amendment by Pub. L. 105–206, § 1103(e)(3)(B). See below.

Pub. L. 105–206, § 1103(e)(3)(C), substituted "section 8G(a)" for "section 8F(a)".

Pub. L. 105–206, § 1103(e)(3)(B), substituted "8E or 8F" for "or 8E".

1993—Pub. L. 103–82, § 202(g)(5)(B), substituted "8D, or 8E" for "or 8D" and "section 8F(a)" for "section 8E(a)".

EFFECTIVE DATE OF 1993 AMENDMENT

Amendment by section 202(g)(5)(B) of Pub. L. 103–82 effective Oct. 1, 1993, see section 202(i) of Pub. L. 103–82, set out as an Effective Date note under section 12651 of Title 42, The Public Health and Welfare.

EFFECTIVE DATE

Section effective 180 days after Oct. 18, 1988, see section 113 of Pub. L. 100–504, set out as an Effective Date of 1988 Amendment note under section 5 of Pub. L. 95–452 in this Appendix.

## § 9. Transfer of functions

(a) There shall be transferred—

(1) to the Office of Inspector General—

(A) of the Department of Agriculture, the offices of that department referred to as the "Office of Investigation" and the "Office of Audit";

(B) of the Department of Commerce, the offices of that department referred to as the "Office of Audits" and the "Investigations and Inspections Staff" and that portion of the office referred to as the "Office of Investigations and Security" which has responsibility for investigation of alleged criminal violations and program abuse;

(C) of the Department of Defense, the offices of that department referred to as the "Defense Audit Service" and the "Office of Inspector General, Defense Logistics Agency", and that portion of the office of that department referred to as the "Defense Investigative Service" which has responsibility for the investigation of alleged criminal violations;

(D) of the Department of Education, all functions of the Inspector General of Health, Education, and Welfare or of the Office of Inspector General of Health, Education, and Welfare relating to functions transferred by section 301 of the Department of Education Organization Act [20 U.S.C. 3441];

(E) of the Department of Energy, the Office of Inspector General (as established by section 208 of the Department of Energy Organization Act);

(F) of the Department of Health and Human Services, the Office of Inspector General (as established by title II of Public Law 94–505);

(G) of the Department of Housing and Urban Development, the office of that department referred to as the "Office of Inspector General";

(H) of the Department of the Interior, the office of that department referred to as the "Office of Audit and Investigation";

(I) of the Department of Justice, the offices of that Department referred to as (i) the "Audit Staff, Justice Management Division", (ii) the "Policy and Procedures Branch, Office of the Comptroller, Immigration and Naturalization Service", the "Office of Professional Responsibility, Immigra-

tion and Naturalization Service", and the "Office of Program Inspections, Immigration and Naturalization Service", (iii) the "Office of Internal Inspection, United States Marshals Service", (iv) the "Financial Audit Section, Office of Financial Management, Bureau of Prisons" and the "Office of Inspections, Bureau of Prisons", and (v) from the Drug Enforcement Administration, that portion of the "Office of Inspections" which is engaged in internal audit activities, and that portion of the "Office of Planning and Evaluation" which is engaged in program review activities;

(J) of the Department of Labor, the office of that department referred to as the "Office of Special Investigations";

(K) of the Department of Transportation, the offices of that department referred to as the "Office of Investigations and Security" and the "Office of Audit" of the Department, the "Offices of Investigations and Security, Federal Aviation Administration", and "External Audit Divisions, Federal Aviation Administration", the "Investigations Division and the External Audit Division of the Office of Program Review and Investigation, Federal Highway Administration", and the "Office of Program Audits, Urban Mass Transportation Administration";

(L)(i) of the Department of the Treasury, the office of that department referred to as the "Office of Inspector General", and, notwithstanding any other provision of law, that portion of each of the offices of that department referred to as the "Office of Internal Affairs, Bureau of Alcohol, Tobacco, and Firearms", the "Office of Internal Affairs, United States Customs Service", and the "Office of Inspections, United States Secret Service" which is engaged in internal audit activities; and

