**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-126C |
| UNITED STATES OF AMERICA, | ) | (Senior Judge Merow) |
| | ) | |
| Defendant. | ) | |

# ASSERTION OF DELIBERATIVE PROCESS PRIVILEGE

1. I understand that, in response to discovery requests from the utility plaintiffs, the Department of Energy ("DOE") and the Nuclear Regulatory Commission ("NRC") has reviewed and produced thousands of documents referring or relating to DOE's delay in beginning acceptance of spent nuclear fuel ("SNF") and/or high level radioactive waste ("HLW") by January 31, 1998, and the schedule by which DOE was obligated to accept SNF and/or HLW. In that process, the United States' attorneys have withheld a small number of documents that involve and/or reflect the NRC's deliberative processes.

2. The NRC has a policy of protecting its deliberative processes in order to assure the free flow of ideas and candid discussion of alternatives, which are essential to its efficient operation.

3. I have determined that disclosure of any of the deliberative process contents of the documents discussed in this affidavit would impair the NRC's efficient operations by interfering with the flow of confidential communications within the agency. If these drafts were publicized now, agency personnel would, in my opinion, be reluctant to set forth their positions. Thus, release would hamper the future intra-agency exchange of opinions and ideas, and would

have a "chilling effect" on the give-and-take involved in agency decisionmaking. It is in the public interest to insure that opinions and recommendations are expressed openly within the agency. Disclosure of the foregoing documents would be injurious to the Federal Government's decision-making functions because such disclosure would tend to inhibit the frank and candid discussion necessary to effective government.

4. Pursuant to a formal delegation from Chairman Richard A. Meserve of the NRC, pursuant to section 4 of the Reorganization Plan No. 1 of 1980 (5 U.S.C. Appendix 1), the Director of NRC's Office of Nuclear Materials Safety and Safeguards ("NMSS") has responsibility for asserting the NRC's deliberative process privilege in cases involving the standard contract for the disposal of spent nuclear fuel (10 C.F.R. § 961.11) that are pending before the United States Court of Federal Claims. Copies of these delegations accompany this declaration.

5. I, Martin J. Virgilio, am the Director of NMSS. One of the divisions within NMSS is the Division of Waste Management. As Director, I have management and oversight responsibilities for the NRC's Division of Waste Management, which has among its duties the responsibility for regulating the storage and disposal of GTCC in a manner consistent with protecting the public health and safety.

6. Accordingly, because questions concerning the NRC's regulation of GTCC are within the cognizance of NMSS, and as the delegate of Chairman Richard A. Meserve, I, Martin J. Virgilio, hereby assert the deliberative process privilege upon behalf of the NRC for the following described documents:

A. The document Bates-Stamped HQR1710167-HQR1710171 is an undated draft response from Chairman Meserve to Dr. Andrew Kadak in response to Dr. Kadak's October 24, 2000 letter requesting that the NRC redefine Greater Than Class C low-level radioactive waste ("GTCC") as high-level radioactive waste ("HLW"). The document Bates-Stamped NRC0030013-NRC0030017 is an exchange of e-mails between Keith McConnell and Neil Jensen, NRC Office of General Counsel, requesting legal review of NRC's draft response to Dr. Kadak's request and legal advice provided in response to the review. Attached to the e-mail is a substantially similar draft of the letter from Chairman Meserve to Dr. Kadak, which contains handwritten edits by Jensen concerning recommended changes to the letter. The document Bates-Stamped NRC0030021-NRC0030024 are an exchange of e-mails between McConnell and Jensen also requesting and providing legal review of NRC's draft response to Dr. Kadak's request. Attached to the e-mail is a substantially similar draft of the letter from Chairman Meserve to Dr. Kadak, which contains electronic edits by Jensen concerning recommended changes to the letter. The documents Bates-Stamped NRC0030039-NRC0030042 and NRC0030025-NRC0030026 are e-mails from James Kennedy forwarding substantially similar versions of the letter from Chairman Meserve to Dr. Kadak. The documents Bates-Stamped NRC0030055-NRC0030057, NRC0030029-NRC0030030, NRC0040138-NRC0040139, NRC0040140-NRC0040141, NRC0040149-NRC0040152, NRC0040153-NRC0040154 and NRC0100099-NRC0100101 are substantially similar versions of the undated draft response from Chairman Meserve. The document Bates-Stamped NRC0030087-NRC0030087 is a substantially similar abridged version of the undated draft response

