Home > Who We Are > Our Organization > NRC Organization Chart

# Nuclear Regulatory Commission Organization Chart

[ View Text Version ]




* Designated as Chief Information Officer

194

Our Organization
The Commission
**Committees and Boards:**
Advisory Committee on Reactor Safeguards
Advisory Committee on Nuclear Waste
Atomic Safety and Licensing Board Panel
**Commission Staff Offices:**
Commission Appellate Adjudication
Congressional Affairs
General Counsel
International Programs
Public Affairs
Secretary
Inspector General
Chief Financial Officer
Executive Director for Operations (EDO)
**EDO Offices:**
Nuclear Material Safety and Safeguards
Nuclear Regulatory Research
State and Tribal Programs
Nuclear Reactor Regulation
Enforcement
Investigations
Nuclear Security and Incident Response
Region I
Region II

195

Home > Who We Are > Our Organization > Executive Director for Operations (EDO)

# Office of the Executive Director for Operations (EDO)

On this page:

- Executive Director for Operations
- Assistant for Operations
- Deputy Executive Director for Reactor and Preparedness Programs
- Deputy Executive Director for Materials, Research, State and Compliance Programs
- Deputy Executive Director for Information Services and Administration

NRC Organization Chart

---

## Executive Director for Operations

Luis A. Reyes

The Executive Director for Operations is the chief operating officer of the Commission, and is authorized and directed to discharge the operational and administrative functions necessary for the day-to-day operations of the agency. This includes supervising and coordinating policy development, agency operational activities, and implementation of Commission policy directives.

TOP

---

## Assistant for Operations

William M. Dean

Assists the EDO and Deputy EDOs in the overall planning, management, control, and

Region III
Region IV
Information Services
Administration
Human Resources
Small Business and Civil Rights

coordination of the operational and administrative activities of the agency. This responsibility includes supervising the OEDO staff responsible for Communications as well as both the Technical and Regional Programs and Corporate Management and Infrastructure Sections. Additionally, the AO is the Agency's Liaison with the Government Accountability Office and the Office of the Inspector General.

TOP

## Deputy Executive Director for Reactor and Preparedness Programs

William F. Kane

Executes OEDO responsibility for regulatory effectiveness in the implementation of the Nuclear Reactor Safety Program and the agency's homeland protection and preparedness activities. Carries out day-to-day supervision, guidance, and direction of the Offices of Nuclear Reactor Regulation and Nuclear Security and Incident Response, and the Agency's four regional offices. Provides oversight across agency lines of authority for all NRC policies and activities related to reactor safety and homeland protection and preparedness. Has responsibility for matters dealing with the homeland security aspects of physical and personnel security, information security, information technology security, safeguards, emergency response, and threat and vulnerability assessment.

196

TOP

## Deputy Executive Director for Materials, Research, State and Compliance Programs

Martin J. Virgilio

Executes OEDO responsibility for regulatory effectiveness in the implementation of the Nuclear Materials and Waste Safety Program activities of the agency. Carries out day-to-day supervision, guidance, and direction of the Offices of Nuclear Materials Safety and Safeguards, State and Tribal Programs, Nuclear Regulatory Research, Enforcement and Investigations. Provides oversight across agency lines of authority for all NRC policies and activities related to materials and waste safety.

TOP

## Deputy Executive Director for Information Services and Administration

Jacqueline E. Silber

Executes OEDO responsibility for corporate management activities which includes contract administration, facilities, facility's security, administrative services, information technology (IT) infrastructure, applications' development, business process improvement, and information management services. Represents the NRC on the Federal Chief Information Officer (CIO) Council. Carries out the day-to-day supervision, guidance, and direction of the Office of Administration and the Office of Information Services.

TOP



197

# Mr. Martin J. Virgilio



Martin J. Virgilio is the Deputy Executive Director for Materials, Research, State and Compliance Programs and is responsible for leading the Offices of Nuclear Material Safety and Safeguards, State and Tribal Programs, Nuclear Regulatory Research, Enforcement and Investigations.

Mr. Virgilio joined the NRC in 1977 and advanced within the technical staff of the Office of Nuclear Reactor Regulation in mechanical, electrical and nuclear plant operations review and in a variety of supervisory roles. He has held progressively responsible positions at the NRC including Deputy Director, and then Director of the Office of Nuclear Materials Safety and Safeguards. Mr. Virgilio also served as the Executive Assistant and Director of the Office of the Chairman.

198

Mr. Virgilio received his B.S. degree from the United States Merchant Marine Academy in 1971 and has completed postgraduate work in nuclear engineering at Catholic University. Mr. Virgilio began his nuclear career in 1973, when he joined Newport News Shipbuilding's Atomic Power Division. From 1973 to 1977 he worked in the design verification, start-up and post-maintenance test programs for nuclear-powered aircraft carriers.

