IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, Plaintiff, | ) | |
| v. | ) | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF BRAD CORNELL RELATED TO FUTURE DAMAGES

Defendant, the United States, respectfully requests that the Court strike those portions of the expert report of Dr. Bradford Cornell, served by plaintiff, Pacific Gas & Electric Company ("PG&E"), that reflect PG&E's attempts to recover damages that post-date the filing of its amended complaint on January 28, 2004.

## BACKGROUND

### I. PROCEEDINGS IN OTHER SPENT NUCLEAR FUEL CASES

This case is one of 59 pending cases that are currently pending before this Court, alleging damages arising from a partial breach of the Department of Energy's "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste." Pursuant to the Nuclear Waste Policy Act, 42 U.S.C. § 10101-10270, the Department of Energy ("DOE") was authorized to enter into contracts with commercial owners and generators of spent nuclear fuel ("SNF") and high-level radioactive waste ("HLW") for the disposal of that waste. Under the terms of those contracts, DOE agreed to begin acceptance of contract holders' SNF and/or HLW by January 31, 1998, in exchange for the contract holders' payment of fees in an amount established by statute. 42 U.S.C. § 10222(a). Because DOE lacks a facility to which it is

authorized to take the commercial nuclear utilities' SNF, DOE was unable to begin SNF acceptance by January 31, 1998.

Seven SNF cases have already been tried by other judges of this Court, and, recently, the United States Court of Appeals for the Federal Circuit affirmed the first trial court decision resolving damages claims allegedly arising from that partial breach. In Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639 (2004), aff'd, 422 F.3d 1369 (Fed. Cir. 2005), the plaintiff, Indiana Michigan Power Company ("IMP"), had asserted that it was entitled to recover damages beginning in 1989 (based upon its alleged belief in 1989 that DOE would partially breach the contract in 1998) and extending approximately 40 years beyond the 1998 partial breach. IMP did not assert that DOE had committed a total breach of the Standard Contract, but instead claimed only that DOE had partially breached that contract. This Court, after an extensive trial upon IMP's damages claims, found that the nature of IMP's breach claim – a partial, rather than total, breach – affected its ability to recover future damages.[1] It found that, unlike a claimant in a total breach case, a partial breach claimant cannot recover damages into the future that it had not yet incurred. Id. at 648. Instead, this Court, relying in part upon a California court decision, Coughlin v. Blair, 41 Cal. 2d 587, 262 P.2d 305 (1953), found that the partial breach claimant was limited to those damages that it had incurred as a result of partial breaches up to the "date of trial." Id. This Court also found that the partial breach claimant was entitled to return to court as it incurred damages in response to future partial breaches. Id.

---

[1] This Court also made various findings regarding a partial breach claimant's ability to recover pre-breach damages. Because this motion seeks to strike Dr. Cornell's opinions regarding future damages, rather than pre-breach damages, we will not address that issue here.

On appeal to the Federal Circuit, IMP challenged the trial court's holdings regarding a partial breach claimant's ability to recover future damages in a single action, arguing that a partial breach claimant should be permitted to recover damages beyond the date of trial and that the claimant should not have to return to court to seek additional damages after they have been incurred. In our response to IMP's future damages argument, we informed the appellate court that, according to section 26 of the Restatement (Second) of Judgments, a partial breach claimant, unlike a total breach claimant, cannot recover future damages for future partial breaches that it anticipates will occur, but that the partial breach claimant may return to court in the future after it has actually incurred those costs. We also identified two different applications of this rule: the rule espoused in section 26 of the Restatement (Second) of Judgments, allowing a partial breach claimant to recover damages incurred by the date that it filed its complaint, and that espoused in the California court decision upon which this Court had relied, allowing recovery of damages incurred through the time of trial.

