IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-074C<br>into which has been consolidated<br>No. 04-075C<br><br>(Judge Hewitt)<br><br>File Electronically November 29, 2005 |

PG&E'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME
TO FILE REPLY ON DELIBERATIVE PROCESS ISSUES

Pursuant to Rules 6(b) and 6.1 of the United States Court of Federal Claims, PG&E respectfully requests an additional seven days, to and including December 7, 2005 to file its reply to the government's response to PG&E's motion to compel documents withheld under the deliberative process privilege. This is the first request for an enlargement of time for this reply.

The Court's November 16, 2005 order granting the government's second motion for an enlargement of time through November 22 stated that P&E should file its reply on or before November 29, 2005. The government then filed a third, unopposed motion for an additional one day enlargement of time, and subsequently filed its response shortly before 6:00 p.m. on November 23, the day before Thanksgiving. The Court's order entered yesterday, November 28, granting the final one-day enlargement states that PG&E's reply should be filed tomorrow, November 30. In footnote one to its November 22 motion, the government stated that in light of the Thanksgiving holiday, it would not oppose "reasonable" requests for enlargement of time by PG&E to file its reply, and undersigned counsel has confirmed with government counsel that he does not oppose this motion.

The government's response and the accompanying appendix contain 311 pages of material. Due to the Thanksgiving holiday, and ongoing difficulties in downloading attachments from PACER, counsel for PG&E was unable to review a complete copy of that material until late afternoon yesterday, November 28. An enlargement of time of seven days, until December 7, will allow PG&E sufficient time to prepare an appropriate, thorough reply that explains why the Court should reject the government's effort to shield a huge amount of evidence from PG&E and from the Court -- evidence that by the government's own admission is "relevant" (or calculated to lead to relevant evidence), since the government itself collected all this evidence in response to PG&E's document requests before placing the documents in question on the government's privilege log.

Indeed, the heft of the government's response underscores the extremely broad sweep of the government's claims of deliberative process privilege over no less than 453 documents. *See* Response at 1. Though the government gripes that PG&E is "re-litigating" old issues, that is plainly untrue, because as the government admits, *see* Response at 5, its privilege claims over at least 315 of those documents have never before been reviewed by this Court. Moreover – and more importantly – despite the government's premise that simply because some subordinate government officials "invoke" the deliberative process privilege the matter is at an end, clearly it is the duty and province of this Court, not those government officials, to determine if the legal standards for invoking this privilege have been met. An enlargement of seven days will allow PG&E to provide the Court an appropriate reply that allows the Court to make that legal determination.

The issue is not merely whether authority to invoke this privilege can be delegated, although it is significant that only one Judge of this Court (former Judge Sypolt) has ever

endorsed such delegation. The underlying issue, regardless of delegation, is whether the substantive requirements for invoking this privilege have been met. They have not been. The conclusory declarations offered by the government (no less than nine in number) make clear that many if not most withheld documents relate to "deliberations" over "decisions" – like the decision on how to respond to a letter, *see* Response at 27, Appendix at A188-89, 190-91, that in reality are the routine, everyday work of agency employees not remotely worthy of protection under this narrow privilege. The requested enlargement will allow PG&E to provide a full explanation of why the deliberative process privilege does not apply to these routine agency documents – because they are not "deliberative," and/or are not "pre-decisional" with respect to any "decision" potentially eligible for protection under this privilege.

The government's vague declarations also do not explain how, or why, or in many cases even *that*, disclosure of the withheld documents will cause any harm to agency decision-making, *see, e.g.,* A131-141, particularly considering that disclosure would occur under the existing protective order. Thus, another issue PG&E needs additional time to explain is that the government has not established – and cannot establish that any harm from disclosure of these documents outweighs the evidentiary need for them.

Finally, the requested enlargement also will allow PG&E to address a number of misleading statements contained in the government's response, including at least one PG&E has already noticed that concerns the Court's specific request for information about "the inclusive effective dates," *see* Order of November 16, 2005, of the delegations the government is relying upon. At page 30 of its Response, the government denies PG&E's documented showing that the delegations the government relies upon were "created simply for this litigation." Later on the same page however, in describing one of Mr. Milner's declarations – the one dated May 13,

2002 – the government notes that the applicable delegation was "amended" that same day, and the appendix shows that the sole purpose of that amendment, on that day, was to extend the delegation for the very first time to include authority to assert the deliberative process privilege. *See* A70. The government also states, not once but twice, that the Federal Circuit's decision in *Dep't of Energy v. Brett*, 659 F.2d 154 (Temp. Em Ct. App. 1981), has been adopted "as binding precedent for at least certain cases," Response at 14; *see* Response at 20, yet government counsel knows full well that the Department of Justice acknowledged in footnote 7 of its opening brief in the pending *Marriott Int'l* appeal on the delegation issue that *Brett* is "not binding" in cases such as this one. As a final example here, the government states that Judge Sypolt's ruling on the deliberative process privilege was "an order applicable to the SNF litigation," when that order actually applied only to the 21 then-pending cases, and in any event was wrongly-decided. The requested enlargement will provide PG&E with time to respond more thoroughly to these and any other similarly misleading statements, so the Court may be fully informed on the important issues presented by PG&E's motion.

For these reasons, PG&E requests an enlargement of seven calendar days, until December 7, 2005 in which to submit its reply.

Dated: November 29, 2005

Respectfully submitted,

s/ Jerry Stock

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Ave, NW Ste 500
Washington, D.C. 20006
(202) 331-3173
(202) 261-4751 fax
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:
ROBERT L. SHAPIRO
Greenberg Traurig, LLP