IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-074C<br>into which has been consolidated<br>No. 04-075C<br><br>(Judge Hewitt)<br><br>Electronically filed December 9, 2005 |

MOTION FOR CLARIFICATION OR RECONSIDERATION
ON DISCOVERY RESTRICTION

A footnote to a discovery Order entered in this case on December 2, 2005, states:

> Plaintiffs amended their complaint on January 28, 2004 as of right under Rule 15(a) of the Rules of [this Court]. Accordingly, the court finds that January 28, 2004 is an appropriate cut-off date for document discovery.

Order of Dec. 2, 2005 at 1 n.1. The text attached to this footnote limits the Court's directive that the government produce additional documents to "communications taking place on or before January 28, 2004." Footnote 4 of the same Order similarly provides that "Plaintiff is not entitled to production of communications made after January 28, 2004."

For several reasons, Plaintiff Pacific Gas & Electric ("PG&E") respectfully requests that the Court clarify or reconsider these statements. First, the issue of a possible "cut-off date" for discovery has never been briefed in this case and the Court therefore has not had occasion to fully consider the issue. Second, although this issue (of a possible "cut-off date" for discovery) has come up in various telephone conferences on discovery matters, the Court has made conflicting statements on the issue in those conferences. Third, it appears from the context of the discussions at the discovery conferences that the Court may be conflating the issue of a cut-off date for *damages* with the issue of a cut-off date for *discovery*. The parties also have never

briefed the issue of a cut-off date for damages, but in the wake of the Federal Circuit's decision in *Indiana Michigan Power Co. v United States*, 422 F.3d 1369 (Fed. Cir. 2005), that issue soon will be addressed in connection with a motion the government recently filed to strike portions of one of PG&E's expert reports. Finally, there are many, many examples of documents generated after January 2004, that are not only relevant to, but compelling evidence concerning, the key disputed issue this case. One clear example of such a document is discussed below. Indeed, the government has already produced a good many documents that post-date January 2004, so the effect of cutting off further discovery after that date would be to leave only a partial record of such evidence.

Accordingly, and as discussed further below, whatever ruling the Court ultimately may make on a cut-off date for *damages*, the Court should not limit PG&E's access to relevant and highly probative evidence by arbitrarily imposing a cut-off date for discovery.

## DISCUSSION

The government first raised the issue of a possible cut-off date for discovery in this case on September 22, 2005, at the deposition of Department of Energy ("DOE") official John Arthur, when it objected to questions about "future activities." *See* Arthur Dep. Tr. at 28:7-29:3, copy attached as Exhibit "1". A telephone conference with the Court was convened, and no sooner had PG&E's counsel Mr. Stouck stated that the government's position was "just flat out untenable for a couple of reasons. Number one --", then the Court interjected as follows:

> JUDGE HEWITT: Well, the first reason would be it's discovery and it could lead to discoverable information.

*Id.* at 35:1-3. PG&E submits that the Court's initial instinct was exactly correct -- regardless of any cut-off date for the actual recovery of damages, PG&E should not be unduly restricted in its pursuit of evidence relevant to damages issues.

The issue of a possible cut-off for discovery subsequently came up early during the telephone conference held October 14 and 17, 2005 on PG&E's motion to compel discovery filed September 15, 2005. Near the outset of the first day of that conference, the Court asked both parties their respective views on what time period for damages was viable in view of *Indiana Michigan*, *see id.* at 16:7-14, copy attached as Exhibit "2". A substantial discussion of that issue ensued, *see id.* at 16-28:18, after which the conference returned to a discussion of the parties' dispute about one particular discovery request, which the Court ultimately resolved by refusing to compel production of documents pertaining to a future matter -- specifically, whether "DOE will accept spent nuclear fuel from utilities." *See id*. at 48:22-25.

Later at the same conference, in discussing another disputed discovery request, PG&E counsel Mr. Stouck gave an example of a recent (and post-January 2004) piece of evidence that is highly relevant to rebut one of the government's positions. *See id.* at 51:15-53:3, 54:11-16. Although the Court seemed to appreciate these examples, the Court, in the context of the on-going discovery conference, declined to revisit its earlier ruling, explaining:

> JUDGE HEWITT: Well, Mr. Stouck, just by way of advice for a future time, if you have a piffy [sic, should be "pithy"] little example about something that's in the future, see, you're arguing right now a motion for reconsideration on the order of the Court with respect to Document No. 15. That's what you're doing, *and you probably could have avoided that by putting a good factual example in* when several times I asked for a feel for what would be useful here from that future information. *This is very colorful, but it's a little out of time.*

*Id.* at 54:17-55:2 (emphasis added).

