**Greenberg Traurig**

Robert L. Shapiro
Tel. 202-331-3174
Fax 202-261-4752
shapiror@gtlaw.com

November 23, 2005

Via Facsimile

John C. Ekman
Trial Attorney
Department of Justice
Commercial Litigation Branch
Civil Division
8th Floor Mailroom-- Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530

Re: PG&E v. United States, No. 04-074C

Dear John:

I am writing in response to your letters of November 16 and 22 concerning expert witness discovery. Your letters appear to assume a broader scope of expert discovery than we believe is contemplated by the Rules or the Court's pretrial Order.

The Rules' provisions for expert discovery are largely limited to the production of expert witness reports pursuant to RCFC 26(a)(2) and depositions of experts pursuant to RCFC 26(b)(4)(A). The Court's scheduling Order has consistent provisions, as it provides deadlines for expert witness reports and expert depositions and it does not mention any other expert discovery.

Notwithstanding these limitations, we are cooperating with the government in providing significant additional materials. We have already provided the government with an electronic copy of Mr. Graves' model. In addition, we have already provided documents considered by Dr. Cornell and Mr. Graves. The documents considered by Mr. Stuart are largely the same as those considered in his work in the Yankee cases, and we assume that the government already has those documents. To the extent you need further documents from Mr. Stuart, we will cooperate with the government to provide them. The decommissioning cost studies considered by Mr. Knight (the other information he considered is a readily available government statistic) are controlled by Envirocare of Utah, LLC, which acquired the SCIENTECH division that prepared the reports. Envirocare is very sensitive about disclosure of these reports. To the extent the government determines that it is truly necessary for it to have access to those reports, we will work with you to determine how best to address that situation. Furthermore, we are willing to work with our

---

experts to attempt to obtain copies of their prior publications and testimony. We expect similar cooperation from the government regarding its experts.

We agree with you that discovery of draft expert witness reports is not ordinarily appropriate in these cases, and we will agree your draft stipulation. Although such drafts may not be privileged, their discovery does not ordinarily meet the standard of RCFC 26(b)(1) that discovery be "reasonably calculated to lead to the discovery of admissible evidence." Further, limitation of such discovery is ordinarily appropriate pursuant to RCFC 26(b)(2), as "the burden or expense of the proposed discovery outweighs its likely benefit." Our experience is that draft expert reports are typically just a distraction from appropriate focus on the experts' opinions, and whether they are valid.

The other expert discovery you seek is similarly not appropriate. For example, the last three bullets in your November 16 letter request information about the experts' communications with PG&E and its counsel. Absent demonstration of a particularized need for such information, it appears to be merely a distracting fishing expedition. It will be more efficient to follow the course prescribed in the Rules – asking the experts at their depositions about communications that might be relevant to their opinions. With respect to the second and third bullets in your November 16 letter, we are not sure what you seeking beyond Mr. Graves' model which we have already provided and draft reports, which we agree should not be discovered. To the extent there are other materials, they too appear more likely to distract from rather than enhance discovery of the experts' opinions.

The request in your November 22 letter for depositions of PG&E personnel to inquire into Dr. Cornell's treatment of various PG&E overhead items is similarly inappropriate. As this work was done to support Dr. Cornell's work, the appropriate focus of the government's inquiry on these issues should be its deposition of Dr. Cornell. Moreover, the implication of your letter that none of these overheads were included in the amounts set out in PG&E's initial disclosures and were only added in Dr. Cornell's expert witness report is wrong. Most of the overhead amounts were included in the damage claim categories set in PG&E's initial disclosures. Indeed, to a significant extent, Dr. Cornell had some of the overhead items broken out of those numbers in order to deduct some of the overhead items from the damages claims. In addition, substantial documentation of PG&E's overhead calculations relevant to PG&E's damages claims has been produced to the government. Furthermore, the government has already taken extensive depositions of many PG&E personnel concerning the company's costs incurred due to the breach, including a deposition of an individual with substantial knowledge of its cost accounting practices. The claim in your letter that absent our agreement to such depositions that some portion of PG&E's damages would be subject to a motion to strike appears to be without merit. PG&E has met its obligations under RCFC 26(a)(1)(C).

