# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: December 21, 2005)

PACIFIC GAS AND ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

The court has before it plaintiff's Motion for Clarification or Reconsideration on Discovery Restriction (Pl.'s Mot. or Motion), Defendant's Response to Plaintiff's Motion for Clarification or Reconsideration on Discovery Restriction (Def.'s Resp. or Response), and plaintiff's Reply in Support of Motion for Clarification or Reconsideration on Discovery Restriction (Pl.'s Reply or Reply). Plaintiff seeks clarification or reconsideration of a statement made by the court in its December 2, 2005 Order. Pl.'s Mot. at 1. In this Order, the court found "that January 28, 2004 is an appropriate cut-off date for document discovery." 12/02/05 Order at 2 n.2. Plaintiff contends that the court should clarify or reconsider this statement because "the issue of a possible 'cut-off date' for discovery has never been briefed in this case and the [c]ourt therefore has not had occasion to fully consider the issue," Pl.'s Mot. at 1, and because "it appears from the context of the discussions at the discovery conferences that the [c]ourt may be conflating the issue of a cut-off date for damages with the issue of a cut-off date for discovery," id. Moreover, plaintiff claims that "there are many . . . examples of documents generated after Janury 2004 [] that are not only relevant to, but compelling evidence concerning, the key disputed issue[s in] this case." Id. at 2.

Defendant responds that "[b]ecause causation is determined by comparing the actual world with the 'but for' world, the cut-off for discovery of documents from the

Government's files should be as early as 1998," let alone January 28, 2004. Def.'s Resp. at 8. Thus, defendant contends, documents that post-date January 28, 2004 "simply are not relevant for purposes of establishing either the Government's liability in this case or PG&E's damages," id. at 12, and therefore the court should not allow plaintiff to "engag[e] in a fishing expedition that is not reasonably calculated to lead to the introduction of admissible evidence in this case," id. (emphasis in original). Defendant concludes that a January 28, 2004 "cut-off date for discovery in this case is not only entirely reasonable and sensible, but is well within this Court's inherent authority to limit the scope of discovery." Id. at 9 (citing Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984) (stating that "[q]estions of the scope and conduct of discovery are . . . committed to the discretion of the trial court")).

In its Reply, plaintiff argues that "[t]he substantive issues the government discusses should be resolved by the [c]ourt in substantive rulings, after trial or perhaps through motions in limine, not back-handedly on the basis of an artifical discovery cut-off that actually prevents the [c]ourt from addressing these substantive issues on a full factual record." Pl.'s Reply at 1 (emphasis in original). Indeed, plaintiff contends, "relevance is a substantive issue that should not be resolved by the [c]ourt at a telephonic discovery conference, or in a footnote to a discovery order, without benefit of full briefing and full consideration of the particular substantive issue involved." Id. at 2. Moreover, plaintiff states that, under its theory of the case, "because the contract is silent on acceptance rate and other 'schedule' issues, the [c]ourt must supply a 'reasonable' rate and schedule . . . , [and] what [the Department of Energy (DOE)] is doing now, or plans to do in the future, is plainly evidence of what a 'reasonable schedule would be." Id. at 4-5. Thus, plaintiff concludes that it "should be able to obtain discovery without any cut-off date restriction, and later the parties can argue (and the [c]ourt can decide) what is relevant and/or should be admitted into the trial record." Id. at 5.

The court agrees with plaintiff. The Rules of the Court of Federal Claims (RCFC) call for a "broad scope of discovery in this court." Int'l Paper Co. v. United States, 36 Fed. Cl. 313, 317 (1996). Indeed, RCFC 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," and "the court may order discovery of any matter relevant to the subject matter involved in the action." As the Federal Circuit has explained, "[t]he scope of civil discovery is broad and requires nearly total mutual disclosure of each party's evidence prior to trial. . . . The information sought during discovery in a civil case need not be admissible at trial and need only be reasonably calculated to lead to discovery of admissible evidence." Afro Lecon, Inc. v. United States, 820 F.2d 1198, 1203 (Fed. Cir. 1987) (citing Hickman v. Taylor, 329 U.S. 495, 507 (1947)) (interpreting the identical Rule 26(b)(1) of the Federal Rules of Civil Procedure).

Although the court is aware of its "inherent authority to limit the scope of discovery," Def.'s Resp. at 9 (citing Florsheim Shoe, 744 F.2d at 797), the court does not believe it necessary under these circumstances to limit discovery of all documents to those created on or before January 28, 2004, the date of plaintiff's amended complaint. Instead, as plaintiff states, the relevance of such documents can be ruled upon "through motions in limine," during trial, or even after trial, rather than "on the basis of an artificial discovery cut-off that actually prevents the [c]ourt from addressing these substantive issues on a full factual record." Pl.'s Reply at 1 (emphasis in original). While the court notes that the Federal Circuit has stated that "where a 'claim is premised upon the government's partial breach, its damages were limited to those costs incurred prior to the date of its suit,'" Def.'s Resp. at 3-4 (emphasis in original) (quoting Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1376-77 (Fed. Cir. 2005)), it does not follow that discovery should be necessarily limited to documents created prior to the date of suit.[1] Indeed, as plaintiff states, "it cannot be said [at this time] that nothing about DOE's current and future plans is relevant." Pl.'s Reply at 6 (emphasis in original).

Accordingly, the court STRIKES footnote 2 of its December 2, 2005 Order.[2] Absent any specific discovery limitations previously ordered by the court and not hereby stricken,[3] the parties shall be able to obtain document discovery without a universal "cut-off date" limitation and in accordance with the discovery rules of the RCFC.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

---

[1]This Order does not address or rule on the question of whether damages must necessarily be limited to those incurred prior to January 28, 2004.

[2]However, the January 28, 2004 cut-off date for discovery of "all communications between PG&E and either the DOE or the United States Nuclear Regulatory Commission [(NRC)] related to spent fuel" shall still remain, as shall any other limitations placed on the discovery of such communications by the court's December 2, 2005 Order.

[3]For example, the specific limitations on document discovery ordered by the court in its October 18, 2005 Order shall remain in place, as these limitations were ordered after hearing the parties' oral arguments during two telephonic conferences held on October 14 and 17, 2005, and after careful attention by the court to extended arguments.