# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: December 2, 2005)
(Reissued by E-filing with addition of footnote marked by *: December 22, 2005)

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Discovery; Motion to Compel; RCFC 26; Whether Discovery is Allowed of Communications Between Parties that May or May Not Already be in the Possession of a Party |

ORDER[*]

The court has before it Pacific Gas & Electric Company's Motion to Compel Discovery and Request for Expedited Hearing (Pl.'s Mot. or Motion), Pacific Gas & Electric Company's Memorandum of Law in Support of Motion to Compel Discovery for Document Request 22 (Pl.'s Mem. or Memorandum), Defendant's Response to Plaintiff's Motion to Compel Discovery (Def.'s Resp. or Response), and Defendant's Response to Plaintiff's Memorandum of Law in Support of Motion to Compel Discovery for Document Request 22 (Def.'s Resp. Mem. or Responsive Memorandum).[1]

---

[*]By Order dated December 21, 2005 and for the reasons stated therein, footnote 2 was ordered stricken from this Order.

[1]Plaintiff had an opportunity to reply to defendant's Response on or before October 27, 2005, see October 18, 2005 Order at 2 ("[P]laintiff's Reply shall be filed on or before Friday, October 27, 2005, at or before 5:00 p.m. E.D.T."), but chose not to do so.

Plaintiff's Document Request 22 seeks "[c]ommunications between PG&E and either [the Department of Energy (DOE)] or the United States Nuclear Regulatory Commission [(NRC)] related to spent fuel." Pl.'s Mot. at 7. Plaintiff states that defendant "has agreed to produce responsive documents 'from the files of the [DOE],' but has refused to produce any documents from the NRC's files." Id.; Pl.'s Mem. at 1. It appears that plaintiff is satisfied with defendant's agreement to "produce responsive documents 'from the files of the [ DOE].'" Pl.'s Mot. at 7; Pl.'s Mem. at 1. Indeed, the court notes that defendant does not appear to object to Document Request 22 in regard to communications between plaintiff and the DOE "related to spent fuel." Defendant states that "the burden upon at least the NRC to search for all responsive documents outweighs any relevance to this request." Def.'s Resp. Mem. at 3 (emphasis added). The court therefore addresses only plaintiff's request with respect to "communications between PG&E and . . . the [NRC] related to spent fuel." Pl.'s Mot. at 7. To the extent defendant has not already produced "all communications between PG&E and . . . DOE . . . related to spent fuel," Pl.'s Mot. at 7, the court ORDERS that it do so with regard to communications taking place on or before January 28, 2004.[2]

Plaintiff argues that

> PG&E is entitled to discover whether the NRC has in its possession any additional communications with PG&E that are not in PG&E's files and to confirm that the NRC actually received various communications from PG&E. The government's refusal to search for and produce responsive documents from NRC is particularly baseless given that it has already agreed to produce responsive documents from DOE's files.

Pl.'s Mot. at 7.

Defendant responds that it "do[es] not understand the reason that PG&E needs the Government to produce all communications between it and the Government, given that PG&E was either sent or received each of those documents," Def.'s Resp. at 22, and "that PG&E has not represented that it does not possess or has lost [these] communications with the Government," Def.'s Resp. Mem. at 6. Moreover, defendant argues that plaintiff "has not explained how every single document that 'relate[s] to spent fuel,' . . . is somehow relevant to this litigation." Id. Thus, in defendant's view, plaintiff's request is

---

[2]Plaintiffs amended their complaint on January 28, 2004 as of right under Rule 15(a) of the Rules of the Court of Federal Claims (RCFC). Accordingly, the court finds that January 28, 2004 is an appropriate cut-off date for document discovery.

"unduly burdensome," Def.'s Resp. Mem. at 2, 3, 5, when balanced against plaintiff's need for this discovery, id. at 5-7.

