IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically Filed On December 23, 2005

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| UNITED STATES OF AMERICA, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

PG&E'S MOTION TO ESTABLISH TIME FRAME
FOR CONSIDERATION OF FUTURE DAMAGES

Pursuant to RCFC 7(b)(1) and the Court's suggestion made during a status conference on October 14, 2005, *see* tr. at 25-28, PG&E moves the Court to establish a time frame for consideration of future damages. The government addressed this issue in its motion to strike portions of Dr. Cornell's expert witness report. In PG&E's opposition to that motion ("Strike Opp."), it noted that it would file this affirmative motion on the future damages issue. In the interest of not burdening the Court with repetitive statements, PG&E respectfully incorporates its Strike Opp. as further support for this motion.

As the Court is aware and as discussed in the papers noted above, the Federal Circuit's decision in *Indiana Michigan Power Co. v. United States,* 422 F. 3d 1369 (Fed. Cir. 2005), has called into question the extent to which plaintiffs in the spent fuel cases may recover futures damages in their current round of claims for the government's partial breach of the parties' contracts. As set out in its RCFC 26(a)(1) submission and in Dr. Cornell's expert witness report, PG&E has claimed and presented extensive evidence supporting damages through 2012. As explained in the Strike Opp., nothing in the

Federal Circuit's decision in *Indiana Michigan,* precludes this Court from exercising its ordinary discretion in fashioning a damages award to consider PG&E's damages through 2012 as part of this round of litigation over the government's partial breach of contract. *See* Strike Opp. at 3-13. However, in light of guidance in *Indiana Michigan* noting hesitance to award damages beyond the time when such costs have actually been incurred and this Court's prior statements on the future damages issue, PG&E is mindful that the Court may be inclined to establish a time frame for consideration of future damages that does not extend into the future. Therefore, as an alternative to consideration of damages through 2012 in this tranche of PG&E's claim, PG&E requests that the Court set December 31, 2005 as the date through which damages will be considered in this tranche of PG&E's claim against the government for partial breach of contract.

Discussion

As explained in the Strike Opp. at 7-13, neither *Indiana Michigan,* nor other authorities provide this Court with binding or clear guidance on the extent to which future damages may be awarded in this round of litigation regarding the government's partial breach of contract.[1] Indeed, as noted in the Strike Opp., the government has acknowledged in other spent fuel cases that the Court has discretion to consider damages beyond the date of filing of the complaint. *See* Strike Opp. at 3-6.[2] And although there are a variety of statements in *Indiana Michigan* and some other authorities noting

[1] In addition to the authorities discussed in the Strike Opp., Judge Merow's opinion in *Yankee Atomic Elec. Co. v. United States,* 2004 WL 1535688 at *1-3 (Fed. C1.), although issued prior to the Federal Circuit's opinion in *Indiana Michigan,* explains well why the various other authorities cited by the government should not be read as precluding consideration of future damages (much less, damages beyond the date of the complaint but before trial) in a partial breach of contract action and why consideration of damages through 2010 in this round of litigation is appropriate.

[2] In addition to the two cases discussed in the Strike Opp., the government has also acknowledged that the Court has discretion to consider damages beyond the date of filing of the complaint in *Wisconsin Elec. Power Co. v. United States,* No. 00-697C (Fed. Cl. filed Nov. 16, 2000). *See* Exhibit 1, Government Reply on Motion for Reconsideration (filed November 21, 2005) at 5-6.

hesitance toward awarding future damages on a partial breach of contract claim, neither *Indiana Michigan* nor those other authorities are clear about precisely where or how the demarcation between past and future damages should be made. And perhaps more importantly given the nonbinding nature of these statements, those authorities do not explain the reasons for their reluctance to award future damages on a partial breach of contract in a manner that would assist this Court in fashioning an appropriate damages award on PG&E's partial breach of contact claim against the government.

In light of the lack of firm guidance in the future damages issue, the Court should apply traditional principles of structuring damages in a breach of contact action. In particular, it should be mindful that it has the responsibility and authority to structure a reasonable damages award. *See, e.g., Hughes Communications Galaxy, Inc. v. United States,* 271 F.3d 1060, 1065-72 (Fed. Cir. 2002). The objective in fashioning a damage award is to award sufficient damages to put the nonbreaching party in as good a position as it would have been in absent the breach. *Id.* at 1066. In addition, the Court should be mindful that a damages award need only represent a fair and reasonable approximation of the nonbreaching party's damages. *See, e.g., Ace-Federal Reporters, Inc. v. Barram,* 226 F.3d 1329, 1333 (Fed. Cir. 2000). Further, RCFC 1 counsels that proceedings should be conducted so as to promote the just, speedy and inexpensive determination of the action.

