No. 04-0074C,
into which has been consolidated No. 04-0075C
Judge Hewitt

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

PACIFIC GAS & ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF BRAD CORNELL RELATED TO FUTURE DAMAGES

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-0897
Facsimile: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

January 9, 2006

Attorneys for Defendant

TABLE OF CONTENTS

PAGE(S)

SUMMARY OF ARGUMENT . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . 3

I. *INDIANA MICHIGAN* IS BINDING PRECEDENT UPON THIS COURT . . . . 3

A. The *Indiana Michigan* Decision Is Clear In Its Application And Binding Upon The Parties . . . . . . . . . . 3

B. The Prior Positions Advocated By PG&E Are Instructive In Assessing The Binding Affect Of *Indiana Michigan* . . . . . . . . . . 7

II. THE GOVERNMENT'S POSITION CONCERNING THE RECOVERABILITY OF FUTURE DAMAGES HAS BEEN CONSISTENT ACROSS ALL OF THE SPENT NUCLEAR FUEL CASES . . . . . . . . . . 9

III. PG&E'S PROCEDURAL CONCERNS LACK MERIT . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . 14

TABLE OF AUTHORITIES

CASES PAGE(S)

Bankers Trust N.Y. Corp. v. United States,
225 F.3d 1368 (Fed. Cir. 2000) . . . . . . . . . . 3

Coughlin v. Blair,
41 Cal. 2d 587, 262 P.2d 305 (1953) . . . . . . . . . . 4, 5

Crowley v. United States,
398 F.3d 1329 (Fed. Cir. 2005) . . . . . . . . . . 3

Indiana Michigan Power Co. v. United States,
422 F.3d 1369 (Fed. Cir. 2005) . . . . . . . . . . passim

Indiana Michigan Power Co. v. United States,
60 Fed. Cl. 639 (2004) . . . . . . . . . . 6

Newman-Green, Inc. v. Alfonzo-Larrain,
490 U.S. 826 (1989) . . . . . . . . . . 4, 12

Strickland v. United States,
423 F.3d 1335 (Fed. Cir. 2005) . . . . . . . . . . 3

Tennessee Valley Authority v. United States,
60 Fed. Cl. 665 (2004) . . . . . . . . . . 11

MISCELLANEOUS

9 Arthur L. Corbin, Corbin on Contracts, § 956 (interim ed. 1993) . . . . . . . . . . 5

22 Am. Jr. 2d Damages § 488 (2003) . . . . . . . . . . 5

Restatement (Second) of Judgments § 26(b) . . . . . . . . . . 11

Restatement (Second) of Judgments § 26(e) & cmt. g (1982) . . . . . . . . . . 2, 4, 5, 11

# INDEX TO DEFENDANT'S APPENDIX

DOCUMENT PAGE

Excerpts from the Deposition of Robert Kapus, Vol. II, dated September 29, 2005 . . . . . . . . 1-4

Excerpts from the Deposition of L. Jearl Strickland, dated August 18, 2005 . . . . . . . . . . . . . . 5-7

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF BRAD CORNELL RELATED TO FUTURE DAMAGES

Defendant, the United States, respectfully replies to the "Opposition To Motion To Strike Cornell Expert Witness Report Related To Future Damages" (the "response") that plaintiff, Pacific Gas & Electric Company ("PG&E"), filed on December 16, 2005.

SUMMARY OF ARGUMENT

PG&E's response to the Government's motion to strike portions of the expert report of Brad Cornell related to future damages is an attempt to create confusion concerning the remedies available to PG&E where no confusion actually exists. The Government's motion seeking to strike the future damages opinions set forth in Dr. Cornell's report was based upon the clear and binding precedent of Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005). As this Court is well aware, both Indiana Michigan and this case involve similarly situated plaintiffs that have pursued damages arising from the same partial breach of the Standard Contract by the Department of Energy ("DOE"). In analyzing the scope of remedies that are available to a plaintiff in a partial breach case, the United States Court of Appeals for the Federal Circuit disallowed, as a matter of law, the recovery of future damages. Id. at 1376. With respect to the limitation upon future damages, the Federal Circuit – adopting Section 26(e) of the Restatement (Second) of Judgments – clearly and unambiguously held that a partial breach

claimant may "sue from time to time for the damages incurred to the date of suit," defined as "the time of the institution of the action." Id. at 1377 (quoting Restatement (Second) of Judgments § 26(e) & cmt. g (1982)).

