IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically Filed On January 17, 2006

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| UNITED STATES OF AMERICA, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

PG&E'S MOTION FOR LEAVE TO FILE SHORT SURREPLY TO ADDRESS ONE ARGUMENT THE GOVERNMENT FIRST MADE IN ITS REPLY BRIEF ON ITS MOTION FOR SUMMARY JUDGMENT ON COUNT II OF PG&E'S COMPLAINT

Plaintiff Pacific Gas & Electric Co. ("PG&E") respectfully moves for leave to file the attached, short surreply to address one argument the government first made in its reply brief on its motion for summary judgment on Count II of PG&E's complaints.[1] That Count sets forth an alternative claim for restitution of the fees PG&E has paid to the Department of Energy ("DOE") pursuant to the contract involved in this case.

In seeking summary judgment on PG&E's restitution claim, the government's motion ("MSJ") noted that PG&E has "elected" to proceed on a partial breach theory. MSJ at 5. In its opposition ("PG&E Opp."), PG&E acknowledged that it is now pursuing a partial breach claim as its "preferred remedy, PG&E Opp. at 4, and also acknowledged that in order to pursue restitution, it would have to declare a "total" breach, *id*. at 2. As PG&E explained, however, it is not required to make a final or binding election between partial breach damages and total breach restitution until later in this litigation. *Id.* at 3-4.

[1] The government's motion seeks summary judgment on Counts II and III of PG&E's complaints, but the government argument addressed here concerns only Count II.

More specifically, PG&E explained that under controlling case law, including *Dow Chemical Co. v. United States*, 226 F.3d 1334 (Fed. Cir. 2000), a non-breaching party does not waive its right to elect total breach remedies unless a delay in making the election has prejudiced the party in breach. And as PG&E noted in its opposition: "[h]ere, the government does not even *allege* any prejudice from PG&E's parallel pursuit of a partial breach claim and its failure thus far to declare a total breach or to terminate the contract." PG&E Opp. at 3 (emphasis in original).

Although the latter statement was true when made, the government did claim prejudice, for the first time, in its reply brief ("USReply"). PG&E's proposed surreply demonstrates that the government's belated claim of prejudice is entirely without merit. Because the government's claim of prejudice was first made in its reply, PG&E had no reason to address the claim in its opposition. Now that the government has made the claim of prejudice, however, PG&E believes the attached surreply – which responds to that claim – will be of significant assistance to the Court in considering the government's motion.

Accordingly, this motion for leave should be granted, and the Court should direct that the attached, short surreply be filed.

Dated: January 17, 2006

Respectfully submitted,

s/ Jerry Stouck
Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 fax
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:

Robert L. Shapiro
Greenberg Traurig, LLP