IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically Filed On January 23, 2006

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-0074C, into which has been consolidated No. 04-0075C<br>(Judge Hewitt) |

PG&E'S REPLY ON MOTION TO ESTABLISH TIME FRAME FOR CONSIDERATION OF FUTURE DAMAGES[1]

The government's response to PG&E's motion to establish a time frame for the consideration of damages in this round of litigation largely repeats the government's claim that *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369 (Fed. Cir. 2005), requires the filing of an amended or supplemental complaint in order for the Court to consider damages PG&E has or will incur after the filing of its last complaints. The government's arguments do not get more persuasive with repetition. The government adds a new gloss to its argument, emphasizing now that the filing of an additional complaint is a "jurisdictional" requirement. *See* Govt. Response at 4. The government also argues now that only damages "supported with actual cost documentation prior to the close of discovery" may be considered. *Id.* at 4-6. These new government arguments are unsupported and wrong. In addition, as PG&E will explain below, it does plan to

[1] Although an attempt at a shorthand hand phrase to describe the subject of PG&E's motion in the title, the reference to "future damages" is a bit of a misnomer. As reflected in the motion and this reply, and as clearly understood by the government as reflected in its response, PG&E's motion addresses the appropriate demarcation between damages to be considered in the course of this round of litigation and damages to be considered in one or more subsequent rounds of litigation.

request leave to file an amended complaint to facilitate the award of its first tranche of damages pursuant to RCFC 54(b).

1. PG&E will not burden the Court with repetition of its arguments concerning *Indiana Michigan*, and PG&E respectfully refers the Court to those arguments in its motion and in its response to the government's motion to strike portions of Dr. Cornell's expert witness report. The government's new argument that the filing of an amended or supplemental complaint is a jurisdictional prerequisite to the Court's consideration of damages after the filing of PG&E's last complaints is wrong. First, nothing in the Federal Circuit's or this Court's decisions in *Indiana Michigan* support the government's argument. Those decisions, and the authorities they cited, were applying a prudential rule regarding the award of damages in a partial breach of contract case. Nothing in those cases or authorities implies that this is jurisdictional in nature.

Second, the government cites *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989), *see* Govt. Response at 4, but that case offers no support for the government's argument either. In fact, the case does not even stand for the proposition cited in the parenthetical used by the government – "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Govt. Response at 4, quoting *Newman-Green*, 490 U.S. at 830. In *Newman-Green*, after noting the general rule, the Supreme Court explained that "[l]ike most general principles, however, this one is susceptible to exceptions . . ." The Supreme Court then applied such an exception, holding that the Seventh Circuit could dismiss a dispensable, non-diverse party in order to preserve its jurisdiction. 490 U.S. at 837. More fundamentally, that authority is inapt to the present case, since this Court had jurisdiction over the claim for

partial breach of contract when it was filed pursuant to the Tucker Act. 28 U.S.C. § 1491(a)(1).

Third, although the Federal Circuit affirmed the trial court's dismissal of the plaintiff's claim in *Indiana Michigan*, that dismissal was based on neither a jurisdictional infirmity nor grounds that are applicable here. As recognized by the Federal Circuit, a cause of action accrues only when all the events have occurred that fix the defendant's liability and entitle the plaintiff to institute an action. 422 F.3d at 1378. It is black letter law that a breach of contract action does not accrue until both the defendant has breached the contract and the plaintiff has suffered some damage. In *Indiana Michigan*, dismissal was appropriate because this Court found, and the Federal Circuit affirmed, that Indiana Michigan has not yet suffered any damage due to the government's breach of contract, and it likely would not do so for a number of years. But that dismissal was not jurisdictional. Here, conversely, PG&E has alleged and is prepared to prove that it has already suffered tens of millions of dollars in damages and it continues to suffer additional damage every day. Thus, the *Indiana Michigan* dismissal is not applicable to PG&E's case.

In other words, in *Indiana Michigan* there was a "gap" between the claimed damages adjudicated in the first case and future damages to be adjudicated later. Indiana Michigan's current case is over, so clearly a new complaint is necessary to initiate a new action when Indiana Michigan incurs its future damages. But in PG&E's case, the damages it has already suffered are continuing in nature, and are covered by the complaint PG&E has already filed. PG&E need not initiate a new *case* to adjudicate those ongoing damages; hence, no new complaint is needed. All that remains after

*Indiana Michigan* on these facts is for the Court to exercise its discretion to delineate where the damages now being litigated end and the damages to be litigated in the next proceeding begin.

