IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |

DEFENDANT'S MOTION FOR LEAVE
TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant, the United States, respectfully requests that the Court grant it leave to file a "Notice of Supplemental Authority," a copy of which is attached to this motion, to inform the Court of a decision directly relevant to the plaintiff's pending motion to compel the production of documents subject to the deliberative process privilege, which the plaintiff, Pacific Gas & Electric Company ("PG&E"), filed on October 19, 2005, and to which the Government responded on November 23, 2005.

As one of the bases for its motion to compel, PG&E complains that the Secretary of Energy is barred from delegating his authority to invoke the deliberative process privilege and that his effort to delegate that authority to subordinates with regard to documents claimed as privileged in this case is ineffective. Earlier today, the United States Court of Appeals for the Federal Circuit issued its decision in Marriott International Resorts, L.P., v. United States, No. 05-5046 (Fed. Cir. Feb. 3, 2006), an interlocutory appeal in which PG&E, through its counsel in this case, filed an amici brief. In Marriott, the Federal Circuit held that the head of an agency is, in fact, entitled to delegate his authority to invoke the deliberative process privilege. Because this decision is binding precedent upon this Court regarding that issue, we request permission to notify the Court of that decision through the attached "Notice of Supplemental Authority."

For the foregoing reasons, defendant respectfully requests that the Court grant this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman by Harold D. Lester, Jr.
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

February 3, 2006 Attorneys for Defendant

# ATTACHMENT

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant, the United States, respectfully submits this notice of supplemental authority to provide the Court with notice of a decision directly applicable to an issue currently pending in this case. Specifically, in its motion to compel the production of documents subject to the deliberative process privilege, which the plaintiff, Pacific Gas & Electric Company ("PG&E"), filed on October 19, 2005, PG&E complains that the Secretary of Energy is barred from delegating his authority to invoke the deliberative process privilege and that his effort to delegate that authority to subordinates with regard to documents claimed as privileged in this case was ineffective. Earlier today, the United States Court of Appeals for the Federal Circuit issued its decision in Marriott International Resorts, L.P., v. United States, No. 05-5046 (Fed. Cir. Feb. 3, 2006), an interlocutory appeal in which PG&E, through its counsel in this case, filed an amici brief. In Marriott, the Federal Circuit held that the head of an agency is, in fact, entitled to delegate his authority to invoke the deliberative process privilege. That decision is directly applicable to the arguments raised in the parties' briefing on PG&E's October 19, 2005 motion to compel. A copy of that decision is attached to this notice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman by Harold D. Lester, Jr.
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

February 3, 2006

Attorneys for Defendant

# United States Court of Appeals for the Federal Circuit

05-5046

MARRIOTT INTERNATIONAL RESORTS, L.P.,
and MARRIOTT INTERNATIONAL JBS CORPORATION,

Plaintiffs-Appellees,

v.

UNITED STATES,

Defendant-Appellant.

Harold J. Heltzer, Crowell & Moring LLP, of Washington, DC, argued for plaintiffs-appellees. With him on the brief were Robert L. Willmore and Alex E. Sadler.

Joan I. Oppenheimer, Attorney, Tax Division, Appellate Section, United States Department of Justice, of Washington, DC, argued for defendant-appellant. With her on the brief were Eileen J. O'Connor, Assistant Attorney General, Richard T. Morrison, Deputy Assistant Attorney General, Gilbert S. Rothenberg, Chief, Appellate Section, and Jonathan S. Cohen, Attorney.

Jerry Stouck, Greenberg Traurig, LLP, of Washington, DC, for amici curiae. With him on the brief was Robert L. Shapiro.

Appealed from: United States Court of Federal Claims

Judge Charles F. Lettow

# United States Court of Appeals for the Federal Circuit

05-5046

MARRIOTT INTERNATIONAL RESORTS, L.P.,
and MARRIOTT INTERNATIONAL JBS CORPORATION,

Plaintiffs-Appellees,

v.

UNITED STATES,

Defendant-Appellant.

DECIDED: February 3, 2006

Before MAYER, RADER, and LINN, Circuit Judges.

Opinion for the court filed by Circuit Judge RADER. Dissenting opinion filed by Circuit Judge MAYER.

RADER, Circuit Judge.

