IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed February 8, 2006

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |

PG&E'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY – MARRIOTT INT'L RESORTS, L.P. V. UNITED STATES

As the government notes in its notice of supplemental authority, the Federal Circuit recently ruled, in *Marriott Int'l, L.P. v. United States*, 2006 WL 258458 (Fed. Cir. Feb. 3, 2006), that an agency head may delegate authority to invoke the deliberative process privilege. But the government's notice completely overlooks the most important implication of that ruling for PG&E's pending motion to compel deliberative process documents in this case. In upholding the concept of delegation, and thereby distinguishing the deliberative process privilege from the military and state secrets privilege which must be invoked by an agency head, *see id.* at *3-*5, the Federal Circuit relied explicitly and fundamentally on the fact that unlike the military and state secrets privilege, the deliberative process privilege is "subject to judicial oversight." *Id.* at *5. Accordingly, as PG&E explained in its motion papers, the Court now must exercise that "judicial oversight" and proceed to address the merits – or rather, the lack of merit – to the government's assertion that the deliberative process privilege protects the 465

documents in question. *See, e.g.,* PG&E's 10/19/05 motion to compel at 17-24; PG&E's 12/09/05 reply in support of motion to compel at 15-29.

The Court can exercise its "judicial oversight" in one of two ways and reach the same result. First, the Court can recognize that the government has failed to establish the two basic substantive elements of the deliberative process privilege, namely that documents protected by this privilege must be "pre-decisional" and "deliberative." *See, e.g.,* PG&E's 10/19/05 motion to compel at 11-13. Alternatively, recognizing that the deliberative process privilege is a qualified privilege, the Court can reach the same result by applying the test laid down in *Sun Oil Co. v. United States*, 514 F.2d 1020, 1024-25 (Ct. Cl. 1975); *see* PG&E's 12/09/05 reply in support of motion to compel at 25-26, which requires a balancing of the claim of privilege against plaintiff's need to discover relevant evidence.

As PG&E has also explained, and the government does not dispute, the heart of the deliberative process privilege is the concern that release of certain documents that are "pre-decisional" and "deliberative" could cause significant harm to agency decision-making. *See, e.g.,* PG&E's 12/09/05 reply in support of motion to compel at 4-6; *see* Govt.'s 11/23/05 opposition at 11. Here, the government has not made *any* showing that release of any of the 465 documents sought by PG&E's motion would cause *any* specific harm, much less any *significant* harm, to any agency decision-making process. *See* PG&E's 12/09/05 reply in support of motion to compel at 17-25. Instead, the government's affiants have alleged harm from release of these documents in only the most cursory and perfunctory of terms, *see, e.g., id.*, and sometimes not at all, *see id.* at 23-24.

As PG&E has further explained, that the government has not and indeed cannot allege any particular or significant harm from release of these documents is not at all surprising. Even apart from the fact that release of these documents would be subject to the strict confidentiality requirements of the protective order in this case, a point the government has never addressed, the kind of significant harm that might warrant invocation of this privilege could only be threatened if the documents in question contained the type of formal, high-level, "recommendations and advice on program policy" that the privilege has been recognized to protect. *See Kaiser Aluminum & Chem. Corp. v. United States*, 141 Ct. Cl. 38, 157 F. Supp. 939, 944 (1958). Here, the government trivializes the privilege by invoking it to "protect," for example, numerous documents involving deliberations over how to respond to a letter from a university professor, *see* PG&E's 12/09/05 reply in support of motion to compel at 23, and "draft DOE news releases, *see id.* at 21; *see generally* PG&E's 10/19-05 motion to compel at 4-5, 11-13 (noting other mundane and routine documents over which government has claimed this privilege). As shown by *Kaiser*, which is the seminal deliberative process privilege case in this jurisdiction, the privilege does not apply to documents such as these that reflect factual data or involvement by their authors in "operative events," *see* 157 F. Supp. at 944, because, by definition, such documents involve no *decision* on "program policy," and thus release of such documents cannot reveal "deliberations" about such decisions that could harm agency decision-making. *See Kaiser,* 157 F. Supp. at 946 ("Here, . . . there was an administrator reaching a decision.").

Furthermore, even if the government could show that some of the withheld documents are appropriately "pre-decisional" and "deliberative," any interest the

government has in their protection is overcome by PG&E's need for the documents in the litigation. Given the government's failure to allege any particularized harm from disclosure, there is simply *nothing* on that side of the balance. *See Sun Oil,* 514 F.2d at 1025 ("[A] generalized claim of privilege . . . cannot prevail against the plaintiffs' need to develop the facts by resort to discovery."); *State of Alaska v. United States*, 16 Ct. Cl. 5, 11 (1988) (deliberative process privilege "may also be defeated by a showing of evidentiary need by plaintiffs that outweighs the harm from disclosure"). As noted in PG&E's motion, at 8, Senior Judge Merow ordered documents released on this basis "despite the invocation of deliberative process privilege."

Because virtually all prior decisions of this Court involving the deliberative process privilege reflected an understanding that the privilege required an affidavit from the agency head – and because such affidavits were rarely submitted – this Court has had few opportunities to enforce the "other" requirements of the privilege. Unless the Court exercises "judicial oversight" and enforces those requirements now – as *Marriott Int'l* contemplates – there can be little doubt that government delegations henceforth will cause "an enormous share of administrative action [to] disappear from public view," because the government's expansive view of the deliberative process privilege "would swallow up a substantial part of the administrative process, and virtually foreclose all public knowledge regarding the implementation of . . . policies in any given agency." *Walsky Constr. Co. v. United States*, 20 Ct. Cl. 317, 322-23 (quoting *Vaughn v. Rosen*, 523 F.2d 1136, 1145 (D.C. Cir. 1975).

The government's privilege claims should be rejected.[1]

Dated: February 8, 2006

Respectfully submitted,

s/Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 Phone
(202) 261-4751 Fax
*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:
Robert L. Shapiro
Greenberg Traurig, LLP

[1] Because *Marriott Int'l* only endorses delegations that are "carefully undertaken," 2006 WL 258458 at *5, this Court should also reject the government's claims of deliberative process privilege in this case on the ground that here the numerous delegations involved are wholly opportunistic, or formally deficient, or both. *See* PG&E's 12/09/05 reply in support of motion to compel at 12-15, and the "Delegation Chart" described on those pages and included in the Appendix to that reply at 163-65.