IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically Filed On February 9, 2006

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| UNITED STATES OF AMERICA, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

PG&E'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO ESTABLISH TIME FRAME FOR CONSIDERATION OF FUTURE DAMAGES AND IN SUPPORT OF ITS OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE PORTIONS OF DR. CORNELL'S EXPERT WITNESS REPORT RELATED TO FUTURE DAMAGES

PG&E moves pursuant to RCFC 7(b) for leave to bring a new authority to the Court's attention that is pertinent to two related motions pending before the Court: PG&E's motion to establish a time frame for consideration of future damages (docket no. 125, filed December 23, 2005) and the government's motion to strike portions of Dr. Cornell's expert witness report (docket no. 101, filed November 29, 2005). On January 31, 2006, the Court (Judge Lettow) issued its post-trial decision in *TVA v. United States*, No. 01-249C, 2006 WL 242671 (Fed. Cl.). The motions noted above concern application of the Federal Circuit's decision in *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369, 1376-77 (Fed. Cir. 2005), concerning past and future damages. Since the *TVA* ruling is both the first published decision of the Court to address application of *Indiana Michigan* and the first decision to award a utility damages in a spent fuel case, it represents significant authority pertinent to the pending motions of which the Court should be aware.

*TVA* supports PG&E's position, contrary to the government's, that a spent fuel plaintiff need not file an amended or supplemental complaint in order for the Court to consider or have subject matter jurisdiction over the utility's claim for damages covering the time period subsequent to the filing of the plaintiff's last-filed amended complaint. In that case, TVA filed its complaint in 2001, and it was never amended. Nevertheless, the Court awarded TVA the damages it had incurred due to the government's partial breach of contract through September 30, 2004, the end of TVA's last fiscal year prior to the trial in that case in June and July of 2005. *See* 2006 WL 242671 at *7, slip op. at 9.

Prior to trial in *TVA* and the Federal Circuit's decision in *Indiana Michigan,* Judge Lettow resolved dispositive motions filed by the parties and set a time frame for the damages to be considered at trial. *TVA v. United States*, 60 Fed. Cl. 665 (2004). In its motion, TVA specifically requested that the Court consider damages through TVA's most recent fiscal year prior to trial. 60 Fed. Cl. at 676. The government responded to TVA's request by asking the Court to apply the arguments the government made against consideration of future damages before the trial court in *Indiana Michigan. Id.* In that prior decision, Judge Lettow concluded that "TVA's current claims for damages cannot be viewed as encompassing future damages, and the Court declines to treat it as such." *Id.* at 678. The Court then granted TVA's requested time frame for consideration of damages – directing that "TVA's claims for redress of the partial ongoing breach shall be limited to damages incurred by TVA between the date of DOE's breach and the end of TVA's most recently closed fiscal year prior to the date of trial." *Id.*

Under the government's proposed interpretation of the Federal Circuit's *Indiana Michigan* decision, and given TVA's failure to seek leave to amend or supplement its

complaint, the Court (Judge Lettow) should have limited its consideration of TVA's damage claim after trial to the damages TVA had incurred only through the filing of TVA's initial complaint in 2001. But the Court did not do so. Instead, with no further discussion of the future damages issue beyond acknowledging the Federal Circuit's decision, the Court proceeded consistent with its prior ruling to consider TVA's damages through September 30, 2004. 2006 WL 242671 at *7, slip op. at 9.

Perhaps aware of the government's arguments in this and other cases regarding the need for amended or supplemental complaints and in the hopes of foreclosing further dispute over this issue, the Court, *sua sponte,* stated that in light of its 2004 ruling and the proofs at trial consistent with that ruling, "under RCFC 15(a) (b) and (d), the court determines that TVA has sought and pursued an amended and supplemental complaint alleging damages through [September 30, 2004] . . . In accord with RCFC 15, the court grants amendment and supplementation of TVA's complaint to pursue damages through September 30, 2004." *Id.* (citations omitted). Thus, contrary to the government's arguments here that the filing of an amended or supplemental complaint is an important, even jurisdictional, requirement, *TVA* treats the issue as barely a mere formality. Indeed, there is no provision in the Court's decision for any actual amended or supplemental pleading to be filed.

The treatment of this issue in *TVA* squarely supports PG&E's view that the filing of an amended or supplemental complaint is not a prerequisite to an award of post-complaint damages. Importantly, PG&E's case is fundamentally different in this regard from *Indiana Michigan.* There, the future dry storage damages will constitute an entirely new claim. Indiana Michigan's initial claim has been dismissed and no longer exists.

Thus, a new complaint will be necessary for Indiana Michigan to pursue any future claim that may arise. Here, there is no occasion or need for a new complaint, particularly given that the government has had fulsome discovery of damages information right up through 2005.

For the foregoing reasons, the Court should consider the recent decision in *TVA* in resolving the parties' pending motions noted above.

Dated: February 9, 2006

Respectfully submitted,

s/ Jerry Stouck
Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 fax
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:

Robert L. Shapiro
Greenberg Traurig, LLP