IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO SUBMIT REMAINING DISPUTES CONCERNING PLAINTIFF'S PRIVILEGE LOGS TO THE COURT

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests an enlargement of time of seven days, to and including Tuesday, February 28, 2006, to file any motion to compel detailing documents that remain in dispute between the defendant and the plaintiff, Pacific Gas & Electric Company ("PG&E"). The motion to compel, if any, would follow from the identification of documents that the Government believes should be produced in light of the Court's order, dated January 25, 2006, the Court having previously granted the Government an enlargement of 12 days for this purpose. Counsel for PG&E, Robert Shapiro, represented that PG&E does not oppose this motion.

Based upon the Court's order, dated January 25, 2006, the Government was originally ordered to file any motion to compel the production of documents from PG&E's privilege logs by Thursday, February 9, 2006. By letters dated February 2, 2006 and February 3, 2006, the Government provided a list of documents to PG&E, by category, that it believes now should be produced consistent with the Court's January 25, 2006 order. On February 6, 2006, the Government filed an unopposed motion to enlarge the time to identify any remaining disputes concerning PG&E's privilege logs to the Court. The motion for enlargement was necessary

because we believed that, as a result of the number of documents identified in the February 2 and 3, 2006 letters, PG&E would require additional time to analyze those lists and respond to those letters. On February 7, 2006, the Court granted the Government's unopposed motion and ordered that the Government file any motion to compel on or before Tuesday, February 21, 2006. As of Tuesday, February 14, 2006, the Government had not yet received any responses to its February 2 and 3, 2006 letters. By letter dated February 14, 2006, the Government requested that PG&E respond to our letters no later than Thursday, February 16, 2006, so that the Government would have sufficient time to review PG&E's response and to prepare, if necessary, a motion to compel as permitted by the Court's January 25, 2006 order.[1] On Friday, February 17, 2006, at approximately 5:00 p.m., the Government received PG&E's written response to the February 2, 2006 letter, listing the documents that PG&E intends either to produce or to continue to withhold from its first privilege log, based upon the attorney-client privilege and/or work-product doctrine. PG&E also indicated that it would deliver a CD with images of the documents being released from the first privilege log (either in whole or in redacted form) in the next couple of days. As of today, the Government has not received these document images. Counsel for PG&E, Mr. Shapiro, also stated that PG&E "hope[s] to complete our review of the documents noted in your February 3 letter tomorrow [Friday, February 17, 2006]."

As of Tuesday, February 21, 2006, the Government has not received PG&E's response to the February 3, 2006 letter. During a telephone conference this morning, Mr. Shapiro explained that PG&E was continuing to work on a response to the Government's February 3, 2006 letter,

---

[1/] In addition, the Government has not yet received the 20 documents that the Court ordered PG&E to produce to the Government from PG&E's "Privilege Log Corresponding to Documents Gathered for Purposes of Initial Disclosures," dated June 21, 2005 and revised November 10, 2005. See Order dated Feb. 3, 2006.

and hoped to complete the response by the end of today. The seven-day enlargement sought by this unopposed motion should provide sufficient time to address PG&E's responses to the February 2 and 3, 2006 letters, to review the documents images to be provided by PG&E, and to prepare a motion to compel, if necessary. Although we could file a motion now regarding those documents that we believe should be produced, we may be able to significantly reduce the need for the Court's involvement by awaiting PG&E's response to the February 3, 2006 letter.

For the foregoing reasons, we respectfully request that the Court grant this unopposed request for an enlargement.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SHARON SNYDER
JOSHUA E. GARDNER
TODD J. COCHRAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/John C. Ekman by Scott R. Damelin
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

February 21, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 21st day of February, 2006, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO SUBMIT REMAINING DISPUTES CONCERNING PLAINTIFF'S PRIVILEGE LOGS TO THE COURT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Scott R. Damelin