IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed February 22, 2006

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-0074C, into which has been consolidated No. 04-0075C<br>(Judge Hewitt) |

PG&E'S RESPONSE TO COURT'S ORDER OF FEBRUARY 15, 2006 REGARDING AMENDED TABLE OF CHALLENGES INCLUDED IN THE APPENDIX OF PG&E'S REPLY IN SUPPORT OF MOTION TO COMPEL

In response to the Court's Order of February 15, 2006 requesting clarification regarding the discrepancy "between the plaintiff's request and the number of documents in plaintiff's Amended Table of Challenges," Pacific Gas & Electric ("PG&E") respectfully submits the following:

PG&E reviewed the Amended Table of Challenges ("Amended Table") in an attempt to identify the discrepancy between the number of documents being challenged and the number listed in the reply. Contrary to the Court's suggestion, PG&E and the defendant have not reached an agreement with respect to twelve documents and it was not PG&E's intent to suggest an adjustment in the number of challenged documents.

The documents listed on PG&E's Amended Table of Challenges ("Amended Table") were withheld from the large number of documents the government has produced to numerous spent fuel plaintiffs over the course of more than four years. The

government has served various privilege logs and affidavits over this same time. As the Amended Table notes, the challenged documents originate from no less than eight different affidavits and at least seven different privilege logs. The government has not provided PG&E or its counsel with a comprehensive list of the documents produced in this case nor has it provided a privilege log listing all the documents it is withholding in this case. Instead, PG&E and its counsel have had to cobble together its challenges from numerous privilege logs and affidavits prepared for other cases, while also attempting to reconcile the list with all of claw-backs, voluntary releases and Court Orders relating to documents on the list.

The "453" documents noted in PG&E's reply is not an accurate representation of the challenged documents. Instead, it appears to be largely a typographical error. The only change intended in the Amended Table was the addition of the affidavit in which each document included. However, PG&E's intensive review of the Amended Table in preparation for this response revealed several issues which may have contributed to the oversight. First, Judge Merow's August 25, 2003 Order directed the government to release the documents at Nos. 300 and 301.[1] Second, in its response to PG&E's motion ( specifically on pages 263-264 in the appendix to that response), the government agreed to release Document Nos. 457 and 459. *See* Govt. App. at 264. Further, the government noted that Documents Nos. 109, 298 and 401 should be removed or revised because they

[1] Though these two documents were listed in one of Mr. Milner's affidavits, not Ms. Bubar's affidavit, that does not affect PG&E's arguments about the limited reach of Judge Merow's Order directing the release of documents *almost* exclusively from Ms. Bubar's affidavit. All the released documents, including these two, relate to the GTCC waste issues with which Judge Merow was concerned. *See* Pl. Mot. at 9 (discussing Judge Merow's focus of documents in Bubar affidavit); Pl. Reply at 22 (discussing Judge Merow's concern with GTCC documents).

were either a duplicate of another entry or the claim of privilege had changed. *Id.* at 263. If these seven documents were removed from the Amended Table, it would reflect 458 challenged documents.[2]

Finally, as the Court requested in it's Order, PG&E has attached to this response the requested chart listing each document for which it moves the Court to compel production.

[2] While speculation, the discrepancy noted by the Court could be attributed to this adjustment, and an accompanying typographical error mistaking a poorly written "8" (on a "marked-up" draft) for a "3."

Dated: February 22, 2006

Respectfully submitted,

s/Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 Phone
(202) 261-4751 Fax
*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:
Robert L. Shapiro
Greenberg Traurig, LLP