IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |

DEFENDANT'S RESPONSE TO PG&E'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO ESTABLISH TIME FRAME FOR CONSIDERATION OF FUTURE DAMAGES AND IN SUPPORT OF ITS OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE PORTIONS OF DR. CORNELL'S EXPERT WITNESS REPORT RELATED TO FUTURE DAMAGES

Defendant, the United States, respectfully submits this response to the "Motion for Leave to Submit Supplemental Authority in Support of its Motion to Establish Time Frame for Consideration of Future Damages and in Support of its Opposition to the Government's Motion to Strike Portions of Dr. Bradford Cornell's Expert Witness Report Related to Future Damages," filed by the plaintiff, Pacific Gas & Electric Company ("PG&E"), on February 9, 2006.

BACKGROUND

There are two motions pending before this Court that seek the entry of an order concerning the scope of PG&E's damages in this case. The first motion, which the Government filed on November 29, 2005, sought the entry of an order striking portions of the expert report of Dr. Bradford Cornell that concerned alleged damages post-dating the filing of PG&E's January 28, 2004 amended complaint. See Def. Br. 1.[1] In response to the Government's motion to strike, and in addition to its responsive brief, PG&E filed an affirmative motion, on December 23, 2005,

[1] "Def. Br. __" refers to "Defendant's Motion to Strike Portions of the Expert Report of Brad Cornell Related to Future Damages," filed on November 29, 2005.

seeking to establish a time frame for the consideration of future damages. See Pl. Br. 1.[2] As we discussed in our response to that motion, the only motion that PG&E affirmatively could file that properly would place this issue before the Court is a motion for leave to file an amended or supplemental complaint. PG&E still has not filed such a motion.

ARGUMENT

We do not oppose PG&E's request to notify the Court of a recently issued trial court decision in a spent nuclear fuel case, Tennessee Valley Authority v. United States, No. 01-249C, 2006 WL 242671 (Fed. Cl. Jan. 31, 2006). However, as discussed below, we object to PG&E's characterization of the effect of that decision. In Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), the United States Court of Appeals for the Federal Circuit issued a clear statement of the law concerning the remedies available to plaintiffs seeking damages under a partial breach of contract theory. This decision is binding precedent in this Court and governs the litigation between PG&E and the Government. See Strickland v. United States, 423 F.3d 1335, 1338 n.3 (Fed. Cir. 2005); Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005).

As a matter of law, the Federal Circuit held that future damages are not recoverable in a partial breach case. Indiana Michigan, 422 F.3d at 1377-78. In Indiana Michigan, the Federal Circuit held that a partial breach claimant may "sue from time to time for the damages incurred to the date of suit," defined as "the time of the institution of the action." Indiana Michigan, 422 F.3d at 1377 (emphasis added) (quoting Restatement (Second) of Judgments § 26(1)(e) & cmt. g

[2] "Pl. Br. __" refers to "PG&E's Motion To Establish Time Frame For Consideration Of Future Damages," filed on December 23, 2005.

(1982)). The appellate court expressly found that the grievance at issue "falls within [the Restatement (Second) of Judgments] subsection (e)'s exception," id. at 1378, which expressly limits damages in a partial breach case to those "incurred to the date of suit," Restatement (Second) of Judgments § 26(1)(e) (1982), or "damages sustained from breaches up to the time of the institution of the action." Id. § 26 cmt. g, at 241 (quoted in Indiana Michigan, 422 F.3d at 1377). Additionally, the Federal Circuit held that "subsequent claims accrue for the purposes of the statute of limitations at the time such damages are incurred." Id. at 1378. Accordingly, all plaintiffs that allege a partial breach of contract "must bring any future actions for damages related to DOE's breach of the Standard Contract within six years of incurring such damages." Id.

In Tennessee Valley Authority v. United States, No. 01-249C (Fed. Cl.), one of the 59 spent nuclear fuel cases pending before this Court, TVA filed its complaint against the United States on April 26, 2001. Prior to trial, on June 2, 2004, the Court issued an order that "requested that the parties cover at trial TVA's damages through its most recently completed Fiscal Year, i.e., through September 30, 2004." Tennessee Valley Authority v. United States, 60 Fed. Cl. 665, 679 (2004). The trial was held from June 21, 2005 to July 15, 2005. In the Court's post-trial opinion and order, filed January 31, 2006, the Court, in purported accordance with RCFC 15, granted amendment and supplementation of TVA's complaint to allow TVA to pursue damages through September 30, 2004 – even though TVA never actually filed an amended and supplemental complaint. Tennessee Valley Authority v. United States, No. 01-249C, 2006 WL 242671 (Fed. Cl. Jan. 31, 2006).

