No. 04-0074C
into which has been consolidated No. 00-0075C
(Judge Hewitt)

---

IN THE UNITED STATES COURT OF THE FEDERAL CLAIMS

---

PACIFIC GAS & ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD BY PLAINTIFF ON THE BASIS OF PRIVILEGE, IN COMPLIANCE WITH THE COURT'S ORDER DATED JANUARY 25, 2006

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530
Tele: (202) 307-0282
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT R. DAMELIN
SHARON A. SNYDER
JOSHUA E. GARDNER
TODD J. COCHRAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

February 28, 2006

# TABLE OF CONTENTS

PAGE

INDEX TO THE APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# INDEX TO THE APPENDIX


| DOCUMENT | PAGE(S) |
|---|---|
| Letter from John Ekman to Jerry Stouck, dated Feb. 2, 2006 | 1-3 |
| Letter from John Ekman to Jerry Stouck, dated Feb. 3, 2006 | 4-6 |
| Letter from John Ekman to Jerry Stouck, dated Feb. 3, 2006 | 7 |
| Letter from Todd Monroe to Scott Damelin, dated Feb. 27, 2006 | 8 |
| Excerpts, Facsimile from Robert Shapiro to John Ekman, dated Feb. 16, 2006 | 9-13 |
| Excerpts, E-Mail from Robert Shapiro to Scott Damelin, dated Feb. 21, 2006 | 14-32 |
| ISFSI Planning Meeting Agenda, Bates-Stamped PDCP0044472 | 33 |
| ISFSI Planning Meeting Agenda, Bates-Stamped PDCP0044473 | 34 |
| ISFSI Planning Meeting Agenda, Bates-Stamped PDCP0044475 | 35 |
| ISFSI Planning Meeting Agenda, Bates-Stamped PDCP0044476 | 36 |
| Deposition of David Vosburg, dated Oct. 18, 2005 | 37-40 |

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-0074C, into which has been consolidated No. 04-0075C<br>(Judge Hewitt) |

**DEFENDANT'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD BY PLAINTIFF ON THE BASIS OF PRIVILEGE, IN COMPLIANCE WITH THE COURT'S ORDER DATED JANUARY 25, 2006**

Pursuant to Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC") and this Court's order, dated January 25, 2006, defendant, the United States, respectfully requests that the Court compel the production of 34 documents that plaintiff, Pacific Gas & Electric Company ("PG&E"), continues to withhold on the basis of attorney-client privilege and/or the work product doctrine.

**BACKGROUND**

On January 25, 2006, this Court issued an order, granting in part and denying in part, the Government's motion to compel the production of documents and deposition testimony improperly withheld on the basis of privilege, filed October 26, 2005.[1] The Court directed the parties to use the guidance provided in the order to determine whether there continued to be any disputes regarding PG&E's claims of attorney-client privilege and work product protection for

[1] PG&E produced two separate privilege logs: (1) "Privilege Log Corresponding To Documents Gathered For Purposes Of Initial Disclosures," dated June 21, 2005 and revised November 7, 2005 ("Initial Privilege Log"); and (2) "Privilege Log Corresponding to Documents Gathered in Response to Defendant's First Request for Production of Documents," dated November 7, 2005 ("Supplemental Privilege Log").

the documents listed in PG&E's Initial and Supplemental Privilege Logs. To the extent that the parties could not resolve any remaining disputes regarding the documents withheld by PG&E, the Court directed the Government to proceed, as necessary, with a motion to compel identifying specific documents still in dispute.

