# APPENDIX

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:JEkman
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

Telephone: (202) 353-0897
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

February 2, 2006

VIA FACSIMILE AND UNITED STATES MAIL

Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: *Pacific Gas & Electric Co. v. United States*, Nos. 04-0074C, 04-0075C (Fed. Cl.)

Dear Mr. Stouck:

We are writing to identify those documents in the "Privilege Log Corresponding To Documents Gathered For Purposes Of Initial Disclosures" served by plaintiff Pacific Gas & Electric Co. ("PG&E"), dated June 21, 2005, that we believe now must be produced in response to the Court's order, dated January 25, 2006. This letter does not address documents that we believe must be produced from PG&E's "Privilege Log Corresponding to Documents Gathered in Response to Defendant's First Request for Production of Documents," dated November 7, 2005. We anticipate that we will provide you with a letter identifying those documents by February 3, 2006.

To provide a reference point for your analysis of our requests, we have grouped the documents identified in the privilege log that we believe now must be produced by the categories and descriptions set forth in the Court's January 25, 2006 order. However, many of the identified documents could be assigned to more than one of the categories defined by the Court. Included in this list are documents that were withheld, at least in part, upon the basis of attorney-client privilege. We believe that these documents – or redacted versions of these documents – also should be produced in light of the Court's order. The documents that we seek to have PG&E produce here are all identified in Exhibit A to the Government's Corrected Motion to Compel the Production of Documents and Deposition Testimony Improperly Withheld on the Basis of Privilege, filed October 26, 2005.

Consistent with the Court's rationale in its January 25, 2006 order, the following documents identified in PG&E's privilege log should be released and produced to the Government:

1. Documents identified as "draft licensing reports" and those like them (Doc. Nos. 14 and 83): Doc. Nos. 14 and 83.

2. Documents identified as "draft testimony" (Doc. No. 155) and those like them: Doc. Nos. 86, 155, and 167. Document No. 167 is an email chain that relates to draft testimony and purports to seek legal advice. However, neither the sender nor recipient are attorneys and it appears that an attorney simply was among numerous people copied upon the email. Given that attorneys at PG&E provide both business and legal advice, considering that attorneys frequently appear on internally circulated documents, and in light of the rationale in the Court's January 25, 2006 order, we believe that this document should be produced. To the extent that the documents contain legal advice from counsel, redacted versions may be appropriate. Please note that other examples of this same issue appear within this letter.

3. Documents identified as "recommendations and legal analysis" for submission to PG&E's Board of Directors (Doc. Nos. 92-101), "draft responses to NRC requests for additional information" (Doc. Nos. 212-228), "draft applications prepared for filing in GRC proceedings before the CPUC" (Doc. Nos. 764-770), and those like them: Doc. Nos. *57, 63*, 64, *67*, 68, *69, 74,* 76, 77, 79, 80, 87, *92-101*, 134, *159, 168, 169*, 171, 179-192, *193, 195,* 196, 197-229, 234-241, 243, *245,* 256, *258,* 260, 268, 269, 278-284, 289, *290, 291, 292, 333, 334*, 576, 577, *578, 580, 588-591*, 593, *609, 610,* 620, *669-672, 677, 678, 679, 681, 682, 706, 714, 761*, 764, 770 and 772. We have included documents related to the California Coastal Commission in this list. Italicized documents were withheld, at least in part, upon attorney-client privilege grounds. The attorney-client privilege assertion for certain of these documents ultimately will be resolved by the Court's *in camera* review. However, documents not subject to *in camera* review pursuant to the Court's January 25, 2006 order, or redacted versions of those documents, should be produced.

