No. 04-0074C
into which has been consolidated No 04-0075C
Judge Hewitt

(Filed Electronically, March 1, 2006)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PACIFIC GAS & ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# MOTION FOR RECONSIDERATION

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173
(202) 261-4751
*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:
ROBERT L. SHAPIRO
Greenberg Traurig, LLP

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT ................................................................................................ 2

1. The Work Product Doctrine Is Appropriately Broad ............................................ 3

2. The January 25, 2006 Opinion Misapplies the Work Product Doctrine And Would Lead to Bad Results ........................................................................ 6

III. CONCLUSION ............................................................................................ 13

# TABLE OF AUTHORITIES

Federal Cases — Page

Hertzberg v. Veneman, 273 F. Supp 2d 67 (D.D.C. 2003) ... 6

Hickman v. Taylor, 329 U.S. 495 (1947) ... 4, 7

In re Cendant Corp., 343 F.3d 658 (3rd Cir. 2003) ... 3

In re Ford Motor Co., 110 F.3d 954 (3d Cir. 1997) ... 10

Martin v. Bally's Park Place Hotel & Casino, 983 F.2d 1252 (3rd Cir. 1993) ... 10

Sporck v. Peil, 759 F.2d 312 (3d Cir.), cert. denied, 474 U.S. 903 (1985) ... 4

Sprague v. Director, Office of Workers' Compensation Programs, 688 F.2d 862 (1st Cir. 1982) ... 10

United Coal Cos. v. Powell Constr. Co., 839 F.2d 958 (3d Cir. 1988) ... 10

United States v. Adlman, 68 F.3d 1495 (2d Cir. 1995) ... 4

United States v. Nobles, 422 U.S. 225 (1975) ... 5

United States v. One Tract of Real Property, 95 F.3d 422 n.10 (6th Cir. 1996) ... 4

Federal Rules

Fed. R. Civ. Pro. 26(a)(1) ... 9

Fed. R. Civ. Pro. 26(b)(3) ... 4

RCFC 26(a)(1) ... 11

RCFC 26(b)(3) ... *passim*

RCFC 7 ... 1

State Rules

Federal Practice and Procedure § 2023 ... 4, 5

Federal Practice and Procedure § 2024 ... 10

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed on March 1, 2006

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-074C<br>into which has been consolidated<br>No. 04-075C<br><br>(Judge Hewitt) |

MOTION FOR RECONSIDERATION

Pursuant to RCFC 7, PG&E moves for reconsideration of Part III of the January 25, 2006 Opinion overruling work-product doctrine objections that plaintiff lodged during certain depositions. *See* Slip. Op. at 45-50. As demonstrated below, the Court's decision reaches an incorrect result. Thus, PG&E respectfully requests that the Court reconsider its decision.

I. INTRODUCTION

There may be confusion regarding the extent of the claims of work product protection lodged by PG&E. The government's papers refer ambiguously to questions concerning PG&E's "damages claim." *See* Slip Op. at 45. That term could be interpreted as covering any question regarding costs PG&E is claiming as damages in this litigation. In fact, PG&E's work product assertions are much narrower than that. During the depositions of PG&E fact witnesses, including Messrs. Kapus, Womack, and Pulley, PG&E's counsel instructed the witness not to answer the government's questions that would reveal the participants and processes associated with preparing PG&E's formal initial damages disclosure submitted in accordance with RCFC 26(a)(1). In making those

objections, counsel noted explicitly that PG&E did not object to questions about the underlying costs included in the initial disclosures. Indeed, as PG&E noted in its response to the government's motions to compel:

> PG&E counsel has not prevented the government from answering questions concerning costs it has incurred due to the breach. . . . PG&E counsel did not object to questions concerning cost summaries. . . . Indeed, the government has walked PG&E's witnesses line-by-line through spreadsheets summarizing its costs.

PG&E's Resp. at 16 (citations and other material omitted). Thus, the *only* questions involved in the government's motion, and therefore addressed in Part III of the Court's January 25, 2006 Opinion, are questions eliciting information about the process of preparing PG&E's formal initial disclosures submitted pursuant to Rule 26(a)(1). The government's motion to compel challenged PG&E's instructions not to answer questions in that narrow category. The Court overruled those very limited instructions.

