IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically on March 9, 2006

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| UNITED STATES OF AMERICA, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

PG&E's RESPONSE TO THE GOVERNMENT'S MOTION TO COMPEL

The Court's January 25, 2006 Opinion addressed government challenges to certain claims of attorney-client privilege and work protection asserted by PG&E. With respect to work product protection claims over documents related to regulatory proceedings, the Court provided guidance to help the parties narrow their differences regarding the protected status of such documents. The Opinion also set out a mechanism for resolution of any remaining disputes over the privileged or protected status of those documents. *See* Slip Op. at 37-38.

In its recent motion to compel, purportedly in compliance with the January 25 Opinion, the government does not limit its challenges to documents related to regulatory proceedings as provided for in the mechanism set out in the Court's Opinion. Instead, most of the document withholdings challenged in the government's current motion were not challenged in the government's prior motion and relate to documents withheld pursuant to the attorney-client privilege.

Nevertheless, in the interest of resolving these disputes expeditiously, PG&E will respond to all of the challenges to document withholding raised in the government's motion. Except in a few instances where PG&E has determined not to further dispute the privileged

or protected status of certain documents, the government's current challenges are not only new, but also without merit

As noted in the government's motion, *see* Govt. Mot. at 5, PG&E has agreed to not further dispute the privileged status of seven "Board-Memoranda," withheld pursuant to the attorney-client privilege where the specific authors of the document are unclear. Because PG&E maintains that these documents are privileged and to avoid any issue regarding waiver of the privilege claims over documents within the subject matters addressed in these documents, PG&E will promptly produce these documents in response to a Court Order comparable with the Court's February 3, 2006 Order addressing similar documents. The documents in this category are numbered 61, 62, 63, 90, 110, 111 and 578.

PG&E has also decided to not further dispute the protected status of redactions of five documents, which have been previously produced. Thus, PG&E will promptly produce unredacted copies of documents numbered 76, 77, 79, 80, and 786 (PG&E has previously produced the cover e-mail to document No. 786 and has now determined that it should produce the attachment as well). PG&E has also determined not to further dispute the privileged or protected status of document Nos. 310, 311, 593 and 654. Finally, PG&E has determined that portions of document Nos. 42 (the first page) and 43 (the first page and the top of the second page before the first email beginning on that page) should be produced. PG&E will promptly produce copies of these documents.

The remaining documents the privileged or protected status of which remains disputed are all from PG&E's supplemental privilege log.

1. <u>Document Nos. 825, 827 and 828</u>

These documents are all being withheld solely on the basis of the attorney-client privilege. The government argues that these documents are comparable to "Board-Memoranda" with unknown authors addressed in the Court's January 25, 2006 Opinion. *See* Govt. Mot. at 5-6 and 11-12. In fact, the authors of these documents are clearly set out in PG&E's current privilege log. Moreover, none of these withheld documents represents a "Board Memoranda." As reflected in the current privilege log, although some of the documents relate to advice to be provided to PG&E's management, the documents clearly reflect communications with counsel.

Regarding 827, PG&E's privilege log may be confusing. The author of the document is correctly noted as Chris Warner, a PG&E lawyer. This is clear both from the typed notes on the document with Mr. Warner's initials and even more clearly from the fact that it was attached to an e-mail, document No. 826, which PG&E has held pursuant to the attorney-client privilege, a privilege claim not challenged by the government. As explained in the privilege log entry for the email (document No. 826), the email and attachment reflect Mr. Warner's legal advice to his company clients on legal issues regarding a draft Board presentation. Mr. Locke, another PG&E lawyer, received the email and attachment, and the marginal notes referenced in the privilege log description for 827 (the attachment) are on the cover email.

2. <u>Document Nos. 42, 43, 44, 45, 46, 47, 48, 64, 86, 87, 88</u>

These documents are being withheld solely on the basis of the attorney-client privilege. Thus, the main thrust of the government's motion regarding document Nos. 42-48 – that PG&E has not established that they are prepared in anticipation of litigation – is

misplaced. *See* Govt. Mot. at 7. Such a showing is irrelevant to a claim of attorney-client privilege.

