IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, Plaintiff, | ) | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD BY PLAINTIFF ON THE BASIS OF PRIVILEGE, IN COMPLIANCE WITH THE COURT'S ORDER DATED JANUARY 25, 2006**

Defendant, the United States, respectfully submits this reply to the response to the Government's motion to compel the production of documents improperly withheld by PG&E on the basis of privilege, which plaintiff, Pacific Gas & Electric Company ("PG&E"), filed on February 28, 2006.

DISCUSSION

Documents From PG&E's Initial Privilege Log

We request that the Court issue an order compelling PG&E to produce the following five documents, in unredacted form, from PG&E's Initial Privilege Log:[1] Document Nos. 76, 77, 79, 80, and 593. In its response to the Government's February 28, 2006 motion to compel, PG&E stated that it has decided to "not further dispute" the privileged or protected status for these

[1] PG&E produced two separate privilege logs: (1) "Privilege Log Corresponding To Documents Gathered For Purposes Of Initial Disclosures," dated June 21, 2005 and revised November 7, 2005 ("Initial Privilege Log"); and (2) "Privilege Log Corresponding to Documents Gathered in Response to Defendant's First Request for Production of Documents," dated November 7, 2005 ("Supplemental Privilege Log").

documents. Resp. at 2.[2]

Documents From PG&E's Supplemental Privilege Log

First, we request that the Court issue an order compelling PG&E to produce the following seven documents, in unredacted form, from PG&E's Supplemental Privilege Log: Documents Nos. 61, 62, 63, 90, 110, 111, and 578. In its response to the Government's February 28, 2006 motion to compel, PG&E stated that it "has agreed to not further dispute the privileged status" of these seven documents, and "will promptly produce these documents in response to a Court Order comparable with the Court's February 3, 2006 Order addressing similar documents." Resp. at 2.

Second, we request that the Court issue an order compelling PG&E to produce the following four documents, in unredacted form, from PG&E's Supplemental Privilege Log: Document Nos. 310, 311, 654, and 786. In its response to the Government's motion to compel, PG&E stated that it has decided "not to further dispute" the privileged or protected status for these documents. Resp. at 2.[3]

As a result of PG&E's abandonment of its claims of attorney-client privilege or work

---

[2] "Resp. at __" refers to PG&E's Response to Motion to Compel the Production of Documents Improperly Withheld by Plaintiff on the Basis of Privilege, In Compliance With the Court's Order Dated January 25, 2006.

"Attach. __" refers to the attachments to the Government's Reply to Plaintiff's Response to Motion to Compel the Production of Documents Improperly Withheld by Plaintiff on the Basis fo Privilege, In Compliance With the Court's Order Dated January 25, 2006.

[3] In its response, PG&E also stated that it had determined that portions of Document Nos. 42 and 43 from the Supplemental Privilege Log "should be produced." Resp. at 2. However, we request that the Court issue an order compelling PG&E to produce complete unredacted versions of Documents Nos. 42 and 43.

product doctrine protection for the 16 documents referenced above, all of the remaining PG&E documents that remain in dispute are contained in PG&E's Supplemental Privilege Log.

Despite PG&E's assertions to the contrary, our February 28, 2006 motion to compel complied with the Court's January 25, 2006 order. The Court's order provided the parties with guidance to address any disputes involving work product protection claims for documents related to regulatory proceedings. Order, at 37 (Jan. 25, 2006). The Court also explicitly acknowledged that some of the documents related to regulatory proceedings claimed to be protected under both the work product doctrine and the attorney-client privilege, or under the attorney-client privilege alone. Order, at 38 n.23 (Jan. 25, 2006). The Court stated as follows:

> To the extent that the parties have not already resolved any dispute regarding whether the attorney-client privilege protects these documents, and to the extent that this Opinion does not otherwise resolve such disputes, defendant shall so indicate, identifying the individual documents still in dispute and detailing the reasons therefor, including points and authorities as to why they should be produced in its motion to compel.

Id. The Court then provided specific guidance regarding certain types of PG&E documents withheld on the basis of attorney-client privilege. Order, at 38-45 (Jan. 25, 2006).

The Court also issued explicit instructions that the "parties shall use this Opinion in resolving any disputes associated with documents in plaintiff's supplemental privilege log." Order, at 38 n.23 (Jan. 25, 2006). The Court further stated that, "[t]o the extent they cannot resolve any of these disputes, defendant shall so indicate, identifying the individual documents still in dispute and detailing the reasons therefor, including points and authorities as to why they should be produced, in its motion to compel." Id. PG&E did not produce the Supplemental Privilege Log, containing 1,062 privilege claims, until November 7, 2006, following the close of

fact discovery on October 21, 2006. In sum, PG&E's assertions that the Government's motion to compel does not comply with the Court's order, or that the motion to compel raises "new" issues, lack merit.

