# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: March 23, 2006)

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Before the court is Defendant's Motion for Reconsideration of the Court's Order Dated March 14, 2006 (Motion or Def.'s Mot.) filed electronically on March 21, 2006. Defendant points out that "even though PG&E did not challenge the Government's additional privilege assertions under the attorney-client privilege and work product doctrine on 92 of the 458 documents at issue, this [c]ourt has ordered us to produce all of the identified 458 documents." Def.'s Mot. at 2. Accordingly, defendant requests that the court modify its March 14, 2006 Opinion "to allow the Government to continue to withhold those 92 documents over which the Government, in addition to invoking the deliberative process privilege, asserted attorney-client and/or work product protections that PG&E has not challenged." Id. at 3. The court agrees to this request. Defendant may continue to withhold these 92 documents. If plaintiff disputes defendant's assertion of attorney-client or work product protection over these 92 documents, it may so indicate, to the extent it has not done so already, in a motion to compel filed on or before Friday, April 7, 2006.

Defendant also requests the court, "to the extent that [it] continues to believe that the Government's affidavits are deficient, [to] allow [defendant] an opportunity to provide ex parte affidavits to the [c]ourt for use in place of or in conjunction with an in

camera review of these documents." Def.'s Mot. at 22. The court accepts the government's offer to provide ex parte affidavits from the government officials on whose affidavits defendant relied to invoke the deliberative process privilege, and will conduct an in camera review of those documents over which defendant continues to assert the privilege.

Accordingly, defendant is hereby ORDERED, on or before April 11, 2006, to provide to the court for review in camera two copies of ex parte affidavits addressing each document ordered by the court to be produced to plaintiff in the court's March 14, 2006 Opinion as to which defendant wishes to continue to assert protection under the deliberative process privilege. These ex parte affidavits shall come from the same government officials on whose affidavits defendant relied to invoke the deliberative process privilege, and shall describe with specificity the "precise and certain reasons" for maintaining the confidentiality of each document that continues to be withheld. In particular, each affidavit shall describe in detail why and how disclosure of a document, or any portion thereof, will harm the deliberative process of the government, and shall identify the particular portions of a document, if such portions are reasonably segregable, that will result in such harm. Accompanying the ex parte affidavits for review in camera shall be two copies of each document in question clearly marked to identify the ex parte affidavit associated with it.

The foregoing is in addition to and does not supercede the court's March 22, 2006 Order requesting plaintiff to respond to defendant's Motion on or before Monday, April 3, 2006. The parties are invited to contact the court at any time when it appears that the involvement of the court may assist in securing "the just, speedy, and inexpensive determination of [this] action." RCFC 1.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge