# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: March 30, 2006)

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | Motions in Limine; Trial, Spent Nuclear Fuel; Availability of Damages That Post-Date the Filing of Plaintiff's Complaint; Motion to Strike Portions of Expert Report Relating to Damages That Post-Date the Filing of Plaintiff's Complaint |

Jerry Stouck, Washington, DC, for plaintiff. Robert L. Shapiro, Washington, DC, of counsel.

John Clifford Ekman, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Harold D. Lester, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Jane K. Taylor, Office of General Counsel, United States Department of Energy, Washington, DC, and Scott R. Damelin, Sharon A. Snyder, Joshua E. Gardner, and Todd J. Cochran, Civil Division, Department of Justice, Washington, DC, of counsel.

## OPINION AND ORDER

HEWITT, Judge

The court has before it Defendant's Motion to Strike Portions of the Expert Report of Brad Cornell Related to Future Damages (Def.'s Str. Mot. or Motion to Strike), PG&E's Opposition to Motion to Strike Cornell Expert Witness Report Related to Future Damages (Pl.'s Str. Resp.), and Defendant's Reply in Support of Motion to Strike Portions of the Expert Report of Brad Cornell Related to Future Damages (Def.'s Str.

Reply). Defendant moves the court to "strike those portions of the expert report of Dr. Bradford Cornell, served by plaintiff . . . , that reflect PG&E's attempts to recover damages that post-date the filing of its amended complaint on January 28, 2004." Def.'s Str. Mot. at 1.

Subsequent to the filing of defendant's Motion to Strike and plaintiff's response, plaintiff filed with the court PG&E's Motion to Establish Time Frame for Consideration of Future Damages (Pl.'s TF Mot. or Time Frame Motion), a related motion requesting the court "to establish a time frame for consideration of future damages." Pl.'s TF Mot. at 1. Also before the court is responsive briefing to plaintiff's Time Frame Motion, including Defendant's Response to PG&E's Motion to Establish Time Frame for Consideration of Future Damages (Def.'s TF Resp. or Time Frame Response) and PG&E's Reply on Motion to Establish Time Frame for Consideration of Future Damages (Pl.'s TF Reply or Time Frame Reply).[1] Because the issues in the Motion to Strike and the Time Frame Motion are closely related, the court addresses both defendant's Motion to Strike and plaintiff's Time Frame Motion in this Opinion.

## I. Background

Plaintiff, Pacific Gas & Electric Company (PG&E), filed its complaints (collectively, Compl.)[2] in this court on January 22, 2004, seeking damages arising from a partial breach of the Department of Energy's (DOE)'s contractual obligation under the Nuclear Waste Policy Act of 1982 (NWPA) "to implement and operate a program for the removal and ultimate disposal of spent nuclear fuel and high-level nuclear waste . . . from commercial nuclear power plants." Compl. ¶ 1.[3] Plaintiff subsequently filed amended complaints (collectively, Am. Compl.) seeking the same relief on January 28, 2004. The parties have since completed discovery in this case with the exception of any outstanding discovery to be completed pursuant to previous orders of the court or any outstanding

---

[1]Additionally, the court held oral arguments on these motions on March 22, 2006.

[2]Plaintiff addresses damages for two of its plants – the Humboldt Bay Power Plant Unit 3 and the Diablo Canyon Power Plant – in separate complaints in Case Nos. 04-74C and 04-75C, respectively. By Order of April 12, 2005, the court consolidated the cases for pretrial proceedings and trial.

[3]The United States Court of Appeals for the Federal Circuit found that the government's failure to commence the removal of spent nuclear fuel and high-level radioactive waste in 1998 as was required under the NWPA constituted a breach of the government's contractual obligations to the nuclear utilities that signed contracts with DOE pursuant to the NWPA. See Me. Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1343 (Fed. Cir. 2000).

motions regarding discovery issues. See Order of February 18, 2005 (ordering fact discovery to conclude on or before October 21, 2005); Order of March 1, 2006 (ordering depositions of expert witnesses to be completed on or before April 14, 2006).

