No. 04-0074C
into which has been consolidated No 04-0075C
Judge Hewitt

(Filed Electronically, April 5, 2006)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PACIFIC GAS & ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# PG&E'S OPPOSITION TO MOTION FOR RECONSIDERATION

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173
(202) 261-4751
*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:
ROBERT L. SHAPIRO
Greenberg Traurig, LLP

# TABLE OF CONTENTS

PAGE

INTRODUCTION ....................................................................................................................2

DISCUSSION ........................................................................................................................4

1. The Court properly found the government's affidavits to be inadequate. ...........................4

2. The deliberative process privilege cannot properly be substantiated at this late date. ........9

3. The Court Properly Disapproved the Government's Delegations. ...................................12

4. The 92 documents mentioned in the government's motion should be produced in redacted form. .....................................................................................................13

CONCLUSION ....................................................................................................................14

# TABLE OF AUTHORITIES

PAGE

*Greenpeace v. National Marine Fisheries Service*, 198 F.R.D. 540 (W.D. Wash. 2000)............. 6

*In re Sealed Case*, 121 F.3d 729 (D.C. Cir. 1997)................................................................. 9, 10

*Kerr v. United States Dist. Court for the Northern District of California*, 426 U.S. 394 (1976)........................................................................................................................... 9, 10

*Marriott International Resorts, L.P. v. United States,* 437 F.3d 1302 (Fed. Cir. 2006)........... 3, 12

*Pacific Gas & Electric Company v. United States*, 04-0074C, Slip Op. (Fed. Cl. March 14, 2006) ...................................................................................... passim

*Reino de Espana v. American Bureau of Shipping*, No. 03-Civ-3573, 2005 WL 1813017 (S.D.N.Y. Aug. 1, 2005)........................................................................................... 6

*Resolution Trust Corporation v. Diamond*, 773 F. Supp. 597 (S.D.N.Y. 1991) ........................... 6

*Tuite v. Henry*, 98 F.3d 1411 (D.C. Cir. 1996)......................................................................... 5, 6

*United States v. Reynolds*, 345 U.S. 1 (1953)....................................................................... 5, 6, 9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed electronically: April 5, 2006

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 04-0074C, into which has been |
| THE UNITED STATES, | ) | consolidated No. 04-0075C |
| | ) | (Judge Hewitt) |
| Defendant. | ) | |

<u>PG&E'S OPPOSITION TO MOTION FOR RECONSIDERATION</u>

The government's motion to reconsider this Court's important and well-reasoned rejection of the government's deliberative process privilege claims is too little, and it comes too late. The government's motion is too little because, although it adds some additional case citations (many of which are mis-cited, as discussed below), the motion largely reiterates the same arguments that the government made in its opposition and that this Court already fully considered and rejected. To allow reconsideration in these circumstances would be to invite reconsideration of every ruling that the government "really" doesn't like.

The government's motion comes too late because fact discovery has long been closed, and PG&E is entitled to obtain the documents in question in time to make use of them at the upcoming trial in June. It would not be overly cynical to view the timing and vociferousness of the government's motion as a final, last-ditch effort to deny timely production of these documents to PG&E.

INTRODUCTION

As the Court recognized in its opinion, an appropriate and knowledgeable agency official must determine that substantial harm will result from disclosure of the documents prior to, and as a *prerequisite* for, the government's assertion of this privilege. In this respect, the "qualified" deliberative process privilege differs markedly from other privileges within the "executive privilege" family. The presidential communications privilege and the state secrets privilege, for example, attach due to the *nature* of the communications involved. Because harm through disclosure is *presumed* from the nature of those communications, government lawyers can play an appropriate role in tentatively identifying the documents subject to those privileges. Government lawyers, in short, can identify a presidential communication or a state secret, at least tentatively. Affidavits confirming the *nature* of those documents can appropriately follow in due course.

The deliberative process privilege is completely different. Although to qualify for this privilege a document must be both "pre-decisional" and "deliberative," the privilege does not attach merely because a document fits those categories. Instead, this privilege only attaches if the government demonstrates that substantial harm will result from disclosure, and that demonstration can only be made by a knowledgeable agency official who can speak credibly to the threatened harm. Government lawyers, in short, cannot make the judgment about threatened harm that is at the heart of this privilege. Nor can government lawyers even tentatively identify documents subject to this privilege from the nature of the documents, because the nature of the documents (and the communications they contain) is not what makes them privileged.

This understanding of the deliberative process privilege was well-articulated and well-supported in the Court's March 14, 2006 opinion, and it is entirely correct. Particularly in the

wake of the Federal Circuit's *Marriott International Resorts, L.P. v. United States,* 437 F.3d 1302 (Fed. Cir. 2006) ruling, which is certain to multiply the use of delegated assertions of the deliberative process privilege, it is important to keep the privilege confined to its core purpose – indeed, its only purpose – of preventing harm to agency decision-making that is both demonstrable and substantial, and that may legitimately result from disclosure of the documents in question. None of the government's arguments on reconsideration, which we address below, even suggests that the Court's ruling does not uphold this core purpose of the deliberative process privilege. Plainly, the Court's ruling does uphold the core purpose of the privilege. In particular, the Court was right to emphasize that "the purpose of the deliberative process privilege [is] not to further the litigation strategy of counsel who apparently, as in this case, decide when it will be asserted." *Pacific Gas & Elec. Co. v. United States*, 04-0074C (Fed. Cl. March 14, 2006) Slip op. at 24.

Finally, the Court's suggestion of *in camera* affidavits and review of documents is independently inappropriate for another reason. *See* Order of March 23, 2006. *In camera* review would only be appropriate after the qualified deliberative process privilege is properly invoked, to allow the Court to weigh the alleged harm from disclosure against PG&E's evidentiary need for the documents. It is undisputed that, even if the privilege were properly invoked here (and it has not been), PG&E would be entitled to litigate whether disclosure is nonetheless appropriate given the qualified nature of this privilege. *In camera* affidavits, however, would prevent PG&E from even knowing what harm the government has alleged, and thus prevent PG&E from being able to make a showing for release that the case law explicitly allows PG&E to make.

DISCUSSION

None of the government's arguments warrant reconsideration of the Court's March 14, 2006 opinion.

1. The Court properly found the government's affidavits to be inadequate.

The government devotes most of the first half of its motion to the timing of its affidavits, but timing is secondary to substance. The Court rejected the government's affidavits on substantive grounds, and properly so. Arguments about the timing of the affidavits cannot cure – and should not be permitted to cure – the substantive defects inhering in the affidavits.

Notably, the government does not argue that this Court was wrong to conclude that the government's affidavits fail to specify "precise and certain" reasons why disclosure of the documents in question would cause substantial harm to agency decision-making. The Court was not wrong. The affidavits do fail to do that. *See* Slip op. at 20 ("defendant has not 'proffered any cogent reason for protecting' the documents it seeks to withhold") (citation omitted).

Instead, the government makes arguments regarding the substance of its affidavits that are disingenuous, and wrong. First, the government claims that its affidavits provided as much information as it could reveal without "disclosing the content of the deliberations that they seek to protect." *See* Govt. Mot. at 17. But the government never previously mentioned this concern in years of litigation over this privilege, and this belated government claim therefore lacks credibility.

It bears emphasis here that we are not dealing with the state secrets or presidential communications privileges. Disclosure of the documents in question, of the harm to agency decision-making that may result from their disclosure, will not reveal troop movements or confidential Oval Office conversations. To the contrary, the information we already know about

the withheld documents from the government's privilege logs and affidavits suggests that these documents are not inherently sensitive or likely to cause harm if disclosed. Again, the heart of this privilege is not the nature of the protected information, but rather the harm that may result form disclosure of it. For that reason, if the deliberative process privilege is to attach, agency officials *must* explain what substantial harm is threatened from disclosure, yet by the government's own acknowledgement, they have not done that here.

The government cites *United States v. Reynolds*, 345 U.S. 1 (1953) and *Tuite v. Henry*, 98 F.3d 1411 (D.C. Cir. 1996), in an attempt to show that Court's interpretation of the affidavit requirement is too strict. *See* Govt. Mot. at 17. But in those cases, the affidavits did describe the harm threatened from disclosure in explicit detail. *Reynolds* is particularly instructive because it involved the states secrets privilege, under which, as noted above, harm is presumed from the nature of the protected information. Nonetheless, in *Reynolds* the Air Force Secretary's affidavit explained that discovery should be denied "for the reason that the aircraft in question, together with personnel on board, were engaged in a highly secret mission of the Air Force." *See Reynolds*, 345 U.S. at 4. The Judge Advocate General's affidavit provided additional detail, stating that "the demanded material could not be furnished 'without seriously hampering national security, flying safety and the development of highly technical and secret military equipment.'" *Id.* at 5.

Thus, in *Reynolds*, the affidavits concisely set forth "precise and certain reasons" why disclosure of the documents would seriously hamper national security. There is no reason in the present case why the government's affiants should not have provided the same kind of information, yet they failed to do so. Indeed, because this case does not involve national security issues, there is no reason why the government's affiants could not and should not have provided

even *more* detail than in *Reynolds*, if disclosure of the documents in question truly posed any kind of threat to the agencies' operations. The government's feigned concern about disclosing underlying substance is disingenuous at best, as *Reynolds* clearly shows. *See also Tuite*, 98 F.3d at 1417 (affidavit "specified the privilege claimed with respect to each document, and provided an explanation of the reasons for each claim of privilege.").[1]

Second, the government states that "the record contains no evidence that Government counsel, rather than the appropriate agency, made the decision to invoke the privilege." Govt. Mot. at 15. This statement is not only disingenuous, it is flat out wrong. As noted explicitly by the Court, "several of the affidavits upon which defendant relies state exactly that," *i.e.*, that "the government's counsel had already made a determination to claim the deliberate process privilege with respect to these documents without an affidavit from a government official to support or validate such a claim." Slip op. at 22. Where the government's own affiants *swear* that government lawyers selected documents for assertion of the deliberative process privilege, the Court must accept that fact – and the government cannot be heard to deny it.

[1] The government is also wrong to criticize the Court's reliance on several other decisions, which actually support the Court's ruling. *See* Govt. Mot. at 19-20 (citing *Reino de Espana v. American Bureau of Shipping*, No. 03-Civ-3573, 2005 WL 1813017 (S.D.N.Y. Aug. 1, 2005); *Greenpeace v. National Marine Fisheries Service*, 198 F.R.D. 540 (W.D. Wash. 2000); and *Resolution Trust Corporation v. Diamond*, 773 F. Supp. 597 (S.D.N.Y. 1991). The *Reino de Espana* court rejected the privilege because the privilege log contained "scant, uninformative, description[s] of the documents, which do not relate the deliberations, if any, to the instant action." *See* 2005 WL 1813017 at *13. The *Greenpeace* court rejected the privilege because the agency failed to provide "precise and certain reasons" why the documents relate to agency processes by which policy is formulated. *See* 198 F.R.D. at 543-544. In *Resolution Trust*, the Court rejected the privilege because the agency head's affidavit invoked a "blanket approach," which "merely asserted that he personally determined that [all] the documents were predecisional and deliberative" and that it was his policy not to disclose such documents to third parties. 773 F. Supp. at 603 (S.D.N.Y. 1991).

The Court also found that that same conclusion "logically follows" from the timing and circumstances of the agency affidavits. *Id.* And the government's motion further reinforces this conclusion. Given the government's argument that requiring affidavits in advance of a response to a motion to compel "would create an extraordinary – and completely unnecessary – demand on the scarce time of public officials," Govt. Mot. at 13, it strains credulity for the government to suggest that these same public officials nevertheless personally made the decisions to assert the claims of the privilege over the withheld documents and later merely documented those prior decisions in affidavits. Moreover, the purported time demands on agency officials would exist whether affidavits are prepared before or after the privilege is claimed, so these "time demands" do not support allowing the affidavits to be submitted later rather than sooner.

The fact that government lawyers first claimed the privilege here is not a mere "perceived technical deficienc[y]" in the affidavits, as the government suggests, *see* slip op. at 21, but a substantive defect that goes to the heart of the Court's ruling. That substantive defect cannot legitimately be cured at this late date, and perhaps more importantly, the Court should not permit any attempted cure at this late date. To allow the government now to submit new affidavits from agency personnel that again merely rubber stamp the litigation strategy of government counsel would simply invite the kind of profligate and overbroad assertion of the deliberate process privilege – by government *lawyers* – that the Court has rightly disapproved in its March 14, 2006 opinion. Rather than extending an invitation for the government to do the same thing repeatedly in the future, the Court should enforce its prior ruling, and thereby encourage the government to do in the future what the government should have done here – namely, refrain from asserting the deliberative process privilege until after an appropriate agency official has made the necessary judgment that release of the documents in question would cause serious harm to agency decision-

making. In any event, it is far from clear that any agency affidavit submitted at this late date could credibly maintain that the prior involvement of government counsel was not the true reason for the claim of privilege. Indeed, the matter of the lawyers' involvement takes on added importance in this case where the affiants come at the end of a long string of delegations, re-delegations, or re-re delegations of authority. In a very real sense, as the Court correctly perceived, *see s*lip op. at 22-23, the agency delegees and sub-delegees here had no substantive involvement whatsoever in the government's claims privilege.

Third, the government's criticisms of the Court's ruling should also be rejected because the government never comes to grips with – and indeed, never even mentions – the Protective Order in this case. That Order, which strictly limits use of all protected documents, provides an independent reason why release of the documents in question cannot plausibly cause the type of harm that the deliberative process privilege is designed to protect against. In fact, it is reasonable to conclude that one reason the government's affidavits do not specify any particular and substantial harm that is threatened by disclosure of documents in this case is that because of the protective order, the affiants *cannot* legitimately identify any such harm.

In sum, although the government casts the problem here as "perceived technical deficiencies" in the affidavits it submitted, *see* Govt. Mot. at 21, in fact the affidavits are substantively invalid because they fail to do what they must do – *i.e.*, allege specific, substantial threatened harm from disclosure – if the government's claim of deliberative process privilege is to be sustained. For that reason the Court correctly rejected the government's privilege claims, and there is no reason for the Court to disturb that ruling.

2. The deliberative process privilege cannot properly be substantiated at this late date.

Given the strict reconsideration standard and the many other factors noted above that counsel against giving the government another opportunity to present affidavits to substantiate its claims of privilege, it would be inappropriate as well as unfair for the Court to do so in the absence of clear authority directing that result. Apparently recognizing the force of this proposition, the government devotes most of the first half of its motion to arguing that case law does indeed require the Court to accept new agency affidavits at this late date. The government relies principally on two Supreme Court decisions, *United States v. Reynolds*, 345 U.S. 1 (1953) and *Kerr v. United States Dist. Court for the Northern District of California*, 426 U.S. 394 (1976), *see* Govt. Mot. at 8-9, 12-13, and one from the D.C. Circuit, *In re Sealed Case*, 121 F.3d 729 (D.C. Cir. 1997), *see* Govt. Mot. at 7-8.

On inspection, however, none of those decisions requires the result the government desires here. As noted above, *Reynolds* was a state secrets case. Accordingly, harm could be presumed to result from disclosure of the report in question there, and that fact could be known – from the nature of the report – before any affidavit or other formal assertion of the privilege. In *In re Sealed Case*, upon which the government principally relies, *see* Govt. Mot. at 7-8, it is true that the government was "asserting" both the deliberative process privilege and the presidential communications privilege. 121 F.3d at 740. Ultimately, however, the D.C. Circuit found that that the documents in question were all "generated in the course of advising the President," and therefore were within the privilege for presidential communications. *Id.* at 299. Accordingly, while it is also true (as the government notes, *see* Govt. Mot. at 7-8) that the D.C. Circuit stated "the White House [did not] have an obligation to formally invoke its privileges in advance of the

motion to compel," *id.* at 741, that statement was pure *dicta* in regard to the deliberative process privilege -- which was "asserted," but not actually involved, in the case. The D.C. Circuit thus was never presented with, and certainly did not address, arguments like those PG&E presents here and already accepted by this Court to the effect that defining features of the deliberative process privilege preclude lawyers from asserting it in the first instance. In *In re Sealed Case*, lawyers *could* appropriately identify the privileged presidential communications, at least tentatively, from the *nature* of those communications. That is not true here, as this Court correctly held.

*Kerr* also contains language that is enticing from the government's point of view, *see* Govt. Mot. at 12-13, but on its facts that case is also readily distinguishable. In *Kerr*, in the context of affirming the denial of mandamus under the strict standards applicable to that writ, the Supreme Court made clear that the Ninth Circuit had denied the writ because the privilege had not even yet been asserted: "its denial of the writ was based largely on the grounds that the governmental privilege had not been asserted personally by anyone eligible to assert it, and that it had not been asserted with requisite specificity." 426 U.S. at 404. In that context, the Supreme Court explained that mandamus was doubly premature. Specifically, the Court explained that if the privilege there, a qualified one, were actually asserted, the district court would still have ample time subsequently to weigh need against privilege in *in camera* proceedings. *See id.* Contrary to the government's motion, *Kerr* in no way supports use of *in camera* proceedings to determine if the deliberative process privilege should apply *prima facie*.

In this regard, as indicated at the outset, PG&E respectfully disagrees with the Court's request that the government submit *in camera* affidavits. *See* Order of March 23, 2006. Quite apart from arguments made above – *e.g.*, that the protective order here provides ample

protection, and that even in military secrets cases like *Reynolds* the government has described the threatened harm in public – because deliberative process is a qualified privilege, PG&E is entitled to *confront* the harm the government alleges and to overcome any alleged harm with a showing of evidentiary need. But PG&E only need do that *after* the government properly invokes the privilege in the first place, which as the Court correctly held, the government has not done. For this reason, and the other reasons set out herein, the Court should vacate its request for *in camera* affidavits and deny the government's motion for reconsideration without considering them.[2]

Indeed, if the government believed that *ex parte* affidavits were necessary to substantiate its claims of privilege, then it should have sought leave to submit such affidavits no later than when it responded to PG&E's motion to compel. To allow further affidavits now would intolerably elongate the process for adjudicating claims of deliberative process privilege: (1) the privilege claim gets asserted in a privilege log; (2) the privilege claim gets supported, in part, in response to a motion to compel; and (3) the privilege claim is further supported with an *ex parte* affidavit submitted after a decision on the merits of the claim of privilege after which the Court has to reexamine the claim of privilege.

Ultimately, despite the stringent reconsideration standard and the other factors noted above that strongly support reaffirming the Court's March 14, 2006 opinion – including, most importantly, the fact that that opinion is entirely correct – it is perhaps true that the Court retains some narrow amount of discretion to entertain further proceedings on the matter, and even further affidavits. At bottom, the question in this case, as in every case of judicial discretion, is

[2] Alternatively, to whatever extent the Court may consider the new affidavits, the Court should order them released to PG&E under the protective order (or at least to PG&E's outside counsel) so as to avoid the unfairness and severe prejudice of secret proceedings.

whether and how it should be exercised. Here, for all the reasons PG&E has advanced, the Court should deny the government's motion for reconsideration and reaffirm its March 14, 2006 opinion.

3. <u>The Court Properly Disapproved the Government's Delegations.</u>

As the Federal Circuit made clear in *Marriott Int'l*, and as this Court recognized in its March 14, 2006 opinion, although delegated assertions of the deliberative process privilege may now be permissible in this jurisdiction, the delegations must be "carefully undertaken." *Marriott Int'l*, 437 F.3d at 1308; *see* slip op. at 14-15. Given the numerous, vague and extremely broad delegations and re-delegations relied upon by the government here, the Court rightly questioned whether the standard laid down in *Marriott Int'l* had been met in this case, although the Court's rejection of the government's privilege claims did not ultimately turn on this factor: "even if the government's various delegations of authority . . . could be viewed as proper – and the court does not so view these delegations – the government's invocation of privilege contains two further procedural deficiencies." Slip op. at 15.

The government complains on reconsideration that "the Court provided us with no guidelines to apply that would allow the heads of agencies . . . to know whether this Court would find their delegations valid." Govt. Mot. at 23. But this complaint trivializes the delegation process by suggesting it is just a matter of getting the paperwork straight. It is not this Court's role to provide advisory opinions – much less to suggest "magic words" for the government to follow. Rather, it the province of the executive departments, with appropriate assistance from counsel, if necessary to conceive and implement proper delegations.

4. The 92 documents mentioned in the government's motion should be produced in redacted form.

The Court's March 23, 2006 Order, after noting the government's assertion in its reconsideration motion that 92 documents covered by the Court's March 14, 2006 opinion also contain attorney-client and/or work product information, states that "Defendant may continue to withhold these 92 documents." That Order also invites PG&E to file a motion to compel if it disputes the government's assertion of other privileges over these 92 documents.

As there appears to be no dispute between the parties, PG&E will not file a motion to compel, but rather respectfully requests here that the Court modify its March 23 Order to conform to what appears to be the parties' agreement concerning appropriate treatment of these 92 documents. As the government correctly reports in its reconsideration motion, with respect to these documents, PG&E, in its original motion to compel deliberative process documents, requested "that the Court order 'production of the documents *with only such otherwise privileged material redacted*.'" *see* Govt. Mot. at 27 (quoting PG&E Motion at 13 n.2) (emphasis added). The government's request in its reconsideration motion concerning these 92 documents should be read to conform to PG&E's request – *i.e.*, that the 92 documents in question should be produced with attorney-client or work product material redacted. The Court should likewise conform its Order.

## CONCLUSION

The government has shown no basis, and there is none, for the Court to disturb its sound ruling rejecting the government's claims of deliberative process privilege and ordering the government to produce the documents in question. The Court therefore should reaffirm its March 14, 2006 ruling and direct the government to produce the documents in question (92 of which in redacted form, as noted above) by a date certain within the next 10 days, so that PG&E can make appropriate use of the documents in further pretrial proceedings and at trial.

Dated: April 5, 2006

Respectfully submitted,

s/ Jerry Stouck

Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 Phone
(202) 261-4751 Fax
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:

Robert L. Shapiro
Greenberg Traurig, LLP