IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S NOTICE OF SUBMISSION OF
DOCUMENTS AND *EX PARTE* AFFIDAVITS FOR *IN CAMERA* REVIEW

So that the official record of this case is complete, defendant, the United States, files this notice that, in compliance with the Court's order dated March 23, 2006, defendant has submitted for delivery to the chambers of the judge assigned to this case and for in camera review four ex parte affidavits and 10 boxes of documents. The ex parte affidavits provide additional detail regarding and support for the Government's invocation of the deliberative process privilege over documents identified in a motion to compel that plaintiff, Pacific Gas & Electric Company, filed on October 19, 2005, and are accompanied by the actual documents for which the deliberative process privilege claim has been invoked and challenged. A copy of the letter that accompanied the submission is attached to this notice so that it is included in the record of this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

April 11, 2006

Attorneys for Defendant

# ATTACHMENT

**U.S. Department of Justice**

Civil Division

Telephone: (202) 353-0897
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

PDK:DMC:HDL
D.J. No. 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

April 11, 2006

VIA MESSENGER

The Honorable Emily C. Hewitt
Chambers of the Honorable Emily C. Hewitt
United States Court of Federal Claims
717 Madison Place, N.W.
Washington D.C. 20005

Re: *Pacific Gas & Electric Co. v. United States*, No. 04-0074C (Fed. Cl.)

Dear Judge Hewitt:

In accordance with this Court's order dated March 23, 2006, enclosed for in camera review are two copies of ex parte affidavits addressing the documents that the Court previously ordered (in its March 14, 2006 order) the Government to produce to plaintiff, Pacific Gas & Electric Company ("PG&E"). In accordance with the Court's March 23, 2006 order, the affidavits "come from the same [four] government officials," Messrs. Ronald A. Milner, Gregory H. Friedman, Frank Marcinowski, and Martin J. Virgilio, "on whose affidavits defendant relied to invoke the deliberative process privilege . . . ."

In further accordance with the Court's March 23, 2006 order, "[a]ccompanying the [four] ex parte affidavits for review in camera [are] two copies of each document in question clearly marked to identify the ex parte affidavit associated with it." To facilitate the Court's review, we have placed each affidavit in a binder, followed by those documents to which that affidavit relates. For the Court's information, there are 12 binders of documents associated with Mr. Milner's affidavit, and we have placed a complete copy of Mr. Milner's affidavit at the front of each of those binders. All of the documents associated with Mr. Friedman's affidavit are in a single binder, those associated with Mr. Marcinowski's affidavit are in a single binder, and those associated with Mr. Virgilio's affidavit are in a single binder.

For the Court's information, we have separated each document or set of documents by tabbed divider pages, with each tab number or tab letter corresponding to the paragraph number or letter in the accompanying affidavit in which that document, or set of documents, is discussed.

Accordingly, for example, Mr. Friedman discusses specific documents in paragraphs 10, 11, and 12 of his affidavit; as a result, the tabs in the binder in which Mr. Friedman's affidavit is contained are numbered "10," "11," and "12." In addition, in front of each document (and behind each tab), we have included a copy of the specific page (or pages) from the relevant affidavit that includes the affiant's discussion of that document, with the paragraph number or letter associated with that document marked with yellow highlighting.

In its March 23, 2006 order, the Court modified its March 14, 2006 order to allow the Government to continue to withhold those 92 documents over which the Government has invoked other privileges that PG&E has not challenged, but granted PG&E an opportunity to file a motion to compel raising additional privilege challenges by April 7, 2006. In its April 5, 2006 response to the Government's motion for reconsideration of the Court's March 14, 2006 order, PG&E represented that it did not intend to challenge these privilege claims, but requested that the Court order 'production of the documents with only such otherwise privileged material redacted.'" PG&E Response to Motion for Reconsideration, at 13 (filed Apr. 5, 2006). Because in camera review of documents by the Court is atypical, and because PG&E has represented that it does not intend to challenge the Government's assertions of privilege, we have begun, but not completed, the process of attempting to redact privileged information from those 92 documents. To the extent that we have been able to redact particular documents from the list of 92 identified in our motion for reconsideration, we have done so before submitting the documents to the Court, both to minimize the time that the Court needs to expend reviewing particular documents and to reduce the amount of privileged material that we are presenting to the Court. In some cases, the entirety of the document is privileged, and we have redacted the document accordingly. In other instances, we were able to redact the portion of a document that contains the privilege information. Nevertheless, we will continue to review the 92 documents at issue to determine whether additional information falls within the claimed privileges.

Finally, in their review of documents in response to the Court's March 23, 2006 order, some of the affiants decided to withdraw their invocation of the deliberative process privilege over certain documents. We have not included in the accompanying binders of documents any documents for which an affiant has elected to withdraw his invocation of the deliberative process privilege. To the extent that no other privilege was asserted with regard to those documents, we expect to provide PG&E with copies of those documents within the next few days. With regard to any documents for which another claim of privilege was invoked, we expect to produce a

redacted copy of that document to the extent that redaction of the privileged information is possible.

Very truly yours,

John C. Ekman / by Harold D Lester

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division

Enclosures

cc: Jerry Stouck, Greenberg Traurig, LLP (without enclosures)

CERTIFICATE OF FILING

I hereby certify that on this 11th day of April 2006, a copy of foregoing "DEFENDANT'S NOTICE OF SUBMISSION OF DOCUMENTS AND *EX PARTE* AFFIDAVITS FOR *IN CAMERA* REVIEW" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.