IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 04-0074C into which has been consolidated No. 04-0075C<br>(Judge Hewitt) |

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

For its answer to the plaintiff's amended complaint, and pursuant to the Court's order dated April 11, 2006, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Admits the allegations contained in the first sentence of paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 2. The allegations contained in the second sentence of paragraph 2 are plaintiff's characterization of its complaint, to which no response is required; to the extent that they constitute allegations of fact, they are denied.

3. Denies.

4. The allegation contained in paragraph 4 constitutes a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

5. Admits.

6. Admits.

7. Admits the allegations contained in the first sentence of paragraph 7. Denies the allegations contained in the second sentence of paragraph 7 for lack of information or knowledge sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 7 to the extent supported by the license cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 7. Admits the allegations contained in the fourth sentence of paragraph 7.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Admits.

10. Admits.

11. The allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in the first sentence of paragraph 16 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits.

18. Denies.

19. The allegations contained in paragraph 19 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in paragraph 20 that the Department of Energy has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11 and that DOE has stated that it anticipates it will not be able to begin SNF disposal until sometime after 2010; the remaining allegations contained in paragraph 20 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in paragraph 21 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits.

23. The allegations contained in paragraph 23 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

26. Admits the allegations contained in paragraph 26 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits.

28. The allegations contained in paragraph 28 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. Denies.

30. Denies.

31. Denies.

32. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 31, or to any relief whatsoever.

33. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

34. To the extent plaintiff seeks damages incurred before January 22, 1998, plaintiff's claim is barred by the applicable statute of limitations.

35. Plaintiff should be denied recovery of any and all costs incurred as a result of its failure properly to mitigate its damages.

36. To the extent that the contract was not definitized through the submission and acceptance of delivery commitment schedules, the contract is too indefinite to enforce.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SHARON SNYDER
JOSHUA E. GARDNER
TODD J. COCHRAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

April 20, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2006, a copy of foregoing "DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John C. Ekman