IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically on April 24, 2006

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-0074C, into which has been consolidated No. 04-0075C<br>(Judge Hewitt) |

PG&E'S MOTION FOR LEAVE TO FILE SURREPLY ON GOVERNMENT MOTION FOR RECONSIDERATION OF COURT'S MARCH 14, 2006 ORDER REGARDING DELIBERATIVE PROCESS PRIVILEGE

Pursuant to RCFC 7, PG&E moves for leave to file a surreply on the government's motion for reconsideration of the Court's March 14, 2006 Opinion withholding numerous documents based on assertions of the deliberative process privilege. PG&E is mindful that surreplies are not generally favored. In this instance, however, the government's reply contains significant misrepresentations of PG&E's legal positions. Therefore, in light of the importance of the issues addressed in the Court's March 14, 2006 Opinion and the substantial time the Court has devoted to those issues, PG&E should be permitted to file this brief surreply in order to clarify its positions to the Court.

1. The government asserts that "PG&E apparently acknowledges" that production of affidavits only in response to a motion to compel is appropriate in the context of assertions of the state secrets and presidential communications privileges. *See* Govt. Reply at 1. The government then argues that PG&E has not cited caselaw "to

support its novel argument that some different set of procedural rules should apply to invocation of the deliberative process" privilege. *Id.* at 2. In reality, PG&E has not taken a position on the appropriate timing of affidavits to support claims of state secrets or presidential communications privileges. Instead, PG&E argued that the Court should not consider *ex parte* affidavits from the government here at this late, motion-for-reconsideration stage of proceedings. *See* PG&E Opposition to Government Motion for Reconsideration ("PG&E Opp.") at 9-11. PG&E acknowledged that state secrets and presidential communications privilege cases have been decided differently but distinguished those cases on the basis of the clear (or at least apparent) harm that could result from disclosure of such documents.[1] *Id.* at 9-10. PG&E agrees with the government that there is no caselaw directly on point addressing the timing of affidavits to support claims of the deliberative process privilege. But as the party asserting the privilege, it is the government that is more in need of support for its novel position that it should be permitted to support claims of the deliberative process privilege with *ex parte* affidavits submitted with a motion for reconsideration. Ultimately, in the absence of clear caselaw on the issue, it is for this Court to provide an appropriate rule. And PG&E has explained why such a rule should not permit affidavits at this late date.[2] *Id.* at 10-11.

2. The government claims that PG&E asserts that the government should have to produce documents to the plaintiff to allow the plaintiff to explain why it needs or

[1] The government also wrongly claims that PG&E characterizes the state secrets and presidential communications privileges as presumed to apply to government documents. *See* Govt. Reply at 3. This is not PG&E's position. Rather, PG&E explained that the *harm* from disclosure of state secrets is presumed. *See* PG&E Opp. at 5.

[2] One of the government's supplemental affidavits submitted *ex parte* on March 23, 2006 is apparently from Ronald Milner. The court should be aware, given that it may not be clear from the affidavit, that Mr. Milner left government employment on April 1, 2006. In addition to all the other reasons PG&E has argued, Mr. Milner's retirement makes him particularly poorly suited to explain to the Court any purported harm to *future* government decision-making

wants the documents whenever an assertion of the deliberative process is disputed. *See* Govt. Reply at 9. This is not PG&E's position. Instead, PG&E explained that at least its counsel should be permitted to see any *affidavit* the government proffers as support for its claims of privilege. *See* PG&E Opp. at 10-11. The only cases cited by the government in support for the submission of *ex parte* affidavits is in the far more sensitive state secrets context. PG&E has not objected to the Court's review of the disputed documents themselves *in camera*. But if the Court should reverse the conclusion reached in its published opinion and find that the deliberative process privilege has been properly asserted as to one or more documents, PG&E is entitled to know what harm the government claimed in its affidavits so PG&E can , in turn, argue that its need outweighs the assert harm proffered by the government

3. The government claims that PG&E did not cite any case precedent that conflicts with its motion for reconsideration. *See* Govt. Reply at 10. Most significantly in this regard, the government reiterates its request that the Court reconsider its decision that the government had not supplied sufficiently precise and certain reasons for invoking the privilege. *Id.* at 10-11. The government misses the point. Neither the Court's March 14 Opinion nor the PG&E Opp. call for any new legal standard for establishing entitlement to the privilege. The standard has been long-established, and the government did not meet it. Contrary to the short shrift given to this issue at the end of the government's reply, these facts are at the heart of the March 14 Opinion and the PG&E Opp.

For these reasons, the Court should grant this motion for leave to file a surreply, deny the government's motion for reconsideration of the March 14 Opinion and direct the release of the remaining withheld documents.

Dated: April 24, 2006

Respectfully submitted,

s/Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3173 Phone
(202) 261-4751 Fax
*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:
Robert L. Shapiro
Greenberg Traurig, LLP