IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically on April 25, 2006

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-0074C,<br>into which has been consolidated<br>No. 04-0075C<br>(Judge Hewitt) |

PG&E'S SURREPLY TO GOVERNMENT'S MOTION
FOR RECONSIDERATION OF COURT'S MARCH 14, 2006 ORDER
REGARDING DELIBERATIVE PROCESS PRIVILEGE

Pursuant to the Court's Order dated April 24, 2006 granting Pacific Gas & Electric Co.'s ("PG&E") Motion for Leave to File Surreply, PG&E respectfully submits this surreply to clarify its position and address significant misrepresentations of PG&E's legal positions in the government's reply.[1]

1. The government asserts that "PG&E apparently acknowledges" that production of affidavits only in response to a motion to compel is appropriate in the context of assertions of the state secrets and presidential communications privileges. *See* Govt. Reply at 1. The government then argues that PG&E has not cited caselaw "to support its novel argument that some different set of procedural rules should apply to invocation of the deliberative process" privilege. *Id.* at 2. In reality, PG&E has not taken a position on the appropriate timing of affidavits to support claims of state secrets or presidential communications privileges. Instead, PG&E argued that the Court should not

[1] The majority of the text of this surreply is identical to PG&E's Motion for Leave to File Surreply filed April 24, 2006.

consider *ex parte* affidavits from the government here at this late, motion-for-reconsideration stage of proceedings. *See* PG&E Opposition to Government Motion for Reconsideration ("PG&E Opp.") at 9-11. PG&E acknowledged that state secrets and presidential communications privilege cases have been decided differently but distinguished those cases on the basis of the clear (or at least apparent) harm that could result from disclosure of such documents.[2] *Id.* at 9-10. PG&E agrees with the government that there is no caselaw directly on point addressing the timing of affidavits to support claims of the deliberative process privilege. But as the party asserting the privilege, it is the government that is more in need of support for its novel position that it should be permitted to support claims of the deliberative process privilege with *ex parte* affidavits submitted with a motion for reconsideration. Ultimately, in the absence of clear caselaw on the issue, it is for this Court to provide an appropriate rule. And PG&E has explained why such a rule should not permit affidavits at this late date.[3] *Id.* at 10-11.

2. The government claims that PG&E asserts that the government should have to produce documents to the plaintiff to allow the plaintiff to explain why it needs or wants the documents whenever an assertion of the deliberative process is disputed. *See* Govt. Reply at 9. This is not PG&E's position. Instead, PG&E explained that at least its counsel should be permitted to see any *affidavit* the government proffers as support for its

---

[2] The government also wrongly claims that PG&E characterizes the state secrets and presidential communications privileges as presumed to apply to government documents. *See* Govt. Reply at 3. This is not PG&E's position. Rather, PG&E explained that the *harm* from disclosure of state secrets is presumed. *See* PG&E Opp. at 5.

[3] One of the government's supplemental affidavits submitted *ex parte* on March 23, 2006 is apparently from Ronald Milner. The court should be aware, given that it may not be clear from the affidavit, that Mr. Milner left government employment on April 1, 2006. In addition to all the other reasons PG&E has argued, Mr. Milner's retirement makes him particularly poorly suited to explain to the Court any purported harm to *future* government decision-making

claims of privilege. *See* PG&E Opp. at 10-11. The only cases cited by the government in support for the submission of *ex parte* affidavits is in the far more sensitive state secrets context. PG&E has not objected to the Court's review of the disputed documents themselves *in camera*. But if the Court should reverse the conclusion reached in its published opinion and find that the deliberative process privilege has been properly asserted as to one or more documents, PG&E is entitled to know what harm the government claimed in its affidavits so PG&E can , in turn, argue that its need outweighs the assert harm proffered by the government

3. The government claims that PG&E did not cite any case precedent that conflicts with its motion for reconsideration. *See* Govt. Reply at 10. Most significantly in this regard, the government reiterates its request that the Court reconsider its decision that the government had not supplied sufficiently precise and certain reasons for invoking the privilege. *Id.* at 10-11. The government misses the point. Neither the Court's March 14 Opinion nor the PG&E Opp. call for any new legal standard for establishing entitlement to the privilege. The standard has been long-established, and the government did not meet it. Contrary to the short shrift given to this issue at the end of the government's reply, these facts are at the heart of the March 14 Opinion and the PG&E Opp.

For these reasons, the Court should deny the government's motion for reconsideration of the March 14 Opinion and direct the release of the remaining withheld documents.

Dated: April 25, 2006

Respectfully submitted,

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3173 Phone
(202) 261-4751 Fax
*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:
ROBERT L. SHAPIRO
Greenberg Traurig, LLP