# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: May 4, 2006)

PACIFIC GAS AND ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

Further to the telephonic status conference (TSC) held by the court on Thursday, May 4, 2006, the court makes the following orders:

1. "Contractor" Motion. The parties have indicated to the court that defendant plans to file a motion regarding a "contractor." Defendant shall FILE such a motion on or before Monday, May 15, 2006. Plaintiff shall file a response to this motion on or before Thursday, May 18, 2006. Defendant shall FILE a reply to plaintiff's response to this motion on or before Monday, May 22, 2006 at 12:00 noon E.D.T.

2. "Will Use" and "May Use" Designations in Defendant's Exhibit List. Plaintiff has notified the court that defendant's Exhibit List does not designate defendant's exhibits as "Will Use" and "May Use." Defendant shall so designate its exhibits, to the extent practicable, in its revised exhibit list to be provided to the court on Friday, May 19, 2006, pursuant to the court's Scheduling Order of March 24, 2006. To the extent that defendant is unable to designate any exhibit on or before Friday, May 19, 2006 because of an outstanding motion in limine, defendant may

leave those exhibits undesignated,[1] but shall, in all events, designate each of its exhibits as either "Will Use" or "May Use" in a second revised exhibit list filed on or before one day after the court issues its post-pretrial conference order.[2]

3. Admission of Exhibits. As the court has indicated, no exhibits will be admitted after the close of evidence at the close of trial. The court reminds the parties that any exhibit and/or any portion of an exhibit the import of which with respect to one or more issues in the case is not specifically pointed out by a witness at trial may be disregarded by the court in its determination of the case, unless otherwise agreed to by the parties and the court. "Specifically pointed out" means specific mention, with reference to an exhibit number, and to one or more specific page numbers within, or otherwise identifiable portion of, the exhibit, together with an indication of how the evidence supports or disproves a fact in issue. "Specifically pointed out" shall not include mention for the first time in post-trial briefing.

4. Post-Trial Briefs. As the court has indicated, closing arguments are not expected in this case. There will, however, be post-trial briefing. The parties shall simultaneously FILE post-trial briefs, not to exceed 50 pages, on or before Friday, June 30, 2006, and shall simultaneously FILE reply briefs, not to exceed 20 pages, on or before Friday, July 7, 2006.[3] In their post-trial briefs, the parties shall support the elements of their legal arguments with specific citations to the trial transcript and to exhibits that were admitted at trial and discussed with a percipient witness. The parties are reminded, see supra ¶ 3, that the court may disregard evidence that is not "specifically pointed out" by a percipient witness, unless otherwise agreed to by the parties and the court. The parties shall not attach copies of exhibits or portions of the trial transcript to their post-trial briefing.

5. Documents Ordered to be Produced in the Court's April 27, 2006 Order. At a brief telephonic discovery conference held a number of hours after the TSC,

---

[1]Defendant's revised exhibit list may be separated into three parts: (1) "Will Use"; (2) "May Use" and ;(3) "Undesignated".

[2]Shortly after the pretrial conference to be held on Tuesday, May 23, 2006 and subsequent days as needed, the court plans to issue a post-pretrial conference order resolving, to the extent reasonably practicable under the circumstances, motions in limine, objections to witnesses and exhibits, and any other motion or issue that remains outstanding at that time.

[3]The court may have stated July "14", 2006 in error during the TSC. The foregoing corrects that error.

defendant stated that it will produce to plaintiff the 29 documents that the court ordered to be produced in the court's April 27, 2006 Order, see Order of April 27, 2006 at 16, today, May 4, 2006. Consistent with that undertaking, defendant shall cause to be delivered to plaintiff Document Nos. 114, 116, 120, 121, 126, 147, 148, 149, 194, 234, 239, 247, 250, 288,339, 343, 345, 117, 144, 344, 128, 133, 134, 139, 142, 328, 330, 360 and 380 today, May 4, 2006, together with its revised redacted affidavits in accordance with the court's guidance provided at the TSC.

6. Plaintiff's Motion to Compel. Plaintiff has requested that it have until Wednesday, May 10, 2006, to file a motion to compel, if any, with respect to documents that may continue to be withheld by defendant under the deliberative process privilege. The court agrees to this request. If the parties are unable to come to an agreement with respect to any documents that continue to be withheld by defendant under the deliberative process privilege, on or before Wednesday, May 10, 2006, plaintiff shall FILE a motion to compel production of any of the documents described in the affidavits, based on "'a showing of evidentiary need . . . that outweighs the harm that disclosure of such information may cause to the defendant.'" PG&E, 2006 U.S. Claims LEXIS 63, at *17 (quotation omitted).

The parties are invited to contact the court at any time when it appears that the involvement of the court may assist in securing "the just, speedy, and inexpensive determination of [this] action." RCFC 1.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge