IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically on May 12, 2006

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 04-0074C, into which has been consolidated No. 04-0075C<br>(Judge Hewitt) |

PG&E'S OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE PG&E'S REPLY ON ITS MOTION TO EXCLUDE TESTIMONY FROM WARREN BREWER

The government's motion to strike PG&E's reply on its motion to exclude testimony from Warren Brewer is remarkable in its deliberate unhelpfulness to the Court. Although the government acknowledges that replies may help in certain instances to "ensure that the Court has as full an understanding" of the pending motions as possible, s*ee* Govt. Opp. at 2, the government nevertheless argues that the Court should not receive such helpful filings, because the government has too much other work to do to prepare replies on its motions *in limine* regarding witnesses, and it would be prejudicial to the government for the Court to .be provided with a better understanding regarding PG&E's motions than the government's motions.[1] In short, the government's view is that the Court should be equally confused regarding all motions *in limine* regarding witnesses.[2]

[1] Since the government has filed only two motions *in limine* regarding witnesses, its concern regarding the burden of preparing replies to assist the Court on such motions hardly seems genuine.

[2] It is also noteworthy that notwithstanding the government's purported absence of adequate resources to properly inform the Court regarding the merits of its motions that the government nevertheless had time to file this motion to strike and that the signature block of the motion contains the names of no fewer than five Department of Justice trial lawyers (*not* counting supervisors or Department of Energy counsel).

This government view appears to be likely be based on its assessment that PG&E's motions *in limine* are more meritorious than the government's.

The government's motion is also remarkable in its failure to acknowledge RCFC 7.2. RCFC 7.2(b) explicitly provides for replies to responses to motions like PG&E's reply at issue here. Pursuant to RCFC 7.2(a), the Court may adjust the time frame for a response to a motion, and the Court did that in its March 24, 2006 Order, setting March 15 as the due date for responses to motions *in limine* regarding witnesses. But that Order did not purport to address the filing of replies to responses. Thus, the ordinary procedures of RCFC 7.2(b) remain applicable. In addition, the government's view that the Court has intended to prohibit replies is belied by the Court's Order of May 4, 2006 providing an abbreviated schedule for responses and replies to the government's anticipated motion *in limine* arguing that documents prepared by government contractors constitute inadmissible hearsay.

PG&E appreciates the guidance provided by the Court during the May 4, 2006 telephone conference that the Court is "not looking for replies." More generally, PG&E is mindful that the Court's time is no less limited than the parties'. PG&E only intends to file replies where it believes such filings would materially assist the Court. Since the government has not responded to PG&E's other three motions *in limine* regarding witnesses, PG&E does not yet know if replies on those motions will be appropriate.

For the foregoing reasons, the government's motion to strike PG&E's reply on its motion to exclude testimony from Warren Brewer should be denied.

Dated: May 12, 2006

Respectfully submitted,

s/Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3173 Phone
(202) 261-4751 Fax
*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:
Robert L. Shapiro
Greenberg Traurig, LLP