No. 04-0074C,
into which has been consolidated No. 04-0075C
Judge Hewitt

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PACIFIC GAS & ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S DESIGNATIONS OF DEPOSITION AND TRIAL TESTIMONY AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-0897
Facsimile: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

SCOTT R. DAMELIN
SHARON A. SNYDER
JOSHUA E. GARDNER
MARIAN E. SULLIVAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

May 12, 2006

Attorneys for Defendant

TABLE OF CONTENTS

PAGE(S)

DISCUSSION .......... 2

I. PG&E HAS FAILED TO ESTABLISH AN INDEPENDENT BASIS FOR THE ADMISSION OF THE DESIGNATED TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2) .......... 2

II. PG&E HAS NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD .......... 9

A. PG&E Has Failed To Establish Good Cause For Using Deposition Designations *In Lieu* Of Live Testimony At Trial .......... 9

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony .......... 12

III. CERTAIN CATEGORIES OF PG&E'S PROPOSED DESIGNATIONS SHOULD BE DENIED AS INAPPROPRIATE DESIGNATIONS .......... 15

A. PG&E's Designations Run Afoul Of The Court's Order Concerning The Presentation Of Exhibits .......... 15

B. PG&E Has Designated Testimony Beyond The Scope Of Susan Klein's RCFC 30(b)(6) Deposition .......... 17

IV. NOTWITHSTANDING PG&E'S FAILURE TO DEMONSTRATE THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT SUBMITS ITS OBJECTIONS AND COUNTER-DESIGNATIONS .......... 20

CONCLUSION .......... 21

# TABLE OF AUTHORITIES

CASES PAGE(S)

Allegier v. United States,
909 F.2d 869 (6th Cir. 1990) .......... 18

American Steel Works v. Hurley Construction Co.,
46 F.R.D. 465 (D. Minn. 1969) .......... 13

Angelo v. Armstrong World Industrial,
11 F.3d 957 (10th Cir. 1993) .......... 10, 18

Banks v. Yokemick,
144 F. Supp. 2d 272 (S.D.N.Y. 2001) .......... 13

Breneman v. Kennecot Corp.,
799 F.2d 460 (9th Cir. 1986) .......... 3, 4

Coletti v. Cudd Pressure Control,
165 F.3d 767 (10th Cir. 1999) .......... 9, 12

Delaware v. Van Arsdall,
475 U.S. 673 (1986) .......... 15

Dhyne v. Meiners Thriftway, Inc.,
184 F.3d 983 (8th Cir. 1999) .......... 14

Evans v. Port Authority of New York & New Jersey,
192 F. Supp. 2d 247 (S.D.N.Y. 2002) .......... 4

Globe Savings Bank v. United States,
61 Fed. Cl. 91 (2004) .......... 2, 5, 13

Grimna v. Makousky,
76 F.3d 151 (7th Cir. 1966) .......... 13

Hill v. Speigel, Inc.,
708 F.2d 233 (6th Cir. 1983) .......... 4

King & King Enterprises v. Champlin Petroleum Co.,
657 F.2d 1147 (10th Cir. 1981), cert. denied, 454 U.S. 1164 (1982) .......... 9, 11

Kolb v. County of Suffolk,
109 F.R.D. 125 (E.D.N.Y. 1985) .......... 2, 12, 13

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Krause v. City of LaCrosse,
246 F.3d 995 (7th Cir. 2001) ........ 3

Long Island Savings Bank v. United States,
63 Fed. Cl. 157 (2004) ........ 2, 3, 5

Merrick v. Farmers Insurance Group,
892 F.2d 1434 (9th Cir. 1990) ........ 3

Napier v. Bossard,
102 F.2d 467 (2d Cir. 1939) ........ 13

Northwestern National Insurance Co. v. Baltes,
15 F.3d 660 (7th Cir. 1994) ........ 18

Renda Marine, Inc. v. United States,
66 Fed. Cl. 639 (2005) ........ 11

Robertson v. National Railroad Passenger Corp.,
No. 98-1397, 1999 WL 280407 (E.D. La. May 3, 1999) ........ 5

Shapiro, Lifschitz, & Schram, P.C. v. Hazard,
90 F. Supp. 2d 15 (D.D.C. 2000) ........ 5

Tallarico v. Trans World Airlines, Inc.,
881 F.2d 566 (8th Cir. 1989) ........ 4

United States v. Blum,
62 F.3d 63 (2d Cir. 1995) ........ 15

United States v. Holmes,
44 F.3d 1150 (2d Cir. 1995) ........ 15

United States v. Inadi,
475 U.S. 387 (1986) ........ 13

United States v. International Business Machines Corp.,
90 F.R.D. 377 (S.D.N.Y. 1981) ........ 11

United States v. Mathis,
559 F.2d 294 (5th Cir. 1977) ........ 13

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Williams v. Pharmacia, Inc.,
137 F.3d 944 (7th Cir. 1998) .......... 3

Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc.,
216 F.R.D. 521 (D. Utah 2003) .......... 13

Young v. James Green Management, Inc.,
327 F.3d 616 (7th Cir. 2003) .......... 5

Zaben v. Air Products & Chemicals, Inc.,
129 F.3d 1453 (11th Cir. 1997) .......... 4

RULES AND REGULATIONS

Fed. R. Evid. 106 .......... 20

Fed. R. Evid. 801(d)(2) .......... passim

1972 Advisory Committee Notes, Fed. R. Evid. 804(b)(1) .......... 14

MISCELLANEOUS

8A C. Wright, A. Miller, & R. Marcus,
Federal Practice and Procedure § 2142 (2d ed. 1994) .......... 14

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S DESIGNATIONS OF DEPOSITION AND TRIAL TESTIMONY AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

Defendant respectfully responds to "PG&E's Deposition And Trial Testimony Designations," filed on April 24, 2006. Plaintiff, Pacific Gas & Electric Company ("PG&E), has proffered extensive deposition and previous trial testimony of 13 past and present Government employees as substantive evidence.[1] PG&E has failed to make the required showing under Rule 801(d)(2) of the Federal Rules of Evidence ("FRE") that the testimony which it has designated properly may be considered to be the admission of a party opponent. PG&E also has not overcome the preference for live testimony and met its burden to "show cause" under RCFC App. A ¶ 15(b) as to why these designations should be allowed. Because the designated testimony is irrelevant, incomplete, or subject to extensive objections, PG&E should not be allowed to burden the record with its admission. To the extent that the Court allows PG&E's designations to become part of the record, in whole or in part, we respectfully request that the

[1] With its motion, PG&E seeks to introduce by designation the deposition and trial testimony of John Arthur, Lake Barrett, Alan Brownstein, Robert Campbell, Theodore Garrish, David Huizenga, Susan Klein, Christopher Kouts, Ronald Milner, Thomas Pollog, Nancy Slater, Victor Trebules, and David Zabransky. Three of these individuals, Messrs. Huizenga, Milner and Zabransky, are on PG&E's witness list, identified as witnesses that PG&E "may" call. See PG&E's Witness List, filed April 17, 2006. Messrs. Kouts, Pollog and Zabransky are on the Government's Witness List, and the Government plans to call these witnesses at trial.

Court rule upon the objections that are contained in the testimony designated by plaintiff, pursuant to RCFC 32(b), and consider the deposition testimony that the Government has counter-designated, pursuant to FRE 106. The list of these objections and our proposed counter-designations for some of the witnesses are found in Attachment A to this response.

## DISCUSSION

### I. PG&E HAS FAILED TO ESTABLISH AN INDEPENDENT BASIS FOR THE ADMISSION OF THE DESIGNATED TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)

In its motion, PG&E asserts that it need not comply with the requirements of RCFC 32(a) because all of the testimony that it has designated is admissible as the admissions of a party opponent, pursuant to FRE 801(d)(2).[2] PG&E relies upon the Court's decision in Globe Savings Bank v. United States, 61 Fed. Cl. 91 (2004), in which the Court held that a party need not show cause for the admission of deposition testimony, pursuant to RCFC 32(a), if the Federal Rules of Evidence, in particular the rule concerning admissions of a party opponent, FRE 801(d), provide an independent basis for the admission of the deposition testimony. Id. at 95 (2004);[3] Long

[2] We will discuss in the next section the reasons that, pursuant to RCFC 32, PG&E should not be permitted to submit deposition testimony in lieu of live testimony.

[3] To the extent that the Court agrees with the analysis in Globe, the factual difference between the instant case and Globe provides a proper basis for limiting the application of the analysis in Globe. The plaintiff in Globe was successful in offering into evidence portions of the deposition testimony of a single individual as the admission of a party opponent. Globe, 61 Fed. Cl. at 95. However, in this case, PGE seeks to admit the deposition and trial testimony of 13 individuals as substantive evidence. Other courts have recognized that deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb v. County of Suffolk, 109 F.R.D. 125, 127 (E.D.N.Y. 1985). PG&E's wholesale designation of deposition testimony, rather than providing proper trial testimony, amounts to a "trial by deposition," which is disfavored in the Federal courts. Id.

Island Savings Bank v. United States, 63 Fed. Cl. 157, 163 (2004). However, the Court in Globe and Long Island required a showing that the testimony that the plaintiffs sought to designate in each case properly met the requirements of FRE 801(d)(2) as an admission of a party opponent. PG&E has made no attempt to meet these requirements for much of the testimony that it has designated.

Rule 801(d)(2)(D) provides, in pertinent part, that a statement constitutes an admission of a party opponent if it is a statement by the party's employee "concerning a matter within the scope of the . . . employment:"

> Admission by a party-opponent. The statement is offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, . . .

Fed. R. Evid. 801(d)(2). "Rule 801(d)(2)(D) requires the proffering party to lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's [or servant's] employment." Breneman v. Kennecot Corp., 799 F.2d 460, 473 (9th Cir. 1986); see Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1440 (9th Cir. 1990) ("[a]s the proponent of the evidence, Merrick had the burden to demonstrate that these 'agents' statements 'concerned a matter within the scope of the agency'").

Not every statement made by any party employee constitutes an "admission" of that party. See Krause v. City of LaCrosse, 246 F.3d 995, 1002 (7th Cir. 2001) ("Rule 801(d)(2)(D) does not cast such a wide net" as to "hold a city accountable for statements made by any city employee" (emphasis added)). "The precise reach of Rule 801(d)(2)(D) is sometimes difficult to discern as there has been considerable debate about the justification for classifying vicarious admissions as non-hearsay." Williams v. Pharmacia, Inc., 137 F.3d 944, 950 (7th Cir. 1998).

Nevertheless, it appears that, at the very minimum, the individual employee must have at least some significant involvement in making or responsibility for the decision at issue:

> The Second Circuit has not specifically addressed the precise issue whether a statement by a co-worker relating the alleged statement of a supervisor with decision-making authority concerns a matter within the scope of the co-worker's employment, although one case held sub silentio that it does not. Other circuits to reach the issue, however, uniformly have determined that such statements are not within the scope of employment when the declarant neither is the plaintiff's supervisor nor has a significant role in the employment decision at issue.

Evans v. Port Auth. of N.Y. & N.J., 192 F. Supp. 2d 247, 263 (S.D.N.Y. 2002) (emphasis added); see Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1456-57 (11th Cir. 1997) (plaintiff could not testify to statements made to him by two co-workers to the effect that the company wanted to get rid of co-workers because co-workers had no supervisory or decision-making authority and they could not relay statements of unidentified superiors); Tallarico v. Trans World Airlines, Inc., 881 F.2d 566, 572 (8th Cir. 1989) (upholding, in tort suit brought by handicapped minor, refusal to admit derogatory remarks of airline employees as vicarious admissions where employees were non-management personnel who were not involved in decision to keep minor from boarding aircraft); Breneman, 799 F.2d at 473 (because "Breneman provided no evidence that either Maes or Pacheco were involved in Kennecott's discharge of Breneman," Breneman "failed to demonstrate that the proffered statements concerned a matter within the scope of the declarants' employment"); Hill v. Speigel, Inc., 708 F.2d 233, 237 (6th Cir. 1983) ("[t]he mere fact that each of these men was a 'manager' within the expansive Spiegel organization is clearly insufficient to establish that matters bearing upon [plaintiff's] discharge were within the scope of their employment").

In Globe and Long Island, the Court conducted an analysis of the testimony designated to ensure that it met the requirements of FRE 801(d)(2)(D). Globe, 61 Fed. Cl. at 96-97; Long Island, 63 Fed. Cl. at 164-65. Specifically, the Court required the plaintiffs to establish that: (1) the statements were made by the party, the United States, against whom the statements were being offered; (2) the subject matter of the testimony designated matched the "subject matter of the employee's job description;" and (3) all of the individuals for whom testimony was designated were employees of the United States Government at the time of their depositions. Id. (citations omitted). PG&E has failed to provide the Court with the evidence to make similar determinations regarding the extensive deposition testimony that it seeks to designate as admissions of a party opponent.

PG&E cannot seek to admit the testimony of Theodore Garrish pursuant to FRE 801(d)(2) because he was not a Federal employee at the time of his deposition. Deposition of Theodore Garrish, Sept. 23, 2005, 4:22-5:8 (Attachment B). Indeed, PG&E never tried to make a showing under RCFC 32(a). See Long Island, 63 Fed. Cl. at 165 (Court analyzed admission of deposition testimony pursuant to RCFC 32(a) because individual was not an employee of the Federal Government at the time of his deposition); Young v. James Green Mgt., Inc., 327 F.3d 616, 622-23 (7th Cir. 2003) (statements made by former employees of party, who were not employed by party at time of statement, cannot be party admissions under FRE 801(d)(2)(D)); Shapiro, Lifschitz, & Schram, P.C. v. Hazard, 90 F. Supp. 2d 15, 18 n.3 (D.D.C. 2000) ("affidavit does not qualify under the party admission exception in Fed. R. Evid. 801(d)(2)(D) because O'Riordan is a former employee"); Robertson v. National R.R. Passenger Corp., No. 98-1397, 1999 WL 280407, at *1 (E.D. La. May 3, 1999) ("statement issued by a former employee

after the employment ceases, is inadmissible under Rule 801(d)(2)(D)"). As a result, there is no basis for the admission of the designations from Mr. Garrish's deposition.

With respect to the remaining individuals who were Government employees at the time of their depositions or trial testimony, PG&E has failed to provide the necessary showing that the testimony which it has designated for admission falls within the scope of employment for the following: Robert Campbell, David Huizenga, Susan Klein, Christopher Kouts, Nancy Slater, Victor Trebules, and David Zabransky.[4] For example, with respect to the testimony of Mr. Campbell, PG&E has provided the Court with no evidence upon which to make the necessary determination that the subject matter of the designated testimony was within the scope of Mr. Campbell's employment. PG&E only has designated testimony that Mr. Campbell was employed by the Department of Energy ("DOE") from 1992 to 1995. Deposition of Robert Campbell, June 13, 2002, 9:4-10. PG&E has not designated testimony regarding Mr. Campbell's position or the scope of his responsibilities in that position. With respect to Susan Klein, PG&E only has designated Ms. Klein's testimony that her position was "senior policy advisor" to Mr. Lake Barrett, Deputy Director, Office of Civilian Radioactive Waste Management ("OCRWM"), and that she had held that position since 1997. PG&E provides no

[4] As explained below, the Government currently intends to call Messrs. Kouts and Zabransky to testify in our case-in-chief and, according to PG&E's April 17, 2006 witness list, PG&E may also call Mr. Zabransky. We have not identified counter-designations for Messrs. Kouts and Zabransky, or for another witness, Mr. Pollog, because they will be testifying at trial, and we believe that PG&E's designations should not be admitted for that reason. If the Court admits the designations for Messrs. Kouts, Pollog, and Zabransky, we respectfully request an opportunity to counter-designate testimony from those witnesses.

further testimony regarding the scope of Ms. Klein's responsibilities.[5] Similarly, PG&E has designated two excerpts from two of the three days of deposition testimony from Nancy Slater regarding the number of Delivery Commitment Schedule exchanges under the Standard Contract and DOE's anticipated treatment of exchange requests submitted for DOE's approval. PG&E has not, however, designated any testimony regarding Ms. Slater's position or her responsibilities that would allow the Court to determine that Ms. Slater's statements regarding exchanges should be considered to be within the scope of her employment. Without information regarding the subject matter encompassed by these individuals' positions in the Government, the Court is unable properly to determine that the statements which PG&E seeks to introduce as substantive evidence are within the scope of the employment of the individuals and, therefore, independently admissible pursuant to FRE 801(d)(2), and PG&E has failed to satisfy its burden of establishing the scope of employment or the relationship of the designated testimony to that scope of employment.

Significantly, PG&E's designations for the remaining five deponents (Messrs. Arthur, Barrett, Brownstein, Milner, and Pollog) demonstrate its understanding of the requirements of FRE 801(d)(2) and its obligation to establish that the individual was employed by the Government and the scope of that employment. For example, PG&E designated testimony from John Arthur that established that he was a DOE employee at the time of his deposition <u>and</u> established the scope of his responsibilities and those of his office, the Office of Repository

---

[5] PG&E may be relying upon the fact that Ms. Klein was a RCFC 30(b)(6) witness on four topics at the time of her deposition to provide the basis for the admissibility of her testimony. However, as our objections to the designations for Ms. Klein indicate, much of the testimony is beyond the scope of the RCFC 30(b)(6) notice, pursuant to which Ms. Klein's testimony was provided. This issue is addressed later in this motion.

Development. Deposition of John Arthur, Sept. 22, 2005, 8:20-9:15 and 10:9-11:20. Similarly, PG&E has designated testimony for Messrs. Barrett and Milner that established their employment by DOE in the positions of the Deputy Director and the Chief Operations Officer, respectively, for OCRWM. Barrett Deposition, Apr. 22, 2002, 10:21-11:5; Milner Deposition, May 1, 2002, 11:23-12:8. Nevertheless, where PG&E has designated some testimony discussing the scope of the individuals' employment, much of the designated testimony does not fall within the individuals' identified scopes of employment.[6] We have identified these deficiencies in Attachment A to this response. Given PG&E's failure to make any attempt to establish that scope of employment for seven witnesses, and given PG&E's inability to tie much of the designated testimony for the other five individuals to the identified scope of employment information, PG&E leaves the Court with no basis upon which to determine that the designations may be properly admitted pursuant to FRE 801(d)(2). As a result, PG&E's designations for these seven witnesses and Mr. Garrish, who was not a Federal employee at the time of his deposition, should not be admitted, and the disputed testimony identified in Attachment A for the remaining five witnesses should similarly not be admitted.

[6] For example, the Government objects to the designation of Mr. Brownstein's testimony as lacking foundation because one question asks about his understanding of the "efficiency of markets" and PG&E can make no showing that the subject matter of Mr. Brownstein's position encompassed anything about the "efficiency of markets." Deposition of Alan Brownstein, 106:16-107:13. Accordingly, PG&E has failed to establish a proper foundation for this testimony.

## II. PG&E HAS NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD

### A. PG&E Has Failed To Establish Good Cause For Using Deposition Designations *In Lieu* Of Live Testimony At Trial

Even where deposition testimony is otherwise found to be admissible at trial, "the admission of the deposition testimony still remains subject to the sound discretion of [the] trial court," which "'has a perfect right to limit the use of the material if [the deposition] is repetitious or immaterial.'" Coletti v. Cudd Pressure Control, 165 F.3d 767, 773 (10th Cir. 1999) (quoting King & King Enters. v. Champlin Petroleum Co., 657 F.2d 1147, 1163-64 (10th Cir. 1981), cert. denied, 454 U.S. 1164 (1982)). This power to control the admission of deposition testimony is "every bit as applicable" to a situation in which "the excluded depositions would have been similarly repetitive and unnecessary if [the submitting party had] exercised [its] power to call the available deponents to the stand," but declined to do so. Id. at 774 n.5.

PG&E has sought the admission of the testimony of 13 individuals from 22 days of deposition or trial, consisting of 284 additional transcript pages for the Court to consider. PG&E has made no showing that any of the witnesses whose deposition testimony it has designated are unavailable to testify at trial. Moreover, the testimony is irrelevant, incomplete, and replete with objections, all of which need to be ruled upon before the Court considers its substance. Because PG&E has failed to meet its burden to show why this testimony should be admitted, the Court should exclude it from the record.

Pursuant to paragraph 15(b) of Appendix A of the Court's rules, PG&E must show "good cause" for using designated deposition and trial testimony. See RCFC, App. A, ¶ 15(b) ("Any party intending to present substantive evidence by way of deposition testimony . . . *shall show*

*cause* why the deposition testimony should be admitted") (emphasis added)); see also Angelo v. Armstrong World Industrial, 11 F.3d 957, 963 (10th Cir. 1993) (proponent of using deposition testimony at trial bears the burden of proving that it is admissible in lieu of live testimony under Rule 32 of the Federal Rules of Civil Procedure). PG&E has failed to meet this burden.

In support of its motion, PG&E argues only that the Court should permit PG&E to designate this testimony as evidence in this case in order to "streamline the parties' trial preparation and reduce trial time and cost." PG&E Mot. at 1. However, this reason does not amount to sufficient "cause" to permit PG&E to designate a substantial amount of testimony that ultimately seeks an "end run" around the Court's order regarding the length of trial. The Court's February 18, 2005 scheduling order specifically states that "[t]rial will be held on Monday, June 5, 2006, through Friday, June 9, 2006, and on Monday, June 12, 2006, though Friday, June 16, 2006." Pursuant to this scheduling order, substantive evidence must be presented within the ten-day period set forth in the scheduling order. Although PG&E claims in its motion that it seeks to "reduce" its trial time by avoiding calling live witnesses, it is actually attempting to supplement its designated trial time. Further, and particularly to the extent that the Government will have to address some of the out-of-context designated statements in these deposition designations with live witnesses, PG&E's use of designations prejudices the Government by increasing the amount of live testimony that the Government will have to present.

Significantly, PG&E has designated testimony of three individuals – Messrs. Kouts, Pollog, and Zabransky – whom the Government expects to call in its case-in-chief. PG&E also

has designated the testimony of three individuals – Messrs. Huizenga, Milner,[7] and Zabransky – whom PG&E has indicated it "may call." If these individuals testify, as expected, PG&E will have burdened the record with additional testimony that could have been elicited during cross-examination. See Renda Marine, Inc. v. United States, 66 Fed. Cl. 639, 645 (2005) (citing United States v. Int'l Bus. Machs. Corp., 90 F.R.D. 377, 382 (S.D.N.Y. 1981)) (disregarding designated deposition testimony of witnesses who testified at trial); King & King, 657 F.2d at 1165 (affirming trial court's exclusion of deposition testimony where witness, when testifying at trial, could have been examined or cross-examined about prior deposition testimony). PG&E should not be allowed to designate testimony from witnesses who will testify at trial. However, to the extent that the Court allows it, PG&E should be barred from cross-examining these witnesses upon the topics that are the subject of PG&E's designations.[8] We further request that we be allowed an opportunity to counter-designate testimony for Messrs. Kouts, Pollog, and Zabransky to the extent that the Court permits PG&E to admit designations for these three individuals as substantive evidence.

[7] The Government has stated that we "may call" Mr. Milner. We currently are reviewing the need for live testimony from Mr. Milner and may move him to our "will call" list. As soon as this decision is made, we will advise counsel for PG&E.

[8] Because of PG&E's designations, this Court must review voluminous snippets of substantive testimony, replete with objections, as well as counter-designations, themselves replete with objections, and rule upon all objections, in order to admit the testimony into evidence. RCFC 32(d)(3)(A) ("Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if present at that time"). By submitting volumes of deposition testimony, PG&E not only attempts to supplement its trial time, but also will significantly increase the Government's out-of-trial work.

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony

PG&E proffers no evidence, and makes no suggestion, that any of the 13 witnesses whose deposition and trial testimony it has designated have been or are unavailable to testify at the trial in this case. The Government is prepared to assist in making all former and current Government witnesses who appear upon PG&E's proposed designation list available for trial, but, to date, we have received no inquiries from counsel for PG&E regarding the availability of these individuals for trial. Even deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb, 109 F.R.D. at 127; see Coletti, 165 F.3d at 773-74 (upholding district court's preference for live testimony and refusal to admit deposition testimony, even though deposition testimony was admissible under Fed. R. Civ. 32). PG&E should be required to present its case through live testimony at trial, and not avoid this obligation by forcing the Court and the Government to read and analyze hundreds of pages of proposed testimony in addition to the evidence that PG&E presents at trial.

PG&E's failure to make a showing of unavailability flies in the face of established precedent. The preference for live testimony, when available, has been well-established by the courts:

> In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court-declarant. See McCormick Evidence 2d § 244. The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath.

United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977). As the Supreme Court has explained, "former testimony often is only a weaker substitute for live testimony." United States v. Inadi, 475 U.S. 387, 394 (1986). "It seldom has independent evidentiary significance of its own, but is intended to replace live testimony. If the declarant is available and the same information can be presented to the trier of fact in the form of live testimony, with full cross-examination and the opportunity to observe the demeanor of the declarant, there is little justification for relying on the weaker version." Id.; see Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand") (quoting from Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person"). Live testimony is necessary to provide this Court with an opportunity to evaluate the witness' demeanor during the discussion of events in which the witness was involved.

Clearly, the reading of a deposition transcript does not serve as an adequate alternative to evaluation of the witness' testimony in person. See American Steel Works v. Hurley Construction Co., 46 F.R.D. 465, 470 (D. Minn. 1969) ("[t]he taking of a deposition is not equivalent to having 'live' testimony"); see also Grimna v. Makousky, 76 F.3d 151, 153 (7th Cir. 1966) ("strong preference of Anglo-American courts for live testimony"); Kolb, 109 F.R.D. at 127 ("when depositions are submitted in place of live testimony, the trial judge is denied the opportunity to question the witness . . . [c]learly, testimony by deposition is less desirable than

oral testimony and should be used as a substitute only under very limited circumstances."). The preference for live testimony is recognized in Rule 32 itself, which provides that the Court may allow deposition testimony to be introduced unless it finds "it is not in the interests of justice, *with due regard to the importance of presenting the testimony of witnesses orally in open court* . . . ." RCFC 32(a)(3)(E)(ii) (emphasis added).

The inquiry on the admissibility of deposition and trial transcripts under RCFC 32 is further informed by this "long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142, at 158 (2d ed. 1994) (discussing FRCP 32); see Fed. R. Evid. 804(b)(1), Advisory Committee Notes (1972) ("testimony given on the stand in person is preferred over hearsay," such as a witness' former testimony, and "tradition, founded in experience, uniformly favors the production of the witness if he is available" because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination"). "The practice [of requiring live testimony] cannot possibly cause unfair prejudice, because the party wishing to use deposition testimony can call the adverse witness live, impeach him with the deposition if necessary, and even question the witness using the exact same questions asked at the deposition." Dhyne v. Meiners Thriftway, Inc., 184 F.3d 983, 989-90 (8th Cir. 1999). PG&E's introduction into evidence of deposition and trial testimony designations deprives the Court of the opportunity to see witnesses respond to questions, explain their testimony, as well as respond to any questions asked by the Court. Because this Court possesses national jurisdiction and can summon witnesses to testify form throughout the United

States when necessary (RCFC 63), this Court should adhere to the strong preference for live testimony and deny PG&E's motion.

Finally, even if the Court in Globe is correct that deposition testimony satisfying the requirements of FRE 801(d)(2) is admissible even if the witness is available to testify, this Court retains the discretion to preclude wholesale introduction of the massive amounts of deposition testimony that PG&E proposes to introduce, which threaten to transform this case into a document review case without testimony. See RCFC 1. A party's right to present its case in the manner that it desires "must be balanced against a court's leave to set reasonable limits on the admission of evidence." United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). "[J]udges are accorded 'wide latitude' in excluding evidence that poses an undue risk of 'harassment, prejudice [or] confusion of the issues' or evidence that is 'repetitive or only marginally relevant.'" Blum, 62 F.3d at 67 (quoting Van Arsdall, 475 U.S. at 679); see United States v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995) ("[a]bsent a clear abuse of discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence"). Under the Rules, this Court possesses the clear authority to exclude the wholesale introduction of designated testimony, in place of live testimony.

## III. CERTAIN CATEGORIES OF PG&E'S PROPOSED DESIGNATIONS SHOULD BE DENIED AS INAPPROPRIATE DESIGNATIONS

### A. PG&E's Designations Run Afoul Of The Court's Order Concerning The Presentation of Exhibits

PG&E's designations are replete with testimony concerning documents that were identified as exhibits during the deposition or at trial. These designations are problematic because it is not clear from the designations what document is being discussed or whether a

proper foundation has been laid for the witness to testify about that specific document. For example, PG&E has designated Mr. Barrett's testimony about the statements contained in a document generated by a group within OCRWM that did not include Mr. Barrett covering studies that were undertaken by OCRWM:

> Q: Do you know what the, or are you familiar with the system study that is being referred to in this entry?
>
> A: Not this specific one.
>
> Q: Do you have a general understanding of the system study being referred to here?
>
> A: There were various studies done in the eighties and also in the very early nineties on system performance rate, you know, what the costs were, schedules were, plausibility of them.
>
> Q: And these system studies looked at system issues, correct?
>
> A: Yes.
>
> Q: And am I correct that each one of these studies to which you've just referred confirmed an acceptance rate, an aggregate acceptance rate of 3,000 MTU per year?
>
> A: I think its overstated to say it confirmed it. It showed that, you know, at 2,000 it does this, at 3,000 it does that, 4,000 it does something different. I don't know if they actually reached an absolute confirmation that 3,000 was the exact number, but generally they supported the system rate of 3,000 was a reasonable number.

April 22, 2002, 194:19-197:22. It is unclear whether the document that Mr. Barrett was being asked about or the "various system studies" to which Mr. Barrett referred will be made part of the trial record. By including these designations, PG&E is apparently trying to provide the Court with testimony about documents that the Court will not have the ability to review or evaluate.

Similarly, two of PG&E's designations for Mr. Zabransky concern Mr. Zabransky's testimony about the minutes of a meeting between PG&E and DOE to discuss the renegotiation of provisions of the Standard Contract. Zabransky deposition, Nov. 1, 2005, 129:19-130:9 and 132:18-135:10. The document referenced in these designations is on the Government's exhibit list and, therefore, would be more properly discussed with Mr. Zabransky at trial, rather than handled through the designation of testimony.

These designations do not comply with the Court's recent direction to the parties in this case regarding the number of exhibits allowed and the need to "specifically point out" with witnesses at trial the important portions of documents sought to be introduced. Order, at 2 (May 4, 2006). Thus, these designations do not provide the Court with the benefit of an explanation as to why the documents are important or, conversely, why the documents should be disregarded.[9] For these reasons, the designations that concern documents should not be admitted by the Court.

B. PG&E Has Designated Testimony Beyond The Scope Of Susan Klein's RCFC 30(b)(6) Deposition

Although PG&E has failed to establish that the designated testimony of Susan Klein falls within the scope of her employment, PG&E may argue that Ms. Klein's testimony should be admitted as the testimony of a RCFC 30(b)(6) deponent, pursuant to RCFC 32(a). RCFC 32(a) provides:

> The deposition testimony of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under RCFC 30(b)(6) . . . to testify

[9] When we have been able to discern that the designated testimony concerns a document that may or may not be identified in the testimony excerpted, we have lodged a "best evidence" objection. See Attachment A.

> on behalf of a . . . governmental agency which is a party may be used by an adverse party for any purpose.

RCFC 32(a)(2). The party seeking to introduce deposition testimony bears the burden of establishing that the deposition testimony complies with the requirements set forth in the Rules. See Angelo v. Armstrong World Indus., 11 F.3d 957, 963 (10th Cir. 1993); Allegier v. United States, 909 F.2d 869, 876 (6th Cir. 1990). If that burden is not satisfied, the designated deposition testimony must be excluded. Northwestern Nat. Ins. Co. v. Baltes, 15 F.3d 660 (7th Cir. 1994). As indicated by repeated objections during the deposition, much of Ms. Klein's designated testimony was beyond the scope of the RCFC 30(b)(6) deposition.

Ms. Klein was noticed to testify as a RCFC 30(b)(6) witness on the following matters:

> DOE's responses to DCS forms submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.
>
> DOE's consideration of its obligation to accept Greater-Than-Class-C waste.
>
> The date that DOE currently believes that it will begin accepting fuel under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins.
>
> The role and purpose of the provision on priority for shutdown reactors in the performance of the Standard Contract.

Klein Dep. Tr. April 24, 2002 at Ex. 1. Notwithstanding the limitations incorporated in the Notice of Deposition, PG&E now attempts to move into evidence testimony clearly beyond the scope of her notice to which the Government objected at the deposition. By its very nature, this evidence is inadmissible under RCFC 32(a), which provides for admission of deposition designations only "so far as admissible under the rules of evidence." In other words, testimony "beyond the scope" of the RCFC 30(b)(6) notice not only implicates admissibility of the

evidence pursuant to RCFC 32(a) and the Federal Rules of Evidence, but, in addition, raises a fundamental flaw in designation of her testimony under RCFC 32(a)(2) because the basis for the designation is her status as a RCFC 30(b)(6) witness. In this instance, the "beyond the scope" objections are not merely routine evidentiary objections, but are structural objections. This Court's consideration of any designated testimony beyond the scope of Ms. Klein's RCFC 30(b)(6) designations is improper.

A substantial portion of Ms. Klein's designated testimony is subject to this objection, as evidenced below:

> Q: Do you know when the last time the DOE used the acceptance rates in the 1995 ACR for planning purposes?
>
> MS. POWELL: <u>Object to beyond the scope.</u> You can answer to your personal knowledge.
>
> THE WITNESS: No, I don't.

Klein Dep. Tr. April 24, 2002 at 62:9-14 (emphasis added).

> Q: Do you agree that the Nuclear Waste Policy Act contemplated that process of siting, licensing, and constructing a repository would have been completed by January 1998?
>
> MS. POWELL: I object, <u>beyond the scope</u> and to the extent it calls for a legal conclusion. You can answer.

Klein Dep. Tr. April 24, 2002 at 172:7-13 (emphasis added).

> Q: All right. Now let me just ask you in general. Is one of the purposes of the total system life cycle cost reports to determine the total cost of the Nuclear Waste Disposal Program?
>
> * * *
>
> MS. POWELL: <u>Beyond the scope</u>[]
>
> * * *

> Q: And is one of the reasons that that's done to make a determination whether the fees that are being charged to the utilities are sufficient?
>
> * * *
>
> MS. POWELL: Same objection. []

Klein Dep. Tr. April 24, 2002 at 196:1-15 (emphasis added). The Court should not admit any testimony that it finds to have been beyond the scope of the RCFC 30(b)(6) depositions.

## IV. NOTWITHSTANDING PG&E'S FAILURE TO DEMONSTRATE THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT SUBMITS ITS OBJECTIONS AND COUNTER-DESIGNATIONS

If the Court allows the testimony designated by PG&E to become part of the record in this case, the Government respectfully requests that the Court first rule upon the objections to that testimony indicated in the portions of the testimony designated. RCFC 32(b). Thereafter, and to the extent that the Court admits any designated testimony, the Government requests that the Court allow the Government to counter-designate testimony from these same witnesses' past deposition and trial testimony. FRE 106. Further, to the extent that the Court allows PG&E to designate testimony for Messrs. Kouts, Pollog, and Zabransky, who are expected to testify at trial, the Government requests that the Court preclude any cross-examination by PG&E on the matters covered by those designations and allow the Government provide counter-designations for these individuals. The Government's objections to PG&E's designations are identified in Attachment A to this motion.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny the admission of the deposition and trial testimony designated by PG&E or, in the alternative, that the Court rule upon the objections and allow the Government to counter-designate testimony.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT R. DAMELIN
SHARON A. SNYDER
JOSHUA E. GARDNER
MARIAN E. SULLIVAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

May 12, 2006

Attorneys for Defendant

# ATTACHMENT A

DEFENDANT'S OBJECTIONS TO
PACIFIC GAS & ELECTRIC'S DESIGNATIONS AND COUNTER-DESIGNATIONS

**GUIDE TO OBJECTIONS**

| **OBJECTION** | **MEANING** |
|---|---|
| | |
| FOUNDATION | QUESTION SEEKS TESTIMONY THAT IS OUTSIDE OF WITNESS' PERSONAL EXPERIENCE OR OUTSIDE THE SCOPE OF EMPLOYMENT OR THE WITNESS' PERSONAL EXPERIENCE HAS NOT BEEN ESTABLISHED |
| LEGAL CONCLUSION | QUESTION CALLS FOR LEGAL CONCLUSION |
| SPECULATION | QUESTION SEEKS INFORMATION EITHER NOT BASED UPON WITNESS' KNOWLEDGE OR EXPERIENCE OR CONCERNS A HYPOTHETICAL |
| BEST EVIDENCE | TESTIMONY CONTAINS EXCERPTS FROM A DOCUMENT OR DISCUSSES A DOCUMENT, THE BEST EVIDENCE OF WHICH IS THE DOCUMENT ITSELF |
| VAGUE | MEANING OF TERMS WITHIN THE QUESTION ARE UNCLEAR |
| RELEVANCE | TESTIMONY IS NOT RELEVANT TO THE ISSUES TO BE DECIDED BY THE COURT |
| HEARSAY | TESTIMONY CONTAINS STATEMENTS MADE BY OTHERS |

**John Arthur**

Objections:

| Testimony | Objections |
|---|---|
| | |
| 82:20-83:9 | Foundation, speculation, vague |
| 84:8-85:16 | Foundation, vague, best evidence |
| 94:4-95:13 | Foundation, speculation, best evidence, vague |
| 102:14-104:7 | Vague, misstates prior testimony |
| 118:12-120:19 | Best evidence, vague |
| 136:5-137:6 | Best evidence, vague, relevance |
| 194:6-20 | Best evidence, vague, relevance, hearsay |
| 196:3-197:17 | Legal conclusion, best evidence, vague, relevance, hearsay |
| 202:21-204:6 | Vague, relevance |
| 228:14-228:28 | Best evidence, vague, relevance |

Counter-designations:

79:4-22
98:5-99:14
116:8-118:11
122:4-123:12
240:3-244:17
251:16-252:4
253:22-254:9
318:5-321:14

**Lake Barrett**

Objections:

| Testimony | Objections |
|---|---|
| **April 22, 2002** | |
| 52:2-59:11 | Foundation, legal conclusion, speculation, vague |
| 59:4-59:11 (TVA Trial 819:14-20)[1] | Foundation, speculation, vague |
| 116:16-122:6 | Legal conclusion, best evidence, foundation, vague, speculation |
| 149:5-21 | Foundation, best evidence, speculation, vague |
| 195:18-198:10 | Best evidence, foundation, speculation, vague |
| | |
| **April 23, 2002** | |
| 349:8-350:7 (TVA Trial 824:17-826:25) | Best evidence, foundation |
| | |
| **May 8, 2002** | |
| 1050:1-9 | Legal conclusion, foundation |
| | |
| **May 10, 2002** | |
| 1163:10-1166:7 | Legal conclusion, foundation, best evidence, vague |
| 1163:10-1164:5 (TVA Trial 833:20-834:13) | Best evidence, foundation, vague |
| 1164:16-1166:7 (TVA Trial 834:15-835:19) | Legal conclusion, foundation, best evidence |

[1] PG&E has designated "trial" testimony of Mr. Barrett from the trial conducted in Tennessee Valley Authority v. United States, Fed. Cl. No. 01-249C (Lettow, J.) ("TVA"). However, Mr. Barrett did not testify at trial in TVA. These designations in the trial record are the depositions designations that were read into the record. Several of these designations of "trial" testimony overlap with the designations from depositions.

| | |
|---|---|
| 1331:7-1333:16 (TVA Trial 835:21-838:3) | Foundation |
| 1333:4-1334:16 | Foundation, best evidence, vague |
| 1334:6-1335:2 (TVA Trial 838:5-25) | Foundation, best evidence |
| 1368:10-1371:21 | Foundation, best evidence, speculation |
| 1370:13-1371:14 (TVA Trial 843:22-844:23) | Foundation, best evidence, speculation |
| | |
| **May 14, 2002** | |
| 64:6-65:24 | Legal conclusion, vague, speculation |
| 68:3-13 (TVA Trial 850:23-851:8) | Legal conclusion, speculation, vague |
| 71:3-72:18 | Foundation, speculation |
| 120:22-121:10 | Foundation, vague |
| 120:22-121:10 (TVA Trial 852:6-857:19) | Foundation, vague[2] |
| 139:24-141:19 | Relevance |
| 174:7-177:19 | Speculation, vague |
| 178:3-12 | Legal conclusion, vague |
| | |
| **May 15, 2002** | |
| 339:13-340:6 | Vague |
| 395:18-397:10 | Legal conclusion, foundation, speculation |
| 400:9-17 | Legal conclusion, foundation, speculation |

[2] The duplicate testimony excerpted from the TVA trial transcript contains a typographical error on line 857:12. Rather than "which transcended to a level out . . .", the transcript of the deposition reads, "which transiented and leveled out . . .."

Counter-Designations:

**April 22, 2002**

38:14-15
43:13-49:1
65:10-69:19
80:10-81:1
83:7-84:5
116:14-117:18
149:5-150:5
242:16-249:19

**April 23, 2002**

427:14-435:2
442:19-445:5
461:14-465:9

**April 26, 2002**

742:14-743:1

**May 8, 2002**

939:13-940:8
953:21-955:14
965:18-966:15

**May 10, 2002**

1150:3-16
1333:4-16
1341:6-1342:14
1346:19-1348:14

**May 14, 2002**

126:1-139:23
141:144:8

**May 15, 2002**

340:7-20

## Alan Brownstein

Objections:

| Testimony | Objections |
|---|---|
| | |
| **May 23, 2002** | |
| 104:18-107:2 | Foundation, compound, vague, incomplete (answer continues to 107:13) |

Counter-Designations:

**April 10, 2002**

289:13-291:13

**April 11, 2002**

564:23-576:2

**May 23, 2002**

100:10-101:1
110:14-113:8
140:3-9

**June 14, 2002**

253:19-255:10

**Robert Campbell**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **June 13, 2002** | |
| 9:4-10:20 | Relevance |
| 150:12-152:24 | Foundation, speculation |
| 153:15-157:7 | Hearsay, relevance |
| 162:9-163:16 | Legal conclusion, best evidence |
| 165:12-167:8 | Best evidence, foundation, vague, incomplete (answer continues to 167:18) |
| 167:20-168:5 | Foundation, vague |
| 205:18-206:16 | Foundation, speculation |
| | |
| **June 14, 2002** | |
| 396:2-17 | Foundation, speculation |
| 416:10-23 | Foundation, speculation, vague |
| 444:7-445:3 | Legal conclusion, foundation |
| | |
| **January 29, 2003** | |
| 494:3-495:2 | Foundation, speculation, relevance |
| 544:1-545:16 | Relevance |
| 546:13-18 | Foundation, relevance |
| 606:18-610:23 | Foundation, speculation, best evidence, hearsay |
| 615:2-9 | Foundation, speculation, hearsay |

<u>Counter-designations</u>:

**June 13, 2002**

76:11-77:21
80:8-81:1
87:5-88:22
113:17-114:15

**June 14, 2002**

392:12-393:9
396:19-397:9
412:23-413:16

**January 29, 2003**

632:8-16

## Theodore J. Garrish

Objections:

| **Testimony** | **Objections** |
| --- | --- |
| | |
| **September 23, 2005** | |
| 65:16-66:13 | Best evidence, relevance |

Counter-designations:

**September 23, 2005**

4:22-5:8
61:14-63:1
63:14-65:15
67:22-68:7
85:2-13

## David Huizenga

Objections:

| Testimony | Objections |
| --- | --- |
| | |
| **August 10, 2004** | |
| 4514:19-4515:25 | Hearsay |
| 4525:6-4529:12 | Best evidence, foundation, relevance |
| 4535:16-4538:1 | Best evidence, foundation, relevance |
| 4560:23-4564:5 | Best evidence, foundation, relevance |

Counter-designations:

**August 10, 2004**

4370:14-4394:3
4543:3-4556:4
4567:11-20

**Susan Klein**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **April 24, 2002** | |
| 61:20-62:14 | Foundation (beyond the scope of RCFC 30(b)(6) notice), relevance |
| 172:7-14 | Legal conclusion, foundation (beyond the scope of RCFC 30(b)(6) notice) |
| 196:1-17 | Foundation (beyond the scope of RCFC 30(b)(6) notice) |
| 231:2-22 | Best evidence, relevance |
| 239:13-16 | Relevance |
| 246:14-247:4 | Relevance |
| 247:18-248:5 | Relevance |
| | |
| **April 25, 2002** | |
| 283:16-284:6 | Best evidence, relevance |
| 285:2-286:10 | Best evidence, relevance |
| 291:1-11 | Relevance, vague |
| 291:8-11 (TVA 874:10-13) | Relevance, vague |
| 340:17-342:3 | Relevance |
| 351:6-352:21 | Foundation (beyond the scope of RCFC 30(b)(6) notice), best evidence, relevance |
| 354:1-16 | Foundation (beyond the scope of RCFC 30(b)(6) notice), best evidence, relevance |
| 388:11-389:12 | Legal conclusion, foundation (beyond the scope of RCFC 30(b)(6) notice), best evidence, relevance |

| | |
|---|---|
| 495:21-499:20 | Hearsay |
| 524:17-525:8 | Foundation (beyond the scope of RCFC 30(b)(6) notice), speculation |

Counter-designations:

**April 24, 2002**

57:10-15

**April 25, 2002**

354:17-355:13
435:16-438:22
490:13-492:9

## Ronald A. Milner

Objections:

| Testimony | Objections |
|---|---|
| | |
| **May 1, 2002** | |
| 73:10-22 | Foundation, vague, legal conclusion |
| | |
| **May 3, 2002** | |
| 419:1-24 | Foundation |
| | |
| **May 8, 2002** | |
| 266:23-267:4 | Vague |
| 266:23-267:10 (TVA 870:5-17)[3] | Vague |
| | |
| **August 11, 2004** | |
| 4776:16-4750:6 (TVA 865:21-866:8) | Vague, relevance |
| 4776:20-4777:23 | Relevance |

Counter-designations:

**May 1, 2002**

27:23-28:6

[3] Mr. Milner did not testify at the TVA trial. PG&E has designated the portions of that trial transcript in which portions of Mr. Milner's testimony in Yankee Atomic or depositions was read into the record. As noted above, some of these designations are duplicative.

**May 2, 2002**

391:13-392:17

**May 3, 2002**

417:11-418:16
419:1-14
435:16-437:16
454:11-455:22
465:14-25
475:8-476:15
493:4-496:8

**May 8, 2002**

73:10-24
77:3-20
174:5-175:11

**August 11, 2004**

4792:24-4793:7

**Thomas Pollog**

Objections:

| Testimony | Objections |
|---|---|
| | |
| **April 11, 2002** | |
| 95:16-96:14 (TVA 916:22-918:6) | Foundation, best evidence, relevance |
| | |
| **August 4, 2004** | |
| 4087:20-4089:7 | Foundation, relevance |
| | |
| **March 29, 2005** | |
| 2027:12-18 | Relevance |
| 2031:4-23 | Legal conclusion, best evidence, vague |
| 2037:4-2039:3 | Best evidence |
| 2049:5-15 | Relevance |

**Nancy Slater**

Objections:

| **Testimony** | **Objections** |
| --- | --- |
| | |
| **April 22, 1999** | |
| 289:20-289:23 | Foundation |
| | |
| **June 13, 2002** | |
| 125:9-17 | Foundation, vague |

Counter-designations:

**April 21, 1999**

195:16-199:9

**April 22, 1999**

212:1-215:1
220:7-221:3
225:25-226:24

**June 13, 2002**

114:13-115:12
124:14-125:8

## Victor Trebules

Objections:

| Testimony | Objections |
|---|---|
| | |
| **April 19, 2002** | |
| 4:22-5:14 | Vague, as to the term "economically efficient", relevance |

Counter-designations:

**April 17, 2002**

16:2-17
42:10-45:17
52:11-54:4
76:17-77:22
97:1-103:22
113:18-116:14
122:10-124:18
146:12-148:1
180:7-186:22

**April 18, 2002**

268:4-270:8
272:10-274:14
302:10-306:16
381:5-382:14

125:20-127:13 (Yankee Atomic deposition)

**April 19, 2002**

5:21-8:19

**David Zabransky**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **August 5, 2004**[4] | |
| 4204:24-4205:13 | Foundation |
| | |
| **March 28, 2005** | |
| 1805:11-1813:20 | Best evidence, speculation, relevance, vague |
| 1913:26-1914:13 | Vague |
| | |
| **November 1, 2005** | |
| 12:6-20 | Best evidence |
| 21:13-23:8 | Best evidence |
| 129:19-130:9 | Best evidence |
| 132:18-135:10 | Best evidence |

[4] PG&E's list indicates that the date of Mr. Zabransky's testimony in Yankee Atomic Electric Co. v. United States, Fed. Cl. No. 98-126C (Merow, S.J.), as August 15, 2004. Mr. Zabransky testified on August 5, 2004.

# ATTACHMENT B

1IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br>Plaintiff,<br>vs.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-074C into which has been consolidated No. 04-075C |

Washington, D.C.

Friday, September 23, 2005

Deposition of:

THEODORE J. GARRISH

called for oral examination by counsel for Plaintiff, pursuant to notice, at Greenberg, Traurig, L.L.P., 800 Connecticut Avenue, Northwest, Suite 500, Washington, D.C., before Shari R. Broussard, a Notary Public in and for the District of Columbia, beginning at 10:32 a.m., when were present on behalf of the respective parties:

Page 2

On behalf of Plaintiff:
ROBERT L. SHAPIRO, ESQUIRE
JERRY STOUCK, ESQUIRE
Greenberg, Traurig, L.L.P.
800 Connecticut Avenue, Northwest
Suite 500
Washington, D.C. 20006
(202) 331-3173
On behalf of Defendant:
ALAN J. LO RE, ESQUIRE
HEIDE L. HERRMANN, ESQUIRE
U.S. Department of Justice
Civil Division
1100 L Street, Northwest
Washington, D.C. 20530
(202) 305-3315
ALSO PRESENT:
Jane Taylor, Esquire, Department of Energy

Page 3

CONTENTS


| EXAMINATION BY: | PAGE |
| --- | --- |
| Counsel for Plaintiff | 4 |

| GARRISH DEPOSITION EXHIBITS: * | PAGE |
| --- | --- |
| 1 Letter from Garrish to Johnson, 5/30/84 | 47 |
| 2 Civilian Radioactive Waste Management System Requirements Document, Revision 6 | 63 |


(*Exhibits attached to transcript.)

Page 4

WHEREUPON,
THEODORE J. GARRISH
called as a witness, and having first duly sworn, was examined and testified as follows:
EXAMINATION BY COUNSEL FOR PLAINTIFF
BY MR. SHAPIRO:
Q Would you state your name for the record, please.
A Theodore J. Garrish.
Q Mr. Garrish, my name is Robert Shapiro at Greenberg, Traurig. As you know, we're here for your deposition in the Pacific Gas & Electric Company spent fuel case.
Are you familiar with the deposition process or --
A I am.
Q -- do you need me to go over that?
Why don't we just start right in and try to finish as quickly as we can today. First I'd like to go over your background a little bit.
A Okay.
Q Why don't we move backward through that

Page 5

and start with where you're employed now.
A I'm employed with CH2M Hill currently.
Q When did you start with CH2M Hill?
A I think it was about June 1st of this year.
Q What's your position there?
A I'm a Vice-President for Federal Operations and Strategy.
Q And what do you do as Vice-President for Federal Operations and Strategy?
A Mainly business development.
Q What sort of business are you trying to develop?
A Well, I'm not really willing to get too far down this path. I mean I'm here to talk about my Federal service, not what I'm doing now.
Q Well, I'm trying to get a sense of whether it's relevant or not.
What sort of business are you trying to develop for CH2M Hill?
A If we're going to get into CH, we're going to have to have other people here, so --

CERTIFICATE OF FILING

I hereby certify that on this 12th day of May 2006, a copy of foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S DESIGNATIONS OF DEPOSITION AND TRIAL TESTIMONY AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.