# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: May 14, 2006)

PACIFIC GAS AND ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

Before the court is Pacific Gas & Electric's Second Motion to Compel the Production of Documents Withheld Under the "Deliberative Process" Privilege (Pl.'s Mot. or Motion). Pursuant to Rule 37(a)(2) of the Rules of the Court of Federal Claims (RCFC), plaintiff moves the court "to compel the government to produce 209 responsive documents that the government continues to withhold from disclosure due to its 'deliberative process' privilege claims." Pl.'s Mot. at 2. For the foregoing reasons, plaintiff's Motion is GRANTED-IN-PART and DENIED-IN-PART.

In the court's Order of April 27, 2006, the court provided brief analyses of various descriptions of documents provided in the ex parte affidavits submitted to the court on April 11, 2006 for the purpose of permitting the parties to analogize the examples to disputed documents not mentioned in the court's April 27, 2006 Order and thereby to resolve any further discovery disputes involving the deliberative process privilege that may have arisen. 4/27/06 Order at 8. The parties were also ordered to confer in an effort to resolve any such disputes using the guidance provided by the court's April 27, 2006 Order. Id. Nevertheless, despite the court's guidance, the parties were unable to come to an agreement with respect to 209 documents that plaintiff now seeks to be produced. The court now proceeds to address each of these documents as categorized in plaintiff's

Motion to determine whether plaintiff has made "'a showing of evidentiary need . . . that outweighs the harm that disclosure of such information may cause to the defendant.'"[1] Pac. Gas & Elec. Co. v. United States (PG&E), No. 04-74C, 2006 U.S. Claims LEXIS 63, at *17 (Fed. Cl. Mar. 14, 2006) (quoting Alaska v. United States, 16 Cl. Ct. 5, 11 (1988)); see also Marriott Int'l Resorts, L.P. v. United States, 437 F.3d 1302, 1304, 1307 (Fed. Cir. 2006) ("[A] showing of compelling need can overcome the qualified deliberative process privilege.").

I. Documents Which the Government has Agreed to Produce Based on the Court's April 27, 2006 Order

In a letter written to plaintiff on May 10, 2006, defendant states that it "will not contest" the production of a number of documents that it believes to "have a similar subject matter to those that the [c]ourt ordered [defendant] to produce in its April 27, 2006 [O]rder." Pl.'s Mot. Ex. D at 2. Defendant states that, "[b]ecause [it] do[es] not want to create any opportunity for any SNF plaintiff, or any plaintiff in other current or future litigation with [the Department of Energy (DOE)], to have any grounds for arguing that the [g]overnment somehow waived any privilege claims relating to the rate of acceptance, we request that [plaintiff] ask the [c]ourt for an order compelling the production of these documents." Id. at 2-3. Accordingly, plaintiff has requested the court to enter an order compelling the production of these documents. Pl.'s Mot. at 3. The court agrees to this request. Defendant is hereby ORDERED to PRODUCE to plaintiff Document Nos.[2] 118, 119, 122, 124, 125, 127, 135, 138, 140, 143, 145, 146, 188-89, 190-96, 202-03, 205, 207-08, 212-16, 220, 224, 226, 233, 236, 238, 240-46, 248-49, 54, 256, 262, 264, 266-70, 272, 274-84, 287, 290, 311, 313, 319, 322, 333-36, 341, 346, 348, 350, 361, 363–66 and 378.[3]

---

[1]The court has reviewed in camera the following documents and also has the government's responses to plaintiff's requests to produce the following documents in the form of letters written to plaintiff that post-date the court's April 27, 2006 Order. See Pl.'s Mot. Exhibit (Ex.) B, C, and D. Accordingly, the court does not require a response to plaintiff's Motion in order to make its final determinations with respect to the deliberative process privilege.

[2]All document numbers refer to those from the Table of Challenges in the Appendix to PG&E's Motion.

[3]Every document ordered to be produced by this Order shall be subject to the Protective Order issued by the court on April 21, 2005. However, for the purposes of this Order, the court AMENDS the Protective Order to limit the disclosure and/or use of all documents mentioned in this Order to the attorneys for the plaintiffs in this litigation only, rather than, as stated in the
(continued...)

II. Documents Related to GTCC Waste

In the court's April 27, 2006 Order, the court stated that it agreed that:

> if defendant takes a "litigation position" in this case that the continued storage of GTCC waste at PG&E's storage facilities after January 31, 1998 "would obviate or reduce damages" claimed by plaintiff, then plaintiff's evidentiary need for production of documents related to GTCC waste and described in the Virgilio Declaration, the Marcinowski Declaration, or any other declaration before the court, see, e.g., Milner Decl. at 29, would potentially outweigh defendant's interest in maintaining the confidentiality of these documents. However, as of the date of this Order, the court is not aware that defendant has indicated such a "litigation position" in this case.

4/27/06 Order at 13. Defendant has since taken such a "litigation position." See Defendant's Memorandum of Contentions of Fact and Law at 66-67. Accordingly, and for the reasons stated in plaintiff's Motion, see Pl.'s Mot. at 7-14, the court agrees that plaintiff's evidentiary need for the production of documents related to GTCC waste outweighs defendant's interest in maintaining their confidentiality.[4] The court's examination in camera of these documents supports this finding. Defendant is hereby ORDERED to PRODUCE to plaintiff Document Nos. 2, 12-13, 16-18, 51-53, 55-59, 62-68, 71-77, 80-103, 186-187, 289, 300-301, 384-386, 391-392, 396, 400-434, 436-459, 462 and 464. Accord Order of August 25, 2003 in Yankee Atomic Electric Co. v. United States, No. 98-126C ("Thus, the Government's plans with respect to its obligation . . . to dispose of GTCC, must be fully disclosed to enable the court to make a finding(s) on the

---

[3](...continued)
Protective Order, the "attorneys for plaintiffs in the spent nuclear fuel cases," 4/21/05 Order ¶ 5.

[4]The court has noted defendant's letter to plaintiff that refers to these documents, see Pl.'s Mot. Ex. B at 2-4, and the court disagrees with the defendant's assessment of the potential relevance of the documents listed to this litigation. Although many of the documents are "deliberative" and "predecisional," almost all of them address various aspects of the government's plans for the handling of GTCC waste, information that is vital to making "an evidentiary finding as to whether GTCC material will be left on a reactor site after [SNF] and/or [HLW] is removed," Order of August 25, 2003 in Yankee Atomic Electric Co. v. United States, No. 98-126C, as well as making an evidentiary finding as to whether the Standard Contract covers GTCC waste, see Pl.'s Mot. at 7.

validity of this defense defendant asserts. It appears there may only be inchoate plans, or recommended plans, but it is concluded that unless defendant abandons its GTCC defense against monetary claims in this matter, there exists a compelling necessity for the production of all documentation which can contribute to an evidentiary finding as to whether GTCC material will be left on a reactor site after [SNF] and/or [HLW] is removed.") (emphasis added).

III. Documents Related to the Government's Rate of Acceptance

In the court's April 27, 2006 Order, the court stated that

> documents regarding the potential rate of acceptance by the government of SNF from nuclear utilities – which could be helpful in determining the rate of acceptance the government would have used had it began to perform the Standard Contract on January 31, 2006 – are highly relevant to this litigation and . . . there may be no other way for plaintiff to obtain evidence that serves the same purpose as these documents.

4/27/06 Order at 15. Accordingly, and for the reasons stated in plaintiff's Motion, see Pl.'s Mot. at 14-17, the court finds that all documents which relate to the potential rate of acceptance by the government of SNF from nuclear utilities should be produced. After examining in camera the 20 documents that plaintiff identifies as "clearly involv[ing] what the [c]ourt has termed the 'highly relevant' rate of acceptance issue," Pl.'s Mot. at 17, the court agrees that the plaintiff's evidentiary need for these documents, listed in footnote three of plaintiff's Motion, outweighs defendant's interest in maintaining their confidentiality. However, after examining in camera the 54 documents that plaintiff identifies as being potentially "'helpful in determining the rate of acceptance the government would have used had it began to perform,'" Pl.'s Mot. at 20 (quoting 4/27/06 Order at 14-15), the court does not find that plaintiff's evidentiary need for these documents, listed in footnote 4 of plaintiff's Motion, outweighs defendant's interest in maintaining their confidentiality. For the foregoing reasons, defendant is hereby ORDERED to PRODUCE to plaintiff Document Nos. 132, 167, 170, 223, 255, 285, 286, 320, 323-327, 330, 340, 347, 349, 362, 381 and 260.

IV. Documents Related to the DOE's Annual Capacity Report/Annual Priority Report and the Delivery Commitment Schedules Related Thereto

After examining in camera Document Nos. 387-390 and 368, which plaintiff describes as "highly relevant," Pl.'s Mot. at 22, the court finds that plaintiff's evidentiary need for these documents does not outweigh defendant's interest in maintaining the

confidentiality. The court agrees with defendant that "[t]hese documents are not relevant to this litigation." Pl.'s Mot. Ex. D at 9.

V. Documents Related to the DOE's Adoption of a "Market-Driven Acquisition Approach" for the Office of Civilian Radioactive Waste Management

After examining in camera Document Nos. 108 and 109, which plaintiff describes as "highly relevant to the rate and schedule issue," Pl.'s Mot. at 23, the court finds that plaintiff's evidentiary need for these documents does not outweigh defendant's interest in maintaining their confidentiality. The court agrees with defendant that these documents are not relevant to this litigation. See Pl.'s Mot. Ex. D at 6.

VI. Document Related to Spent Fuel Storage Costs

After examining in camera Document No. 123, which plaintiff describes as "address[ing] a key disputed issue in this case," Pl.'s Mot. at 24, the court agrees and finds that plaintiff's evidentiary need for this document outweighs defendant's interest in maintaining its confidentiality. Accordingly, defendant is hereby ORDERED to produce to plaintiff Document No. 123.

VII. Documents Related to DOE Proposals to Modify or Amend the Spent Fuel Contracts

After examining in camera Document Nos. 367 and 369, which plaintiff describes as highly relevant, see Pl.'s Mot. at 24, the court finds that plaintiff's evidentiary need for these documents does not outweigh defendant's interest in maintaining their confidentiality. The court agrees with defendant that these documents are "irrelevant to this litigation." Pl.'s Mot. Ex. D at 5.

VIII. Documents Over Which Defendant Asserts Attorney-Client Privilege Because They are "Under Legal Review"

Plaintiff requests the court to reject defendant's assertion of attorney-client privilege over documents not authored by a lawyer that defendant claims merely to be "under legal review." Pl.'s Mot. at 25. Plaintiff has previously chosen not to contest defendant's assertion of attorney-client privilege or work product protection over the 92 documents over which defendant has also claimed the deliberative process privilege. See PG&E's Opposition to Motion for Reconsideration at 13. Accordingly, the court has ruled that:

> defendant shall not be required to produce any portion of the 92 documents as to which a privilege in addition to the deliberative process privilege, i.e., attorney-client privilege or work product protection, was asserted and not challenged. However, to the extent that this Order – either directly or through its guidance – resolves in plaintiff's favor the question of whether defendant may continue to protect any of these 92 documents under the deliberative process privilege, defendant shall PRODUCE to plaintiff the documents with the attorney-client or work product material redacted.

4/27/06 Order (citations omitted). That Order remains in full force and effect. To the extent that the court has ordered any of these 92 documents to be produced in this Order, see supra Parts I-VI, defendant is entitled to produce these documents with the attorney-client or work product material redacted. The court declines to review in camera each and every document that defendant describes as "under legal review" to determine if it should be protected by the attorney-client privilege. Indeed, defendant has redacted small portions of some of the documents which plaintiff now challenges in its submission to the court for in camera review, see, e.g., Document No. 202, and therefore the court cannot ascertain whether the small amount of material redacted should in fact be privileged. When making these submissions, defendant stated that:

> because PG&E has represented that it does not intend to challenge the Government's assertions of [attorney-client] privilege, we have begun, but not completed, the process of attempting to redact privileged information from those 92 documents. To the extent that we have been able to redact particular documents from the list of 92 identified in our motion for reconsideration, we have done so before submitting the documents to the [c]ourt, both to minimize the time that the [c]ourt needs to expend reviewing particular documents and to reduce the amount of privileged material that we are presenting to the [c]ourt.

Attachment to Court Document No. 190, at 2. The court declines to revisit defendant's unchallenged assertions of the attorney-client privilege at this late date.

IX. Conclusion

For the foregoing reasons, plaintiff's Motion is GRANTED-IN-PART and DENIED-IN-PART. Defendant is hereby ORDERED to produce to plaintiff, on or before Wednesday, May 17, Document Nos. 118, 119, 122, 124, 125, 127, 135, 138, 140, 143, 145, 146, 188-89, 190-96, 202-03, 205, 207-08, 212-16, 220, 224, 226, 233, 236, 238, 240-46, 248-49, 54, 256, 262, 264, 266-70, 272, 274-84, 287, 290, 311, 313, 319, 322,

333-36, 341, 346, 348, 350, 361, 363–66, 378, 2, 12-13, 16-18, 51-53, 55-59, 62-68, 71-77, 80-103, 186-187, 289, 300-301, 384-386, 391-392, 396, 400-434, 436-459, 462, 464, 132, 167, 170, 223, 255, 285, 286, 320, 323-327, 330, 340, 347, 349, 362, 381, 260 and 123.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge