# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: May 17, 2006)

PACIFIC GAS AND ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

The court has before it PG&E's Deposition and Trial Testimony Designations (Desig. or Designations) and Defendant's Opposition to Plaintiff's Designations of Deposition and Trial Testimony as Substantive Evidence Pursuant to RCFC 32(a) and Federal Rule of Evidence 801(d)(2) (Resp. or Response). Plaintiff states that, "[b]ecause this testimony was elicited from government agents and employees, it is admissible as substantive evidence pursuant to Fed. R. Evid. 801(d)(2) as admissions by a party opponent." Desig. at 1. Therefore, according to plaintiff, its designations should be admitted into evidence "in advance of trial because doing so will streamline the parties' trial preparation and reduce trial time and cost." Id. In its Response, defendant summarizes its argument as follows:

> PG&E has failed to make the required showing under Rule 801(d)(2) of the Federal Rules of Evidence . . . that the testimony which it has designated properly may be considered to be the admission of a party opponent. PG&E also has not overcome the preference for live testimony and met its burden to "show cause" under [Rules of the Court of Federal Claims (RCFC) Appendix (App.)] A ¶ 15(b) as to why these designations should be allowed. Because the designated testimony is irrelevant, incomplete, or

> subject to extensive objections, PG&E should not be allowed to burden the record with its admission.

Resp. at 1.

In order further to prepare for the pre-trial conference to be held on Tuesday, May 23, 2006, it would be helpful to the court for plaintiff to reply to the arguments set forth in defendant's Response. Accordingly, the court hereby ORDERS plaintiff to file a reply to defendant's Response on or before 3:00 p.m. E.D.T. on Monday, May 22, 2006. Plaintiff's reply shall only address the arguments made in the body of defendant's Response and not those made in Attachments A or B to defendant's Response.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge