IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically on May 18, 2006

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-0074C, into which has been consolidated No. 04-0075C<br>(Judge Hewitt) |

PG&E'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to RCFC 6 and 6.1, PG&E respectfully moves for a one day enlargement of time, through May 19, 2006, within which to file its response contemplated by the Court's Order of May 4, 2006, to the government's motion filed three days ago concerning "contractor" documents. PG&E's motion is otherwise due today. The Court has not enlarged the time for this motion previously. The government's counsel has informed PG&E's counsel that the government does not oppose this motion.

Most of the contractor documents at issue here were also designated as exhibits in the *Yankee Atomic* case. Because the government filed a similar motion to preclude these documents in that case and because Judge Merow denied that motion and ruled, in a lengthy opinion thoroughly treating the issue, that all contractor documents are admissible under Federal Rule of Evidence ("FRE") 803(8)(A), *Yankee Atomic Elec. Co. v. United States*, 2004 WL 2450874 (Fed. CL. 2004), PG&E believed it could meet the very short three-day time limit imposed by the Court here for a response to imposed by the Court. Upon review, however, PG&E realized that although Judge Merow ruled forcefully and comprehensively on the Rule

803(8)(A) issue – which alone is sufficient to admit the contractor documents – he concluded, with respect to admissibility of these contractor documents as admissions "authorized" by the government under FRE 801(d)(2)(C), that "[w]hile plaintiffs' position in this regard is not without support, the court need not reach the separate admissibility of contractor documents under rule 801."

PG&E will urge this Court to follow Judge Merow's ruling under FRE 803(8)(A), but because the government's motion here also repeats its meritless arguments concerning FRE 801(d)(2)(C), PG&E needs one additional day in order to provide this Court appropriate briefing on that issue as well. Even with this enlargement, PG&E's response will be submitted in time to address these issues (if necessary) at the pretrial conference next Tuesday, and indeed even with this one-day extension PG&E's response will be filed a couple of days before its reply to the government's objections to PG&E's deposition and trial testimony designations, which the Court directed PG&E to file next Monday May 22, by 3 p.m. *See* Order of May 17, 2006.

For these reasons, the Court should grant PG&E an enlargement of time of one additional day to file its response to the government's contractor document motion.

Dated: May 18, 2006

Respectfully submitted,

s/ Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Ave, NW Ste 500
Washington, D.C. 20006
(202) 331-3173
(202) 261-4751 fax
Counsel for Plaintiff
Pacific Gas & Electric Company

Of Counsel:
ROBERT L. SHAPIRO
Greenberg Traurig, LLP