IN THE UNITED STATES COURT OF FEDERAL CLAIMS

(Electronically Filed, May 22, 2006)

PACIFIC GAS & ELECTRIC COMPANY,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 04-074C, into which has been consolidated No. 04-075C

(Judge Hewitt)

**RESPONSE TO THE GOVERNMENT'S OPPOSITION TO PACIFIC GAS & ELECTRIC'S DESIGNATIONS OF DEPOSITION AND TRIAL TESTIMONY AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)**

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 fax
*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:

ROBERT L. SHAPIRO
Greenberg Traurig, LLP

TABLE OF CONTENTS


I. THIS COURT HAS REPEATEDLY HELD, AND THE GOVERNMENT HAS ONCE AGAIN IGNORED, THAT PARTY-OPPONENT ADMISSIONS FALL OUTSIDE THE HEARSAY RULE AND THEREFORE ARE ADMISSIBLE REGARDLESS OF THE AVAILABILITY OF THE WITNESS OR ANY OTHER SUCH "FOR CAUSE" FACTORS ........ 2

II. ALL OF THE WITNESSES WERE GOVERNMENT EMPLOYEES AT THE TIME OF THEIR TESTIMONY AND ALL OF THEM TESTIFIED AS TO SUBJECTS WITHIN THE SCOPE OF THEIR EMPLOYMENT ........ 5

A. There Can Be No Dispute Concerning The Employment Status And Scope Of Testimony For The Witnesses Common To The *Yankee Atomic* Case And This Case ........ 6

B. The Record Makes Clear That The Other Witnesses' Testimony Satisfy The Requirements Of Status And Scope Of Employment ........ 6

III. FAIRNESS, COMMON SENSE, JUDICIAL EFFICIENCY AND TRIAL PRACTICALITIES SUPPORT THE ADMISSIONS OF THIS DESIGNATED TESTIMONY ........ 9

IV. CONCLUSION ........ 11

## INDEX TO APPENDICES

Order Dated September 21, 2004, *Yankee Atomic Electric Co. v. United States*, No. 98-126 .......... A1-10

Supplemental Deposition and Trial Testimony Designations .......... B1-2

Deposition and Trial Transcript Excerpts .......... B3-20

# TABLE OF AUTHORITIES

CASES PAGE

*Coughlin v. Capitol Cement Co.*, 571 F.2d 290 (5th Cir. 1978) .......... 4

*First Commerce Corp. v. United States*, 60 Fed. Cl. 570 (2004) .......... 9

*In re Hayes Lemmerz Int'l*, 2006 WL 802787 (Del. Bankr. Ct. March 28, 2006) .......... 5

*Kolb v. County of Suffolk*, 109 F.R.D. 125 (E.D.N.Y. 1985) .......... 5

*Long Island Savings Bank, FSB v. United States*, 63 Fed. Cl. 157 (2004) .......... 4, 5, 12

*New Hampshire v. Maine*, 532 U.S. 742 (2001) .......... 9

*The Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91 (2004) .......... *Passim*

*Weaver-Bailey Contractors, Inc. v. United States*, 19 Cl. Ct. 474 (1990) .......... 4

*Yankee Atomic Elec. Co. v. United States*, No. 98-126
(Order, Fed. Cl. Sept. 21 2004) .......... *Passim*

RULES

Fed.R.Evid. 801(d) .......... 2, 4, 11, 12

Fed.R.Evid. 801(d)(2) .......... 5

Fed.R.Evid. 801(d)(2)(D) .......... 2

Fed.R.Evid. 802(a) .......... 7

RCFC 32(a) .......... 4, 11

RCFC 32(a)(2) .......... 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-074C, into which has been consolidated No. 04-075C<br><br>(Judge Hewitt) |

RESPONSE TO THE GOVERNMENT'S OPPOSITION TO PACIFIC GAS & ELECTRIC'S DESIGNATIONS OF DEPOSITION AND TRIAL TESTIMONY AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

The government's "opposition" to PG&E's deposition and trial testimony designations is a remarkable document. It contains numerous incorrect and misleading statements of law and fact, and it either ignores completely or cavalierly dismisses rulings by other Judges in this Court concerning, in large part, the exact same issues, witnesses, and testimony. The government's opposition also ignores the practicalities of trial practice, particularly in the context here where more than 50 similar spent fuel damages cases are pending before the Court, all of which involve the same witnesses and testimony as are involved in this case.[1]

[1] Pursuant to the Court's May 17, 2006 Order (Document 247), PG&E does not respond in this submission to the government's objections to specific testimony designated by PG&E, nor to the government's counter-designations, both of which are noted in page 20 and Attachment A to the government's brief. If the Court so requests, PG&E's counsel will be prepared to address the government's objections and counter-designations during the pre-trial conference scheduled for May 23, 2006.

## I. THIS COURT HAS REPEATEDLY HELD, AND THE GOVERNMENT HAS ONCE AGAIN IGNORED, THAT PARTY-OPPONENT ADMISSIONS FALL OUTSIDE THE HEARSAY RULE AND THEREFORE ARE ADMISSIBLE REGARDLESS OF THE AVAILABILITY OF THE WITNESS OR ANY OTHER SUCH "FOR CAUSE" FACTORS

The government fails to advise the Court that in *Yankee Atomic Elec. Co. v. United States*, No. 98-126 (Order dated Sept. 21, 2004) (Judge Merow) (attached in App. A1-10): (i) the vast majority of PG&E's testimony designations in this case were also designated by the plaintiffs in *Yankee Atomic*; (ii) the government opposed those designations on essentially the same grounds as those it re-argues at length here; and (iii) those very same arguments advanced by the government in *Yankee Atomic* were thoroughly and soundly rejected by Judge Merow.

Like here, the plaintiffs in *Yankee Atomic* designated testimony as admissible evidence under Fed.R.Evid. 801(d) on the grounds that it was party-opponent admissions, *i.e.,* admissions by employees of the government. On every issue presented, Judge Merow ruled in favor of admitting the designated testimony. First, "Rule 801(d) . . . is specifically excepted from the 'cause' requirement for admission of a deposition excerpt." *Yankee Atomic*, September 21, 2004 Order at 7. Second, the "[government's] reliance on the preference for live testimony was recently rejected in *Globe Savings*, where the court stated that availability of a witness to present live testimony was irrelevant to the admissibility of party-opponent admissions." *Id.* at *8 (quoting *The Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 95 (2004)). Third, with respect to testimony designations for the government's 30(b)(6) corporate designee, regardless of scope issues, "her testimony . . . is independently admissible as a party admission under Fed.R.Evid. 801(d)(2)(D)." *Yankee Atomic*, September 21, 2004 Order

at *3. Fourth, the deposition testimony of two high-ranking DOE officials "is admissible 'for any purpose' under RCFC 32(a)(2) because these individuals were 'at the time of taking the deposition . . . an officer, director or managing agent' of a defendant." *Id.* at **3-4. Fifth, the government witnesses all provided testimony concerning matters within the scope of their employment with the government and made while they were employed by the government. *Id.* at **6-9. Sixth, the use of designated testimony and the Court's consideration of objections to specific testimony, does cause undue burden on the Court or necessarily lengthen the trial. *Id.* at *9. Seventh, the government was not otherwise prejudiced by the admission of this testimony because it "was on notice of the designations and could have responded either by calling the witness during [the government's] case or filing counter-designations (which was done here)." *Id.* Eighth, the government's objections to specific testimony can be addressed "in the context of any proposed finding" where "those objections will receive appropriate consideration." *Id.* at **3, 9.

Significantly, many of the government witnesses whose testimony was designated in *Yankee Atomic* and who were the focus of Judge Merow's ruling are also the subject of PG&E's proposed designated testimony. They are: Susan Klein, Lake Barrett, Ronald Milner, Robert Campbell, Alan Brownstein, Nancy Slater, and Victor Trebules. PG&E designates the same type of testimony, which relates to the same topics as those involved in the plaintiffs' designations in *Yankee Atomic*. In fact, for some of the witnesses, PG&E has designated the exact same testimony from the exact same proceeding as was designated by the plaintiffs in *Yankee Atomic*. Put simply, there are no differences or meaningful changes in testimony from these witnesses as between these two cases.

Accordingly, Judge Merow's well reasoned decision remains on point and should be followed by this Court.

Although Judge Merow's ruling is not technically binding here, it would be completely untenable and unfair to have the very same admissions of government witnesses accepted as substantive evidence in one spent fuel case and rejected in others, especially considering that the issues on which the government's admissions relate (generally, the so-called rate of acceptance and schedule issues) are largely the same in all the cases.

Judge Merow's ruling should also be followed because it is the correct application of Fed.R.Evid. 801(d) and RCFC 32(a), which plainly allow full evidentiary use of these government admissions. *See also Globe Savings*, 61 Fed. Cl. at 95 ("Application of the unavailability requirement to admissions would turn the theory for classifying admissions as non-hearsay on its head: the availability of the witness is the very means by which the party-opponent may seek to reap, in effect, the benefits of cross-examinations."); *Long Island Savings Bank, FSB v. United States*, 63 Fed. Cl. 157, 163 (2004) ("As this court has previously had occasion to discuss in detail, admissions of a party opponent are not hearsay. The common law's preference for live testimony has no bearing on the use of party admissions as evidence."); *Weaver-Bailey Contractors, Inc. v. United States*, 19 Cl. Ct. 474, 483 (1990) (RCFC 32(a) "permits a party to introduce the deposition of an adversary as part of his substantive proof regardless of the adversary's availability to testify at trial.") (quoting *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 308 (5th Cir. 1978)).

The *only* case cited by the government which is even remotely on point is *Kolb v. County of Suffolk*, 109 F.R.D. 125, 128 (E.D.N.Y. 1985), which the government cited for the proposition that Rule 801(d) requires a showing of unavailability of a witness. Govt. Opposition at 2 n. 3, 12. However, *Kolb* was wrongly decided, has been widely criticized, and has not been followed by any other court. *See, e.g., Long Island,* 63 Fed. Cl. at 164 ("In all events, this court disagrees with the decision in *Kolb* and adheres to the reasoning set out in *Globe Savings*."); *Globe Savings,* 61 Fed. Cl. at 95 (expressly refusing to follow *Kolb*); *In re Hayes Lemmerz Int'l*, 2006 WL 802787 (Del. Bankr. Ct. March 28, 2006) (same).

## II. ALL OF THE WITNESSES WERE GOVERNMENT EMPLOYEES AT THE TIME OF THEIR TESTIMONY AND ALL OF THEM TESTIFIED AS TO SUBJECTS WITHIN THE SCOPE OF THEIR EMPLOYMENT[2]

The government is simply playing games by complaining that PG&E has not "established" that the testimonial admissions it has designated are within the scope of each witness's duties and responsibilities. "It is a 'widely accepted rule that admissions of a party-opponent under Rule 801(d)(2) are accorded generous treatment in determinations of admissibility." *Globe Savings* at 96-97 (citation omitted). Regarding scope of employment in particular, "[t]he only requirement is that the subject matter of the admission match the subject matter of the employee's job description." *Id.* at 97. As

---

[2] Although Theodore Garrish held many high positions at DOE, including General Counsel in the 1980s and most recently Deputy Director of Civilian Radioactive Waste Management, he retired several months prior to his deposition in this case. *See* Govt. Opposition at 5. At the time of his deposition in this case in September 2005, Mr. Garrish was the Vice President for Federal Operations and Strategy at CH2M Hill, a major DOE contractor. Given Mr. Garrish's recent retirement and his current position at CH2M Hill as a senior officer responsible for inter-facing with DOE, his testimony had all the hallmarks of truthfulness. Nonetheless, PG&E will withdraw its deposition designations for Mr. Garrish.

established by Judge Merow in *Yankee Atomic* and as made clear in the testimony designations provided by PG&E, all of these witnesses, with the exception of one, were government employees at the time they made their admissions under oath and those admissions related to subject matters within the scope of their respective employment.

A. There Can Be No Dispute Concerning The Employment Status And Scope Of Testimony For The Witnesses Common To The *Yankee Atomic* Case And This Case

As Judge Merow recognized and recounted in the *Yankee Atomic* Order cited above, the testimonial admissions designated by plaintiffs there and by PG&E here are plainly within the scope of employment of the respective witnesses. The government knows that, but nevertheless re-argues the point – in the vein of "PG&E has not established" – for no apparent reason other than to burden PG&E with the need to gather and present, *again*, the passages from the various depositions that establish, *again,* that the designated testimony is indeed with in the scope of the respective witness's employment duties. Notwithstanding the government's utterly meritless position, PG&E has supplemented its deposition and trial exhibits designations to make clear that these witnesses were all employed by the government at the time they testified and that their testimony was within the scope of their employment. Those newly-designated testimony citations, along with a copy of the corresponding transcript pages, are attached hereto. App. B1-2 and App. B3-20.

B. The Record Makes Clear That The Other Witnesses' Testimony Satisfy The Requirements Of Status And Scope Of Employment

The admissibility of the witnesses designated by PG&E who were not involved in the *Yankee Atomic* case is equally clear. As with the other witnesses discussed above (*e.g.,* Susan Klein, Alan Brownstein, Lake Barrett), these additional witnesses were all

employed by the government and the testimony designated is all within the scope of their employment: John Arthur, David Huizenga, Christopher Kouts, Thomas Pollog and David Zabransky. As with the *Yankee Atomic* witnesses, the government does not refute the fact that these additional witnesses all were employed by the government at the time their testimony was taken. With respect to the scope issue, the government offers nothing more than general, vague and unspecific objections. *See, e.g.,* Govt. Opposition at 8 ("Nevertheless, where PG&E has designated some testimony discussing the scope of the individuals' employment, much of the designated testimony does not fall within the individuals' identified scopes of employment.").

Pursuant to R. 802(a), PG&E was not required to file a motion or otherwise seek leave from the Court to designate such witnesses' testimony, therefore, PG&E had no affirmative obligation to establish that particular testimony fell within the scope of each individuals' scope of employment. Regardless, it is beyond dispute that the designated testimony of each witness is within the scope of his or her employment. As discussed above, Judge Merow analyzed the testimony of the *Yankee Atomic* witnesses and found all of their testimony to be admissible. For the other witnesses, the proposed testimony makes clear that it too is admissible. For example, John Arthur, the Deputy Director for Office of Repository Development at DOE, providing testimony, *inter alia*, concerning the studies related to the storage of SNF canisters in the government's repository and the government's storage capacity ability. 82:20-83:9; 84:8-85:16. Likewise, Mr. Pollog, the Technical Representative to DOE's Contracting Officer on the spent fuel contracts, provided testimony concerning the acceptance rate of spent fuel and the amount of

storage capacity at nuclear utility plants – 917:1-918:6 – topics comparable to those he addressed, without objection, at the *Yankee Atomic* trial.

## III. FAIRNESS, COMMON SENSE, JUDICIAL EFFICIENCY AND TRIAL PRACTICALITIES SUPPORT THE ADMISSIONS OF THIS DESIGNATED TESTIMONY

The government also fails to advise the Court that five years ago, when the spent fuel litigation was first entering discovery, the government complained about the prospect that its witnesses would have to be deposed and testify multiple times; in response, the parties agreed on a "common discovery process," including common depositions that would allow the government's deponents to testify only once. Much of the deposition testimony that PG&E has designated here (and that was also designated by the *Yankee Atomic* plaintiffs and other spent fuel plaintiffs as well) is from those common depositions (or from contemporaneous and essentially parallel depositions in the *Yankee Atomic* case). Having previously complained – successfully – about the prospect of repetitive testimony from government witnesses, the government cannot now be heard to argue the opposite, namely, that its witnesses *must* testify to the same matters repeatedly in each spent fuel case, including this one. Pursuant to the doctrine of judicial estoppel, the government should be barred from advancing this current position because it is inconsistent with its successful, earlier-stated position on the same topic. *See, e.g., First Commerce Corp. v. United States*, 60 Fed. Cl. 570, 576-79 (2004) (discussing application of judicial estoppel, which "bar[s] a party from adopting a position inconsistent with another position argued in a prior proceeding"); *see also New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (ruling that judicial estoppel also "prevents a party from prevailing

in one phase of a case on an argument and then relying on a contradictory argument in another phase").

In fact, the government was entirely correct before, and now has both the applicable evidence law and the practicalities of trial practice exactly backwards. The government complains that PG&E should be required to interrogate the government witnesses "live" at trial, but that would be a complete waste of time. PG&E, the government and even the Court know exactly what these witnesses will say and exactly what their testimony will be because they have already given, under oath, the exact testimony that PG&E has designated and relies upon. If the government now wants its witnesses to alter or "explain" that testimony, the efficient and fair way to proceed is to allow the government to call its witnesses to do so "live" at trial and/or counter-designate testimony (which the government has done).

Indeed, the government's opportunity to do that is precisely the reason why the law of evidence treats party admissions as non-hearsay and thus allows full evidentiary use of such admissions, as Judge Lettow explained, in *Globe Savings*:

> As Professor Wigmore explains, admissions "pass the gauntlet of the hearsay rule," which requires that extrajudicial assertions be tested by cross-examination, because the declarant, in the circumstances of making an admission, is 'the only one to invoke the hearsay rule and because he *does not need to cross-examine himself*. . . . In other words, the hearsay rule is satisfied; [the declarant] has already had an opportunity to cross examine himself . . . ; or (to put it another way) he now as opponent has the full opportunity to put himself on the stand and explain his former assertion."

*Globe Savings*, 61 Fed. Cl. at 94-95 (quoting Wigmore, *Evidence in Trials at Common Law* § 1048 at 4-5) (emphasis in the original).

Finally, with respect to trial practice practicalities, the government makes the outlandish suggestion that by designating testimonial admissions of government witnesses, PG&E is improperly attempting to "supplement" its trial time and "prejudice" the government with the need to present more live testimony than it otherwise would. Govt. Opposition at 10. First, the strict limit the Court has placed on trial time makes it particularly appropriate that PG&E rely on prior testimonial admissions; to both limit trial time and deny use of prior admissions would be doubly unfair, and prejudicial to PG&E. Second, the government cannot seriously contend that the trial would be shorter if PG&E called the government's witnesses live to give exactly the same testimony already in the deposition transcripts. If PG&E did that, the government would still have to ask the "explanatory" questions it wants to ask, so overall trial time for questions by both parties would be greater than if PG&E relies on the admission in the deposition transcripts. Third, what the government is really saying is that PG&E should not have time to present these testimonial admissions in any fashion.

And that gets to the only point that the government does make quite clear in its opposition – the government does not want PG&E to be able to rely on these testimonial admissions made by the government's own witnesses, because ultimately the government recognizes that the testimony PG&E has designated under RCF 32(a) and FRE 801(d), is good, solid, admissible evidence that squarely supports PG&E's position on a whole host of important issues. But that, of course, is no reason for the Court to preclude the use of this designated testimony.

## IV. CONCLUSION

PG&E has the right to rely on admissions made by government employees during their deposition in this case, as well as in depositions and in trials in other spent fuel cases. As party-opponent admissions, there is no requirement that these witnesses be unavailable to testify at trial or otherwise be subject to a "for cause" test as suggested by the government. Rule 801(d), along with the rulings in *Yankee Atomic*, *Globe Savings* and *Long Island,* provide PG&E the right to admit this designated testimony as substantive evidence at trial. The government's contrary position seeks to "turn the theory for classifying admissions as non-hearsay on its head." *Globe Savings,* 61 Fed. Cl. at 95.

For these reasons, the Court should accept into evidence the testimony designated by PG&E.

Dated: May 22, 2006

Respectfully submitted,

s/Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202)261-4751 fax
*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:
Robert L. Shapiro
Greenberg Traurig, LLP

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail, this 22nd day of May, 2006, upon the following:

John C. Ekman
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Eighth Floor
1100 L Street, N.W.
Washington, DC 20530

Brian G. Friel