No. 04-0074C
into which has been consolidated No. 00-0075C
(Judge Hewitt)

---

IN THE UNITED STATES COURT OF THE FEDERAL CLAIMS

---

PACIFIC GAS & ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S REPLY TO PG&E'S RESPONSE TO MOTION *IN LIMINE* TO EXCLUDE FROM TRIAL DOCUMENTS PREPARED BY GOVERNMENT CONTRACTORS

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530
Tele: (202) 307-0282
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT R. DAMELIN
SHARON A. SNYDER
JOSHUA E. GARDNER
TODD J. COCHRAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

May 22, 2006

**TABLE OF CONTENTS**

**PAGE(S)**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. DOCUMENTS PREPARED BY CONTRACTORS OF THE DEPARTMENT OF ENERGY ARE NOT ADMISSIBLE PURSUANT TO FRE 803(8)(A) . . . . 1

II. FEDERAL RULE OF EVIDENCE 803(6) DOES NOT SUPPORT THE ADMISSION OF DOCUMENTS PRODUCED BY GOVERNMENT CONTRACTORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III. CONTRACTOR DOCUMENTS DO NOT CONSTITUTE ADMISSIONS BY DOE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(C) . . 9

IV. CONTRACTOR DOCUMENTS DO NOT CONSTITUTE ADMISSIONS BY DOE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(D) . 14

V. PG&E'S ARGUMENT THAT DOCUMENTS ARE NOT HEARSAY WHERE THE GOVERNMENT HAS MANIFESTED AN ADOPTION OR BELIEF IN THEIR TRUTH UNDER FRE 801(d)(2)(B) IS MISPLACED . . . 15

VI. ANCIENT DOCUMENTS ADMISSIBLE UNDER FRE 803(16) ARE SUBJECT TO CHALLENGE AT TRIAL UNDER FRE 805 AS HEARSAY WITHIN HEARSAY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

VII. UNTIL A DOCUMENT HAS THE IMPRIMATUR OF DOE, IT IS NOT A DOE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

**CASES** **PAGES(S)**

Air Land Forwarders v. United States,
172 F.3d 1338 (1999) ........ 8

Blue Water Environmental v. United States,
60 Fed. Cl. 48 (2004) ........ 12

Butler v. Southern Pacific Co.,
431 F.2d 77 (5th Cir. 1970) ........ 5

In re Cheney,
406 F.3d 723 (D.C. Cir. 2005) ........ 7

Columbia First Bank, FSB v. United States,
58 Fed. Cl. 333 (2003) ........ 8, 16

El Paso Natural Gas Co. v. Neztsosie,
526 U.S. 473 (1999) ........ 7

Ellis v. Kneifl,
834 F.2d 128 (8th Cir.1987) ........ 12

Erickson v. Baxter Healthcare, Inc.,
151 F.Supp.2d 952 (N.D.Ill. 2001) ........ 3

Glendale Federal Bank, FSB v. United States,
39 Fed. Cl. 422 (1997) ........ 11

Hawthorne Partners v. AT&T Technologies, Inc.,
No. 91-C-7167, 1994 WL 63054 (N.D. Ill. Feb. 17, 1994) ........ 5

Kirk v. Raymark Indus., Inc.,
61 F.3d 147 (3rd Cir. 1995) ........ 10

Lockheed Martin Corp. v. United States,
50 Fed. Cl. 550 (2001), aff'd, 48 Fed. Appx. 752 (Fed. Cir. 2002) ........ 12

Merrick v. Framers Ins. Group,
892 F.2d 1434 (9th Cir. 1990) ........ 12

Paul v. Federal Mine Safety & Health Review Commission,
812 F.2d 717 (D.C. Cir. 1987) ........ 15

**CASES** **PAGE(S)**

Reid Brothers Logging Co. v. Ketchikan Pulp Co.,
699 F.2d 1292 (9th Cir. 1983) .......................................................................... 11

Reynolds v. Green,
184 F.3d 589 (6th Cir. 1999) .............................................................................. 2

Rotec Industries, Inc. v. Mitsubishi Corp.,
215 F.3d 1246 (Fed. Cir. 2000) ........................................................................ 14

Sabel v. Mead Johnson & Co.,
737 F. Supp. 135 (D. Mass. 1990) ............................................................ 10, 11, 12, 13

Sanford v. Johns-Mansville Sales Corp.,
923 F.2d 1142 (5th Cir. 1991) .......................................................................... 12

United States v. Davis,
826 F.Supp. 617 (D.R.I. 1993) ........................................................................... 3

United States v. Johnson,
752 F.2d 206 (6th Cir. 1985) ............................................................................ 10

United States v. Lykes Bros. Steamship Co.,
432 F.2d 1076 (5th Cir. 1970) ........................................................................ 4, 5

United States v. Portsmouth Paving Corp.,
694 F.2d 312 (4th Cir. 1982) ............................................................................ 10

United States v. Rollins,
862 F.2d 1282 (7th Cir.1988) ........................................................................... 16

United States v. Smith,
499 U.S. 160, 111 S. Ct. 1180 (1991) ................................................................. 7

Wade v. South Bend Public Transportation Corp.,
No. S86-488, 1989 WL 516281 (N.D. Ind. May 16, 1989) ............................................ 10

Watts v. City of Hartford,
No. 00-CV-681, 2004 WL 717132 (D.Conn. 2004) ....................................................... 4

Westfed Holdings, Inc. v. United States,
55 Fed. Cl. 544 (2003), aff'd in part, rev'd in part,
407 F.3d 1352 (Fed. Cir.2005) .......................................................................... 16

**CASES** **PAGE(S)**

Yankee Atomic Electric Company v. United States,
No. 98-126C, 2004 WL 2450874 (Fed. Cl. Sept. 17, 2004) ........................................... 2

Zeus Enterprises, Inc. v. Alphin Aircraft, Inc.,
190 F.3d 238 (4th Cir. 1999) ........................................................................... 2

## STATUTES

Title 28, U.S.C. § 1733 ........................................................................................... 5

Pub.L. 108-136, Sec. 3112, Nov. 24, 2003, 117 Stat. 1743 ........................................................ 6

42 U.S.C. § 7234 ........................................................................................................ 6

## MISCELLANEOUS

5 J. Weinstein & M. Berger, Weinstein's Federal Evidence § 801.32[1], at 801-68
( 2d ed. 2006) ........................................................................................... 10

5 J. Weinstein & M. Berger, Weinstein's Federal Evidence § 801.32[3], at 801-69
(2d ed. 2006)...........................................................................................13

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PG&E'S RESPONSE TO MOTION *IN LIMINE* TO EXCLUDE FROM TRIAL EXHIBITS PREPARED BY GOVERNMENT CONTRACTORS**

Defendant, the United States, respectfully submits this reply to the response to the Government's motion *in limine* to exclude from trial exhibits prepared by government contractors, which plaintiff, Pacific Gas & Electric Company ("PG&E"), filed on May 19, 2006.[1]

DISCUSSION

I. DOCUMENTS PREPARED BY CONTRACTORS OF THE DEPARTMENT OF ENERGY ARE NOT ADMISSIBLE PURSUANT TO FRE 803(8)(A)

Documents created by Government contractors do not constitute Government or public documents admissible under Federal Rule of Evidence ("FRE") 803(8)(A) as records, reports, statements, or data compilations of public offices or agencies setting forth the activities of the offices and agencies. In our motion regarding contractor documents, we cited to significant evidence that DOE does not consider its contractors to set or establish policy for DOE or to make decisions for DOE. Given the significant evidence that these "contractor" documents do

[1/] Initially, the Government identified 57 documents from PG&E's trial exhibit list as documents prepared by Government contractors. Following additional review and PG&E's response to the Government's motion, the Government revised the number of government contractor documents included on PG&E's exhibit list to 52. See Section IV, below. Although the Government has endeavored to identify all "contractor" documents on PG&E's exhibit list, it reserves the right to assert objections at the pre-trial conference or trial to any additional exhibits that it identifies as contractor documents.

not constitute DOE documents and the lack of any evidence to the contrary, the underlying premise for PG&E's evidentiary argument to support the admission of these documents at trial, and the rationale set forth by Senior Judge Merow for the admission of these documents pursuant to FRE 803(8)(A) in Yankee Atomic Electric Company v. United States, No. 98-126C, 2004 WL 2450874 (Fed. Cl. Sept. 17, 2004) (unpublished), should be rejected by the Court.

Senior Judge Merow incorrectly concluded that Government contractors working on behalf of DOE were essentially "public agencies' for purposes of FRE 803(8)(A). The legal authorities that Senior Judge Merow cited were construed much too broadly and do not support his conclusion that FRE 803(8)(A) extended to Government contractors, because a contractor for DOE is not an "office" or "agency" of the Federal Government. The public records exception to the hearsay rule is justified by "the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." Zeus Enterprises, Inc. v. Alphin Aircraft, Inc., 190 F.3d 238, 241 (4th Cir. 1999) (quoting Fed. R. Evid. 803(8), Advisory Committee's Note to Paragraph (8)) (emphasis added); see Reynolds v. Green, 184 F.3d 589, 596 (6th Cir. 1999) (quoting same).

The Government contractors identified by PG&E are not public officials as characterized by FRE 803(8)(A). PG&E's argument in support of the admission of contractor documents effectively discards any distinction between the work conducted by a DOE employee within OCRWM (for example, Thomas Pollog, a long-time DOE employee working within OCRWM, including service as technical assistant to the contracting office for the Standard Contract), and an engineer employed by Batelle, working at a Government laboratory managed by Batelle and writing a report or recommendation under a Government contract. The conclusion that a report authored by such an engineer meets the standard for a report of a public office or agency, when

not approved in final form by DOE and not accepted and identified as an official DOE document, is unsupported by a plain reading of FRE 803(8)(A).

The cases that Senior Judge Merow cited, and upon which PG&E relies, do not support the conclusion that Government contractors are the equivalent of public offices or agencies under FRE 803(8)(A). For example, Erickson v. Baxter Healthcare, Inc., 151 F.Supp.2d 952 (N.D.Ill. 2001) involved a report prepared by the Institute of Medicine. The Court explained that, although the parties agreed that the Institute of Medicine was not a public office or agency, the National Academy of Sciences - the parent of the Institute of Medicine - was "created by an Act of Congress specifically to conduct investigations for, and report to, Congress." Baxter, 151 F.Supp.2d at 966 (citing 36 U.S.C. §§ 251, 253). The Court concluded that the National Academy of Sciences is a "quasi-public agency" created to assist the Government and that "it was performing that function in this case." Id. at 966-967. The Court found that the Institute of Medicine had a "legal duty" to provide reports and the report at issue was a "report of a public office or agency." Id. at 967. The Court analyzed the admissibility of the report under Federal Rule of Evidence 803(8)(C), not Rule 803(8)(A), and never addressed the issue of Government contractors under FRE 803.

In United States v. Davis, 826 F.Supp. 617 (D.R.I. 1993), the Government moved the Court *in limine* for the admission of a final Draft Remedial Investigation Report in a CERCLA case, pursuant to FRE 803(8)(C). In its findings, the Court explained that, although the work for the remedial investigation and feasibility study for the site was performed by a contractor, "[i]n November 1986, the [Remedial Investigation] Report was approved by the EPA and released to the public." Id. at 619 (emphasis added). This type of approval by the Government agency is absent from all of these contractor documents, and most were not released to the public.

In Watts v. City of Hartford, 2004 WL 717132 (D. Conn. 2004) (unpublished), the Court concluded that an annual report prepared by Hartford's Civilian Police Review Board, "is admissible, in substantial part at least, under the public records exception to the hearsay rule." 2004 WL 717132 at *4. The Court explained that the review board was "established by ordinance" and was required to "submit an annual report to the City's Human Relations Commission ... ." Id. at *3. The Court determined that such a non-governmental entity may be deemed a public agency for purposes of this exception when "it has a ongoing legal duty to provide the government with information or when it is a quasi-public entity created by the government to serve its needs." Id. at *4, n. 8. Again, the Court never discusses or references any Government contractor in its decision. These cases and others that Senior Judge Merow cites fail even to address documents created by Government contractors (versus quasi-public agencies or offices created by ordinance or statute) and fail to provide any legal authority for the proposition that documents created by Government contractors were the equivalent of documents created by public or governmental offices or agencies.

One case cited by PG&E in support of Senior Judge Merow's finding that "public agency" should be construed broadly under FRE 803(8)(A), United States v. Lykes Bros. Steamship Co., 432 F.2d 1076 (5th Cir. 1970), fails to support that position. In Lykes, the Court addressed the admissibility of evidence in Federal courts under a former version of Federal Rule of Civil Procedure ("FRCP") 43(a), which read, in relevant part: "All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under rules of evidence applied in the courts of general jurisdiction of the state in which the United

States court is held."[2] See Butler v. Southern Pacific Co., 431 F.2d 77, 79 (5th Cir. 1970). The Court reviewed "several documents certified by the Department of Agriculture as being authenticated government documents, . . . all offered in evidence as official records under Title 28, U.S.C. § 1733, the government records statute." Lykes, 432 F.2d at 1079.

The documents at issue were prepared by Republic of Korea officials pursuant to specific Federal Government regulations setting forth the method for preparation of certain commodity shipment reports, the substantive contents required for each report, and the process for inspecting the commodity shipments that were detailed in the reports. Id. at 1079. Emphasizing the "liberal application" of FRCP 43(a), and citing specific Government regulations applicable to the commodity-related reports, the Court found that the duty to prepare the reports could be delegated, under Government regulations, to an independent agency or foreign government "without the report losing its character, when submitted through the appropriate United States agency, as a report of a 'department or agency of the United States.'" Id. The Court emphasized the existence of Government regulations – not present in the instant case – that permitted and authorized the delegation to prepare the reports. Lykes fails to provide support for PG&E's broad interpretation of "public agency" under FRE 803(8)(A).

The documents that courts have found appropriate to admit under the first clause of FRE 803(8) are typically classic public records. See, e.g., Hawthorne Partners v. AT&T Technologies, Inc., No. 91-C-7167, 1994 WL 63054, at *5 (N.D. Ill. Feb. 17, 1994) ("the fact that the preliminary report is preliminary and that certain sections were not released until

[2/] In 1972, the general provisions of FRCP 43(a) dealing with the admissibility of evidence and competency of witnesses were deleted and superceded by the detailed provisions of the new Federal Rules of Evidence.

Hawthorne Partners subpoenaed them suggest that the preliminary report would not be easily construed as a public record under Rule 803(8)"). Such documents are far different from the reports and memoranda that PG&E would have this Court admit as substantive evidence of official DOE policy and decisions under FRE 803(8)(A).

Finally, PG&E's reliance on a statutory note which states that, in limited circumstances, an employee of a M&O contractor shall be treated as a DOE employee is misplaced and irrelevant to the argument that the contractor documents here are public records admissible under FRE 803(8)(A). On page 6 of its response brief, to support its assertion that "Congress has decreed that employees of M&O Contractors be deemed employees of DOE for some purposes," PG&E cites to a "note" to 42 U.S.C. § 7234, which states that:

> An officer or employee of a management and operating contractor of the Department of Energy, when serving a member of a group reviewing or advising on matters related to one or more management and operating contracts of the Department, shall be treated as an officer or employee of the Department for purposes of determining whether the group is an advisory committee within the meaning of section 3 of the Federal Advisory Committee Act (5 U.S.C. App.)

Pub.L. 108-136, Sec. 3112, Nov. 24, 2003, 117 Stat. 1743.

Pursuant to 42 U.S.C. § 7234,

> the Secretary is authorized to establish in accordance with the Federal Advisory Committee Act such advisory committees as he may deem appropriate to assist in the performance of his functions. Members of such advisory committees, other than full-time employees of the Federal Government, while attending meetings of such committees or while otherwise serving at the request of the Secretary while serving away from their homes or regular places of business, may be allowed travel expenses, including per diem in lieu of subsistence, as authorized by section 5703 of Title 5 for individuals in the Government serving without pay.

PG&E's reference to this statutory note is irrelevant because PG&E did not identify any trial exhibits that were created or produced as a result of any work conducted by or matters related to any group established by DOE pursuant to the Federal Advisory Committee Act.[3] Second, the statutory note that PG&E cites is limited to very specific circumstances related to activities of an advisory committee within the meaning of the Federal Advisory Committee Act. On its face, this statutory note is limited to treating M&O contractor employees as DOE employees only for purposes of determining whether a group – reviewing or advising on matters related to M&O contracts – is an advisory committee within the meaning of the Federal Advisory Committee Act. PG&E, without offering any additional explanation, attempts to construe the language of this note to support its argument that contractor documents are public records under FRE 803(8)(A). In fact, reference to this note contradicts PG&E's argument that M&O contractor employees essentially function as DOE employees, because the note identifies and carves out a very specific situation under which a contractor may actually be treated as a DOE employee.

---

[3] The term "advisory committee" under this statutory note "'means any committee, board, commission, council, conference, panel, task force, or other similar group, or any subcommittee or other subgroup thereof' 'established or utilized by the President' or an agency for the purpose 'of obtaining advice.'" In re Cheney, 406 F.3d 723, 725-26 (D.C. Cir. 2005) (quoting 5 U.S.C. App. § 3). Plainly, PG&E's reference to DOE contractor documents does not fall within the context of these advisory committees. In fact, Congress' decision to treat M&O contractor employees as Federal employees in some instances indicates, by implication, that M&O contractor employees are not considered Federal employees in other instances. El Paso Natural Gas Co. v. Neztsosie, 526 U.S. 473, 487 (1999) (explaining that Congress probably failed to provide for tribal-court removal in Price-Anderson Act actions because Congress never expected the situation to arise); see United States v. Smith, 499 U.S. 160 (1991)

## II. FEDERAL RULE OF EVIDENCE 803(6) DOES NOT SUPPORT THE ADMISSION OF DOCUMENTS PRODUCED BY GOVERNMENT CONTRACTORS

To the extent that PG&E asserts that the Court can admit the "contractor" documents as "business records" pursuant to FRE 803(6), the United States Court of Appeals for the Federal Circuit's decision in Air Land Forwarders v. United States, 172 F.3d 1338 (1999), establishes that the contractor documents cannot be admitted on that basis. This Court adopted the Air Land Forwarders approach in Columbia First Bank, FSB v. United States, 58 Fed. Cl. 333 (2003), finding that, "when a document produced by a third party is incorporated into the business records of another entity this circuit applies a two-factor standard of reliability in order to admit a record that has an otherwise appropriate foundation." Id. at 339. It further found that "[t]hird party documents," such as documents created by DOE's contractors, "kept in the records of a party in this case must be shown to have been received and incorporated, to have been relied upon, and to have indicia of trustworthiness to meet the Air Land Forwarders test for the business records exception in Fed. R. Evid. 803(6)" and that "[t]he proponent of such evidence at trial must show that this test has been met to overcome a hearsay objection." Id.. Under the applicable case precedent, there is no basis for admitting the "contractor" documents under FRE 803(6).

FRE 803(6) provides, in relevant part:

> (6) Records of Regularly Conducted Activity. – A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, <u>all as shown by the testimony of the custodian or other qualified witness</u>, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

FRE 803(6) (emphasis added). Yet there is no witness identified on either PG&E or the Government's witness list who can testify that the contractor documents at issue were prepared by a person with knowledge, that the documents were prepared in the regular course of business, or that it was the regular practice of that business activity to make the particular contractor document. Absent a qualified witness, PG&E's contention that the contractor documents are admissible under FRE 803(6) should be rejected.

## III. CONTRACTOR DOCUMENTS DO NOT CONSTITUTE ADMISSIONS BY DOE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(C)

PG&E's claim that the documents generated by contractors to DOE are admissible pursuant to FRE 801(d)(2)(C) is incorrect. With regard to subdivision (C), PG&E has not identified any testimony or documents to establish that the DOE contractors were "authorized" to speak for the Government under FRE 801(d)(2)(C) and, further, have not identified any cases in which a Government contractor was found to be "authorized" to make admissions upon behalf of the Government.

FRE 801(d)(2)(C) treats as a statement as non-hearsay if it is "offered against a party" and is "a statement by a person authorized by the party to make a statement concerning the subject." However, even with regard to "many forms of employment, the authority of the declarant to make a statement on behalf of the party must be indicated expressly or demonstrated by particular circumstances, because the relationship between the declarant and the party does not itself imply the authority in question." 5 J. Weinstein & M. Berger, Weinstein's Federal Evidence § 801.32[1], at 801-68 (2d ed. 2006). Further, "[c]ourts have historically applied agency law to determine whether the declarant was authorized by the party to make the statement at issue." Id. § 801.32[2], at 801-68; see Kirk v. Raymark Indus., Inc., 61 F.3d 147, 164 (3rd Cir. 1995) ("Rule 801(d)(2)(C) requires that the declarant be an agent of the party-opponent against whom the admission is offered"); United States v. Portsmouth Paving Corp., 694 F.2d 312, 321 (4th Cir. 1982) (FRE 801(d)(2)(C) "demands as a prerequisite to admissibility a showing based on evidence independent of the alleged hearsay that the declarant is an agent of the party with authority to speak on the subject"); United States v. Johnson, 752 F.2d 206, 210 (6th Cir. 1985) (citing FRE 801(d)(2)(C), "[o]rdinarily, agency doctrine is applied in determining whether a party will be held to the statements of his or her attorney"); Sabel v. Mead Johnson & Co., 737 F. Supp. 135, 138 (D. Mass. 1990) (admissibility under FRE 801(d)(2)(C) "is governed not by the trustworthiness of the statement, but by the existence and scope of the principal-agent relationship as determined under the common law of agency"); Wade v. South Bend Public Transportation Corp., No. S86-488, 1989 WL 516281, at *5 (N.D. Ind. May 16,

1989) ("admissibility of statements under Rule 801(d)(2)(C) and (D) is determined by applying principles of agency law").[4]

"An agency relationship has three essential characteristics: 1) the power of the agent to alter the legal relationships between the principal and third parties and the principal and himself; 2) the existence of a fiduciary relationship toward the principal with respect to matters within the scope of the agency; and 3) the right of the principal to control the agent's conduct with respect to matters within the scope of the agency." Sabel, 737 F. Supp. at 138. However, "[t]he courts have looked primarily at the issue of control in determining whether an agency relationship

---

[4] PG&E, citing to this Court's decision in Glendale Federal Bank, FSB v. United States, 39 Fed. Cl. 422 (1997), asserts that "the person 'authorized to speak' need not qualify as an 'agent' under" FRE 801(d)(2)(C). Pl. Br. 12. To the extent that the Court in Glendale found that the speaker at issue need not be an "agent" of the party, that finding conflicts with the weight of authority regarding FRE 801(d)(2)(C). Nevertheless, in any event, the Court in Glendale recognized that the statement of the expert witness at issue "reflect[ed] the position of the party who retained" him when the Government, by the time of trial, had listed the expert as its testifying witness. Id. at 424. Here, PG&E is asking this Court to admit statements of M&O contractor employees, regardless of whether DOE ever adopted their statements as DOE policy or as an official statement of DOE. PG&E failed to show that the DOE contractor's views are the views of the Government or that they were adopted by the Government. The Government receives numerous reports and statements from contractors and could not possibly adopt or agree with all recommendations or scenarios promoted in these documents. Unlike Glendale, there was not any explicit authorization for any of the contractors at issue to speak on behalf of DOE prior to the contractor documents at issue being officially approved by DOE and issued as DOE documents.

In the other case that PG&E cites as support that agency is not a requirement for the application of FRE 801(d)(2)(C), Reid Brothers Logging Co. v. Ketchikan Pulp Co., 699 F.2d 1292 (9th Cir. 1983), the appellate court held that an employee of a subsidiary company of the party challenging the admission of the document at issue was "authorized" under FRE 801(d)(2)(C) to make statements regarding the entire scope of a company's operations, the subject of the report prepared by the employee. The court's findings and analysis focused on the fact that individual at issue was a company employee, that he was given extensive access and guidance in order to prepare a report, and that the report was presented to company executives and circulated to company officers and managers. Id. at 1306. In sum, neither Glendale nor Reid Brothers supports PG&E's argument that DOE contractors are authorized to make statements that qualify as admissions under FRE 801(d)(2)(C).

exists." Id. This Court has found in numerous cases that maintenance and operating ("M&O") contractors are not agents of the United States agency with which they have a contract. See Blue Water Environmental v. United States, 60 Fed. Cl. 48, 52 (2004); Lockheed Martin Corp. v. United States, 50 Fed. Cl. 550, 558-59 (2001), aff'd, 48 Fed. Appx. 752 (Fed. Cir. 2002); Defendant's Motion *In Limine* To Exclude From Trial Documents Prepared By Government Contractors, at 6-9 (filed May 15, 2006) (discussing whether M&O contractors constitute "agents" of Federal agency); see also Sanford v. Johns-Mansville Sales Corp., 923 F.2d 1142, 1149-50 (5th Cir. 1991) (doctor hired by asbestos makers to examine claimants was independent contractor, not agent); Merrick v. Framers Ins. Group, 892 F.2d 1434, 1440 (9th Cir. 1990) (proponent failed to show that speakers were agents as opposed to independent contractors).

PG&E asserts that DOE "authorized" its M&O contractor to make statements concerning the subjects in the documents that it seeks to admit as "party admissions" of DOE in this case. Pl. Br. 10. However, PG&E is seeking to admit documents that even it admits the agency disclaimed ever having requested, see, e.g., Pl. Br. 13, rendering PG&E's suggestion that such documents are "admissions" of DOE wholly and completely unfounded. Further, even for those matters that DOE specifically requested the M&O contractor to consider and upon which it requested the contractor to report do not render the M&O contractor an "agent" of DOE:

> In addition to Mead Johnson's apparent lack of control, there is no evidence that the consultants were empowered to speak or act on Mead Johnson's behalf. *See Ellis v. Kneifl*, 834 F.2d 128, 131 (8th Cir.1987) (statements of clerk of state court not admissible in suit against state court judge because clerk not authorized to act on judge's behalf). Mead Johnson never expressed an intent to be bound by the recommendations of the outside experts, nor did it even authorize or request them to prepare a written report on their findings and recommendations. The diversity of opinions expressed at the meeting, and the lack of resolution of differences among the experts, supports defendant's characterization of the

> meeting as a "brainstorming session," intended to generate ideas for defendant's further consideration, but not meant to establish its official position in any way.

Sabel, 737 F. Supp. at 139 (emphasis added).

PG&E also asserts that some of the documents are admissible on their face under FRE 801(d)(2)(C) because some of them contain language providing that "[t]his report was prepared as an account of work sponsored by an agency of the United States Government." Pl. Br. 12. Although PG&E asserts that this statement is tantamount to an assertion that "this report is authorized by the United States Government," Pl. Br. 12, the statement to which PG&E refers merely reflects that the contractor preparing the document did so pursuant to a contract. It says nothing about the M&O contractor being "authorized" as an "agent" of the Government to prepare reports or statements. Further, under FRE 801(d)(2), the "contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C)." "Thus, the trial court will consider the declarant's statement in making the preliminary determination, but independent proof of the existence of the declarant's authority to speak for the party will also be required." 5 J. Weinstein & M. Berger, supra, § 801.32[3], at 801-69. Here, PG&E relies on language in draft documents, without any other evidence or testimony, to suggest that the documents are actually final and "authorized" by DOE. PG&E cannot meet its burden of establishing authorization simply through the documents themselves.

In the case at hand, PG&E has not identified any evidence to show that the DOE contractor's views are the views of the Government or that they were adopted by the Government. The Government receives numerous reports and statements from contractors and could not possibly adopt or agree with all recommendations or scenarios promoted in these

documents. Further, M&O contractors are not "agents" of the United States. The Court should find the challenged documents are not admissible under FRE 801(d)(2)(C).

## IV. CONTRACTOR DOCUMENTS DO NOT CONSTITUTE ADMISSIONS BY DOE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(D)

PG&E also claims that the contractor documents at issue may be admissible under Federal Rule of Evidence 801(d)(2)(D) under the theory that "an agency relationship can be created by contract." Pl. Mot. 14. However, PG&E has not identified or cited to any contract creating an agency relationship between DOE and its M&O contractors. Instead, PG&E simply relies upon the fact that DOE has entered into contracts with its M&O contractors in an attempt to create an agency relationship. Indeed, PG&E's reliance upon Rotec Industries, Inc. v. Mitsubishi Corp., 215 F.3d 1246 (Fed. Cir. 2000) actually demonstrates the fallacy in its argument.

In Rotec, the Federal Circuit affirmed the trial court's rejection that certain statements fell within FRE 801(d)(2)(D) and explained:

> Although "an agency relationship can be created by contract or conduct, not all contracts create agency relationships and not all conduct creates agency relationships." The court must decide "whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and whether the alleged agent can affect the legal relationships of the principal."

Id. at 1256 (citations omitted).[5] Here, PG&E has failed to demonstrate that DOE has the right "to control the manner or method" in which its M&O contractors carried out their work. Consequently, PG&E's contention that the DOE contractor documents are admissible under FRE 801(d)(2)(D) is without merit. Absent such evidence, PG&E has failed to satisfy their burden of proof regarding admissibility under FRE 801(d)(2)(D).

V. PG&E'S ARGUMENT THAT DOCUMENTS ARE NOT HEARSAY WHERE THE GOVERNMENT HAS MANIFESTED AN ADOPTION OR BELIEF IN THEIR TRUTH UNDER FRE 801(d)(2)(B) IS MISPLACED

PG&E next claims, without any legal citation or authority, that the fact that DOE has made certain documents publicly available constitutes a manifestation of "an adoption or belief in the truth of such documents" and are therefore admissible pursuant to FRE 801(d)(2)(B). FRE 801(d)(2)(B) provides that a statement is not hearsay where it is offered against a party and is "a statement of which the party has manifested an adoption or belief in its truth." This Court has rejected the application of FRE 801(d)(2)(B) where the party seeking to introduce the evidence failed to establish either an agency relationship or adoption by the agency:

[5] PG&E's reliance upon Paul v. Federal Mine Safety & Health Review Commission, 812 F.2d 717 (D.C. Cir. 1987), is equally unavailing. In Paul, a mining engineer worked under contract for Battelle Memorial Institute ("Battelle") in connection with "an experimental program for the underground storage of nuclear waste," known as the Exploratory Shaft Facility ("ESF"). Id. at 717-18. The ESFs, which occurred in 1981 – before the Nuclear Waste Policy Act was passed -- "were designed to permit testing of underground salt formations as a medium for storing nuclear waste." Id. at 718. The court explained that the ESF was sponsored by DOE and, in passing, explained that it was sponsored by DOE's "agent" for the project, Battelle. Id. However, this passing reference to Battelle as DOE's "agent" should be accorded little, if any significance. First, this statement was complete dicta. Second, the project to which this case refers is not the permanent Federal repository, but rather related to DOE's early exploratory efforts that pre-dated the NWPA.

> Beyond its conclusory argument in briefing that Westfed relied upon the statements of these consultants, defendant did not demonstrate a manifestation of adoption. In order for a statement to be admitted as an adoptive admission, the proponent of the evidence must show "a manifestation of [the other] party's intent to adopt another's statements, or evidence of the party's belief in the truth of the statements . . ." United States v. Rollins, 862 F.2d 1282, 1296 (7th Cir.1988). Absent a showing of either an agency relationship or adoption, the statements made by these individuals and entities were not admitted as party admissions.

Westfed Holdings, Inc. v. United States, 55 Fed. Cl. 544, 565 (2003), aff'd in part, rev'd in part, 407 F.3d 1352 (Fed. Cir. 2005).

As in Westfed, PG&E's conclusory statement, unsupported by any case law, that certain exhibits prepared by DOE's M&O contractors are admissible under FRE 801(d)(2)(B), absent a showing that DOE had an agency relationship with these contractors or otherwise adopted the contractor's statements, should be rejected.

## VI. ANCIENT DOCUMENTS ADMISSIBLE UNDER FRE 803(16) ARE SUBJECT TO CHALLENGE AT TRIAL UNDER FRE 805 AS HEARSAY WITHIN HEARSAY

PG&E identified six contractor documents as "ancient documents." Pursuant to FRE 803(16), statements in ancient documents may not be excluded by the hearsay rule if the document has been in existence 20 years or more and the authenticity of the document is established. However, hearsay statements that are contained within ancient documents, which themselves may be admissible pursuant to FRE 803(16), are not automatically admissible. In Columbia First Bank, FSB v. United States, 58 Fed.Cl. 333, 338 (2003), the Court reasoned that "[c]ourts that have dealt with the issue of hearsay statements within ancient documents that are brought in by Fed.R.Evid. 803(16) have concluded that the hearsay within hearsay problem persists, and that excluding parts of such documents because of double hearsay is an appropriate

application of [FRE] 805." Id. (emphasis added). Ultimately, the court concluded that it "will consider at trial Fed. R. Evid. 805 hearsay within hearsay challenges to hearsay statements incorporated within documents admitted under Fed. R. Evid. 803(16)." Id. If the documents identified as ancient documents are admitted under FRE 803(16), the Government reserves its right to assert FRE 805 hearsay challenges to statements contained within the documents.

## VI. UNTIL A DOCUMENT HAS THE IMPRIMATUR OF DOE, IT IS NOT A DOE STATEMENT

PG&E identified nine documents that it believes that the Government incorrectly identified as contractor documents. First, several of the documents identified by PG&E lack any indicia that DOE has adopted the statements in the documents as their own. Indeed, several of the documents represent drafts of various program documents. See PX 66, PX 67. This contrasts with the language contained upon final program documents that were expressly adopted by DOE. See PX 187. Second, two of the documents either are contract documents or reflect statements of contractors. See PX 73, PX 231.[6] Finally, it appears that PX 125, 137, 179, 220, and 502 incorrectly were identified as contractor documents.

## CONCLUSION

For the foregoing reasons, the Court should grant the Government's motion and exclude from evidence at trial all contractor documents identified on PG&E's trial exhibit list.

[6] With respect to DX 125, we agree that the document incorrectly was identified.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT R. DAMELIN
SHARON A. SNYDER
JOSHUA E. GARDNER
TODD J. COCHRAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/John C. Ekman by Scott R. Damelin
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

May 22, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of May, 2006, a copy of foregoing "DEFENDANT'S REPLY TO PG&E'S RESPONSE TO MOTION *IN LIMINE* TO EXCLUDE FROM TRIAL EXHIBITS PREPARED BY GOVERNMENT CONTRACTORS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Scott R. Damelin