# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: May 25, 2006)

PACIFIC GAS AND ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

Further to the Pretrial Conference held on May 23 and May 24, 2006, the court orders the following:

1. Admission of Exhibits. As the court has indicated, no exhibits will be admitted after the close of evidence at the close of trial. The court reminds the parties that any exhibit and/or any portion of an exhibit the import of which with respect to one or more issues in the case is not specifically pointed out by a witness at trial may be disregarded by the court in its determination of the case, unless otherwise agreed to by the parties and the court. "Specifically pointed out" means specific mention, with reference to an exhibit number, and to one or more specific page numbers within, or otherwise identifiable portion of, the exhibit, together with an indication of how the evidence supports or disproves a fact in issue. "Specifically pointed out" shall not, except with respect to designated portions of depositions introduced into evidence and exhibits introduced through such designated portions of depositions, include mention for the first time in post-trial briefing. See Transcript of Pretrial Conference (Tr.) at 184:5-187:3.

2. Post-Trial Briefs. As the court has indicated, closing arguments are not expected in this case. There will, however, be post-trial briefing. The parties shall simultaneously FILE post-trial briefs, not to exceed 50 pages, on or before Friday, June 30, 2006, and shall simultaneously FILE reply briefs, not to exceed 20 pages, on or before Friday, July 7, 2006. See Order of May 4, 2006. In their post-trial briefs, the parties shall support the elements of their legal arguments with specific citations to the trial transcript and deposition designations, and to exhibits that were admitted at trial and discussed with a witness. The parties are reminded, see supra ¶ 1, that the court may disregard evidence that is not "specifically pointed out" by a witness, unless otherwise agreed to by the parties and the court. The parties shall not attach copies of exhibits or portions of the trial transcript to their post-trial briefing.

3. Deposition Designations. On or before Tuesday, May 30, 2006 (5/30/06), plaintiff shall file any supplementations to its deposition designations. See Tr. at 13:2-24:24. On or before Thursday, June 1, 2006 (6/1/06), defendant shall file its counter-designations. Id. On or before the opening of trial, the parties shall file an agreed upon joint notice of deposition designations identifying each deposition designated, with an appendix attached thereto that clearly identifies the specific designations made by each party in deposition transcripts. Any exhibits identified in deposition testimony designated by the parties that are on the parties' exhibit lists in this case and are not excluded by this Order from being admitted into evidence at trial shall be specifically identified and cross-referenced to the exhibit numbers used by the parties in this case. See id. at 28:4-30:7. The court may disregard any deposition testimony that is not referenced or cited in the parties' opening post-trial briefs (except for deposition testimony introduced for the first time in post-trial reply briefs, provided that the use of deposition testimony in a post-trial reply brief shall be limited to matters reasonably necessary to reply to arguments in the opening post-trial brief). Any objections by a party to matters that appear within deposition testimony cited in a party's post-trial opening brief shall be identified and supported with argument by the opposing party's post-trial reply briefs in an appendix attached thereto. Any objections by a party to matters that appear within deposition testimony cited for the first time in a party's post-trial reply brief shall be identified and supported with argument in a filing made on or before Friday, July 14, 2006.

4. Deposition Designation of Mr. Shiffer. On or before 5/30/06 defendant shall file its deposition designation of James Shiffer. See id. at 56:24-58:22. Any exhibits identified in Mr. Shiffer's deposition testimony designated by defendant that are on defendant's exhibit list and are not excluded by this Order from being admitted into evidence at trial shall be specifically identified and cross-referenced to the exhibit

numbers used by defendant in this case. On or before 6/1/06 plaintiff shall file its counter-designations of Mr. Shiffer's deposition testimony.

5. Fed. R. Evid. 615 Exclusion of Witnesses. At the request of defendant, the court orders the parties' fact witnesses excluded under Rule 615 of the Federal Rules of Evidence (FRE). Defendant has designated David Zabransky as its representative. See Tr. at 40:2; FRE 615(2). Accordingly, Mr. Zabransky will not be excluded from hearing the testimony of other witnesses at trial.

6. Plaintiff's Objections to Defendant's Exhibits. This paragraph specifically refers only to those exhibits in Defendant's "Will Use" Exhibit List. All exhibits not mentioned in this paragraph in Defendant's "Will Use" Exhibit List may be admitted through a witness at trial because plaintiff's objection to their admission has been overruled, plaintiff has withdrawn its objection to their admission, or plaintiff has not objected to their admission.[1] Defendant shall not alter the numbers associated with the exhibits in Defendant's Exhibit List filed on May 3, 2006, or Defendant's "Will Use" Exhibit List filed on May 18, 2006. Handwriting and/or marginalia contained in any of defendant's exhibits shall not be admitted into evidence unless properly authenticated by a percipient witness. See Tr. at 106:10-24. On or before 5/30/06, with respect to each exhibit in part VII (Undated Documents) of plaintiff's May 22, 2006 memorandum categorizing the exhibits to which plaintiff continued to object, defendant shall provide to plaintiff information explaining that the date on which the document was created is not relevant or how the date on which the document was created can be ascertained by examination of the contents of the document. The court notes that, generally, the documents in defendant's exhibits come from known and verifiable sources. If plaintiff objects on authentication or foundation grounds to a particular document contained in one of defendant's exhibits, see, e.g., Tr. at 164 (discussing Defendant's Exhibit (DX) 1229), plaintiff shall bring any such objection to the court's attention by motion on or before 5/30/06, see id. at 105:18-23.[2] Defendant has withdrawn the following exhibits: DX 53, 54, 76, 166, 281, 763, 1278, 87, 373, 490, 558, 669, 1097, 1145 and 1424.

---

[1]The court has addressed all first-level hearsay objections at the Pretrial Conference. To the extent that a first-level hearsay objection already made is not addressed in this Order, the hearsay objection is overruled. All relevance objections, to the extent that they are raised with respect to a document offered into evidence at trial, will be addressed at that time.

[2]The court will also entertain authentication and foundation objections at trial to the extent they are raised.

7. Defendant's Objections to Plaintiff's Exhibits. This paragraph specifically refers only to those "Will Use" exhibits in PG&E's Revised Witness and Exhibit Lists which the court hereby excludes from being admitted at trial or which plaintiff has withdrawn. All other "Will Use" exhibits not mentioned in this paragraph in PG&E's Revised Witness and Exhibit Lists may be admitted through a witness at trial because defendant's objection to their admission has been overruled, defendant has withdrawn its objection to their admission, or defendant has not objected to their admission. See supra note 1. Plaintiff shall not alter the numbers associated with the exhibits in its "Will Use" Exhibit List or its "May Use" Exhibit Lists filed on May 22, 2006. Handwriting and/or marginalia contained in any of plaintiff's exhibits shall not be admitted into evidence unless properly authenticated by a percipient witness. See Tr. at 106:10-24. On or before 5/30/06, with respect to all of the documents to which defendant has objected on "incomplete" grounds and which plaintiff has not withdrawn or the court has not hereby excluded, the parties shall confer in order to resolve any disputes about the completeness of these documents or locate complete versions of the documents. See, e.g., Tr. at 242:2-10. The court notes that, generally, the documents in plaintiff's exhibits come from known and verifiable sources. If defendant objects on authentication or foundation grounds to a particular document contained in one of plaintiff's exhibits, defendant shall bring any such objection to the court's attention by motion on or before 5/30/06. See supra note 2; Tr. at 105:18-23. To the extent that defendant's representations as to Plaintiff's Exhibit (PX) 27 are correct, see Tr. at 235:9-21, defendant's objection with respect to PX 27 is SUSTAINED and PX 27 shall not be admitted into evidence at trial, see id. at 235:22-236:2. To the extent that PX 156, 338 and 339 contain "double-hearsay" that plaintiff seeks to admit for the truth of the matter asserted, defendant's objections with respect to that "double-hearsay" in PX 156, 338 and 339 are SUSTAINED. See Tr. at 258:2-9; id. at 313:15-21; id. at 316:11-317:3. To the extent that PX 224 is being offered by plaintiff for the truth of the statements provided in it, defendant's objection with respect to PX 224 is SUSTAINED and PX 224 shall not be admitted into evidence at trial for its truth. See id. at 284:8-11. Plaintiff may offer PX 224 into evidence at trial to prove notice or otherwise. Id. Plaintiff may offer PX 318 into evidence to include only the documents Bates-stamped HQR1650126, HQR1650127 and HQR1650130. Plaintiff shall revise PX 430 and provide revised PX 430 to defendant on or before Thursday, May 25, 2006 (5/25/06). The parties shall resolve any dispute with respect to PX 435 on or before 5/25/06. Plaintiff has withdrawn the following exhibits: PX 264, 277, 313, 321, 331,410-17 and 420-25. See, e.g., Tr. at 329:20-332:16. Plaintiff has also withdrawn PX 427 for use as substantive evidence. Id. at 337:6-338:25. After briefing on the matter, the court shall issue an order with respect to the admissibility as admissions by defendant of PX 351 and 368, which

contain statements made by the Nuclear Regulatory Commission (NRC). See Tr. at 319; infra ¶ 10.

8. Demonstratives and "May Use" Exhibits. With respect to all demonstratives or "May Use" exhibits that the parties plan to use at trial, unless otherwise agreed to by the parties and the court, the parties shall notify opposing counsel at least two (2) business days prior to their planned date of use. The party against whom a demonstrative or "May Use" exhibit will be used shall file with the court any objections to such use at least one (1) business day before the date of the planned use of such demonstrative or "May Use" exhibit.

9. Protective Order. The parties shall treat any documents previously produced that were "inadvertently . . . not identified as containing Confidential Material" in accordance with Paragraph 8 of the court's April 21, 2005 Protective Order.

10. NRC Documents as Admissions. On or before 5/30/06, defendant shall provide the court with a memorandum in support of its hearsay objections to PX 351, 368, and any other exhibits identified by defendant, providing argument, with points and authorities, as to whether documents created by the Nuclear Regulatory Commission (NRC) constitute admissions of the Department of Energy (DOE) under Fed. R. Evid. 801(d)(2) in the context of this case. See TR. at 319:2-22. Plaintiff shall respond to defendant's memorandum on or before 6/1/06. Id.; see Order of May 25, 2006 (Docket No. 266).

11. Brad Cornell Expert Report. Plaintiff stated that it would submit to defendant a revised expert report on damages from Brad Cornell (Cornell report) on Wednesday, May 24, 2006. Any objections to the Cornell report shall be filed by defendant on or before 5/30/06. Any response to an objection shall be filed by plaintiff on or before 6/1/06.

12. Motions in Limine. For the reasons stated at the Pretrial Conference and based on the parties' briefing and argument, the court makes the following orders with respect to the motions in limine before the court: Pacific Gas & Electric's Corrected Motion In Limine to Exclude Warren K. Brewer's Expert Testimony is GRANTED. Pacific Gas & Electric's Motion to Exclude Testimony from John R. McGrath is DENIED. Defendant's Motion In Limine to Exclude Certain Expert Testimony at Trial is GRANTED with respect to the testimony of Frank C. Graves, Ivan Stuart and Michael Meisner, and is otherwise DENIED. Pacific Gas & Electric Company's Motion to Exclude the Testimony of Jonathan A. Neuberger is GRANTED. Pacific Gas & Electric's Motion In Limine to Exclude R. Larry Johnson's Expert Testimony is DENIED. Defendant's Motion In Limine Regarding

Testimony Concerning the Meaning of the Nuclear Waste Policy Act and the Standard Contract is DENIED. Defendant's Motion In Limine to Exclude from Trial Documents Prepared by Government Contractors and Protective Motion to Exclude All Documents Regarding the Standard Contract Upon Plaintiff's Exhibit List is DENIED. Pacific Gas & Electric's Motion to Have the Court Give Full Consideration to Certain Documentary Evidence Relating to Reasonable Performance and GTCC Waste is DENIED.[3]

13. Trial Schedule. The parties shall confer and agree on a revised proposed schedule of witnesses (the "T.V. Guide") and submit it to the court on or before 5/30/06.

14. David Huizenga. David Huizenga shall be called by defendant as a witness at trial.

15. Electronic Equipment in Courtroom. The trial is scheduled to be held in Courtroom 5. The parties are advised that, with respect to the use of electronic equipment in the courtroom, they may contact Mr. Jim Wang, Systems Manager, at (202) 357-6445; and that, with respect to access to the courtroom, they may contract Mr. Henry Nolan, Chief Deputy Clerk for Administration, at (202) 357-6434. Courtroom 5 will be available for set-up all day on Friday, June 2, 2006.

16. Friday, June 2, 2006. If the parties believe it would be helpful for the court to resolve any issues that remain outstanding on the Friday before trial, the parties shall move jointly for the court to conduct a final pretrial conference, which would be expected to be telephonic, on Friday, June 2, 2006 at a time before 11:00 a.m. or after noon to be suggested by the parties.

The parties are urged to contact the court at any time when they believe the involvement of the court will help to secure the just, speedy and inexpensive determination of this action. See RCFC 1.

IT IS SO ORDERED.

---

[3]The court hopes to have the opportunity to discuss the foregoing rulings, including matters contained in the parties' extensive briefing, in an evidence appendix to the court's trial opinion in this case. See Westfed Holdings, Inc. v. United States, 55 Fed. Cl. 544, 563-75 (2003).

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge