IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has |
| | ) | been consolidated No. 04-0075C |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MEMORANDUM, IN RESPONSE TO PARAGRAPH 10 OF THE COURT'S ORDER DATED MAY 25, 2006, REGARDING THE ADMISSIBILITY OF DOCUMENTS CREATED BY THE NUCLEAR REGULATORY COMMISSION

Pursuant to paragraph 10 of the Court's order dated May 25, 2006, defendant, the United States, respectfully submits this memorandum in support of its hearsay objections to documents that the Nuclear Regulatory Commission ("NRC") created, specifically addressing "whether documents created by the [NRC] constitute admissions of the Department of Energy (DOE) under Fed. R. Evid. 801(d)(2) in the context of this case." Order, at 5 ¶ 10 (May 25, 2006). The specific documents in PG&E's exhibit list that the NRC generated are Plaintiff's Exhibit Nos. 12, 25, 26, 117, 118, 134, 157 166, 198, 296, 297, 321, 322, 326, 331, 336, 338, 342, 351, 354, 368, 485, 533, 537, 576, 577, 598, and 611.

SUMMARY OF ARGUMENT

The dispute underlying this action relates to a delay by the United States Department of Energy ("DOE"), one party to the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste" ("Standard Contract"), in beginning SNF acceptance pursuant to the terms of its contract with PG&E, the other party to the Standard Contract at issue in this case. PG&E seeks damages arising from

DOE's delay under that Standard Contract. Yet, at the trial of this dispute, PG&E seeks to admit into evidence documents generated by the NRC to support its damages claims and asks that this Court admit those documents as "admissions" of the party opponent, the United States, in this case.

We acknowledge that, in this Court, the defendant is always "the United States," rather than a particular agency of the United States. However, as we discuss in detail below, the documents that are at issue in this memorandum were created by the NRC, an independent regulatory agency that is not a party to the Standard Contract between DOE and PG&E. Although PG&E would expand the scope of non-hearsay documents under Federal Rule of Evidence 801(d)(2)(D) to any document created by any Federal agency, regardless of whether that agency has any responsibility for the matters forming the basis of the contractual dispute in the case, other courts have not so expansively viewed Rule 801(d)(2). In the circumstances of this case, involving a dispute between a particular Federal agency and PG&E, Rule 801(d)(2) should not be so expansively interpreted as to include all statements by Federal agencies beyond the agency that is the party to the contract underlying the dispute.

## ARGUMENT

### I. FEDERAL RULE OF EVIDENCE 801(d)(2) SHOULD NOT BE INTERPRETED TO APPLY TO ALL DOCUMENTS CREATED BY THE FEDERAL GOVERNMENT

As an initial matter, it is beyond dispute that the defendant in this case is the United States, rather than a particular agency of the United States. See, e.g., RCFC 10(a); United States v. Sherwood, 312 U.S. 584, 588 (1941); Boyd v. United States, 207 Ct. Cl. 1, 4 n.1 (1975); Turner v. United States, 23 Cl. Ct. 447, 457 (1991). However, it

is also clear that the ultimate dispute that gave rise to this litigation – the delay by DOE in beginning SNF acceptance under its contract with PG&E – is one that involves only DOE and the other parties to the Standard Contract. The NRC was not involved in developing or responsible for performing the Standard Contract. Nevertheless, PG&E seeks to create a rule that, in every dispute between a particular Federal agency and a contractor that is presented in a Federal court, every document generated by every other Federal agency can constitute an "admission" of the Government that somehow binds the particular agency involved in the dispute.

PG&E's broad rule differs from that which courts historically have allowed. Although recognizing that some documents prepared by a Federal agency can constitute party admissions, these courts "do not say that every publication of every branch of government of the United States can be treated as a party admission under Fed. R. Evid. 801(d)(2)(D)." United States v. Van Griffin, 874 F.2d 634, 638 (9th Cir. 1989). Recently, the United States Court of Appeals for the Fifth Circuit in United States v. Garza, No. 04-41244, 2006 WL 1086234 (5th Cir. Apr. 26, 2006), recently considered the scope of Federal Rule of Evidence 801(d)(2) as it applies to Federal agency admissions and rejected the notion that it should extend to every document prepared by Federal employees, including an unadopted report prepared by a Government employee. In Garza, the appellant, Mr. Garza, argued that the trial court had erred by failing to admit an investigative report containing an exculpatory statement from a Federal Bureau of Investigation agent as a party admission under Rule 801(d)(2)(D) "because, when he prepared the report, [the agent, Mr. Grimes,] was employed by the Department of Justice,

the entity prosecuting Garza." The Fifth Circuit rejected this broad interpretation of Rule 801(d)(2)(D):

> Garza argues that Grimes prepared his report during the course and scope of his employment while acting as a government agent. Therefore, according to Garza, Grimes' report on Ragsdale is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D). However, other circuits have declined to extend Rule 801(d)(2)(D) to statements made by government agents, especially in criminal trials.
>
> In *United States v. Van Griffin*, the Ninth Circuit explained, "We do not say that every publication of every branch of government of the United States can be treated as a party admission by the United States under Fed. R. Evid. 801(d)(2)(D)." In *United States v. Prevatte*, the Seventh Circuit noted that "courts faced with this issue have refused to apply this provision to government employees testifying in criminal trials based on the rationale that no individual can bind the sovereign." In this case, Grimes' investigation related to a different criminal case. The results of his investigation were never adopted by the Department of Justice, and no prosecution was recommended. It hardly seems within the spirit of Rule 801(d)(2)(D) to admit Grimes' opinion regarding Officer Ragsdale's veracity as an admission by the Government. Therefore, the district court did not abuse its discretion in ruling that Grimes' report could not be attributed to the Government.

Id. at *3 (emphasis added; footnotes omitted); see United States v. Kampiles, 609 F.2d 1233, 1246 (7th Cir. 1979) ("[b]ecause the agents of the Government are supposedly disinterested in the outcome of a trial and are traditionally unable to bind the sovereign, their statements seem less the product of the adversary process and hence less appropriately described as admissions of a party").

If all documents produced by any Federal Government department, agency, or commission were covered by Federal Rule of Evidence 801(d)(2), the results that would follow would be absurd. "The United States government employs millions of civilian employees." Flexfab, Inc. v. United States, 424 F.3d 1254, 1260 (Fed. Cir. 2005). The magnitude of the United States Government and its myriad of operations alone argue against including all NRC documents as admissions of a party opponent. In the same manner in which the United States Court of Appeals for the Federal Circuit has recognized that actual authority to contract must be limited because "federal expenditures would be wholly uncontrollable if Government employees could, of their own volition, enter into contracts obligating the United States," City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990), a rule that would allow any Federal employee to create "admissions" for the United States regarding any subject tangentially related to his or her scope of employment would be equally inappropriate.

## II. FEDERAL RULE OF EVIDENCE 801(d)(2) SHOULD NOT APPLY TO THE NRC-CREATED DOCUMENTS BECAUSE THE NRC IS AN INDEPENDENT GOVERNMENT AGENCY

DOE and the NRC, although both a part of the United States, have distinct and separate roles and responsibilities with respect to the Nuclear Waste Policy Act ("NWPA"). See 42 U.S.C.A. § 10222. Specifically, "[t]he NWPA assigned distinct regulatory roles to the Department of Energy, the Environmental Protection Agency, and the Nuclear Regulatory Commission. Congress charged DOE with selecting, designing, and ultimately operating the repository. . . [but] directed NRC to assume responsibility for licensing a DOE-proposed repository." Nuclear Energy Institute, Inc. v. Environmental Protection Agency, 373 F.3d 1251, 1259 (D.C. Cir. 2004). While DOE is

charged with operating the nuclear waste repository, the NRC is the regulator that must license the facility. This view was furthered by the Energy Policy Act of 1992 ("EnPA"). "Acting pursuant to EnPA . . . NRC promulgated standards to govern the Yucca Mountain repository." Id. at 1260. In essence, the only role for the NRC under the NWPA is that of regulator. It is not a party to the original contract and not an agent of the DOE. It is an independent regulator whose sole role is to ensure that DOE's repository meets certain standards.

Examination of some of the documents that PG&E seeks to introduce as "admissions" in this case highlight the problem that would arise from viewing documents as "admissions" of DOE. PG&E Exhibit No. 368 is titled "NRC's Transportation Program," written by E. William Brach of the NRC, and contains speculation about the type of transportation cask that DOE might one day submit for approval to the NRC, along with some speculation about other transportation matters for the transport of SNF from nuclear utilities to a Federal repository. Yet, the NRC does not make transportation decisions for DOE. Instead, the NRC's only role in transportation of SNF under the NWPA is limited that defined by 42 U.S.C. §10175. Pursuant to that statutory provision, DOE must submit a license application to the NRC for a transportation cask, for the NRC's approval. The NRC cannot dictate what cask design DOE submits, but must review the design that DOE submits to it. However, the NRC may deny DOE's license application, and DOE would have to make a new submission. A view that the NRC's speculation regarding DOE's possible future cask submission or regarding other transportation matters over which the NRC has no responsibility could constitute "party admissions" against DOE simply is nonsensical.

"An agency relationship 'results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act.'" Westfed Holdings, Inc. v. United States, 55 Fed. Cl. 544, 564-65 (2003). No evidence exists here that the documents created by the NRC that PG&E seeks to admit here should be viewed as "admissions" of DOE. Because there is no agency relationship between the NRC and DOE, and because it would be absurd to classify all documents of all the branches of the United States Government as admissions of a party opponent, Fed. R. Evid. 801(d)(2) should be viewed as inapplicable to these inadmissable hearsay documents.[1]

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court exclude from evidence documents created by the NRC.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

[1] In Globe Savings Bank, F.S.B. v. United States, 61 Fed. Cl. 91 (2004), and Long Island Savings Bank, FSB v. United States, 63 Fed. Cl. 157 (2004), one of the judges of this Court determined in the circumstances there that, because the United States is the party in this Court, documents from Federal agencies other than the one the actions of which form the basis for the lawsuit could be admitted under Federal Rule of Evidence 801(d)(2)(D), finding that "[t]here is no requirement that the particular agency at which a deponent was employed at the time of the deposition match the subject matter of the admissions." Long Island, 63 Fed. Cl. at 166. However, the Court did not resolve the issue of whether, when different agencies are statutorily assigned different responsibilities and when one of those agencies has some oversight authority over the other, the statements of one agency must always constitute "admissions" in a suit involving the other.

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

May 30, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 30th day of May 2006, a copy of foregoing "DEFENDANT'S MEMORANDUM, IN RESPONSE TO PARAGRAPH 10 OF THE COURT'S ORDER DATED MAY 25, 2006, REGARDING THE ADMISSIBILITY OF DOCUMENTS CREATED BY THE NUCLEAR REGULATORY COMMISSION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.