IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PG&E'S NOTICE OF FILING OF TRIAL SCHEDULE AND MOTION TO COMPEL BASED UPON MORE DEFINITE STATEMENT

Defendant, the United States, respectfully submits this response to the argument contained in the notice of filing of trial schedule, filed May 30, 2006, by plaintiff, Pacific Gas & Electric Company ("PG&E"). Additionally, based upon the more definite statements concerning the scope of testimony of Christopher Warner, in both the pretrial conference and in PG&E's notice, we ask that the Court compel the production of six documents off of PG&E's privilege log pursuant to RCFC 37.

## DISCUSSION

### I. WE OBJECT TO PG&E'S PLAN TO REQUIRE THE GOVERNMENT TO DEFER ITS CROSS-EXAMINATION OF MR. MILLS

In its notice, PG&E seeks an order that would preclude the Government from cross-examining Loring Mills immediately following his direct examination. Instead, PG&E asks that the Court defer the Government's cross-examination of Mr. Mills until the direct and cross-examinations of Christopher Warner, PG&E's second witness, are complete. The Government strongly opposes PG&E's request.

In its argument, PG&E asserts that the testimony of Mr. Mills must precede that of Mr.

Warner because Mr. Mills will "provide the Court with a logical chronology of events that will help to explain the parties' purposes and intentions regarding the Standard Contracts." Notice at 1. Following from Mr. Mills' testimony, Mr. Warner allegedly will testify concerning the "development of the parties' contract." Id. First, and notwithstanding the significant questions concerning Mr. Mills' capacity to testify concerning PG&E's and DOE's "purposes and intentions," we believe that an immediate cross-examination of Mr. Mills is required to rebut the testimony that we anticipate PG&E will attempt to elicit from him at trial. Moreover, because Mr. Mills allegedly will assist the Court in understanding Mr. Warner's testimony, the Government should be allowed to cross-examine Mr. Mills in advance of Mr. Warner's testimony; otherwise, the cross-examination of Mr. Warner will be out-of-context. If Mr. Mills is central to PG&E's theory – and must go first in the "logical chronology" – we should not be precluded from immediately cross-examining him so that the Court will have a full presentation of the facts relevant to Mr. Mills in advance of testimony from Mr. Warner.

Second, based upon the description of Mr. Warner's expected testimony, it is unclear how Mr. Warner's testimony will be of any assistance to the Court. As set forth in the Government's motion in *limine* concerning Mr. Warner's testimony, Mr. Warner was not involved in the development of the Standard Contract. Indeed, Mr. Warner did not review the Standard Contract until 1988 – five years after it was executed by PG&E. Because Mr. Warner was not employed by PG&E during contract formation and had no involvement in the formation of the Standard Contract, Mr. Warner's testimony concerning PG&E's "understanding" of the Standard Contract either is based upon conversations he has had with PG&E personnel – which plainly constitute inadmissible hearsay – or is based upon his alleged work upon the Nuclear

Waste Policy Act ("NWPA"), which would constitute an improper attempt to introduce testimony concerning the intent of Congress.[1] We simply do not understand the value of Mr. Warner's testimony to the Court.

Nevertheless, PG&E clearly does not want to alter the timing of its story, but demands that the Government alter the timing of its response. If Mr. Mills truly must be the first witness at trial, we should be allowed to cross-examine him first, as well. While we agree with the Court that, where necessary, it is possible to present witnesses out of order,[2] we do not believe that the deferral of cross-examination, following what we believe will be the presentation of an incomplete picture of the history of the parties' contract, was envisioned for trial. PG&E certainly can call Mr. Warner "out of order" by presenting him as the first witness at trial. Additionally, we represented our willingness to stay late on Monday, subject to the Court's schedule, to accommodate Mr. Warner. Because Mr. Warner apparently cannot accommodate the parties by staying late on Monday, the appropriate course of action is to have Mr. Warner proceed first with direct and cross-examination, followed by Mr. Mills.

---

[1] Counsel for PG&E represented to the Court at the pretrial conference that letters written by Mr. Warner in the mid-to-late 1990s "laid out a view of the contract that was the company's understanding." Transcript of Proceedings, May 24, 2006, at 443:14-444:17. Since intent is determined at the time of contracting, we do not see the probative value in Mr. Warner's testimony. Moreover, Mr. Warner's statements concerning PG&E's contractual "understanding" embodied in those letters must be based upon inadmissible hearsay, since he is not a percipient witness from the time of contract formation.

[2] For example, the Government has agreed to present Greg Rueger on direct examination during PG&E's case-in-chief to accommodate Mr. Rueger's schedule.

## II. GIVEN THAT PG&E IS HAVING MR. WARNER TESTIFY AT TRIAL ABOUT CONTRACT INTENT, IT IS WAIVING ITS PRIVILEGE CLAIMS OVER DOCUMENTS AUTHORED BY MR. WARNER

Based upon the more definite statements concerning the subject matter upon which Mr. Warner is expected to testify and the implications that PG&E clearly seeks to draw from that testimony, we respectfully request that the Court enter an order compelling the production of six documents listed upon PG&E's privilege log that were prepared by Mr. Warner in the approximate time period and/or concerning the same subject matter as his three letters to DOE and that concern the Standard Contract.[3] The Government moved to exclude Mr. Warner, in his entirety, based upon our belief that his testimony was limited to his work upon the NWPA and our assertion that he lacked personal knowledge concerning the parties' understanding of the Standard Contract. In defending that motion, PG&E asserted at the pretrial conference that Mr. Warner's testimony would be limited to three letters sent to DOE in the mid-to-late 1990s. The Government objected to those letters as hearsay and further noted at the pretrial conference that it had not been provided with documents related to those letters which were withheld upon privilege grounds. Transcript of Proceedings, May 23, 2006, at 286:15-287:1, 290:4-13. PG&E's notice makes clear that it intends to assert that these letters represent PG&E's understanding of the Standard Contract.

PG&E's privilege log identifies six documents either from the same time period and/or

[3] The following documents should be produced based upon PG&E's waiver of attorney client privilege: Ref. Nos. 16 (1998 "legal analysis of high level waste storage issues"), 57 (1997 document "concerning standard contract obligations"); 248 (1998 document reflecting similar description as Ref. No. 16); and 558-560 (1990 documents generally described as "correspondence from counsel (C. Warner) to client regarding spent fuel repository and litigation"). Excerpts from PG&E's privilege log are attached hereto as A.1- A.4.

concerning identical issues as the three letters from Mr. Warner to DOE (written in 1994, 1997, and 1998). Because Mr. Warner is being offered as a witness to testify upon the letters that were sent, any privilege that may have existed over analyses that he performed or in which he was involved in preparation for those letters has been waived. See GFI, Inc. v. Franklin Corp., 265 F.3d 1268, 1272-73 (Fed. Cir. 2001) ("A client implicitly waives the attorney-client privilege by testifying about portions of the attorney-client communication") (citing Nguyen v. Excel Corp., 197 F.3d 200, 207 (5th Cir.1999)); In re Echo Star Comm. Corp., No. Misc-803, 805, 2006 WL 1149528 (Fed. Cir. May 1, 2006) (client can waive the attorney-client privilege when it uses the advice to establish a defense) (citations omitted). A "waiver extends beyond the document initially produced out of concern for fairness, so that a party is prevented from disclosing communications that support its position while simultaneously concealing communications that do not." Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1349 (Fed. Cir. 2005) (citing Weil v. Investment/Indicators, Research & Mgmt., Inc., 647 F.2d 18, 24 (9th Cir. 1981)). Here, PG&E is offering its attorney as a witness concerning PG&E's alleged understanding of PG&E at the time of contract formation. However, that attorney – outside of communications that he had with PG&E personnel – lacks personal knowledge concerning this issue. If he is allowed to testify concerning these three letters, any privilege asserted over documents that fed into the opinions allegedly contained in those letters has been waived, and the documents should be produced.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny PG&E's request that Mr. Mills' direct and cross-examinations be split to accommodate the direct and cross-examinations of Mr. Warner. Additionally, we ask the Court to order the production

of six documents listed upon PG&E's privilege log prepared by Mr. Warner that concern the subject matter of his letters to DOE during that same time period.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT R. DAMELIN
JOSHUA E. GARDNER
SHARON SNYDER
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

May 31, 2006

Attorneys for Defendant

# Appendix

**REVISED PRIVILEGE LOG**
Originally produced June 21, 2005
Revised November 10, 2005

Pacific Gas and Electric v. United States
United States Court of Federal Claims

| REF NO. | BEGNO | ENDNO | DATE | DOCTYPE | AUTHOR | RECIPIENT | COPYEE | DESCRIPTION | CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| 8 | DCP0006148 | DCP0006148 | 6/6/2002 | Electronic Mail (Email) | Kunz, Kathleen | Haselton, Frank | Kelly, Patricia | E-MAIL CONTAINING REQUEST FOR REVIEW BY OUTSIDE COUNSEL, D. REFKA (WINSTON & STRAWN) AND R. SCHIEBELHUT (SINSHEIMER, SCHIEBELHUT & BAGGETT), OF REQUEST FOR PROPOSAL DOCUMENT FOR LEGAL SUFFICIENCY | Attorney Client |
| 14 | DCP0008683 | DCP0008810 | 04/00/1985 | Report / Plan | Joseph Oats Corporation | None | None | DRAFT LICENSING REPORT ON SPENT FUEL RACKS FOR DCPP. PREPARED IN ANTICIPATION OF LITIGATION - REGULATORY PROCEEDINGS - NRC LICENSING AMENDMENT PROCEEDING. DUPLICATE OF DOCUMENT AT DCP0019534 | Work Product |
| 16 | DCP0010176 | DCP0010177 | 2/9/1998 | Electronic Mail (Email) | Warner, C. | Ovadia, David; Duke, David L; Kapus, R. L; Smith, Mark G; Tomkins, J.; Stock, W.; Patton, B. H; Papapletro, Emily; Locke, R. L | None | E-MAIL CHAIN CONTAINING COMMUNICATION BETWEEN COUNSEL (C. WARNER, R. LOCKE) AND CLIENT REGARDING LEGAL ANALYSIS OF HIGH LEVEL WASTE STORAGE ISSUES | Attorney Client |
| 18 | DCP0010484 | DCP0010485 | 2/27/2002 | Electronic Mail (Email) | Strickland, Jearl L | Womack, L.; Miklush, D.; Tomkins, J.; Grebel, T.; Nugent, Patrick; Locke, R.; Hobson, Missle; Patton, B.; Shoulders, Jack; Cossette, Larry; Sellers, J.; Klimczak, Richard | None | E-MAIL FROM CLIENT TO CLIENT AND COUNSEL (R. LOCKE) REGARDING ATTACHED (DCP0010485) MEETING MINUTES AND ACTION ITEMS ON DCPP SPENT FUEL STORAGE ISSUES PREPARED AT THE REQUEST OF COUNSEL (R. LOCKE). E-MAIL REFLECTS INFORMATION RESULTING FROM MEETING REQUESTED BY COUNSEL | Attorney Client; Work Product |
| 19 | DCP0010682 | DCP0010684 | 4/28/1992 | Multiple Email | Warner, C. | Walters, Winifred C; Buchsbaum, C.; Slocum, Gail; McLennan, R. B; Kubitz, Kermit R | Bangert, A C; Nelson, Robert T; Weingart, Richard A; Barrett, John E; Anderson, Stan, Fairchild, Bill; Patterson, D.; Barrett, Gene | E-MAIL CHAIN CONTAINING COMMUNICATION BETWEEN CLIENT AND COUNSEL (C. WARNER, C. BUCHSBAUM, G. SLOCUM, R. MCLENNAN, K. KUBITZ) REGARDING LEGAL ANALYSIS AND RECOMMENDATIONS IN PREPARATION FOR LITIGATION - REGULATORY PROCEEDINGS - GRC | Attorney Client; Work Product |
| 20 | DCP0010685 | DCP0010685 | 4/22/1992 | Electronic Mail (Email) | Warner, C. | Kubitz, Kermit R; McLennan, R. B; Slocum, Gail; Buchsbaum, C. | Barrett, John E; Weingart, Richard A; Nelson, Robert T; Bangert, Chuck; Walters, Winifred C | E-MAIL TO COUNSEL (K. KUBITZ, R. MCLENNAN, G. SLOCUM, C. BUCHSBAUM) FROM COUNSEL (C. WARNER) PROVIDING LEGAL ANALYSIS AND REQUEST FOR LEGAL REVIEW REGARDING LITIGATION - REGULATORY PROCEEDINGS - GRC | Attorney Client; Work Product |
| 21 | DCP0014549 | DCP0014549 | 5/4/2004 | Multiple Email | Maggard, Stephanie A | Groff, Christopher; Locke, R.; | Borman, Nancy; Cocard, Marianne L; Varis, Mary E; Cochrane Martha; Campbell, Walter L | E-MAIL CHAIN CONTAINING COMMUNICATION BETWEEN CLIENT AND COUNSEL (R. LOCKE) REGARDING NUCLEAR WASTE FUND PAYMENTS UNDER THE STANDARD CONTRACT. INCLUDES REQUEST FOR LEGAL ADVICE AND RESPONSE FROM COUNSEL | Attorney Client |
| 22 | DCP0014550 | DCP0014550 | 4/21/2004 | Electronic Mail (Email) | Groff, Christopher | Locke, R. | Womack, L.; Danielson, Albert; Zerbe, Doug; Sellers, J. | INCOMPLETE COPY OF E-MAIL TO COUNSEL (R. LOCKE) REQUESTING LEGAL ADVICE REGARDING NUCLEAR WASTE FUND PAYMENTS UNDER THE STANDARD CONTRACT. A COMPLETE VERSION OF THIS E-MAIL IS INCLUDED AT DCP0014558 | Attorney Client |

NOTE: The reference numbers from the 6/21/05 log have been retained.
Where documents were released, there will be a gap.

**REVISED PRIVILEGE LOG**
Originally produced June 21, 2005
Revised November 10, 2005

Pacific Gas and Electric v. United States
United States Court of Federal Claims

| REF. NO. | BEGNO | ENDNO | DATE | DOCTYPE | AUTHOR | RECIPIENT | COPYEE | DESCRIPTION | CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| 57 | DCP0016235 | DCP0016237 | 6/26/1997 | Multiple Email | Warner, C. | Rueger, M.; Seller, Judith | Stock, W.; Duke, David L; Hill, Thomas M; Richard, Daniel D; Regan, Frank J; Pidcock, Paulette C; Gullasi, Les G; Corey, Jana; Sigler, Cheryl | E-MAIL CHAIN CONTAINING COMMUNICATION BETWEEN COUNSEL (C. WARNER) AND CLIENT REGARDING STRATEGY FOR LITIGATION AGAINST DOE CONCERNING STANDARD CONTRACT OBLIGATIONS. ALSO REFLECTS LEGAL ANALYSIS FROM OUTSIDE COUNSEL, J. SILBERG (SHAW PITTMAN POTTS & TROWBRIDGE) | Attorney Client |
| 58 | DCP0016238 | DCP0016238 | 6/6/1997 | Electronic Mail (Email) | Warner, C. | Worthington, B.; Rueger, M.; Richard, Daniel D; Stock, W.; Bangert, Chuck; Sellers, J.; Womack, L. F; Hill, Tom A; Kline, Steven L; Gullasi, Les G; Corey, Jana; Mullen, Pat W; Cooper, Shawn E | Glynn Jr., Robert D; Smith, Gordon R | E-MAIL FROM COUNSEL (C. WARNER) TO CLIENT AND COUNSEL (B. WORTHINGTON) REGARDING LEGAL ANALYSIS AND STRATEGY FOR REGARDING SPENT FUEL LITIGATION | Attorney Client |
| 59 | DCP0016239 | DCP0016239 | 5/30/1997 | Electronic Mail (Email) | Duke, David L | Locke, R. | Sellers, J.; Walters, Winifred C | E-MAIL FROM CLIENT TO COUNSEL (R. LOCKE) REGARDING REQUEST FOR INFORMATION CONCERNING STANDARD CONTRACT OBLIGATIONS AND REVIEW OF LEGAL MEMORANDUM FROM OUTSIDE COUNSEL (SHAW PITTMAN) | Attorney Client; Work Product |
| 60 | DCP0016243 | DCP0016244 | | Report / Plan | Hill, Tom (Thelan, Reid & Priest) | Duke, David; Locke, R.; Stock, William | None | LEGAL MEMORANDUM FROM OUTSIDE COUNSEL, T. HILL (THELAN, REID & PRIEST), REGARDING LEGAL ADVICE ON SPENT FUEL STORAGE OPTIONS | Attorney Client; Work Product |
| 62 | DCP0017658 | DCP0017692 | 10/18/2002 | Electronic Mail (Email) | Vosburg, D. | Locke, R. | Vosburg, D. | E-MAIL FROM CLIENT TO COUNSEL (R. LOCKE) REGARDING ATTACHED (DCP0017559 - DCP0017692) RERACKING MATERIALS. ATTACHMENTS PREPARED AT THE REQUEST OF COUNSEL | Attorney Client; Work Product |
| 63 | DCP0017693 | DCP0017693 | 8/20/2002 | Multiple Email | Vosburg, D. | Locke, R. | Womack, L., Micklush, David; Grebel, T. | E-MAIL CHAIN CONTAINING COMMUNICATION BETWEEN COUNSEL (R. LOCKE) AND CLIENT REGARDING ATTACHED (DCP0017694 - DCP0017696) STRATEGY FOR SPENT FUEL STORAGE OPTIONS. ATTACHMENT PREPARED AT THE REQUEST OF COUNSEL | Attorney Client; Work Product |
| 64 | DCP0017694 | DCP0017696 | | Report / Plan | Vosburg, D. | Locke, R. | Womack, L.; Miklush, D.; Grebel, T. | ATTACHMENT TO E-MAIL CHAIN CONTAINING COMMUNICATION BETWEEN COUNSEL (R. LOCKE) AND CLIENT REGARDING STRATEGY FOR SPENT FUEL STORAGE OPTIONS. PREPARED PURSUANT TO A REQUEST FROM COUNSEL (R. LOCKE) IN ANTICIPATION OF LITIGATION OR REGULATORY PROCEEDING | Work Product |
| 65 | DCP0017697 | DCP0017697 | 8/8/2002 | Notes | Locke, R. | None | None | HANDWRITTEN NOTES OF COUNSEL (R. LOCKE) REGARDING LEGAL AND REGULATORY STRATEGY FOR SPENT FUEL STORAGE OPTIONS | Work Product |
| 66 | DCP0017698 | DCP0017698 | 8/14/2002 | Notes | Locke, R. | None | None | HANDWRITTEN NOTES OF COUNSEL (R. LOCKE) REGARDING LEGAL AND REGULATORY STRATEGY FOR SPENT FUEL STORAGE OPTIONS | Work Product |

NOTE: The reference numbers from the 6/21/05 log have been retained.
Where documents were released, there will be a gap.

**REVISED PRIVILEGE LOG**
Originally produced June 21, 2005
Revised November 10, 2005

Pacific Gas and Electric v. United States
United States Court of Federal Claims

| REF. NO. | BEGNO | ENDNO | DATE | DOCTYPE | AUTHOR | RECIPIENT | COPYEE | DESCRIPTION | CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| 243 | HBP0019302 | HBP0019306 | 11/12/2004 | Report / Plan | Pacific Gas & Electric | Pulley, Lawrence | None | DRAFT DATA RESPONSE DOCUMENTS PREPARED IN RESPONSE TO LITIGATION - REGULATORY PROCEEDING INITIATED BY A PROTEST OR REQUEST FOR INTERVENTION AND HEARING IN REGARD TO ADVICE LETTER FILED BY PG&E WITH THE CPUC | Work Product |
| 245 | HBP0019339 | HBP0019339 | 10/14/2004 | Multiple Email | Willis, Roy | Locke, R. | O'Flanagan, Joseph; Kapus, R.; Miklush, D. | REDACTED PORTION OF EMAIL CONTAINS DESCRIPTION OF LEGAL ADVICE SOUGHT FROM COUNSEL (R. LOCKE) REGARDING ONGOING LITIGATION - ADVERSARIAL REGULATORY PROCEEDING | Attorney Client |
| 247 | HBP0021014 | HBP0021014 | 7/12/1999 | Multiple Email | Kapus, R. | Locke, R.; Cassidy, Leigh | Placak, Richard; Carden, Harold; Willis, Roy; Patton, B. | E-MAIL CHAIN CONTAINING COMMUNICATION BETWEEN CLIENT AND COUNSEL (L. CASSIDY, R. LOCKE) REGARDING SPENT FUEL STORAGE. PROVIDES LEGAL ADVICE; | Attorney Client |
| 248 | HBP0021719 | HBP0021720 | 2/9/1998 | Electronic Mail (Email) | Warner, C. | Ovadia, David; Duke, David L; Kapus, R. L; Smith, Mark G; Tomkins, J.; Stock, W.; Patton, B. H; Papapietro, Emily; Locke, R. | None | E-MAIL CHAIN REGARDING HIGH LEVEL WASTE MEETING - REDACTED PORTION CONTAINING COMMUNICATION FROM COUNSEL (C. WARNER) TO CLIENT AND COUNSEL (R. LOCKE) REGARDING LEGAL ANALYSIS OF HIGH LEVEL WASTE STORAGE ISSUES | Attorney Client; Work Product |
| 250 | HBP0022430 | HBP0022431 | 7/2/1999 | Multiple Email | Warner, C. | Carden, Harold; Patton, B.; Kapus, R. | Danielson, Albert; Locke, R.; Sellers, J.; Zerbe, Doug; Trengove, Ken; Curb, Rob | E-MAIL CHAIN CONTAINING COMMUNICATION BETWEEN CLIENT AND COUNSEL (C. WARNER, R. LOCKE) REGARDING SPENT FUEL LITIGATION | Attorney Client |
| 251 | HBP0022456 | HBP0022457 | 8/10/1999 | Memo | PG&E Senior Vice President, Nuclear Power Generation | Smith, Gordon | None | MEMORANDUM REFLECTING COMMUNICATION FROM COUNSEL (R. PETERS) REGARDING ISFSI LICENSING ISSUES. PREPARED IN ANTICIPATION OF LITIGATION - REGULATORY PROCEEDINGS - CPUC AND NRC | Work Product |
| 252 | HBP0022458 | HBP0022459 | 8/10/1999 | Memo | PG&E Senior Vice Presidnet, Nuclear Power Generation | Smith, Gordon | None | DRAFT MEMORANDUM REFLECTING COMMUNICATION FROM COUNSEL (R. PETERS) REGARDING ISFSI LICENSING ISSUES. PREPARED IN ANTICIPATION OF LITIGATION - REGULATORY PROCEEDINGS - CPUC AND NRC | Work Product |
| 253 | HBP0022460 | HBP0022460 | 8/5/1999 | Memo | Peters, Roger J | Smith, Gordon R | None | LEGAL MEMORANDUM FROM COUNSEL (R. PETERS) TO CLIENT REGARDING ISFSI LICENSING ISSUES. INCLUDES LEGAL ANALYSIS. PREPARED IN ANTICIPATION OF LITIGATION - REGULATORY PROCEEDINGS - GRC | Attorney Client; Work Product |
| 256 | HBP0023227 | HBP0023227 | 10/25/2002 | Letter | Pacific Gas & Electric Company | Kapus, R. | None | DRAFT LETTER TO NRC REGARDING LICENSE AMENDMENT REQUEST. PREPARED FOR FILING BEFORE THE NRC. | Work Product |
| 257 | HBP0025826 | HBP0025827 | 6/25/1998 | Multiple Email | Warner, C. | Womack, L.; Tomkins, J.; Moulia, T.; Grebel, T.; Patton, B.; Kahler, Edwin; Smith, Mark; Johnson, S.; Locke, R.; Sokolsky, D.; Rasmussen, P.; Heggli, G.; Ogden, D.; Calloway, Amy; Johnson, Roger | None | E-MAIL CHAIN REGARDING PG&E / NRC MEETING MINUTES - REDACTED PORTION CONTAINS COMMUNICATION FROM COUNSEL (C. WARNER) TO CLIENT REGARDING LEGAL ISSUES FOR HBPP AND DCPP SPENT FUEL STORAGE | Attorney Client |

NOTE: The reference numbers from the 6/21/05 log have been retained.
Where documents were released, there will be a gap.

**REVISED PRIVILEGE LOG**
Originally produced June 21, 2005
Revised November 10, 2005

Pacific Gas and Electric v. United States
United States Court of Federal Claims

| REF. NO. | BEGNO | ENDNO | DATE | DOCTYPE | AUTHOR | RECIPIENT | COPYEE | DESCRIPTION | CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| 554 | PGE0005376 | PGE0005376 | 8/29/1995 | Memo | Christian, C. (Hogan & Hartson); Courtney, Maryanne (Hogan & Hartson) | Watzl, Edward L (NSP); Dahodwala, Quresh (PSEG); Krieser, Gary M (Wisc. Elec.); Riley, James (SoCal Edison); Rueger, M.; Parkyn, John D (Dairyland); Cook, John G (Ill. Power); Zaremba, T. J (Dairyland); Connelly, M. (NSP) | None | DUPLICATE O PGE0005377. LEGAL MEMORANDUM FROM OUTSIDE COUNSEL, C. CHRISTIAN AND M. COURTNEY (HOGAN & HARTSON), TO MESCALERO FUEL STORAGE UTILITY GROUP MEMBER COUNSEL REGARDING ATTACHED (PGE0005379 - PGE0005431) DRAFT PROJECT DEVELOPMENT AGREEMENT BY AND AMONG THE MESCALERO APACHE TRIBE AND MESCALERO FUEL STORAGE L.L.C. ATTACHMENT IS WORK PRODUCT OUTSIDE COUNSEL (HOGAN & HARTSON). THIS COPY CONTAINS NOTE FROM CLIENT TO COUNSEL (C. WARNER) REQUESTING REVIEW OF DOCUMENT FOR LEGAL SUFFICIENCY; | Attorney Client |
| 555 | PGE0005377 | PGE0005431 | 8/28/1995 | Memo | Christian, C. (Hogan & Hartson); Courtney, Maryanne (Hogan & Hartson) | Watzl, Edward L (NSP); Dahodwala, Quresh (PSEG); Krieser, Gary M (Wisc. Elec.); Riley, James (SoCal Edison); Rueger, M.; Parkyn, John D (Dairyland); Cook, John G (Ill. Power); Zaremba, T. J (Dairyland); Connelly, M. (NSP) | None | LEGAL MEMORANDUM FROM OUTSIDE COUNSEL, C. CHRISTIAN AND M. COURTNEY (HOGAN & HARTSON), TO MESCALERO FUEL STORAGE UTILITY GROUP MEMBER COUNSEL REGARDING ATTACHED (PGE0005379 - PGE0005431) DRAFT PROJECT DEVELOPMENT AGREEMENT BY AND AMONG THE MESCALERO APACHE TRIBE AND MESCALERO FUEL STORAGE L.L.C. ATTACHMENT IS WORK PRODUCT OUTSIDE COUNSEL (HOGAN & HARTSON) | Attorney Client; Work Product |
| 558 | PGE0006061 | PGE0006061 | 8/7/1990 | Agenda / Meeting Minute | Pacific Gas & Electric Company | None | None | PROPOSED AGENDA FOR NUCLEAR WASTE ISSUES MEETING REGARDING SPENT FUEL LITIGATION. CONTAINS MARGINAL NOTES REFLECTING THOUGHTS AND IMPRESSIONS OF COUNSEL (C. WARNER) | Work Product |
| 559 | PGE0006094 | PGE0006094 | 7/13/1990 | Letter | Warner, C. | Blanc, Gene A | None | CORRESPONDENCE FROM COUNSEL (C. WARNER) TO CLIENT REGARDING SPENT FUEL REPOSITORY AND LITIGATION | Attorney Client |
| 560 | PGE0006192 | PGE0006192 | 6/13/1990 | Letter | Warner, C. | Duke, David L; Lorenz, Bob; Oatley, Dave | None | CORRESPONDENCE FROM COUNSEL (C. WARNER) TO CLIENT REGARDING PREPARATION FOR LITIGATION | Attorney Client |
| 561 | PGE0006204 | PGE0006205 | 6/13/1990 | Fax Cover Sheet | Warner, C. | Buren, Mindy (Shaw Pittman); Silberg, Jay (Shaw Pittman) | None | FACSIMILE COVER SHEET FROM COUNSEL (C. WARNER) TO OUTSIDE COUNSEL, M. BUREN AND J. SILBERG (SHAW PITTMAN), REGARDING ATTACHED (PGE0006205) MODIFICATIONS TO DRAFT BRIEF PREPARED FOR FILING IN SPENT FUEL LITIGATION | Attorney Client |
| 562 | PGE0006207 | PGE0006208 | 6/13/1990 | Letter | Warner, C. | Buren, Mindy (Shaw Pittman); Silberg, Jay (Shaw Pittman) | None | CORRESPONDENCE FROM COUNSEL (C. WARNER) TO OUTSIDE COUNSEL, M. BUREN AND J. SILBERG (SHAW PITTMAN), REGARDING MODIFICATIONS TO DRAFT BRIEF PREPARED FOR FILING IN SPENT FUEL LITIGATION. ATTACHMENT TO FACSIMILE AT PGE0006204 | Attorney Client |

NOTE: The reference numbers from the 6/21/05 log have been retained.
Where documents were released, there will be a gap.

CERTIFICATE OF FILING

I hereby certify that on this 31st day of May, 2006, a copy of foregoing "DEFENDANT'S RESPONSE TO PG&E'S NOTICE OF FILING OF TRIAL SCHEDULE AND MOTION TO COMPEL BASED UPON MORE DEFINITE STATEMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John C. Ekman