# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: June 1, 2006)

PACIFIC GAS AND ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

The court has before it Defendant's Motion for a Protective Order or, in the Alternative, an Order Compelling the Further Deposition of Mr. David Zabransky and Placing Mr. Zabransky's Deposition Testimony Under the Protective Order Amended by the Court on May 25, 2006 (Def.'s Mot. or Motion), and PG&E's Response to Defendant's Motion for a Protective Order (Pl.'s Resp. or Response). Defendant's moves the court to "issue an order precluding the further deposition testimony of Mr. David Zabransky, . . . or, in the alternative, compelling that deposition, limiting it to two hours in length, and directing that distribution of the transcript of Mr. Zabransky's deposition be limited to attorneys for plaintiff . . . for use in this case only." Def.'s Mot. at 1.

Plaintiff does not oppose defendant's request for an order compelling Mr. Zabransky's deposition, but "does object to the government's request for a two hour time limit." Pl.'s Resp. at 1. The court agrees to enter an order compelling Mr. Zabransky's deposition and agrees with plaintiff that a two-hour time limit on Mr. Zabransky's deposition is unnecessary. Furthermore, the court agrees to "order that the transcript of Mr. Zabransky's deposition be designated as protected material and subject to the protective order that the [c]ourt amended with its May 14, 2006 order, limiting its use and availability to counsel for PG&E only [and] for use in this case only." Def.'s Mot. at 2.

Accordingly, defendant shall CAUSE Mr. Zabransky to be present at a deposition scheduled to be held today, June 1, 2006. The transcript of Mr. Zabransky's deposition shall be subject to the Protective Order issued by the court on April 21, 2005. The court AMENDS the Protective Order to limit the disclosure and/or use of the transcript of Mr. Zabransky's deposition to the attorneys for the plaintiffs in this litigation only, rather than, as stated in the Protective Order, the "attorneys for plaintiffs in the spent nuclear fuel cases." Order of April 21, 2005 ¶ 5; see also Order May 14, 2006 at 2 n.3.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge