IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically on June 1, 2006

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-0074C, into which has been consolidated No. 04-0075C (Judge Hewitt) |

PG&E'S RESPONSE TO DEFENDANT'S MEMORANDUM IN RESPONSE TO PARAGRAPH 10 OF THE COURT'S ORDER REGARDING THE ADMISSIBILITY OF DOCUMENTS CREATED BY THE NUCLEAR REGULATORY COMMISSION

In its Order dated May 25, 2006, the Court directed the government to "provide the court with a memorandum … as to whether documents created by the Nuclear Regulatory Commission (NRC) constitute admissions of the Department of Energy (DOE) under Fed. R. Evid. 801(d)(2) in the context of this case." In response to the Court's order, the government has identified and sought to exclude 28 documents allegedly created by the NRC.[1] The government's arguments are misplaced. For the reasons set forth herein, the challenged documents are admissible under Rule 801(d)(2).

I. BECAUSE THE UNITED STATES IS THE DEFENDANT IN THIS CASE, STATEMENTS OF THE NRC (AN AGENCY OF THE UNITED STATES) ARE STATEMENTS OF THE PARTY OPPONENT ADMISSIBLE UNDER RULE 801(D)(2)(A).

The parties to the contract at issue in this case are the United States and Pacific Gas & Electric Company. Preamble to the 1983 Contract between PG&E and the United States

[1] Nearly all of the documents identified relate to the government's commitment to dispose of greater-than-Class-C ("GTCC") radioactive waste.

("Contract"), PX 54. The litigants before the Court are the United States and PG&E. The government admits, as it must, that "it is beyond dispute that the defendant in this case is the United States, rather than a particular agency." Memo at 2. It is well-settled that "[t]here is only one United States for the purposes of the Tucker Act . . . [though the] Federal Government, however, is composed of agencies that exercise variously responsibilities as authorized by Congress." *Transamerica Corp. v. United States*, 15 Cl. Ct. 420, 472 (1988).

In *United States v. Van Griffin*, 874 F.2d 634 (9th Cir. 1989) (quoted from and relied upon by the government), the defendant in a federal drunk driving case, challenging his arrest, sought to introduce a publication from the National Highways Traffic Safety Administration which addressed the proper procedures for sobriety tests. The court ruled that the statement at issue could be entered *as an admission of the United States*:

> In this case the government department charged with the development of rules for highway safety was the relevant and competent section of the government; its pamphlet on sobriety testing was an admissible party admission.

874 F.2d 634. Here, the government readily admits that the NRC is the "relevant and competent agency" to regulate disposal of spent nuclear fuel. It states that NRC's "sole role is to ensure that DOE's repository meets certain standards." Memo at 6. As a result, NRC created documents are statements of the government, admissible under Rule 808(d)(2)(A).

## II. BECAUSE THE UNITED STATES IS THE DEFENDANT IN THIS CASE, STATEMENTS OF EMPLOYEES OF THE UNITED STATES, ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT, ARE ADMISSIONS OF A PARTY OPPONENT, ADMISSIBLE UNDER RULE 801(D)(2)(D).

The statements of NRC officials are admissions of the United States if (1) the officials are employees of the United States, (2) the statements are made while they are so employed, and (3) the statements concern a matter their scope of employment. Fed. R. Evid. 801(d)(2)(D). *Globe Savings Bank v. United States*, 61 Fed. Cl. 91, 97 (2004) (holding that statements of a

government employee are admissions even if the person is employed by a different government agency at the time of testimony).

There is no requirement that the declarant be employed by the government agency involved in the litigation or that or that he be related somehow to the "contracting" agency. *Transamerica*, 15 Ct. Cl. at 472 (statement by the Librarian of Congress as to the appraised value of a donation was an admission of the government in a tax case). In *United States v. AT&T*, 498 F. Supp. 353 (D.D.C. 1980), for example, the United States Department of Justice sued the telephone giant for antitrust violations. Defendant sought to introduce statements of officials from the Defense Department and other executive agencies before the FCC as admissions of the government. The court ruled that the statements were admissible under Rule 801(d)(2)(D).[2]

## III. THE GOVERNMENT'S ARGUMENTS ARE NOT RELEVANT TO THE ISSUE BEFORE THE COURT.

To circumvent the effect of the foregoing cases, the government relies upon three arguments, none of which have any bearing here.

First, the government contends that the statements are admissible under Rule 801(d)(2) only if they are contractually binding on the government. Memo at 5-6. There is no such rule, either in the Rules of Evidence or the case law. Fed. R. Evid. 801(d)(2)(C) excludes from hearsay all statements "authorized by the party," while 801(d)(2)(D), pertaining to employees, makes no mention of "authorization." *See PR Contractors v. United States*, 69 Fed. Cl. 468, 473 (Jan. 20, 2006) (explaining that "a declarant whose statement falls within Rule 801(d)(2)(D) need not establish that his statement was 'authorized' within the meaning of the rule.") (internal quotes omitted). The government's cited cases, which focus on the power of an official to bind

[2] The court reasoned in part that, if the government were correct, all large organizations could easily circumvent Rule 801(d)(2) by creating divisions and subsidiaries.

an agency by contract, have nothing to do with the issue of admissibility of evidence. *Flexfab, Inc. v. United States*, 424 F.3d 1254, 1260-62 (Fed. Cir. 2005) (concluding that plaintiff was not a third party beneficiary because the government employee which represented an intent to benefit plaintiff was not a "contracting officer"); *City of El Centro v. United States*, 922 F.2d 816 (Fed. Cir. 1990) (denying plaintiff hospital's claim for payment under an implied contract for services rendered because the government employee requesting services was not a contracting officer). Indeed, both cases prove that admissions of a party opponent are admissible though the speaker does not have the power to bind the agency to a contract. In both cases, the courts admitted into evidence the government employees' statements implying an intent to contract; then, both held that the statements were not binding because the speakers lacked the right to contract for the agency. *Flexfab*, 424 F.3d at 1262 (admitting the government employee's statement accepting the contract terms during party negotiations); *City of El Centro*, 922 F.2d at 818 (quoting the agent's statement implying that the government would pay for healthcare costs of injured aliens hurt during police pursuit).

Second, the government cites to case law limiting the application of Fed. R. Evid. 801(d)(2)(D) in the criminal context. *See* Memo at 3-4. The Fifth and Seventh Circuits have applied a narrow exception in criminal cases, refusing to admit a government law enforcement agent's statements as admissions of the government unless the agency explicitly adopts the statements through official action. *See United States v. Garza*, 2006 WL 1086234 (5th Cir. Apr.26, 2006) (conspiracy to distribute controlled substances) *and United States v. Kampiles*, 609 F.2d 1233 (7th Cir. 1979) (delivering top secret information to Soviet agent). That said, the Seventh Circuit has made clear that the rule applies *solely* to criminal trials. *United States v. Prevatte*, 16 F.3d 767, 779 n.9 (7th Cir.1994) (applying the exception to exclude statements

made by a government informant, but noting that it has not been applied in the context of civil litigation). Still other courts have recognized that the criminal prosecution exception existed prior to the Federal Rules of Evidence but refused to adopt it after their enactment. *See Harris v. United States*, 834 A.2d 106, 119 (App. D.C. 2003) (admitting the prosecutor's statements as admissions and citing *United States v. Salerno*, 937 F.2d 797, 812 (2d Cir.1991), *United States v. GAF Corp.*, 928 F.2d 1253, 1261 (2d Cir.1991), and *United States v. Kattar*, 840 F.2d 118, 131 (1st Cir.1988) for the same proposition).

Third, the government argues that admission of NRC documents creates a "problem" because NRC has regulatory authority over DOE and (apparently) because DOE and NRC may not always see eye to eye. This argument goes to weight, not admissibility. In *United States v. AT&T*, *supra*, the court rejected a similar argument by the Department of Justice. The court reasoned that "the admissibility of an admission by a party opponent is a consequence, not of trustworthiness or lack of burdensomeness, but of the adversary system of litigation." 498 F.Supp. at 358. As a result, the court concluded:

> The rulings herein concern solely admissibility; they do not foreclose the opponent from attempting to refute the evidence being admitted notwithstanding the hearsay rule; nor do they assign any specific weight to such evidence. As concerns specifically the documents being admitted pursuant to Rule 801(d)(2)(D) against the government, the Court intends to assign weight thereto depending on the character of the documents; the time when they were generated; and the status or rank of the official generating them, as well as his relationship to the issues being litigated in this case.

498 F. Supp. at 358. If the government contends that there is some reason that the Court should not lend credence to the documents generated by the NRC, that argument does not preclude their admission into evidence.

IV. FINALLY, MANY OF THE EXHIBITS IDENTIFIED ARE NOT NRC STATEMENTS, OR ARE OTHERWISE PUBLIC RECORDS, SO THE GOVERNMENT'S MEMO SIMPLY DOES NOT APPLY TO THEM.

Finally, the government's stated purpose is to protect 28 "documents that the NRC created," but at least 17 of the documents have no business being the subject of the Motion.

Six of the documents the government seeks to exclude are statements of DOE, not NRC. These include PX 25 (DOE talking points for discussion with NRC representative); PX 166 (DOE letter to the NRC's director of the Office of Nuclear Material Safety and Safeguards from DOE Assistant Secretary Leo Duffy ); PX 296 and 297 (presentation by DOE employees Duggan and Rhoderick regarding GTCC waste); PX 321 (internal DOE email); PX 326 (DOE fax to NRC enclosing letter from DOE Assistant Secretary David Huizenga to NRC Director of Nuclear Safety and Regulatory Affairs); PX 336 (DOE letter to NRC Director of Nuclear Safety and Regulatory Affairs from DOE Assistant Secretary David Huizenga ). Even according the government, statements by DOE – as the contracting agency – are clearly admissions by the party opponent in this case and excluded from hearsay. Defendant's Memorandum in Response to Paragraph 10 of the Court's Order at 3 ("Memo").

A seventh, PX 331 (letter to the Secretary of Energy from five New England Governors), is a DOE and NRC business record that is not being offered for the truth of the matter asserted. Thus, the government's arguments regarding its hearsay status as an NRC document are inapplicable.

Two of the documents pertain to a meeting with representatives of DOE, representatives of NRC and lawyers from the Department of Justice in attendance. PX 322 and 576.[3] These documents, actually copies of a single document, are both an NRC business record and a public record. Indeed, the government asserted that the deliberative process privilege applied to these

[3] PX 322 and 576 are duplicate exhibits. Thus, PG&E withdraws PX 576.

proceedings and the attendant documents. *See* Order of May 14, 2006 at 3 (compelling the government to release document nos. 425 thru 427, which became PX 322 and 576 in the aggregate).

Eight more documents are plainly public records, admissible under Fed. R. Evid. Rule 803(8). These include PX 117 (NRC's final rule amending 10 CFR Part 61 relating to GTCC radioactive waste, as published in the Federal Register); PX 322 (agenda for December 20, 2000, meeting between DOE, DOJ and NRC to "discuss DOE's November 17, 2000, letter to the State of Maine concerning GTCC waste"); PX 338 (Official NRC transcript of the Advisory Committee on Nuclear Waste proceedings); PX 342 (NRC inspection manual); PX 354 (NRC inspection manual); PX 485 (NRC Rulemaking); PX 537 (NRC Inspection Manual); PX 598 (NRC Regulatory Publication); PX 611 (NRC Inspection Manual).

## V. CONCLUSION

For the reasons stated above, the Court should overrule the government's objections to the "NRC created documents."

Dated: June 1, 2006 Respectfully submitted,

s/Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3173 Phone
(202) 261-4751 Fax
*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:
Robert L. Shapiro
Greenberg Traurig, LLP