IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically on July 7, 2006

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-074C<br>into which has been consolidated<br>No. 04-075C<br><br>(Judge Hewitt) |

PG&E'S MOTION TO STRIKE, AS IMPROPER AND INADMISSIBLE HEARSAY, DEFENDANT'S COUNTER-DESIGNATIONS OF DEPOSITION AND PRIOR TRIAL TESTIMONY

PG&E moves the Court to strike, as improper and inadmissible hearsay, a large number of the government's counter-designations of deposition and prior trial testimony. These counter-designations go far beyond the scope of PG&E's designations and represent an improper attempt to introduce substantive evidence without a live witness – *i.e.,* hearsay.

In making this request, PG&E is mindful of the Court's directions in its May 25, 2006 Post-Pretrial Order (1) that this Court "may disregard any deposition testimony that is not referenced or cited in the parties' opening post-trial briefs (except for deposition testimony [appropriately cited in ] post-trial reply briefs. . . )," and (2) that objections to deposition testimony cited in post-trial briefs should be made as provided in the May 25, 2005 Order. PG&E is also mindful that when it originally filed its extensive "objections" to the government's counter-designations, the Court by Order of July 6, 2006 struck that filing and reminded the parties of the direction in its May 25 Order as to how to object to deposition designations that are cited in post-trial briefs.

But PG&E's objections, which are plainly meritorious, extend well beyond counter-designations the government may cite in its post-trial briefs. And even though this Court may disregard deposition testimony not cited in post-trial briefs, the fact remains that the extensive and improperly overbroad counter-designations filed by the government are part of the record in this case and, absent an order striking them as improper, the government may attempt to cite those improper hearsay counter-designations on appeal. That would be prejudicial to PG&E. The Court should therefore act now to exclude the improper counter-designations by striking them from the record.

## DISCUSSION

A large number of the government's proffered counter-designations here are objectionable because they do not fall under any of the proper grounds for admissibility under RCFC 32(a)(4) or Fed. R. Evid. 106. Pursuant to RCFC 32(a)(4), "[i]f only part of a deposition is offered in evidence by a party, an adverse party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced . . . ." *See also* Fed. R. Evid. 106 ("When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.").

Both RCFC 32(a)(4) and Fed. R. Evid. 106 embody the rule of "completeness." *See* Fed. R. Evid. 106 Advisory Committee's Note. "The rule of completeness provides that the opponent, against whom a part of an utterance has been put in, may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance." *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1089 (10th Cir. 2001) (quoting *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 171

(1988)) (internal quotations omitted). The rule of completeness, however, does not allow introduction of portions of prior testimony that are neither explanatory of nor relevant to the admitted passages. *United States v. Soures*, 736 F.2d 87, 91 (3d Cir. 1984). "It is often perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them." *In re Pagnotti*, 269 B.R. 326, 331 (Bankr. M.D. Pa. 2001).

A large number of the government's counter-designations are objectionable, under RCFC 32(a)(4) and Fed. R. Evid. 106, because they do not explain or provide fuller context to PG&E's corresponding deposition and prior trial testimony designations. Rather, the government is improperly attempting to use its counter-designations as a vehicle to introduce pages and pages of deposition testimony concerning a variety of unrelated topics and issues that are not addressed by PG&E's corresponding designations.

PG&E appropriately designated only admissions made by government personnel at their depositions or at prior trials. If the government wished to do more than complete such testimony, it was required to call its employees to testify live at trial. Indeed, the government's broad attempt to misuse counter-designations is ironic given the government's insistence before trial that *all* witnesses should testify live. *See* Defendant's Opposition to Plaintiff's Designations of Deposition and Trial Testimony As Substantive Evidence Pursuant to RCFC 34 (a) And Federal Rule of Evidence 801(d)(2), May 12, 2006 at 9-12. To the extent the government failed to call sufficient witnesses or failed to elicit testimony from witnesses it did call, the government should not be permitted to rectify those omissions now by counter-designating hearsay statements that are unrelated to PG&E's designations. Yet that is exactly what the government has done in the vast majority of its counter-designations. As a result, the government's

purported counter-designations of testimony by government employees, which go far beyond PG&E's designations, are pure hearsay that should not be a part of the trial record.

Accordingly, such counter-designations, as well as any corresponding exhibits that the government is seeking to introduce through such counter-designations, should be stricken from the evidentiary record in this case. Failure to do so would improperly leave inadmissible hearsay in the record and would prejudice PG&E to the extent the government may attempt to cite such improper evidence on appeal.

Attached as Appendix A is a table that identifies each deponent, the government's counter-designations, the exhibits referenced therein, and PG&E's objections. The Court should enter an order striking these improper counter-designations.

Dated: July 7, 2006

Respectfully submitted,

s/ Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Ave, NW Ste 500
Washington, D.C. 20006
(202) 331-3173
(202) 261-4751 fax
*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:
ROBERT L. SHAPIRO
Greenberg Traurig, LLP

# APPENDIX A

**John Arthur**

| DATE | DESIGNATION | CORRESPONDING EXHIBIT | PG&E OBJECTION |
|---|---|---|---|
| **Defendant's Counter Designations** | | | |
| 9/22/05 | 79:4-22 | | |
| | 98:5-99:14 | | |
| | 116:8-118:11 | | |
| | 122:4-123:12 | | |
| | 240:3-244:17 | | Outside the scope of PG&E's Arthur designations. None of these designations concern DOE's current three-phase approach for opening the federal repository. Does not explain or provide fuller context to any corresponding designation. |
| | 251:16-252:4 | | Outside the scope of PG&E's Arthur designations. None of these designations concern GTCC waste. Does not explain or provide fuller context to any corresponding designation. |
| | 253:22-254:9 | | Outside the scope of PG&E's Arthur designations. None of these designations concern GTCC waste. Does not explain or provide fuller context to any corresponding designation. |
| | 318:5-321:14 | | Outside the scope of PG&E's Arthur designations. None of these designations concern GTCC waste. Does not explain or provide fuller context to any corresponding designation. |

**Lake Barrett**

| DATE | DESIGNATION | CORRESPONDING EXHIBIT | PG&E OBJECTION |
|---|---|---|---|
| **Defendant's Counter Designations** | | | |
| 4/22/02 | 38:14-15 | | |
| | 43:13-49:1 | | Outside the scope of PG&E's Barrett designations. None of these designations concern issues relating to the development of an MRS facility. Does not explain or provide fuller context to any corresponding designation. |
| | 65:10-69:19 | | Outside the scope of PG&E's Barrett designations. None of these designations concern issues relating to the development of an MRS facility. Does not explain or provide fuller context to any corresponding designation. |
| | 80:10-81:1 | | Outside the scope of PG&E's Barrett designations. None of these designations concern the basis upon which standard contract fees were determined. Does not explain or provide fuller context to any corresponding designation. |
| | 83:7-84:5 | | |
| | 116:14-117:18 | | |
| | 149:5-150:5 | | |
| | 242:16-249:19 | | Outside the scope of PG&E's Barrett designations. None of these designations concern issues relating to the development of an MRS facility. Does not explain or provide fuller context to any corresponding designation. |
| 4/23/02 | 427:14-435:2 | DX 142 | Outside the scope of PG&E's Barrett designations. None of these designations concern issues relating to the development of an MRS facility. Does not explain or provide fuller context to any corresponding designation. |

| | | | |
|---|---|---|---|
| | 442:19-445:5 | | Outside the scope of PG&E's Barrett designations. None of these designations concern issues relating to the development of an MRS facility. Does not explain or provide fuller context to any corresponding designation. |
| | 461:14-465:9 | | Outside the scope of PG&E's Barrett designations. None of these designations concern issues relating to the development of an MRS facility. Does not explain or provide fuller context to any corresponding designation. |
| 4/26/02 | 742:14-743:1 | | Outside the scope of PG&E's Barrett designations. None of these designations concern what the parties intended at the time the standard contracts were signed in 1983. Does not explain or provide fuller context to any corresponding designation. |
| 5/8/02 | 939:13-940:8 | | Outside the scope of PG&E's Barrett designations. None of these designations concern the proposed or contemplated system operating capacity. Does not explain or provide fuller context to any corresponding designation. |
| | 953:21-955:14 | | Outside the scope of PG&E's Barrett designations. None of these designations concern the proposed or contemplated system operating capacity. Does not explain or provide fuller context to any corresponding designation. |
| | 965:18-966:15 | DX 307 | Outside the scope of PG&E's Barrett designations. None of these designations concern the 1995 ACR. Does not explain or provide fuller context to any corresponding designation. |
| 5/10/02 | 1150:3-16 | | |
| | 1333:4-16 | | |

| | | | |
|---|---|---|---|
| | 1341:6-1342:14 | PX 237 | |
| | 1346:19-1348:14 | | Outside the scope of PG&E's Barrett designations. None of these designations concern the issue of using pool overflow rates to develop acceptance rates. Does not explain or provide fuller context to any corresponding designation. |
| 5/14/02 | 126:1-139:23 | | Outside the scope of PG&E's Barrett designations. None of these designations concern available alternatives for GTCC waste disposal. Does not explain or provide fuller context to any corresponding designation. |
| | 141:144:8 | | |
| 5/15/02 | 340:7-20 | | |

**Alan Brownstein**

| DATE | DESIGNATION | CORRESPONDING EXHIBIT | PG&E OBJECTION |
|---|---|---|---|
| **Defendant's Counter Designations** | | | |
| 4/10/02 | 289:13-291:13 | | Outside the scope of PG&E's Brownstein designations. None of these designations concern the advantages to utilities for delaying the APR and DCS process. Does not explain or provide fuller context to any corresponding designation. |
| 4/11/02 | 564:23-576:2 | PX 114 | Outside the scope of PG&E's Brownstein designations. None of these designations concern the criteria DOE would have used to approve an exchange request. Does not explain or provide fuller context to any corresponding designation. |
| 5/23/02 | 100:10-101:7 | | Outside the scope of PG&E's Brownstein designations. None of these designations concern the criteria DOE would have used to approve an exchange request. Does not explain or provide fuller context to any corresponding designation. |
| | 110:14-113:8 | | |
| | 140:3-9 | PX 167 | Outside the scope of PG&E's Brownstein designations. None of these designations concern contractor input on changes to the standard contract. Does not explain or provide fuller context to any corresponding designation. |
| 6/14/02 | 253:19-255:10 | | |

**Robert Campbell**

| DATE | DESIGNATION | CORRESPONDING EXHIBIT | PG&E OBJECTION |
|---|---|---|---|
| **Defendant's Counter Designations** | | | |
| 6/13/02 | 76:11-77:21 | | |
| | 80:8-81:1 | | |
| | 87:5-88:22 | | |
| | 113:17-114:15 | | |
| 6/14/02 | 392:12-393:9 | | |
| | 396:19-397:9 | | |
| | 412:23-413:16 | | |
| 1/29/03 | 466:17-21 | | |
| | 532:12-533:9 | | Outside the scope of PG&E's Campbell designations. None of these designations concern the costs and burdens utilities have incurred due to DOE's failure to accept GTCC waste sealed sources. Does not explain or provide fuller context to any corresponding designation. |
| | 626:23-627:3 | | |
| | 632:8-16 | | Outside the scope of PG&E's Campbell designations. None of these designations concern Campbell's policymaking role at the DOE or with regard to GTCC. Does not explain or provide fuller context to any corresponding designation. |

**David Huizenga**

| DATE | DESIGNATION | CORRESPONDING EXHIBIT | PG&E OBJECTION |
|---|---|---|---|
| **Defendant's Counter Designations** | | | |
| 8/10/04 | 4370:14-4394:3 | | Outside the scope of PG&E's Huizenga designations. None of these designations concern (i) DOE's acceptance of sealed sources of GTCC due to safety and security issues; (ii) budget issues at DOE relating to GTCC waste; (iii) preparation of an environmental impact statement at DOE regarding GTCC; or (iv) Robert Campbell's authority to make DOE policy regarding GTCC. Does not explain or provide fuller context to any corresponding designation. |
| | 4543:3-4556:4 | PX 8, 25, 291, 336, 574, 576 | Outside the scope of PG&E's Huizenga designations. Counter-designation refers to and discusses exhibits (PX 8, 291, 336, 574, 576) that are not referred to in PG&E's designations. Does not explain or provide fuller context to any corresponding designation. |
| | 4567:11-20 | | |
| | | | |

**Susan Klein**

| DATE | DESIGNATION | CORRESPONDING EXHIBIT | PG&E OBJECTION |
|---|---|---|---|
| **Defendant's Counter Designations** | | | |
| 4/24/02 | 57:10-15 | | Outside the scope of PG&E's Klein designations. None of these designations concern whether DCSs are legally binding commitments. Does not explain or provide fuller context to any corresponding designation. |
| 4/25/02 | 354:17-355:13 | | Outside the scope of PG&E's Klein designations. None of these designations concern whether DCSs are legally binding commitments. Does not explain or provide fuller context to any corresponding designation. |
| | 435:16-438:22 | | |
| | 490:13-492:9 | | |

**Ronald A. Milner**

| DATE | DESIGNATION | CORRESPONDING EXHIBIT | PG&E OBJECTION |
|---|---|---|---|
| **Defendant's Counter Designations** | | | |
| 5/1/02 | 27:23-28:6 | | |
| 5/2/02 | 391:13-392:17 | | Outside the scope of PG&E's Milner designations. None of these designations concern whether DCSs or ACRs are legally binding commitments. Does not explain or provide fuller context to any corresponding designation. |
| 5/3/02 | 417:11-418:16 | | |
| | 419:1-14 | | |
| | 435:16-437:16 | | Outside the scope of PG&E's Milner designations. None of these designations concern DOE approval of exchange requests. Does not explain or provide fuller context to any corresponding designation. |
| | 454:11-455:22 | | Outside the scope of PG&E's Milner designations. None of these designations concern DOE approval of exchange requests. Does not explain or provide fuller context to any corresponding designation. |
| | 465:14-25 | | Outside the scope of PG&E's Milner designations. None of these designations concern DOE approval of exchange requests. Does not explain or provide fuller context to any corresponding designation. |
| | 493:4-496:8 | | |
| 5/8/02 | 73:10-24 | | |
| | 77:3-20 | | |
| | 174:5-175:11 | | Outside the scope of PG&E's Milner designations. None of these designations concern RW accepting GTCC waste. Does not explain or provide fuller context to any corresponding designation. |

| | | | |
|---|---|---|---|
| 8/11/04 | 4792:24-4793:7 | | |

**Thomas Pollog**

| DATE | DESIGNATION | CORRESPONDING EXHIBIT | PG&E OBJECTION |
|---|---|---|---|
| **Defendant's Counter Designations** | | | |
| 4/11/02 | 64:22-67:13 | | Outside the scope of PG&E's Pollog designations. None of these designations concern whether DCSs or ACRs are legally binding commitments. Does not explain or provide fuller context to any corresponding designation. |
| | 144:3-145:15 | | |
| | 210:24-211:22 | | |
| 4/12/02 | 11:18-14:12 | DX 90 | |
| | 21:17-24:21 | | |
| | 44:24-45:3 | | |
| | 49:14-25 | | Outside the scope of PG&E's Pollog designations. None of these designations concern whether in 1983 DOE anticipated utilities would have to build on-site storage facilities. Does not explain or provide fuller context to any corresponding designation. |
| | 91:7-92:18 | | Outside the scope of PG&E's Pollog designations. None of these designations concern whether DCSs are legally binding commitments. Does not explain or provide fuller context to any corresponding designation. |

**Nancy Slater**

| DATE | DESIGNATION | CORRESPONDING EXHIBIT | PG&E OBJECTION |
|---|---|---|---|
| **Defendant's Counter Designations** | | | |
| 4/22/99 | 212:1-215:1 | PX 206 | Outside the scope of PG&E's Slater designations. None of these designations concern how the exchange request approval would have worked Does not explain or provide fuller context to any corresponding designation. |
| | 225:25-226:24 | | Outside the scope of PG&E's Slater designations. None of these designations concern how the exchange request approval would have worked Does not explain or provide fuller context to any corresponding designation. |
| 6/13/02 | 114:13-115:12 | | Outside the scope of PG&E's Slater designations. None of these designations concern whether older utilities would have engaged in exchanges. Does not explain or provide fuller context to any corresponding designation. Also states an improper lay opinion. |
| | 124:14-125:8 | | |

**Victor Trebules**

| DATE | DESIGNATION | CORRESPONDING EXHIBIT | PG&E OBJECTION |
|---|---|---|---|
| **Defendant's Counter Designations** | | | |
| 4/17/02 | 16:2-17 | | |
| | 42:10-45:17 | | Outside the scope of PG&E's Trebules designation. This designation does not concern the intended rate of acceptance. Does not explain or provide fuller context to any corresponding designation. |
| | 52:11-54:4 | | Outside the scope of PG&E's Trebules designation. This designation does not concern the intended rate of acceptance. Does not explain or provide fuller context to any corresponding designation. |
| | 76:17-77:22 | DX 90 | Outside the scope of PG&E's Trebules designation. This designation does not concern the drafting of the 1985 Mission Plan. Does not explain or provide fuller context to any corresponding designation. |
| | 97:1-103:22 | | Outside the scope of PG&E's Trebules designation. This designation does not concern the intended rate of acceptance. Does not explain or provide fuller context to any corresponding designation. |
| | 113:18-116:14 | | Outside the scope of PG&E's Trebules designation. This designation does not concern the drafting of the development of the waste acceptance schedule in the 1985 Mission Plan. Does not explain or provide fuller context to any corresponding designation. |
| | 122:10-124:18 | | Outside the scope of PG&E's Trebules designation. This designation does not concern the development of the acceptance schedule. Does not explain or provide fuller context to any corresponding designation. |

| | | | |
|---|---|---|---|
| | 146:12-148:1 | | Outside the scope of PG&E's Trebules designation. This designation does not concern the development of the acceptance schedule. Does not explain or provide fuller context to any corresponding designation. |
| | 180:7-186:22 | | Outside the scope of PG&E's Trebules designation. This designation does not concern the development of the acceptance schedule for an MRS facility. Does not explain or provide fuller context to any corresponding designation. |
| 4/18/02 | 268:4-270:8 | | Outside the scope of PG&E's Trebules designation. This designation does not concern the design receipt rate. Does not explain or provide fuller context to any corresponding designation. |
| | 272:10-274:14 | | Outside the scope of PG&E's Trebules designation. This designation does not concern the design receipt rate. Does not explain or provide fuller context to any corresponding designation. |
| | 302:10-306:16 | | Outside the scope of PG&E's Trebules designation. This designation does not concern fee adequacy reprts/TSLCC analysis. Does not explain or provide fuller context to any corresponding designation. |
| | 381:5-382:14 | | Outside the scope of PG&E's Trebules designation. This designation does not concern the utilities' SNF storage obligations once a 3,000 MTU steady state acceptance rate was reached. Does not explain or provide fuller context to any corresponding designation. |
| | 125:20-127:13 (Yankee Atomic deposition) | | Outside the scope of PG&E's Trebules designation. This designation does not concern the 3,000 MTU waste acceptance schedule in the 1985 Mission Plan. Does not explain or provide fuller context to any corresponding |

| | | | |
|---|---|---|---|
| | | | designation. |
| 4/19/02 | 5:21-8:19 | DX 90 | |

**David Zabransky**

| DATE | DESIGNATION | CORRESPONDING EXHIBIT | PG&E OBJECTION |
|---|---|---|---|
| **Defendant's Counter Designations** | | | |
| 4/17/02 | 150:4-155:22 | DX 114 | Outside the scope of PG&E's Zabransky designations. None of these designations concern changes to the 1985 Mission Plan. Does not explain or provide fuller context to any corresponding designation. |
| | 157:2-158:4 | | Outside the scope of PG&E's Zabransky designations. None of these designations concern an MRS. Does not explain or provide fuller context to any corresponding designation. |
| | 161:1-162:8 | | Outside the scope of PG&E's Zabransky designations. None of these designations concern how long the Yucca Mtn. receiving facilities are being designed to operate. Does not explain or provide fuller context to any corresponding designation. |
| 4/18/02 | 293:20-295:5 | | Outside the scope of PG&E's Zabransky designations. None of these designations concern the status of amending the standard contracts to accept dry storage systems. Does not explain or provide fuller context to any corresponding designation. |
| 4/19/02 | 639:12-640:22 | | Outside the scope of PG&E's Zabransky designations. None of these designations concern the rate of acceptance in the non-breach world. Does not explain or provide fuller context to any corresponding designation. |
| 6/6/02 | 229:7-231:20 | | Outside the scope of PG&E's Zabransky designations. None of these designations concern WEPCO. Does not |

| | | | |
|---|---|---|---|
| | | | explain or provide fuller context to any corresponding designation. |
| | 234:6-235:19 | | Outside the scope of PG&E's Zabransky designations. None of these designations concern acceptance rates in ACRs. Does not explain or provide fuller context to any corresponding designation. |
| | 281:15-294:17 | | Outside the scope of PG&E's Zabransky designations. None of these designations concern the criteria for DOE approval of exchange requests, potential problems with exchanges. Does not explain or provide fuller context to any corresponding designation. |
| 8/5/04 | 4128:18-4130:13 | | Outside the scope of PG&E's Zabransky designations. None of these designations concern acceptance of MESCs at the repository. Does not explain or provide fuller context to any corresponding designation. |
| 11/1/05 | 130:10-22 | | |
| | 135:11-136:12 | | |

wdc-fs1\STERNK\286542v05\8NQX05_.DOC\6/14/06