IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-074C |
| | ) | into which has been consolidated |
| v. | ) | No. 04-075C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PG&E'S MOTION TO STRIKE,
AS IMPROPER AND INADMISSIBLE HEARSAY, DEFENDANT'S
COUNTER-DESIGNATIONS OF DEPOSITION AND PRIOR TRIAL TESTIMONY

Pursuant to this Court's order dated July 10, 2006, defendant, the United States, respectfully submits the following response to the motion to strike defendant's counter-designations of deposition and prior trial testimony filed by plaintiff, Pacific Gas & Electric Company ("PG&E"), on July 7, 2006.

BACKGROUND

As this Court is well aware, the Government consistently has opposed the wholesale admission of deposition and trial designations in the trial record. We repeatedly have articulated our concern that the Government would be prejudiced if designations become part of the trial record in the case, particularly given the limited amount of time that we had to present live testimony at trial to respond to PG&E's designations. See Defendant's Opposition To Plaintiff's Designations Of Deposition And Trial Testimony As Substantive Evidence Pursuant To RCFC 32(a) And Federal Rule of Evidence 801(d)(2), filed May 12, 2006. We also have recognized the real possibility that designations not cited in the PG&E's post-trial briefs still may be used in any appeal and that valid objections to designations not cited by PG&E will not be resolved by the Court. It appears that PG&E shares our concerns. Motion at 2. As a result, we believe that

the appropriate response to PG&E's motion would be to strike all designations and counter-designations, filed by both parties, that were not cited in post-trial briefing, while resolving properly asserted objections to those designations that were cited in the briefs. In so doing, the Court would address both parties' concerns regarding the use of designations and counter-designations outside of this Court and would eliminate the requirement that the Court resolve objections asserted by both parties to designations of testimony that are not referenced in either parties' post-trial briefs.

Prior to trial, PG&E filed 131 deposition and trial designations for 12 different individuals totaling approximately 280 pages of testimony. See Corrected Joint Notice of Deposition and Prior Trial Testimony Designations and Joint Notice of Exhibits to be Entered Through Designations, filed June 14, 2006. In its post-trial briefs, PG&E cited to only 12 of those designations for five different individuals. Consistent with the Court's May 25, 2006 order, the Government attached an appendix to its response brief that reflected its objections to certain of those cited designations. The Government did not rely upon counter-designations in its initial post-trial brief, and five counter-designations were referenced in the Government's response brief. PG&E failed to assert objections to those five citations in the manner set forth in the Court's May 25, 2006 order. Instead, PG&E filed a motion requesting that the Court strike nearly all of the Government's counter-designations as improper. Motion at 2.[1] Of PG&E's

[1] The Court *sua sponte* struck PG&E's first motion to strike all of the Government's counter-designations by order dated July 6, 2006. The following day, PG&E re-filed its motion and the Court established a briefing schedule concerning that motion. Order, at 2 (July 10, 2006).

numerous objections, only four concern counter-designations referenced by the Government in its response.

Ultimately, PG&E is seeking an order striking nearly all of the Government's counter-designations, while all of PG&E's designations would remain part of the trial record. Instead, this Court should strike all designations and counter-designations upon which the parties did not rely in post-trial briefs, ruling only upon properly asserted objections to the relevant – and cited – designations.

## ARGUMENT

### I. PG&E'S MOTION IS INCONSISTENT WITH THE COURT'S MAY 25, 2006 ORDER AND SHOULD BE DENIED

PG&E failed to abide by the Court's May 25, 2006 order by filing a motion to strike nearly all of the Government's counter-designations, including those not cited in the Government's post-trial briefs. With respect to objections to any designations, this Court clearly required that the parties object to designations appearing in the parties' initial briefs in an appendix to the post-trial response briefs and object to designations that first appear in the parties' response briefs in a filing to be made by July 14, 2006. Order, at 2 (May 25, 2006). Consistent with that order, the Government attached an appendix to its response that reflected our objections to PG&E's cited designations. On July 7, 2006, the Government filed its response brief, which referenced five counter-designations. Because PG&E filed its motion to strike that same day, and based upon the scope of objections in that filing, it is clear that the filing was not narrowly tailored to the Government's five referenced counter-designations. Moreover, PG&E failed to comply with the Court's order and file its objections to the designations relied upon by the Government in its response brief on July 14, 2006. Consequently, PG&E has failed to follow

the clear instructions of the Court regarding objections to testimony designations, and its motion should be denied.

## II. TO THE EXTENT THAT THE COURT CONSIDERS PG&E'S MOTION, IT SHOULD STRIKE ALL DESIGNATIONS NOT REFERENCED BY THE PARTIES IN THE POST-TRIAL BRIEFS

As discussed above, we remain opposed to burdening the trial record with designations upon which neither party relied in post-trial briefing and with respect to which valid objections have not been resolved. In its motion, PG&E expresses the same concern, arguing as follows:

> [E]ven though this Court may disregard deposition testimony not cited in post-trial briefs, the fact remains that the extensive and improperly overbroad counter-designations filed by the government are part of the record in this case and, absent an order striking them as improper, the government may attempt to cite those improper hearsay counter-designations on appeal. That would be prejudicial to PG&E. The Court should therefore act now to exclude the improper counter-designations by striking them from the record.

Motion at 2. Nevertheless, PG&E seeks to strike from the record only the Government's counter-designations, but not any of PG&E's 131 separate designations from 12 witnesses, totaling approximately 280 pages of testimony. Of these 131 designations, PG&E only cited to 12 in its post-trial briefs, and, where appropriate, the Government properly has objected to these 12 designations. However, the remaining 119 designations will remain part of the trial record, and, under the Court's stated procedures, objections to those designations will remain unresolved. As a result, PG&E may attempt to rely upon the objectionable testimony contained in these designations as part of the record upon appeal.

Courts have discretion to exclude evidence if it would unnecessarily burden the record. See, e.g., Matthews v. Secretary of the Dep't of Health and Human Servs., 18 Cl. Ct. 514, 521 (1989). The 119 designations upon which PG&E did not rely in its post-trial briefing constitute a burden upon the record and add a significant amount of superfluous evidence in this case that the Court has stated it will not consider. To avoid burdening the record and to eliminate unfairness on appeal, the Government respectfully requests the Court strike all designations and counter-designations upon which the parties have not relied in their post-trial briefs, and only consider those objections that the parties have made to designations identified in post-trial briefing.

In the event that the Court does not strike all designations and counter-designations not referenced in post-trial briefs, the Government respectfully requests that the Court resolve the parties' objections to all designations, including all objections that the Government timely has asserted to PG&E's designations. The designations made by both parties should be subject to the same scrutiny to ensure that all record evidence properly has been admitted. Further, the Court should consider the Government's objections first, because the resolution of the admissibility of many of PG&E's designations will resolve, in their entirety, objections that PG&E has asserted to the Government's responsive designations. Of course, we believe that this process could be greatly circumscribed simply by striking all designations and counter-designations not referenced by the parties in post-trial briefing.

## III. PG&E'S OBJECTIONS TO THE GOVERNMENT'S COUNTER-DESIGNATIONS ARE INACCURATE

If the Court considers PG&E's motion, PG&E has erred in interpreting the relevant case law and in asserting specific objections. In its motion, PG&E cites several cases for the

proposition that the Government's counter-designations are only admissible to explain PG&E's designations. See Motion at 2-3. PG&E's statement of the law is improperly narrow. Instead, portions of a statement or writing must be admitted if it is necessary to explain the admitted portion, place the admitted portion in context, avoid misleading the trier of fact, or ensure a fair and impartial understanding of the admitted portion. United States v. Sweiss, 814 F.2d 1208, 1211-12 (7th Cir. 1987); United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982). Each of the Government's counter-designations properly fits within this rule.

The Government cited four of its counter-designations in its post-trial response brief -- testimony of Messrs. Milner and Pollog -- to which PG&E lodged objections in the appendix to its motion to strike. These objections should be rejected because each of the Government's counter-designations were properly identified in response to topics and testimony contained in PG&E's designations. Specifically, PG&E objects to the counter-designation of testimony of Mr. Milner that the delivery commitment schedule ("DCS") is a binding commitment upon DOE. See Motion, App. A at 9 (citing Milner Dep. 391:13-392:17 (5/2/02)). However, the Government's counter-designation provides context for PG&E's designation of Mr. Milner's testimony that it is an objective of the Office of Radioactive Waste Management to operate the program to "achieve maximum efficiency." Milner Dep. 266:23-267:4 (5/8/02). Indeed, the Government's counter-designation is important to the Court's understanding that the "goal" of efficiency does not override the binding commitment formed by the DCS. PG&E also objects to the Government's counter-designation of testimony from Mr. Milner concerning the criteria that DOE would use in evaluating exchange requests. Motion, App. A at 9 (citing Milner Dep. 435:16-436:16 (5/3/02)). However, the Government's counter-designation specifically responds

to PG&E's designation of trial testimony from the Yankee Atomic litigation, where Mr. Milner was asked the question, "[f]irst of all, if an exchange request were consistent with the department's transportation capabilities and acceptance capacity for a given delivery year in your opinion, that request would have been approved. True?" Tr. 4777:11-23 (Milner) (8/11/04). Contrary to PG&E's stated objection, the Government's counter-designation provides the Court with a better understanding of the criteria that DOE would likely use to evaluate exchange requests and provides context for PG&E's own designation of Mr. Milner's testimony regarding DOE's approval of exchange requests.

PG&E also objects to two of the Government's counter-designations of testimony of Thomas Pollog that the Government cited in its post-trial response brief. Specifically, PG&E objects to the Government's designation of Mr. Pollog's testimony about the relationship between the Annual Capacity Reports ("ACRs") and DCSs and that the DCSs constitute binding commitments. Motion, App. at 11 (citing Pollog Dep. 65:15-24 (4/11/02) & 91:7-92:18 (4/12/02)). The Government offered these counter-designations in response to PG&E's designation of Mr. Pollog's testimony from the Yankee Atomic trial that discusses whether DOE stopped processing DCSs to limit its contractual liability to utilities. Tr. 3995:19-3996:21 (8/4/04). The Government's counter-designations clearly respond to PG&E's designation by ensuring that the Court is presented with a complete understanding of Mr. Pollog's prior testimony concerning the legal significance of approved DCSs.

If the Court declines to strike the remainder of the parties' designations and counter-designations not cited or relied upon in post-trial briefing, the Court will find upon examination of the Government's counter-designations that they are properly within the allowable scope for

counter-designations because they provide the Court with a better understanding of testimony designated by PG&E or show that the testimony designated by PG&E lacks proper foundation. For example, PG&E objects to the Government's counter-designation of portions of the deposition of Lake Barrett, claiming the designation is outside the scope of PG&E's designations and "[d]oes not explain or provide fuller context to any corresponding designation." Motion, App. A at 2 (citing Barrett Dep., 46:3-14 (4/22/06)). PG&E asserts that this designation concerns the development of a Monitored Retrievable Storage ("MRS") facility and that none of PG&E's designations address this issue. Id.[2] However, PG&E offered numerous designations from Mr. Barrett's deposition concerning the MRS facility and DOE's expected acceptance rates and the Government provided its counter-designations to put this testimony in context. See, e.g., Barrett Dep. 52:2-59:11 (4/22/06). The Government's counter-designations also demonstrate Mr. Barrett's limited involvement in the development of an MRS facility, see Barrett Dep., 46:3-14 (4/22/06), and Mr. Barrett's inability to recall anticipated acceptance rates. Barrett Dep. 47:6-10 & 48:19-49:1 (4/22/06). These counter-designations should be considered to the same extent that the Court considers PG&E's designations of Mr. Barrett's testimony. PG&E also designated portions of Mr. Barrett's deposition testimony regarding Mr. Barrett's understanding of DOE's contractual obligations. See, e.g., Barrett Dep. 1050:1-9 (5/8/02). In response to this designation, the Government properly counter-designated Mr. Barrett's testimony that he was

[2] The phrasing of PG&E's specific objections is unclear. For example, PG&E notes that "[n]one of these designations concern issues relating to the development of an MRS facility." Motion to Strike, App. A at 2. It is unclear whether PG&E is referring to its designations or the Government's counter-designations. We have interpreted PG&E's objection, and others similar to it, to mean none of PG&E's designations from the particular witness concern the issue referenced in the objection, which upon examination of PG&E designations will prove to be incorrect.

not at DOE at the time of contract formation and did not know what the parties intended at that time. Barrett Dep. 742:14-743:1 (4/26/02). Contrary to PG&E's contention that "none of [its] designations concern what the parties intended at the time the standard contracts were signed in 1983," PG&E cited to Mr. Barrett's testimony in support of its contentions in its post-trial brief regarding what the parties understood and intended at the time of contract formation. PG&E's Post-Trial Brief, filed June 30, 2006, at 8. Given PG&E's designations and its pre-trial brief, the Government's counter-designation of testimony showing that Mr. Barrett was not at DOE at the time of contract formation is proper.[3] Upon examination of these and the other counter-designations offered by the Government, the Court will find that the Government's counter-designations ensure a complete understanding of the designations offered by PG&E.

PG&E's objections to the Government's counter-designations are clearly unsupported. As shown by the examples above, PG&E has mischaracterized its designations and the Government's counter-designations. As a result, the Court should not rely upon PG&E's objections for a determination of the admissibility of the Government's counter-designations. Instead, each objection and counter-designation should be examined in light of the designations that PG&E offered to which the counter-designations respond. If the Court does not strike all of the designations and counter-designations not referenced by the parties in their post-trial briefs, the Government respectfully requests the Court examine each of PG&E's 60 objections to the Government's counter-designations before ruling upon the admissibility of each one. We also respectfully request that the Court also rule upon all of the Government's objections to PG&E's

---

[3] The Government objected to these designations that PG&E cited in our appendix to our post-trial response brief as lacking foundation.

designations, prior to allowing these designations are allowed to remain part of the record.

CONCLUSION

For the foregoing reasons, the Government respectfully requests the Court deny PG&E's motion to strike and, instead, strike all designations not referenced in the parties' post-trial briefs. We further request that the Court rule upon the Government's objections to the designations upon which PG&E actually relied in its post-trial brief.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

SCOTT R. DAMELIN
JOSHUA E. GARDNER
HEIDE L. HERRMANN
SHARON SNYDER
MARIAN E. SULLIVAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

July 19, 2006

s/John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 19th day of July, 2006, a copy of foregoing "DEFENDANT'S RESPONSE TO PG&E'S MOTION TO STRIKE, AS IMPROPER AND INADMISSIBLE HEARSAY, DEFENDANT'S COUNTER-DESIGNATIONS OF DEPOSITION AND PRIOR TRIAL TESTIMONY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marian E. Sullivan