IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically on July 26, 2006

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-0074C, into which has been consolidated No. 04-0075C<br>(Judge Hewitt) |

PG&E'S REPLY ON ITS MOTION TO STRIKE DEFENDANT'S COUNTER-DESIGNATIONS OF DEPOSITION AND PRIOR TRIAL TESTIMONY

The government makes little effort to defend its overbroad counter-designations of deposition and prior trial testimony. Instead, the government raises procedural arguments that are entirely without merit.

1. The government argues that PG&E's motion is inconsistent with the Court's May 25, 2006 Order. *See* Govt. Resp. at 3-4. The government is wrong. As PG&E explained in its Motion to Strike at 1-2, the procedures in that Order are limited to the deposition designations cited in the post-trial briefs. PG&E's motion goes well beyond the few designations cited by the government in its post-trial reply brief; therefore, PG&E efficiently and appropriately addressed all of its objections to the government's designations in its motion rather than addressing its objections to different designations in different court filings.

2. The government next argues that the Court should strike all designations not cited by the parties in their post-trial briefs. *See* Govt. Resp. at 4-5. In making this proposal, the government pretends that both parties are similarly situated with respect to

the designated testimony. Nothing could be further from the truth. In fact there is a crucial – and for present purposes dispositive – difference between the deposition testimony designated by PG&E and the deposition testimony counter-designated by the government. Because all of the designated testimony is from DOE employees, that testimony when designated by PG&E is fully admissible under the rules of evidence as admissions of a party opponent. Fed. R. Ev. 801. PG&E is entitled to support its case, and streamline its case, by relying on these admissions of DOE employees. And PG&E would also be entitled to rely on those admissions to defend any favorable rulings on appeal, particularly since PG&E built its trial strategy on the recognition that these admissions constitute admissible evidence – whether or not cited in post-trial briefs. To strike that competent evidence now, for any reason, would be improper. In contrast, when designated by the government the out-of court testimony of DOE employees is entirely *inadmissible* hearsay. The government cannot under the applicable evidence rules rely on testimony of its own witnesses unless given live, in court.

*Mathews v. Secretary of Health and Human Servs*., 18 Cl. Ct. 514, 520-22 (1989), relied upon by the government, Govt. Resp. at 5, supports PG&E's motion. In that case, the Claims Court sustained a special master's ruling rejecting a government argument that "the Federal Rules of Evidence should be disposed with or loosely applied" in order allow for the admission of inadmissible hearsay. *Id.* at 520. The case does not stand for the proposition that trial judges have unbounded discretion to exclude evidence that might "burden the record," as claimed by the government; rather, the case stands for the standard proposition that trial judges should not admit "evidence offered in contravention of the Federal Rules of Evidence." 18 Cl. Ct. at 522. Thus, *Mathews* is fully in accord

with PG&E's motion, which seeks to exclude hearsay deposition and former trial testimony from the government's own witnesses.

3. The government's assertion that PG&E's motion misstates the rule of completeness if both wrong and not supported by the cases cited by the government. *See* Govt. Resp. at 5-6. In the cases cited by the government, the appellate courts affirmed trial court rulings that rejected claims that hearsay material should have been admitted in order to complete previously admitted evidence on the ground that that proffered hearsay did not explain the previously admitted evidence. *United States v. Sweiss*, 814 F.2d 1208, 1211-12 (7th Cir. 1987) (". . . . because the excluded evidence . . . *was not necessary to explain* evidence already admitted, Rule 106 was not implicated.") (emphasis in original); *United States v. Marin*, 669 F.3d 73, 84 (2d Cir. 1982) ("The completeness doctrine does not, however, require introduction of portions of a statement that are neither explanatory of nor relevant to the admitted passages.").

4. The counter-designations cited by the government in its post-trial reply brief are neither necessary to explain nor to put into context the testimony designated by PG&E. For example, the government notes that PG&E designated testimony from Ronald Milner that DOE has an objective of operating its spent fuel program to achieve maximum efficiency. Govt. Resp. at 6. The government claims to have counter-designated other testimony from Mr. Milner (more than 100 transcript pages removed from the testimony cited by PG&E) concerning delivery commitment schedules. *Id.* The government's designated testimony has nothing to do with the testimony designated by PG&E.

In other instances, the government seeks to designate testimony from a different proceeding – the *Yankee Atomic* trial – than the deposition testimony designated by PG&E. The government seeks to designate such testimony from both Mr. Milner, *id.* at 6-7, and from Mr. Pollog. *Id.* at 7. The government argues that its designations respond to PG&E's designations." *Id.* But responsiveness is not the test for application of Fed. R. Ev. 106. As the authorities cited by both parties make clear, *see* Govt. Resp. at 6, counter-designations are only appropriate if they are "*necessary*" to put in context or explain the previously admitted evidence. The government does not attempt to establish that its counter-designations meet this standard. Similarly, the government argues that other of its designations would "provide the Court with a better understanding of testimony designated by PG&E." *Id.* at 8. But such a "better understanding" also is not the appropriate standard for acceptance of counter-designations.

The government's discussion of PG&E's objections to the government's counter-designations of testimony from Lake Barrett, Govt. Resp. at 8, is confused. The government asserts that PG&E argued in its motion that the government's counter-designations concern the development of an MRS, and that none of PG&E's designations address an MRS. *Id.* In fact, PG&E's objection is to the contrary – that PG&E's designations do address an MRS, but the government's counter-designations do not. *See* PG&E Mot., App. at 2. The government's counter-designation addresses Mr. Barrett's limited involvement in the development of a repository, not an MRS.

For the foregoing reasons, the Court should reject the government's request to strike all designations not cited in the parties' post-trial briefs and should grant PG&E's

motion to strike the hearsay deposition and prior trial testimony designated by the government.

Dated: July 26, 2006

Respectfully submitted,

s/Jerry Stouck

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 331-3173 Phone
(202) 261-4751 Fax
*Counsel for Plaintiff*
Pacific Gas & Electric Company

Of Counsel:
Robert L. Shapiro
Greenberg Traurig, LLP