No. 04-0074C,
into which has been consolidated No. 04-0075C
(Judge Hewitt)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

PACIFIC GAS & ELECTRIC COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S RESPONSE TO PG&E'S MOTION TO AMEND COMPLAINT

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-0897
Facsimile: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

SCOTT R. DAMELIN
JOSHUA E. GARDNER
HEIDE L. HERRMANN
SHARON SNYDER
MARIAN E. SULLIVAN
Department of Justice
Washington, D.C. 20530

August 9, 2006

TABLE OF CONTENTS

PAGE

SUMMARY OF ARGUMENT . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . 3

I. PG&E HAS MISTAKENLY RELIED UPON RCFC 15(a), RATHER THAN RCFC 15(d), IN SEEKING LEAVE TO FILE A SUPPLEMENTAL COMPLAINT . . . . . . . . . . 3

II. TO THE EXTENT THAT PG&E SEEKS TO SUPPLEMENT ITS COMPLAINT TO ADD POST-2004 TAKINGS AND RESTITUTION CLAIMS, LEAVE TO SUPPLEMENT THE COMPLAINT SHOULD BE DENIED BECAUSE THOSE CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED, MAKING THE SUPPLEMENTATION FUTILE . . . . . . . . . . 5

III. WITH REGARD TO ITS REQUESTED SUPPLEMENTATION OF COUNT I, PG&E INEXPLICABLY ASCRIBES VAGUENESS TO CLEAR AND BINDING PRECEDENT AND IGNORES THE PLAIN LANGUAGE OF *INDIANA MICHIGAN* . . . . . . . . . . 7

A. To The Extent That PG&E, Pursuant To RCFC 15(d), Seeks To Supplement Its Complaint To Allege Damages Through December 31, 2004, Its Request Comports With The Requirements Of RCFC 15(d) . . . . . . . . . . 7

B. PG&E's Motion For Leave To Add Damages Claims In Count I Of Its Proposed Supplemental Complaint That Post-Date 2004 Mischaracterizes Clear And Binding Precedent . . . . . . . . . . 9

C. PG&E's Post-Trial Request To Add Damages Claims In Count I Past 2004 Ignores The Plain Language Of *Indiana Michigan* . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . 12

TABLE OF AUTHORITIES

CASES PAGE(S)

Alfa Laval Separation, Inc. v. United States,
47 Fed. Cl. 305 (2000) . . . . . . . . . . . . 6

E.W. Bliss Co. v. United States,
77 F.3d 445 (Fed. Cir. 1996) . . . . . . . . . . . . 5

First Interstate Bank of Billings v. United States,
61 F.3d 876 (Fed. Cir. 1995) . . . . . . . . . . . . 5

Foman v. Davis,
371 U.S. 178, 182 (1962) . . . . . . . . . . . . 5, 6

Glassman v. Computervision Corp.,
90 F.3d 617 (1st Cir. 1996) . . . . . . . . . . . . 6

Glatt v. Chicago Park District,
87 F.3d 190 (7th Cir. 1996) . . . . . . . . . . . . 5

Hays v. United States,
16 Cl. Ct. 770 (1989) . . . . . . . . . . . . 6

Hickman v. United States,
43 Fed. Cl. 424, 439 (1999), aff'd, 232 F.3d 906 (Fed. Cir. 2000) . . . . . . . . . . . . 5

Indiana Michigan Power Co. v. United States,
422 F.3d 1369 (Fed. Cir. 2005) . . . . . . . . . . . . 1, 8, 9, 10, 11

Klos v. Haskell,
835 F. Supp. 710 (W.D.N.Y. 1993), aff'd on other grounds,
48 F.3d 81 (2d Cir. 1993) . . . . . . . . . . . . 5

Mitsui Foods, Inc. v. United States,
867 F.2d 1401 (Fed. Cir. 1989) . . . . . . . . . . . . 6

Newman-Green, Inc. v. Alfonzo-Larrain,
490 U.S. 826 (1989) . . . . . . . . . . . . 8

Pacific Gas & Electric Co. v. United States,
70 Fed. Cl. 766 (2006) . . . . . . . . . . . . 7

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Pacific Gas & Electric Co. v. United States,
70 Fed. Cl. 758 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 9, 10, 11

Paradissiotis v. United States,
49 Fed. Cl. 16 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rose v. Hartford Underwriters Insurance Co.,
203 F.3d 417 (6th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

St. Paul Fire & Marine Insurance Co. v. United States,
31 Fed. Cl. 151 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Spaulding & Son, Inc. v. United States,
22 Cl. Ct. 678 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Stripling v. Jordan Production Co.,
234 F.3d 863 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Te-Moak Bands of W. Shoshone Indians of Nevada v. United States,
948 F.2d 1258 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

United States v. Hicks,
283 F.3d 380 (D.C. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

MISCELLANEOUS

Restatement (Second) of Judgments § 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6 C. Wright, A. Miller, & R. Marcus, Federal Practice & Procedure § 1473 (2d ed. 1990) . . . 3, 4

6A C. Wright, A. Miller, & R. Marcus, Federal Practice & Procedure § 1504 (2d ed. 1990) . 4, 5

RCFC 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3,4

RCFC 15(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RCFC 15(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

RCFC 54(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PG&E'S MOTION TO AMEND COMPLAINT

Defendant, the United States, respectfully submits this response to the "Motion To Amend Complaint" filed by the plaintiff, Pacific Gas & Electric Company ("PG&E"), on August 1, 2006. For the following reasons, PG&E's motion should be denied, except to the extent that PG&E's motion seeks to supplement its first amended complaint to allege damages through the end of December 2004.

SUMMARY OF ARGUMENT

In its decision dated March 30, 2006, the Court determined that "December 31, 2004 is the appropriate date through which plaintiff may seek damages in this case" and that "[a]ny claim for damages beyond December 31, 2004 is deemed unripe." Pacific Gas & Elec. Co. v. United States, 70 Fed. Cl. 758, 765 (2006). It found that, if PG&E presented evidence at trial of damages incurred through December 31, 2004, the Court, "pursuant to RCFC 15(a), (b), and (d) and consistent with [the United States Court of Appeals for the Federal Circuit's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005)], . . . will deem plaintiff's complaint to be amended and supplemented as of December 31, 2004, and to allege damages through December 31, 2004, in order to encompass the evidence presented at trial." Id.

In our original briefing regarding the appropriate date through which PG&E could properly seek damages in this case, we argued that it is the date of the most recent amended complaint that establishes the Court's jurisdiction to entertain damages in a partial breach of contract case. That is, because PG&E's most recent amended complaint was filed on January 28, 2004, the Court could consider damages that PG&E allegedly had incurred through January 28, 2004. Nevertheless, we informed the Court that, because we had been provided sufficient information and documentation relating to damages that PG&E allegedly had incurred through the end of 2004, we would not oppose a motion by PG&E to amend its complaint to seek damages through the end of December 2004. We continue to believe that the filing of an amended complaint by PG&E, seeking damages through the end of December 2004, is a jurisdictional prerequisite to this Court's consideration of PG&E's post-January 2004 damages.

PG&E has now submitted a motion for leave to file a second amended complaint, seeking permission to supplement its January 28, 2004 first amended complaint to allege damages incurred through the end of 2004. See Draft Second Amended Complaint ¶¶ 25A & 25AA. That portion of PG&E's motion comports with the requirements of RCFC 15(d) and, if granted, would establish this Court's jurisdiction to entertain PG&E's damages claims through December 31, 2004. However, PG&E's motion does not seek only to add that additional period to this case. Instead, PG&E also seeks to add a claim for all post-2004 damages to this case and to ensure that, when this Court enters judgment on the trial of PG&E's past damages claim that the Court conducted in June 2006, the Court cannot issue final judgment that resolves this particular case and that permits for immediate appellate review of the entirety of this case. PG&E has not identified any reason that it needs to supplement its complaint in this case and to continue this

particular case with post-2004 damages allegations, rather than, to the extent that it immediately wants to litigate post-2004 damages allegations, filing a new complaint with the Court that, although related to this case, identifies damages that could not be decided in this case. In addition, PG&E attempts to resurrect – for future argument – claims for a taking under the Fifth Amendment of the United States Constitution and for restitution that this Court, in this particular case, has already rejected, rendering PG&E's effort at supplementation of its original amended complaint futile.

## ARGUMENT

### I. PG&E HAS MISTAKENLY RELIED UPON RCFC 15(a), RATHER THAN RCFC 15(d), IN SEEKING LEAVE TO FILE A SUPPLEMENTAL COMPLAINT

In its motion for leave, PG&E relies upon RCFC 15(a) in seeking this Court's permission to allow PG&E to "amend" its complaint. However, PG&E's proposed second amended complaint does not technically seek to "amend" PG&E's complaint to allege matters that existed at the time of its original amended complaint but that PG&E inadvertently overlooked. Instead, PG&E's proposed complaint seeks to supplement the original allegations contained in its first amended complaint to allege damages that were incurred after PG&E's first amended complaint was filed. As a result, PG&E's motion for leave should more properly be considered under RCFC 15(d), which relates to supplemental pleadings, rather than RCFC 15(a).

"The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint . . . ." 6 C. Wright, A. Miller, & R. Marcus, Federal Practice & Procedure § 1473, at 520 (2nd ed. 1990). Conversely, RCFC 15(d) permits a party to seek leave

from the Court to "permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." RCFC 15(d). "Although Rule 15(a) does not expressly state that an amendment must contain only matters that occurred within a particular time period," 6 C. Wright, A. Miller, & R. Marcus, supra, § 1473, at 520, based of Rule 15(a)'s relationship to Rule 15(d), "impliedly, an amended pleading . . . only should relate to matters that have taken place prior to the date of the earlier pleading." Id. at 521. "Frequently, . . . the distinction between an amended and a supplemental pleading is confused and parties seek to add claims or defenses by amendment that are based on events that happened after the action was instituted." Id.; see 6A C. Wright, A. Miller, & R. Marcus, Federal Practice & Procedure § 1504, at 183-84 (2d ed. 1990) (Rule 15(a) "relate[s] to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; [Rule 15(d)] deal[s] with events subsequent to the pleading to be altered and merely represent additions to or continuations of the earlier pleadings").

Nevertheless, "[a] technical misnomer of this type is immaterial . . . ." 6 C. Wright, A. Miller, & R. Marcus, supra, § 1473, at 521. "Consequently, many courts simply have treated an amendment containing supplemental matter as if it had been filed properly under Rule 15(d)." Id. In this case, although PG&E has cited to and relied upon RCFC 15(a) as the basis for its motion for leave, the allegations that it seeks to add to its complaint here all relate to events that post-date the filing of its most recent previously amended complaint. Because PG&E's error is technical in nature, the Court should consider PG&E's motion, but should do so pursuant to RCFC 15(d).

II. TO THE EXTENT THAT PG&E SEEKS TO SUPPLEMENT ITS COMPLAINT TO ADD POST-2004 TAKINGS AND RESTITUTION CLAIMS, LEAVE TO SUPPLEMENT THE COMPLAINT SHOULD BE DENIED BECAUSE THOSE CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED, MAKING THE SUPPLEMENTATION FUTILE

RCFC 15(a) provides that, after a response to the complaint has been served, "a party may amend the party's own pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." RCFC 15(a). Similarly, RCFC 15(d) requires a party to seek leave of the Court to file a supplemental pleading. RCFC 15(d); see United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002) ("supplements always require leave of the court"); 6A C. Wright, A. Miller, & R. Marcus, supra, § 1504, at 186 ("all supplemental pleadings require leave of court"). The decision whether to grant leave to amend or supplement pleadings, either under RCFC 15(a) or 15(d), is within the sound discretion of the trial court. First Interstate Bank of Billings v. United States, 61 F.3d 876, 881 (Fed. Cir. 1995) (Rule 15(a)); Glatt v. Chicago Park Dist., 87 F.3d 190, 194 (7th Cir. 1996) (Rule 15(d)); Klos v. Haskell, 835 F. Supp. 710, 715 (W.D.N.Y. 1993) (court's discretion under Rule 15(a) and Rule 15(d) is the same), aff'd on other grounds, 48 F.3d 81 (2d Cir. 1993); see Foman v. Davis, 371 U.S. 178, 182 (1962); Hickman v. United States, 43 Fed. Cl. 424, 439 (1999), aff'd, 232 F.3d 906 (Fed. Cir. 2000). Although leave to amend ordinarily is "freely given when justice so requires," the scope of RCFC 15(a) and 15(d) is far from unlimited. See, e.g., E.W. Bliss Co. v. United States, 77 F.3d 445, 449-50 (Fed. Cir. 1996); First Interstate, 61 F.3d at 881-82; Te-Moak Bands of W. Shoshone Indians of Nevada v. United States, 948 F.2d 1258, 1260-63 (Fed. Cir. 1991); Glatt, 87 F.3d at 194. Denial of a motion for leave to amend, or presumably to supplement, is warranted based upon the futility of the proposed amendment, as well as when: (1) the movant

has engaged in undue delay; (2) the movant has acted in bad faith; (3) the movant has acted with a dilatory motive; (4) the movant has repeatedly failed to cure deficiencies; or (5) the late amendment would unduly prejudice the opposing party. Te-Moak Bands, 948 F.2d at 1260-61 (citing Foman, 371 U.S. at 182); see Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989); St. Paul Fire & Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 153 (1994). "The existence of any one of these criteria is sufficient to deny a motion to amend, the theory being that the amendment would not be necessary to serve the interests of justice under the circumstances." Spalding & Son, Inc. v. United States, 22 Cl. Ct. 678, 680 (1991) (quoted in Alfa Laval Separation, Inc. v. United States, 47 Fed. Cl. 305, 312 (2000)); see Hays v. United States, 16 Cl. Ct. 770, 772 (1989) ("criteria are in the disjunctive, i.e., satisfaction of one is sufficient to deny the motion" to amend).

If an amendment would be futile, that fact alone warrants denial of the motion for leave to amend, and presumably to supplement, the complaint. Foman, 371 U.S. at 182; Hays, 16 Cl. Ct. at 772; Paradissiotis v. United States, 49 Fed. Cl. 16, 24 (2001). Courts have defined "futility" to mean that the complaint, as amended, would fail to state a claim upon which relief could be granted. Stripling v. Jordan Production Co., 234 F.3d 863, 874 (5th Cir. 2000); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000); Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000); Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

PG&E seeks leave to file a supplemental complaint that includes two claims – in Counts II and III of the proposed complaint – that are premised upon legal theories upon which this Court previously entered judgment against PG&E and in favor of the Government. Specifically, PG&E's proposed "second amended" complaint pleads counts for restitution (Count II) and for

an uncompensated taking (Count III) and, further, seeks damages against the Government under both counts. See Second Amended Complaint, Counts II and III. However, this Court previously entered judgment against PG&E upon the restitution claim asserted in PG&E's first amended complaint. Pacific Gas & Elec. Co. v. United States, 70 Fed. Cl. 766, 773-74 (2006). Likewise, this Court entered judgment against PG&E upon its uncompensated takings claim to the extent that the claim related to spent nuclear fuel and high-level radioactive waste. Id. at 783.

Here, the facts alleged in PG&E's proposed "second amended" complaint are identical to the facts underlying the restitution and takings claims in the first amended complaint. PG&E has provided no basis upon which this Court should grant leave to amend where dispositive orders have been issued with respect to two of the three claims contained in the proposed amended complaint. PG&E's attempt to file an amended complaint that includes these two claims should be denied as futile, as this Court already has entered judgment upon these claims against PG&E. As a result, PG&E's motion for leave to supplement its existing complaint with additional takings and restitution claims should be denied.

## III. WITH REGARD TO ITS REQUESTED SUPPLEMENTATION OF COUNT I, PG&E INEXPLICABLY ASCRIBES VAGUENESS TO CLEAR AND BINDING PRECEDENT AND IGNORES THE PLAIN LANGUAGE OF *INDIANA MICHIGAN*

### A. To The Extent That PG&E, Pursuant To RCFC 15(d), Seeks To Supplement Its Complaint To Allege Damages Through December 31, 2004, Its Request Comports With The Requirements Of RCFC 15(d)

As the Court is aware, the Court, in its March 30, 2006 opinion, granted PG&E leave to present evidence at trial of damages that it had incurred through December 31, 2004. Pacific Gas & Elec. Co., 70 Fed. Cl. at 765. In its motion for leave, PG&E indicates that it seeks leave

to add paragraphs 25A and 25AA of its proposed "second amended" complaint to allow it to recover damages through the end of 2004. To ensure this Court's jurisdiction to entertain PG&E's damages claims through the end of 2004, PG&E's motion for leave to add paragraphs 25A and 25AA is appropriate.

As we have discussed in prior briefing, this Court's jurisdiction is defined by reference to the partial breach, or partial breaches, that had occurred prior to the date upon which the most recent complaint was filed. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989) ("[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."). The Federal Circuit in Indiana Michigan adopted the rules set forth in section 26(1)(e) of the Restatement (Second) of Judgments in evaluating damages claims in partial breach cases, rather than those in section 26(1)(b). Nevertheless, regardless of whether section 26(1)(b) or 26(1)(e) is applied, a new complaint is necessary to place claims arising after the date of the original complaint properly before the Court, as indicated in the language of section 26(1) that precedes subsections (1)(b) and (1)(e):

> When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant . . . .

Restatement (Second) of Judgments § 26 (emphasis added). That is, regardless of whether section 26(1)(b) or section 26(1)(e) is at issue, section 26 deals with whether issues of merger and bar allow the plaintiff to file a "second action" and do not contemplate that claims not properly encompassed in the first action can somehow simply be added to that original action without a supplemental complaint. In fact, because section 26 deals with whether res judicata in one action will bar a second action, all of the subparagraphs in section 26 presupposes a

subsequent complaint. Because PG&E has not previously filed a motion for leave to supplement its pre-existing complaint to add allegations alleging damages through the end of 2004 in this case, paragraphs 25A and 25AA would resolve the missing pleading and ensure this Court's jurisdiction to resolve those damages.

B. PG&E's Motion For Leave To Add Damages Claims In Count I Of Its Proposed Supplemental Complaint That Post-Date 2004 Mischaracterizes Clear And Binding Precedent

PG&E's motion relating to paragraphs 25B and 25BB of Count I of its proposed "second amended" complaint is based upon an analysis of the United States Court of Appeals for the Federal Circuit's decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), and this Court's decision in Pacific Gas & Electric Co. v, United States, 70 Fed. Cl. 758 (2006), that inexplicably ascribes vagueness to clearly written binding precedent. Specifically, PG&E's motion is based upon an inexplicable concern that "a new complaint in a separate action after final judgment in this action would be barred by the statute of limitations." Motion, at 5. PG&E's "concern," that future complaints – filed within six years of incurring costs allegedly resulting from DOE's partial breach of contract – may be barred by the statute of limitations, is manufactured and ignores the plain language of Indiana Michigan and of this Court's own decision.

In Indiana Michigan, the Federal Circuit held that a partial breach claimant may "sue from time to time for the damages incurred to the date of suit," defined as "the time of the institution of the action." Indiana Michigan, 422 F.3d at 1377 (citations omitted). This Court's decision, entered in this case, confirms that interpretation of the Federal Circuit's guidance. Pacific Gas & Electric, 70 Fed. Cl. at 765. In recognition of the possible statute of limitations

issues implicated by its decision concerning the scope of damages recoverable in a partial breach case, the Federal Circuit directly addressed the statute limitations issue. Specifically, the Federal Circuit held that "subsequent claims accrue for the purposes of the statute of limitations at the time such damages are incurred." Indiana Michigan, 422 F.3d at 1378. Accordingly, spent nuclear fuel plaintiffs that allege a partial breach of contract "must bring any future actions for damages related to DOE's breach of the Standard Contract within six years of incurring such damages." Id.

Adopting PG&E's assertion that the governing law is vague and that concerns exist with respect to the application of the statute of limitations to future actions require this Court to ignore the plain language of Indiana Michigan. Indeed, it is unclear how the Federal Circuit could have been clearer in defining the future rights and obligations of parties in partial breach cases. Under Indiana Michigan and the law of this case, to the extent that PG&E files suit for its 2005 costs by January 1, 2011, it will not run afoul of the jurisdictional requirements associated with its partial breach claim. PG&E's attempt to maintain, interminably, this action based upon its stated "concerns" regarding the limitations period does not survive scrutiny and should be denied.

PG&E's assertion that allowing the amendment will result in "sound case administration" is belied by any rudimentary analysis. Any decisions of this Court will be applicable to future cases brought by PG&E. Likewise, any discovery taken to date will apply in future cases. Moreover, even if this Court granted PG&E's requests in their entirety, the Government still would need initial disclosures concerning PG&E's damages claim and discovery relating to that claim. There simply is no reason to believe that judicial efficiency would be advanced by the

maintenance of this case upon the Court's docket through the final action for damages, whenever that action may be.

C. PG&E's Post-Trial Request To Add Damages Claims In Count I Past 2004 Ignores The Plain Language Of *Indiana Michigan*

As it did in its post-trial briefs, PG&E requests that, when this Court enters judgment in this case, it do so pursuant to Rule 54(b) and that it retain jurisdiction over this case to consider claims for future damages. PG&E's request – now accompanied by a proposed "amended" complaint – ignores the plain language of the Federal Circuit's decision in Indiana Michigan. As discussed above, in analyzing the recovery of alleged damages incurred after the date of the complaint, based upon partial breaches that post-date the filing of the complaint, Indiana Michigan clearly envisions that contract holders would file new "future actions" in this Court. Indiana Michigan, 422 F.3d at 1378. Under PG&E's application of RCFC 54(b) and Indiana Michigan, no "future action" need ever be filed. Instead, the instant case will continue before this Court until costs allegedly resulting from DOE's continuing partial breaches cease. Such an interpretation is inconsistent both with the Federal Circuit's decision in Indiana Michigan and this Court's earlier decision in this case, Pacific Gas & Electric, 70 Fed. Cl. at 763, both of which require PG&E to file future complaints to recover for future partial breaches by DOE.

PG&E's motion unnecessarily complicates the instant litigation. If PG&E really wants to litigate the 2005 and 2006 costs that it believes were incurred as a result of partial breaches post-dating its first amended complaint – prior to the final definitization of the law of the case – PG&E has failed to explain why it could not begin the litigation of those costs through the commencement of a new action with the filing of a new complaint. There appears no good reason to maintain this instant litigation upon the Court's docket following the entry of judgment

by this Court. PG&E's motion for leave has been filed only after a complete trial of all of the matters that this Court found in its March 30, 2006 order were properly before this Court. Essentially, on the eve of a final decision in this case, upon which a final judgment could be rendered and this case sent immediately for appellate review (to the extent that either party believed appellate review warranted), PG&E seeks to add new post-2004 damages allegations that were not presented at trial and could not be resolved on the present record. Given any reasoned need to maintain the current action, rather than requiring PG&E to file a new action at such time that it desires to begin litigating post-2004 additional damages, PG&E's motion to extend the current case should be denied.[1]

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny PG&E's motion for leave to amend its complaint, except to the extent that it permits PG&E to file a supplemental complaint limited to paragraphs 25A and 25AA of its proposed supplement.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

[1] PG&E's post-trial briefs requested the entry of judgment under RCFC 54(b) without the filing of an amended complaint. The instant motion is tacit recognition, contrary to PG&E's post-trial briefs, that RCFC 54(b) would be improper under the operative pleadings in this case. In any event, PG&E has failed to explain the late filing of this motion, which comes after the record has been closed in this case.

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

SCOTT R. DAMELIN
JOSHUA E. GARDNER
HEIDE L. HERRMANN
SHARON SNYDER
MARIAN E. SULLIVAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

August 9, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 9th day of August, 2006, a copy of foregoing "DEFENDANT'S RESPONSE TO PG&E'S MOTION TO AMEND COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.