IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically on August 10, 2006

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC CO., Plaintiff, | ) | No. 04-74C, into which has been consolidated 04-75C (Judge Hewitt) |
| v. | ) | |
| UNITED STATES OF AMERICA, Defendant. | ) | |

PG&E'S REPLY IN SUPPORT OF ITS MOTION TO AMEND COMPLAINTS

The parties' arguments on PG&E's motion for leave to amend boil down to two points: (1) should PG&E be required to face any risk that its claims for post-2004 damages might be barred by a statute of limitations argument, and (2) whether it would be procedurally simpler to litigate PG&E's claims for post-2004 damages as part of this case or in distinct, subsequent cases.

PG&E has filed its motion for leave to amend its complaints primarily to avoid any risk that it might be barred from seeking post-2004 damages by statue of limitations issues. If PG&E's claims for such damages are made through amendment of its existing complaints, which were filed within six years of January 31, 1998, there can be no argument that those claims are not timely for statue of limitations purposes. If PG&E is required to file new complaints after January 31, 2004, however, it faces at least some risk of an argument that such complaints are barred by the six-year statute of limitations. As explained in PG&E's motion at 4, the *holding* of *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369 (Fed. Cir. 2005), is not dispositive of this issue, since that

case concerned a utility whose claim was dismissed in its entirety below because that utility had not yet incurred any damages from the breach and, thus, its claim for breach of contract had not yet accrued. In that case, which this Court dismissed (and which dismissal was affirmed by the Federal Circuit), the plaintiff utility obviously had to file a new complaint after its claim for breach of contract first accrued. Therefore, the government's references to *dicta* in *Indiana Michigan* and the government's mistaken contention that the Federal Circuit has "adopted the rules set forth" in the *Restatement (Second) of Judgments*, as opposed to merely deciding the case before it, *see* Govt. Resp. at 7-10, cannot provide assurance that PG&E will not face potential statute of limitations issues in the future if it is not permitted to proceed with an amended complaint as outlined in its motion.

The choice of amending the complaints via Rule 15(a) versus Rule 15(d) is similarly related to the statute of limitations issue. Contrary to the government's suggestion, *see* Govt. Resp. at 3-4, PG&E's invocation of Rule 15(a) is not an inadvertent mistake. PG&E invokes Rule 15(a), in part, to avoid any suggestion that its claims for post-2004 damages are somehow new, rather than integrally related to its complaints filed in January 2004. In PG&E's view, its amendment regarding post-2004 damages do not address "transactions or occurrences or events which have happened since the date of the pleading" of PG&E's initial complaints. Rather, PG&E's view is that the amendments merely address additional damages flowing from the same occurrence – the government's breach of contract – that took place on January 31, 1998. PG&E's January 2004 complaints arose from that occurrence, and plainly alleged damages past 2004.

Indeed, following active motions practice over those post-2004 damages, this Court addressed those damages in its March 30, 2006 ruling and deemed them "unripe."

The government's expressed concern regarding Counts II and III of PG&E's complaints, *see* Govt. Resp. at 5-7, is overblown. PG&E is not seeking to revive Counts II and III. As PG&E made clear in its motion, its sole reason for seeking leave to amend is to divide its partial breach of contract claims. PG&E simply sought to keep changes to its complaints to a minimum.

The government's assertion that judicial efficiency would not be advanced by maintenance of PG&E's claims for post-2004 damages in this case, rather than through the filing of new cases, *see* Govt. Resp. at 10-11, is conclusory, wrong and belied by the government's own arguments on this issue. Certainly the Court has discretion even if new complaints are filed to eliminate some unnecessary procedural steps, such as "initial" disclosures. However, the government shows its hand as wanting to make PG&E and the Court largely start from scratch in litigation of PG&E's claims for post-2004 damages when it asserts that it will need "initial disclosures" concerning such claims, as if witnesses, documents and even the details of the computations of damages (at least through 2005) have not already been made available to the government. This is precisely the sort of makework that PG&E seeks to avoid by having its claims for post-2004 damages litigated as part of these consolidated cases.

More fundamentally, the filing of completely new cases would unhelpfully create a suggestion that issues which will be hopefully resolved by this Court as part of its decision on PG&E's claim for damages through 2004, such as the "schedule" issues, are subject to reconsideration. The government asserts that this Court's decisions on

PG&E's current claims "will be applicable to future cases." Govt. Resp. at 10. But it can be said that all prior decisions of the Court are "applicable" to a future case brought by PG&E. PG&E seeks not mere applicability, but binding affect via the law of the case doctrine. *See, e.g.*, *Suel v. Secretary of Health and Human Services*, 192 F.3d 981, 984-85 (Fed. Cir. 1999). Although the logic underpinning that doctrine can and should be applied across cases in certain instances to prevent relitigation of issues, the doctrine is most clearly applied where a single case is maintained throughout the litigation.

## CONCLUSION

For these reasons, as well as those stated in PG&E's its motion, he Court should grant PG&E leave to amend its complaint.

Dated: August 10, 2006

Respectfully submitted,

s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 fax
*Counsel for Plaintiff*
PACIFIC GAS & ELECTRIC
COMPANY

Of Counsel:

Robert L. Shapiro
GREENBERG TRAURIG, LLP