IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C into which has been |
| | ) | consolidated No. 04-0075C |
| UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO THE COURT'S ORDER

Pursuant to this Court's order dated October 10, 2006, defendant, the United States, respectfully responds to this Court's request that the parties state "where in the record of the case does a copy appear of the RCFC 30(b)(6) deposition notice pursuant to which Ms. Susan Klein testified."

Defendant has discussed this matter with counsel for plaintiff, Jerry Stouck, and we understand that, like the Government, plaintiff, Pacific Gas & Electric Company ("PG&E"), has been unable to locate a copy of the referenced RCFC 30(b)(6) notice in the record of this case.[1] As part of our analysis of the record in this case and, more specifically, of the deposition designations submitted by the parties, we reviewed the deposition designations filed in Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), and located a copy of that

[1] "Rule 801(d)(2)(D) requires the proffering party to lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's [or servant's] employment." Breneman v. Kennecot Corp., 799 F.2d 460, 473 (9th Cir. 1986); see Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1440 (9th Cir. 1990) ("[a]s the proponent of the evidence, Merrick had the burden to demonstrate that these 'agents' statements 'concerned a matter within the scope of the agency'"). Because PG&E failed to provide a copy of the RCFC 30(b)(6) notice to the Court, along with the Government's identification of the topics within that RCFC 30(b)(6) for which Ms. Klein was designated to testify, PG&E has further failed, in addition to the reasons explained in our briefing in opposition to PG&E's deposition designations, to establish an appropriate foundation for the introduction of Ms. Klein's testimony as an admission of the United States.

deposition notice in the record of that case. We understand that PG&E may request that this Court take judicial notice of the deposition notice based upon its inclusion in the record of Yankee Atomic, apparently pursuant to Federal Rule of Evidence 201(d). To the extent that PG&E makes such a request – for the first time long after trial concluded and the trial record was closed – the request should be viewed as untimely. See 21B C. Wright & K. Graham, Federal Practice & Procedure § 5107.1, at 266-67 (2d ed. 2005). To the extent that the Court considers PG&E's request, we respectfully request a sufficient opportunity, pursuant to Federal Rule of Evidence 201(e), to evaluate PG&E's request and research the propriety of judicial notice in this situation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

SCOTT R. DAMELIN
JOSHUA E. GARDNER
HEIDE L. HERRMANN
SHARON SNYDER
MARIAN E. SULLIVAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

October 11, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 11th day of October, 2006, a copy of foregoing "DEFENDANT'S RESPONSE TO THE COURT'S ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John C. Ekman