# ADDENDUM A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0106C |
| | ) | (Chief Judge Damich) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STRIKE PORTIONS OF
PLAINTIFF'S MARCH 19, 2007 REPLY BRIEF AND ACCOMPANYING
APPENDIX ON "DAIRYLAND'S MOTION TO COMPEL DOCUMENTS WITHHELD
UNDER THE DELIBERATIVE PROCESS AND ATTORNEY-CLIENT PRIVILEGES"

Pursuant to Rule 37(b) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court strike pages 4, 5, 6, 15, and 16 of the "Reply In Support of Dairyland's Motion To Compel Documents Withheld Under The 'Deliberative Process' And Attorney-Client Privileges," and pages 9 through 433 of the accompanying appendix that plaintiff, Dairyland Power Cooperative ("Dairyland"), filed on March 19, 2007.

BACKGROUND

By motion filed January 18, 2007, Dairyland sought to compel the production of documents that the Government has withheld based upon the invocation by the Department of Energy ("DOE") of the deliberative process privilege, as well as documents protected by the attorney-client privilege and the attorney work product doctrine. Many of the documents the production of which Dairyland sought to compel through its January 18, 2007 motion are those that Judge Hewitt had ordered the Government to produce to counsel for the plaintiff in Pacific Gas & Electric Co. v. United States, Nos. 04-74C & -75C (Fed. Cl.), based upon a showing by the plaintiff in that case, Pacific Gas & Electric Company ("PG&E"), that it had a compelling

need for the documents. App. 9, 10, 11 (Pacific Gas & Elec. Co. v. United States, No. 04-74C & -75C, slip op. at 3, 4, 5 (Fed. Cl. May 14, 2006)).[1]

In the order that the Pacific Gas Court issuing requiring the original production of these documents in that case, the Court ordered that distribution of the documents at issue would be limited to counsel for PG&E "in this litigation only:"

> Every document ordered to be produced by this Order shall be subject to the protective order issued by the Court on April 21, 2005. However, for the purposes of this Order, the Court AMENDS the Protective Order to limit the disclosure and/or use of all documents mentioned in this Order to the attorneys for the plaintiffs in this litigation only, rather than, as stated in the Protective Order, the "attorneys for plaintiffs in the spent nuclear fuel cases."

App. 8-9 (May 14, 2006 order in Pacific Gas, at 2-3 n.3 (citing Protective Order, entered April 21, 2005) (emphasis in original).

Pursuant to the Court's order in Pacific Gas, the Government produced 211 documents, all stamped with a protective order legend that read, "Restricted Distribution, Protected Material, With Non-Government Distribution Limited To Attorneys For PG&E, As Defined By Note 3 In the Court's Order Dated May 14, 2006 (PG&E v. US, 04-74) For Use Only In PG&E Case." Although PG&E added several of these documents to its exhibit list, it did not ultimately seek admission of any of them at trial. Subsequently, after the conclusion of trial in this case, the Court issued final judgment on October 13, 2006, and denied PG&E's motion for reconsideration on December 22, 2006. PG&E's appeal of the Court's judgment in Pacific Gas

---

[1] "App. ___" refers to the appendix to this motion.

and the Government's cross-appeal are currently pending before the United States Court of Appeals for the Federal Circuit.

Counsel for PG&E in this case also serves as counsel for Dairyland in this case. Dairyland's January 18, 2007 motion to compel seeks to compel the production of some of the same documents subject to the deliberative process privilege that the Court ordered produced in Pacific Gas, as well as many of the privileged documents – both those subject to the deliberative process privilege and those subject to the attorney-client privilege or the attorney work product doctrine – that the Court considered in Pacific Gas but did not order the Government to produce. The Government opposed the motion to compel, in part because Dairyland had not shown a "compelling need" for the documents, which was the basis for the Court's ordering their production in Pacific Gas.

On March 19, 2007, in this case, Dairyland filed, under seal, its reply to the Government's opposition to Dairyland's motion to compel. In the appendix to this reply, Dairyland included 35 documents that the Court ordered the Government to produce in Pacific Gas pursuant to the restrictions of footnote 3 of the Court's May 14, 2006 order. Appendix to "Reply In Support Of Dairyland's Motion To Compel Documents Withheld Under The Deliberative Process And Attorney-Client Privileges" ("Dairyland Reply Brief"), at pages 9 to 433 (filed March 19, 2007). These documents are endorsed with a protective order legend restricting their disclosure and use to the Pacific Gas case only. In the reply brief that it filed with those documents, Dairyland characterizes the content of many of these documents and urges the Court to review the documents. Dairyland Reply Brief, at 4-6 and 15-17 (filed March 19, 2007). Many of the documents that Dairyland attached to and described in its reply brief

relate to issues surrounding Greater-Than-Class-C radioactive waste ("GTCC waste"), an issue about which Dairyland, in its motion to compel, represented that it was not seeking to compel production because "the government has not yet made GTCC waste an issue in [the Dairyland] case." Dairyland's Motion To Compel Of Documents Withheld Under The 'Deliberative Process' And Attorney-Client Privileges," at 9 (Jan. 18, 2007), filed in Dairyland Power Cooperative v. United States, No. 04-0106C (Fed. Cl.).

In response to Dairyland's filing, we notified counsel for Dairyland of our objection to Dairyland's submission to the Court in the Dairyland case copies of documents that were subject to the deliberative process privilege and requested that counsel for Dairyland withdraw those portions of its reply brief that discuss the content of protected documents and that it withdraw the protected documents themselves from the record of the Dairyland case. App. 1-3. We informed counsel for Dairyland that its submission of these documents and descriptions of their contents violated this Court's May 14, 2006 order. In response, counsel for Dairyland informed us that its submission to the Court in the Dairyland case did not constitute a "disclosure" of the documents or a "use" of the documents. App. 4-5. Accordingly, Dairyland declined to withdraw them from the record in the Dairyland case.

## SUMMARY OF ARGUMENT

Although final judgment has already issued in the Pacific Gas case and the parties' appeals of that final judgment are pending before the United States Court of Appeals for the Federal Circuit, the Court's protective order in that case remains in effect. In its May 14, 2006 order, the Court in Pacific Gas required the Government to produce certain documents that were otherwise protected by the deliberative process privilege to counsel for PG&E, but it ordered that

the "disclosure and use of all documents mentioned in th[at] Order" would be limited "to the attorneys for the plaintiffs in this litigation only, rather than, as stated in the [April 21, 2005] Protective Order, the 'attorneys for plaintiffs in the spent nuclear fuel cases.'" App. 8-9.

In an appendix to a reply brief that counsel for PG&E, who is now representing another spent nuclear fuel plaintiff in this case, Dairyland Power Cooperative v. United States, No. 04-106C (Fed. Cl.), filed on March 19, 2007, in support of Dairyland's motion to compel, counsel for Dairyland, and for PG&E, filed more than 400 pages of documents that had been produced to counsel for PG&E in the Pacific Gas case subject to the limitations of the May 14, 2006 "disclosure and/or use" restriction. Counsel for Dairyland has violated the terms of the protective order that the Pacific Gas Court entered on May 14, 2006. Defendant requests that the Court honor the terms of the Court's protective order in Pacific Gas and strike pages 9 through 433 of the appendix to Dairyland's March 19, 2007 reply brief, as well as pages 4 through 6, 15, and 16 of the reply brief itself.

## ARGUMENT

Pursuant to its authority under RCFC 26(c), the Court in Pacific Gas entered a protective order that limited the ability of counsel for the plaintiff in that case to disclose or use particular documents outside the context of that particular case. The Court in that case acted well within its authority under RCFC 26(c), which permits the Court to issues orders which require that "disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place." Despite the restrictions of the Pacific Gas Court's May 14, 2006 order, counsel for Dairyland, who also served as counsel for the plaintiff in Pacific Gas, attached to its March 19, 2007 reply brief many of the documents that the Government produced

subject to the specific limitations on disclosure and use imposed by the Pacific Gas Court's May 14, 2006 order and that counsel for Dairyland had obtained only through his representation of the plaintiff in the Pacific Gas case. Dairyland also discussed the contents of many of those documents in its reply brief. The Court's order in Pacific Gas clearly precluded Dairyland from disclosing and using those documents in that manner. See Eagle Comtronics, Inc. v. Arrow Communication Laboratories, Inc., 305 F.3d 1303, 1314-1315 (Fed. Cir. 2002) (filing of documents in another forum violated express terms of protective order, which stated that any documents marked as subject to protective order could not "be used for any purpose other than for this action"); Lion Raisins, Inc. v. United States, 64 Fed. Cl. 536 (2005) (finding protective order had been violated when Government counsel provided documents to agency that were subject to a protective order, which required the return of all documents to counsel for the producing party upon conclusion of action).

To ensure compliance with the Court's protective order in Pacific Gas, this Court should strike from the record in this case those documents that Dairyland obtained in violation of this Court's order in Pacific Gas, as well as Dairyland's discussion of those documents. The situation here is similar to the situation discussed in Yates v. Applied Performance Technologies, Inc., 205 F.R.D. 497 (S.D. Ohio 2002). There, the plaintiffs attached to their opposition to the defendant's motion to dismiss the case transcripts of deposition testimony that were subject to a protective order in another case, which provided that confidential material "shall be used solely in connection with this judicial proceeding and shall not be used for any other purposes except as otherwise ordered by this Court." Id. at 500. The district court recognized that the protective order from the other court "survives the termination of the underlying litigation," given that it

"clearly imposes obligations meant to survive the termination of the litigation." Id. at 501. The court stated that, "[i]f parties were free to disclose confidential information upon dismissal of a case, protective orders would cease to fulfill their intended purpose which is to encourage full disclosure of all relevant information." Id. It recognized that the other court "retained jurisdiction to modify the protective order and, if Plaintiffs wished to use deposition testimony subject to that order in support of their memorandum in opposition, they should have sought modification of that order from the issuing court." Id.; see Public Citizen v. Liggett Group, 858 F.2d 775, 780-82 (1st Cir. 1988) (issuing court necessarily has power to enforce protective order that it issued at any point that it is in effect, even after final judgment); see also United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990) (as long as protective order remains in effect, issuing court retains jurisdiction to modify it, even if underlying suit has been dismissed). The district court determined that it "lack[ed] authority to formally sanction Plaintiffs' counsel for violating a protective order that was entered by another court," but it "refuse[d] to allow Plaintiffs to use the fruits of that violation to their benefit in this litigation." Yates, 205 F.R.D. at 501. Accordingly, it granted the defendant's motion to "strike the deposition testimony" at issue "in its entirety." Id.

Before filing this motion, we requested that Dairyland voluntarily withdraw the protected documents from the record in Dairyland and withdraw its discussion of the content of those documents from its reply brief. App. 1-3. Dairyland declined, informing us that it had not actually "used" the documents, since the Pacific Gas Court, by referencing the word "use," meant "some substantive evidentiary or discovery use" rather than their submission in a discovery motion. App. 4. Yet, the word "use" is defined as follows: "Act of employing

everything, or state of being employed. . . . The purpose served; a purpose, object or end for useful or advantageous nature. To put or bring into action or service; to employ for or apply to a given purpose. To avail oneself of; to employ; to utilize; to carry out a purpose or action by means of; to put into action or service, especially to attain an end." Black's Law Dictionary 1541 (6th ed. 1990). Certainly, by submitting these documents to the Court in this case in support of its motion to compel, counsel for Dairyland "put [the documents] into action or service . . . to attain an end." That is, Dairyland submitted the documents to this Court to attempt to persuade the Court, through the Court's review of these documents and through Dairyland's discussion of their contents, to order the production of all of the other documents over which Government had invoked the deliberative process and other privileges, including those that this Court had declined to require the Government to produce in this action.

Counsel for Dairyland also asserted that it had not made any "disclosure" of the documents, as that term was used in the Court's May 14, 2006 Pacific Gas order, because it filed the documents under seal in the Dairyland case. App. 5. However, the term "disclosure" means the following: "Act of disclosing. Revelation; the impartation of that which is secret or not fully understood." Black's Law Dictionary 464 (6th ed. 1990). Similarly, the term "disclose" means "[t]o bring into view by uncovering; to expose; to make known; to lay bare; to reveal to knowledge; to free from secrecy or ignorance, or make known." Id. Plainly, Dairyland has "disclosed" the documents at issue to the Court in the Dairyland case, and they are now a part of the record in this case. Dairyland's assertions to the contrary are unsupported.

Further, Dairyland informed us that, by submitting the documents to the Court and the record in this case, it "has done nothing more (or less) than request Judge Damich to review the

documents *in camera* in the course of deciding the deliberative process privilege issues in [the Dairyland] case," which is "exactly . . . what the Court did, in PG&E." App. 5. However, Dairyland did not request an in camera review by placing them in the appendix to its reply brief and by discussing their contents in its reply brief, but, instead, included the protected documents in the record of the Dairyland case.

Further, with regard to many of the protected documents that Dairyland attached to its reply brief, Dairyland is not actually seeking to compel their production to Dairyland. That is, many of the documents that it has attached to its reply are documents that were produced under the restrictive protective order in PG&E based upon PG&E's showing of compelling need, but that Dairyland has not requested here because they are irrelevant to Dairyland's case. Specifically, many of the more than 400 pages of protected documents that Dairyland has attached to its reply brief relate to issues surrounding the Government's acceptance of Greater-Than-Class-C ("GTCC") radioactive waste. In its motion to compel, Dairyland represented that its "motion thus does not yet seek those GTCC waste documents" because "the government has not yet made GTCC waste an issue in [the Dairyland] case." Dairyland's Motion To Compel Of Documents Withheld Under The 'Deliberative Process' And Attorney-Client Privileges," at 9 (Jan. 18, 2007), filed in Dairyland Power Cooperative v. United States, No. 04-0106C (Fed. Cl.). Accordingly, there would be no reason for the Court in Dairyland, to review these protected and privileged documents in camera because they are not being sought in this case. Instead, Dairyland apparently submitted them to the Court to attempt to persuade the Court to order the production of the other documents withheld under the deliberative process privilege.

Dairyland's actions undermine the Court's order in Pacific Gas and make it difficult for the Government to have any confidence that documents produced subject to protective orders will not be willfully produced outside the parameters of those protective orders. To remedy the willful violation of this Court's order in this case, and to enforce compliance with the Court's order in Pacific Gas, the Government requests that the Court strike pages 4, 5, 6, 15, and 16 of Dairyland's reply brief and pages 9 through 433 of the appendix to that reply brief.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court strike pages 4, 5, 6, 15, and 16 of Dairyland's reply brief and pages 9 through 433 of the appendix to Dairyland's reply brief.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

<u>s/Russell A. Shultis by Harold D. Lester, Jr.</u>

RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK B. BRYAN
SONIA M. ORFIELD
MARIAN E. SULLIVAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

May 3, 2007

Attorneys for Defendant

# ADDENDUM B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Filed Electronically: May 9 2007

| | | |
|---|---|---|
| DAIRYLAND POWER COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-106C<br>(Chief Judge Damich) |

DAIRYLAND'S RESPONSE TO
THE GOVERNMENT'S MOTION TO STRIKE

It is not clear what the government seeks to accomplish by its motion to strike filed May 3, but it is clear the motion has no merit. Ultimately, the government's motion represents yet another time-consuming (and costly, at least to Dairyland) distraction from efforts aimed at making meaningful and timely progress in this case.

1. The government's motion has no merit for the simple reason that, contrary to the premise of the government's motion, Dairyland has not violated the provisions of Judge Hewitt's Order. Those provisions "limit the *disclosure and/or use* of all documents mentioned in this Order to the attorneys for the plaintiffs in this litigation only. . . . *Pacific Gas and Electric Co. v. United States*, Nos. 04-75C & 76C ("*PG&E*"), Order of May 14, 2006, copy attached as Exh. 1, at 2-3 n.3 (emphasis added). Leaving aside the ambiguity in this language arising from the fact that the attorneys for the plaintiff in *that* litigation – *i.e.*, *PG&E* – are the same as the attorneys for the plaintiff in *this* litigation – *i.e.*, Dairyland's case, there is no violation of the Order because Dairyland has not "disclose[d] and/or use[d]" the documents covered by Judge Hewitt's Order.

Dairyland has not disclosed the documents because they were submitted to this Court under seal. That is the opposite of disclosure. Indeed, the dictionary definitions of "disclose" that the government cites in its motion confirm there has been no disclosure here. Those definitions include "to expose; to make known; to lay bare." *See* Motion at 8. Dairyland has not done that. To the contrary, Dairyland took care to prevent any disclosure by submitting the documents in question under seal.

By submitting the documents for *in camera* review, Dairyland is not "using" the documents either. Fairly interpreted, the "use" Judge Hewitt had in mind is some substantive evidentiary or discovery use. Here, Dairyland *seeks* to use the documents in its case, which is precisely why it filed a motion to compel production of the documents. On this point the case law cited in the government's motion to strike actually supports Dairyland's position. In each of the cases the government cites, the "guilty" party had made *substantive* use of the material covered by the protective order. *See Eagle Comtronics, Inc. v. Arrow Communication Laboratories, Inc.*, 305 F.3d 1301, 1314-15 (Fed. Cir. 2002); *Lion Raisons, Inc. v. United States*, 64 Fed. Cl. 536, 542 (2005); *Yates v. Applied Performance Technologies, Inc*. 205 F.R.D. 497, 500-01 (S.D. Ohio 2002). Dairyland has not "used" the documents in that manner here, and would not – indeed could not – do so until this Court grants its motion to compel.

In short, Dairyland has taken care to comply with Judge Hewitt's Order, not violate it as the government asserts.

2. Moreover, the government's motion is completely disingenuous because throughout the course of proceedings on the government's deliberative process privilege claims, the government has been requesting *in camera* review the documents in question. For example, it was the government that suggested *in camera* review of these documents in *PG&E*, *see* Gov't

motion for reconsideration filed electronically March 21, 2006 in *PG&E* at 22. Judge Hewitt accepted that suggestion and agreed that *in camera* review of the documents was appropriate. *See* Order of March 23, 2006 in *PG&E* at 2, copy attached as Exh. 2 ("The court accepts the government's offer . . . and will conduct an *in camera* review of those documents over which defendant continues to assert the privilege.").

The government's reversal of position here on the appropriateness of *in camera* review is not merely self-serving. Having prevailed on its argument for *in camera* review in *PG&E*, principles of judicial estoppel *preclude* the government from advancing the opposite position here. *See* James Wm. Moore et al. § 134.30 at 134.64 (3d ed. 2006) (explaining that in *New Hampshire v. Maine*, 532 U.S. 742 (2001), the Supreme Court "generally described the [judicial estoppel] doctrine as follows: when a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, that party may not thereafter, simply because his or her interests have changed, assume a contrary position, especially if it is to the prejudice of another party.").

More fundamentally, the government in its opposition to Dairyland's motion to compel these same documents in this case explicitly repeated its request that the Court review the documents *in camera*. *See* Gov't response to Dairyland's motion to compel filed electronically 2/28/07 at 24 n.12 ("[P]rior to the Court ordering the production of any of these documents to Dairyland, the Government asks that the Court undertake the same *in camera* review that the Court performed in Pacific Gas."). In essence, Dairyland's submittal of the documents to the

Court under seal has merely facilitated that review The government cannot be heard – and should not be permitted to be heard – to complain about that in these circumstances.[1]

The government appears to desire an elongated and more costly process: an order striking the documents from Dairyland's reply, followed by an order calling for submittal of the documents by the government and then submittal of those documents by the government. The government offers no justification for such a wasteful procedure. In most instances where *in camera* review is sought, including in *PG&E*, an order providing for such review is necessary in order to permit the party claiming the privilege to submit the documents for review without serving them on counsel for the other party (as the Rules would otherwise require). Here, however, such an order has not been necessary because Dairyland's counsel already appropriately has the documents.

3. The disingenuous nature of the government's motion to strike is further demonstrated by correspondence preceding the motion in which the government first complained about the Dairyland's submission of these documents to the Court under seal. Dairyland's response dated April 4, 2007, copy attached as Exh. 3, denied any violation of Judge Hewitt's protective order and explained why no such violation has occurred. But in an abundance of caution, Dairyland's letter also encouraged the government, to the extent it believed a violation had occurred, to file a motion with this Court to explicitly provide for *in camera* review, which Dairyland stated it would join. Specifically, Dairyland explained in that letter:

> Simply stated, Dairyland has done nothing more (or less) than request Judge Damich to review the documents *in camera* in the course of deciding the

[1] Dairyland's position is that comprehensive *in camera* review of all the documents is not only unnecessary to decide the deliberative process privilege issues, but is an inappropriate burden on the Court and Dairyland. *See* Reply on motion to compel filed electronically 3/19/07 at 7-8. But that position does not prevent Dairyland from agreeing with the government in part, *arguendo*, and submitting certain documents for *in camera* review.

> deliberative process privilege issues in this case – which is exactly what the government requested, and the Court did, in *PG&E*, and exactly what the government has also requested in Dairyland's own case. For reasons stated above this does not violate the *PG&E* protective order, and the government cannot properly claim that it does. For the same reasons, Dairyland does not believe it was (or is) necessary to ask Judge Damich to order *in camera* review in Dairyland's case. However, to the extent the government believes that such an order is appropriate before the Court in Dairyland accepts the government's (and Dairyland's) request for *in camera* review of the documents Dairyland submitted under seal, we encourage you to file a motion requesting such an order. Dairyland will join that motion (though as stated we do not believe it is necessary).

April 4, 2007 letter Stouck to Sullivan, copy attached hereto, at 1-2.

The government's failure to accept Dairyland's "encouragement" to file a motion is telling. It underscores the government's inability to defend its claims of deliberative process privilege on the merits. Recognizing its inability to do so, the government instead seeks to distract and delay the Court from addressing the merits of the privilege dispute.

The government's motion is a waste of everyone's time. It should be summarily denied.

Respectfully submitted,

Dated: May 9, 2007

s/ Jerry Stouck

Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 facsimile
Counsel for Plaintiff
Dairyland Power Cooperative

Of Counsel:

Robert L. Shapiro
Greenberg Traurig, LLP

CERTIFICATE OF FILING

I hereby certify that on this 25th day of May 2007, a copy of foregoing “DEFENDANT'S MOTION TO ENFORCE THE TERMS OF THE PROTECTIVE ORDER, AS AMENDED BY THE COURT’S ORDER DATED MAY 14, 2006” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.