# In the United States Court of Federal Claims

No. 04-74C
(into which has been consolidated No. 04-75C)

(E-Filed: December 12, 2007)

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | Motion to Enforce Protective Order; Motion Granted; Request for Briefing on Appropriate Sanctions and/or Remedies |

Jerry Stouck, Washington, DC, for plaintiff. Robert L. Shapiro, Washington, DC, of counsel.

Jeanne E. Davidson, Director, with whom were Peter D. Keisler, Assistant Attorney General, and Harold D. Lester, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Jane K. Taylor, Office of General Counsel, United States Department of Energy, Washington, DC, and Scott R. Damelin, Joshua E. Gardner, Sharon A. Snyder, and Marian Sullivan, Civil Division, Department of Justice, Washington, DC, of counsel.

## ORDER

HEWITT, Judge

Before the court are Defendant's Motion to Enforce the Terms of the Protective Order, As Amended by the Court's Order Dated May 14, 2006 (Motion to Enforce or Def.'s Mot.), PG&E's Response to the Government's May 25, 2007 Motion to Enforce Protective Order (Response or Pl.'s Resp.), and Defendant's Reply to Plaintiff's Response to Defendant's Motion to Enforce the Terms of the Protective Order, As Amended by the

Court's Order Dated May 14, 2006 (Reply or Def.'s Reply). For the following reasons, defendant's Motion is GRANTED.

## I. Background

Plaintiff Pacific Gas & Electric Company (PG&E or plaintiff) filed two suits against the federal government (government or United States or defendant) for partial breach of contracts involving the disposal of spent nuclear fuel (SNF) and/or high-level radioactive waste (HLW) between nuclear electric utilities (utilities) and the government. Case No. 04-74C, Plaintiff's Complaint, Jan. 22, 2004, 1 (Complaint or Compl.); Case No. 04-75C, Plaintiff's Complaint, Jan. 22, 2004, 1. The complaints in the two proceedings were substantially identical. Compare Case No. 04-74C, Plaintiff's Complaint with Case No. 04-75C, Plaintiff's Complaint. The complaints were consolidated by court order on April 12, 2005. Order of Apr. 12, 2005, 1. References to the "Complaint" in this Order are to the complaint filed in case number 04-74C. The court granted defendant's motion for summary judgment with respect to two of the three counts that plaintiff had alleged in its Complaint. Pac. Gas & Elec. Co. v. United States, 70 Fed. Cl. 766, 767-68, 782 (2006). With respect to the remaining count, the court held a trial and issued its opinion on October 13, 2006. Pac. Gas & Elec. Co. v. United States (PG&E), 73 Fed. Cl. 333 (2006). The court held that plaintiff was entitled to $42,765,453 in damages due to the government's partial breach of a contract. Id. at 432. The case is now before the Court of Appeals for the Federal Circuit on cross-appeals. Notice of Appeal, No. 04-74C (Fed. Cl. Jan. 18, 2007); Notice of Cross-Appeal, No. 04-74C (Fed. Cl. Feb. 20, 2007).

On April 21, 2005, during the discovery process in this case, the court issued a protective order governing the disclosure of protected material. See Protective Order, Docket No. 31, Apr. 21, 2005 (Protective Order). The Protective Order generally allowed plaintiffs in the SNF cases to share protected and/or confidential documents that the government produced in any individual SNF action. Id. During discovery, plaintiff filed a motion to compel the production of documents that defendant had withheld based upon assertions of deliberative process privilege by the Department of Energy (DOE) and the Nuclear Regulatory Commission (NRC). Def.'s Mot. 2; see Pacific Gas & Electric Company's Motion to Compel Discovery and Request for Expedited Hearing, Docket No. 37, Aug. 25, 2005. The court ordered the government to produce certain documents because plaintiff's need for the documents outweighed defendant's concerns about disclosure. Pac. Gas & Elec. Co. v. United States, 71 Fed. Cl. 205, 215 (2006). In that order, the court discussed some of the documents over which defendant had claimed privilege, using those documents as examples to identify the type of documents that defendant should produce. Id. at 211-16. The court provided this guidance "for the

purpose of permitting the parties to analogize these examples to disputed documents not mentioned in this Order and thereby to resolve any further discovery disputes involving the deliberative process privilege that may arise." Id. at 210. To the extent that the parties could not agree with regard to any of the remaining documents withheld under that privilege, the court stated that "plaintiff may . . . move the court to compel production of any of these documents based on a showing of evidentiary need that outweighs the harm that disclosure of the documents may cause to defendant." Id. at 216.

On May 11, 2006, plaintiff filed a new motion to compel defendant to produce the documents over which defendant continued to assert deliberative process privilege. Pacific Gas & Electric's Second Motion to Compel the Production of Documents Withheld Under the "Deliberative Process" Privilege, Docket No. 231, May 11, 2006. The court granted plaintiff's motion in part, holding that defendant must produce some of the documents at question but that defendant rightly asserted deliberative process privilege over others. Pac. Gas & Elec. Co. v. United States, 2006 U.S. Claims LEXIS 418 (May 14, 2006) (Order Amending Protective Order). In its Order Amending Protective Order, the court amended the Protective Order entered in the case to limit distribution and use of the documents. Id. at *5 n.3. Specifically, the court stated:

> Every document ordered to be produced by this Order shall be subject to the protective order issued by the Court on April 21, 2005. However, for the purposes of this Order, the Court AMENDS the Protective Order to limit the disclosure and/or use of all documents mentioned in this Order to the attorneys for the plaintiffs in this litigation only, rather than, as stated in the Protective Order, the "attorneys for plaintiffs in the spent nuclear fuel cases."

Id. (emphasis in original). The government produced 211 documents. Def.'s Mot. 6. Plaintiff added some of those documents to its exhibit list, but it did not seek admission of any of them at trial. Id. After the trial in this case concluded, the court issued its opinion and entered final judgment on October 13, 2006. Pac. Gas & Elec. Co. v. United States, 73 Fed. Cl. 333 (2006). On December 22, 2006, the court denied plaintiff's motion for reconsideration. Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006). Plaintiff and defendant have filed an appeal and cross-appeal, respectively, which are currently pending before the Court of Appeals for the Federal Circuit. Notice of Appeal, No. 04-74C (Fed. Cl. Jan. 18, 2007); Notice of Cross-Appeal, No. 04-74C (Feb. 20, 2007).

Plaintiff's counsel in this case also serves as counsel for Dairyland Power Cooperative (Dairyland), another plaintiff in a different SNF case, Dairyland Power Cooperative v. United States (Dairyland), No. 04-106C (Fed. Cl.). On January 18, 2007, plaintiff's counsel, acting as counsel to Dairyland, filed a motion to compel on behalf of Dairyland. Dairyland's Motion to Compel Documents Withheld Under the "Deliberative Process" and Attorney-Client Privileges, Dairyland, No. 04-106C (Fed. Cl. Jan. 18, 2007) (Dairyland's Motion). In Dairyland's Motion, plaintiff's counsel sought some of the same documents subject to the deliberative process privilege that this court had ordered produced in this case subject to its Order Amending Protective Order. Compare Order Amending Protective Order with Dairyland's Motion. The government opposed Dairyland's Motion. See Defen[d]ant's Response to Plaintiff's Motion to Compel Discovery and Motion for a Protective Order, Dairyland, No. 04-106C (Fed. Cl. Jan. 18, 2007) (Dairyland Def.'s Resp.).

In its reply to the government's opposition, which was filed under seal, counsel for Dairyland attached an appendix that contained thirty-five documents that this court had ordered the government to produce in the PG&E case subject, however, to its Order Amending Protective Order. Def.'s Mot. 6-7; see Reply in Support of Dairyland's Motion to Compel Documents Withheld Under the Deliberative Process and Attorney-Client Privileges (Dairyland Pl.'s Reply), Dairyland, No. 04-106C (Fed. Cl. Mar. 19, 2007). Defendant states that it "notified counsel for Dairyland of [its] objection to Dairyland's submission to the [c]ourt in the Dairyland case copies of documents that were subject to deliberative process privilege and requested that counsel for Dairyland, who is also counsel for PG&E, withdraw those portions of its reply brief that discuss the content of protected documents and that it withdraw the protected documents themselves from the record of the Dairyland case." Def.'s Mot. 7-8. Defendant states that "Dairyland declined to withdraw [the documents] from the record in the Dairyland case." Id. at 8. Defendant filed its Motion to Enforce on May 25, 2007. Id. at 1.

## II. Discussion

Rule 26(c) of the Rules of the Court of Federal Claims (RCFC) provides that the court may enter protective orders that require "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place." RCFC 26(c)(2). The court's authority to enforce the protective orders that it issues pursuant to RCFC 26(c) is governed by RCFC 37(b), which provides that if "a party fails to obey an order to provide or permit discovery . . . the court may make such orders in regard to the failure as are just." RCFC 37(b)(2). The court issuing the protective order retains jurisdiction and authority to enforce that order even after final judgment in the underlying action was entered. See Pub. Citizen v. Liggett Group, Inc., 858 F.2d 775,

781-82 (1st Cir. 1988) (holding that the court that issued a protective order has the power to enforce it at any point that it is in effect, even after final judgment); see also United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990) (holding that the court that entered the protective order retains the power to modify it, even if the underlying suit has been dismissed).

The Court of Appeals for the Federal Circuit has held that filing documents that are covered by a protective order in another forum violates the express terms of a protective order. In Eagle Comtronics, Inc. v. Arrow Communication Laboratories, Inc. (Eagle), 305 F.3d 1303 (Fed. Cir. 2002), the court held that plaintiff violated the district court's protective order when it knowingly used defendant's patent application, which had been sealed by the protective order, for a use unrelated to the lawsuit between the two companies. Eagle, 305 F.3d at 1313-14. The court held that the protective order, which stated that certain documents "'shall not be used for any purpose other than for this action,'" id. at 1314 (quoting the protective order issued by the district court), "was clear and unambiguous on its face," id. Because the court found that plaintiff did not use the materials for purposes of the litigation between plaintiff and defendant, the Federal Circuit held that plaintiff had violated the protective order. Id.

In the Protective Order issued by the court in this case, certain documents, which were designated as "confidential" by the Protective Order, were to "be disclosed only to attorneys for plaintiffs, attorneys for the United States, persons regularly employed in such attorneys' offices, or, . . . other persons reasonably necessary for the litigation of this action." Protective Order ¶ 4. The court amended the Protective Order in its Order Amending Protective Order, which was filed May 14, 2006. In its Order Amending Protective Order, this court expressly "limit[ed] the disclosure and/or use of all documents mentioned in this Order to the attorneys for the plaintiffs in this litigation only, rather than, as stated in the Protective Order, the 'attorneys for plaintiffs in the [SNF] cases.'" Order Amending Protective Order at *5 n. 3 (emphasis in original).

The court's directive in the Protective Order and as amended in its Order Amending Protective Order appears to this court to be at least as clear and unambiguous as the protective order in the Eagle case. Whereas the district court in Eagle stated that certain documents were not to be used for any purpose outside of the immediate litigation, the court's Protective Order specifically limited disclosure of the documents only to those "persons reasonably necessary for the litigation of this action." Compare Eagle, 305 F.3d at 1314, with Protective Order ¶ 4. When the court amended its Protective Order, the court clearly "limit[ed] the disclosure and/or use of all documents in this Order to the attorneys for the plaintiffs in this litigation only, rather than, as stated in the Protective Order, the 'attorneys for plaintiffs in the [SNF] cases.'" Order Amending Protective

Order at *5 n. 3 (emphasis in original). Thus, the directive was clear that the parties were not to use or disclose confidential documents except to plaintiff's counsel in the PG&E case only.

The parties dispute the nature of plaintiff's violation. Plaintiff attempts to classify its action as a request for an in camera review by the Dairyland court. Pl.'s Resp. 2. Defendant points out that plaintiff's counsel filed documents protected in the PG&E case into the record for the Dairyland case, albeit under seal. Def.'s Reply 2-4. Defendant states that plaintiff's counsel "did not submit the privileged documents included in its appendix or discussed in its reply brief to the chambers of the judge assigned to [the Dairyland] case for in camera review . . . it filed them with the [c]ourt in the record of this case." Id. at 3. The court agrees with defendant that the documents were filed in the record of the Dairyland case. See Dairyland Pl.'s Reply, No. 04-0106C (Fed. Cl. Mar. 19, 2007).

The court believes that the arguments by both plaintiff and defendant on the distinction between in camera review and filing under seal fail to address the basic violation of the Order Amending Protective Order by plaintiff. Plaintiff was under an order by this court that "limit[ed] the disclosure and/or use of all documents mentioned in this Order to the attorneys for the plaintiffs in this litigation only, rather than, as stated in the Protective Order, the 'attorneys for plaintiffs in the [SNF] cases.'" Order Amending Protective Order at *5 n. 3 (emphasis in original). Here, either the submission of the documents for in camera review or the filing of the documents under seal violates the Order Amending Protective Order, which prohibits "use." In addition, the presentation of the arguments in briefing based on the text of protected documents is "use." See Def.'s Mot. 11-12; Pl.'s Resp. 1-3. The first definition of "use" is "[t]he act of using; the application or employment of something for a purpose." American Heritage Dictionary 1894 (4th ed. 2000). Also relevant, given that the use by plaintiff's counsel is governed by court order, is the definition of "use" as "the permission, privilege, or benefit of using something." Id. PG&E's counsel has engaged in the "employment of something for a purpose" and, further, for a purpose beyond the scope of permission, that is, outside the scope of the Order Amending Protective Order. Thus, at least three acts performed by PG&E's counsel - submission for in camera review, employment in briefing, and filing - are "use." Counsel for plaintiff simply does not, under the Order Amending Protective Order, have the documents at its disposal for use in any case excepting only the case of Pacific Gas & Electric Co. v. United States, No. 04-74C. In Dairyland, or any other case, PG&E's counsel must persuade the other court to seek the documents for that court's review in camera. He cannot dangle before another judge in another case documents that he has explicitly been ordered to use "in this [the PG&E] litigation only." See Order Amending Protective Order *5 n. 3 (emphasis in original).

It is merely coincidental that the attorney for PG&E in this case happens to be the same attorney hired by the plaintiff in Dairyland. Had that not been the case, plaintiff's counsel in Dairyland would not have been able to gain access to the documents protected in PG&E and to use them, improperly, to support its motion to compel in Dairyland. Under a fair reading of the Protective Order as amended by the Order Amending Protective Order, it is clear that counsel for PG&E employed the protected documents for a prohibited purpose when he crafted arguments based on and filed those documents in the Dairyland case.

PG&E's counsel is in violation of the Protective Order as amended by the Order Amending Protective Order.

IV. Conclusion

For the foregoing reasons, defendant's Motion is GRANTED. The briefing on defendant's Motion to Enforce does not address the question of appropriate sanctions or remedies. The court will accept briefing on the subject of sanctions or remedies as follows: defendant shall file its opening brief on or before Wednesday, January 9, 2008, plaintiff shall file its response on or before Wednesday, January 23, 2008, and defendant shall file its reply on or before Wednesday, January 30, 2008.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge