IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO THE COURT'S ORDER, DATED DECEMBER 12, 2007, REGARDING SANCTIONS OR REMEDIES FOR PLAINTIFF COUNSEL'S VIOLATION OF THE COURT'S MAY 14, 2006 PROTECTIVE ORDER

Defendant, the United States, respectfully responds to this Court's order, dated December 12, 2007, in which the Court ordered the Government to address the appropriate sanctions or remedies for plaintiff counsel's violation of the Court's May 14, 2006 protective order.

DISCUSSION

In its December 12, 2007 order, the Court determined that counsel for the plaintiff in this case, Pacific Gas & Electric Company ("PG&E"), has violated the Court's May 14, 2006 protective order by submitting documents subject to that order to the Court as an attachment to a brief in another case, Dairyland Power Cooperative v. United States, No. 04-106C (Fed. Cl.), in which counsel for PG&E represents the plaintiff. The Court's May 14, 2006 protective order in this case limited use of the documents at issue to this particular case and precluded their use in other spent nuclear fuel ("SNF") cases. Having found a violation of its protective order, the issue remaining is the appropriate sanction or remedy for that violation.

"All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders . . . . As a function to this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." Aloe Vera of Am., Inc. v. United States, 376 F.3d 960, 964-65 (9th Cir. 2004) (quoting

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001)). In effect, "[a] district court has great discretion when deciding how to enforce violations of its own orders." Eagle Comtronics, Inc. v. Arrow Communication Labs., Inc., 305 F.3d 1303, 1314 (Fed. Cir. 2002) (applying law of Second Circuit); see Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 428 (1923) ("The degree of punishment for contempt . . . is in the discretion of the court whose dignity has been offended and whose process has been obstructed." (citing The S.B. Wheeler, 87 U.S. (20 Wall.) 385, 387, 22 L.Ed. 385 (1874))).

When we filed our motion to enforce this Court's protective order on May 25, 2007, our immediate concern was the fact that documents subject to this Court's protective order were in the record in another SNF case, contrary to the requirements of the protective order in this case. As we indicated in our May 25, 2007 motion to enforce, shortly before filing our motion to enforce in this case, we also filed a motion in Dairyland Power Cooperative v. United States, No. 04-106C (Fed. Cl.), seeking to strike from the record of that case the protected documents that were the subject of our May 25, 2007 motion in this case. Since we filed our motion to enforce here, the Court in Dairyland issued an order, dated June 29, 2007, granting our motion to strike and declining to rely upon those documents in considering the motion to which Dairyland's counsel had attached those documents. Accordingly, those documents are no longer a part of the record in Dairyland, eliminating the need further to address that issue.

Nevertheless, the fact that plaintiff's counsel violated the Court's May 14, 2006 protective order remains. Even though the Court has already issued a final judgment in this case, which is currently on appeal, and even though PG&E did not use any of the documents at issue at the trial of this matter, we believe that the Court can still create an appropriate sanction for counsel's violation of the Court's protective order, as follows:

(1) Both PG&E and PG&E's counsel should be directed to return to the United States or to destroy all copies of the protected documents in question, with counsel for PG&E having no right to retain any copies of them. See Kramer v. Boeing Co., 134 F.R.D. 256, 258-59 (D. Minn. 1991) (ordering counsel to destroy all copies of documents at issue as sanction for violation of protective order and precluding him from retaining copies). Counsel for PG&E should also be directed to certify that all copies have been either returned or destroyed, subject to the penalty of perjury.

(2) PG&E should be barred from utilizing any of the protected documents that its counsel submitted in the Dairyland case in any future proceedings in this case, should the United States Court of Appeals for the Federal Circuit remand this case to this Court for any reason. See Coleman v. American Red Cross, 979 F.2d 1135, 1141 (6th Cir. 1992) (barring use of documents in the proceedings as sanction for protective order violation). In addition, it is likely that PG&E will file a new complaint in this Court in the future to the extent that it elects to seek additional damages for the Department of Energy's delay in beginning SNF acceptance, given that this Court's judgment only awarded costs through the end of 2004. See Pacific Gas & Elec. Co. v. United States, 73 Fed. Cl. 333, 338 n.3 (2006) ("court reserves plaintiff's right to 'bring suits for damages in the future' for the government's partial breach of the parties' contract"); Pacific Gas & Elec. Co. v. United States, 70 Fed. Cl. 758, 766 (2006) (defining December 31, 2004 as end date for plaintiff's damages in this particular case). Accordingly, the preclusion upon use of or reliance upon the documents at issue should extend to future suits that PG&E brings before this Court seeking damages for breach or partial breach of the Standard Contract.

(3) "[A] court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.'" Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991) (quoting Alyeska Pipeline

Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258 (1975)); see Aloe Vera, 376 F.3d at 966. "A willful act may be described as one done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly, or inadvertently." Black's Law Dictionary 1599 (6th ed. 1990). The word "willful" is "also employed to characterize a thing done without ground for believing it is lawful . . . or conduct marked by a careless disregard whether or not one has the right so to act." United States v. Murdock, 290 U.S. 389, 394-95 (1933), overruled in part on other grounds, Murphy v. Waterfront Comm'n, 378 U.S. 52 (1964). In this instance, the Government should be allowed to recover its attorney fees and costs associated with plaintiff counsel's willful violation, including the costs and fees associated with filing and responding to motions in this case and in the Dairyland case seeking to enforce the terms of the Court's May 14, 2006 protective order.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SHARON SNYDER
JOSHUA E. GARDNER
MARIAN E. SULLIVAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 616-0478
Fax: (202) 307-2503

January 9, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 9th day of January, 2008, a copy of foregoing "DEFENDANT'S RESPONSE TO THE COURT'S ORDER, DATED DECEMBER 12, 2007, REGARDING SANCTIONS OR REMEDIES FOR PLAINTIFF COUNSEL'S VIOLATION OF THE COURT'S MAY 14, 2006 PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.