IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0074C, into which has been |
| | ) | consolidated No. 04-0075C |
| THE UNITED STATES, | ) | (Judge Hewitt) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO THE COURT'S ORDER, DATED DECEMBER 12, 2007, REGARDING SANCTIONS OR REMEDIES FOR PLAINTIFF'S VIOLATION OF THE COURT'S MAY 14, 2006 PROTECTIVE ORDER

Pursuant to this Court's order dated December 12, 2007, defendant, the United States, respectfully submits this reply to plaintiff's response to the Government's supplemental brief regarding appropriate sanctions for counsel for plaintiff's violation of this Court's May 14, 2006 amended protective order in this case.

DISCUSSION

In its response, plaintiff, Pacific Gas & Electric Company ("PG&E"), devotes the bulk of its argument to the reasons that, it asserts, it has already been appropriately punished for the violation of this Court's May 14, 2006 protective order. PG&E cites to and attempts to distinguish some of the court decisions that indicate the Court's authority to impose particular sanctions.

Regardless of any case citations providing specific support for the Court's authority to impose specific sanctions, it is clear that "courts have the inherent power to maintain the integrity of protective orders by imposing sanctions on those who violate them." Schiller v. City of New York, No. 04-7921, 2007 WL 1623108, at *3 (S.D.N.Y. June 5, 2007); see F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir.2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively

and to ensure obedience to their orders. . . . As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines."). This authority is broad, and the Court plainly has the authority to impose sanctions to remedy violations of its orders that it deems appropriate. In fact, the Court's inherent power includes the discretionary "ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991).

In our response to the Court's December 12, 2007 order, we recommended remedies or sanctions that flow from counsel for PG&E's violation:

(1) To ensure no future violation similar to the one that has already occurred, we requested that counsel for PG&E be required to return or certify that he had destroyed all copies of the documents that he improperly filed in another case in this Court upon behalf of another plaintiff;[1]

(2) To deter the possibility of future violations of this Court's protective orders, we requested that the Court bar PG&E from using the documents in any remand of this case from the United States Court of Appeals for the Federal Circuit or in any future cases that it files based upon a breach of the Standard Contract at issue in this case;[2] and

---

1/ Given that PG&E does not appear to have relied upon these documents in preparing for the trial in this case, it does not appear that PG&E's retention of the documents, which remain subject to a claim of deliberative process privilege in other spent nuclear fuel cases, is necessary.

2/ In its response, PG&E references an error in our January 9, 2008 brief: in a parenthetical to our citation to Coleman v. American Red Cross, 979 F.2d 1135 (6th Cir. 1992), we stated that the case "barr[ed] use of documents in the proceedings as sanction for protective order violation." We had intended to indicate that the court had stated that a district court may bar the use of documents in the proceeding at issue, as supported by the following quotation from the court's opinion: "When a party violates a protective order, a district court may impose appropriate sanctions to remedy the violation. Thus, a district court may bar a violating party from using the information in the proceeding and may impose other sanctions, such as contempt citations. In some cases, even a default judgment may be appropriate." Id. at 1141. In the Coleman case, the use of the information at issue in the existing proceeding was not at issue, but the issue was whether the information could be used by the violator of the protective order to

(3) We requested recovery of the costs, including attorney fees, associated with the Government's efforts to remedy PG&E counsel's willful violation.

Based upon its broad authority to enforce its protective order, the Court possesses the authority to implement each of these recommendations.

Only the third of our suggestions – the suggestion regarding attorney fees – warrants additional discussion beyond that contained in our January 9, 2008 supplemental brief. PG&E claims that we provided no support for an award of attorney fees associated with the Government's efforts to remedy PG&E counsel's violation of the Court's May 14, 2006 protective order. However, on pages 3 and 4 of our supplemental brief, we cited ample authority for this sanction in response to PG&E's intentional and willful violation. Specifically, "[t]he court has the inherent authority to assess attorneys' fees as a sanction for willful disobedience of a court order," including a protective order. Greiner v. City of Champlain, 152 F.3d 787, 790 (8th Cir. 1998) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)); see Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258 (1975) ("a court may assess attorneys' fees for the 'willful disobedience of a court order . . . as part of the fine to be levied on the defendant . . .,' or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .'" (citations omitted)).

PG&E suggests that its counsel did not act wilfully in submitting the documents covered by this Court's May 14, 2006 protective order to the Court in another case. PBr8 n.3. As we

initiate a lawsuit against a third party. During the process of editing our January 9, 2008 brief, we inadvertently modified our parenthetical, in error, and we apologize for that error. Nevertheless, the import of our representation regarding the Court's authority remains the same: that is, the Court possesses the authority to restrict the future use of the documents at issue in this case in the future.

discussed in our prior brief, "[a] willful act may be described as one done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly, or inadvertently." Black's Law Dictionary 1599 (6th ed. 1999). PG&E notes that, in a criminal context as an element of a penal offense, "an evil motive is a constitutional element of the crime," quoting United States v. Murdock, 290 U.S. 389, 395 (1933), overruled in part on other grounds, Murphy v. Waterfront Comm'n, 378 U.S. 52 (1964). "In civil actions, however, these elements need not be present. Rather, willful conduct denotes intentional, knowing and voluntary acts. It may also indicate a reckless disregard for obvious or known risks." Monday v. United States, 421 F.2d 1210, 1215 (7th Cir. 1970). In this instance, we are not referencing an alleged criminal violation, but, instead, a civil issue relating to the violation of a civil litigation protective order. The "evil motive" standard does not apply.

PG&E's counsel asserts that he is "aware of" no case law that would permit the Department of Justice to recover attorney fees for a protective order violation, PBr7, apparently suggesting that only private parties, not the Government, may recover attorney fees. Ample case law suggests that, just like a private party, the United States may recover attorney fees in appropriate circumstances. See, e.g., United States v. City of Jackson, Miss., 359 F.3d 727, 732-34 (5th Cir. 2004) (award of attorney fees to United States at prevailing market rates following opposing party's civil contempt citation); United States v. Big D Enterprises, Inc., 184 F.3d 924, 935-36 (8th Cir. 1999) (award of attorney fees to United States for opposing party's Rule 37 violation at private attorney hourly rate); Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1092 (3d Cir. 1988) (award of attorney fees to United States for opposing party's Rule 11 violation, "to be valued at a market rate"); United States v. Phoenix Petroleum Co., 727 F.2d 1579, 1582 (Temp. Emer. Ct. App. 1984) (assessing double

costs and $3,000 in attorney fees against private party in favor of Government for appellant's pursuit of frivolous appeal); Alaska Pulp Co. v. United States, 41 Fed. Cl. 611, 616-17 (1998) (award of reasonable expenses, including attorney fees, to United States pursuant to RCFC 37).

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court adopt the remedies and sanctions that we have recommended for the violation of this Court's May 14, 2006 protective order.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

SCOTT DAMELIN
SHARON SNYDER
JOSHUA E. GARDNER
MARIAN E. SULLIVAN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 616-0478
Fax: (202) 307-2503

January 30, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 30th day of January, 2008, a copy of foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO THE COURT'S ORDER, DATED DECEMBER 12, 2007, REGARDING SANCTIONS OR REMEDIES FOR PLAINTIFF'S VIOLATION OF THE COURT'S MAY 14, 2006 PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.