(ii) of the Treasury Inspector General for Tax Administration, effective 180 days after the date of the enactment of the Internal Revenue Service Restructuring and Reform Act of 1998 [July 22, 1998], the Office of Chief Inspector of the Internal Revenue Service;

(M) of the Environmental Protection Agency, the offices of that agency referred to as the "Office of Audit" and the "Security and Inspection Division";

(N) of the Federal Emergency Management Agency, the office of that agency referred to as the "Office of Inspector General";

(O) of the General Services Administration, the offices of that agency referred to as the "Office of Audits" and the "Office of Investigations";

(P) of the National Aeronautics and Space Administration, the offices of that agency referred to as the "Management Audit Office" and the "Office of Inspections and Security";

(Q) of the Nuclear Regulatory Commission, the office of that commission referred to as the "Office of Inspector and Auditor";

(R) of the Office of Personnel Management, the offices of that agency referred to as the "Office of Inspector General", the "Insurance Audits Division, Retirement and Insurance Group", and the "Analysis and Evaluation Division, Administration Group";

(S) of the Railroad Retirement Board, the Office of Inspector General (as established by section 23 of the Railroad Retirement Act of 1974);

(T) of the Small Business Administration, the office of that agency referred to as the "Office of Audits and Investigations";

(U) of the Veterans' Administration, the offices of that agency referred to as the "Office of Audits" and the "Office of Investigations"; and[1]

(V) of the Corporation for National and Community Service, the Office of Inspector General of ACTION;[1]

(W) of the Social Security Administration, the functions of the Inspector General of the Department of Health and Human Services which are transferred to the Social Security Administration by the Social Security Independence and Program Improvements Act of 1994 (other than functions performed pursuant to section 105(a)(2) of such Act), except that such transfers shall be made in accordance with the provisions of such Act and shall not be subject to subsections (b) through (d) of this section; and

(2) such other offices or agencies, or functions, powers, or duties thereof, as the head of the establishment involved may determine are properly related to the functions of the Office and would, if so transferred, further the purposes of this Act,

except that there shall not be transferred to an Inspector General under paragraph (2) program operating responsibilities.

(b) The personnel, assets, liabilities, contracts, property, records, and unexpended balances of appropriations, authorizations, allocations, and other funds employed, held, used, arising from, available or to be made available, of any office or agency the functions, powers, and duties of which are transferred under subsection (a) are hereby transferred to the applicable Office of Inspector General.

(c) Personnel transferred pursuant to subsection (b) shall be transferred in accordance with applicable laws and regulations relating to the transfer of functions except that the classification and compensation of such personnel shall not be reduced for one year after such transfer.

(d) In any case where all the functions, powers, and duties of any office or agency are transferred pursuant to this subsection, such office or agency shall lapse. Any person who, on the effective date of this Act [Oct. 1, 1978], held a position compensated in accordance with the General Schedule, and who, without a break in service, is appointed in an Office of Inspector General to a position having duties comparable to those performed immediately preceding such appointment shall continue to be compensated in the new position at not less than the rate provided for the previous position, for the duration of service in the new position.

[1] So in original. The word "and" at end of subpar. (U) probably should appear at end of subpar. (V).

(Pub. L. 95-452, § 9, Oct. 12, 1978, 92 Stat. 1107; Pub. L. 96-88, title V, § 508(n)(2), Oct. 17, 1979, 93 Stat. 694; Pub. L. 97-252, title XI, § 1117(a)(2), (3), Sept. 8, 1982, 96 Stat. 750; Pub. L. 100-504, title I, § 102(d), Oct. 18, 1988, 102 Stat. 2516; Pub. L. 103-82, title II, § 202(g)(3)(A), Sept. 21, 1993, 107 Stat. 890; Pub. L. 103-296, title I, § 108(l)(1), Aug. 15, 1994, 108 Stat. 1488; Pub. L. 105-206, title I, § 1103(c)(1), July 22, 1998, 112 Stat. 706.)

REFERENCES IN TEXT

Section 208 of the Department of Energy Organization Act, referred to in subsec. (a)(1)(E), is section 208 of Pub. L. 95-91, title II, Aug. 4, 1977, 91 Stat. 575, as amended, which was classified to section 7138 of Title 42, The Public Health and Welfare, and was repealed by Pub. L. 100-504, title I, § 102(e)(1)(A), Oct. 18, 1988, 102 Stat. 2517.

Title II of Public Law 94-505, referred to in subsec. (a)(1)(F), is title II of Pub. L. 94-505, Oct. 15, 1976, 90 Stat. 2429, which was classified generally to sections 3521 to 3527 of Title 42, and was repealed by Pub. L. 100-504, title I, § 102(e)(2), Oct. 18, 1988, 102 Stat. 2517.

Section 23 of the Railroad Retirement Act of 1974, referred to in subsec. (a)(1)(S), is section 23 of act Aug. 29, 1935, ch. 812, as added, which was classified to section 231v of Title 45, Railroads, and was repealed by Pub. L. 100-504, title I, § 102(e)(3), Oct. 18, 1988, 102 Stat. 2517.

The Social Security Independence and Program Improvements Act of 1994, referred to in subsec. (a)(1)(W), is Pub. L. 103-296, Aug. 15, 1995, 108 Stat. 1464. Section 105(a)(2) of the Act is set out as a note under section 901 of Title 42, The Public Health and Welfare. For complete classification of this Act to the Code, see Short Title of 1994 Amendment note set out under section 1305 of Title 42 and Tables.

AMENDMENTS

1998—Subsec. (a)(1)(L). Pub. L. 105-206 designated existing provisions as cl. (i), inserted "and" at end, and added cl. (ii).

1994—Subsec. (a)(1)(W). Pub. L. 103-296 added subpar. (W).

1993—Subsec. (a)(1)(V). Pub. L. 103-82 added subpar. (V).

1988—Subsec. (a)(1)(E), (F). Pub. L. 100-504, § 102(d)(7), added subpars. (E) and (F). Former subpars. (E) and (F) redesignated (G) and (H), respectively.

Subsec. (a)(1)(G), (H). Pub. L. 100-504, § 102(d)(2), redesignated subpars. (E) and (F) as (G) and (H), respectively. Former subpars. (G) and (H) redesignated (J) and (K), respectively.

Subsec. (a)(1)(I). Pub. L. 100-504, § 102(d)(1), (8), added subpar. (I) and struck out former subpar. (I) which provided for transfer to Office of Inspector General of Community Services Administration, offices of that agency referred to as "Inspections Division", "External Audit Division", and "Internal Audit Division".

Subsec. (a)(1)(J), (K). Pub. L. 100-504, § 102(d)(3), redesignated subpars. (G) and (H) as (J) and (K), respectively. Former subpars. (J) and (K) redesignated (M) and (O), respectively.

Subsec. (a)(1)(L). Pub. L. 100-504, § 102(d)(9), added subpar. (L). Former subpar. (L) redesignated (P).

Subsec. (a)(1)(M). Pub. L. 100-504, § 102(d)(4), redesignated subpar. (J) as (M). Former subpar. (M) redesignated (T).

Subsec. (a)(1)(N). Pub. L. 100-504, § 102(d)(10), added subpar. (N). Former subpar. (N) redesignated (U).

Subsec. (a)(1)(O), (P). Pub. L. 100-504, § 102(d)(5), redesignated subpars. (K) and (L) as (O) and (P), respectively.

Subsec. (a)(1)(Q) to (S). Pub. L. 100-504, § 102(d)(11), added subpars. (Q) to (S).

Subsec. (a)(1)(T), (U). Pub. L. 100-504, § 102(d)(6), redesignated subpars. (M) and (N) as (T) and (U), respectively.

1982—Subsec. (a)(1). Pub. L. 97-252 added subpar. (C) and redesignated former subpars. (C) to (M) as (D) to (N), respectively.

1979—Subsec. (a)(1). Pub. L. 96-88 added subpar. (C) and redesignated former subpars. (C) to (L) as (D) to (M), respectively.

CHANGE OF NAME

Reference to Urban Mass Transportation Administration deemed to refer to Federal Transit Administration pursuant to section 3004(b) of Pub. L. 102-240, set out as a note under section 107 of Title 49, Transportation.

Reference to Veterans' Administration deemed to refer to Department of Veterans Affairs pursuant to section 10 of Pub. L. 100-527, set out as a Department of Veterans Affairs Act note under section 301 of Title 38, Veterans' Benefits.

EFFECTIVE DATE OF 1994 AMENDMENT

Amendment by Pub. L. 103-296 effective Mar. 31, 1995, see section 110(a) of Pub. L. 103-296, set out as a note under section 401 of Title 42, The Public Health and Welfare.

EFFECTIVE DATE OF 1993 AMENDMENT

Section 202(g)(3)(B) of Pub. L. 103-82 provided that: "This paragraph [amending this section] shall take effect on the effective date of section 203(c)(2)." [Section 203(c)(2) of Pub. L. 103-82 is effective 18 months after Sept. 21, 1993, or on such earlier date as the President shall determine to be appropriate and announce by proclamation in the Federal Register, see section 203(d) of Pub. L. 103-82, set out as a note under section 12651 of Title 42, The Public Health and Welfare.]

EFFECTIVE DATE OF 1988 AMENDMENT

Amendment by Pub. L. 100-504 effective 180 days after Oct. 18, 1988, see section 113 of Pub. L. 100-504, set out as a note under section 5 of Pub. L. 95-452 in this Appendix.

EFFECTIVE DATE OF 1979 AMENDMENT

Amendment by Pub. L. 96-88 effective May 4, 1980, with specified exceptions, see section 601 of Pub. L. 96-88, set out as an Effective Date note under section 3401 of Title 20, Education.

TERMINATION OF OFFICE OF CHIEF INSPECTOR

Pub. L. 105-206, title I, § 1103(c)(2), July 22, 1998, 112 Stat. 706, provided that: "Effective upon the transfer of functions under the amendment made by paragraph (1) [amending this section], the Office of Chief Inspector of the Internal Revenue Service is terminated."

RETENTION OF CERTAIN INTERNAL AUDIT PERSONNEL

Pub. L. 105-206, title I, § 1103(c)(3), July 22, 1998, 112 Stat. 708, provided that: "In making the transfer under the amendment made by paragraph (1) [amending this section], the Commissioner of Internal Revenue shall designate and retain an appropriate number (not in excess of 300) of internal audit full-time equivalent employee positions necessary for management relating to the Internal Revenue Service."

ADDITIONAL PERSONNEL TRANSFERS

Pub. L. 105-206, title I, § 1103(c)(4), July 22, 1998, 112 Stat. 708, provided that: "Effective 180 days after the date of the enactment of this Act [July 22, 1998], the Secretary of the Treasury shall transfer 21 full-time equivalent positions from the Office of the Inspector General of the Department of the Treasury to the Office of the Treasury Inspector General for Tax Administration."

CONTINUATION OF SERVICE OF CERTAIN INSPECTORS GENERAL

Section 102(e)(4) of Pub. L. 100-504 provided that: "Any individual who, on the date of enactment of this Act [Oct. 18, 1988], is serving as the Inspector General of the Department of Energy, the Department of Health and Human Services, or the Railroad Retirement

Board, shall continue to serve in such position until such individual dies, resigns, or is removed from office in accordance with section 3(b) of the Inspector General Act of 1978 [section 3(b) of Pub. L. 95–452, set out in this Appendix]."

TRANSFER OF AUDIT PERSONNEL TO INSPECTOR GENERAL, DEPARTMENT OF DEFENSE

Section 1117(e) of Pub. L. 97–252 provided that: "In addition to the positions transferred to the Office of the Inspector General of the Department of Defense, pursuant to the amendments made by subsection (a) of this section [amending sections 2(1), 9(a)(1), and 11(1) of this Act], the Secretary of Defense shall transfer to the Office of Inspector General of the Department of Defense not less than one hundred additional audit positions. The Inspector General of the Department of Defense shall fill such positions with persons trained to perform contract audits."

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in title 7 section 2270.

## § 10. Conforming and technical amendments

[Section amended sections 5315 and 5316 of Title 5, Government Organization and Employees, and section 3522 of Title 42, The Public Health and Welfare, which amendments have been executed to text.]

## § 11. Definitions

As used in this Act—

(1) the term "head of the establishment" means the Secretary of Agriculture, Commerce, Defense, Education, Energy, Health and Human Services, Housing and Urban Development, the Interior, Labor, State, Transportation, or the Treasury; the Attorney General; the Administrator of the Agency for International Development, Environmental Protection, General Services, National Aeronautics and Space, Small Business, or Veterans' Affairs; the Director of the Federal Emergency Management Agency, or the Office of Personnel Management; the Chairman of the Nuclear Regulatory Commission or the Railroad Retirement Board; the Chairperson of the Thrift Depositor Protection Oversight Board; the Chief Executive Officer of the Corporation for National and Community Service;;[1] the Administrator of the Community Development Financial Institutions Fund; and[2] the chief executive officer of the Resolution Trust Corporation; and[2] the Chairperson of the Federal Deposit Insurance Corporation; the Commissioner of Social Security, Social Security Administration; or the Board of Directors of the Tennessee Valley Authority; as the case may be;

(2) the term "establishment" means the Department of Agriculture, Commerce, Defense, Education, Energy, Health and Human Services, Housing and Urban Development, the Interior, Justice, Labor, State, Transportation, or the Treasury; the Agency for International Development, the Community Development Financial Institutions Fund, the Environmental Protection Agency, the Federal Emergency Management Agency, the General Services Administration, the National Aeronautics and Space Administration, the Nuclear Regulatory Commission, the Office of Personnel Management, the Railroad Retirement Board, the Resolution Trust Corporation, the Federal Deposit Insurance Corporation, the Small Business Administration, the Corporation for National and Community Service, or[3] the Veterans' Administration, the Social Security Administration, or the Tennessee Valley Authority; as the case may be;

(3) the term "Inspector General" means the Inspector General of an establishment;

(4) the term "Office" means the Office of Inspector General of an establishment; and

(5) the term "Federal agency" means an agency as defined in section 552(e)[4] of title 5 (including an establishment as defined in paragraph (2)), United States Code, but shall not be construed to include the General Accounting Office.

(Pub. L. 95–452, § 11, Oct. 12, 1978, 92 Stat. 1109; Pub. L. 96–88, title V, § 509(n)(3), (4), Oct. 17, 1979, 93 Stat. 695; Pub. L. 97–113, title VII, § 705(a)(2), Dec. 29, 1981, 95 Stat. 1544; Pub. L. 97–252, title XI, § 1117(a)(4), (5), Sept. 8, 1982, 96 Stat. 750; Pub. L. 99–93, title I, § 150(a)(2), Aug. 16, 1985, 99 Stat. 427; Pub. L. 99–399, title IV, § 412(a)(2), Aug. 27, 1986, 100 Stat. 867; Pub. L. 100–504, title I, § 102(c), Oct. 18, 1988, 102 Stat. 2515; Pub. L. 100–527, § 13(h)(2), (3), Oct. 5, 1988, 102 Stat. 2643; Pub. L. 101–73, title V, § 501(b)(1), Aug. 9, 1989, 103 Stat. 393; Pub. L. 102–233, title III, § 315(a), Dec. 12, 1991, 105 Stat. 1772; Pub. L. 103–82, title II, § 202(g)(4), Sept. 21, 1993, 107 Stat. 890; Pub. L. 103–204, § 23(a)(1), Dec. 17, 1993, 107 Stat. 2407; Pub. L. 103–296, title I, § 108(l)(2), Aug. 15, 1994, 108 Stat. 1489; Pub. L. 103–325, title I, § 118(a), Sept. 23, 1994, 108 Stat. 2188; Pub. L. 104–106, div. D, title XLIII, § 4322(b)(1), (3), Feb. 10, 1996, 110 Stat. 677; Pub. L. 105–277, div. G, subdiv. A, title XIII, § 1314(b), Oct. 21, 1998, 112 Stat. 2681–776; Pub. L. 106–422, § 1(b)(2), Nov. 1, 2000, 114 Stat. 1872.)

REFERENCES IN TEXT

Section 552(e) of title 5, referred to in par. (5), was redesignated section 552(f) of title 5 by section 1802(b) of Pub. L. 99–570.

CODIFICATION

Amendment by Pub. L. 100–527 amended section as it existed prior to amendment by Pub. L. 100–504, see Effective Date of 1988 Amendments note below.

AMENDMENTS

2000—Par. (1). Pub. L. 106–422, § 1(b)(2)(A), substituted "the Commissioner of Social Security, Social Security Administration; or the Board of Directors of the Tennessee Valley Authority;" for "or the Commissioner of Social Security, Social Security Administration;".

Par. (2). Pub. L. 106–422, § 1(b)(2)(B), substituted "the Social Security Administration, or the Tennessee Valley Authority;" for "or the Social Security Administration;".

1998—Par. (1). Pub. L. 105–277, § 1314(b)(1), which directed the substitution of "or the Office of Personnel Management" for "the Office of Personnel Management, the United States Information Agency", was executed by making the substitution for "the Office of

[1] So in original.

[2] So in original. The word "and" probably should not appear.

[3] So in original. The word "or" probably should not appear.

[4] See References in Text note below.

Personnel Management or the United States Information Agency" to reflect the probable intent of Congress.

Par. (2). Pub. L. 105–277, § 1314(b)(2), struck out "the United States Information Agency," after "Small Business Administration,".

1996—Par. (1). Pub. L. 104–106, § 4322(b)(3), made technical correction to directory language of Pub. L. 101–73, § 501(b)(1)(A). See 1989 Amendment note below.

Par. (2). Pub. L. 104–106, § 4322(b)(1), substituted "Community Service," for "Community Service,,".

1994—Par. (1). Pub. L. 103–325, § 118(a)(1), inserted "; the Administrator of the Community Development Financial Institutions Fund;" before "and the chief executive officer of the Resolution Trust Corporation".

Pub. L. 103–296, § 108(l)(2)(A), inserted "; or the Commissioner of Social Security, Social Security Administration" before "; as the case may be".

Par. (2). Pub. L. 103–325, § 118(a)(2), inserted "the Community Development Financial Institutions Fund," after "the Agency for International Development,".

Pub. L. 103–296, § 108(l)(2)(B), inserted ", or the Social Security Administration" before "; as the case may be".

1993—Par. (1). Pub. L. 103–204, § 23(a)(1)(A), inserted "and the Chairperson of the Federal Deposit Insurance Corporation;" after "Resolution Trust Corporation;".

Pub. L. 103–82, § 202(g)(4)(A), inserted "; the Chief Executive Officer of the Corporation for National and Community Service;" after "Thrift Depositor Protection Oversight Board".

Par. (2). Pub. L. 103–204, § 23(a)(1)(B), inserted "the Federal Deposit Insurance Corporation," after "Resolution Trust Corporation,".

Pub. L. 103–82, § 202(g)(4)(B), inserted ", the Corporation for National and Community service," after "United States Information Agency".

1991—Par. (1). Pub. L. 102–233 substituted "; the Chairperson of the Thrift Depositor Protection Oversight Board and the chief executive officer of the Resolution Trust Corporation" for "the Oversight Board and the Board of Directors of the Resolution Trust Corporation".

1989—Par. (1). Pub. L. 101–73, § 501(b)(1)(A), as amended by Pub. L. 104–106, § 4322(b)(3), inserted "the Oversight Board and the Board of Directors of the Resolution Trust Corporation" before "; as the case may be;".

Par. (2). Pub. L. 101–73, § 501(b)(1)(B), inserted "the Resolution Trust Corporation," after "the Railroad Retirement Board,".

1988—Pars. (1), (2). Pub. L. 100–527, § 13(h)(2), (3), substituted "Transportation, or Veterans' Affairs," for "or Transportation" and "or Small Business" for "Small Business, or Veterans' Affairs" in par. (1), and substituted "Transportation, or Veterans Affairs," for "or Transportation" and "or the United States Information Agency" for "the United States Information Agency or the Veterans' Administration" in par. (2). See Codification note above.

Pub. L. 100–504 added pars. (1) and (2) and struck out former pars. (1) and (2), as amended by Pub. L. 100–527, which read as follows:

"(1) the term 'head of the establishment' means the Secretary of Agriculture, Commerce, Defense, Education, Housing and Urban Development, the Interior, Labor, State, Transportation, or Veterans' Affairs, or the Administrator of the Agency for International Development, Community Services, Environmental Protection, General Services, National Aeronautics and Space, or Small Business, or the Director of the United States Information Agency as the case may be;

"(2) the term 'establishment' means the Department of Agriculture, Commerce, Defense, Education, Housing and Urban Development, the Interior, Labor, State, Transportation, or Veterans Affairs, or the Agency for International Development, the Community Services Administration, the Environmental Protection Agency, the General Services Administration, the National Aeronautics and Space Administration, the Small Business Administration, or the United States Information Agency, as the case may be;".

1986—Pars. (1), (2). Pub. L. 99–399 inserted "or the Director of the United States Information Agency" in par. (1) and "the United States Information Agency" in par. (2).

1985—Pars. (1), (2). Pub. L. 99–93 inserted "State," after "Labor,".

1982—Pars. (1), (2). Pub. L. 97–252 inserted "Defense," after "Commerce,".

1981—Pars. (1), (2). Pub. L. 97–113 inserted "the Agency for International Development," after "Administrator of" in par. (1), and inserted "the Agency for International Development," after "Transportation or" in par. (2).

1979—Pars. (1), (2). Pub. L. 96–88 inserted "Education," after "Commerce,".

CHANGE OF NAME

References to Administrator of Veterans' Affairs and to Veterans' Administration deemed to refer to Secretary of Veterans Affairs and to Department of Veterans Affairs, respectively, pursuant to section 10 of Pub. L. 100–527, set out as a Department of Veterans Affairs Act note under section 301 of Title 38, Veterans' Benefits.

EFFECTIVE DATE OF 2000 AMENDMENT

Amendment by Pub. L. 106–422 effective 30 days after Nov. 1, 2000, see section 1(d)(1) of Pub. L. 106–422, set out as a note under section 8G of Pub. L. 95–452 in this Appendix.

EFFECTIVE DATE OF 1998 AMENDMENT

Amendment by Pub. L. 105–277 effective Oct. 1, 1999, see section 1301 of Pub. L. 105–277, set out as an Effective Date note under section 6531 of Title 22, Foreign Relations and Intercourse.

EFFECTIVE DATE OF 1996 AMENDMENT

Section 4322(b)(3) of Pub. L. 104–106 provided that the amendment made by that section is effective as of Aug. 9, 1989, and as if included in Pub. L. 101–73 as enacted.

EFFECTIVE DATE OF 1993 AMENDMENT

Amendment by Pub. L. 103–82 effective Oct. 1, 1993, see section 202(i) of Pub. L. 103–82, set out as an Effective Date note under section 12651 of Title 42, The Public Health and Welfare.

EFFECTIVE DATE OF 1991 AMENDMENT

Amendment by Pub. L. 102–233 effective Feb. 1, 1992, see section 318 of Pub. L. 102–233, set out as a note under section 1441 of Title 12, Banks and Banking.

EFFECTIVE DATE OF 1988 AMENDMENTS

Amendment by Pub. L. 100–527 effective Mar. 15, 1989, see section 18(a) of Pub. L. 100–527, set out as a Department of Veterans Affairs Act note under section 301 of Title 38, Veterans' Benefits.

Amendment by Pub. L. 100–504 effective 180 days after Oct. 18, 1988, see section 113 of Pub. L. 100–504, set out as a note under section 5 of Pub. L. 95–452 in this Appendix.

EFFECTIVE DATE OF 1979 AMENDMENT

Amendment by Pub. L. 96–88 effective May 4, 1980, with specified exceptions, see section 601 of Pub. L. 96–88, set out as an Effective Date note under section 3401 of Title 20, Education.

COMMUNITY SERVICES ADMINISTRATION

The Community Services Administration, which was established by section 601 of the Economic Opportunity Act of 1964, as amended (42 U.S.C. 2941), was terminated when the Economic Opportunity Act of 1964, Pub. L. 88–452, Aug. 20, 1964, 78 Stat. 508, as amended, was repealed, except for titles VIII and X, effective Oct. 1, 1981, by section 683(a) of Pub. L. 97–35, title VI, Aug. 13, 1981, 95 Stat. 519, which is classified to 42 U.S.C. 9912(a).

An Office of Community Services, headed by a Director, was established in the Department of Health and Human Services by section 676 of Pub. L. 97-35, which is classified to 42 U.S.C. 9905.

MERGER OF OFFICE OF INSPECTOR GENERAL OF UNITED STATES INFORMATION AGENCY WITH OFFICE OF INSPECTOR GENERAL OF DEPARTMENT OF STATE; TRANSFER OF FUNCTIONS

Pub. L. 104-134, title I, §101[(a)] [title IV], Apr. 26, 1996, 110 Stat. 1321, 1321-37; renumbered title I, Pub. L. 104-140, §1(a), May 2, 1996, 110 Stat. 1327, provided: "That notwithstanding any other provision of law, (1) the Office of the Inspector General of the United States Information Agency is hereby merged with the Office of the Inspector General of the Department of State; (2) the functions exercised and assigned to the Office of the Inspector General of the United States Information Agency before the effective date of this Act [Apr. 26, 1996] (including all related functions) are transferred to the Office of the Inspector General of the Department of State; and (3) the Inspector General of the Department of State shall also serve as the Inspector General of the United States Information Agency."

[Pub. L. 104-208, div. A, title I, §101(a) [title IV], Sept. 30, 1996, 110 Stat. 3009, 3009-47, provided in part: "That notwithstanding any other provision of law, the merger of the Office of Inspector General of the United States Information Agency with the Office of Inspector General of the Department of State provided for in the Departments of Commerce, Justice, and State, the Judiciary and Related Agencies Appropriations Act, 1996, contained in Public Law 104-134 [set out above], is effective hereafter."]

[For abolition of Office of Inspector General of the United States Information Agency and transfer of functions to Office of Inspector General of Department of State and Foreign Service, see section 6533 of Title 22, Foreign Relations and Intercourse.]

OFFICE OF INSPECTOR GENERAL OF COMMUNITY DEVELOPMENT FINANCIAL INSTITUTIONS FUND: AUTHORIZATION OF APPROPRIATIONS

Section 118(b) of Pub. L. 103-325 provided that: "There are authorized to be appropriated such sums as may be necessary for the operation of the Office of Inspector General established by the amendments made by subsection (a) [amending this section]."

OFFICE OF INSPECTOR GENERAL OF RESOLUTION TRUST CORPORATION: AUTHORIZATION OF APPROPRIATIONS

Section 501(b)(2)(B) of Pub. L. 101-73 provided that: "There is hereby authorized to be appropriated such sums as may be necessary for the operation of the Office of Inspector General established by the amendment made by paragraph (1) of this subsection [amending this section]."

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in title 22 sections 3929, 4861; title 31 sections 1105, 3801; title 39 section 1003; title 42 section 8262f.

## §12. Effective date

The provisions of this Act and the amendments made by this Act [see section 10 of this Act] shall take effect October 1, 1978.

(Pub. L. 95-452, §12, Oct. 12, 1978, 92 Stat. 1109.)