from Chairman Meserve. The specific decision at issue within the documents was the NRC's response to Dr. Kadak's request that the NRC redefine GTCC as HLW. The documents reflect the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision. The NRC's assertion of deliberative process over other draft versions of the NRC's response to Dr. Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on the utility plaintiffs' motions to compel.[1]

B. The document Bates-Stamped NRC0030036-NRC0030038 contains background information relating to NRC's response to Dr. Kadak's request that the NRC redefine GTCC as HLW. The document reflects, and is part of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision. The NRC's assertion of deliberative process over documents of the same character generated in its deliberations over its response to Dr. Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on the utility plaintiffs' motions to compel.

C. The documents Bates-Stamped NRC0030045-NRC0030047, NRC0030064-NRC0030067, NRC0040146-NRC0040148, and HQR1210011-HQR1210014 are copies of a letter from DOE pursuant to the NRC's request that DOE provide a summary of DOE's concerns regarding possible NRC promulgation of rules defining HLW to include GTCC. The documents Bates-Stamped NRC0030068-NRC0030071 and NRC0040142-

---

[1] The substantially similar draft versions of these documents in which deliberative process was upheld by court order are HQR0540015-HQR0540019, HQR0540023-HQR0540026, HQR0540012, HQR0540446, and NRC0020005-NRC0020010.

NRC0040145 are substantially similar draft versions of the documents. The specific decision at issue was the NRC's response to Dr. Kadak's request that the NRC redefine GTCC as HLW. The documents are a part of the deliberations of the NRC and DOE, provide DOE's input into the NRC's deliberations on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision.[2]

D. The document Bates-Stamped NRC0030054-NRC0030054 is the letter from Dr. Andrew Kadak to Chairman Meserve requesting that the NRC redefine GTCC as HLW. The document contains handwritten notes by Neil Jensen, an attorney with the NRC, reflecting legal analysis by Mr. Jensen in furtherance of the NRC formulating a response to Dr. Kadak's request. The document reflects, and is part of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision. A copy of the letter from Dr. Kadak, without Mr. Jensen's handwritten notes, has previously been produced.

E. The document Bates-Stamped NRC0030058-NRC0030058 is an e-mail from Bill Reamer to Neil Jensen seeking legal advice and providing information in conjunction with the NRC's deliberations concerning how to respond to Dr. Kadak's request that the NRC redefine GTCC as HLW. The document reflects, and is part of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision.

---

2 These documents are copies of documents that were described in ¶ B of my previous affidavit asserting deliberative process. I have been informed that this assertion was upheld by court orders issued October 9, 2002 and October 11, 2002.

F. The document Bates-Stamped NRC0030072-NRC0030072 is an e-mail from James Kennedy to Neil Jensen seeking legal advice and providing information in conjunction with the NRC's deliberations concerning how to respond to Dr. Kadak's request that the NRC redefine GTCC as HLW. The document reflects, and is part of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision.

G. The document Bates-Stamped NRC0030073-NRC0030073 is an e-mail from Neil Jensen to James Kennedy concerning the NRC's response to Dr. Kadak's request that the NRC redefine GTCC as HLW. The document reflects, and is part of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision.

H. The document Bates-Stamped NRC0030075-NRC0030075 is an exchange of e-mails between Neil Jensen and Bill Reamer in which Mr. Jensen provides legal advice regarding the NRC's response to Dr. Kadak's request that the NRC redefine GTCC as HLW. The document reflects, and is part of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision.

I. The document Bates-Stamped NRC0030076-NRC0030080 is a memo, titled "Pre-Decisional Draft," prepared for the purpose of deciding how to respond to Dr. Kadak's October 24, 2000 letter requesting that the NRC redefine GTCC as HLW. The documents Bates-Stamped NRC0040121-NRC0040124 and NRC0040125-NRC0040128 are substantially similar versions of the document. The documents reflect, and are part

of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprise part of the process by which the NRC formulated its decision.

J. The document Bates-Stamped NRC0040106-NRC0040107 is a memorandum discussing a possible NRC response to Dr. Kadak's October 24, 2000 letter requesting that the NRC redefine GTCC as HLW. The document reflects, and is part of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision.

K. The document Bates-Stamped NRC0040108-NRC0040108 is a memorandum discussing a possible NRC response to Dr. Kadak's October 24, 2000 letter requesting that the NRC redefine GTCC as HLW. The document reflects, and is part of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision.

L. The document Bates-Stamped NRC0040109-NRC0040110 is an undated draft letter from William D. Travers to Dr. Kadak in response to Dr. Kadak's October 24, 2000 letter requesting that the NRC redefine GTCC as HLW. The document contains handwritten edits for suggested changes and additions to the letter. The document reflects, and is part of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision.

M. The document Bates-Stamped NRC0040111-NRC0040111 is a memorandum discussing an analysis, potential conclusions, and relevant statutes relating to Dr. Kadak's October 24, 2000 request that the NRC redefine GTCC as HLW. The document reflects, and is

part of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision.

N. The document Bates-Stamped NRC0040120-NRC0040120 is a memorandum identifying issues to be discussed at a December 6, 2000 meeting regarding the NRC's response to Dr. Kadak's October 24, 2000 letter. The document reflects, and is part of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision.

O. The document Bates-Stamped NRC0040155-NRC0040155 is an e-mail exchange between Patricia Tressler and Catherine Poland regarding dates for finalizing the NRC's response to Dr. Kadak's October 24, 2000 letter. The document reflects, and is part of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision.

P. The document Bates-Stamped NRC0040204-NRC0040204 is a summary of letters to be discussed at an internal NRC meeting, including Governor King's October 1, 2001 letter. The summary charts the status of the NRC responses to letters addressing GTCC and SNF removal, security measures at Maine Yankee, and comments regarding those letters. The document reveals the NRC's policy deliberations regarding how to respond to those letters and forms part of the deliberative process.

Q. The document Bates-Stamped NRC0050010-NRC0050012 is a memorandum prepared by William Parler, General Counsel of NRC, for Eric Beckjord, Director of NRC Office of Nuclear Regulatory Research and contains legal advice for revision to staff paper on "10 CFR 61 - Land Disposal of Radioactive Waste." Attached to the document is a

concurrence sheet for the Office of General Counsel. The document was created prior to the publication of the final rule and forms part of the NRC's deliberative process.

R. The document Bates-Stamped NRC0060007-NRC0060009 is a memorandum requesting review and comments on the draft of the "Final Rule: Interim Storage for Greater Than Class C Waste." The document reveals the deliberations of the NRC regarding the content of the final rule and forms part of the deliberative process.

S. The document Bates-Stamped NRC0060010-NRC0060014 is a memorandum requesting approval to release the "Final Rule: Interim Storage for Greater Than Class C Waste." The document reveals the deliberations of the NRC regarding the content of the final rule and forms part of the deliberative process.

T. The document Bates-Stamped NRC0060015-NRC0060090 is a draft version of the "Final Rule: Interim Storage for Greater Than Class C Waste." The document indicates where the draft is incomplete and reveals the deliberations of the NRC regarding the content of the final rule and forms part of the deliberative process.

U. The document Bates-Stamped NRC0060091-NRC0060101 is a memo titled "Regulatory Analysis For Rulemaking On Interim Storage for Greater Than Class C Waste." The document analyzes the basis for rulemaking, discusses options for proceeding with rulemaking, makes recommendations regarding rulemaking, and forms part of the deliberative process. The document Bates-Stamped NRC0060207-NRC0060212 is a substantially similar version of this document.

V. The document Bates-Stamped NRC0060106-NRC0060131 is a draft proposed rule for the interim storage of GTCC with handwritten notes and edits. Attached to the draft are:

a draft letter to DOE from the NRC requesting comments from DOE regarding the proposed rule; draft environmental assessment for the proposed rule with suggested changes; and draft regulatory analysis with suggested changes. The document reveals the deliberations of the NRC regarding the content of the final rule and forms part of the deliberative process.

W. The document Bates-Stamped NRC0060135-NRC0060140 contains comments and suggested changes to the proposed rule for interim storage of GTCC. The document reveals the deliberations of the NRC regarding the content of the final rule and forms part of the deliberative process.

X. The document Bates-Stamped NRC0060192-NRC0060206 is a draft environmental assessment report for the proposed rule for interim storage of GTCC. The document discusses options for proceeding with rulemaking and contains recommendations. The document reveals the deliberations of the NRC regarding the content of the final rule and forms part of the deliberative process.

Y. The document Bates-Stamped NRC0100096-NRC0100098 contains comments and suggested changes to the proposed rule for interim storage of GTCC. The document reveals the deliberations of the NRC regarding the content of the final rule and forms part of the deliberative process.

Z. The document Bates-Stamped NRC0030027-NRC0030027 contains NRC briefing materials from a April 4, 2001 meeting between counsel for both NRC and DOE regarding NRC's response to Dr. Kadak's October 24, 2000 letter.

After personally reviewing each of the above described documents, I conclude that they all reflect NRC's deliberative processes and, based upon my findings described in paragraph 3 of this declaration, should be protected from disclosure.

I declare under the penalty of perjury, this 9th day of June, 2003, that the foregoing is true and correct to the best of my knowledge and belief.

Martin J. Virgilio
Director of NMSS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 00-0075C |
| UNITED STATES OF AMERICA, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

## ASSERTION OF DELIBERATIVE PROCESS PRIVILEGE

1. I understand that, in response to discovery requests from the utility plaintiffs, the Department of Energy ("DOE") and the Nuclear Regulatory Commission ("NRC") have reviewed and produced thousands of documents referring or relating to DOE's delay in beginning acceptance of spent nuclear fuel ("SNF") and/or high level radioactive waste ("HLW") by January 31, 1998, and the schedule by which DOE was obligated to accept SNF and/or HLW. In that process, the United States' attorneys have withheld a small number of documents that involve and/or reflect the NRC's deliberative processes.

2. The NRC has a policy of protecting its deliberative processes in order to assure the free flow of ideas and candid discussion of alternatives, which are essential to its efficient operation.

3. I have determined that disclosure of any of the deliberative process contents of the documents discussed in this declaration would impair the NRC's efficient operations by interfering with the flow of confidential communications within the agency. If these drafts were publicized now, agency personnel would, in my opinion, be reluctant to set forth their positions. Thus, release would hamper the future intra-agency exchange of opinions and ideas, and would

have a chilling effect on the give-and-take involved in agency decisionmaking. It is in the public interest to insure that opinions and recommendations are expressed openly within the agency. Disclosure of the foregoing documents would be injurious to the Federal Government's decision-making functions because such disclosure would tend to inhibit the frank and candid discussion necessary to effective government.

4. In 2002, Chairman Richard A. Meserve of the NRC, acting pursuant to section 4 of the Reorganization Plan No. 1 of 1980 (5 U.S.C. Appendix 1), formally delegated to me, Martin J. Virgilio, responsibility for asserting the NRC's deliberative process privilege in cases involving the Standard Contract for the Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste (10 C.F.R. § 961.11) that are pending before the United States Court of Federal Claims. Copies of these delegations accompany this declaration.

5. At the time Chairman Meserve made his delegation to me, I was Director of the NRC's Office of Nuclear Material Safety and Safeguards ("NMSS"). I am now Deputy Executive Director for Materials, Research, State and Compliance Programs. In that position I am responsible for providing leadership, guidance, and direction to NMSS. The Director of NMSS reports to me. One of the divisions within NMSS is the Division of Waste Management and Environmental Protection, which has among its duties the responsibility for regulating the storage and disposal of GTCC in a manner consistent with protecting the public health and safety.

6. Accordingly, because questions concerning the NRC's regulation of GTCC are

within the cognizance of NMSS, and as the delegate of the Chairman of the NRC, I, Martin J. Virgilio, hereby assert the deliberative process privilege upon behalf of the NRC for the following described documents:

A. The document Bates-Stamped NRC013024 (E446) is an e-mail seeking requesting review by the NRC's Office of General Counsel concerning the Low-Level Radioactive Waste Policy Amendments Act of 1985 and authority for disposal of GTCC from NRC licensees. The document was reveals internal NRC deliberations regarding authority for disposal of GTCC and forms part of the NRC's deliberative process.

B. The document Bates-Stamped NRC0130207-NRC0130208 (E447) is an outline document outlining the NRC's regulatory evaluation of GTCC and the use of 10 C.F.R Parts 60 and 61 to regulate GTCC. The document reveals the Commission's deliberations regarding the regulation of GTCC and forms part of the process by which the NRC formulated its decision. The document also assigns review of legal sufficiency on the issue to the NRC Office of General Counsel.

C. The document Bates-Stamped NRC0130212-NRC0130213 (E448) is a memoranda prepared by E. Neil Jensen, NRC Office of General Counsel, summarizing a meeting between attorneys from Department of Energy and Department of Justice, and NRC attorneys and staff, regarding the NRC's draft response to Dr. Andrew Kadak's October 24, 2000 letter requesting that the NRC redefine GTCC as high-level radioactive waste ("HLW"). The memorandum reflects the provision of legal advice and discussion of legal issues presented by the NRC's proposed response. The document reflects, and is part of, the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised

part of the process by which the NRC formulated its decision. The NRC's assertion of deliberative process over similar documents generated in its deliberations over its response to Dr. Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on the utility plaintiffs' motions to compel.

D. The document Bates-Stamped NRC0130214 (E449) is a memorandum outlining policy and legal issues regarding the disposal of GTCC and an environmental impact statement for the disposal of GTCC. The document also indicates issues on which legal advice will be sought from the NRC's Office of General Counsel. The document reflects, and is part of, the deliberations of the NRC on how to address the disposal of GTCC, and comprised part of the process by which the NRC formulated its decision.

E. The document Bates-Stamped NRC0130215-NRC0130242 (E450) is an internal NRC memorandum requesting concurrence for the denial of a petition submitted by Portland General Electric Company for a rulemaking to amend regulations to allow the storage of GTCC under 10 C.F.R. Part 72. The document includes an attached memorandum from L. Joseph Callan to the NRC Commissioners regarding the denial of Portland General's petition. The document reflects, and is part of, the deliberations of the NRC regarding its response to Portland General's request and the denial of the rulemaking, and comprised part of the process by which the NRC formulated its decision. The document also reflects a request to the NRC Office of General Counsel to review the attached memorandum for legal sufficiency.

F. The document Bates-Stamped NRC0130275-NRC0130276 (E451) is an e-mail chain regarding contact between the NRC and Waste Control Specialists concerning Waste

Control Specialist's storage of GTCC. The document also evidences a request for legal review of the issues by the NRC's Office of General Counsel. The document reflects, and is part of, the deliberations of the NRC on how to address the storage of GTCC, and forms part of the deliberative process by which the NRC addressed this issue.

G. The document Bates-Stamped NRC0130317-NRC0130326 (E452) is an e-mail exchange regarding the NRC's review of a petition for rulemaking concerning the interim storage of GTCC, including legal review by the NRC's Office of General Counsel. The document includes a memorandum attached to the e-mails that includes an analysis of the petition. The document reflects, and is part of, the deliberations of the NRC on how to respond to the petition, and comprised part of the process by which the NRC formulated its final decision.

H. The document Bates-Stamped NRC0130327-NRC0130328 (E453) is an e-mail regarding a document titled "Status of Interim Storage of GTCC Waste Rulemaking Plan." A draft version of the document is included as an attachment to the e-mail. The document evidences review for legal sufficiency by the NRC's Office of General Counsel. The document reflects, and is part of, the deliberations of the NRC regarding the rulemaking for the interim storage of GTCC, and comprised part of the process by which the NRC formulated its decision.

I. The document Bates-Stamped NRC0130209-NRC0130211 (E454) are handwritten notes prepared by Neil Jensen, NRC Office of General Counsel, regarding a meeting with NRC staff and a subsequent meeting with Department of Energy and Department of Justice personnel. The meetings addressed the NRC's response to the October 24, 2000 letter

from Dr. Kadak requesting that the NRC redefine GTCC as HLW. The documents reflect the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision. The NRC's assertion of deliberative process over similar documents regarding the NRC's response to Dr. Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on the utility plaintiffs' motions to compel. The notes also reflect the provision of legal advice regarding the issues presented in Dr. Kadak's letter.

J. The document Bates-Stamped NRC0130179-NRC0130180 (E455) is an undated draft response from NRC Chairman Richard Meserve to Dr. Kadak in response to Dr. Kadak's October 24, 2000 letter requesting that the NRC redefine GTCC as HLW. The documents reflect the deliberations of the NRC on how to respond to Dr. Kadak's request, and comprised part of the process by which the NRC formulated its decision. The NRC's assertion of deliberative process over similar draft versions of the NRC's response to Dr. Kadak's request was upheld by Judge Sypolt's October 9, 2002 order on the utility plaintiffs' motions to compel.

K. The document Bates-Stamped NRC0130205 (E456) is an e-mail providing guidance regarding the denial of a petition for a rulemaking involving the storage of GTCC. The document reflects, and is part of, the deliberations of the NRC regarding the rulemaking for the storage of GTCC, and comprised part of the process by which the NRC formulated its decision.

L. The document Bates-Stamped NRC0130243-NRC0130274 (E458) is an e-mail and draft regulatory analysis regarding the proposed rulemaking for the interim storage of GTCC

and potential changes to 10 C.F.R. Part 72. The document reveals the deliberations of the NRC regarding the proposed rulemaking and forms part of the deliberative process.

M. The document Bates-Stamped NRC0130278-NRC0130297 (E460) is a NRC information paper regarding the viability of entombment as a decommissioning option for nuclear power reactors. The document reveals the deliberations of the NRC regarding the use and viability of the entombment option for decommissioning and forms part of the deliberative process.

N. The document Bates-Stamped NRC0130170-NRC0130178 (E461) is an NRC rulemaking issues (affirmation) document requesting the Commission's approval for a notice of final rulemaking, to be published in the Federal Register, for the storage of GTCC and proposed amendments to 10 C.F.R. Part 61. The document reveals the deliberations of the NRC regarding the rulemaking and the disposal of GTCC, and forms part of the deliberative process.

O. The document Bates-Stamped NRC0130298 (E462) are notes from a March 5 (year unknown) telephone conference between the NRC and the State of South Carolina regarding the disposal of GTCC. The document reveals the deliberations of the NRC regarding the regulation of GTCC and forms part of the deliberative process.

P. The document Bates-Stamped NRC0130299-NRC0130308 (E463) is a draft memorandum regarding options for the interim storage of GTCC from commercial nuclear reactors. The document reveals the deliberations of the NRC regarding the storage of GTCC waste and forms part of the deliberative process.

Q. The document Bates-Stamped NRC0130309-NRC0130313 (E464) is a facsimile cover sheet and attached draft outline of an environmental assessment report for the interim storage of GTCC at ISFSI and MRS facilities. The document reveals the deliberations of the NRC regarding the content and development of an environmental assessment report for the interim storage of GTCC and forms part of the deliberative process.

R. The document Bates-Stamped NRC0130181-NRC0130203 (E465) is an e-mail addressing extended interim storage of GTCC. The document includes a draft June 1994 NRC "generic letter" regarding extended storage of low-level radioactive waste. The document reveals the deliberations of the NRC regarding the content and substance of the generic letter and forms part of the deliberative process.

After personally reviewing each of the above described documents, I conclude that they all reflect the NRC's deliberative processes and, based upon my findings described in paragraph 3 of this declaration, should be protected from disclosure.

I declare under the penalty of perjury, this 9th day of November 2005, that the foregoing is true and correct to the best of my knowledge and belief.

Martin J. Virgilio