Mr. Virgilio received the Presidential Meritorious Rank Award in 1991 and 1999.

CHAIRMAN

UNITED STATES
NUCLEAR REGULATORY COMMISSION
WASHINGTON, D.C. 20555-0001

July 24, 2002

MEMORANDUM TO: Martin J. Virgilio, Director
Office of Nuclear Materials Safety and Safeguards

FROM: Richard A. Meserve
Chairman

SUBJECT: DELEGATION OF AUTHORITY

In accordance with section 4 of the Reorganization Plan No. 1 of 1980 (5 U.S.C. Appendix 1), and the Nuclear Regulatory Commission's Standards for Delegation of Authority (Management Directive 9.1, Appendix, Part IV), you are hereby delegated the authority to assert the deliberative process privilege on behalf of the Nuclear Regulatory Commission in the cases involving the standard contract for the disposal of spent nuclear fuel published at 10 C.F.R. § 961.11 pending before the United States Court of Federal Claims. This authority may be further delegated only with my approval. Please keep me informed concerning your action in this matter.

cc: W. Travers, OEDO
K. Cyr, OGC
J. Cordes, OGC

CHAIRMAN

UNITED STATES
NUCLEAR REGULATORY COMMISSION
WASHINGTON, D.C. 20555-0001

September 5, 2002

MEMORANDUM TO: Martin J. Virgilio, Director
Office of Nuclear Materials Safety and Safeguards

FROM: Richard A. Meserve

SUBJECT: ASSERTION OF THE DELIBERATIVE PROCESS PRIVILEGE ON BEHALF OF THE COMMISSION

By memorandum dated July 24, 2002, I delegated to you the authority to review documents which the Commission proposes to protect from disclosure in cases involving the standard contract for the disposal of spent nuclear fuel published at 10 C.F.R. § 961.11 pending before the U.S. Court of Federal Claims. In that memorandum, I delegated to you the authority to assert the claim of the deliberative process privilege because these documents could contain information that is recommendatory and predecisional, or part of the agency decisionmaking process, and thus a privilege is necessary in order to protect and promote the frank and open discussion within the agency that is essential to effective decisionmaking.

There has recently been an increase of discovery in civil litigation involving the Department of Energy and the Nuclear Regulatory Commission. Some discovery requests are directed generally at the internal deliberations concerning the functions of the Office of Nuclear Materials Safety and Safeguards and the Nuclear Regulatory Commission. I am aware that some courts have developed a requirement that the "head" of the agency personally review all such assertions on behalf of the agency or department.

It is obvious that the time of the Chairman cannot be devoted to the personal review of hundreds of privileged documents sought by litigants. Accordingly, I have delegated to you the authority to conduct that review and, if you determine it to be appropriate, to assert the government's deliberative process privilege for recommendatory and deliberative documents, release of which would in your judgment threaten the free flow of communication which is necessary for the effective functioning of the agency.

In general, documents will be presented to you or your delegate by the attorneys representing the Commission in the particular litigation in which discovery is sought. The attorneys will have made a preliminary decision that these materials may be privileged, and will advise you of the nature of the action, the scope of the discovery request at issue and other pertinent information. Any review of the documents pursuant to this delegation and any redelegation that I might authorize should be in accord with the following guidelines.

1. Each document must be personally examined, and careful consideration must be given as to whether the release of a document, or of a related set of documents, would seriously inhibit the frank and open discussion of legal or policy matters among agency personnel. Directives from superiors to subordinates explaining a decision already made should not be withheld pursuant to this privilege. However, drafts of substantive documents or documents reflecting discussions, analyses, recommendations, advice or other deliberations leading to a possible decision on a legal or policy matter should, consistent with advice of counsel and other instructions herein, be withheld.

2. If only certain portions of particular documents should be protected and those segments are reasonably segregable, the remaining portions should be released. For example, purely factual portions of memoranda generally should not be withheld pursuant to this privilege, but drafts should be withheld in their entirety.

3. The degree of harm to the public interest resulting from release of a given document should be carefully weighed against any public benefits or individual need for the information contained in that document.

4. Decisions in various civil actions as to whether the privilege is to be asserted should be consistent. In addition, all similar or related documents in a particular case should be treated consistently. Consistency is also important because the requesting party may later argue waiver, i.e., that release of one document concerning a particular issue or rulemaking has waived the privilege as to all documents regarding the same subject.

# REORGANIZATION PLAN NO. 1 OF 1980

5 USC App. I

Prepared by the President and submitted to the Senate and the House of Representatives in Congress assembled March 27, 1980,[25] pursuant to the provisions of Chapter 9 of Title 5 of the United States Code.[26]

**Nuclear Regulatory Commission**

**Sec. 1.** (a) Those functions of the Nuclear Regulatory Commission, hereinafter referred to as the "Commission", concerned with:

(1) policy formulation;

(2) rulemaking, as defined in section 553 of Title 5 of the United States Code, except that those matters set forth in 553(a)(2) and (b) which do not pertain to policy formulation orders or adjudications shall be reserved to the Chairman of the Commission;

(3) orders and adjudications, as defined in section 551 (6) and (7) of Title 5 of the United States Code;

shall remain vested in the Commission. The Commission may determine by majority vote, in an area of doubt, whether any matter, action, question or area of inquiry pertains to one of these functions. The performance of any portion of these functions may be delegated by the Commission to a member of the Commission, including the Chairman of the Nuclear Regulatory Commission, hereinafter referred to as the "Chairman", and to the staff through the Chairman.

(b)(1) With respect to the following officers or successor officers duly established by statute or by the Commission, the Chairman shall initiate the appointment, subject to the approval of the Commission; and the Chairman or a member of the Commission may initiate an action for removal, subject to the approval of the Commission:

(i) Executive Director for Operations,

(ii) General Counsel,

(iii) Secretary of the Commission,

(iv) Director of the Office of Policy Evaluation,

(v) Director of the Office of Inspector and Auditor,

(vi) Chairman, Vice Chairman, Executive Secretary, and Members of the Atomic Safety and Licensing Board Panel,

(vii) Chairman, Vice Chairman and Members of the Atomic Safety and Licensing Appeal Panel.

(2) With respect to the following officers or successor officers duly established by statute or by the Commission, the Chairman, after consultation with the Executive Director for Operations, shall initiate the appointment, subject to the approval of the Commission, and the Chairman, or a member of the Commission may initiate an action for removal, subject to the approval of the Commission:

(i) Director of Nuclear Reactor Regulation,

(ii) Director of Nuclear Material Safety and Safeguards,

(iii) Director of Nuclear Regulatory Research,

(iv) Director of Inspection and Enforcement.

---

[25] As amended May 5, 1980.

[26] This Reorganization Plan was originally approved under special Congressional procedures; the Supreme Court decision in *Immigration & Naturalization Service vs. Chadha* (462 US 919 (1983)) called into question the legality of this plan. Congress responded by enacting this Reorganization Plan in Public Law 98-614.

(v) Director of Standards Development.

(3) The Chairman or a member of the Commission shall initiate the appointment of the Members of the Advisory Committee on Reactor Safeguards, subject to the approval of the Commission. The provisions for appointment of the Chairman of the Advisory Committee on Reactor Safeguards and the term of the members shall not be affected by the provisions of this Reorganization Plan.

(4) The Commission shall delegate the function of appointing, removing and supervising the staff of the following offices or successor offices to the respective heads of such offices: General Counsel, Secretary of the Commission, Office of Public Evaluation, Office of Inspector and Auditor. The Commission shall delegate the functions of appointing, removing and supervising the staff of the following panels and committee to the respective Chairman thereof: Atomic Safety and Licensing Board Panel, Atomic Safety and Licensing Appeal Panel and Advisory Committee on Reactor Safeguards.

(c) Each member of the Commission shall continue to appoint, remove and supervise the personnel employed in his or her immediate office.

(d) The Commission shall act as provided by subsection 201(a)(1) of the Energy Reorganization Act of 1974, as amended (42 USC 5841 (a)(1), as amended) in the performance of its functions as described in subsections (a) and (b) of this section.

**Sec. 2.** (a) All other functions of the Commission, not specified by Section 1 of this Reorganization Plan, are hereby transferred to the Chairman. The Chairman shall be the official spokesman for the Commission, and shall appoint, supervise, and remove, without further action by the Commission, the Directors and staff of the Office of Public Affairs and the Office of Congressional Relations. The Chairman may consult with the Commission as he deems appropriate in exercising this appointment function.

(b) The Chairman shall also be the principal executive officer of the Commission, and shall be responsible to the Commission for developing policy planning and guidance for consideration by the Commission; shall be responsible for the Commission for assuring that the Executive Director for Operations and the staff of the Commission (other than the officers and staff referred to in sections (1)(b)(4), (1)(c) and (2)(a) of this Reorganization Plan) are responsive to the requirements of the Commission in the performance of its functions; shall determine the use and expenditure of funds of the Commission, in accordance with the distribution of appropriated funds according to major programs and purposes approved by the Commission; shall present to the Commission for its consideration the proposals and estimates set forth in subsection (3) of this paragraph; and shall be responsible for the following functions, which he shall delegate, subject to his direction and supervision, to the Executive Director for Operations unless otherwise provided by this Reorganization Plan:

(1) administrative functions of the Commission;

(2) distribution of business among such personnel and among administrative units and offices of the Commission;

(3) preparation of

(i) proposals for the reorganization of the major offices within the Commission;

(ii) the budget estimate for the Commission; and

(iii) the proposed distribution of appropriated funds according to major programs and purposes.

(4) appointing and removing without any further action by the Commission, all officers and employees under the Commission other than those whose appointment and removal are specifically provided for by subsections 1 (b), (c) and 2(a) of this Reorganization Plan.

(c) The Chairman as principal executive officer and the Executive Director for Operations shall be governed by the general policies of the Commission and by such regulatory decisions, findings, and determinations, including those for reorganization proposals, budget revisions and distribution of appropriated funds, as the Commission may by law, including this Plan, be authorized to make. The Chairman and the Executive Director for Operations, through the Chairman, shall be responsible for insuring that the Commission is fully and currently informed about matters within its functions.

**Sec. 3.** (a) Notwithstanding sections 1 and 2 of this Reorganization Plan, there are hereby transferred to the Chairman all the functions vested in the Commission pertaining to an emergency concerning a particular facility or materials licensed or regulated by the Commission, including the functions of declaring, responding, issuing orders, determining specific policies, advising the civil authorities, and the public, directing, and coordinating actions relative to such emergency incident.

(b) The Chairman may delegate the authority to perform such emergency functions, in whole or in part, to any of the other members of the Commission. Such authority may also be delegated or redelegated, in whole or in part to the staff of the Commission.

(c) In acting under this section, the Chairman, or other member of the Commission delegated authority under subsection (b), shall conform to the policy guidelines of the Commission. To the maximum extent possible under the emergency conditions, the Chairman or other member of the Commission delegated authority under subsection (b), shall inform the Commission of actions taken relative to the emergency.

(d) Following the conclusion of the emergency, the Chairman, or the member of the Commission delegated the emergency functions under subsection (b), shall render a complete and timely report to the Commission on the actions taken during the emergency.

**Sec. 4.** (a) The Chairman may make such delegations and provide for such reporting as the Chairman deems necessary, subject to provisions of law and this Reorganization Plan. Any officer or employee under the Commission may communicate directly to the Commission, or to any member of the Commission, whenever in the view of such officer or employee a critical problem or public health and safety or common defense and security is not being properly addressed.

(b) The Executive Director for Operations shall report for all matters to the Chairman.

(c) The function of the Director of Nuclear Reactor Regulation, Nuclear Material Safety and Safeguards, and Nuclear Regulatory Research of reporting directly to the Commission is hereby transferred so that such officers report to the Executive Director for Operations. The

function of receiving such reports is hereby transferred from the Commission to the Executive Director for Operations.

(d) The heads of the Commission level offices or successor offices, of General Counsel, Secretary to the Commission, Office of Policy Evaluation, Office of Inspector and Auditor, the Atomic Safety and Licensing Board Panel and Appeal Panel, and Advisory Committee on Reactor Safeguards shall continue to report directly to the Commission and the Commission shall continue to receive such reports.

**Sec. 5.** The provisions of this Reorganization Plan shall take effect October 1, 1980, or at such earlier time or times as the President shall specify, but no sooner than the earliest time allowable under Section 906 of Title 5 of the United States Code.[27]

## EXECUTIVE ORDER 11834

### THE WHITE HOUSE

**Activation of the Energy Research and Development Administration and the Nuclear Regulatory Commission**

By virtue of the authority vested in my by the Energy Reorganization Act of 1974 (Public Law 93-438; 88 Stat. 1233), section 301 of title 3 of the United States Code, and as President of the United States of America, it is hereby ordered:

**Sec. 1.** Pursuant to section 312(a) of the Energy Reorganization Act of 1974, I hereby prescribe January 19, 1975, as the effective date of that Act. This action shall not impair in any way the activation of the Energy Resources Council by Executive Order No. 11814 of October 11, 1974.

**Sec 2.** The Director of the Office of Management and Budget shall take all steps necessary or appropriate to ensure or effectuate the transfers provided for in the Energy Reorganization Act of 1974, the Solar Heating and Cooling Demonstration Act of 1974 (Public Law 93-409; 88 Stat. 1069), the Geothermal Energy Research, Development, and Demonstration Act of 1974 (Public Law 93-410; 88 Stat. 1079), the Solar Energy Research, Development, and Demonstration Act of 1974 (Public Law 93-473; 88 Stat. 1431), to the extent required or permitted by law, including transfers of funds, personnel and positions, assets liabilities, contracts, property, records, and other items related to the transfer of functions, programs, or authorities.

**Sec. 3.** As required by the Energy Reorganization Act of 1974, this Order shall be published in the Federal Register.

GERALD R. FORD

THE WHITE HOUSE, *January 15, 1975.*

[27] 45 FR 40561.