In its decision, issued on September 9, 2005, the Federal Circuit agreed that, in a partial breach case, future damages are not recoverable. It found that, instead, a partial breach claimant may "sue from time to time for the damages incurred to the date of suit," defined as "the time of the institution of the action." Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1377 (Fed. Cir. 2005) (quoting Restatement (Second) of Judgments § 26(e) & cmt. g (1982)). Although the Court did not expressly discuss the distinction between the California court's "time of trial" rule for a partial breach damages award and the Restatement's "institution of the action" rule, the appellate court expressly found that the grievance at issue "falls within [the Restatement (Second) of Judgments] subsection (e)'s exception," id. at 1378, which expressly limits damages

in a partial breach case to those "incurred to the date of suit," Restatement (Second) of Judgments § 26(e) (1982), or "damages sustained from breaches up to the time of the institution of the action." Id. § 26 cmt. g, at 241 (quoted in Indiana Michigan, 422 F.3d at 1377). IMP sought panel rehearing of the future damages aspect of the appellate court's decision, but IMP's petition for rehearing was denied on November 25, 2005.

## II. PG&E'S EXPERT REPORT

On November 11, 2005, PG&E served upon the Government the expert report of Dr. Cornell, which purports to quantify PG&E's damages arising from the partial breach of the Standard Contract by DOE. In his expert report, Dr. Cornell quantifies PG&E's alleged damages through a variety of years, including through 2003, 2004, 2005, 2006, 2007, and 2012. See "Expert Report of Brad Cornell (11/10/2005)" ("Cornell Report"), ¶ 8. While quantifying damages through six different years, Dr. Cornell's analysis assumes that damages in this case will be awarded through 2007 and uses that year as the baseline for his damages analysis and expert opinions. Id. However, Dr. Cornell's opinions – to the extent that they concern damages allegedly accruing after the date of PG&E's amended complaint – directly conflict with the Federal Circuit’s decision in Indiana Michigan, which limits the recovery of damages in partial breach cases to damages incurred before the filing of the complaint. Since PG&E filed its amended complaint on January 28, 2004, the trial – and attenuated expert discovery – concerning PG&E's alleged damages should be limited to damages accruing as of that date.[2]

[2] PG&E filed its initial complaint on January 22, 2004. Six days later, PG&E filed its amended complaint.

Dr. Cornell's opinions also conflict with PG&E counsel's past representations to this Court regarding the scope of PG&E's anticipated damages claims. During a telephonic hearing with the Court on October 14, 2005, counsel for PG&E stated, "[a]gain, I would simply note that, at least as to future damages, that we're in a fairly narrow range. It's going to be somewhere between the filing of the complaint in January of '04 and the time of trial or perhaps the end of '05 . . . ." See Hearing Transcript, at 30 (Oct. 14, 2005).[3] During that hearing, counsel for PG&E further stated that "[i]t is not our current intent to pursue damages through 2012 in light of the Federal Circuit's Indiana Michigan decision." Id. at 18. Yet, Dr. Cornell's expert report asserts entitlement to damages through at least 2012.

## DISCUSSION

### I. THE FEDERAL CIRCUIT'S DECISION IN *INDIANA MICHIGAN* PRECLUDES THE RECOVERY OF DAMAGES INCURRED AFTER THE DATE OF PLAINTIFF'S AMENDED COMPLAINT

Based upon the partial breach claim which PG&E is pursuing here, PG&E's damages are limited to those incurred prior to January 28, 2004, the date upon which PG&E filed its amended complaint. See Indiana Michigan, 422 F.3d at 1376-78. In Indiana Michigan, the Federal Circuit affirmed the trial court's conclusion that a claim for a partial breach of contract precludes the recovery of future damages beyond the date that the plaintiff's complaint was filed. Id. at 1376 & 1378. In so holding, the Federal Circuit explained that, "[b]ecause of its highly speculative nature, a claimant may not recover, at the time of the first suit for partial breach, prospective damages for anticipated future nonperformance resulting from the same partial

[3] A copy of the transcript of this Court's October 14, 2005 hearing is already a part of the record in this case.

breach." Id. at 1376 (citing San Carlos Irrigation & Drainage Dist. v. United States, 111 F.3d 1557, 1563 (Fed. Cir. 1997) & 9 Arthur L. Corbin, Corbin on Contracts, § 956 (interim ed. 1993)). Although the Federal Circuit noted that future damages may be awarded where a plaintiff asserts a total breach of contract, it explained that, where the breach of a contract is only partial, "the plaintiff can recover only such damages as he or she has sustained, leaving prospective damages to a later suit in the event of future breaches." Indiana Michigan, 422 F.3d at 1377 (quoting 22 Am. Jur. 2d: Damages § 488 (2003)) (emphasis in original). It concluded that, where a "claim is premised upon the government's partial breach, its damages were limited to those costs incurred prior to the date of its suit." Indiana Michigan, 422 F.3d at 1376-77 (emphasis added). Importantly, in discussing the rules for the lower court to apply in future cases, the Federal Circuit expressly stated that the plaintiff's grievance "falls within [the Restatement (Second) of Judgments] subsection (e)'s exception," id. at 1378, which expressly limits damages in a partial breach case to those "incurred to the date of suit," Restatement (Second) of Judgments § 26(e) (1982), or "damages sustained from breaches up to the time of the institution of the action." Id. § 26 cmt. g, at 241 (quoted in Indiana Michigan, 422 F.3d at 1377); see 9 A. Corbin, Corbin on Contracts, § 956, at 747 (1951) ("[i]t has been thought that where there has been no repudiation, the plaintiff can recover damages for his injury only to the date of the writ – that he must treat the breach as only 'partial'") (emphasis added)); see also Arnone v. Chrysler Corp., 148 N.W.2d 902, 905 (Mich. Ct. App. 1967) (barring recovery of future damages for partial breach or breach of divisible contract); Kaiser v. Northwest Shopping Ctr.,

Inc., 587 S.W.2d 454, 457 (Tex. Civ. Ct. 1979) (suggesting that plaintiffs seeking damages for partial breach may recover damages incurred through date of filing pleading).[4]

In this case, PG&E seeks damages from the Government based upon DOE's alleged partial breach of the Standard Contract. See PG&E Amend. Compl. ¶ 25 ("In this Count, PG&E seeks to recover damages arising from the government's failure to perform until 2010, which results from its partial breach of the contract."). It has not claimed a total breach of contract. Consequently, PG&E is limited to the recovery of costs, if any, resulting from DOE's partial breach of contract that were incurred prior to the date upon which it filed its amended complaint.

II. IN CONTRAVENTION OF THE CLEAR LIMITS SET BY *INDIANA MICHIGAN* UPON PG&E'S DAMAGES CLAIM, SIGNIFICANT PORTIONS OF DR. CORNELL'S REPORT IMPLICATE FUTURE DAMAGES

Despite the Federal Circuit's limitation upon the recovery of future damages in partial breach of contract cases, PG&E has offered opinions from Dr. Cornell concerning alleged damages that post-date January 28, 2004. Indeed, Dr. Cornell asserts that the relevant period for comparing PG&E's actual costs to costs that it would have incurred in the "but for" world is "the early 1990s through December 2012." Cornell Report ¶ 10. As a result of this assertion, a significant portion of Dr. Cornell's report involves opinions concerning damages that post-date the amended complaint. For example, with respect to the costs associated with SAFSTOR operations at PG&E's Humboldt Bay facility, Dr. Cornell presents actual costs associated with

[4] The Federal Circuit's adoption of the Restatement (Second) of Judgments rule regarding the date to which damages in a partial breach case may be recovered, rather than the Coughlin California state court rule, is logical and necessary. Problems will always arise in identifying and verifying claimed damages incurred between the conclusion of fact discovery and the commencement of trial, and, to the extent that a plaintiff can recover damages incurred to the date of trial, there will always be a period of time about which the Government will not be able to take any discovery.

wet pool operations between 1999 and 2004, and projected costs from 2005 through 2009. Id. ¶ 52 & App. A (Table 5). Similarly, Dr. Cornell's report alleges damages associated with the independent spent fuel storage installations ("ISFSIs") at Humboldt Bay and at PG&E's Diablo Canyon facility through 2012. Id. ¶¶ 53, 57 & App. A (Table 6)). Dr. Cornell likewise offers opinions concerning costs through 2012 that are associated with the procurement of temporary storage racks at Diablo Canyon. Id. ¶¶ 59-61.[5]

In addition to cost-specific opinions that post-date January 28, 2004, Dr. Cornell offers related opinions that have no bearing upon past costs incurred by PG&E. For example, Dr. Cornell offers opinions concerning the proper methodology for discounting PG&E's damages claim. Cornell Report ¶¶ 25-29. Specifically, for the purposes of his damages calculations, Dr. Cornell considers "all costs incurred through December 2007 to be pre-judgment and to exclude pre-judgment interest from these cash flows. For incremental costs forecast to be incurred by PG&E between January 2008 and December 2012 inclusive, discounting is required to compute their present value as of January 1, 2008." Id. ¶ 25. Dr. Cornell then addresses alternative methods for deriving a discount rate, ultimately selecting PG&E's after-tax weighted average cost of capital as a basis for a discount rate. Id. ¶ 27. Without the presence of future damages in his report, his opinions concerning discounting are irrelevant.

Dr. Cornell also offers opinions concerning the appropriate escalation rate to apply to future costs that may, or may not, be charged to PG&E by Holtec International ("Holtec") for the design, cask fabrication, and construction oversight of the ISFSIs at Humboldt Bay and Diablo

---

[5] Dr. Cornell's report notes that only "[a]bout 35% of forecast total expenditure on the temporary racks at Diablo Canyon has been spent and invoiced as of the end of September 2005." Id. ¶ 61.

Canyon. Cornell Report ¶¶ 34-37. In his report, Dr. Cornell notes that PG&E's contracts with Holtec provide for the escalation of materials and labor costs, and that such escalations are tied to "publicly-available cost indices." Id. ¶ 34. However, since the majority of the indices specified in the Holtec contracts with PG&E were discontinued in 2003, Dr. Cornell imposes his own alternate "set of indices to be used . . . from the last available observation through 2012." Id. ¶ 36. Once again, Dr. Cornell's opinions with respect to the Holtec escalation rates have no bearing upon the past costs allegedly incurred by PG&E and should be stricken in light of the Indiana Michigan decision.[6]

Finally, Dr. Cornell offers opinions concerning the future inflation rates of "non-Holtec costs from January 2006 through 2012." Cornell Report ¶ 38. As with his other opinions related to discounting and escalation, Dr. Cornell's opinions concerning the appropriate inflation rate to utilize for future damages are inappropriate in light of Indiana Michigan.

PG&E's decision to include opinions concerning damages that post-date its amended complaint by as much as eight years comes with potentially significant cost to the Government. Pending any decision by this Court upon this motion to strike, the Government must prepare a response to each of Dr. Cornell's opinions, including those expressly precluded by the rationale of the Federal Circuit's decision in Indiana Michigan. Given the short 10-week period of time in which the Government must respond to PG&E's four expert reports, PG&E's decision to inject irrelevant issues into this case threatens to prejudice the Government by forcing us to respond to

[6] These opinions are contained in paragraphs 34 through 37 of Dr. Cornell's report, as well as tables 2 and 3 and Appendix E.

those issues.[7] Moreover, the Government will incur financial costs responding to the otherwise irrelevant components of Dr. Cornell's report. Despite the clear implications of Indiana Michigan, PG&E elected to submit an expert damages report that offers opinions concerning damages well into the future. Based upon the Federal Circuit's decision in Indiana Michigan, Dr. Cornell's opinions concerning the recovery of damages beyond January 28, 2004, should be stricken and the Government should not be obligated to incur the costs of preparing a defense to them in this case.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court strike those portions of Dr. Cornell's report involving opinions associated with alleged damages incurred or estimated to be incurred after January 28, 2004.

[7] Dr. Cornell's report also has required motions practice that should have been unnecessary given the clear language of the Indiana Michigan decision.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SHARON SNYDER
JOSHUA E. GARDNER
TODD J. COCHRAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

November 29, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2005, a copy of foregoing "DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF BRAD CORNELL RELATED TO FUTURE DAMAGES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John C. Ekman