Subsequent to that telephone discovery conference there has been no briefing or other discussion of a general cut-off date for discovery, yet the Court has now, according to footnote 2 of the December 2, 2005 Order quoted above, made a "finding" that "January 28, 2004 is an appropriate cut-off date for document discovery." With due respect, the Court should either

clarify that that finding is applicable only to the disputed discovery matters addressed in the December 2nd Order, or reconsider the finding and prospectively allow discovery of matters subsequent to January 28, 2004. Although fact discovery is closed, numerous documents postdating January 2004 are involved in pending discovery motions, and on an ongoing basis PG&E is actively seeking DOE documents from public sources, many of which reflect current DOE activities that are relevant and probative of issues in this case.

A particularly clear example of a highly probative DOE document that post-dates January 2004 is DOE' s July 2004 Annual Capacity Report/Annual Priority Ranking ("ACR/APR"), relevant excerpts of which are attached at Exhibit "3". That document, which is the first ACR/APR DOE has published since 1995, reflects DOE's then-current plans (as of July 2004) to operate its spent fuel program at an annual acceptance rate of 3000 MTU of spent fuel per year. *See* Exhibit "3" at 2. Plainly this document supports PG&E's position that a 3000 MTU per year acceptance rate is "reasonable," which is the applicable legal standard for DOE's performance given that PG&E's contract is silent on this issue. Arguably this document is cumulative of other evidence showing that 3000 MTU per year is a reasonable acceptance rate, but at most cumulativeness would be a basis for excluding evidence from trial, not for restricting *discovery*. And if DOE were to take the position that 3000 MTU per year might have been reasonable in 1983 but is no longer reasonable in light of changed conditions, the 2004 ACR/APR -- showing that as recently as 2004 DOE itself planned to implement a 3000 MTU rate -- would provide powerful rebuttal evidence.

In short, documents and other evidence dated after January 28, 2005 can be relevant and probative of issues involved in this case -- like what "reasonable" contract performance by DOE would have been. Under the broad discovery philosophy embodied in the Court's Rules, the

Court should not arbitrarily restrict discovery to matters occurring prior to January 28, 2004.[1]

In requesting the Court to reconsider the "finding" noted in the December 2nd Order, PG&E also urges the Court to distinguish consideration of an appropriate cut-off date for damages from the distinct question whether discovery should be restricted in time. The answer to the latter question is no, for reasons set forth above. Regarding a possible cut-off date for damages, that issue is likely to be addressed in connection with the government's recent motion to strike portions of the report of one of PG&E"s experts. Notably, although in that motion the government asserts that PG&E's damages should be limited to those occurring prior to January 28, 2004, in other cases the government has acknowledged that the Court has discretion in imposing a damages cut-off date. *See, e.g.,* Reply filed November 21, 2005 in *Wisconsin Elec. Power Co. v. United States*, No. 00-00697 (Fed. Cl. 2000), at 4-6. The government has also recognized that, by filing an amended or supplemental complaint, a spent fuel plaintiff may be able to "advance" the date through which damages may be recovered. *Id.* These and other matters will be addressed in forthcoming briefing. They involve considerations entirely distinct from those that allow, and indeed encourage, wide-ranging discovery into matters both relevant and calculated to lead to the discovery of relevant evidence. *See, e.g., United States v. Nixon,*

---

[1] Indeed, the government has acknowledged that documents post-dating January 28, 2004 are relevant to issues in this case (or may lead to relevant evidence) because at least forty-five such documents appear on the government's privilege log. In its opposition filed November 23, 2005, to PG&E's pending motion to compel documents withheld on "deliberative process" grounds, the government tries (at pp. 9-11) to back-pedal by arguing (at pp. 10-11) that it sees no reason to "revisit" this Court's indication of a January 28, 2004 discovery cut-off. Notably, the government does not argue there that these documents are "not relevant," and the government could hardly take such a position now, because by placing these forty-five documents on its privilege log the government previously acknowledged that the documents are relevant (or may lead to relevant evidence).

418 U.S. 683, 709 (1074) ("The need to develop all relevant facts in the adversary system is both fundamental and comprehensive.").

CONCLUSION

For these reasons, the Court should clarify or reconsider that portion of its December 2, 2005 Order indicating a discovery cut-off of January 28, 2004, and instead allow discovery of documents and fact subsequent to that date, subject to applicable Court Rules.

Dated: December 9, 2005

Respectfully submitted,

s/Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Ave, NW, Suite 500
Washington, D.C. 20006
(202) 331-3173
(202) 261-4751 fax
*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:
ROBERT L. SHAPIRO
Greenberg Traurig, LLP