Please contact us if you have any questions regarding our position on these issues.

Sincerely,

Robert L. Shapiro

**Greenberg Traurig**

Robert L. Shapiro
Tel. 202-331-3174
Fax 202-261-4752
shapiror@gtlaw.com

December 13, 2005

**VIA FACSIMILE**

John C. Ekman
Trial Attorney
Department of Justice
Commercial Litigation Branch
Civil Division
8th Floor Mailroom-- Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530

Re: **PG&E v. United States, No. 04-074C**

Dear John:

I am writing in response to your letter of November 29 concerning studies considered by Roderick Knight. As we have discussed by telephone, Mr. Knight is not in control of these studies. Consistent with my suggestion, you have had a subpoena served on Envirocare to obtain these studies. I understand that Envirocare is prepared to produce copies of the subpoenaed studies promptly but that it must first ensure compliance with its contractual obligations to its utility clients whose plants are the subjects of the studies in question.

We disagree with the statement in your letter that it is PG&E's "obligation to provide [the government] with the information upon which [Mr. Knight] relied." PG&E has complied fully with its discovery obligations. Nevertheless, we understand the government's desire for this material, and we are willing to provide reasonable assistance in this regard.

Accordingly, please let me know if you believe that there is anything that we can do to help expedite the government's receipt of the studies.

Sincerely,

Robert L. Shapiro

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH
www.gtlaw.com



Greenberg Traurig, LLP | Attorneys at Law | 800 Connecticut Avenue, NW | Suite 500 | Washington, D.C. 20006
Tel 202.331.3100 | Fax 202.331.3101

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:JEkman
154-04-074

Telephone: (202) 353-0897
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

November 29, 2005

VIA FACSIMILE AND UNITED STATES MAIL

Robert L. Shapiro
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: Pacific Gas & Electric Co. v. United States, Nos. 04-074C, 04-075C (Fed. Cl.)

Dear Mr. Shapiro:

We are writing to respond to your letter dated November 23, 2005. While your letter deals with a variety of issues, we wanted immediately to reiterate our request for the four decommissioning studies upon which PG&E's expert witness, Roderick Knight, relied for the vast majority of his expert opinions. Any remaining issues will be dealt with by separate letter.

As your letter recognizes, Mr. Knight's three page expert report and supporting appendices primarily draw upon four decommissioning studies prepared by his former employer, SCIENTECH. Without these studies, we are unable to prepare a response or depose Mr. Knight concerning his expert opinions. It is axiomatic that Mr. Knight cannot issue opinions founded upon purportedly confidential or proprietary information and then shield the underlying bases for those opinions from the Government upon proprietary grounds. In any event, there is a protective order in this case that should protect any proprietary information.

We appreciate that your letter indicates a willingness to "work with [us] to determine how best to address" issues relating to Envirocare of Utah, LLC's "sensitivity" concerning the production of the four decommissioning studies. However, our responsive expert reports are due in less than two months. As a result, we simply do not have time to engage in significant informal correspondence or formal third-party motions practice to obtain the four studies upon which your expert elected to rely and, apparently, of which he has possession and control. Mr. Knight is your witness, and it is your obligation to provide us with the information upon which your expert relied.

We ask, once again, for copies of the four decommissioning studies upon which Mr. Knight relied for his expert opinions. To the extent that the four decommissioning studies are not produced by Monday, December 5, 2005, we will move to strike Mr. Knight's expert report, in its entirety. If you determine that formal motions practice is required to obtain the four studies – though, again, it appears from his report that Mr. Knight has possession of the four reports – the burden is upon you to initiate such action against Envirocare immediately.

If you have any questions, please do not hesitate to call. We look forward to hearing from you soon.

Sincerely,

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch

# United States Claims Court

Pacific Gas and Electric Company

vs.

THE UNITED STATES

No. 04-0074C

## SUBPOENA

To Envirocare of Utah, LLC, Registered Agent, C T Corporation System
One Commercial Plaza
Hartford, CT 06103

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| United States Attorneys' Office, Attn: Linda Senior, 185 South State Street, Suite 400, Salt Lake City, Utah 84111 | 12/14/2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. RULE 32 (b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | 11/30/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John Ekman, 1100 L. Street, N.W., Room 12138, Washington, D.C. 20005, (202) 353-0897

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | December 1, 2005 | One Commercial Plaza Hartford, CT 06103 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ANGELA FARINEAU, FULLFILLMENT SPECIALIST | Authorized to accept |

☐ Fees tendered for one day's attendance and mileage allowed by law.
(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the proof of Service is true and correct.

Executed on 12/1/05
DATE

SIGNATURE OF SERVER

CAPITOL PROCESS SERVICES
1827 18TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 667-0050

ADDRESS OF SERVER

RULE 45.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance; or

(ii) requires disclosure of privileged or other protected matter and no exception or waiver

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information;

or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of the party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to content the claim

## ATTACHMENT A

1. Decommissioning Study prepared by SCIENTECH Inc., Document No. 82A9439, October 2002;

2. Decommissioning Study prepared by SCIENTECH Inc., Document No. 82A9540, December 2004;

3. Decommissioning Study prepared by SCIENTECH Inc., Document No. 82A9532, August 2004; and

4. All decommissioning studies prepared by SCIENTECH Inc., dated November 2003.

Fabian & Clendenin
A Professional Corporation
F&C

Attorneys at Law
215 South State, Twelfth Floor
Salt Lake City, UT 84111
Telephone: (801) 531-8900

P.O. Box 510210
Salt Lake City, UT 84151-0210

Gregory M. Saylin
Direct Dial: (801) 323-2260
Facsimile: (801) 596-2814
gsaylin@fabianlaw.com

December 15, 2005

**VIA FACSIMILE – (202) 307-2503**

Department of Justice
Civil Division, Commercial Litigation
1100 L Street, N.W.
Washington, D.C. 20530
ATTN: John Elkman, Esq.

RE: Pacific Gas & Electric Company vs. The United States

Dear Mr. Elkman:

As you know, this firm represents Envirocare of Utah, LLC. I have reviewed Defendant's Unopposed Motion for Entry of an Order Compelling the Production of Documents from Third Party Envirocare of Utah, LLC. It is consistent with the discussions we have had. Envirocare will not oppose the motion and in fact supports the entry of an order compelling the production of the four studies. Envirocare does not have an interest in the litigation and only seeks to comply with the contractual provisions that pertain to the subject studies. For example, one of the applicable contracts prohibits the disclosure of such "confidential information" except where it "is required to be disclosed by lawful order of a court or regulatory body having jurisdiction." Should the Court issue an order requiring Envirocare to produce the four reports, Envirocare will be able to comply without fear of violating such contractual provisions. As we discussed, we understand that the Protective Order already issued by the Court will apply to the subject reports, and that the Department of Justice will not seek fees, costs or sanctions as against Envirocare.

I appreciate your courtesy and cooperation. Please let me know if I can be of assistance.

Very truly yours,

Gregory M. Saylin

GMS:skk

cc: Kyle Jones, Esq.

COPY



359324_1.DOC

Perkins Coie

607 Fourteenth Street N.W.
Washington, D.C. 20005-2011
PHONE: 202.628.6600
FAX: 202.434.1690
www.perkinscoie.com

Donald J. Carney
PHONE: 202.434.1675
EMAIL: dcarney@perkinscoie.com

December 14, 2005

**BY FACSIMILE AND FIRST CLASS MAIL**

John Ekman, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W., Room 20005
Washington, D.C. 20530

**Re: Pacific Gas and Electric Co. v. United States, No. 04-0074C**

Dear Mr. Ekman:

We represent the Wisconsin Electric Power Company ("WE") in its spent nuclear fuel case currently pending in the Court of Federal Claims (00-697C).

This letter confirms our conversation of today in which you represented that the Government possesses a copy of Document No. 82A9540 obtained under a subpoena in the above-reference action, but that the document remains in an unopened envelope or package received from counsel for Envirocare of Utah, LLC. Moreover, the Government has represented that it will not open the envelope to access the document unless and until it obtains permission to do so pursuant to a Court order.

WE hereby informs the Government that the document is privileged and confidential and does not consent to the Government's access to the document. WE thanks the Government for the courtesy of its call today regarding this matter.

If you have any questions, please call me.

24

COPY

[28795-0001/DA053000.026.DOC]

Sincerely,

Donald J. Carney

cc: Catherine Phillips
Richard Oehler

**U.S. Department of Justice**

Civil Division

Telephone: (202) 353-0897
Facsimile: (202) 307-2503

PDK:DMC:HDL:JEkman
154-04-074

*Washington, D.C. 20530*

December 15, 2005

VIA FACSIMILE AND UNITED STATES MAIL

Donald J. Carney
Perkins Coie LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005-2011

Re: Pacific Gas & Electric Co. v. United States, Nos. 04-074C, 04-075C (Fed. Cl.)

Dear Mr. Carney:

We are writing to respond to your letter, dated December 14, 2005, that asserts that Document No. 82A9540, a decommissioning study prepared by SCIENTECH Inc. in December 2004, is "privileged and confidential" and that Wisconsin Electric Power Company ("WEPCO") "does not consent to the Government's access to the document."

The decommissioning study that we are seeking in the above-entitled litigation was requested by the Government in Wisconsin Electric Power Company v. United States, No. 00-697C (Merow). See Request for Production No. 37. However, this study was not produced and, since WEPCO never has provided the Government with a privilege log, it appears that WEPCO failed to disclose that the document even existed or that it was being withheld based upon an asserted privilege. Indeed, your letter fails to identify the privilege that you now assert over this study.

We will be filing a motion with the Court seeking an order compelling Envirocare of Utah, LLC ("Envirocare") to produce four decommissioning studies upon which an expert, retained by Pacific Gas & Electric ("PG&E"), relied in reaching opinions supporting PG&E's damages claim against the Government. We currently expect to file that motion by the close of business, Friday, December 16, 2005. Obtaining the four studies underlying PG&E's expert report has proven to be a time-consuming process and we have received little, if any, support from PG&E. We simply are not in a position to delay the filing of our request for an order any longer, as now it has been more than a month since the expert reports in this case were served. So that the Court has a complete record of events, our motion will attach your December 14, 2005 letter, as well as a copy of this response.

To the extent that you can provide us with the basis of your privilege claim by 12 noon tomorrow, we will be happy to include that information in any filing that we make. Unfortunately, because of our need for the document at issue and our scheduling conflict, we cannot defer our filing any further. In the meantime, and until a Court order is entered allowing us to review WEPCO's decommissioning study, we will keep the study – already provided to us by Envirocare – sealed in the Federal Express box in which it was sent.

If you have any questions, please do not hesitate to call.

Sincerely,

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch

cc: Jerry Stouck (via facsimile)

Perkins Coie

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

Richard W. Oehler
PHONE 206.359.8419
FAX 206.359.9419
EMAIL roehler@perkinscoie.com

December 15, 2005

**BY FACSIMILE AND FIRST CLASS MAIL**

John Ekman, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Re: **Pacific Gas and Electric Co. v. United States, No. 04-0074C**

Dear John:

Don Carney is out ill today and I am responding to your December 14, 2005 letter, indicating the Government's intent to move the Court for production of Scientech, Inc. Document No. 82A9540 ("the Document").

We believe that the Document likely was cited in error in the PG&E expert report. Scientech prepared two different decommissioning reports for the Wisconsin Electric ("WE") Point Beach Nuclear Plant. One was a public report that was submitted to the Public Service Commission of Wisconsin and is numbered No. 82A9550. We believe that the expert report intended to cite this document. In addition, I asked that Scientech prepare a second report for my use in WE's spent fuel litigation. This report is the Document at issue and is numbered 82A9540.

When I asked Mr. Rod Knight of Scientech to prepare this work for me, I asked Scientech to maintain this work in strict confidence as consulting work prepared at counsel's direction. Document No. 82A9540, thus, falls within the attorney-client privilege and the work product rules and should not be disclosed in discovery.

You correctly note that WE has not yet provided a revised privilege log to the Government in its litigation, No. 00-697C. However, you fail to note that document

[00000-0000/SL053490.151]

discovery is ongoing in the WE litigation and is not scheduled to close until March 3, 2005. Given the ongoing document discovery, WE's privilege log continues to undergo revision and our intent was to produce this log once document discovery had concluded.

I have contacted counsel for PG&E and asked that counsel review the issue regarding the Document with Mr. Knight. I hope to have this issue resolved in the next few days.

If you have any questions, please feel free to contact us.

Very truly yours,

Richard W. Oehler

Richard W. Oehler

cc: Catherine Phillips
Donald J. Carney
Jerry Stouck
Robert Shapiro

# 2004 DECOMMISSIONING COST UPDATE FOR THE POINT BEACH NUCLEAR PLANT ON-SITE DRY STORAGE SCENARIOS

Prepared for:
WE Energies
231 W. Michigan Street
Milwaukee, WI 53201-2179

Prepared by:
Scientech, LLC
143 West Street
New Milford, CT 06776

June 2005

| *Project Application* | *Prepared By* | *Date* |
|---|---|---|
| 23719 | Lori Czyz for Roderick Knight | 6/20/05 |

*APPROVALS:*

| *Title* | *Signature* | *Date* |
|---|---|---|
| Technical Review | Barry Sims<br>Barry Sims | 6/20/05 |
| Director, Decom. Services | Edward C Doubleday<br>Edward C. Doubleday | 6/20/05 |

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:JEkman
154-04-074

Telephone: (202) 353-0897
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

December 14, 2005

VIA FACSIMILE AND UNITED STATES MAIL

Robert L. Shapiro
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: Pacific Gas & Electric Co. v. United States, Nos. 04-074C, 04-075C (Fed. Cl.)

Dear Mr. Shapiro:

We are writing to respond to your letter, dated December 13, 2005, concerning the production of the decommissioning studies upon which Roderick Knight – an expert witness retained by Pacific Gas & Electric ("PG&E") – relied in preparing his expert report.

First, you represent that "Mr. Knight is not in control of these studies." In fact, based upon our telephone conversation referenced in your letter, it is my understanding that Mr. Knight does not have possession of the four studies cited in Appendix A of his report. Indeed, we proceeded with the service of a subpoena upon Envirocare of Utah, LLC ("Envirocare"), based upon this understanding, as Mr. Knight physically could not have produced the studies.

Second, while Envirocare has been cooperative, three of the four studies apparently are subject to confidentiality restrictions that require the entry of a court order compelling production from Envirocare. While Envirocare has consented to the entry of the order and you have agreed not to oppose the entry of such an order, obtaining the studies upon which Mr. Knight relied has required significant effort upon our part. Once again, since Mr. Knight is your expert, and since he elected to rely upon these four studies, we believe that you had an obligation timely to produce the studies. Clearly, the decommissioning studies were not timely produced and, but for our efforts, would never be produced in connection with this litigation.

Finally, we strongly disagree with your contention that PG&E does not have an obligation to produce to the Government the documents upon which Mr. Knight relied in reaching his opinions. Based upon that stated position, we assume that, since discovery obligations necessarily are reciprocal, PG&E also does not believe that the Government has an obligation to provide documents upon which its experts ultimately rely.

If you have any questions, please do not hesitate to call.

Sincerely,

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2005, a copy of foregoing "DEFENDANT'S MOTION FOR ENTRY OF AN ORDER COMPELLING THE PRODUCTION OF DOCUMENTS FROM THIRD PARTY ENVIROCARE OF UTAH, LLC" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John C. Ekman