Plaintiff counters that "[t]he government cannot object to discovery on the ground that PG&E might possess the communications." Pl.'s Mem. at 2 (citing Canuso v. Niagra Falls, 7 F.R.D. 159, 161 (W.D.N.Y. 1945)). In addition, plaintiff contends that Rule 26 of the Rules of the Court of Federal Claims (RCFC) "permits the discovery of any matter, not privileged, which is relevant to the subject matter of the litigation." Id. at 3. Therefore, according to plaintiff, "[t]he government's objection to Document Request 22 [a]s overly broad is an impermissible reason for denying discovery." Id.

As defendant explains, plaintiff

> cites three cases as support for the concept that a party is always entitled to require the opposing party to produce all documents that had previously been exchanged between the parties, regardless of burden: (1) Canuso v. City of Niagra Falls, 7 F.R.D. 159 (W.D.N.Y. 1945); (2) Carpenter v. Land O'Lakes, Inc., No. 94-1566, 1995 WL 689359 (D. Or. Nov. 6[,] 1995); and (3) Argo Marine Systems, Inc. v. Camar Corp., 102 F.R.D. 280 (S.D.N.Y. 1984).

Def.'s Resp. Mem. at 2. Defendant argues that "these cases do not directly support the broad proposition that PG&E has attempted to extract from them." Id.

The court agrees with defendant. No case cited in plaintiff's Memorandum directly supports the blanket proposition that, irrespective of burden placed on defendant, "[t]he government cannot object to discovery on the ground that PG&E might possess the communications." Pl.'s Memo at 2. Indeed, in Canuso, the United States District for the Western District of New York noted that:

> Many of the requested papers are originals of letters written by the plaintiffs. Some doubt has been entertained as to whether these should be required to be produced, since assumedly, and it is believed admittedly, the plaintiffs are in possession of copies of these letters. . . . However, to simplify the procedure, it is thought that the defendant should be required to produce the letters. We see no harm in this to the defendant.

Canuso, 7 F.R.D. at 161 (emphasis added). It appears from the context of the foregoing discussion that the court sought to avoid the complexity or controversy regarding admission of evidence at trial potentially created by failing to assure that the original

documents were available. See id. Moreover, in Carpenter, the defendant had specifically agreed to produce any communications between the parties not protected by the attorney-client privilege or work-product privileges. Carpenter, 1995 WL 689359, at *4. There is no such agreement here. Finally, in Argo, the United States District Court for the Southern District of New York simply ordered that, among other discovery, "correspondence between and related to the parties" be produced. Argo, 102 F.R.D. at 282-82. Notably, however, the court in that case ordered extremely broad and comprehensive discovery, directing the plaintiff to produce "all 'documents and files . . . [] as relate to the subject matter of this action,'" and imposing sanctions for noncompliance. Id. at 286. Nothing in the case supports the categorical proposition that a party may not oppose a discovery request because the requesting party purportedly has the documents or communications requested, irrespective of the burden on the responding party.

Instead, as defendant states, the proper standard for discovery requests is to "'balance the burden on the interrogated party against the benefit to the discovering party of having the information.'" Def.'s Resp. Mem. at 2 (quoting Hoffman v. United Telecomm., Inc., 117 F.R.D. 436, 438 (D. Kan. 1987); see also United States ex rel. Fisher v. Network Software Assocs., 217 F.R.D. 240, 246 (D.D.C. 2003) ("To determine the level of burden a document places on the responding party, the court 'should balance the need for discovery against the burden imposed on the person ordered to produce the documents.") (citing Wyoming v. United States Dep't of Agric., 208 F.R.D. 449, 453 (D.D.C. 2002)); RCFC 26(b)(2) ("The frequency or extent of use of the discovery methods otherwise permitted . . . shall be limited by the court if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit . . . ."). Indeed,

> [a]lthough as a general matter, parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim o[r] defense of any party," discovery must have practical limits. . . . [C]ourts have the discretion to limit the use of otherwise permissible discovery methods if the discovery sought is unreasonably cumulative or unduly burdensome or expensive.

Bell v. Woodward Governor Co., No. 03 C 50190, 2005 U.S. Dist. LEXIS 19602, at *4-5 (N.D. Ill. Sept. 8, 2005) (quoting Fed. R. Civ. P. 26(b)(2)). While the court may limit discovery, the court should do so based on evidence of the burden involved, not on a mere recitation that the discovery request is unduly burdensome:

> A party may object to a request if it is irrelevant, overly broad, or unduly burdensome. To prevail on its objection, however, the objecting party must

> do more than "simply intone [the] familiar litany that the [discovery sought is] burdensome, oppressive, or overly broad." The objecting party bears the burden of demonstrating "specifically how, despite the broad and liberal construction of afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."

Lamoureux v. Genesis Pharmacy Servs., Inc., 226 F.R.D. 154, 158 (D. Conn. 2004) (internal citations and quotations omitted). In any case, the court is "afforded broad discretion" in resolving such disputes. Id.

Consistent with these authorities, defendant asserts that "considering that PG&E has not identified the relevance of the additional documents (beyond the contract file from [the] DOE and decommissioning communications with the NRC) to its damages claims, the burden that further searches for responsive documents would impose upon the Government certainly outweighs any benefit to PG&E." Def.'s Resp. Mem. at 6. Defendant has submitted the Declaration of Steven Baggett, the technical assistant to the Director, Spent Fuel Project Office, in the Office of Nuclear Materials Safety and Safeguards at the NRC to support this assertion. Mr. Baggett states that "it would constitute an overwhelming burden to require the NRC to respond to[, inter alia, Document] Request No[]. 22."[3] Def.'s Resp. Appendix (App.) at 55, ¶ 4 (Declaration of Steven Baggett). This is because

> [t]he NRC's documents are not organized in a manner that makes it simple to respond to . . . [this] production request[], in that NRC cannot simply go to specific easily searchable files to locate all potentially responsive information.
>
> . . . .
>
> [W]hen PG&E requests all documents "related to" various matters associated with spent fuel, it is targeting potentially massive quantities of documents relating to technical issues, regulatory issues, licensing matters, and safety evaluations . . . devoid of information about costs of spent nuclear fuel storage or casks

---

[3]Mr. Baggett is referring also to Document Requests 23, 28, and 30, which are no longer in dispute.

> . . . .
>
> The large number of documents and the resources associated with review and or redaction of just these documents will require over 45 people assigned on a full-time basis and take several months.

Id. at 55-56, ¶¶ 6, 9, 10, 12.

The court finds that Mr. Baggett's affidavit is an "affidavit[] . . . revealing the nature of the burden" to defendant. See Lamoureux, 226 F.R.D. at 158. The court finds it appropriate to balance this information about the burden with plaintiff's need for discovery. Here, as defendant argues, plaintiff should already have the communications requested in Document Request 22. See Def.'s Resp. at 22. The court therefore finds that plaintiff has a diminished "need for discovery," Fisher, 217 F.R.D. at 246, because plaintiff can be presumed to have in its possession most if not all of the documents sought. Notably, plaintiff does not allege that it does not have the documents or that the documents have been lost. See RCFC 26(b) ("The frequency or extent of use of the discovery methods otherwise permitted . . . shall be limited by the court if it determines that . . . the discovery . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive."). In these circumstances, the court concludes that the burden on defendant, when balanced against plaintiff's need, weighs in favor of "narrow[ing] and revis[ing] Document Production Request No. 22 to assist the Government in responding to it in an efficient manner." Def.'s Resp. Mem. at 6.

The court therefore ORDERS that plaintiff narrow its request by specifically identifying to defendant the offices and divisions within the NRC to which it sent or from which it received correspondence "related to spent fuel" and the time periods within which it believes it sent or received such correspondence.[4] Based on this more narrowly defined request, defendant shall produce to plaintiff responsive documents. The parties are invited together to contact the court at any time when they believe that the involvement of the court will aid in the "just, speedy, and inexpensive determination of [this] action." RCFC 1.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

---

[4]Plaintiff is not entitled to production of communications made after January 28, 2004.