These considerations are consistent with an award of damages through 2012. As explained in PG&E's Strike Opp., the particular concern with awarding future damages expressed in *Indiana Michigan* – that such damages might not be incurred because the government might perform – is not present here. *See* Strike Opp. at 12. Unlike *Indiana*

*Michigan*, which does not need to build dry storage for its spent fuel until many years into the future, PG&E is already working on dry storage facilities at both of its nuclear plants and has executed contracts for completion of those facilities over the next few years. There can be no reasonable argument either that PG&E will not incur damages or that such damages are not currently subject to a fair and reasonable approximation.

But as noted above, PG&E is mindful that the Court may be reluctant to consider damages through 2012 at this time. PG&E continues to press its claim for damages through 2012, in part, because it is concerned that notwithstanding the holding in *Indiana Michigan* that utilities may seek future damages at a later time, 422 F .3d at 1377, the government might yet oppose such claims for future damages. As the prevailing party in *Indiana Michigan,* the government cannot challenge this part of that decision. As in its statement regarding future damages, the government has been careful not to commit itself to agreeing that utilities may obtain additional damages for partial breach of contact in the future rounds of litigation. Indeed, as noted in the Strike Opp. at 4, n. 1, in its letter to counsel for the plaintiff in *Southern Nuclear Operating Co.* concerning future damages in that case, the government warned that there may be "issues surrounding the Court's jurisdiction to consider and the effect of the statute of limitations upon these post-complaint damages." Therefore, it is important for PG&E not to voluntarily agree to cut off its claim for damages prematurely. Thus, to the extent the Court is not willing to consider PG&E's damages through 2012 at this time, PG&E respectfully requests that the Court issue a clear ruling to this effect in its Order resolving parties' motions regarding future damages.

As an alternative to consideration of damages through 2012, the Court should consider damages through December 31, 2005 in this round of litigation. An end-of-2005 time frame for this round of damages would be entirely consistent with *Indiana Michigan's* guidance regarding future damages. Given that trial will be held in 2006, there is no argument that damages through 2005 are" speculative" in any way. Nor is there any argument that damages through 2005 are "future" damages.

Considering damages through 2005 would also make reasonable use of the parties' and the Court's significant efforts to litigate damages issues in this case to date. As explained in the Strike Opp. at 6, the government's veiled claim that the Court should not exercise its discretion to consider damages past the filing of the amended complaint here because the government has not taken discovery of subsequently-incurred damages is wrong. In fact, the government has taken copious discovery of the details of PG&E's claim for damages through 2012.

An end-of-2005 time frame will also minimize issues regarding estimation of damages, as this date is well before trial. Additionally, compared with the government's January 28, 2004 proposal, this time frame will reduce the delay between the time when PG&E incurs damages and when it receives a damages award compensating it for such damages. Minimizing this delay is particularly appropriate given the general unavailability of pre-judgment interest in this Court. Further, since PG&E's proposed time frame is the end of a year, it will make presentation, analysis and consideration of damages both in this round of litigation and for litigation of future tranches of PG&E's recovery somewhat less complicated than a mid-year time frame such as the January 28, 2004 time frame proposed by the government in its motion.

An end-of-2005 time frame would also be consistent with the approach other Judges of the Court have adopted concerning this issue. In a number of spent fuel cases, Judge Lettow has issued Orders cutting off consideration of damages at the end of the plaintiff's fiscal year preceding the trial of its damage claim. *See Tennessee Valley Auth. v. United States,* 60 Fed. Cl. 665, 678 (2004); *Entergy Nuclear Generation Co. v. United States*, 64 Fed. Cl. 336, 345-46 (2004); *Entergy Nuclear Indian Point 2, LLC v. United States,* 64 Fed. Cl. 515, 525-26 (2004); *Systems Fuels, Inc. v. United States*, 65 Fed. Cl. 163, 177 (2005). The reasoning provided by Judge Lettow as support for this approach is consistent with PG&E's grounds for requesting an end-of-2005 time frame here:

> In view of the ongoing nature of TVA's alleged damages and the Court's determination that TVA may bring subsequent suits for damages incurred in the future, adoption of the end of the plaintiff's regular fiscal year as a cut-off date [for consideration of damages in this round of litigation] will make presentation and analysis of evidence more convenient and efficient for the parties and the Court without inflicting prejudice on either party. The trial in this case will likely occur after September 30, 2004 [the end of TVA's fiscal year] and before September 30, 2005. Therefore, September 30, 2004, shall be the cutoff date for damages in this case. In the event the trial occurs after September 30, 2005, that date shall be the cutoff.

60 Fed. Cl. at 678, n.16. Judge Merow used the same approach in *Southern Nuclear Operating Co. v. United States,* No. 98-614C (Fed. Cl. filed July 29, 1998). *See* Order of October 26, 2005, attached as Exhibit 2 (limiting consideration of damages at trial held in Fall 2005 to damages incurred through December 31, 2004).

Conclusion

For these reasons, PG&E respectfully requests that the Court issue an Order setting December 31, 2012 as the date through which the Court will consider damages in the present round of litigation on PG&E's partial breach of contact claim. If the Court is unwilling to consider damages through 2012 at this time, PG&E requests that the Court issue an Order rejecting that approach and setting December 31, 2005 as the date through which it will consider damages in the present round of litigation on PG&E's partial breach of contract claim.

Dated: December 23, 2005

Respectfully submitted,

s/ Jerry Stouck
Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 fax
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:

Robert L. Shapiro
Greenberg Traurig, LLP

# EXHIBIT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WISCONSIN ELECTRIC POWER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | ) | No. 00-697C<br>(Senior Judge Merow) |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 30, 2005 ORDER

Defendant, the United States, submits this reply to plaintiff's opposition to defendant's motion for reconsideration of the Court's August 30, 2005 order regarding the scope of the forthcoming trial in the above-captioned case.

## BACKGROUND

In our motion, we established that, pursuant to the holding of the United States Court of Appeals for the Federal Circuit in Indiana Michigan Power Co. v. United States, 422 F.3d 1360 (Fed. Cir. 2005), this Court should preclude plaintiff, Wisconsin Electric Power Co. ("Wisconsin Electric"), from presenting evidence of damages incurred before May 25, 1994 (the date that the Department of Energy ("DOE") published its notice of inquiry announcing its likely inability to begin timely acceptance of spent nuclear fuel ("SNF") under the Standard Contract) or after November 16, 2004, the date that plaintiff filed its complaint in this action. In response to our motion, Wisconsin Electric asserts that the decision in Indiana Michigan permits it to seek

damages in this matter both before May 25, 1994, and as late as the date of trial in this matter. Pl. Opp. 2-4.[1] As discussed in detail below, Wisconsin Electric's assertions are misplaced.

ARGUMENT

I. BOTH THE APPLICABLE STATUTE OF LIMITATIONS AND THE HOLDING IN INDIANA MICHIGAN PRECLUDE WISCONSIN ELECTRIC FROM RECOVERING COSTS INCURRED BEFORE MAY 25, 1994

In its opposition, Wisconsin Electric argues that the Indiana Michigan decision does not preclude pre-1994 damages because the Federal Circuit apparently was only addressing plaintiff Indiana Michigan's reason to know that DOE would not begin accepting SNF from utilities in 1998 under the Standard Contract, and not any "unique circumstances" surrounding Wisconsin Electric's knowledge of DOE's impending breach. Pl. Opp. 2-3. This argument fails for two reasons.

First, as a matter of law, Wisconsin Electric's claim for any damages incurred before November 16, 1994, is barred by the statute of limitations. As the Federal Circuit recognized in Indiana Michigan, it is well established under Federal law that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Indiana Michigan, 422 F.3d at 1378. Wisconsin Electric filed this action on November 16, 2000. See Pl. Opp. 2. Accordingly, the statute of limitations bars this Court from awarding damages to Wisconsin Electric for damages

---

[1] "Pl. Opp. __" refers to Wisconsin Electric's brief filed on November 7, 2005.

incurred more than six years prior to that date. This would obviously include any claims by Wisconsin Electric for alleged damages incurred prior to May 25, 1994.[2]

Second, regardless of the statute of limitations problem, and despite Wisconsin Electric's reference to its "unique circumstances," the Federal Circuit expressly held that the obligation of "the utilities" to begin mitigating their damages began with DOE's May 25, 1994 Notice of Inquiry. Indiana Michigan, at 1375 (emphasis added). Absent such a duty, the utilities could not recover. The Court did not limit that duty to Indiana Michigan. Accordingly, the Indiana Michigan decision dictates that damages in this matter are not recoverable for actions taken before May 25, 1994. By arguing that the Court must examine the "unique circumstances" of each utility, Wisconsin Electric ignores the nature of the Standard Contract between DOE and the contract holders. As the Federal Circuit recognized, the Standard Contract obligated DOE to begin performance generally on January 31, 1998, and thereafter to specific utilities based upon the age of each utility's spent nuclear fuel. Indiana Michigan, 422 F.3d at 1372. Because of the manner in which this contract was promulgated through notice and comment rule making, see 48 Fed. Reg. 5,458 (Feb. 4, 1983); 48 Fed. Reg. 16,590 (April 18, 1983), and because of the standardized nature of this contract, DOE's announcements regarding its program and the Standard Contract have been essentially standardized and uniform. Accordingly, the May 25, 1994, Notice of Inquiry was published in the Federal Register as an announcement to all contract

---

[2] Interestingly, Wisconsin Electric argues that it should be permitted to seek damages that it allegedly incurred as early as 1987 or 1989. Pl. Opp. 3. Damages from this time period are not only expressly barred by the statute of limitations because they are costs that Wisconsin Electric incurred as much as nine years before commencing this action, they are also barred because, as discussed below, they were incurred before the date upon which the Federal Circuit has held that the utilities' duty to mitigate arose.

holders, not just Indiana Michigan. See Indiana Michigan, 422 F.3d at 1372. Wisconsin Electric has not identified any special communications that it had with DOE that somehow gave rise to an earlier duty to mitigate. This is consistent with the determination of the Federal Circuit that the duty to mitigate arose for all utilities rather than based upon each utility's "unique circumstances." Accordingly, Wisconsin Electric has no grounds for claiming damages incurred prior to May 25, 1994.

## II. ALTHOUGH FRCP 15(d) PERMITS WISCONSIN ELECTRIC TO SEEK LEAVE TO AMEND ITS COMPLAINT, THE INDIANA MICHIGAN DECISION REJECTS THE NOTION THAT A SNF PLAINTIFF MAY, AS OF RIGHT, PRESENT EVIDENCE OF DAMAGES UP TO THE TIME OF TRIAL

In its opposition, Wisconsin Electric argues that it should be permitted to present evidence of damages incurred through December 31, 2005. Pl. Opp. 3. As a basis for this assertion, Wisconsin Electric claims that: (1) the decision in Indiana Michigan permits utilities in SNF cases to seek damages up to the date of trial, and (2) Rule 15(d) of the Federal Rules of Civil Procedure ("FRCP") and the Rules of this Court ("RCFC") permit Wisconsin Electric to amend it complaint in this matter to include damages incurred after November 16, 2000. Pl. Opp. 3-5. Although we do not dispute that Wisconsin Electric make seek leave under RCFC 15(d)

to file a supplemental complaint, we believe that Wisconsin Electric errs in its suggestion that pursuant to the holding in Indiana Michigan, it may automatically seek damages up to the date of trial.

In support of its claim that it may recover damages up to the date of trial, Wisconsin Electric cites to the Federal Circuit's decision in Indiana Michigan and the holding of a

California state court in Coughlin v. Blair, 41 Cal. 2d 587, 598, 262 F.2d 305, 311 (1953). Pl. Opp. 4. Notwithstanding the juxtaposition of these two opinions in Wisconsin Electric's brief, the Federal Circuit never adopted the Coughlin California court's rule for damages in a partial breach case.[3] To the contrary, in the next few lines of its opinion following its identification of the Coughlin rule, the Federal Circuit discussed and clearly relied upon the position set forth in the section 26 of the Restatement (Second) of Judgments in defining the recoverability of future damages in a partial breach case, which limits damages in a partial breach case to those incurred prior to the date of the suit, defined in the restatement as the date upon which the plaintiff's complaint is filed. Indiana Michigan 422 F.3d at 1376-77. In short, Indiana Michigan does not stand for the proposition that Wisconsin Electric, or any other SNF plaintiff, may automatically seek damages up to the time of trial.[4]

As stated above, notwithstanding our disagreement with Wisconsin Electric regarding its right to seek damages up to the time of trial, we do not dispute that pursuant to RCFC 15(d) Wisconsin Electric may seek leave of this Court to amend its complaint. That does not mean that we would necessarily agree not to oppose such an amendment. We would need to examine factors before taking a position regarding Wisconsin Electric's request: factors such as the date upon which Wisconsin Electric would provide us with an updated claim, the amount of time

[3] Indeed, in referring to damages incurred "to the time of trial," the Federal Circuit was merely referencing the Coughlin decision because the trial court had relied upon that decision in finding that future damages in a partial breach case are not recoverable. Indiana Michigan, 422 F.3d at 1376.

[4] The issue of whether the Indiana Michigan decision permits SNF plaintiffs the right to assert claims up to the time of trial is currently the subject of a Petition for Panel Rehearing filed by Indiana Michigan on October 24, 2005.

available for fact and expert discovery upon that claim, the amount of time remaining before trial, and the relationship between the damages claimed in the first complaint and those in the amended complaint. These are the same factors that the Court considered prior to issuing its September 16, 2005 order regarding the scope of trial in Southern Nuclear, Operating Co., v. United States, No. 98-614C (Fed. Cl.). Given that Wisconsin Electric has not filed a motion for leave to submit a new complaint, Wisconsin Electric's request is still academic.[5]

## CONCLUSION

For the reasons stated above, and in our motion, the Court should limit the scope of damages presented in the forthcoming trial in the above-captioned matter to costs incurred after November 16, 1994. Further, absent Wisconsin Electric's filing of a motion for leave to amend its complaint, and the Court's granting of that motion, the Court should further limit the scope of trial to costs incurred before November 16, 2000, the date upon which Wisconsin Electric filed its complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

---

[5] In its opposition, Wisconsin Electric indicates that it plans to seek leave in early 2006, to amend its complaint and update its claim to include costs through December 31, 2005. Pl. Opp. 4. Wisconsin Electric asserts that the Government's interest's will not be prejudiced by a claim updated through December 31, 2005, because "expert discovery will not occur until 2006." Pl. Opp. 5. This assertion is premature. Until the Court has issued a revised pretrial order in this case, we do not know such critical facts as when fact and expert discovery will close. Further, we do not know when Wisconsin Electric would provide its updated claim to the Government. Accordingly, we do not currently know whether we will be prejudiced by a claim through December 31, 2005.

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Kevin B. Crawford by Alan J. Lo Re
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Attorney

RUSSELL A. SHULTIS
SONIA M. ORFIELD
HEIDE L. HERRMANN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

November 21, 2005

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that, on November 21, 2005, a copy of this "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 30, 2005 ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Alan J. Lo Re

# EXHIBIT 2

# In the United States Court of Federal Claims

No. 98-614C
(Filed October 26, 2005)

*******************************
SOUTHERN NUCLEAR *
OPERATING COMPANY, *
ALABAMA POWER COMPANY, *
GEORGIA POWER COMPANY, *
*
Plaintiffs, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*******************************

**ORDER**

This Order addresses Plaintiffs' Motion, filed September 23, 2005, for Leave to File an Amended and Supplemental Complaint under RCFC 15(a) and (d) to update the First Amended Complaint for post-filing damages. Plaintiffs also seek an order allowing post-2004 damages to be claimed in a separate complaint.

Defendant sought and was granted an enlargement of time until November 18, 2005, to respond to plaintiffs' motion. However, record discussions on October 25, 2005, during the trial of this matter, disclosed that defendant has no objection to the granting of plaintiffs' motion for leave to file, providing that the legal effect of this filing can, to the extent relevant, be addressed in post-trial briefing.

Until the decision in *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369 (Fed. Cir. 2005), pre-trial proceedings in this matter covered damages claimed through 2010. Following this decision by the Circuit Court, damage evidence to be introduced at the trial of this matter was limited to that incurred through December 31, 2004. Because the pre-trial activity addressed a longer time period, this limitation to December 31, 2004, was accomplished, without alteration of the trial date, due to the

excellent cooperation of counsel. The proposed Amended and Supplemental Complaint pleads relevant matters occurring through December 31, 2004, which have been addressed in the trial of this case.

Accordingly, it is **ORDERED** that:

(1) Plaintiffs' motion, filed September 23, 2005, shall be GRANTED;

(2) To obviate any impact from the enlargement of time granted for a response to plaintiffs' motion, the Amended and Supplemental Complaint tendered with plaintiffs' motion shall be deemed **FILED** as of October 11, 2005;

(3) The time for a pleading responding to plaintiffs' Amended and Supplemental Complaint, filed October 11, 2005, is enlarged to and including November 18, 2005;

(4) To the extent relevant, the legal effect of the filing of the Amended and Supplemental Complaint shall be addressed in the post-trial submissions to be scheduled in this litigation; and

(5) Consideration of plaintiffs' motion to allow post-2004 damages to be claimed in a separate complaint shall be deferred for inclusion in the post-trial submissions to be scheduled in this matter.

s/ James F. Merow
James F. Merow
Senior Judge