In its response to the Government's motion to strike, PG&E attempts to muddle the clear language of Indiana Michigan by resubmitting to this Court the same arguments that were before the Federal Circuit in Indiana Michigan – including arguments that PG&E raised during that appeal as one of several amici – and that the Federal Circuit rejected. PG&E's attempt to relitigate the underlying legal issues presented in Indiana Michigan should be rejected here. In the event its re-argument fails, PG&E falls back upon the argument that the Federal Circuit's decision – rendered as a matter of law – somehow is not binding precedent upon the parties or this Court. However, the Federal Circuit's legal conclusions set forth in Indiana Michigan concerning the scope of damages available in a partial breach case not only are binding upon PG&E, but are binding upon any plaintiff in this Court that seeks damages resulting from an alleged partial breach of contract.

The Indiana Michigan decision clearly resolved a significant issue that crosses all of the 59 spent nuclear fuel ("SNF") cases pending in this Court. As a result of Indiana Michigan, the scope of the damages claims in these 59 cases has been significantly limited. Instead of litigating future estimates that rely upon hypothetical assumptions and that are premised upon unincurred costs, this Court only must consider causation and alleged damages with respect to provable past incurred costs. Future costs will be the subject of future proceedings only after those costs are incurred and a new complaint is filed. Indiana Michigan, 422 F.3d at 1378.

The fact that PG&E does not agree with at least part of the Federal Circuit's decision does not alter its precedential and binding authority. Indeed, the extensive briefing and costly expert analysis concerning future damages should have been rendered unnecessary by any reasonable application of the Indiana Michigan decision.

## ARGUMENT

### I. *INDIANA MICHIGAN* IS BINDING PRECEDENT UPON THIS COURT

#### A. The *Indiana Michigan* Decision Is Clear In Its Application And Binding Upon The Parties

Contrary to PG&E's attempts to confuse the issue before the Court, the Federal Circuit issued a clear statement of the law concerning the remedies available to plaintiffs seeking damages under a partial breach of contract theory that is binding precedent in this Court and governs the litigation between PG&E and the Government. As the Federal Circuit noted in Strickland v. United States, 423 F.3d 1335 (Fed. Cir. 2005), "[o]rdinarily, a trial court may not disregard its reviewing court's precedent." Id. at 1338 n.3 (citing Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005) (noting that the Court of Federal Claims is required to follow Federal Circuit precedent)). Indeed, there only are "two narrow exceptions" where Federal Circuit precedent may be disregarded: "if the circuit's precedent is expressly overruled by statute or by a subsequent Supreme Court decision." Id. (citing Bankers Trust N.Y. Corp. v. United States, 225 F.3d 1368, 1372 (Fed. Cir. 2000)). Neither of these exceptions applies to the Indiana Michigan decision.

As a matter of law, the Federal Circuit held that future damages are not recoverable in a partial breach case. PG&E contends that the Federal Circuit's discussion of future damages "was no more specific concerning the meaning of future damages than the trial court's." Pl. Br.

8.[1] A plain reading of Indiana Michigan, however, demonstrates a lack of any ambiguity as to how the Federal Circuit defines future damages. Specifically, the Federal Circuit held that a partial breach claimant may "sue from time to time for the damages incurred to the date of suit," defined as "the time of the institution of the action." Indiana Michigan, 422 F.3d at 1377 (emphasis added) (quoting Restatement (Second) of Judgments § 26(e) & cmt. g (1982)). While discussing the California court's "time of trial" rule in the context of reviewing the trial court's decision, articulated in Coughlin v. Blair, 41 Cal. 2d 587, 262 P.2d 305 (1953), for a partial breach damages award, the appellate court expressly found that the grievance at issue "falls within [the Restatement (Second) of Judgments] subsection (e)'s exception," id. at 1378, which expressly limits damages in a partial breach case to those "incurred to the date of suit," Restatement (Second) of Judgments § 26(e) (1982), or "damages sustained from breaches up to the time of the institution of the action." Id. § 26 cmt. g, at 241 (quoted in Indiana Michigan, 422 F.3d at 1377). In fact, this Court's jurisdiction is defined by reference to the partial breach, or partial breaches, that had occurred prior to the date upon which the PG&E filed its amended complaint. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989) ("[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."). Under the plain reading of Indiana Michigan, PG&E is limited to the recovery of past costs, as measured by the date of its most recent amended complaint.

[1] "Pl. Br. __" refers to "PG&E's Opposition To Motion To Strike Cornell Expert Witness Report Related To Future Damages," filed on December 16, 2005. "Def. Br. __" refers to the Government's "Motion To Strike Portions Of The Expert Report Of Brad Cornell Related To Future Damages," filed on November 29, 2005.

PG&E also is incorrect in its statement that the Government's motion relies upon the Restatement (Second) of Judgments and not upon the "wording of the Federal Circuit." Pl. Br. 8. The quotations in the Government's brief are taken directly from the Federal Circuit's decision, which adopted the unambiguous language in the Restatement. In fact, PG&E's analysis and criticism of Coughlin v. Blair, 41 Cal. 2d 587, 262 P.2d 305 (1953), the Restatement (Second) of Judgments § 26(e) (1982), and 9 Arthur L. Corbin, Corbin on Contracts, § 956 (interim ed. 1993), misstates the basis for the Government's motion. The Government's motion is not based upon Coughlin, the Restatement, or Corbin. Instead, the Government's motion is based upon Indiana Michigan, which rejected the Coughlin "date of trial" analysis in favor of the Restatement's conclusion that the date of complaint is the appropriate cut-off for damages in a partial breach case. Moreover, all three are presented in the Government's brief because the Federal Circuit either discussed or cited to all three in its decision.[2] Indiana Michigan, 422 F.3d at 1376-77. PG&E's criticisms have been presented to the Federal Circuit, and that appellate court has rejected the position that PG&E steadfastly advocates now. PG&E should not be allowed to relitigate these issues here.

PG&E's legal analysis of case law allegedly supporting an award of future damages likewise is academic. See Pl. Br. 14-15. Each of the cases cited in PG&E's response was discussed in the briefs filed with the Federal Circuit in Indiana Michigan. The Federal Circuit elected to limit future damages as a matter of law in partial breach cases, even though the court decisions considering total breach cases, cited by PG&E in its brief, allowed such recoveries.

---

[2] The Court in Indiana Michigan also quoted from 22 Am. Jur. 2d: Damages § 488 (2003), with which PG&E also apparently takes issue. See Indiana Michigan, 422 F.3d at 1377.

The difference between this case and the cases cited in PG&E's response is that the Government and PG&E have "ongoing obligations" under the operative contract. Indiana Michigan, 422 F.3d at 1377. As a result, future damages are redressable in future actions. This situation contrasts with total breach cases in which the relationship is at an end and the Court is resolving all issues remaining between the parties. Once again, PG&E should not be allowed to relitigate arguments here that squarely were presented to, and rejected by, the Federal Circuit.

PG&E's bold assertion that "none of the Federal Circuit's articulations regarding future damages can be considered binding precedent," Pl. Br. 10, simply is unsupported by the clear language of the Indiana Michigan decision. Moreover, PG&E's attempt to conflate the trial court's factual conclusions concerning IMP's future damages claim and the Federal Circuit's legal conclusions regarding the recoverability of future damages does not survive analysis. First, PG&E has cited to no case that stands for the proposition that parties in this Court are not bound by the legal conclusions of the Federal Circuit. Indeed, Strickland stands opposed to that proposition. In any event, under PG&E's analysis, no decision of the Federal Circuit would be binding authority since the facts of all cases necessarily are different. However, that is not the law, particularly in the context of PG&E's claim, which springs from the identical contract and the same partial breach at issue in the Indiana Michigan decision.

Second, and contrary to PG&E's assertions, this Court need not look to the trial court's decision to determine the applicability of Indiana Michigan to this case. PG&E correctly notes that the trial court found that IMP's future damages were speculative as a matter of fact. However, PG&E ignores that the trial court also found that future damages were not recoverable as a matter of law. Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639, 642 (2004).

Moreover, the trial court's factual findings largely were ignored by the Federal Circuit in its discussion of future damages. See Indiana Michigan, 422 F.3d at 1376-78. Instead, the Federal Circuit's entire discussion concerning the recoverability of future damages is premised upon the law and the legal findings that were made by the trial court. In referencing the trial court proceeding, PG&E simply seeks to create confusion where none exists. The law, and its effect upon the parties in this case, is clear. PG&E may not agree with the result, but the result nevertheless is binding upon it.

### B. The Prior Positions Advocated By PG&E Are Instructive In Assessing The Binding Affect Of *Indiana Michigan*

In determining the effect of Indiana Michigan upon this case, the prior statements of PG&E to this Court and to the Federal Circuit are instructive. In an *amicus brief* filed in the Indiana Michigan appeal, filed by PG&E's counsel upon PG&E's and several other utilities' behalf, many of the arguments made in PG&E's response were made to the Federal Circuit in support of IMP's appeal. In that brief, the *amici* challenged the adoption of *per se* legal rules concerning the recoverability of pre-breach and post-breach damages. See "Brief of *Amici Curiae* Of Twenty-Two Spent Fuel Plaintiffs In Support Of Indiana Michigan And Reversal Of Judgment," at 3. Specifically, the *amici* advocated against the "formulation of broadly applicable damages pronouncements – like those the government repeatedly advocated in the trial court – intended to apply beyond the facts and circumstances of the *Indiana Michigan* case." Id. The *amici* further argued that future damages are not precluded as a matter of law (id. at 17) and that a blanket rule precluding the recovery of future damages, "where future damages are reasonably certain (at least through 2010) . . . would impose substantial and totally unnecessary litigation costs on utilities, ratepayers and the CFC." Id. at 22. The *amici* concluded by

requesting that the Federal Circuit "disavow the inflexible rule enunciated by the lower court precluding the recovery of future damages in an action for partial breach of contract." Id. at 22-23. It is clear that the Federal Circuit was aware of the arguments now made by PG&E in its response to the Government's motion and rejected those arguments. PG&E now cannot and should not obtain rehearing of these settled legal issues in this Court simply because it did not agree with that part of the Federal Circuit's decision.[3]

Likewise, counsel for PG&E recently filed a brief in Yankee Atomic Electric Co. v. United States, No. 98-126C (Merow, S.J.), upon behalf of three utilities, concerning the effect of Indiana Michigan upon the damages available in those cases.[4] In that brief, counsel acknowledged that Indiana Michigan "raise[d] various issues concerning the damages to be awarded in this case." See "Supplemental Post Trial Brief Addressing Impact of *Indiana Michigan*" at 1. Specifically, counsel argued that Indiana Michigan "presents the issue of where the Court should draw the line between past and future damages – with past damages awarded now, and the future damages awarded in future proceedings." Id. at 2. In the Yankee cases, in which trial took place in July and August 2004, the plaintiffs now ask that the Court "award each company their respective damages through 2002, which at trial were deemed past damages (as opposed to damages in 2003 and subsequent years, which were deemed future damages at trial)." Id. at 2 (parenthetical in original). In contrast to PG&E's current position, there is no assertion

---

[3] We assume that PG&E would contend that the Federal Circuit's legal conclusions regarding the availability of pre-breach damages – a conclusion consistent with the legal arguments of IMP and the *amici* – are binding here.

[4] In addition to the Yankee Atomic case, the brief was applicable to Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C, and Maine Yankee Atomic Power Co. v. United States, No. 98-474C.

in the Yankee brief that the Indiana Michigan decision is, in any way, *dicta*, and, indeed, the brief is predicated upon the assumption that the decision was binding upon the parties.

## II. THE GOVERNMENT'S POSITION CONCERNING THE RECOVERABILITY OF FUTURE DAMAGES HAS BEEN CONSISTENT ACROSS ALL OF THE SPENT NUCLEAR FUEL CASES

In the face of binding precedent, PG&E's second "theme" in its response is predicated upon assertions that the Government somehow is behaving strategically, inconsistently, and "disingenuous[ly]." See, e.g., Pl. Br. 5-6. PG&E's repeated challenges to the Government's representations demonstrate a fundamental misunderstanding of the Government's position and of the requirements set forth in Indiana Michigan. Once again, there are at least three significant legal rules set forth by Indiana Michigan. First, damages that pre-date January 31, 1998, and that post-date 1994, are recoverable if the alleged damages constituted reasonable mitigation. Indiana Michigan, 422 F.3d at 1374-75. Second, future damages – defined as damages that post-date the filing of the complaint – are not recoverable in a partial breach action. Id. at 1376. Third, future complaints, precipitated by future incurred costs, must be filed within six years of the date upon which the cost was incurred. Id. at 1378.

In this case, the most recent complaint was PG&E's January 28, 2004 amended complaint. Consistent with Indiana Michigan, and in lieu of any motion for leave to supplement or amend its complaint, the Government has used that date as the date upon which damages should be limited for the purposes of this trial. Here, counsel for PG&E has failed to seek leave to file either an amended or supplemental complaint to extend the date at issue for damages beyond the date of the initial amended complaint. Given the fact that discovery already has

concluded in this case, it would appear inappropriate at this juncture to allow PG&E to add additional years to its pending damages claim.

PG&E's unexplained refusal to seek leave to file an amended complaint is in stark contrast to the actions taken by other plaintiffs in the SNF cases, cases to which PG&E cites to identify our purported disingenuity. In Southern Nuclear Operating Co. v. United States, No. 98-614C (Merow, S.J.), and at the Government's urging, the plaintiff filed a two-page supplemental complaint before trial that sought damages through December 31, 2004. Since costs through December 31, 2004 were actual incurred costs and supporting documentation for those incurred costs had been produced to the Government during discovery and prior to the depositions of all relevant damages witnesses, the Government did not object to the plaintiffs' motion, filed pursuant to RCFC 15(d), to supplement its complaint to allow for the Court's resolution of costs incurred. Likewise, in Systems Fuels, Inc. v. United States, No. 03-2624C (Braden, J.), and Wisconsin Electric Power Co. v. United States, No. 00-697C (Merow, S.J.), we agreed not to oppose motions for leave to allow the plaintiffs to file either amended or supplemental complaints, where those motions and amended or supplemental complaints were filed at an appropriate time in the discovery process.[5] In those cases, and because the Government had access to and support for the past actual costs encompassed by the supplemental or amended pleading prior to the close of discovery, we agreed not to oppose the

---

[5] In referencing other SNF cases, PG&E fails to mention that none of the plaintiffs in those cases have taken the position that, upon the issue of future damages, Indiana Michigan is *dicta*. Instead, each of those plaintiffs has avoided contentious motions practice simply by following the clear and unambiguous language in that decision by limiting damages to past actual costs that have been the subject of discovery.

requests to litigate costs that post-dated the filing of the initial complaint in each of those cases, but pre-dated the new complaint filed with the Court.[6]

The consistency in all of the cases that post-date Indiana Michigan is that the plaintiffs followed the simple procedural requirement of seeking leave to file an amended or supplemental complaint pursuant to RCFC 15(d) and only sought past costs that had been disclosed to the Government and supported with actual cost documentation prior to the close of discovery. Here, PG&E inexplicably has failed to seek leave to file an amended or supplemental complaint[7] and has sought damages beyond December 31, 2004, the last date upon which the Government was presented with actual past cost support rather than mere future costs estimates. See, e.g., Deposition of Robert Kapus, Vol. II, September 29, 2005, at 314:8-13, 321:24-322:3, 335:6-7; Deposition of L. Jearl Strickland, August 18, 2005, at 73:12-15; 78:6-10.[8] As previously

---

[6] In Sacramento Municipal Utility Dist. v. United States, No. 98-0488 (Braden, J.), a case that was tried prior to the decision in Indiana Michigan, we stipulated with the plaintiff to limit damages through December 31, 2004, and treat the plaintiff as though it had filed a new complaint. In Tennessee Valley Authority v. United States,60 Fed. Cl. 665, 678 n.16 (2004) (Lettow, J.), the Court limited damages based upon its application of the Section 26(b) of the Restatement (Second) of Judgments. As a result, no amended or supplemental complaint ever was filed by the plaintiff in TVA. However, in Indiana Michigan, the Federal Circuit found that Subsection 26(e) of the Restatement (Second) of Judgments, rather than Subsection 26(b), applies to partial breach actions. Indiana Michigan, 422 F.3d at 1378 (plaintiff's "grievance falls within subsection (e)'s exception for injury experienced during the execution phase of a continuing contract").

[7] Indeed, PG&E has argued against the requirement that it seek leave to amend or supplement the complaint.

[8] Even then, PG&E's production of "actual costs" support for 2004 and earlier is woefully deficient. For example, PG&E has failed to produce information sought by the Government that concerns its internal labor costs that are being passed through to damages. Without the information requested by the Government, we are unable properly to analyze that significant portion of PG&E's claim. We anticipate that PG&E's failure to produce meaningful responses to certain discovery requests will be the subject of a future motion *in limine*.

discussed, this Court lacks jurisdiction to entertain damages associated with partial breaches occurring after PG&E's complaint was filed. Newman-Green, 490 U.S. at 830. In light of that fact and the Federal Circuit's directives in Indiana Michigan, PG&E's continued assertions that it can merely litigate post-complaint costs in this case through a date of its own choosing are wholly unsupported.[9] To the extent that PG&E seeks leave to file a supplemental or amended complaint in this case in the future, we will address the appropriateness of that request at that time, considering its timing, the fact that fact discovery has concluded, and the deficiencies in its existing production.

III. PG&E'S PROCEDURAL CONCERNS LACK MERIT

PG&E's contention that the Government's motion is procedurally improper and unworkable lacks merit. As an initial matter, the purpose of the Government's motion was to present the issue of future damages to the Court in the face of an expert report that ignored unambiguous, binding precedent from the Federal Circuit. Clearly, the motion has succeeded in that respect.

However, a motion to strike clearly is appropriate here. First, as a matter of mechanics, many – if not all – of Dr. Cornell's opinions concerning future damages easily can be segregated from those opinions that concern past costs. Indeed, the Government identified the applicable sections and tables in Dr. Cornell's report that related to future damages. See Def. Br. 7-10.

---

[9] The filing of an amended or supplemental complaint is not simply a procedural formality. Although not relevant to this litigation, because the statute of limitations runs upon the incurrence of costs, the filing of an amended or supplemental complaint is a requirement to avoid running afoul of the limitations period.

Second, and most importantly, the purpose of an order striking opinions concerning future damages is to provide the Government assurance that it is not required to respond to those opinions. Indeed, contrary to PG&E's response, this Court need not identify specific sections of Dr. Cornell's report to strike. Instead, through its motion, the Government simply seeks an order from the Court stating that opinions relating to future damages are not relevant to this case and are not admissible at trial. Whether characterized as a motion to strike or motion *in limine*, the resulting order would provide the assurance that the Government needs to avoid the time and expense of responding to Dr. Cornell's future damages opinions.[10]

Finally, although PG&E asserts that the Government "could simply ignore discussion of such damages" if it believes that the recovery of future damages is "beyond serious dispute" (Pl. Br. 3), that position is untenable. In preparing a response to an expert opinion that implicates hundreds of millions of dollars, we simply cannot "ignore" the future components of that opinion based upon our belief that the restrictions set by Indiana Michigan upon PG&E are binding. Regardless of the confidence that we have in the application of Indiana Michigan, it would be irresponsible not to defend all aspects of PG&E's claim. As a result, we properly have sought this Court's guidance with regard to this issue so that our decision regarding the depth of our response to Dr. Cornell's future damages is informed by this Court's directions regarding the scope of the opinions that he will be permitted to present at trial.

[10] Despite PG&E's contention to the contrary, see Pl. Br. 2, the fact that PG&E is not entitled to future damages is a ground for striking Dr. Cornell's opinions relating to future damages. If an opinion is irrelevant to the litigation, a motion to strike is appropriate. Simply because Dr. Cornell allegedly has expansive opinions on a wide variety of issues should not require the Government to respond in kind to each opinion or for the Court hear testimony concerning each opinion. Relevance does, indeed, matter.

## CONCLUSION

For the foregoing reasons, and for those set forth in our motion, we respectfully request that the Court strike those portions of Dr. Cornell's report involving opinions associated with alleged damages incurred or estimated to be incurred after January 28, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

January 9, 2006