2. The government argues that this Court may only look for guidance from *Restatement (Second) of Judgments*, § 26(1)(e) and must disregard § 26(1)(b). *See* Govt. Response at 3 and 5. The government is pressing this argument, because § 26(1)(e) refers to an option of a plaintiff facing a continuing or recurrent wrong of suing from time to time for damages incurred to the "date of suit," while § 26(1)(b) permits multiple actions where the court in the first action has expressly reserved the plaintiff's right to maintain the second action without reference to damages in the first action being limited to the time of suit. The government's urging for statutory-like adherence to § 26(1)(e) in all spent fuel cases is not supported by *Indiana Michigan*. First, this entire discussion of the *Restatement (Second) of Contracts* is located in the section of the Federal Circuit opinion addressing Indiana Michigan's right to bring another action against the government, not in the section limiting the availability of future damages in a partial breach of contract action.

Second, the Federal Circuit stated clearly "[w]e agree with the exceptions to the rules of merger and bar set out in Restatement (Second) of Judgments, sections 26(1)(b) and (e)." 422 F.3d at 1378. Thus, the Federal Circuit explicitly noted its agreement with § 26(1)(b), which provides this Court with discretion to delineate between current and future damages so as to be able to award current damages now while preserving PG&E's right to seek future damages later. Although the Court went on to state that Indiana Michigan's grievance falls within § 26(1)(e)'s parameters, the Court did not suggest that

§ 26(1)(b) could not also be applied either to Indiana Michigan's facts or in other spent fuel cases. The Federal Circuit's specific application of § 26(1)(e) rather than § 26(1)(b) may stem from the fact that the trial court there did not set out an express reservation consistent with § 26(1)(b) in its opinion. And the trial court's failure to do so probably stems from its finding that Indiana Michigan had not yet suffered any breach damages. More generally, nothing about the structure or content of § 26(1) implies that its exceptions to the rule of merger and bar are inconsistent with each other.

In addition, this part of *Indiana Michigan* reflects only an advisory opinion, since it addresses a potential future claim for post-breach damages that Indiana Michigan has not yet brought. And since the Federal Circuit affirmed the dismissal of Indiana Michigan's claim against the government because Indiana Michigan had not yet suffered any damage from the breach, it is far from clear that the general rules of merger and bar would at all hinder a future effort by Indiana Michigan to obtain damages from the government.

3. The government also now argues that even if PG&E were to amend its complaint, only past costs that are "supported with actual cost documentation prior to the close of discovery" may be recovered in this round of litigation. *See* Govt. Response at 6. It is not surprising that the government offers no citations to authority supporting this claim, because there is none. To the contrary, as set out in PG&E's opposition to the motion to strike portions of Dr. Cornell's expert witness report related to future damages at pp. 14-15, ample authority supports this Court's authority and responsibility to make a fair and reasonable approximation of a plaintiff's damages, including estimates even of

future lost profits. Cost estimates are perfectly good evidence of damages in this case as in any other.

4. Although PG&E need not file an amended or supplemental complaint to enable this Court to address damages incurred subsequent to the filing of PG&E's last complaints, PG&E plans on filing a motion to amend its complaints in order to facilitate the Court's award of the first tranche of damages owed PG&E pursuant to RCFC 54(b). RCFC 54(b) permits this Court to order judgment on one or more but less than all the claims in an action presenting multiple claims upon an express determination that there is no just reason for delay. In *Indiana Michigan*, the Federal Circuit's opinion makes clear that the spent fuel cases present multiple claims for partial breach of contract – one for current damages and at least one more for future damages, although the precise demarcation between current and future damages is less clear. Once this Court resolves the issue of the appropriate time frame for consideration of PG&E's damages in this round of litigation, PG&E will seek leave to amend its complaints pursuant to RCFC 15(a) to divide its existing claims for partial breach of contract accordingly.

For all of these reasons, as well as those set out in its motion and in its opposition to the government's motion to strike portions of Dr. Cornell's expert witness report related to future damages, the Court should permit PG&E to recover damages it has or will incur through 2012 or, alternatively, 2005 in this round of litigation.

As noted in PG&E's opposition to the motion to strike portions of Dr. Cornell's expert witness report, these issues are of great importance to this litigation, and PG&E respectfully repeats its request that the parties have the opportunity to offer oral argument

to the Court on this motion and the government's related motion to strike portions of Dr. Cornell's expert witness report related to future damages.

Dated: January 23, 2006

Respectfully submitted,

s/ Jerry Stouck
Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 fax
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:

Robert L. Shapiro
Greenberg Traurig, LLP