The United States Court of Federal Claims certified this interlocutory appeal to examine the limits of the "deliberative process privilege." The trial court decided that only the Agency head could invoke the privilege on the Agency's behalf. Therefore, the trial court rejected as procedurally flawed a process allowing a high ranking subordinate to invoke the privilege. Marriott Int'l Resorts, L.P. v. United States, 61 Fed. Cl. 411 (2004) (Court of Federal Claims Decision). In the absence of binding precedent on the specific issue before the court, the court adopts the position that the deliberative process privilege permits delegation. A majority of our sister circuits have reached the same conclusion. Therefore, this court reverses and remands for further proceedings.

I.

The case arises in the context of a tax case in the Court of Federal Claims. Marriott International Resorts, L.P. (Marriott) requested production of all documents that the Internal Revenue Service (IRS or Agency) relied upon in defining "liability" under 26 U.S.C. § 752. See id. at 414. Marriott alleges the Agency's pre-1995 interpretation of § 752 justified its treatment of various short-sale transactions as liabilities in its 1994 tax returns. Id. at 413. In 1995, however, the Agency reinterpreted § 752 in a manner that excluded Marriott's short-sale transactions, thereby increasing Marriott's 1994 taxable income by $72,946,839. Id. Thereafter, Marriott filed suit in the Court of Federal Claims, challenging the Agency's treatment of its short-sale transactions. Id. As summarized by the trial court:

> In pursuit of support for those allegations, Marriott . . . requested from the government all documents relied upon by the IRS "in formulating its position with respect to the definition of 'liability' in Treasury Regulations issued under [Internal Revenue] Code section 752 in 1988 and 1991 and various revenue rulings in which the IRS purported to define the term."

Id. at 414 (citing Pls.' Mot. at 9-10) (alteration in original).

While producing some documents in response to Marriott's request, the Government withheld or redacted portions of 339 responsive documents under a claim of "executive privilege." Id. Notably, the Commissioner of the IRS did not personally invoke the privilege claim. Id. Rather, the Commissioner delegated the authority to an Assistant Chief Counsel who invoked the privilege during an exhaustive examination of the voluminous documents at issue. Id. (citing Delegation Order No. 220 (Rev.3), 1997 WL 33479282).

Without addressing the merits of the privilege claim, the trial court rejected the Agency's invocation of the privilege as procedurally flawed because, in its view, the

privilege could only be invoked "by the head of agencies after personal familiarization with the documents involved and a determination that disclosure would significantly and adversely affect the agency's vital functions." Id. at 417. In reaching that conclusion, the trial court relied on a case from this court's predecessor, the United States Court of Claims, namely Cetron Electronic Corporation v. United States, 207 Ct. Cl. 985, 1975 WL 6632 (1975) (Cetron Elec.). The trial court also noted other cases in its court on this issue. See Vons Co. v. United States, 51 Fed. Cl. 1, 23 (2001); Abramson v. United States, 39 Fed. Cl. 290, 295 (1997); Walsky Constr. Co. v. United States, 20 Cl. Ct. 317, 320 (1990); Deuterium Corp. v. United States, 4 Cl. Ct. 361, 364 (1984). Based on its finding that the Government had not properly invoked the privilege, the trial court ordered either production of all the documents or invocation of the privilege properly by the Commissioner himself after personal review of the documents. Court of Federal Claims Decision, 61 Fed. Cl. at 419-20. With the trial court's permission, the Government filed the present interlocutory appeal to challenge this holding.

II.

As noted, the trial court felt bound by the holding of the Court of Claims in Cetron Elec. See id. at 417. The trial court further commented that Cetron Elec. was consistent with an earlier Court of Claims decision, Kaiser Aluminum & Chemical Corporation v. United States, 141 Ct. Cl. 38, 157 F. Supp. 939 (1958) (Kaiser Aluminum). Id. The case law of the Court of Claims, including both Cetron Elec. (1975) and Kaiser Aluminum (1958), bind this court. South Corp. v. United States, 690 F.2d 1368, 1370 (Fed. Cir. 1982) (en banc). Cetron Elec. and Kaiser Aluminum, however, did not address or decide the issue presently before this court.

Kaiser Aluminum occasionally receives credit as the first federal case to recognize a deliberative process privilege.[1] See e.g., Michael N. Kennedy, Escaping The Fishbowl: A Proposal To Fortify The Deliberative Process, 99 NW. U. L. Rev. 1769, 1779 (2005). Kaiser Aluminum involved an alleged breach of contract in the United States' sale of war plants to Kaiser Aluminum & Chemical Corporation (Kaiser) and Reynolds Metal Company (Reynolds). 157 F. Supp. at 941. During the litigation, Kaiser sought documents from the General Services Administration (GSA) relating to the Kaiser and Reynolds sales:

> [T]he request included all internal GSA reports, memoranda, or other documents concerning these sales to Kaiser and Reynolds prepared by all employees or agents of the Administration for intra-agency use, particularly prior drafts of the Kaiser contract with Agency interpretation and justification thereof and similar papers in connection with that claim. There was also sought the like intra-agency reports and comparisons concerning the Reynolds contract.

Id. at 942. In response, the Government produced all but one document "on the ground that it was 'contrary to the national interest.'" Id. The Kaiser Aluminum opinion decided the propriety of this privilege claim.

Initially, "[Kaiser] objected that . . . the [Government's] claim of privilege had not been made by the head of the department after actual personal consideration, citing United States v. Reynolds, 345 U.S. 1, 7 (1953)." Id. However, "[t]he Government thereupon filed a letter dated June 11, 1957, of the agency head, the Administrator of the General Services Administration . . . declining to produce the document." Id. at 943

[1] Notably, Kaiser Aluminum was authored by retired United States Supreme Court Justice Stanley Reed sitting by designation.

(emphasis added). Thus, the Court of Claims in Kaiser Aluminum did not face the question of delegation of the deliberative process privilege as in the present case.[2]

Cetron Elec. involved "the failure of . . . a defunct wholly owned subsidiary . . . to withhold and pay over . . . federal employment taxes for the second and third calendar quarters of 1963." Cetron Elec., 1975 WL 6632 at *1. During the litigation, Cetron Electronic Corporation (Cetron) sought:

> internal reports of officials of [the] IRS relating to assessment of the 100-percent penalty tax under section 6672 of the Internal Revenue Code of 1954, against those persons deemed responsible for the failure of Associated Engineers to collect and pay over to [the] IRS the taxes at issue.

Id. In response, the Government refused to produce seven relevant documents. It invoked "an alleged general privilege the Government has against disclosure of any intra-agency communications that contain opinions, conclusions, and reasoning of Government officials used in the administrative decision making process." Id. at *3. As with Kaiser Aluminum, the Cetron Elec. opinion focuses on the propriety of the privilege claim. Id. at *5.

Notably, however, the Government did not invoke the deliberative process privilege in Cetron Elec.[3] Rather, as stated in the opinion:

---

[2] The court specifically noted only two legal issues in the case: "First, does the United States possess a privilege to produce a document that contains opinions rendered the Liquidator by a member of his staff concerning a sale." Kaiser Aluminum & Chem. Corp. v. United States, 141 Ct. Cl. 38, 157 F. Supp. 939, 944 (1958). And "[s]econd, can a head of an agency of the Government determine the privilege for himself?" Id. at 944 n.5.

[3] The deliberative process privilege is but one of several privileges that generally fall within the scope of the more general "executive privilege."

> While the presidential communications privilege and the deliberative process privilege are closely affiliated, the two privileges are distinct and have different scopes. Both are executive privileges designed to protect

> Of Course, even executive privilege has its limitations and is not absolute, but we do not need to go into that here since it is not claimed in this case.

Id. at *5 (emphasis added); see also id. at *3 ("Defendant seeks to distinguish and does not assert the doctrine of executive privilege . . . ."). Thus, Cetron Elec. did not decide anything relative to the dimensions of the executive privilege at issue in the present case. Hence, Cetron Elec. could not decide specific conditions for invocation of a privilege not invoked in that case. See Yankee Atomic Elec. Co. v. United States, 54 Fed. Cl. 306, 310 n.4 (2002) (commenting that Cetron Elec.'s discussion of the executive privilege is merely dictum).

Moreover, even if the general discussion in Cetron Elec. appears to apply to the deliberative process privilege generally, the Court of Claims did not confront or consider the propriety of a delegated invocation of the privilege. Nowhere does Cetron Elec. even discuss the Agency's procedure of invocation of the privilege claim that was specifically not asserted in the case before this court's predecessor. Thus, Cetron Elec. did not address or decide the issue before this court.

For these reasons, the trial court's reliance on Kaiser Aluminum and Cetron Elec. was misplaced. Neither Kaiser Aluminum nor Cetron Elec. rejected a delegated invocation of the deliberative process privilege. Thus, this court confronts for the first time the specific issue presented in this case.

---

> executive branch decisionmaking, but one applies to decisionmaking of executive officials generally, the other specifically to decisionmaking of the President. The presidential privilege is rooted in constitutional separation of powers principles and the President's unique constitutional role; the deliberative process privilege is primarily a common law privilege.

In re Sealed Case, 121 F.3d 729, 745 (D.C. Cir. 1997).

III.

The "Agency head" requirement originated in the Supreme Court's Reynolds opinion, which involved tort claims stemming from a late 1940s Air Force plane crash. 345 U.S. at 2-3. In Reynolds, the court upheld the Secretary of the Air Force's refusal to turn over various military documents as privileged under the "military and state secrets privilege." Id. at 7. Reynolds noted that the privilege was not to be lightly invoked and thus required a "formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." Id. at 7-8 (emphasis added). This passage in Reynolds gave rise to the "Agency head" invocation rule.

Unlike Reynolds, however, the present case involves the deliberative process privilege, not the military and state secrets privilege. On this point, our sister circuits have split over whether the Agency head invocation rule outlined in Reynolds applies to the deliberative process privilege as well as the military and state secrets privilege. See Dep't of Energy v. Brett, 659 F.2d 154 (Temp. Emer. Ct. App. 1981) (holding the trial court erred in ruling the deliberative process privilege could only be invoked by an Agency head)[4]; Landry v. Fed. Deposit Ins. Corp., 204 F.3d 1125, 1135 (D.C. Cir. 2000) (commenting that lesser officials can invoke the deliberative process and law enforcement privileges); Branch v. Phillips Petroleum Co., 638 F.2d 875, 882-83 (5th

[4] The Government argued at the trial court that decisions of the Temporary Emergency Court of Appeals (TECA) are binding on this court. Court of Federal Claims Decision, 61 Fed. Cl. at 418. The trial court rejected this argument, relying on Texas American Oil Corporation v. Department of Energy, 44 F.3d 1557, 1561 (Fed. Cir. 1995) (en banc) for the premise that TECA case law only applies to those cases transferred to the Federal Circuit as a successor to TECA. Id. The Government does not raise this issue on appeal.

Cir. 1981) (commenting that, while Reynolds indicates Agency head invocation is required, the Equal Employment Opportunities Commission (EEOC) sufficiently complied when the director of its Houston office, a subordinate, invoked the privilege on the EEOC's behalf). Contra United States v. O'Neill, 619 F.2d 222, 225 (3d Cir. 1980) (rejecting invocation of executive privilege by an attorney rather than the department head). For the following reasons, this court determines the majority rule, as explained by the United States Court of Appeals for the District of Columbia Circuit in Landry, applies in this circuit.

In Landry, the Federal Deposit Insurance Corporation (FDIC) invoked the deliberative process privilege to justify withholding various documents sought in pre-trial discovery. Landry, 204 F.3d at 1134. Notably, the head of the FDIC did not invoke the privilege; rather, the Memphis Regional Director of the FDIC invoked the privilege on the FDIC's behalf. Id. In the DC Circuit's eyes, delegated invocation in that case was entirely permissible because "[i]nsistence on an affidavit from the very pinnacle of agency authority would surely start to erode the substance of 'actual personal' involvement." Id. This court agrees.

Delegated review by a subordinate undoubtedly results in a more thorough, more consistent, and timelier review of potentially privileged documents than personal review by the Agency head. In the present case, for example, the 339 documents at issue came from a larger cache of more than 4,000 relevant pages of material. The subordinate, even though familiar with the documents and the nature of the privilege, still consumed over thirty-one hours in review of these records. Even if the Commissioner – undoubtedly less familiar with the nature of the documents at issue and

less practiced at large-scale document review – could review documents as efficiently as the subordinate, the burden of personal review of each and every document in each and every case the IRS is involved in could interfere with the Commissioner's overall responsibilities. See Martin v. Albany Bus. Journal, Inc., 780 F. Supp. 927 (N.D.N.Y. 1983) (commenting that requiring personal review by an Agency head would bring the government to a virtual standstill). Faced with that difficult assignment, the Commissioner would likely either conduct a superficial document review to complete the process in a timely manner or conduct a detailed review over a long and drawn out period (avoiding conflicts with other responsibilities), thereby significantly extending litigations. Thus, Landry correctly noted that delegation promotes both efficiency in judicial administration and actual personal involvement in the complex process of invoking the privilege. See Landry, 204 F.3d at 1134.

Moreover, significant differences between the deliberative process privilege and other privileges (e.g., the military and state secrets privilege) justify delegated invocation in this case. Of most importance, the state secrets privilege is an absolute privilege; the deliberative process privilege is not. Thus, in a case with the state secrets branch of the executive privilege, even the most compelling need for the withheld documents cannot overcome the claim of privilege. See Reynolds, 345 U.S. at 11; Halkin v. Helms, 690 F.2d 977, 990 (D.C. Cir. 1982). Moreover, in such a case, a court generally may not conduct in-camera review of the highly sensitive withheld documents. See Reynolds, 345 U.S. at 10. Thus, a trial court enjoys little oversight of the Government's invocation of a privilege involving military and state secrets.

In contrast, a showing of compelling need can overcome the qualified deliberative process privilege. See e.g., In re Sealed Case, 121 F.3d 729, 737 (D.C. Cir. 1997). Moreover, a trial court may conduct in-camera review of documents under this qualified branch of the executive privilege doctrine. The qualified deliberative process privilege is subject to judicial oversight. These differences, among others, support a reasonable delegation procedure for invocation of the deliberative process privilege.

Hence, for these reasons, this court concludes that the head of an Agency can, when carefully undertaken, delegate authority to invoke the deliberative process privilege on the Agency's behalf. This case provides an excellent example of the Agency's care in the delegation process. Given the large number of documents implicated by Marriott's request, the Commissioner issued Delegation Order No. 220 (Rev. 3), expressly excluding from its scope the authority to claim the state secrets privilege and establishing detailed criteria for claiming the deliberative process privilege:

> Executive privilege may be claimed only for those internal or inter-agency records or information that are predecisional and deliberative, the disclosure of which would significantly impede or nullify Internal Revenue Service actions in carrying out a responsibility or function or would constitute an unwarranted invasion of personal privacy.

Delegation Order No. 220 (Rev.3), 1997 WL 33479282. In addition, the subordinate selected by the Commissioner, an Assistant Chief Counsel, holds a senior position within the Agency and is responsible for planning, administering and evaluating the Agency's disclosure policies and procedures. Notably, this subordinate is not directly responsible for or involved in substantive tax litigation, including this case. Thus, the Commissioner, in his delegation, provided detailed criteria for invoking the privilege. Moreover he chose a high ranking Agency official with expertise in the nature of the

privilege claim and documents at issue. This delegation by the Commissioner was entirely proper and consistent with the majority rule outlined in Landry. Because the trial court erroneously rejected the deliberative process privilege, this court reverses.

IV.

In sum, this court commends the trial court's caution in carefully consulting this court's precedents, namely, Cetron Elec. and Kaiser Aluminum. In this case, however, the trial court's reliance on those inapposite cases was misplaced. These cases did not rule on the propriety of a delegated invocation of the deliberative process privilege. For the reasons stated, this court concludes an Agency head may delegate the authority to invoke the deliberative process privilege on the Agency's behalf. The decision of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.

COSTS

Each party shall bear its own costs.

REVERSED and REMANDED

# United States Court of Appeals for the Federal Circuit

05-5046

MARRIOTT INTERNATIONAL RESORTS, L.P.,
and MARRIOTT INTERNATIONAL JBS CORPORATION,

Plaintiffs-Appellees,

v.

UNITED STATES,

Defendant-Appellant.

MAYER, Circuit Judge, dissenting.

Because the "deliberative process" privilege is merely a subset of executive privilege, and executive privilege must be invoked by an agency head, see Kaiser Aluminum & Chem. Corp. v. United States, 157 F. Supp. 939, 947-48 (Ct. Cl. 1958), I dissent. Limiting the exercise of the privilege to agency heads helps ensure that the privilege is not abused or overused. A responsible subordinate may fully review documents and submit only those for which invocation of the privilege would be most appropriate to the agency head, so I see no impediment to complete and accurate review of potentially privileged documents. It is no answer that in camera judicial inspection may be available upon a proper showing in disputed circumstances; executive decisions should be made by accountable executives in the first instance, and then should not be lightly second guessed.

CERTIFICATE OF FILING

I hereby certify that on this 3rd day of February 2006, a copy of foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.