With all due respect, Judge Lettow's decision on this matter is inconsistent with Indiana Michigan, and PG&E's reliance upon Judge Lettow's decision on this matter is misplaced and incorrect. Under Indiana Michigan, PG&E is limited to the recovery of past costs, as measured by the date of its most recent amended complaint. This Court's jurisdiction is defined by reference to the partial breach, or partial breaches, that had occurred prior to the date upon which the PG&E filed its amended complaint. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989) ("[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed"). The most recent complaint filed in this case was PG&E's January 28, 2004 amended complaint. Therefore, consistent with Indiana Michigan, and in lieu of any motion for leave to supplement or amend its complaint, January 28, 2004, is the date through which damages should be limited for the purposes of this trial. Because fact discovery already has concluded in this case, it is inappropriate at this juncture to allow PG&E to add additional years to its pending damages claim.

In Indiana Michigan, the Federal Circuit, although agreeing with the principles set forth in Subsections 26(1)(b) and 26(1)(e) of the Restatement (Second) of Judgments, found that Subsection 26(1)(e) of the Restatement (Second) of Judgments, rather than Subsection 26(1)(b), applies to a partial breach action. Indiana Michigan, 422 F.3d at 1378 (plaintiff's "grievance falls within subsection (e)'s exception for injury experienced during the execution phase of a continuing contract"). Pursuant to Subsection 26(1)(e), damages run only to the date of the complaint. PG&E has failed to seek leave to file an amended or supplemental complaint and, in fact, has sought damages beyond December 31, 2004, the last date upon which the Government was presented with actual past costs, rather than future cost estimates. See Def. Br. 7-10; see

Def. Response to Pl. Br. 5-6. If PG&E seeks leave to file a supplemental or amended complaint in this case in the future, we will address the appropriateness of that request at that time, considering its timing, the fact that fact discovery has concluded, and the deficiencies in its existing production. However, PG&E's suggestion that it should be entitled simply to select a post-complaint date upon which it wants to end its damages claim, without filing a supplemental complaint and over the Government's objection, lacks any support under Indiana Michigan or Subsection 26(1)(e) of the Restatement (Second) of Judgments.

Finally, PG&E's continues to misstate the scope of pre-trial discovery that has occurred in this case. PG&E asserts that, "[h]ere, there is no occasion or need for a new complaint, particularly given that the government has had fulsome discovery of damages information right up through 2005." Motion for Leave, at 4. PG&E's production of documents in this case ends, for the most part, with documents produced through March 2005. PG&E's initial disclosures, dated April 22, 2005, represent actual incurred costs through December 31, 2004. All of the claimed costs from January 1, 2005 forward that PG&E identified in its initial disclosures are only estimated costs, rather than actual incurred costs. The depositions of PG&E's fact witnesses involved the use of these initial disclosures. Further, the expert report of Dr. Bradford Cornell, PG&E's damages expert, only addressed actual incurred costs through December 31, 2004. Of course, without any pending motion for leave to amend its complaint, PG&E's assertions are irrelevant, given that PG&E has not yet presented any basis upon which the Court can currently consider allowing recovery of damages incurred after January 28, 2004, particularly where the Government is objecting to PG&E's request.

CONCLUSION

For the foregoing reasons, and for the reasons discussed in our other briefing upon this issue, we do not oppose PG&E's motion for leave to submit supplemental authority. However, the Court's reasoning in the Tennessee Valley Authority decision addressing the amendment and supplementation of complaints pursuant to RCFC 15 is inconsistent with Indiana Michigan, particularly where, as here, the Government is objecting to the proposal that PG&E is suggesting. We reiterate our request that the Court deny PG&E's motion to establish a time frame for damages as procedurally improper and, instead, strike those portions of Dr. Cornell's report involving opinions associated with alleged damages incurred or estimated to be incurred after January 28, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT R. DAMELIN
SHARON SNYDER
JOSHUA E. GARDNER
TODD J. COCHRAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/John C. Ekman by Scott R. Damelin
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

February 27, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 27th day of February, 2006, a copy of the foregoing "DEFENDANT'S RESPONSE TO PG&E'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO ESTABLISH TIME FRAME FOR CONSIDERATION OF FUTURE DAMAGES AND IN SUPPORT OF ITS OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE PORTIONS OF DR. CORNELL'S EXPERT WITNESS REPORT RELATED TO FUTURE DAMAGES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Scott R. Damelin