Consistent with the Court's January 25, 2006 Order, the Government submitted two letters to PG&E, identifying the documents from PG&E's Initial and Supplemental Privilege Logs that the Government believes should be produced in compliance with the Court's January 25, 2006 order. See Ltr. from John Ekman to Jerry Stouck, dated Feb. 2, 2006 (App. 1-3);[2] Ltr. from John Ekman to Jerry Stouck, dated Feb. 3, 2006 (App. 4-6). Further, the Government sent PG&E a separate letter, also dated February 3, 2006, listing the documents from PG&E's Supplemental Privilege Log that were identical or substantially similar to the 20 documents in the Initial Privilege Log that the Court originally ordered be produced for *in camera* review.[3] See Ltr. From John Ekman to Jerry Stouck, dated Feb. 3, 2006 (App. 7). In separate written responses to the Government's letters, PG&E stated its intention to produce numerous documents previously withheld as privileged, either in whole or in redacted form. See PG&E Resp. to Government's Feb. 2, 2006 Ltr., dated Feb. 16, 2006 (App. 9-13); PG&E Resp. to Government's February 3, 2006 Ltr., dated Feb. 21, 2006 (App. 14-32).[4]

Following the receipt of PG&E's responses to the Government's February 2 and 3, 2006

---

[2] "App. __" refers to the appendix attached to this motion.

[3] By order dated February 3, 2006, the Court ordered PG&E to produce the 20 documents to the Government.

[4] The Government received a compact disc containing these documents from PG&E on Monday, February 27, 2006. See Ltr. from Todd Monroe to Scott Damelin, dated Feb. 27, 2006. App. 8.

letters, the Government conducted another review of the documents from PG&E's privilege logs that remained in dispute, in a final effort to narrow the scope of any remaining disputes between the parties. As a result, the Government's motion to compel seeks the production of 34 documents contained in PG&E's Initial and Supplemental Privilege Logs.

## ARGUMENT

## DOCUMENTS THAT SHOULD BE PRODUCED BY PG&E

Pursuant to the Court's January 25, 2006 order, PG&E should be compelled to produce the following documents to the Government. We first address documents from PG&E's Initial Privilege Log that should be produced, and then address documents from PG&E's Supplemental Privilege Log that should be produced.

### Initial Privilege Log

### Document Nos. 76, 77, 79 and 80

These documents, which were produced with redactions, appear to be the same one-page independent spent fuel storage installation ("ISFSI") planning meeting agenda. According to our review of the redacted documents, only one of the documents, Document No. 80, has a date: February 13, 2002. App. 33-36. Based upon the Government's review, all of the redacted versions of this document appear to reflect different redactions, even though the descriptions provided in the Initial Privilege Log indicate that the redactions reflect the handwritten notes of PG&E attorney Richard Locke. App. 10. There is no explanation as to why the redactions for Mr. Locke's notes would be different on each of the four documents, or why he would have taken notes on four separate agendas for the same meeting. The descriptions indicate that the "redacted marginal notes contain the mental processes and analysis of counsel Mr. Locke

regarding dry storage options and ISFSI licensing issues in preparation of anticipated litigation - regulatory proceedings." Id.

PG&E has asserted work product protection for these four documents, but there is no indication that Mr. Locke's redacted notes were prepared in anticipation of litigation, as defined by the Court. See Order, at 33-35 (Jan. 25, 2006). The Government requests that the Court compel PG&E to produce Documents No. 76, 77, 79, and 80.

**Document No. 593**

This document has been withheld on the basis of attorney-client privilege only, and reportedly reflects the "thought processes and analysis" of PG&E attorney Christopher Warner. App. 13. The description included in the Initial Privilege Log is inconsistent, because Mr. Warner is identified as the recipient, not the author, of the document. This document is substantially similar to documents that the Court initially ordered be produced for *in camera* inspection, and subsequently ordered be produced by order dated February 3, 2006. In the Initial Privilege Log, PG&E asserted work product protection for this document; however, in PG&E's February 16, 2006 response to the Government's February 2, 2006 letter, PG&E changed the privilege claim from work product to attorney-client privilege. App. 13.

Consistent with the analysis set forth in Section II of the Court's January 25, 2006 order, the Government requests that the Court compel PG&E to produce this document to the Government. To the extent that PG&E's assertion of attorney-client privilege applies to any part of Document No. 593, the Government requests that PG&E produce the document in redacted form.

**Supplemental Privilege Log**

**Document Nos. 61, 62, 63, 90, 110, 111, and 578**

By letter dated February 3, 2006, the Government identified 31 documents in PG&E's Supplemental Privilege Log that appear identical or substantially similar to documents from the Initial Privilege Log that the Court identified for *in camera* review and subsequently ordered PG&E to produce. See Ltr. From John Ekman to Jerry Stouck, dated Feb. 3, 2006 (App. 7); Order, at 45 (Jan. 25, 2006); Order, at 1 (Feb. 3, 2006). In response to the Government's February 3, 2006 letter regarding the 31 documents, PG&E responded that it would release 19 of the documents without Court order. App. 14. However, PG&E also stated that it would only release seven of the documents – all withheld on the basis of attorney-client privilege and/or work product doctrine – with a Court order. App. 14, 31-32. PG&E stated that this "[c]ontemplates an agreed Order comparable to the February 3, 2006 Order entered by the Court regarding similar documents." Id. PG&E identified the following documents from its Supplemental Privilege Log that it will release with a Court order: Document Nos. 61, 62, 63, 90, 110, 111, and 578. App. 31-32. The Government requests that the Court issue an order directing PG&E to produce Document Nos. 61, 62, 63, 90, 110, 111, and 578 to the Government, without redactions.

**Document Nos. 825 and 828**

Both of these documents, dated January 6, 1999, appear to be the same e-mail chain between PG&E attorney Richard Locke and PG&E employees William Stock and Bruce Patton. In its Supplemental Privilege Log, PG&E asserted attorney-client privilege over these two documents and described both documents as an "email chain between client and counsel (R.

Locke) - includes advice prepared at request of counsel in preparation for draft dry storage recommendation to be presented to Management Committee." In PG&E's February 21, 2006 response to the Government's February 3, 2006 letter, the description for both documents was changed to the following language: "e-mail chain between client and counsel (R. Locke) regarding licensing issue." App. 26.

The dry storage recommendation to be presented to the Management Committee, referenced in the e-mail chain, is substantially similar to the type of document ordered released by the Court in its February 3, 2006 order. The amended description provided by PG&E in response to the Government's February 3, 2006 letter erodes the basis for PG&E's assertion of attorney-client privilege for this document. See Order, at 40-45. The Government moves to compel the production of complete versions of Document Nos. 825 and 828, or, in the alternative, redacted versions of these two documents.

**Document No. 827**

In its Supplemental Privilege Log, PG&E claimed attorney-client privilege and work product protection for this document, a draft summary for presentation to the Board of Directors. The document reportedly contains "marginal notes" of PG&E attorney Richard Locke. In its February 21, 2006 response to the Government's February 3, 2006 letter, PG&E deleted its claim of work product protection, but retained the claim of attorney-client privilege. App. 26. However, this document appears to be substantially similar to the work product documents previously identified by the Court for *in camera* review, and released pursuant to the Court's February 3, 2006 order.

Consistent with Section II of the Court's January 25, 2006 order, and the February 3,

2006 order, the Government requests that the Court compel the production of Document No. 827, or, in the alternative, a redacted version of this document.

**Document Nos. 42, 43, 44, 45, 46, 47, and 48**

These documents are described as similar versions of a March 21, 2001 e-mail chain between nine PG&E employees, including PG&E attorney Richard Locke. According to the Supplemental Privilege Log and PG&E's February 21, 2006 response, the e-mails address draft decommissioning funding reports for both the Diablo Canyon and Humboldt Bay nuclear plants, prepared for California Public Utilities Commission proceedings. The descriptions note that the documents "request legal review and comment," yet the descriptions fail to establish that the underlying draft decommissioning funding reports were prepared in anticipation of litigation and not simply prepared with respect to business matters, management decisions, or business advice. App. 16-17.

Despite PG&E's claim of attorney-client privilege for these seven documents, the Supplemental Privilege Log and PG&E's February 21, 2006 response fail to establish that these documents actually contain any legal advice or analysis by Mr. Locke or any other PG&E attorney. PG&E has failed to explain why these documents could not be produce in redacted form. Consistent with the reasoning set forth at pages 41 to 45 of the Court's January 25, 2006 order, the Government requests that the Court compel PG&E to produce Document Nos. 42, 43, 44, 45, 46, 47, and 48.

**Document No. 64**

This document is a June 5, 1991 memorandum from a PG&E employee to seven PG&E employees, including two PG&E attorneys (Richard Locke and Peter Rigney), regarding

Department of Energy acceptance of spent nuclear fuel. The Supplemental Privilege Log and PG&E's February 21, 2006 response description merely indicates that this memorandum "requests legal review," but fails to establish that Document No. 64 contains or reflects any legal analysis or review by PG&E attorneys, given that the same request for review was also sent to five non-attorneys. PG&E's assertion of attorney-client privilege for this document fails to meet the requirements for the assertion of attorney-client privilege. See Order, at 41-45. The Government requests that the Court compel the production of Document No. 64.

**Documents Nos. 86, 87, and 88**

These documents are all described as October 28, 1999 e-mail chains regarding requests from PG&E attorney Christopher Warner for information related to general rate case ("GRC") issues. App. 18. The Supplemental Privilege Log and PG&E's February 21, 2006 response descriptions for Document Nos. 86, 87, and 88 fail to establish that e-mail communications involving Mr. Warner and other PG&E employees involve any type or form of legal analysis or advice. See Order, at 41-45. The Government requests that the Court compel PG&E to produce Document Nos. 86, 87, and 89.

**Document No. 105**

According to the Supplemental Privilege Log and PG&E's February 21, 2006 response, this document is a memorandum regarding Humboldt Bay decommissioning funding that "reflects legal advice of counsel C. Buchsbaum." App. 18. However, the description indicates that this November 8, 1995 document was authored by Larry Van Note and received by Robert Kapus. Id. The privilege log lacks any explanation as to how and where the "legal advice" of Mr. Buchsbaum is reflected in the document. See Order, at 43-45. Given the inadequate

description provided in the Supplemental Privilege Log, PG&E has failed to meet the requirements for asserting attorney-client privilege for Document No. 105, and the Government requests that the Court compel the production of this document, or redact that portion of the document in which Mr. Van Note described Mr. Buchsbaum's legal advice.

**Document No. 138**

The document is described as a July 28, 1998 "e-mail chain containing communication between counsel (R. Locke) and client providing an update and requesting advice regarding materials prepared for the PG&E Management Committee." App. 18. However, Mr. Locke is not listed as the author, recipient or copyee on this e-mail from Lawrence Womack to Patricia Melendres-Keller, both PG&E employees. Id. PG&E's privilege description appears to be incorrect, and fails to meet the threshold required for assertion of the attorney-client privilege. See Order, at 42-45. The Government requests that the Court compel the production of Document No. 138.

**Document No. 198**

PG&E has asserted work product protection for this undated draft response to a California Public Utilities Commission interim decision relating to decommissioning funding issues, prepared in preparation of a regulatory filing with the California Public Utilities Commission. App. 20. Even though the Supplemental Privilege Log and PG&E's February 21, 2006 response fail to identify a specific author or recipient, the description states that the document "includes legal work of counsel." Id. Consistent with Section I of the Court's January 25, 2006 order, there is no indication that Document No. 198 was prepared in anticipation of litigation, and, therefore, it fails to meet the requirements for the claim of work product

protection. There is no indication that the document was prepared or related to any adversarial proceedings before the commission. The Government requests that the Court compel the production of Document No. 198.

**Document Nos. 310 and 311**

Document No. 310 is an undated report/plan generated in anticipation of a license amendment filing with the Nuclear Regulatory Commission. App. 21. Document No. 311 is a graph/chart/blueprint, dated October 8, 2001, also generated in anticipation of a license amendment filing with the Nuclear Regulatory Commission. Id. PG&E has asserted work product protection for both of these documents. According to the Supplemental Privilege Log and PG&E's February 21, 2006 response, both Document Nos. 310 and 311 were forwarded as attachments to an e-mail sent to outside legal counsel, purportedly to review the documents for "legal sufficiency." Id. The e-mail to outside legal counsel is identified as Document No. 309 in the Supplemental Privilege Log, and is withheld on the basis of attorney-client privilege. The Government is not seeking production of Document No. 309. However, the descriptions provided by PG&E for Document Nos. 310 and 311 fail to establish that these documents were created in anticipation of litigation, as defined by the Court's order. See Order, at 7-12, 31-35. The Government requests that the Court compel the production of these two documents.

**Document No. 654**

This document is described as a March 29, 1996 draft application, prepared at the request or under the supervision of counsel, in preparation for a regulatory filing in GRC proceedings before the California Public Utilities Commission. In the Supplemental Privilege Log, PG&E claimed only work product protection for this document. However, in PG&E's February 21,

2006 response to the Government's February 3, 2006 letter requesting production of Document No. 654, the privilege claimed by PG&E has been changed from work product to attorney-client privilege, even though the document description remains unchanged. App. 24.

Although PG&E has claimed attorney-client privilege for this document, the document appears to be identical or substantially similar to Document Nos. 764 and 770 from the Initial Privilege Log. See Order, at 33-34. The Court ordered that Document Nos. 764 and 770 should not be protected under the work product doctrine. Although the privilege claim for Document No. 654 is attorney-client privilege, this privilege claim must fail because the description of the document is inadequate to meet the threshold for asserting this privilege. There is no evidence that the document contains any "legal advice" that has been sought or rendered, or that the document reflects any communication with legal counsel. There is no document author identified, other than PG&E itself, and the document was circulated to approximately 30 people. See Order, at 33-34 & 43-45. The Government requests that the Court compel production of Document No. 654.

**Document No. 665**

This document is a draft settlement agreement, dated January 1, 1997, prepared at the request or under the supervision of counsel in anticipation of filing in a GRC proceeding before the California Public Utilities Commission. App. 24. PG&E has asserted a claim of work product protection for this document. The Supplemental Privilege Log and PG&E's February 21, 2006 response do not identify any individual as the author of the document, and no recipients are listed. There is no indication that the document was prepared as the result of any adversarial proceedings before the commission. Consistent with the Court's analysis set forth at pages 31 to

35 of the Court's January 25, 2006 order, the Government requests that the Court compel the production of Document No. 665.

**Document No. 786**

This document includes both an e-mail, dated February 5, 2003, and an attachment from PG&E employee David Vosburg to PG&E attorney Richard Locke. App. 25. The attachment is described as a draft executive authorization memorandum, prepared at the request or under the supervision of counsel, in anticipation of litigation, described as a regulatory proceeding regarding the Diablo Canyon spent fuel pool expansion licensing. During his deposition, Mr. Vosburg testified that he prepared an executive authorization memorandum regarding the temporary cask pit racks for the Diablo Canyon spent fuel pools. Deposition of David Vosburg, October 18, 2005, at 151:14-157:8 (App. 37-40). Mr. Vosburg described this executive memorandum as an internal PG&E document used to authorize funding for a project. Id.

In the Supplemental Privilege Log, PG&E asserted both attorney-client privilege and work product protection for this document. However, in PG&E's February 21, 2006 response to the Government February 3, 2006 letter, the work product claim has been dropped, even though the description and identification of the document remains unchanged. App. 25. It is unclear from PG&E's description why the attachment to the e-mail, described as a draft executive authorization memorandum, meets the requirements for assertion of attorney-client privilege. See Order, at 40-45. In fact, a similar executive authorization memorandum, prepared by Mr. Vosburg and signed by PG&E vice president Lawrence Womack, was produced by PG&E at the time of his deposition. App. 37-40. This type of document is substantially similar to the various memoranda prepared for the Board of Directors that the Court ordered produced to the

Government, consistent with Section II of its January 25, 2006 order.

The Government requests that the Court compel the production of Document No. 786.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant this motion and compel PG&E to produce Document Nos. 76, 77, 79, 80, and 593 from the Initial Privilege Log, and Document Nos. 42, 43, 44, 45, 46, 47, 48, 61, 62, 63, 64, 86, 87, 88, 90, 105, 110, 111, 138, 198, 310, 311, 578, 654, 665, 786, 825, 827, and 828 from the Supplemental Privilege Log.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT R. DAMELIN
SHARON SNYDER
JOSHUA E. GARDNER
TODD J. COCHRAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/John C. Ekman by Scott R. Damelin
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

February 28, 2006

Attorneys for Defendant