4. Documents identified as "draft letter to the NRC" (Doc. No. 722) and those like them: Doc. Nos. 256 and 722.

5. Documents identified as "handwritten notes of counsel regarding spent fuel storage strategy" (Doc. Nos. 707-710) and those like them: Doc. Nos. 230, 685, 686, 696, 701, 707, 708, 709, 710, 712, and 713. The Court ordered that Doc. Nos. 707-710 be produced – and did not order *in camera* inspection – even though attorney-client privilege assertions were initially made to those four documents. As a result, we believe that all documents within this category must be produced, even where there is an attorney-client privilege assertion upon the privilege log.

6. Documents "prepared or generated because of public or business duty, or assembled in the ordinary course of business, or pursuant to public requirements unrelated to the adversarial aspects" of public proceedings (Order at 36): Doc. Nos. 62 and 115. While Doc. No. 62 contains both an attorney-client privilege and work product assertion, it appears that the attachment to the cover email is not privileged and should be produced. Obviously, sending a non-privileged document to an attorney does not transmute it from a document that must be

produced into a document that may be withheld upon privilege grounds. Other examples of this issue appear within this letter.

To the extent that PG&E already has produced redacted copies of any of the above-cited documents, please let us know the date of production and location of that document within the production. Given the limited time that we had to generate this list and the number of documents produced by PG&E in this litigation, we were unable to confirm whether redacted versions of certain documents had been produced.

The Court's January 25, 2006 order explained that Document Nos. 110-113, and those like them, should protected under the work product doctrine, "as long as the strategy referred to is related to foreseen adversarial aspects of the NRC licensing proceedings." Order at 35. However, the Court also stated that "if these documents were not created because of the adversarial aspects of these proceedings, but rather in the ordinary course of attempting to be successful in setting rate or obtaining permits or licenses vis a vis the regulatory agency conducting the proceeding, and the prospect of the adversarial aspects did not significantly alter such strategy documents," the documents should not be covered by work product protection. Id. The Government requests that PG&E confirm that Document Nos. 110-113, and those like them, fall within and meet the test identified in the Court's January 25, 2006 order.

In addition, the Court's January 25, 2006 order explained that Document Nos. 263-267, and those like them, should most likely be protected under the work product doctrine because the documents were reportedly created pursuant to intervention and opposition to General Rate Case proceedings before the California Public Utility Commission, "which indicates to the Court" that they were most likely created in anticipation of, concerning, or as a result of the adversarial aspects of the proceeding. Order at 36. The Government requests that PG&E confirm that Document Nos. 263-267, and those like them, fall within and satisfy the test identified in the Court's January 25, 2006 order.

Since the Court's order requires us to present any remaining issues to the Court by February 9, 2006, we ask that you provide a list of documents that you will agree to produce by Tuesday, February 7, 2006.

Sincerely,

John C. Ekman /SPB

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:JEkman
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

Telephone: (202) 353-0897
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

February 3, 2006

VIA FACSIMILE AND UNITED STATES MAIL

Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: *Pacific Gas & Electric Co. v. United States*, Nos. 04-0074C, 04-0075C (Fed. Cl.)

Dear Mr. Stouck:

We are writing to identify those documents in the "Privilege Log Corresponding to Documents Gathered in Response to Defendant's First Request for Production of Documents," served by plaintiff, Pacific Gas & Electric Co. ("PG&E"), dated November 7, 2005, that we believe now should be produced either in light of the Court's order, dated January 25, 2006, or because, for other reasons, they do not state a valid basis for a privilege claim.

Yesterday, the Government provided you with a letter identifying those documents from PG&E's "Privilege Log Corresponding To Documents Gathered For Purposes Of Initial Disclosures," dated June 21, 2005 and revised November 10, 2005, that should be produced consistent with the Court's January 25 order.

To provide a reference point for your analysis of our requests, we have grouped the documents identified in PG&E's November 7, 2005 privilege log that we believe now should be produced by the categories and descriptions set forth in the Court's January 25, 2006 order. However, many of the identified documents could be assigned to more than one of the categories defined by the Court. Included in this list are documents, identified by italicized numbers, that were withheld, at least in part, upon the basis of attorney-client privilege. We believe that these documents – or redacted versions of these documents – also should be produced in light of the Court's order.

The Court ordered that "[t]he parties shall use [the January 25, 2006 order] in resolving any disputes associated with documents in plaintiff's supplemental privilege log." Order at 38 n.23. Consistent with the Court's rationale in its January 25, 2006 order, the following documents identified in PG&E's privilege log should be released and produced to the Government:

1. Documents identified as "draft licensing reports" and those like them (Doc. Nos. 14 and 83 on PG&E's June 21, 2005 log): Doc. Nos. 103, 841, and *947*.

2. Documents identified as "draft testimony" (Doc. No. 155) and those like them: Doc. Nos. 31, 185, 188, 195, 197, 205, 258, 652, 688, 695, and *708*.

3. Documents identified as "recommendations and legal analysis" for submission to PG&E's Board of Directors (Doc. Nos. 92-101), "draft responses to NRC requests for additional information" (Doc. Nos. 212-228), "draft applications prepared for filing in GRC proceedings before the CPUC" (Doc. Nos. 764-770), and those like them: Doc. Nos. *28*, *29*, 32, 33-41, *42-50*, *61-63*, *86-88*, *90*, 91, 93, 95, 97-111, 122, 123, *138, 161, 164, 165, 186, 187, 189, 190, 194*, 198, 200, 201, 208, *257, 259, 260, 261*, 263, 290-294, *301, 302, 305, 306, 310, 311*, 317-325, *578*, *601-603*, 604-607, *608*, 609, 610, 612-622, *645-651*, *653*, 654-660, *661*, *662*, 663, *664*, 665-668, 670-683, 690-694, *734, 735, 737, 740, 786, 788, 795*, 799, 800, *801*, *802*, 803, *821-822*, *824-829*, *832-834*, 836, *837, 838, 853-865, 867-869, 871, 872*, 888-891, *892*, *893*, *896-899*, *901-913*, 914-927, *928*, 929, *932*, 933, *934*, 935, *942*, *943*, 945, *949*, 970, and 976.

   We have included documents related to the California Coastal Commission in this list. Italicized documents were withheld, at least in part, upon attorney-client privilege grounds. Consistent with the Court's January 25,2006 order, these documents, or redacted versions of those documents, should be produced.

4. Documents identified as "draft letter to the NRC" (Doc. No. 722) and those like them: Doc. Nos. 77-84, 94, *177-184*, 619-622, *715*, *739*, 844, and 845.

5. Documents identified as "handwritten notes of counsel regarding spent fuel storage strategy" (Doc. Nos. 707-710) and those like them: Doc. Nos. *159*, *160*, 175, 176, 196, 206, 272, 273, 282, *295*, 511, 512, 669, 696, 714, 733, 736, 796, 797, 804, 805, 830, 831, 846, 847, 850, 866, 870, 894, and *900*.

   As we explained in our letter, dated February 2, 2006, the Court ordered that Doc. Nos. 707-710 from PG&E's June 21, 2005 privilege log be produced – and did not order *in camera* inspection of those documents – even though attorney-client privilege assertions were initially made to those four documents. As a result, we believe that all documents within this category must be produced, even where there is an attorney-client privilege assertion in the privilege log.

6. Documents "prepared or generated because of public or business duty, or assembled in the ordinary course of business, or pursuant to public requirements unrelated to the adversarial aspects" of public proceedings (Order at 36): Doc. Nos. 2, 3, *14*, *64*, *85*, *89*, *130*, 287, 288, 307, 313, 314, 315, 730, 731, 732, *741*, and *742*.

Finally, the Government requests that PG&E produce the following documents that have been withheld based solely upon the work product doctrine: Doc. Nos. 717, 718, 719, 720, 722, 723, 724, 980, 981, 988, 990, 992, 993, 994, 995, and 997. According to the descriptions provided in the November 7, 2005 privilege log, all of these documents are dated 1983 and involve draft comments and notes created in response to the notice of proposed rulemaking regarding the Standard Contract. As the Court recognized in its January 25, 2006 order, "[t]he threshold determination in a case involving a claim of work product privilege is whether the material sought to be protected from discovery was prepared in anticipation of litigation" or was prepared in the ordinary course of business or for other purposes." Pacific Gas & Electric Co. v. United States, No. 04-0074C, slip op. at 8 (Fed. Cl. Jan. 26, 2006) (quoting Allendate Mut. Ins. Co. v. Bull Data Sys., Inc., 145 F.R.D. 84, 86 (N.D. Ill. 1992)). "Documents created for other purposes that prove useful in subsequent litigation are not attorney work product; similarly, documents that are routinely prepared in the ordinary course of business are outside the scope of work product protection." Id. (quoting In re Gabapentin Patent Litig., 214 F.R.D. 178, 184 (D.N.J. 2003)). These documents were not created in anticipation of, concerning, or as the result of adversarial aspects of any proceeding or litigation, and, therefore, are not protected under the work product doctrine.

To the extent that PG&E already has produced redacted copies of any of the above-cited documents, please let us know the date of production and location of that document within the production. Given the limited time that we had to generate this list and the number of documents produced by PG&E in this litigation, we were unable to confirm whether redacted versions of certain documents had been produced.

Since the Court's order requires us to present any remaining issues to the Court by February 9, 2006, we ask that you provide a list of documents that you will agree to produce by Tuesday, February 7, 2006.

In the meantime, if you have any questions, please do not hesitate to call.

Sincerely,

John C. Ekman /SRD

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:JEkman
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

Telephone: (202) 353-0897
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

February 3, 2006

VIA FACSIMILE AND UNITED STATES MAIL

Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: *Pacific Gas & Electric Co. v. United States*, Nos. 04-0074C, 04-0075C (Fed. Cl.)

Dear Mr. Stouck:

In the Court's January 25, 2006 order, Pacific Gas & Electric Company ("PG&E") was ordered to provide the Court, on or before February 2, 2006, with certain documents for *in camera* review. We are writing to identify those documents in PG&E's "Privilege Log Corresponding to Documents Gathered in Response to Defendant's First Request for Production of Documents," dated November 7, 2005, that are identical or substantially similar to the documents identified by the Court for *in camera* review. These documents include Document Nos. 61, 62, 63, 90, 110, 111, 578, 670, 671, 672, 674, 675, 676, 677, 679, 680, 681, 682, 683, 822, 825, 826, 827, 828, 829, 832, 833, 834, 836, 837 and 838.

This letter is only intended to address the Board of Directors and Management Committee documents included in the November 7, 2005 privilege log. We will be providing you with a separate letter listing additional documents from the November 7 privilege log that we believe should be produced based upon the Court's January 25, 2006 order.

Please contact me if you have any questions.

Sincerely,

John C. Ekman /SRD

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch

Greenberg Traurig

Todd W. Monroe
Tel. 202-530-8561
Fax 202-261-0174
monroet@gtlaw.com

February 27, 2006

**VIA HAND DELIVERY**

Scott Damelin
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street
Washington, DC 20530

Re: *Pacific Gas & Electric Company v. United States*

Dear Mr. Damelin:

Enclosed please find a disk containing documents released from PG&E's revised initial disclosure and supplemental privilege logs. These documents correspond to the charts provided to you last week by Robert Shapiro, which list the documents PG&E is voluntarily releasing.

If you should have any questions with regard to the enclosed, please do not hesitate to contact me.

Sincerely yours,

Todd W. Monroe*

Enclosure

COPY



*Admitted only in Maryland. Practice in DC supervised by Shareholders of the firm that are members of the DC bar.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

Greenberg Traurig, LLP | Attorneys at Law | 800 Connecticut Avenue, NW | Suite 500 | Washington, D.C. 20006
Tel 202.331.3100 | Fax 202.331.3101

www.gtlaw.com