## II. ARGUMENT

In its motion to compel, the government did not dispute that the work product doctrine could properly apply to PG&E's preparation of its Rule 26(a)(1) disclosures. Instead, the government argued that PG&E waived such work product protection by submitting the initial disclosures it had prepared. *See* Slip Op. at 45. The Court declined to address this government argument. *Id.* at 47. In its decision, the Court held that the work product doctrine did not apply at all to protect answers to deposition questions of PG&E employees from discovery. The Court's Opinion takes the view that the work product doctrine primarily protects from discovery only documents and tangible things. *See* Slip Op. at 49 ("The work product doctrine 'provides protection only for *documents and tangible things* . . . ..") (emphasis in original). Although the Court acknowledged that

the doctrine extends to "'some forms of work product not in tangible form,'" the Court ruled that such protection is limited "'to the mental impressions, conclusions opinions, legal theories, thought processes and recollections *of an attorney or other representative of a party* concerning the litigation.'" *Id. quoting Williams v. Chrysler Fin. Corp.*, 1999 U.S. Dist. Lexis 6902 at *5 (E.D. La.) (emphasis in January 25, 2006 opinion). The Court concluded that PG&E's assertions of work product protection over the recollections of its employees regarding their work helping to prepare PG&E's Rule 26(a)(1) disclosures cannot be protected work product because it is neither a document or tangible thing nor the intangible work product of an attorney or consultant working with an attorney. *Id.* at 49, *citing* RCFC 26(b)(3). The Court then cited a number of cases, including *In re Cendant Corp.*, 343 F.3d 658 (3rd Cir. 2003), as examples where courts have protected the tangible and intangible work product of litigation consultants. *See* Slip Op. at 50.

PG&E notes that, as the Court acknowledged, *see* Slip Op. at 47, the Court's decision concerning this work product issue was based on arguments that were not raised by the government in its motion to compel or otherwise addressed in the briefing on the motion. PG&E, therefore, had no opportunity to address these issues prior to issuance of the Court's Opinion. This motion, thus, represents PG&E's first opportunity to explain why the reasoning against application of the work product doctrine here expressed in the January 25, 2006 Opinion are wrong.

1. <u>The Work Product Doctrine Is Appropriately Broad</u>

The work product doctrine must be interpreted and applied in a manner designed to effectuate its purpose. The work product doctrine has been interpreted as creating "a zone of privacy" in which a party and its counsel may prepare its case without

interference from an opponent. *See, e.g., United States v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995); *see also* Slip Op. at 5-6. The seminal case establishing the doctrine is *Hickman v. Taylor*, 329 U.S. 495 (1947). The Supreme Court warned that absent protection of work product from discovery,

> [i]nefficiency and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

*Id.* at 511. The Supreme Court noted some specific examples of work product such as interviews, statements and memoranda, and explained that trial preparation work can be reflected in "countless other *tangible and intangible ways* . . ." 329 U.S. at 510 (emphasis added). Thus, there should be no question that the doctrine encompasses intangible work product.

In 1970, the Supreme Court promulgated Fed. R. Civ. Pro. 26(b)(3), which has been adopted by this Court as RCFC 26(b)(3). The Rule *only partially* codifies the work product doctrine. *See, e.g.*, Fed. R. Civ. Pro. 26(b)(3), Advisory Committee Note regarding 1970 Amendment; *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir.), *cert. denied*, 474 U.S. 903 (1985); 6 *Moore's Federal Practice 3d ed.* § 26.70[2][c]. As this Court recognized, the part of the work product doctrine codified in RCFC 26(b)(3) is limited to documents and tangible things. *See* Slip Op. at 49. But notwithstanding the codification of the part of the work product doctrine applicable to documents and tangible things, the doctrine "continues to have vitality outside of [Rule 26]." *See, e.g.*, 6 *Moore's Federal Practice 3d ed.* § 26.70[2][c]; 8 Wright, Miller and Marcus, *Federal Practice and Procedure* § 2023 at 337; *United States v. One Tract of Real Property*, 95 F.3d 422, 428, n.10 (6th Cir. 1996). Thus, the partial codification of the work product doctrine was not

intended to alter the doctrine's scope announced in *Hickman* and developed in later cases. *See, e.g.*, 8 Wright, Miller and Marcus, *Federal Practice and Procedure* § 2023 at 329.

Both caselaw and Rule 26(b)(3) address the issue of whose work product is protected by the doctrine, and both sources of authority make clear that reach of the doctrine's protection is sufficiently broad to effectuate the doctrine's purpose of enabling a party and its counsel to prepare the party's case outside of the view of the opposing party or counsel. In *United States v. Nobles,* 422 U.S. 225, 239 (1975), the Supreme Court explained that practical considerations control this issue:

> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.

Another reality of litigation in our adversary system is that attorneys often must rely on the assistance of parties themselves, perhaps particularly the employees of corporate parties, in the preparation for trial. *See In re Cendant Corp. Securities Litig.*, 343 F.3d 658, 662-63 (3d Cir. 2003). Indeed, in light of the sophisticated structures, finances and dealings of large corporations, it is often essential that company personnel be actively involved with attorneys and litigation consultants in assembling facts and arguments needed for litigation and trial. The language of Rule 26(b)(3) is clear on this point, protecting from discovery materials "prepared in anticipation of litigation or for trial *by or for another party or* by or for that party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent) . . ." (emphasis added). Thus,

Rule 26(b)(3) quite explicitly provides for the protection of work product created by or for a party *in addition to* work product prepared by or for that party's representative (*i.e.*, attorneys and consultants). Therefore, there should be no dispute that the work product doctrine covers work product of attorneys, consultants *and the parties themselves*. *See, e.g.*, *Hertzberg v. Veneman*, 273 F. Supp 2d 67, 76 (D.D.C. 2003).

*Cendant*, cited in the January 25, 2006 Opinion at 49-50, is instructive. In that securities fraud case, Cendant deposed a former employee of co-defendant, Ernst & Young. 343 F.3d at 659-660. Cendant sought to inquire into the former employee's work with a non-testifying consultant in the field of trial strategy and deposition preparation. Ernst & Young's counsel objected on grounds of the work product doctrine. *Id.* The trial court overruled the objection on the ground that the work product doctrine is largely limited to the work of lawyers and that any expansion beyond lawyers must be limited to others such as paralegals because of their intimacy with the lawyer. *Id.* at 660-61. The Third Circuit reversed. Although the Court was obviously addressing only intangible work product – the oral discussion between a former employee of a party and a litigation consultant, it relied on Rule 26(b)(3) as well as *Hickman* and *Nobles* in concluding that the work product doctrine applied to shield the former employee's work with the consultant preparing for the case from discovery, even though no attorney was apparently directly involved in that work. *Id.*

2. The January 25, 2006 Opinion Misapplies the Work Product Doctrine And Would Lead to Bad Results

Under the Court's January 25, 2006 Opinion, tangible work product of attorneys, consultants and parties is protected from discovery as is the intangible work product of attorneys and consultants. Only intangible work product of parties (and their employees)

is excluded from protection. The Court's Opinion offers no explanation of why it would make sense to deny work product protection in this narrow area. And this result is not consistent with, much less compelled by the authorities described above.

The Court's January 25, 2006 Opinion reaches this incorrect result, at least in part, because it does not appear to recognize that Rule 26(b)(3) only partially codified the work product doctrine. The Court's Opinion seemingly, and incorrectly, interprets that Rule as codifying the entirety of the work product doctrine. *See* Slip Op. at 5 ("The work product doctrine, codified . . . in Rule 26(b)(3) . . ."). As explained above, the work product doctrine continues to have vitality for intangible work product entirely apart from RCFC 26(b)(3). The Court appears to have been led further astray by an incorrect statement of the law in *Williams v. Chrsyler Fin. Corp.*, which appears to confuse the special protection provided to "opinion" or "core" work product set out in Rule 26(b)(3) as defining the extent of the applicability of the entirety of the work product doctrine to intangible work product. *See* Slip Op. at 49 ("Nor do such questions, directed at PG&E employees, call for intangible work product 'of an attorney or other representative of a party concerning the litigation,' RCFC 26(b)(3) . . .").

As the Court is aware, the work product doctrine is a qualified privilege in that it can be overcome by a sufficient showing of need. *See, e.g.,* 8 Wright, Miller and Marcus § 2026; *see also* Slip Op. at 5-6. Nevertheless, in light of one of the main purposes of the work product doctrine – protecting the thought processes of lawyers – courts have been careful to protect from discovery in virtually all instances the mental impressions and legal theories of lawyers. *Id.* In *Hickman v. Taylor* itself, the Supreme Court opined that no showing of necessity could be made under the circumstances of that case to justify

discovery of counsel's mental impressions of witness statements and that it would "a rare situation" in which such a justification could be made. 329 U.S. at 512-13. As explained by Wright & Miller, "[t]his special protection of what has come to be called 'opinion work product,' was codified in Rule 26(b)(3) . . ." 8 Wright, Miller and Marcus § 2026 at 398-99.

In fact, the language of Rule 26(b)(3) does not address intangible work product at all; it's applicability is limited to "documents and tangible things." This is true even for the section of the Rule providing special protection for opinion work product. The Rule first notes the general protection of work product from discovery; the Rule then notes that this protection can be overcome by a showing of sufficient need; the Rule then provides for special protection of certain opinion work product even if a showing of sufficient need is provided. But even the special protection of opinion work product in Rule 26(b)(3) is limited to documents and tangible things: "In ordering discovery *of such materials* when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." RCFC 26(b)(3).

Quoting *Williams,* the Court's January 25, 2006 Opinion hold that intangible work product is only protected when it represents "the mental impressions, conclusions, opinions, legal theories, thought processes and recollections of an attorney or other representative of a party." The quoted language appears to have been largely pulled – inappropriately – from the portion of Rule 26(b)(3) providing special protection to opinion work product. This Court's reliance on *Williams* for that proposition – indeed, *Williams* is the only case cited by the Court as actually limiting the protection of

intangible work product to such opinion work product – is misplaced.[1] Although the Magistrate Judge in that unreported decision used those words, that language in the decision was *dicta*. The discovery at issue was an interrogatory seeking names and contact information for every person defendant had contacted or intended to contact in connection with investigation of his claim and a summary of the substance of each person's knowledge. 1999 U.S. Dist. Lexis 6902 at *4. The party resisting discovery argued that an answer would require disclosure of its attorney's thought processes. *Id.* The court held that the names and contact information should be provided since such information was both factual, crucial to the discovery process, and comparable to the initial disclosure requirements of Fed. R. Civ. Pro. 26(a)(1). *Id.* at *5-6. Thus, the work product claim in *Williams* was not rejected because the work product was that of a *party* rather than that of an attorney or consultant. Otherwise, the Court upheld the defendant's work product objection to the interrogatory. *Id.*

Moreover, although *Williams* cites Wright and Miller, *Hickman* and Rule 26(b)(3) as support for its language limiting the scope of protection for intangible work product, none of those authorities support such a restriction. As explained in *Nobles,* although *Hickman* specifically addressed the work product of attorneys, because that was the work product at issue in that case, the reasoning behind the doctrine supports a broader application, and it has been applied more broadly in subsequent cases. Rule 26(b)(3), as explained above, is clearly inconsistent with limiting protection of work product to the work of attorneys and consultants, since that Rule addressing tangible work product

[1] The Court includes *Cendant* in its citation string and in the next sentence, *see* Slip Op. at 49, but the Court's reference to *Cendant* is for the proposition that the work product doctrine includes intangible work product and tangible work product of consultants.

provides for broad protection – including protection of *party* work product – that goes well beyond the opinion work product described in *Williams.* Perhaps most tellingly, the section of Wright & Miller cited by *Williams* explains that *Hickman* protects intangible work product and that "since intangible work product includes thoughts and recollections of counsel, it is often eligible for *the special protection accorded opinion work product.*" 8 Wright, Miller and Marcus, *Federal Practice and Procedure* § 2024 at 337-38 (emphasis added). In any event, the restricted view of intangible work product articulated in *Williams* and followed by this Court cannot be reconciled with appellate authorities such as *Cendant*. – much less with the purpose of the work product doctrine to create a "zone of privacy" within which attorneys *and parties* can develop the party's litigation strategy. The Court's extension of these authorities to deny work product to party testimony is unsupported, and incorrect.

In this section of its January 25, 2006 Opinion, the Court cites authorities other than *Williams, see* Slip Op. at 49-50, *citing, Cendant*, (itself citing *In re Ford Motor Co.*, 110 F.3d 954, 967 (3d Cir. 1997); *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252 (3rd Cir. 1993); *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988); *Sprague v. Director, Office of Workers' Compensation Programs*, 688 F.2d 862, 869-70 (1st Cir. 1982). But neither the Court's description of these authorities, nor the authorities themselves purport to limit the protection of intangible work product to opinion work product. Instead, these cases simply note the applicability of the work product doctrine to tangible and intangible work product involving litigation consultants. But none of the cited authorities notes the applicability of work product protection to

litigation consultants as grounds for *denying* work product protection where the work product of a *party* or its employees is at issue.

The facts of the instant dispute show well why the Court's ruling would lead to bad results. In addition to outside consultants, we have used the help of PG&E's own personnel to assist with the litigation because of their high degree of knowledge and expertise regarding the relevant issues. A ruling that all of the work of outside consultants on the litigation is privileged from discovery but that the work of a litigant's own personnel in intangible form is subject to discovery would obviously discourage PG&E and other litigants from using its own personnel to support litigation. Yet it is often precisely the litigant's own personnel who have the best knowledge and expertise to help counsel, and ultimately the Court, with the issues to be resolved through the litigation.

Moreover, questioning of PG&E's employees regarding their involvement in the preparation of PG&E's RCFC 26(a)(1) disclosures would almost certainly quickly implicate both opinion work product – PG&E's counsel's mental impressions and strategies – and attorney-client communications. For example, a basic description by Mr. Kapus of his role in helping put together PG&E's RCFC 26(a)(1) damages disclosures by itself is unlikely to be of significant interest. The government is likely to follow-up such an inquiry with questions asking Mr. Kapus why he did what he did or who gave him instructions to assemble the damages portion of the initial disclosure in a particular way or how PG&E's final RCFC 26(a)(1) damages disclosure might differ from any initial input provided by Mr. Kapus. Such questions would inappropriately intrude on opinion work product, which is entitled to special protection, and attorney-client communications.

In addition, the Court has not determined that the government has a sufficient need for PG&E's work product at issue to overcome the doctrine's protection. *See* Slip Op. at 47. And the government has not and cannot come close to making a sufficient showing of need to justify such a conclusion. As noted above, PG&E has not raised work product objections to comprehensive government discovery of the costs it is claiming as damages in this case. The government has received tens of thousands of pages of documents, a vast array of accounting data, and has taken lengthy, detailed depositions of PG&E personnel going line-by-line through spreadsheets of costs claimed as damages. The only area of inquiry to which PG&E has raised a work product objection is its employees' work assisting in the preparation of PG&E's Rule 26(a)(1) initial disclosure. The government has made no effort to explain why it needs to ask questions about PG&E's employees' involvement in that work, especially in light of all of the discovery which the government has received. At bottom, the government's efforts to ask these questions is a fishing expedition designed to interfere with PG&E's preparation of its case for litigation and trial by invading the zone of privacy PG&E and its counsel are otherwise entitled to by the work product doctrine.

III. CONCLUSION

For these reasons, the Court should reconsider its January 25, 2006 Opinion, sustain PG&E's objections to the government's questions to PG&E personnel and deny the government's requests to reopen the depositions of Messrs. Kapus, Womack and Pulley to re-ask questions that were the subject of PG&E's work product instructions.

Dated March 1, 2006

Respectfully submitted,

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3173 (Tel.)
(202) 261-4751 (Fax)

*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:
ROBERT L. SHAPIRO
Greenberg Traurig, LLP