The government also complains that it is not clear that the documents contain legal advice. *Id.* 7-8. But as the Court is aware, *see* January 25, Opinion at 41, the attorney-client privilege protects communications to counsel for the purpose of obtaining legal advice in addition to counsel's advice to the client. *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981).

Regarding document No. 64, the government argues that because this memorandum also was sent to three non-attorneys, it fails to "contain[] or reflect[] any legal analysis or review" Govt. Mot. at 8. The fact that this memorandum was sent to non-attorney employees as well as to attorneys does not vitiate the claim of privilege. As long as the communication is shared with only those employees who need access to it, the privilege is maintained. *See, e.g., FTC v. GlaxoSmithKline,* 294 F.3d 141, 147 (D.C. Cir. 2002).

As noted above, PG&E has determined that portions of document Nos. 42 (the first page) and 43 (the first page and the top of the second page before the first email beginning on that page) should be produced. The attorney-client communications are limited to the remaining portions the email chains comprising these documents.

3. <u>Document No. 105</u>

This communication documents a discussion with legal counsel on a legal issue. The communication being protected is that oral conversation. The government complains that it is unclear "how and where the 'legal advice' of Mr. Buchsbaum is reflected in the document." Govt. Mot. at 8. As the Court can see in the copy of the document provided *in*

*camera* the heading of the document makes clear that it reflects a "Discussion with Craig Buchbaum and Dick Patterson."

4. Document No. 138

The government argues that the assertion in the description field of the privilege log that the document reflects a request of legal advice from Mr. Locke must be incorrect, since someone else is listed as the recipient of the document. *See* Govt. Mot. at 9. PG&E's privilege log entry may be confusing, as this one-page document is a printout of two email in a chain. The concluding email in this chain was authored by Mr. Womack and sent to Ms. Melendres-Keller. The originating email was authored by Mr. Womack and sent to Mr. Locke. It is the originating email that is privileged from discovery. The concluding email is not privileged, but it also provides no discoverable information.

5. Document Nos. 198 and 665

The government challenges the work product protection claims for these documents related to CPUC proceedings. Even absent identifiable authors, their character as draft filings allows for no conclusion other than they are protected work product. Although document No. 198 is undated, its introduction discusses a January 1981 motion filed by the California Public Utilities Commission that initiated an investigation and subsequent proceedings that resulted in the interim decision (83-04-013) for which PG&E prepared this response. This draft filing was prepared to rebut presumptions issued in the Administrative Law Judge's decision. The government's assertion that there is no indication it was prepared in anticipation of litigation is baseless. The government clearly ignores that this document was prepared to respond to an interim *decision*. The Court's analysis of the issue advises that an inquiry must be made into "the purpose for which a party created a document." January

25, 2006 Opinion at 32 (*citing Harper v. Auto-Owners Ins. Co.,* 138 F.R.D. 655, 661 (S.D. Ind. 1991). As the Administrative Law Judge had already issued a decision, this response as certainly not intended to initiate a proceeding. Further, the interim decision was entered in a proceeding, as noted above, that was initiated *against* PG&E.

Similarly, document 665 is a draft settlement addressing disputes in a ratemaking proceeding. The government's claim that there is no indication that it relates to an adversarial proceeding, Govt. Mot. at 11, is far fetched. Absent an adversarial proceeding, there would be nothing for the settlement agreement to settle. The document available to the Court *in camera* makes clear that the parties included PG&E, the Division of Ratepayer Advocates and the Attorney General of the State of California.

For the foregoing reasons, the Court should deny the government's motion to compel.

Dated: March 9, 2006

Respectfully submitted,

s/ Jerry Stouck

Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 Phone
(202) 261-4751 Fax
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:

Robert L. Shapiro
Greenberg Traurig, LLP