Pursuant to the Court's January 25, 2006 order, PG&E should be compelled to produce the following documents to the Government:

**Document Nos. 825 and 828**

Contrary to PG&E's assertion, the Court did not limit its opinion, set forth in Section II of the January 25, 2006 order, to "Board Memoranda." Resp. at 3; Order, at 38-45 (Jan. 25, 2006). As the Government explained, PG&E has offered two different descriptions for these two documents. We have attached to this reply a copy of the entries for these two documents from PG&E's Supplemental Privilege Log. Attach. 1. The dry storage recommendation to be presented to the Management Committee, referenced in the e-mail chain, appears substantially similar to the type of documents addressed in the Court's January 25, 2006 order, and produced by PG&E pursuant to the Court's subsequent order, dated February 3, 2006.

The amended privilege description provided by PG&E, in response to the Government's February 3, 2006 letter, erodes the basis for PG&E's assertion of attorney-client privilege for this document because there is no indication of any legal communication or advice exchanged between PG&E attorney Richard Locke and PG&E employees. Attach. 2; Order, at 40-45 (Jan. 25, 2006). The Government moves to compel the production of complete unredacted versions of Document Nos. 825 and 828, or, in the alternative, redacted versions of these two documents.[4]

---

[4] In the Court's order dated March 1, 2006, the Court ordered PG&E to submit to the Court "two sets of the documents sought by defendant's Motion that then remain unproduced." Order, at 1. As of the time of this filing, PG&E has not produced any of the 34 documents listed

**Document No. 827**

PG&E acknowledges that the entry for Document No. 827 in its Supplemental Privilege Log "may be confusing." Resp. at. 3; Attach. 1. In fact, PG&E's response only further confuses the issue. There is a reference to "typed notes on the document with Mr. [Christopher] Warner's initials . . . ." Resp. at 3. There is no reference to any such typed notes in the privilege log description for Document No. 827, only to "marginal notes" of another PG&E attorney, Richard Locke. Attach. 1.

PG&E's new description does not support its inference that Mr. Warner is the author of the document simply because typed notes with his initials appear on the document, or that the document was attached to an e-mail from him to other PG&E employees. In fact, this additional information appears to support the conclusion that Mr. Warner did not author the document, but simply commented upon a document prepared by others for presentation to the Board of Directors. PG&E's privilege log fails to establish that Mr. Warner and Mr. Locke were providing strictly legal advice to PG&E. Order, at 40-45 (Jan. 25, 2006). We reiterate our request that the Court compel production of Document No. 827 or, in the alternative, a redacted version of this document.

**Document Nos. 42, 43, 44, 45, 46, 47, and 48**

In its response, PG&E noted that it has "determined that portions of Document No. 42 (the first page) and No. 43 (the first page and a portion of the second page) should be produced." Resp. at 4. Given that these documents are described as similar versions of a March 21, 2001 e-mail chain between nine PG&E employees, including PG&E attorney Richard Locke, these

---

in the Government's motion to compel.

seven documents should be submitted to the Court for *in camera* review, pursuant to the Court's March 1, 2006 order.

PG&E's assertion that, because these e-mails "request legal review and comment" regarding draft decommissioning funding reports, they are entitled to the protection of attorney-client privilege is misplaced. In our motion to compel, we explained that the entries in PG&E's Supplemental Privilege Log and February 21, 2006 response fail to establish that these documents actually contain any legal advice or analysis by Mr. Locke or any other PG&E attorney. Attach. 3 (Excerpt from PG&E's Feb. 21, 2006 Resp. to Gov't Feb. 3, 2006 Ltr.). PG&E has also failed to establish that all of these documents could not be produced, at a minimum, in redacted form, given its stated intention to produce redacted versions of Document Nos. 42 and 43.

**Document No. 64**

Upon further review of the documents produced by PG&E, we identified a document that appears to be the same, or substantially similar to, the document described as Document No. 64 in PG&E's Supplemental Privilege Log. A copy of this document, Bates-stamped PHBP0049208, is attached for the Court's review. Attach. 4. The date, author, recipient, copyees, and description of this document indicate that it is a June 5, 1991 memorandum from a PG&E employee to seven PG&E employees, including two PG&E attorneys (Richard Locke and Peter Rigney), regarding Department of Energy acceptance of spent nuclear fuel. Although the entries in both the Supplemental Privilege Log and PG&E's February 21, 2006 response indicate that this memorandum "requests legal review," a review of the memorandum included as Attachment 4 establishes that the document includes no basis to support PG&E's assertion of

attorney-client privilege. Attach. 5 (Excerpt from PG&E's Feb. 21, 2006 Resp. to Gov't Feb. 3, 2006 Ltr.).

**Documents Nos. 86, 87, and 88**

PG&E's privilege log entries supporting the assertion of attorney-client privilege for Document Nos. 86, 87, and 88 fail to establish that the communications reflect predominantly legal advice. Attach. 6. (Excerpt from PG&E's Feb. 21, 2006 Resp. to Gov't Feb. 3, 2006 Ltr.). The privilege does not apply where the legal advice is merely incidental to business advice. Order, at 41 (Jan. 25, 2006) (citing Burton v. R.J. Reynolds Tobacco Co., 170 F.R.D. 481, 484 ( D. Kan. 1997)). Further, "communications made by and to the same in-house lawyer with respect to business matters, management decisions or business advice are not protected by the privilege." Order, at 41 (Jan. 25, 2006) (citing Boca Investerings P'ship v. United States, 31 F. Supp. 2d 9, 11 (D.D.C. 1998)).

**Document No. 105**

According to the Supplemental Privilege Log and PG&E's February 21, 2006 response, this document is a memorandum regarding Humboldt Bay decommissioning funding that "reflects legal advice of counsel (C. Buchsbaum)." Attach. 6. In its response, PG&E, for the first time, explains that the "legal advice" of Mr. Buchsbaum represented in the memorandum is an oral communication. Resp. at 4. PG&E's privilege log entry supporting the assertion of attorney-client privilege for Document No. 105 fails to establish that the communication involved predominantly legal advice. The attorney-client privilege does not apply where the legal advice is merely incidental to business advice, Order, at 41 (Jan. 25, 2006), and Document No. 105 should be produced.

**Document No. 138**

In its response addressing the privilege assertion for Document No. 138, PG&E acknowledges that its privilege log entry "may be confusing." Resp. at 5. PG&E's privilege log claim again fails to establish that the advice requested from Mr. Locke was predominantly legal advice or that the advice did not involve business matters, management decisions, or business advice. The assertion of attorney-client privilege in this instance should fail. Order, at 41, 42-45 (Jan. 25, 2006). PG&E also states, for the first time, that one of the two e-mails in the chain is "not privileged, but it also provides no discoverable information." Resp. at 5. Apparently, PG&E has taken the position that it does not have the obligation to produce this document, even though it appeared on PG&E's Supplemental Privilege Log as a document responsive to the Government's first set of requests for production of documents. At a minimum, PG&E should be compelled to produce the e-mail that it admits is "not privileged."

**Document No. 198**

In its response, PG&E disclosed additional details regarding this document that were not included in its privilege log entry. Simply because the document was created in response to an interim decision by an administrative law judge does not sustain the assertion of work product doctrine protection. The Court explained that it is guided by the proposition that "the purpose for which a party created a document is the fundamental requirement of the Rule, and that when litigation is reasonably anticipated, certain, or even underway, a court must still undertake an examination of why a document was produced." Order, at 21 (Jan. 25, 2006) (citing Harper v. Auto-Owners Ins. Co., 138 F.R.D. 655, 661 (S.D. Ind. 1991) (emphasis in original)). PG&E has failed to establish that, even though the document is characterized as a filing to rebut

presumptions issued in an administrative law judge's decision, the "ultimate objective" of this "public utilities rate case" was adversarial, as opposed to PG&E's effort to set rates or revenues regarding nuclear decommissioning in the normal course of business. Order, at 23-26 (Jan. 25, 2006).

**Document No. 665**

This document is a draft settlement agreement, dated January 1, 1997, prepared at the request or under the supervision of counsel in anticipation of filing in a general rate case ("GRC") proceeding before the California Public Utilities Commission ("CPUC"). The Supplemental Privilege Log and PG&E's February 21, 2006 response do not identify any individual as the author of the document, and no recipients are listed. Attach. 7 (Excerpt from PG&E's Feb. 21, 2006 Resp. to Gov't Feb. 3, 2006 Ltr.). The information referenced in PG&E's response to the motion to compel, regarding the involvement of the Division of Ratepayer Advocates and the Attorney General of the State of California in the GRC, is not included in its privilege log entry.

Given the nature of the GRC proceedings before the CPUC, there is no indication that the document, although characterized as a "settlement agreement," would not have been prepared by PG&E to address the setting of rates and revenues in the normal course of business for a utility operating in California. Order, at 23-26 (Jan. 25, 2006). Consistent with the Court's analysis set forth at pages 23 to 26, and 31 to 35, of the Court's January 25, 2006 order, the Government requests that the Court compel the production of Document No. 665.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion and compel PG&E to produce the following documents, to the extent that PG&E does not produce these documents absent a Court order: Document Nos. 76, 77, 79, 80, and 593 from the Initial Privilege Log, and Document Nos. 42, 43, 44, 45, 46, 47, 48, 61, 62, 63, 64, 86, 87, 88, 90, 105, 110, 111, 138, 198, 310, 311, 578, 654, 665, 786, 825, 827, and 828 from the Supplemental Privilege Log.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT R. DAMELIN
SHARON SNYDER
JOSHUA E. GARDNER
TODD J. COCHRAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/John C. Ekman by Scott R. Damelin
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

March 14, 2006

Attorneys for Defendant