This case is one of 59 cases that are currently pending before this court involving plaintiffs who seek damages arising from a breach of DOE's contractual obligations under the NWPA. Def.'s Mot. at 1. Recently, in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005) (Indiana Michigan II), the United States Court of Appeals for the Federal Circuit affirmed this court's ruling in the first of these cases to reach the Circuit after trial. Def.'s Mot. at 2; Indiana Michigan II, 422 F.3d at 1371 (affirming Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639 (2004) (Indiana Michigan I)). The Federal Circuit "agree[d] with the trial court that Indiana Michigan's claim is for damages for partial breach." Indiana Michigan II, 422 F.3d at 1374; see also id. ("'[I]f the injured party elects to or is required to await the balance of the other party's performance under the contract, [its] claim is said . . . to be one for damages for partial breach.'" (quoting Restatement (Second) of Contracts § 236 cmt. b (1981)).[4] The court also found that "[t]he trial court did not err in concluding that a claim for partial breach precludes an award of future damages." Id. at 1376. The court explained the rationale for this conclusion: "Because of its highly speculative nature, a claimant may not recover, at the time of the first suit for partial breach, prospective damages for anticipated future nonperformance resulting from the same partial breach." Id. (citing San Carlos Irrigation & Drainage Dist. v. United States, 111 F.3d 1557, 1563 (Fed. Cir. 1997) ("[C]ontract law precludes recovery for speculative damages.") and 9 Arthur L. Corbin, Corbin on Contracts § 956 (Interim ed. 1993) ("It has been thought that where there has been no repudiation [e.g., no total breach], the plaintiff can recover damages for his injury only to the date of the writ–that he must treat the breach as only 'partial'[.]" (emphasis and alterations in Indiana Michigan II))). The court noted that "future damages could have been awarded had Indiana Michigan claimed total breach." Id. (citing Restatement (Second) of Judgments § 26 cmt. g (1982) ("[W]here a plaintiff commences an action for total breach, 'he is obliged in order to avoid "splitting," to claim all his damages with respect to the contract, prospective as well as past, and judgment in the action precludes any further action by the plaintiff for damages arising from the contract[.]'" (emphasis and alteration in Indiana Michigan II))). However, "[b]ecause its claim is premised upon

---

[4]Plaintiff does not appear to dispute that its claim is for partial, rather than total, breach of contract. See, e.g., Pl.'s Am. Compl. at 5, ¶ 25 ("PG&E seeks to recover damages from the government's failure to perform until 2010, which results from its present partial breach of the contract."); Pl.'s TF Mot. at 2 ("[A]s an alternative . . . , PG&E requests that the [c]ourt set December 31, 2005 as the date through which damages will be considered in this tranche of PG&E's claim against the government for partial breach of contract.").

the government's partial breach, [the plaintiff's] damages were limited to those costs incurred prior to the date of its suit." Id. at 1376-77.

While Indiana Michigan argued that, because it was known that DOE would not perform until at least 2010, it should be awarded its future damages immediately because they are not speculative, the Federal Circuit instead "agree[d] with the government, and concur[red] in the proposition that 'if the breach of an entire contract is only partial, the plaintiff can recover only such damages as he or she has sustained, leaving prospective damages to a later suit in the event of further breaches.'" Id. at 1377 (quoting 22 Am. Jur. 2d Damages § 488 (2003)). The court went on to quote comment g to the Restatement (Second) of Judgments § 26 which states, in relevant part:

> A judgment in an action for breach of contract does not normally preclude the plaintiff from thereafter maintaining an action for breaches of the same contract that consist of failure to render performance due after commencement of the first action.
>
> . . . .
>
> [A]lthough the breach is material, the plaintiff may elect to treat it as being merely a partial breach. If he so elects, he is entitled to maintain an action for damages sustained from breaches up to the time of the institution of the action, and the judgment does not preclude a further action by him for a breach occurring after that date.

Id. (quoting Restatement (Second) of Judgments § 26 cmt. g) (emphasis omitted). Accordingly, the Federal Circuit concluded that Indiana Michigan "retains its right to sue for damages for its remaining rights to performance," id., and that it "may bring suits for [such] damages in the future," id. at 1378.

With the guidance provided by Indiana Michigan II in mind, the court now proceeds to address the parties' arguments in their motions. First, the court will address the issues raised by both motions involving the date through which plaintiff may seek damages in this case. After making a determination as to the date through which plaintiff may seek damages in this case, the court will address whether, in light of this determination, defendant's Motion to Strike should be granted.

II. The Date Through Which Plaintiff May Seek Damages in This Case

Plaintiff argues that "nothing in the Federal Circuit's Decision in Indiana Michigan[II] precludes this [c]ourt from exercising its ordinary discretion in fashioning a damages award to consider PG&E's damages through 2012 as part of this round of litigation over the government's partial breach of contract." Pl.'s TF Mot. at 1-2. In addition, plaintiff states that "as an alternative to consideration of damages through 2012 in this tranche of PG&E's claim, PG&E requests that the [c]ourt set December 31, 2005 as the date through which damages will be considered in this tranche of PG&E's claim against the government for partial breach of contract. Id. at 2. The court will address each date through which plaintiff claims it is entitled to seek damages in this case – through 2012 or through 2005 – separately.

A. Whether Plaintiff May Seek Damages Through 2012

Plaintiff argues that it should be entitled to seek damages through 2012 because, unlike the plaintiff in Indiana Michigan I and Indiana Michigan II whose future damages were found to be speculative, here, "[t]here can be no reasonable argument either that PG&E will not incur damages or that such damages are not currently subject to a fair and reasonable approximation." Pl.'s TF Mot. at 4. According to plaintiff,

> the limitations on future damages addressed in Indiana Michigan[ II] . . . are based on a concern that is inapplicable to PG&E's claim for damages here – that the non-breaching party may be able to avoid its claimed future damages if the breaching party starts to perform. Both the appellate and trial courts in Indiana Michigan make clear that their objection to award of future damages in that case was because the claim for such damages was based on anticipated future nonperformance, which was speculative.

Pl.'s Str. Resp. at 12. Plaintiff argues that in contrast to the plaintiff in Indiana Michigan[ I and Indiana Michigan II], "its claim for damages after January 28, 2004 does not depend on any speculation as to when DOE will start to perform or PG&E's ultimate need to provide for additional spent fuel storage because of the government's failure to perform." Id. at 13. This is because "PG&E . . . will continue . . . to incur costs . . . in the 'future' tomorrow, . . . through trial next June, and beyond," and "[t]here is no realistic possibility that DOE will perform in that time frame." Id. Therefore, plaintiff argues, the court should allow damages to be awarded through 2012 in this case. Pl.'s TF Mot. at 2.[5]

---

[5]The court notes that plaintiff's Complaint seeks to recover damages through 2010 rather than 2012. See Compl. ¶ 25.

Defendant "strongly disputes PG&E's contention that its alleged damages are, somehow, more certain than those alleged by [Indiana Michigan]." Def.'s TF Resp. at 6. Defendant argues that, "[a]s a matter of law, the Federal Circuit held that future damages are not recoverable in a partial breach case." Def.'s Str. Reply at 3. Therefore, according to defendant, "[t]he law, and its effect upon the parties in this case, is clear," id. at 7, and plaintiff is barred from recovering future damages in its claim for partial breach, id. at 1-2; Def.'s TF Resp. at 7.

The court agrees with defendant. This case and Indiana Michigan II cannot be readily distinguished such that the facts here counsel for reaching a result contrary to Federal Circuit guidance. While it may be true that both the trial court and the Federal Circuit objected to awarding future damages in to Indiana Michigan because the claim for such damages was based merely on speculation about anticipated future nonperformance, see Pl.'s Resp. at 12, it is also true that the trial court expressly found that DOE would not perform until at least 2010, see Indiana Michigan I, 60 Fed. Cl. at 643, making damages up to that point potentially subject to a reasonable approximation just as plaintiff contends they are in this case through 2012, see Transcript of March 22, 226 Oral Argument (Tr.) at 12:15-25. Nevertheless, the trial court chose not to award any future damages in a claim for partial breach of contract. See Indiana Michigan I at 660-61 ("The claim also depends on the court's awarding plaintiff future costs in a lawsuit for partial breach of contract. This is a legal determination that we have not made.").

Moreover, the Federal Circuit rejected the very same argument made by PG&E here. Indiana Michigan argued that, since it was known that DOE would not perform until at least 2010, it should be awarded future damages immediately because they are not speculative. Indiana Michigan II, 422 F.3d at 1377. The Federal Circuit instead "agree[d] with the government, and concur[red] in the proposition that '[i]f the breach of an entire contract is only partial, the plaintiff can recover only such damages as he or she has sustained, leaving prospective damages to a later suit in the event of further breaches.'" Id. (quoting 22 Am. Jur. 2d Damages § 488 (2003) (third alteration in original); see also id. at 1376 ("The trial court did not err in concluding that a claim for partial breach precludes an award of future damages."). The court declines to stray from this clear directive and will not allow plaintiff to seek damages through 2012. See Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005) ("[T]he Court of Federal Claims may not deviate from the precedent of the United States Court of Appeals for the Federal Circuit . . . .").

B. Whether Plaintiff May Seek Damages Through 2005

Plaintiff states that it should be able to seek damages through at least the end of 2005, arguing that "[g]iven that trial will be held in 2006, there is no argument that damages through 2005 are [ ']speculative' in any way. Nor is there any argument that damages through 2005 are 'future' damages." Pl.'s TF Mot. at 5. According to plaintiff, then, the court should allow it to seek damages through the end of 2005, as "[a]n end-of-2005 time frame will also minimize issues regarding estimation of damages, as this date is well before trial." Id.

Defendant responds that "[u]nder Indiana Michigan[ II], PG&E is limited to recovery of past costs, as measured by the date of its most recent amended complaint." Def.'s TF Resp. at 4. Defendant argues that,

> [c]onsistent with Indiana Michigan[ II], and in lieu of any motion for leave to supplement or amend its complaint, January 28, 2004[] is the date through which damages should be limited for the purposes of this trial. Here, counsel for PG&E has failed to seek leave to file either an amended or supplemental complaint to extend the date at issue for damages beyond the date of the initial amended complaint.

Id. Therefore, defendant states that the court should not "consider extending the dates associated with PG&E's alleged damages beyond those set by the amended complaint." Id. at 2.

Plaintiff replies that "the government offers no explanation as to why the filing of an amended or supplemental pleading should be deemed significant for purposes of determining the time frame for the recoverability of damages." Pl.'s Str. Resp. at 4. Plaintiff contends that, "[a]lthough not necessary, . . . PG&E could file a supplemental or second amended complaint here to allege more specifically the damages PG&E has incurred through today or through trial if such an additional pleading would be deemed helpful by the [c]ourt." Id. at 5. However, according to plaintiff, it should not be required to do so because "the government's proposed, early, and arbitrary damages cutoff date would needlessly delay adjudication and award of a substantial portion of PG&E's damages." Id. at 15. Thus, plaintiff concludes that the court should permit it to recover damages at least through 2005 in this case. Pl.'s TF Reply at 6.

Plaintiff's contentions cannot be squared with the express language of the Federal Circuit in Indiana Michigan II. In particular, as explained above, the Federal Circuit stated clearly that "[b]ecause its claim is premised upon the government's partial breach, [the plaintiff's] damages were limited to those costs incurred prior to the date of its suit." Indiana Michigan II, 422 F.3d at 1376-77 (emphasis added). In addition, the court

adopted the language of comment g to the Restatement (Second) of Judgments § 26 which states, in relevant part:

> A judgment in an action for breach of contract does not normally preclude the plaintiff from thereafter maintaining an action for breaches of the same contract that consist of failure to render performance due after commencement of the first action.
>
> . . . .
>
> [A]lthough the breach is material, the plaintiff may elect to treat it as being merely a partial breach. If he so elects, he is entitled to maintain an action for damages sustained from breaches up to the time of the institution of the action, and the judgment does not preclude a further action by him for a breach occurring after that date.

Id. at 1377 (quoting Restatement (Second) of Judgments § 26 cmt. g (1982)) (first emphasis added) (all other emphases omitted). The court stated that "Indiana Michigan's grievance falls within [Restatement (Second) of Judgments § 26] subsection (e)'s exception [to the doctrine of res judicata] for injury experienced during the execution phase of a continuing contract." Id. at 1378. This exception to res judicata provides that a claim subsists as a possible basis for a second action by the plaintiff against the defendant when, "[f]or reasons of substantive policy in a case involving a continuing or recurrent wrong, the plaintiff is given an option to sue once for the total harm, both past and prospective, or to sue from time to time for the damages incurred to the date of suit, and chooses the latter course." Restatement (Second) of Judgments § 26(1)(e) (1982) (emphasis added).

None of these statements made by the Federal Circuit in Indiana Michigan II is consistent with allowing plaintiff to seek damages through 2005. Rather, the court views Indiana Michigan II as clearly directing trial courts to allow plaintiffs suing for partial breach in spent nuclear fuel litigations to seek damages only through "the date of . . . suit," Indiana Michigan II, 422 F.3d at 1376-77, or "'up to the time of the institution of the action,'" id. at 1377 (quoting Restatement (Second) of Judgments § 26 cmt. g (1982)); see also 9 Arthur L. Corbin, Corbin on Contracts § 956 (Interim ed. 1993) ("It has been thought that where there has been no repudiation [e.g., no total breach], the plaintiff can recover damages for his injury only to the date of the writ–that he must treat the breach as only 'partial'[.]"), cited in Indiana Michigan II, 422 F.3d at 1376 (emphasis and

alterations in Indiana Michigan II). The court interprets these directives to mean that plaintiff may seek damages only through the date of an amended complaint.[6]

---

[6]After the conclusion of responsive briefing on both defendant's Motion to Strike and plaintiff's Time Frame Motion, this court issued a trial opinion in another spent nuclear fuel case, Tennessee Valley Authority v. United States (TVA), 69 Fed. Cl. 515 (2006). Plaintiff filed a motion for leave to submit this supplemental authority in support of its Time Frame Motion and its response to defendant's Motion to Strike (Pl.'s Mot. Suppl.), which the court granted. See Order of March 14, 2006. Plaintiff argues that this court's decision in that case

> supports PG&E's position, contrary to the government's, that a spent fuel plaintiff need not file an amended or supplemental complaint in order for the [c]ourt to consider or have subject matter jurisdiction over the utility's claim for damages covering the time period subsequent to the filing of the plaintiff's last-filed amended complaint.

Pl.'s Mot. Suppl. at 2. The court disagrees. In TVA, the plaintiff filed its complaint in April of 2001. See Case No. 01-249 C, Docket Entry No. 1. In 2004, before discovery was concluded and prior to the Federal Circuit's ruling in Indiana Michigan II, the TVA court "requested that the parties cover at trial TVA's damages through its most recently completed fiscal year, i.e., through September 30, 2004." TVA, 69 Fed. Cl. at 523 (citing Tenn. Valley Auth. v. United States, 60 Fed. Cl. 665, 679 (2004)). Therefore, "[t]he parties' supplemental filings and proofs of damages put forward at the trial . . . were calibrated to show events through September 30, 2004." Id. After specifically noting that the Federal Circuit in Indiana Michigan II had determined that the plaintiff's damages "'were limited to the costs incurred prior to the date of its suit,'" id. (quoting Indiana Michigan II, 422 F.3d at 1376-77), the TVA court determined that, "under RCFC 15(a), (b), and (d), . . . TVA has sought and pursued an amended and supplemental complaint alleging damages through that date." TVA, 69 Fed. Cl. at 523-24.

Unlike the court in TVA, the court in this case has not – either before or during discovery – issued an order identifying a date after the filing of the complaint through which plaintiff may seek damages. In fact, as early as October 14, 2005, the court indicated on the record that it believed the date through which plaintiff may seek damages in this case may be the date plaintiff filed its complaint. See Transcript of Telephonic Status Conference held on October 14, 2005 at 27:2-15 ("[T]he way I read the [Indiana Michigan II] opinion . . . – the intention of the [opinion] appeared to me to be [providing] the parties and the trial judges basically a little bit of a roadmap for the litigation. . . . I think that we need to just come to grips with that opinion and [determine] what the shape of the playing field is now before we do a lot of preparation. . . . [I]f the persuasive briefing is that the shape of the field for this game excludes periods from and after January 22, 2004, the time to know that is now, as close to now as we can."); see also Transcript of Telephonic Status Conference held on October 17, 2005 at 19:7-20:8 ([I]f we read the Circuit opinion in kind of a flat-footed way here, damages could be awarded in this particular case,

(continued...)

Moreover, the court finds that it would be inappropriate to entertain a motion by plaintiff to amend its complaint to allege damages through the end of 2005. See Pl.'s Resp. at 5 ("PG&E could file a supplemental or second amended complaint here to allege more specifically the damages PG&E has incurred through today or through trial if such an additional pleading would be deemed helpful by the court.").

At oral argument on March 22, 2006, defendant's counsel stated that, "as of November 10, 2005, when the expert reports were served, the costs in th[ose] were actual through September of '05, but fully a third of the costs were not. Those were estimates . . . . [A]t no time did [PG&E] provide the government with invoice and payment support for any of the alleged 2005 damages, even though such information should have been available." Tr. at 37:7-15 (defendant's counsel); see also id. at 54:21-25 ("We received no supporting document for 2005. What's being produced to us allegedly on March 27 is supporting documentation for January '05 through September '05. We haven't gotten anything.") (defendant's counsel).

The parties completed fact discovery in October of 2005, see Order of February 18, 2005, and counsel held their pretrial meeting pursuant to Appendix A, ¶ 13 of the Rules of the Court of Federal Claims (RCFC) on March 17, 2006, see id. Plaintiff had ample opportunity to file an amended complaint up to and during fact discovery, which began in early 2005. Plaintiff has not done so. Nor did plaintiff seek to amend its complaint at any time following the September 9, 2005 issuance of the Federal Circuit's

---

[6](...continued)
which was filed on January 22, 2004 . . . . I mean, you're only going to get damages up to the time you filed suit, if you're entitled to damages. That's what the Circuit says, as I read it. Time of filing suit – I'll make sort of a preliminary ruling on that."). Not until several months after this discussion on the record and after fact discovery had concluded did plaintiff move the court to determine that it could seek damages through a later date.

In any event, the court finds that the TVA court's decision to deem TVA's complaint amended to allege damages through September 30, 2004, see id. at 524, can be readily interpreted as an acknowledgment that Indiana Michigan II requires amendment of the complaint by the plaintiff in order for it to seek damages through a later date than the date of the institution of its action. Given that the court in TVA had issued an order during discovery – and well before the Federal Circuit's decision in Indiana Michigan II – defining the date through which the plaintiff could seek damages, see TVA 69 Fed. Cl. at 523, the TVA court's decision to deem TVA's complaint to have been amended to allege damages through the date contemplated in the court's order can be read as consistent with Indiana Michigan II's guidance. TVA does not substantiate plaintiff's position that it can pursue its damages claim for partial breach beyond the date of the commencement of its suit unsupported by an amended or supplemental complaint.

decision in Indiana Michigan II. The court concludes that it would be imprudent at this late date – with trial scheduled to begin later this spring – to allow plaintiff to amend its complaint to allege damages through the date of a possible amendment, or through the end of 2005, especially given that it appears that plaintiff has yet to provide defendant with a complete evidentiary basis to support its damages even through September of 2005, let alone through the end of 2005. See Tr. 37:7-15, 54:21-25. It is clear to the court that allowing plaintiff to seek damages through the end of 2005 would be prejudicial to defendant. Defendant states that it has yet to receive supporting documentation for damages through the end of 2005, see id. at 54:21-25, and the court declines to allow plaintiff to attempt now to correct its omission to provide such documentation. Moreover, the court finds that allowing plaintiff to seek damages through the end of 2005 could potentially invite the presentation of speculative and/or estimated evidence at trial. Indiana Michigan II clearly counsels against such a result in a claim brought, as this one is, for partial breach of contract. See supra Part I.

Defendant's counsel stated at oral argument that

> [i]t is not our desire to force the government or the [p]laintiff or this [c]ourt to try damages that could be litigated now. Our proposal is that . . . [p]laintiff[] be instructed or allowed . . . to amend their complaint seeking damages through the end of 2004. . . . We could, in very . . . short order, incorporate those additional costs into our report . . . .

Tr. at 36:3-12; see also Tr. at 43:7-10 ("We are willing to go through December 31, 2004, provided that the [p]laintiffs file an amended complaint under Rule 15 seeking damages through that date. We think that eliminates prejudice to us."). In light of defendant's proposal, the court allowed a brief recess for the parties to attempt to agree on a date through which plaintiff may seek damages at trial, but the parties were unable to come to an agreement. See Tr. at 42:6-14.

Based on the foregoing, the court finds that December 31, 2004 is the appropriate date through which plaintiff may seek damages in this case. Any claim for damages beyond December 31, 2004 is deemed unripe. Accordingly, plaintiff may present evidence at trial relevant to damages incurred through December 31, 2004. If such evidence is presented at trial, pursuant to RCFC 15(a), (b), and (d) and consistent with Indiana Michigan II, the court will deem plaintiff's complaint to be amended and supplemented as of December 31, 2004, and to allege damages through December 31, 2004, in order to encompass the evidence presented at trial. See TVA, 69 Fed. Cl. at 523-24 (determining complaint to be amended and supplemented after trial) (citing, inter alia, Intrepid v. Pollock, 907 F.2d 1125, 1129 (Fed. Cir. 1990) and Remediation Constructors,

Inc. v. United States, 68 Fed. Cl. 162, 167 (2005)); John R. Sand & Gravel Co. v. United States, 62 Fed. Cl. 556, 568 (2004) ("This court's predecessor has found that the substantially similar prior version of [RCFC] 15(b) 'allowed the court to treat the pleadings as though amended in order to conform to the proof' . . . ." (quoting Technical Dev. Corp. v. United States, 202 Ct. Cl. 237, 243 (1973))). Any claims for damages after December 31, 2004 are deemed unripe and will not be considered by the court in the trial of this action.

III. Whether Portions of the Cornell Report Should be Stricken

Based on the date of plaintiff's January 28, 2004 amended complaint, defendant moves the court to "strike those portions of the expert report of Dr. Bradford Cornell, served by plaintiff . . . , that reflect PG&E's attempts to recover damages that post-date . . . January 28, 2004." Def.'s Str. Mot. at 1. Defendant states that "Dr. Cornell's opinions – to the extent that they concern damages allegedly accruing after the date of PG&E's amended complaint – directly conflict with the Federal Circuit's decision in Indiana Michigan [II], which limits the recovery of damages in partial breach cases to damages incurred before the filing of the complaint." Id. at 4. Defendant proceeds to describe various portions of Dr. Cornell's expert report that concern damages that post-date January 28, 2004, id. at 7-10, and argues that these and any other portions of the expert report concerning recovery of damages subsequent to January 28, 2004 should be stricken, id. at 10.

Plaintiff argues that RCFC 26(a)(2) "requires a 'complete statement of all opinions to be expressed and the basis and reasons therefor.'" Pl.'s Str. Resp. at 2 (quoting RCFC 26(a)(2)). Therefore, according to plaintiff, the remedy defendant seeks – striking portions of Dr. Cornell's expert report – would be "contrary to the Rules and would be unworkable." Id. Plaintiff contends that "the fact that the government contends that PG&E is not entitled to some of the damages discussed in his report is not a ground for striking those portions of the report. In fact, inclusion of that discussion in Dr. Cornell's report helps to facilitate the parties' and the [c]ourt's consideration of the damages issues in this case . . . ." Id. at 2-3. Therefore, plaintiff concludes that "the government's motion to strike portions of Dr. Cornell's expert witness report should be denied." Id. at 15.

Defendant replies that "a motion to strike clearly is appropriate here." Def.'s Str. Reply at 12. According to defendant, "[w]hether characterized as a motion to strike or motion in limine, the resulting order would provide the assurance that the Government needs to avoid the time and expense of responding to Dr. Cornell's future damages

opinions." Id. at 13. Indeed, states defendant, "[i]f an opinion is irrelevant to the litigation, a motion to strike is appropriate." Id. at 13 n.10.

In light of the court's conclusion that plaintiff may not seek damages beyond December 31, 2004 at its upcoming trial, see supra Part II, the court agrees with defendant that those portions of Dr. Cornell's expert report concerning damages subsequent to that date should be stricken from the record to the extent that they are offered to prove damages incurred by plaintiff subsequent to that date because such evidence would not "hav[e] any tendency to make the existence of any fact that is of consequence to the determination of th[is] action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; see also id. 402 ("Evidence which is not relevant is not admissible."). However, to the extent that any of those portions of Dr. Cornell's expert report concerning damages subsequent to December 31, 2004 are being offered to prove damages incurred by plaintiff prior to December 31, 2004, plaintiff shall articulate how they do so in a motion in limine that seeks to admit those portions as relevant under Federal Rule of Evidence 401.

## IV. Conclusion

For the foregoing reasons, plaintiff's Time Frame Motion is GRANTED. The court hereby establishes that December 31, 2004 is the date through which plaintiff may seek damages in this case. To the extent plaintiff's complaint seeks damages beyond December 31, 2004, plaintiff's claims are DEEMED UNRIPE. Defendant's Motion to Strike is GRANTED-IN-PART. The portions of Dr. Cornell's expert report that would be offered only to prove damages beyond December 31, 2004 shall be STRICKEN. To the extent that portions of Dr. Cornell's expert report concerning damages beyond December 31, 2004 are relevant to plaintiff's pre-December 31, 2004 damages claim, plaintiff may move the court in limine to admit such portions with the reasons therefor on or before April 7, 2006.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge